*Proposed order prepared and submitted by*:
Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (pro hac vice application pending)
Steven B. Eichel (seichel@crowell.com) (pro hac vice application pending)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

**STIPULATED INTERIM ORDER ON MOTION OF EASY STREET PARTNERS, LLC
FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE
PROTECTION TO WEST LB, AG, AND (II) SCHEDULING A FINAL HEARING
PURSUANT TO BANKRUPTCY RULE 4001(b)**

SLC_456963

**Filed: 09/16/09**

On September 16, 2009, the Motion of Easy Street Partners, LLC ("Partners" or the "Debtor"), for entry of an Interim Order: (i) authorizing the Debtor, pursuant to sections 105 and 363 of the United States Bankruptcy Code, to use cash collateral, including immediate access to, and utilization of, the Partners' Real Estate Sale Accounts (as defined in the Motion), and to grant adequate protection to the Debtor's prepetition lender WestLB, AG; (ii) scheduling a final hearing (the "Final Hearing") on the Debtor's use of cash collateral and approving notice with respect thereto; and (iii) pending the Final Hearing, authorizing the Debtor to use cash collateral, including funds contained in the Partners' Real Estate Sale Accounts, on an interim basis in amounts as may be necessary to prevent immediate and irreparable harm to the Debtor's estate (the "Motion"), came before the Court for hearing.  Appearances were made as noted on the record of the hearing.  The following order has been stipulated to by the Debtor and WestLB, AG.  The Court made its findings and conclusions on the record of the hearing, which findings and conclusions are incorporated into this Order by this reference.

Now, therefore, IT IS HEREBY ORDERED:

1.The Motion is granted as set forth herein, on an interim basis pending a Final Hearing pursuant to Fed. R. Bankr. P. 4001(b)(2).

2.All cash and cash equivalents held by the Debtor on the petition date, and all cash and other proceeds collected by the Debtor post-petition constitute cash collateral subject to the interest of WestLB, AG.

3.The Debtor is hereby authorized to use cash collateral (whether held in restricted accounts or otherwise) up through and including October 15, 2009, on an interim basis in accordance with the budget attached hereto (the "Budget") and subject to the terms of this Order.

SLC_456963

The Debtor has designated certain amounts in the Budget for payment of certain prepetition claims, however the payment of such claims is subject to further Court order specifically authorizing the payment of same. Expenditures during the period covered by the Budget are not to exceed the aggregate expenditures set forth in the Budget.

4. The Debtor is required to deposit all operating and other funds received into its debtor in possession accounts at Zions First National Bank, N.A. subject to a security interest as evidenced by a control agreement in favor of WestLB, AG, and WestLB, AG is required to disburse funds to the Debtor in accordance with the terms of this Order. WestLB, AG will consent to the transfer of funds from the Debtor's bank accounts at Wells Fargo, N.A. for this purpose.

5. The following adequate protection is provided to WestLB, AG to secure all amounts used by the Debtor pursuant to this Order and otherwise to protect WestLB, AG's interest in property:

    a. WestLB, AG is granted a replacement lien in the Debtor's postpetition assets and the proceeds thereof, to the same extent, validity and priority as the lien held by WestLB, AG as of the petition date. If such adequate protection proves to be insufficient, then WestLB, AG shall be entitled to a priority claim under 11 U.S.C. § 507(b).

    b. The Debtor shall continue to adhere to all reporting requirements under its loan documents with WestLB, AG. In addition, the Debtor shall provide WestLB, AG with the following information by October 2, 2009:

        (i) Actual cash flow information for September 2009; and

SLC_456963

     (ii) A comparison of the actual cash flow information for September 2009 to the projected cash flow for the same period as provided in the Budget.

     (iii) on a monthly basis a balance sheet, a statement of profit and loss, a Pace report (which shall also be provided weekly), and the manager's written report.

  c. The Debtor shall continue to maintain WestLB, AG's collateral, including by paying insurance thereon, subsequent to the date of the filing of the Debtor's Chapter 11 petition.

 6. Nothing in this Order shall preclude WestLB, AG from demanding (and the Debtor from opposing) additional adequate protection or seeking other relief in this case, including, but not limited to contesting the validity of the Debtor's bankruptcy petition. No rights or protections afforded to or reserved by WestLB, AG in this Order shall be subject to later reversal or reduction.

