# EXHIBIT A

2009 SEP -4 PM 12:00

FILED BY _____

Jonathan A. Dibble (0881)
Caleb Frischknecht (11648)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500

*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT

SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| JACOBSEN NATIONAL GROUP, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>EASY STREET PARTNERS, LLC; EQUITY TITLE INSURANCE AGENCY INC.; MOUNTAIN SEAS DEVELOPMENT; NATIONAL BANK OF KANSAS CITY; NEXTSTAR FUNDING, INC.; INDEPENDENT BANK, a Michigan corporation, ISODA; HENDRICKS FAMILY TRUST; CRAIG C. CULLEN AND FRANK BILIC; INTERNATIONAL GOLF MNGMT, PAMELA K. MCCLURE AND JEROME RATZAN; MICHAEL D. MASTERTON; HOME SAVINGS BANK; FRONTIER BANK, FSB; SCOTTSDALE PRIVATE BANK, A DIVISION OF MIDFIRST BANK; TEXAS BANK; ACME HOLDING LLC; BROOK K. LYONS; BROOK L. LYONS; ALPINE LEGACY LTD; UNION SQUARE OWNERS ASSOCIATION; BRIAN D. ALTHAVER; MARCIA L. GRIFFITHS; | COMPLAINT<br><br>Civil No. 090500184<br><br>Judge Hilder |

TERRY L. SIDFORD AND MATTHEW E. SIDFORD; SUZANNE HARRIS; MOUNTAIN SEAS DEVELOPMENT, LTD.; ARCADIA DEVELOPMENT, L.L.C. General Partner by: BF SAMMONS OR LYNDA R. SAMMONS; CLINT MCCLELLAN; DAVID R. STARK and LOUISE A. STARK; CLAUDIA MCMULLIN AND TIMOTHY A. DOUGLAS; KEVIN R. MCCARTHY; CASTILLO TRUST DATED JUNE 26, 2001, AMENDED NOVEMBER 2, 2007; MARSHALL BANK, TRUSTEE OF THE BANK LIVING TRUST DATED JUNE 16, 1998, RESTATED JULY 25, 2003; MARK C. KRAMER TRUST DATED 30TH DAY OF DECEMBER, 2004; LOUISE J. WALTON TRUST DATED 3RD DAY OF JULY, 2002; PHILLIP LABOVE; ROBERT M. DIORIO AND BIANKA M. DIORIO; ANTHONY ZINGALE AND TERESA MENO ZINGALE, Co-Trustees of the ZINGALE LIVING TRUST DATED 6TH DAY OF MARCH, 1997; JOHN MICHAEL HOJEL, JR. AND VERONICA HOJEL; LEON DREIMANN AND JOY DREIMANN; ERIC ROTHSCHILD AND SUSAN ROTHSCHILD; HOP TO IT JOINT LIVING TRUST; CHARLES H. SILVERMAN AND ANDREA E. SILVERMAN; JONATHAN BARRETT CONNOR AND KAREN MARIE CONNOR, AS CO-TRUSTEES, OR THEIR SUCCESSORS IN TRUST, OF THE CONNOR FAMILY TRUST DATED OCTOBER 9, 2008 AS JONATHAN BARRETT CONNOR'S SOLE AND SEPARATE PROPERTY; JAMES WHITNEY AND ROBIN PALAZZO WHITNEY; THE SHOAF FAMILY TRUST DATED JANUARY 16TH, 2002; ELIZABETH RAD; TENDERFOOT HOLDINGS, LLC; FRANCINE WYNN; SKYBOOZERS, LLC;

