Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>            Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[FILED ELECTRONICALLY] |

**DECLARATION OF KENNETH L. CANNON II, PURSUANT TO 11 U.S.C. § 329(a)
AND FED. R. BANKR. P. 2014(a) AND 2016(a) IN SUPPORT OF DEBTORS'
APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE TO
<u>RETAIN AND EMPLOY DURHAM JONES & PINEGAR AS COUNSEL</u>**

The undersigned, Kenneth L. Cannon II, hereby declares as follows:

SLC_457825.2

1.  I am a shareholder in Durham Jones & Pinegar ("DJP"), and am a duly licensed and practicing attorney in the State of Utah. I am admitted to practice in the United States District Courts for the District of Utah, the Southern District of New York, and the Eastern District of New York; the United States Courts of Appeals for the Tenth, Third, and Fifth Circuits; and in other courts. To the best of my knowledge based upon the inquiries described below, the following statements are true.

2.  <u>Representation of the Debtors</u>. DJP's representation of Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding") (together, Partners, Mezzanine, and Holding will be referred to as the "Debtors") commenced on July 31, 2009. DJP did not perform services continuously during that time. After initial meetings with DJP, the Debtors consulted with other counsel.

3.  <u>Materials Reviewed Regarding Possible Connections</u>. I have received from the Debtor and reviewed the following materials, which contain names and addresses of creditors, members, and other parties: (a) a list of creditors of the Debtors, including secured creditors, and (b) the identity of Holding's members and the owners of Holding's members. I have requested that DJP's staff conduct computerized conflicts checks on the names of these entities.

4.  <u>Determination of Connections with Parties in Interest</u>. I have, based on information I have been able to obtain so far, determined that DJP has the connections listed below with the Debtors and other parties specified in Bankruptcy Rule 2014(a). Insofar as I have been able to determine, with the assistance of employees of the firm, DJP does not currently represent any party in interest in any matter related to the Debtor. Although DJP may have represented a party in interest, as more fully set forth below, I believe none of these connections

2

disqualify DJP from employment by the Debtor or prevent DJP from representing the Debtor in this case.

      a.     DJP's St. George office represents Sunroc Corporation ("Sunroc") in litigation against Elizabeth Rad, who is a member of Park City I, LLC, which holds a 12.5% membership interest in Holding. Ms. Rad is the owner of a residence on which Sunroc provided subcontractor services and/or supplied materials. The contractor apparently received payment but did not pay subcontractors such as Sunroc. As a result, Sunroc brought an action against Ms. Rad as the owner of the building. From an abundance of caution, DJP will institute a "firewall" with respect to its representation of the Debtors so that attorneys in the firm's St. George office will not communicate in writing or orally with any DJP attorney or other professional regarding the Debtors' cases.

      b.     Renegade Oil Inc. appears to hold a small unsecured claim against Partners. DJP represents Renegade Oil Inc. on certain immigration matters that are unrelated to the Debtors.

      c.     Muir Canyon Farms holds a small unsecured claim against Partners. DJP represents Muir Canyon Farms on certain matters that are unrelated to the Debtors.

      d.     CBIZ Accounting holds an unsecured claim against Holding and Mezzanine. DJP has in the past represented CBIZ on matters unrelated to the Debtors.

      e.     Ecolab Pest Elimination Division holds a small unsecured claim against Partners. DJP has in the past represented Ecolab, Inc., which may be an affiliate of this creditor, in a matter unrelated to the Debtors.

      f.     DJP received a total of $50,000 as a retainer for services to be rendered to the Debtors. Mr. William Shoaf personally funded $25,000 as a retainer to DJP on behalf of the

Debtors on or about August 12, 2009, and the Diane Jordan-Smith Trust, a trust affiliated with Mr. Philo Smith, also funded $25,000 as a retainer to DJP on behalf of the Debtors on or about September 11, 2009. Mr. Shoaf owns Cloudnine Resorts, LLC, which owns a 38.75% membership interest in Holding; a 50% interest in AVG – SL, LLC, former manager of each of the Debtors; a 50% membership interest in Cloudnine Resorts-Sky Lodge Development, LLC, the developer of The Sky Lodge in Park City, Utah; and a 50% membership interest in Cloudnine Resorts-Sky Lodge Management, which is the property manager of The Sky Lodge. Mr. Shoaf is also a co-manager of each of the Debtors. Mr. Smith owns Utah Coal and Lumber, Inc., which owns a 10% membership interest in Holding, and is also a co-manager of each of the Debtors.

