Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY   10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | )<br>) |
| EASY STREET HOLDING, LLC, et al., | )<br>)    Bankruptcy Case No. 09-29905<br>)    Jointly Administered with Cases<br>)         09-29907 and 09-29908<br>) |
| Address:  201 Heber Avenue<br>              Park City, UT 84060 | )    Chapter 11<br>)<br>)    Honorable R. Kimball Mosier |
| Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | )<br>)<br>)    [FILED ELECTRONICALLY]<br>) |

**DECLARATION OF MICHAEL V. BLUMENTHAL IN SUPPORT
OF DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO
§§ 327(a) AND 329(a) OF THE BANKRUPTCY CODE, AND
RULES 2014(a) AND 2016(b) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF CROWELL & MORING LLP AS COUNSEL
<u>FOR THE DEBTORS AS OF THE PETITION DATE</u>**

I, Michael V. Blumenthal, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a partner in the firm of Crowell & Moring LLP ("C&M" or the "Firm"), with offices located at 590 Madison Avenue, New York, New York 10022, and am duly admitted to practice law in the States of New York and Florida.

2. This declaration is submitted in support of the application (the "Application") of Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC (collectively, the "Debtors") to retain C&M as counsel, effective as of the Petition Date (defined below), pursuant to §§ 327(a) and 329(a) of the Bankruptcy Code, which is being submitted concurrently herewith. Unless otherwise stated in this declaration (the "Declaration"), I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon C&M's completion of and further review, or as additional party-in interest information becomes available to the Firm, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3. C&M has been representing the Debtors with respect to bankruptcy and restructuring matters since approximately August 24, 2009. As of September 14, 2009, the date that the Debtors filed their Chapter 11 petitions (the "Petition Date"), C&M was owed no moneys by the Debtors, and is therefore not a creditor in these Chapter 11 cases.

4. Moreover, as set forth in more detail below, neither I, the firm, nor any partner, or counsel or associate hereof, insofar as I have been able to ascertain, has any connection with the

Debtors, their creditors or any other parties in interest in or its respective attorneys, except as set forth below.

5. In preparing this Declaration, I used a set of procedures developed by C&M to ensure compliance with the requirements of the Bankruptcy Code and Bankruptcy Rules regarding the retention of professionals by a debtor (the "Firm Disclosure Procedures"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain the Firm's connection to such parties:

    a. Those individuals and entities disclosed in the Debtors' Creditor Matrix were entered into C&M's computer-based conflicts system to ascertain the connections between C&M and any of those persons and entities.

    b. If further inquiry was required the partner in charge of any matters relating to a creditor of Debtors was contacted to verify no adverse relationship with Debtors or their affiliates existed.

6. In reviewing the reports which were generated from the Firm's Disclosure Procedures, the names of the individual sand entities contained in the Creditors' Matrix were reviewed by me and the Firm's conflicts group. As a result of such review, it was determined that, in respect to each connection between C&M and such parties, C&M does not hold or represent an interest that is adverse to the Debtors or the Debtors' estates with respect to matters on which C&M is to be employed.

7.  C&M, which employs approximately 500 attorneys, has a large diversified international legal practice that encompasses the representation of many financial institutions and commercial corporations. Consequently, C&M may have previously represented, currently represents, and may represent in the future, entities that are claimants or interest holders of the Debtors in matters unrelated to Debtors' pending Chapter 11 cases.

8.  However, based upon the procedures employed by C&M, the Firm can represent that it does not and has not represented any creditors, equity holders or parties in interest in connection with the Debtors and their business.

9.  C&M does, however, represent Siemens Building Technologies in connection with certain government contract matters which are totally unrelated to the Debtors and these Chapter 11 cases. Moreover, Siemens is an unsecured creditor of Partners owed only $673, and C&M will not represent Siemens in connection with these cases.

10.  Moreover, to the best of my knowledge, none of the members, counsels, or associates of C&M are related to the United States Trustee for this District, any key person employed by the Office of such United States Trustee, any United States District Court Judge for this District or any United States Bankruptcy Court Judge for this District. C&M will continue to review its records with respect to such persons and shall promptly notify the Court by a supplemental affidavit if any such connection is discovered. If any conflict should arise in the future, although none is anticipated, proposed Utah counsel, Durham Jones & Pinegar, P.C. will act as conflicts counsel on such matters.

11.  C&M is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that C&M, its partners, of counsel, and associates:

   a.   are not creditors, equity security holders or insiders of the Debtors;

   b.   are not and were not, within 2 years prior to the Petition Date, a director, officer or employee of the Debtors; and

   c.   do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtors or for any other reason.

12.  In addition to the forgoing, the Debtors have and will retain various professionals during the pendency of these cases, including, Durham Jones & Pinegar, P.C. as co-counsel. Moreover, the Debtors may retain other professionals after the Petition Date. C&M works with many professionals and may have previously worked with the professionals the Debtors have retained or may retain in connection with various representations, and will continue to do so, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

13.  C&M was initially retained pursuant to a retainer agreement dated August 26, 2009, (the "Retention Agreement) by the Debtors to evaluate the restructuring alternatives available to the Debtors' debts and a potential chapter 11 filing. On August 24, 2009, C&M received $50,000 from Philo Smith, one of the managers of Holding. Subsequently, C&M entered into an amended retention agreement (the "Amended Retention Agreement"), pursuant to

which Philo Smith wired $25,000 to C&M on September 10, 2009, and $50,000 to C&M on September 11, 2009.

14. As of the Petition Date, C&M utilized approximately $110,000 in connection with counseling and the preparation of the Debtors' bankruptcy filing. The remaining $25,000 is held as a retainer (the "Retainer") for C&M's representation of the Debtors' in their reorganization cases.

15. In connection with the Amended Retention Agreement, Philo Smith (the "Guarantor") agreed to guarantee payment of C&M's invoices for services rendered to and cost incurred on the behalf of the Debtors during the course of these bankruptcy cases. Although bills will be sent to the Debtors and the Guarantor, the Guarantor shall be responsible for prompt payment of such bills. The Guarantor agreed: (1) to promptly pay C&M's fees and expenses upon his and the Debtors' receipt of C&M's monthly invoices; and (2) to replenish the Retainer as set forth in the Amended Retention Agreement.

16. C&M intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. Currently, C&M charges between $250.00 and $735.00 per hour for the attorneys that it anticipates will be primarily responsible for working on these matters and between $145.00 and $235.00 per hour for its legal assistants. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of the Court, propose to pay C&M its customary hourly rates in effect from

time to time and to reimburse C&M according to its customary reimbursement policies, and submits that such rates and policies are reasonable.

17.   In light of the fact that the Debtors have limited liquid assets, the requirement for a third-party guarantee is reasonable and in accordance with normal business terms in the marketplace for the nature of commercial litigation for which C&M is to be retained.

18.   Other than as set forth above, no arrangement is proposed between the Debtors and C&M for compensation to be paid in these cases.

19.   C&M has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under § 504 (b) (1) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of September, 2009.

_____
Michael V. Blumenthal