Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| Debtors. | 09-29907 and 09-29908 |
| Address:  201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

**MOTION FOR ORDER AUTHORIZING THE PAYMENT OF PREPETITION TAXES
IN THE ORDINARY COURSE OF BUSINESS**

Easy Street Partners, LLC ("Partners"), hereby requests entry of an order (the "Order")

authorizing the payment in the ordinary course of business of prepetition sales, transient

occupancy and prepared food taxes and any related fines or penalties (the "Taxes") incurred by

SLC_460068

Partners in running the Sky Lodge and the restaurant therein (the "Motion") in the approximate amount of $23,225.  The Motion, however, does not seek to pay all taxes owed by Partners, which amounts to approximately $56,000 in total.

This Motion is based on the points and authorities below, the evidence contained in the Declaration of William Shoaf in Support of First Day Motions filed on September 14, 2009, the Declaration of William Shoaf in support of this Motion dated September 25, 2009, the record in these cases, and the arguments, evidence and representations that may be presented at or prior to the hearing on this Motion.

## I. BACKGROUND

**A.     The Chapter 11 Filings.**

1. On September 14, 2009, (the "Petition Date"), Partners, Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding"), debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code") in this Court.  The Debtors continue to operate their business and manage their property as debtors-in-possession.

2. No trustee or creditors' committee have yet been appointed in these cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

SLC_460068

**B.    Background and Current Business Operations of the Debtors.**

1.    The Debtors are limited liability companies and affiliates of one another. Mezzanine is the 100% owner and managing member of Partners, which owns real estate and improvements constituting the Sky Lodge in Park City, Utah. Holding is the 100% owner and managing member of Mezzanine. Michael Feder, representing Park City I, LLC, Philo Smith, Jr., representing the Philo Smith, Jr. Trust, and William Shoaf, representing CloudNine Resorts, LLC are the co-managers of Holding. The members of Holding are Park City I, LLC, Philo Smith Jr. Trust, Alchemy Ventures Trust, and CloudNine Resorts, LLC. Park City I, Philo Smith Jr. Trust and CloudNine Resorts, LLC constitute 61.25% of the membership interests of Holding. The remaining 38.75% of Holding is held by Alchemy Ventures Trust.

2.    The Sky Lodge is a luxury boutique hotel located in the middle of historic Main Street in Old Town Park City. It is an ultra stylish resort hotel offering all of Park City's amenities plus a restaurant offering both casual and fine dining, a bar and lounge, a bakery, the spa Amatsu, and meeting and event venues and more.

3.    The Sky Lodge is being sold as fractional ownership with a total of 176 one-eighth shares offered. There are 22 units in total. The 2 and 3 bedroom models range from 1260 to 2700 square feet for the penthouse model. Owners buy individual units and not just the rights to a stay. Cloud Nine Resorts, an affiliate of the Debtors, runs the homeowners association (HOA), manages the owner bookings and rotational intricacies of ownership. Each owner is guaranteed two ski weeks (mid Dec. – mid April) each year plus 21 other days throughout the year for their own use. Stays not used by the owner may be rented out by the hotel and proceeds are split equally with the owner**.**

3

    **C.**    **Partners' Tax Obligations.**

    1.    Prior to the Petition Date, Partners incurred and owed the Taxes to the Utah State Tax Commission (the "Taxing Authority") in connection with the operation of the Sky Lodge and the restaurant located therein.  The approximately $23,225 that Partners seeks to pay in Taxes is comprised of $18,850.81 related sales taxes, $1,593.79 related to prepared food taxes, and $2,780.44 related to transient occupancy taxes incurred in August 2009.  Partners will supplement this Motion prior to hearing with copies of bills related to the Taxes.  The Taxes became due as of the first weeks of September, 2009.

    2.    If the approximately $23,225 in Taxes is not paid by September 30, 2009, the Taxing Authority could revoke Partners' liquor license, even though such revocation may not be permissible under the Bankruptcy Code.  The loss of the liquor license would be harmful to the profitability of the Sky Lodge and its restaurant and would thus harm Partners' ability to reorganize.