 7. Nothing in this Order shall constitute a finding on the valuation of the Debtor's assets or the amount or existence of any "equity cushion" for the purposes of 11 U.S.C. §§ 361 or 363.

 8. Nothing in this Order shall be deemed to (i) require WestLB, AG to release any liens in connection with the future sale of units or interests in units in Sky Lodge; or (ii) establish the terms for any such release of liens.

 9. Unless the Court orders otherwise, the Debtor shall retain not less than $1.7 million in the Sky Lodge Sales Proceeds Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367) currently maintained at Wells Fargo Bank, N.A. as

SLC_456963

they currently exist or at Zions First National Bank, N.A., in a DIP account that is segregated from other DIP accounts, in accordance with paragraph 4 of this Order.

10. A Final Hearing shall be held on October 13, 2009, at 11:00 a.m. (Prevailing Mountain Time).

11. Any supplemental briefs in support of the Motion and/or requesting continued use of cash collateral beyond the Final Hearing date shall be filed and served by October 2, 2009, at 12:00 p.m. (Prevailing Mountain Time)

12. Any pleadings in opposition to the Motion and/or the continued use of cash collateral shall be filed and served by October 7, 2009, at 12:00 p.m. (Prevailing Mountain Time).

*   *   *   *   **END OF ORDER**   *   *   *   *

SLC_456963

# BUDGET

SLC_456963

**THE SKY LODGE**

| | | | TOTAL |
|---|---:|---:|---:|
| PAYROLL ENDING - Sept 25 | 99,000 | | 99,000 |
| PAYROLL ENDING - Oct 9 | | 96,000 | 96,000 |
| | | | - |
| **F&B Expenses** | | | - |
| Food & Beverage | 14,828 | 15,000 | 29,828 |
| Alcohol & Beer | | 7,000 | 7,000 |
| Leased Equipment | 624 | 320 | 944 |
| Office Supplies | | 70 | 70 |
| Linen & Uniforms | | 2,100 | 2,100 |
| License -Open Table | 452 | 452 | 904 |
| | 15,904 | 24,942 | 40,846 |
| | | | - |
| | | | - |
| **Rooms Expenses** | | | - |
| Cleaning Supplies | 807 | 3,200 | 4,007 |
| Guest Amenities | 767 | 1,650 | 2,417 |
| Office Supplies | | 80 | 80 |
| Elevator Contractor | | 3,870 | 3,870 |
| Newspaper | | 120 | 120 |
| | 1,574 | 8,920 | 10,494 |
| | | | - |
| **Engineering** | | | - |
| Trash Removal * | | 400 | 400 |
| Pool Supplies * | | 200 | 200 |
| Ecolab * | | 600 | 600 |
| Radios * | | 200 | 200 |
| Vehicles | | 886 | 886 |
| | | 2,286 | 2,286 |
| | | | - |
| **Administration** | | | - |
| Office Supplies | | 140 | 140 |
| Postage | | 350 | 350 |
| Payroll Processing Fees | | 750 | 750 |
| Workers Comp | | 3,083 | 3,083 |
| Medical & Dental | | 6,400 | 6,400 |
| | | 10,723 | 10,723 |
| | | | - |
| **Sales & Marketing** | | | - |
| SLH Membership | | 1,270 | 1,270 |
| Membership -The Aspen Time | | 450 | 450 |
| Advertising & Printing | | 2,400 | 2,400 |
| Advertising Radio | | 1,250 | 1,250 |
| | | 5,370 | 5,370 |
| | | | - |
| **Spa** | | | - |
| Spa Supplies | | 950 | 950 |
| Office Supplies | | 40 | 40 |
| Guest Amenities -Spa | | 800 | 800 |
| | | 1,790 | 1,790 |
| **Total Non Payroll** | 17,478 | 54,031 | 71,509 |
| | | | - |
| Owners Commission Estimate | 17,000 | | 17,000 |
| Utah State Tax for August Estima | 23,000 | | 23,000 |
| Utility Deposit | 24,092 | | 24,092 |
| **Grand Total** | 180,570 | 150,031 | 330,601 |