CLINT MCCLELLAN; TERESA MARTHA WISS TRUST DATED 12TH DAY OF NOVEMBER, 2003; TRACY MCCARTHY; PETER BLYTHE; KATI IRWIN AND GRAHAM WAGNER; JOHN E. MCILWAINE; PHILO M. SMITH, JR. TRUST ESTABLISHED JUNE 7, 2000; ALLAN ANDERSON AND AMY ANDERSON; BROOKS HOVEN AND BRENDA SCHMID; JOHN BUTSCH; WILLIAM S. ESCUDIER AND MICHAEL V. ESCUDIER AND WILLIAM R. ESCUDIER AND TIMOTHY ESCUDIER; THOMAS F. BRADLEY; KRISTEN M. DICKEY, SUSAN DICKEY MACARTHUR AND PENNY A. BRADLEY; DANIEL H. PAYNE AND VANESSA I. PAYNE; LEVINE HOLDINGS, LLC; BRIAN LAIDLAW AND TERI LAIDLAW; ALBERT ALBIANI AND ROXANN ALBIANI; GEORGE FREDERICK JOHN HILL, III, AND RUTH EMILY HILL; CHARLES S. COX AND SYLVIA P. COX TRUSTEES OF THE C &S COX 2007 TRUST; MERRICK L. GROSS AND ROSA S. GROSS; KENNETH YONEMURA AND GRACE NODA-YONEMURA; MICHAEL SCOTT DAVIS AND JOSEPH FICK; CURTIS K. GARDNER AND PATRICIA A. GARDNER, AS TRUSTEES OF THE GARDNER FAMILY REVOCABLE TRUST OF JANUARY 3, 1992; LINDA MARIE EIDE RESIDUARY FAMILY TRUST ESTABLISHED THE 19TH DAY OF FEBRUARY, 1998 AND EIDE LIVING TRUST DATED OCTOBER 29, 2007; FREDERIC MONNOT; RISHI KUMAR AND ASHIMA KUMAR; CRAIG S. GUERNSEY AND ANN M. GUERNSEY OF THE CRAIG S. GUERNSEY AND ANN M. GUERNSEY REVOCABLE LIVING TRUST DATED MAY 15, 2008; MICHAEL

3

SCOTT DAVIS; DANIEL S. MILLER, DDS, INC.; JOSEPH FICK; LOVEJOY SKY LODGE, LLC; STEPHEN N. FINBERG, BARBARA L. FINBERG, ADAM J. FINBERG AND LEAH H. FINBERG; STEVE REICH, SCOTT COLEMAN AND ASHLEY COLEMAN; STEPHEN ALLIS; STEPHEN ELRICK; DENA A. FLEMING AND STEVE L. CHIN; SKY INVESTMENT GROUP, LLC; WILLIAM A. HINDLE AND CONSTANCE FLETCHER HINDLE; THOMAS MILLAR AND JULIE B. MILLAR; STEVE LAFREDO; ROBERT A. MILLER; MARCIE B. DAVIS AND KENNETH A. DAVIS; JOHN P. KELLY AND MELISSA B. KELLY; THE MARK AND JOANN TATTERSALL FAMILY TRUST DATED SEPTEMBER 19, 1995 AND AMER SOUDANI AND YVETTE SOUDANI; STEPHEN P. VERMUT AND BARBARA VERMUT; LARRY L. LOZENSKY; ROBERT KEITH SIMONS AND LYNN KAY SIMONS REVOCABLE TRUST DATED JANUARY 1, 2005; MARK T. GREENQUIST AND JOAN H. REPETTI; MICHAEL A. FEDER; ANDREW C. GILLIGAN JR. AND KAREN L. GILLIGAN TRUSTEES OF THE ANDREW C. GILLIGAN JR. AND KAREN L. GILLIGAN FAMILY TRUST DATED AUGUST 2, 2000; DONALD I. PORTEOUS; W. BRIAN AHERN; CHARLES RAEBURN AND VICKI P. RAEBURN; ACME HOLDING LLC.; JONATHAN AMES AND JOANNE AMES; PHLLIP YUAN AND RUTH YUAN; TCF HOLDINGS, LLC; SKY INVESTMENT GROUP, LLC; CORRADO PROPERTIES, INC.; SOMPAR INVESTMENTS, LLC; GILBERT ADLER AND JEANNETTE ADLER; JANET W. LAMKIN, WILLIAM LAMKIN, BRYAN LAMKIN; THE