5. <u>United States Trustee</u>. Insofar as I am aware, DJP has no connections with the office of the United States Trustee or its staff which prevent DJP's employment as counsel for the Debtor.

6. <u>Equity Security Holder Status</u>. DJP is not and has not been an equity security holder of the Debtor.

7. <u>Insider Status</u>. DJP is not and has not been an insider of the Debtor. Neither DJP nor any of its members is or has been a member or manager of the Debtor, person in control of the Debtor, in a partnership in which the Debtor is a general partner, or relative of a member, manager, or person in control of the Debtor.

8. <u>Investment Banker Status</u>. DJP is not and has not been an investment banker for any outstanding security of the Debtors or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of a Debtor.

4

9. <u>Director/Officer/Employee Status</u>. DJP is not and has not been a director, officer, or employee of the Debtor or of an investment banker specified in 11 U.S.C. § 101(14)(B) or (C).

10. <u>Materially Adverse Interest Status</u>. Insofar as I have been able to determine and as explained above, DJP does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker of any security of the Debtor or for any other reason.

11. <u>Section 327(a) Status</u>. Based upon the foregoing, insofar as I have been able to determine, DJP does not hold or represent an interest adverse to the estate and is a disinterested person, all within the meaning of 11 U.S.C. § 327(a), and the proposed employment of DJP is proper under 11 U.S.C. §§ 327(a), (c) and 1107(b).

12. <u>Rule 5002 Status</u>. I believe that DJP has no disqualifying connections within the meaning of Bankruptcy Rule 5002, which provides that a bankruptcy judge may not approve the employment of a person as an attorney pursuant to section 327 if that person is or has been so connected with such judge as to render the employment improper. DJP attorneys are active in professional organizations and committees in which judges of this Court and their legal staffs participate.

13. <u>Rule 2016(b) Information</u>. In the year prior to September 14, 2009, DJP provided legal services to the Debtors solely in connection with a potential workout and Chapter 11 filings. For its services and expenses incurred, DJP received $24,822.50 during this period. On September 11, 2009 ($21,705.50) and September 14, 2009 (the Chapter 11 filing fees of $3,117) these fees and expenses were applied against a retainer received by DJP on or about August 12,

5

2009. DJP has a few hours for services rendered on September 12, 13, and 14, 2009, for which it has not been paid. DJP reserves the right to seek payment for these prepetition services as necessary and of benefit to the bankruptcy estates and compensable in the Debtors' cases under In re Roberts, 46 B.R. 815, 849 (Bank. D. Utah 1985), aff'd in part and rev'd in part on other grounds, 75 B.R. 402 (D. Utah 1987) (pre-petition fees of debtor's counsel "for legal fees incurred solely for services rendered in contemplation of and in connection with the bankruptcy case" are "recoverable as part of the fees allowed, generally, under Sections 327, 329, and 330 of the Code and Bankruptcy Rule 2014"). DJP holds $25,177.50 as a retainer for its representation of the Debtors in their reorganization cases, subject to application and allowance under applicable bankruptcy law. DJP has not been paid any other amounts in connection with these cases and has not agreed to share compensation or reimbursement other than with shareholders and associates of DJP as permitted by section 504 of the Bankruptcy Code. Subject to the Court's approval of fees and expenses under applicable bankruptcy law, DJP will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered. DJP's hourly billing rates are generally increased annually on January 1. I currently anticipate that the principal attorneys from DJP who will provide services to the Debtors are Steven J. McCardell and I. The local hourly billing for both me and Mr. McCardell is $325 per hour. In addition, we will carefully staff the matters with other shareholders, associates, and paralegals. Billing rates for shareholders who may be involved in DJP's representation of the Debtor range from $245 to $325, for associates from $150 to $250, and for paralegals, $120.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 25th day of September, 2009.

_____
Kenneth L. Cannon II (3705)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
Salt Lake City, Utah  84111
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

Proposed Co-Counsel for Attorneys for the
    Debtors and Debtors in Possession