## II. RELIEF REQUESTED

By this Motion, Partners respectfully request the entry of an order pursuant to §§ 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, authorizing it to pay the Taxes, in its sole discretion, but subject to and in accordance with any cash collateral or post-petition orders, in the ordinary course of the business.  The Taxes intended to be paid under this Motion do not exceed $23,225.  Moreover, the estimated sum of $23,000 is an approved line item in the budget (the "Budget") annexed to the Stipulated Interim Order on Motion of Easy Street Partners, LLC for Interim and Final  Orders (I) Authorizing use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to West LB, AG, and (II) Scheduling a Final Hearing Pursuant

4

to Bankruptcy Rule 4001(b) entered on September 16, 2009 (the "Interim Cash Collateral Order"), provided an order is obtained from this Court Authorizing same. Partners submits that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

### III. BASIS FOR RELIEF

**A.      Priority Claim.**

1.      To the extent that the Taxes are priority claims pursuant to Section 507(a)(8) of the Bankruptcy Code their payment should be authorized on the basis that they are required to be paid in full in any event as a condition to satisfying the plan confirmation requirements contained in Section 1129 of the Bankruptcy Code.

2.      If the Taxes are deemed priority claims, Section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid no less favorably than in deferred cash payments, over a period not exceeding six years after the date of assessment, of a value as of the effective date of the plan equal to the allowed amount of each such claim. 11 U.S.C. § 1129(a)(9)(C).

**B.      The Payment of the Taxes is Sound Business Judgment.**

1.      Alternatively, authorizing Partners to pay the Taxes is appropriate under the "doctrine of necessity," which is grounded in Section 105(a) of the Bankruptcy Code, and under Section 363(b) of the Bankruptcy Code. Pursuant to Section 105(a) of the Bankruptcy Code, a court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Partners submits that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code. Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. See Management

Technology Corp. v. Pardo, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (court's equitable power derived from Section 105). Numerous courts have recognized that Section 105(a) allows for the payment of pre-petition obligations where such payment is necessary or essential to the preservation of the debtor in possession's potential for rehabilitation. See, e.g., In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (recognizing that the use of Section 105(a) equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept").

      2.      To the extent that payment of the Taxes would constitute a use of property of the estate outside the ordinary course of business, the payment of these obligations is justified pursuant to Section 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize use of a debtor's assets, in applying this section, courts have required that it be based upon the sound business judgment of the debtor. See In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983) (same); Stephens Indus. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (holding that "bankruptcy court can authorize a sale of all of a chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action").

SLC_460068

3. It is in the best interest of Partners' estate that the Taxes be paid timely to avoid disruption of its business. Delayed payment of the Taxes may also cause the Taxing Authority to take precipitous action, including the revocation of Partners' liquor license, a marked increase in state audits, and a flurry of lien filings at the expense of Partners' time and resources. In particular, the loss of Partners' liquor license would impact the profitability of the Sky Lodge and the restaurant therein, harming Partners' ability to generate revenue needed to facilitate a reorganization. Prompt and regular payment of the Taxes will avoid this unnecessary governmental action. Thus, the payment of the Taxes is necessary here, and Partners has articulated a sound business justification for the payment of these obligations.

4. Moreover, if the Taxes are not timely paid, Partners will be required to expend time and incur attorneys' fees and other costs to resolve a multitude of issues related to the Taxes, including (a) whether the Taxes are pro-ratable or fully pre-petition or post-petition, and (b) whether penalties, interest, and attorneys' fees and costs are priority or unsecured in nature.