| | |
|---|---|
| RICHARD C. CASALE REVOCABLE TRUST DATED JANUARY 9, 2007 AND THE BARBARA A. CASALE REVOCABLE TRUST DATED JANUARY 9, 2007; JANIS JEAN FERRARIS AND DEBORAH JEAN DEPAOLI; PHILLIP A. DAVIDSON AND RUTH MINZER DAVIDSON; SAMANTHA DREIMANN, CUSTODIAN FOR ALANA DREIMANN, SAMANTHA DREIMANN, CUSTODIAN FOR MICHELLE DREIMANN; SAMANTHA DREIMANN; LEON DREIMANN AND JOY DREIMANN; SUZANNE E. DUFFIELD AND JAMES E. DUFFIELD, III; JAMES A. LUNDIN; DIANNA FURGUSON; AMY CASEY; LISA A. BUGAJSKI, TRUSTEE OR SUCCESSOR TRUSTEE, GERALD A. AND LISA A. BUGAJSKI REVOCABLE LIVING TRUST DATED FEBRUARY 15, 2007; JAMES D. BARICKMAN AND MARIANNE BARICKMAN; JOSHUA L. METTLE; ANGELA RAYNER; C & G VELASQUEZ FAMILY TRUST DATED OCTOBER 19, 2005; JANET W. LAMKIN, WILLIAM LAMKIN AND MICHAEL K. ACKRELL; DARREN T. KAVINOKY AND ALONA KAVINOKY; MARK LITCHFIELD AND KRISTIN J. ROTTER; CHANG FAMILY TRUST DATED AUGUST 20, 2002; RUBEN FLORES AND NELSON COATS; ROBERT A. LAMKIN AND RAY BIDENOST; DANE C. HILLYARD and DOES 1 – 100, Defendants. | |

Plaintiff Jacobsen National Group, Inc., by and through its counsel, Ray Quinney & Nebeker P.C., complains and alleges against the Defendants and alleges as follows:

<u>**PARTIES, JURISDICTION AND VENUE**</u>

5

1. Plaintiff Jacobsen National Group, Inc. ("Jacobsen") is a Utah corporation registered in the State of Utah and is engaged in the business of construction and construction management services. Jacobsen's principal place of business is located in Salt Lake City, Utah.

2. Defendant Easy Street Partners, LLC ("Easy Street") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah and was the record owner of all that certain real property located at approximately 201 Heber Avenue, Park City, Summit County, Utah as more fully described in Exhibit A attached hereto and incorporated by this reference (the "Property") and currently still retains ownership of certain condominium units and, possibly, other portions of the Property. The Property is also now, generally known as the Union Square Condominiums and condominium units comprising the Property are referred to herein as "Units."

3. Upon information and belief Equity Title Insurance Agency Inc. "Equity Title") is a Utah corporation that served as the closing agent and the escrow agent for the closing of a substantial number of the purchases of Units by the defendant fractional interest owners of certain of the Units. Upon information and belief, it is also the agent of First American. Equity Title is a Utah Corporation with offices in Park City, Summit County, State of Utah.

4. National Bank of Kansas City; NextStar Funding, Inc.; Independent Bank, a Michigan Corporation, ISAOA; Home Savings Bank; Mountain Seas Development; Frontier Bank, FSB; Scottsdale Private Bank, a Division of Midfirst Bank; Texas Bank; ACME Holding LLC; Hendricks Family Trust, Craig C. Cullen and Frank Bilic; International Golf MNGMT, Pamela McGuire and Jerome Ratzan; Michael D. Masterton; Brook K. Lyons; Brook L. Lyons;

and Alpine Legacy Ltd. ("Lenders") are entities or individuals that have, or claim to have, interests in the Property as mortgage lenders, all of which mortgage interests are junior and subordinate to a statutory lien in favor of Jacobsen in the same Property for labor and materials.