5. Additionally, certain of the Taxes may constitute "trust fund" taxes, which are required to be collected from third parties and held in trust for payment to the governmental entities. Trust fund taxes are not considered property of a debtor's estate under Section 541(d) of the Bankruptcy Code. See, e.g., Begier v. Internal Revenue Serv., 496 U.S. 53, 67 (1990); In re Megafoods Stores, Inc., 163 F.3d 1063, 1067-68 (9th Cir. 1998) (holding that sales taxes collected for the benefit of the state of Texas were to be held by the debtors in trust, even if the funds were commingled); In re Shank, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); DeChiaro v. New York State Tax Comm'n, 760 F.2d 432, 433-34 (2d Cir. 1985) (same); In re Advanced Golf

7

Design, Inc., 272 B.R. 776, 778 (Bankr. M.D. Fla. 2001) (noting general rule); In re Am. Int'l Airways, Inc., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes); In re Sanders, 156 B.R. 854, 858 (Bankr. N.D. Fla. 1993) (referring to federal gasoline taxes as trust fund taxes). Partners, therefore, has no equitable interest in these funds, and such funds are not available for the satisfaction of creditors' claims.

6. Moreover, to the extent that any of the Taxes have been collected and unpaid by Partners, Partners' officers and directors may be exposed to lawsuits or criminal prosecution during the pendency of these Chapter 11 cases. See, e.g. Utah code Ann. § 59-1-302 (imposing personal liability for failure to collect and remit taxes). Even the threat of such litigation or prosecution would be extremely distracting to Partners and its management, whose full-time attention to the Debtors' reorganization is integral to a successful reorganization. Accordingly, it is in the best interests of Partners' estates and consistent with the reorganization policy of the Bankruptcy Code to eliminate the possibility of such time-consuming and potentially damaging distractions.

7. The continued payment of Taxes on their normal due dates will ultimately preserve the resources of Partners' estate, thereby promoting its prospects for a successful reorganization, which is what should be the focus of this chapter 11 cases. The payment of the Taxes is insignificant by comparison, and will have a negligible effect on the recoveries of the major creditors in these cases, particularly in view of the priority status the Taxes. Moreover, the payment amount will likely be offset in no small part by the amount of post- petition resources that will not be required to be expended in disputes with the Taxing Authority that are, in the context of this case, unnecessary and wasteful of the resources of Partners and this Court.

8

SLC_460068

Finally, payment of the Taxes is contemplated and provided for in the Interim Cash Collateral Order, subject to further order of this Court specifically authorizing such payment.

8.	In numerous Chapter 11 cases, bankruptcy courts have exercised their equitable powers under Section 105 of the Bankruptcy Code to authorize debtors to pay pre-petition tax and related governmental obligations.  See, e.g., In re Git-N-Go, Inc., Case No. 04-10509 (Bankr. N.D. Okla. Apr. 26, 2004); In re FiberMark, Inc., Case No. 04-10463 (Bankr. D. Vt. Apr. 1, 2004); In re Penn Traffic Co., Case No. 03-22945 (Bankr. S.D.N.Y. May 30, 2003); In re WorldCom, Inc., Case No. 02-13533 (Bankr. S.D.N.Y. July 22, 2002); In re Gentek, Inc., Case No. 02-12986 (Bankr. D. Del. Oct. 17, 2002); In re Enron Corp., Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 3, 2001).  Partners submits that the present circumstances warrant similar relief in their Chapter 11 cases.

### IV.  CONCLUSION

For the foregoing reasons, Partners believes that granting the relief requested herein is appropriate and in the best interests of their estates.

**WHEREFORE**, Partners respectfully request that the Court enter an Order: (i) authorizing payment, in Partners' discretion, of the approximately $23,225 in Taxes owing to the Taxing Authority incurred in August 2009; and (ii) granting such other and further relief as may be just and proper.

DATED:  September 30, 2009

        DURHAM JONES & PINEGAR

By:   /s/  Kenneth L. Cannon II
     Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
     Steven J. McCardell (smccardell@djplaw.com)(2144)
     111 East Broadway, Suite 900
     P.O. Box 4050
     Salt Lake City, UT   84110-4050
     Telephone:  (801) 415-3000/Fax:  (801) 415-3500

     and

Michael V. Blumenthal (mblumenthal@crowell.com)
  (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com)
  (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY   10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

SLC_460068