5. Brian D. Althaver; Marcia L. Griffiths; Terry L. Sidford and Matthew E. Sidford,; Suzanne Harris; Mountain Seas Development, Ltd.; Arcadia Development, L.L.C. by: BF Sammons or Lynda R. Sammons; Clint McClellan; David R. Stark and Louise A. Stark; Claudia McMullin and Timothy A. Douglas; Kevin R. McCarthy; Castillo Trust Dated June 26, 2001, Amended November 2, 2007; Marshall Bank, Trustee of the Bank Living Trust Dated June 16, 1998, Restated July 25, 2003; Mark C. Kramer Trust Dated December 30, 2004, and Louise J. Walton Trust Dated July 3, 2002; Phillip Labove; Robert M. DiOrio and Bianka M. DiOrio; Anthony Zingale and Teresa Meno Zingale, Co-Trustees of the Zingale Living Trust Dated March 6, 1997; John Michael Hojel, Jr. and Veronica Hojel; Leon Dreimann and Joy Dreimann; Eric Rothschild and Susan Rothschild; Hop To It Joint Living Trust; Charles H. Silverman and Andrea E. Silverman; Jonathan Barrett Connor and Karen Marie Connor, as Co-Trustees, or Their Successors in Trust, of the Connor Family Trust Dated October 9, 2008 as Jonathan Barrett Connors Sole and Separate Property; James Whitney, Robin Palazzo Whitney; The Shoaf Family Trust Dated January 16, 2002; Elizabeth Rad; Tenderfoot Holdings, LLC; Francine Wynn; Skyboozers, LLC; Clint McClellan; Teresa Martha Wiss Trust Dated November 12, 2003; Tracy McCarthy; Peter Blythe; Kati Irwin, Graham Wagner; John E. McIlwaine; Philo M. Smith, Jr. Trust Established June 7, 2000; Allan Anderson, Amy Anderson; Brooks Hoven, Brenda Schmid; John Butsch; William S. Escudier, Michael V. Escudier, William R. Escudier, Timothy

Escudier,; Thomas F. Bradley; Kristen M. Dickey, Susan Dickey MacArthur, Penny A. Bradley; Daniel H. Payne, Vanessa I. Payne; Levine Holdings, LLC; Brian Laidlaw, Teri Laidlaw; Albert Albiani and Roxann Albiani,; George Frederick John Hill, III, Ruth Emily Hill; Charles S. Cox, Sylvia P. Cox Trustees of the C &S Cox 2007 Trust; Merrick L. Gross, Rosa S. Gross; Kenneth Yonemura and Grace Noda-Yonemura; Michael Scott Davis, Joseph Fick; Curtis K. Gardner, Patricia A. Gardner, As Trustees of the Gardner Family Revocable Trust on January 3, 1992; Linda Marie Eide Residuary Family Trust Established 19th Day of February, 1998 and Eide Living Trust Dated October 29, 2007; Frederic Monnot; Rishi Kumar, Ashima Kumar; Craig S. Guernsey, Ann M. Guernsey of the Craig S. Guernsey and Ann M. Guernsey Revocable Living Trust Dated May 15, 2008; Michael Scott Davis; Daniel S. Miller, DDS, Inc.; Joseph Fick; Lovejoy Sky Lodge, LLC; Stephen N. Finberg, Barbara L. Finberg, Adam J. Finberg, Leah H. Finberg; Steve Reich, Scott Coleman, Ashley Coleman,; Stephen Allis; Stephen Elrick; Dena A. Fleming, Steve L. Chin; Sky Investment Group, LLC; William A. Hindle, Constance Fletcher Hindle; Thomas Millar, Julie B. Millar; Steve Lafredo; Robert A. Miller; Marcie B. Davis, Kenneth A. Davis; John P. Kelly, Melissa B. Kelly; The Mark and Joann Tattersall Family Trust Dated September 19, 1995, Amer Soudani, Yvette Soudani; Stephen P. Vermut, Barbara Vermut; Larry L. Lozensky; Robert Keith Simons, Lynn Kay Simons Revocable Trust Dated January 1, 2005; Mark T. Greenquist and Joan H. Repetti; Michael A. Feder; Andrew C. Gilligan Jr., Karen L. Gilligan Trustees of the Andrew C. Gilligan Jr. and Karen L. Gilligan Family Trust Dated August 2, 2000; Donald I. Porteous; W. Brian Ahern; Charles Raeburn, Vicki P. Raeburn; Acme Holding LLC, a Utah Limited Liability Company; Jonathan Ames, Joanne Ames; Phllip

Yuan, Ruth Yuan; TCF Holdings, LLC, a Florida Limited Liability Company; Sky Investment Group, LLC; Corrado Properties, Inc.; Sompar Investments, LLC; Gilbert Adler, Jeannette Adler; Janet W. Lamkin, William Lamkin, Bryan Lamkin; The Richard C. Casale Revocable Trust Dated January 9, 2007, The Barbara A. Casale Revocable Trust Dated January 9, 2007; Janis Jean Ferraris, Deborah Jean Depaoli; Phillip A. Davidson, Ruth Minzer Davidson; Samantha Dreimann, Custodian for Alana Dreimann, Samantha Dreimann, Custodian for Michelle Dreimann, as Joint Tenant; Samantha Dreimann, Leon Dreimann, Joy Dreimann; Suzanne E. Duffield, James E. Duffield, III; James A. Lundin; Dianna Furguson; Amy Casey; Lisa A. Bugajski, Trustee or Successor Trustee, Gerald A. and Lisa A. Bugajski Revocable Living Trust Dated February 15, 2007; James D. Barickman, Marianne Barickman; Joshua L. Mettle; Angela Rayner; C&G Velasquez Family Trust Dated October 19, 2005; Janet W. Lamkin, William Lamkin and Michael K. Ackrell; Darren T. Kavinoky, Alona Kavinoky; Mark Litchfield, Kristin J. Rotter; Chang Family Trust Dated August 20, 2002; Ruben Flores, Nelson Coats; Robert A. Lamkin, Ray Bidenost; Dane C. Hillyard and Does 1-100 ("Owner Defendants") are individuals or entities that have, or claim to have, interests (ownership, lien and other claimed rights and interests) in the Property, all of which are junior and subordinate to a statutory lien of the Property for labor and materials in favor of Jacobsen.

6.    Defendant Union Square Condominium Owners Association (the "Owners' Association") also has title to and owns certain interests in portions of the Property, including title to the "common areas" and, some interest in limited common areas of the Property, all of which are subject to a statutory lien on the Property for labor and materials in favor of Jacobsen.

9

7. Does 1-100 are currently unknown individuals or entities that have, or claim to have, an interest in the Property that is subject to the statutory lien interest of Jacobsen in the Property and who will be identified, named and added to this Complaint at such time as their identity and their interest is ascertained.

8. Jurisdiction is proper in this Court pursuant to Utah Code Annotated § 78A-5-102.

9. Venue is proper in this Court pursuant to Utah Code Annotated §§ 78B-3-301, 304 and 307.

## FACTUAL BACKGROUND

10. Easy Street identified Jacobsen to construct and manage the construction of all of the improvements on the Property, including but not limited to buildings, site improvements, out-buildings, etc., that currently constitute the Union Square Condominium and all of the condominium units, common areas, limited common areas and other improvements and fixtures associated with the said condominium project.

11. On or about March 20th, 2006, Easy Street entered into a contract with Jacobsen to construct and manage the construction of the condominium project on the Property by entering into and executing that certain AIA Document A121 CMc-2003 and AGC Document AGC 565, a copy of which is attached hereto and incorporated herein by this reference as **Exhibit A** to this Complaint (the "Construction Agreement").

12. Pursuant to the terms of the Construction Agreement (including any modifications, amendments, change orders, etc. to or affecting the same), Jacobsen provided the

agreed-to services for the building and construction of the specified condominium project and improvements on the Property with initial commencement of construction being accomplished on May 28, 2006 (the "Commencement Date"), and with the work of construction continuing through December 18, 2008. The total value of the labor and materials and related services provided by Jacobsen under the Construction Agreement which remain unpaid is $1,382,127.18, exclusive of interest, costs, fees and other amounts provided for by the agreement.

13. Despite repeated demands, Jacobsen has not been paid the said outstanding obligation of Easy Street.

14. Jacobsen and subcontractors who performed work on the subject construction project have completed their work under the terms of the Construction Agreement and are entitled to and hold a statutory mechanics' lien against all of the Property, relating back to and effective as of the Commencement Date (the "Lien").

15. On or about March 17, 2009, and pursuant to Utah Code Annotated Section 38-1-7, Jacobsen recorded with the Summit County Recorder a Notice of Mechanic's Lien against the Property (the "Notice of Lien"). Notice of Lien attached as Exhibit B.

16. Sometime after the Commencement of Work, Easy Street commenced the sale of fractional interests in the Units and, upon information and belief, the fractional interest owners and the fractional interest mortgage lenders named as defendants herein entered into purchase contracts with Easy Street and, in most instances, the closing of the purchase and sale and mortgage financing for the same occurred with Equity Title serving as the escrow closing agent.

17. In addition to acting as the escrow closing agent for the aforesaid fractional interest transactions, upon information and belief, Equity Title also acted as agent for First American Title Insurance Company with respect to the issuance of owner's and lender's title insurance policies to each of the defendant owners and defendant mortgage lenders (the "Title Policies"), assuring that the title conveyed was free and clear of any adverse encumbrance or lien in the nature of the Lien.

18. Upon information and belief, none of the Title Policies contains an exception to the title assurances contained therein for the Lien.

19. By reason of its duties as the escrow closing agent and the agent for the issuance of "clean" policies of title insurance to each of the defendant owners and lenders, Equity Title was responsible for conducting the subject purchase/sale transactions and handle the sale and loan proceeds in a manner that would assure that (a) the title interests of the fractional interest purchasers and mortgage lenders would not be subject to claims like the Lien; (b) the underwriting insurance company, First American Title Insurance Company, would not be exposed to title defects such as the Lien by reason of the title insurance written by Equity Title, as agent, and (c) all necessary and prudent actions as a fiduciary be taken in the handling of the funds remitted by the purchasers and lenders so that inchoate but known potential lien claimants, like Jacobsen and its subcontractors would be fully and finally paid.

20. To the knowledge of Jacobsen, Equity Title made no attempt to contact Jacobsen and discuss appropriate mechanisms, including the withholding of sale and loan proceeds from Easy Street until the Construction Contract obligations to Jacobsen were met and, upon

information and belief, Equity Title did not withhold or retain in escrow any sale or loan proceeds from the referenced fractional interest sales and the attendant mortgage financing to cover the known and potential risks of the ultimate assertion of a lien by Jacobsen and its subcontractors for ongoing work on the Property.

21. In addition to other distributions of the sale and financing proceeds from the referenced fractional interest sales and financing, Equity Title distributed to itself for its own services as escrow agent, portions of the sade proceeds.

22. Jacobsen is an intended and direct third-party beneficiary of the fiduciary duties and obligations undertaken by Equity Title on behalf of the fractional interest purchasers and mortgage financers, as well as on behalf of its insurance company principal, First American Title Insurance Company (collectively, Equity Title's "Fiduciary Duties").

23. In the alternative, Jacobsen is an unintended third-party beneficiary of the Fiduciary Duties and is entitled, in all fairness and equity to rights and remedies against Equity Title for the clear failure to fulfill its Fiduciary Duties.

24. Those defendants who purchased undivided ownership interests in Units in the Property and those defendants who provided mortgage financing for such purchases did so after the commencement of work on the Property by Jacobsen under the Construction Contract and, accordingly, their ownership and other interests in the subject Units are both subject to and subordinate in right to the statutory mechanics' lien claim of Jacobsen in and to that same Property.

25. The Owners' Association obtained its interest in the Property after the commencement of the work of construction on the Property by Jacobsen or has taken title to the same with the lien interests and rights of Jacobsen already attached to the same.

26. Easy Street's interest in the Property, as the original owner of the Property who contracted for the work of construction of the improvements on the Property under the Construction Agreement, is, was and continues to be subject to the statutory lien rights and interests of Jacobsen therein.

27. Jacobsen has incurred attorney's fees in the preparation, enforcement and foreclosure of its liens in this action. The Defendants are liable for Jacobsen's attorney's fees so incurred.

### FIRST CLAIM FOR RELIEF
(Foreclosure of Mechanic's Lien)

28. Jacobsen incorporates herein by reference all previous paragraphs of this Complaint.

29. On or about March 17, 2009 Jacobsen recorded the Notice of Lien against the Property, specifying in the Notice of Lien that of $1,382,127.18 the obligations arising under the Construction Agreement, plus interest, costs and attorney's fees, are unpaid and setting forth a claim for a mechanic's lien against the property based on the aforesaid unpaid amounts owing by reason of the Construction Agreement and the labor, material, supplies and other services provided to the Property.

30. The Lien amount claimed is subject to adjustment for amounts that continue to accrue and become due to Jacobsen.

31. Jacobsen has complied with all provisions of law relating to the creation, attachment, existence, recording and perfecting of the Lien.

32. Pursuant to Utah law, the Lien dates back to the date that materials and/or services were first supplied to the Property, which date is the Commencement Date, May 28, 2006.

33. Pursuant to Utah Code Ann. § 38-1-1 et seq., Jacobsen claims the Lien to secure payment of the sum past due and owing to Jacobsen.

34. Pursuant to Utah Code Ann. § 38-1-18 and the Construction Agreement with Easy Street, Jacobsen is entitled to an award of reasonable attorneys' fees and costs in connection with its efforts to collect the unpaid sums under the Construction Agreement and the enforcement of the Lien .

35. Jacobsen is therefore entitled to a Decree of Foreclosure entered against all defendants adjudicating and declaring that their claimed rights, title and interest in the Property and improvements are junior or subordinate to the lien claim of Jacobsen; and that the Property be sold at an execution or sheriff's sale to satisfy, in whole or in part, the aforesaid unpaid amounts, together with interest, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Breach of Contract against Easy Street)

36. Jacobsen incorporates herein by reference all previous paragraphs of this Complaint.

37. As set forth above, Jacobsen entered into the Construction Agreement with Easy Street pursuant to which Jacobsen agreed to and did provide construction and construction management services for the construction of the Union Park Condominium Project and otherwise for the benefit and improvement of the Property.

38. Jacobsen has not been paid all amounts owed by Easy Street for the services provided under the Construction Agreement.

39. Jacobsen fully performed its duties under the agreement for the amounts due and owing and all conditions precedent to the duties and obligations of Easy Street have occurred or otherwise have been performed.

40. Despite numerous requests and demands for performance, Easy Street has failed and/or refused to perform under the Construction Agreement.

41. Easy Street has breached the Construction Agreement with Jacobsen.

42. As a result of the breaches of the Construction Agreement, Jacobsen has been damaged in an amount to be proven at trial, but not less than $1,382,127.18, together with interest thereon and reasonable attorneys' fees and costs to the extent provided for by law.

### THIRD CLAIM FOR RELIEF
(Quantum Meruit/Unjust Enrichment against Easy Street)

43. Jacobsen incorporates herein by reference all previous paragraphs of this Complaint.

44. Jacobsen provided valuable services for the improvement of the Property which conferred a substantial benefit on Easy Street and upon the other defendants who own or claim interests in the Property.

45. These defendants have not paid Jacobsen for the full value of the services and improvements to the Property provided by Jacobsen.

46. As a result of the failure and/or refusal to pay in full for the value of the services and improvements to the Property provided by Jacobsen, these defendants have been unjustly enriched, and Jacobsen has been damaged, in an amount to be proven at trial but not less than $1,382,127.18, together with interest, and attorneys' fees and costs to the extent provided for by law.

### FOURTH CLAIM FOR RELIEF
(Constructive Trust Against Equity Title)

47. Jacobsen incorporates herein by reference all previous paragraphs of the Complaint.

48. Upon information and belief Equity title is the escrow agent used at the closing of many of the sales of fractional interests in the Units in the Union Square Condominium Project, as well as in the mortgage loan transactions pursuant to which many of the Lender defendants

17

provided funds for the said purchase of fractional interests in the Units purchased by the Owner Defendants named herein.

49. As the escrow agent and closing agent for the sales of the fractional interests in the Union Square Condominiums, Equity Title received all the funds tendered by the purchasers of the fractional interests, including proceeds of mortgage loans associated with such purchases.

50. Upon information and belief, Equity Title was aware that Jacobsen had commenced its work on the Property prior to the closing of the purchase and mortgage financing transactions handled by it in the capacity of an escrow agent and that Jacobsen was still performing work on the construction of the Union Square Condominiums at the time that Equity Title was receiving into escrow, for closing purposes, the purchase proceeds from the purchasers of fractional interests and the mortgage lenders providing financing for such purchases.

51. Equity Title knew and, as an experienced title and escrow agent, should have known that if Jacobsen were not paid for the ongoing work on the Property, the Property and the interests of each of the purchaser and lender defendants with respect to the fractional interests in the Property being purchased and financed would be subject and subordinate to the Lien.

52. Pursuant to its contractual and fiduciary duties, Equity Title should have set aside part of the purchase funds in an amount sufficient to assure that claims such as the Lien would not arise to adversely impact the title interests of the fractional interest purchasers and mortgage financing lenders.

53. To the extent of funds distributed to itself in connection with its role as escrow agent and title agent, Equity Title has been unjustly enriched by its failure to properly carry out its contractual and fiduciary obligations as escrow agent and title agent.

54. Equity Title is constructive trustee for Jacobsen and Jacobsen's subcontractors for that portion of the fractional interest purchase and loan proceeds and funds that should have been set aside for payment of mechanics liens related to the completion of the construction of the Union Square Condominium Project.

55. Equity Title is required, in equity, as constructive trustee to pay over and deliver to Jacobsen for application to the payment of the remaining amount due and owing Jacobsen for its completion of the construction of the Union Square Condominium Project, any and all proceeds of the said sale and financing transactions that were retained or paid over to Equity Title in its role as escrow agent or title agent.

WHEREFORE, Jacobsen prays as follows:

A. On Jacobsen's First Claim for Relief, for a judgment against Easy Street, and all other defendants declaring their rights, title and interest in the Property and improvements junior or subordinate to the claim of Jacobsen under its lien in favor of Jacobsen, together with the entry of a Decree of Foreclosure of the lien of Jacobsen, foreclosing the rights, title and interests of all of the defendants in the Property and improvements to satisfy in whole or in part the amount of Jacobsen lien together with interest, costs, and attorneys' fees, and ordering the sale of the Property to satisfy said amount, and directing the sheriff to proceed and sell the Property according to the provisions of law relating to sales and executions.