Jeffrey W. Shields (USB #2948)
Lon Jenkins (USB #)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Proposed Counsel to Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No.09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and09-29908) |
| Debtors. | |
| | Chapter 11 |
| | Honorable R. Kimball Mosier |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROPOSED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned jointly administered cases of Easy Street Holdings, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC ("Debtors") hereby files its Limited Objection to the Proposed Final Order Authorizing Use of Cash Collateral, which matter is scheduled to be heard by the Court on October 13, 2009.  In support of its Limited Objection, the Committee states as follows:

1.    The Committee was appointed by the United States Trustee on Friday, October 2, 2009 pursuant to the "Appointment of Unsecured Creditors' Committee" (docket no. 73) filed by the United States Trustee.

---

[1]    The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

905667.1

2.      On Tuesday, October 6, the Committee met and interviewed various law firms to represent the Committee in these jointly administered Chapter 11 cases. At the conclusion of the interview process, at approximately 4:15 p.m., the Committee selected Jones Waldo Holbrook & McDonough, PC ("Jones Waldo") to represent it in the Debtors' cases, and notified Jones Waldo of its selection. An application to approve the Committee's employment of Jones Waldo will be filed with the Court shortly.

3.      In the interim, the Committee and Jones Waldo have learned that any objection or responses to the Debtors' Motion for a final order permitting the use of cash collateral must be filed no later than noon on October 7, 2009.

4.      Obviously, the Committee and its newly-selected counsel have not had an opportunity to discuss with any meaningful detail among themselves or with the Debtor and its secured creditors the provisions of use of cash collateral.

5.      Based on a brief discussion with counsel for the Debtor, proposed counsel for the Committee has learned that there may be an agreement or stipulation regarding the Debtors' ongoing use of cash collateral which may contain provisions of significance to the Committee. For instance, to the extent that any cash collateral agreement between Debtors and WestLB contemplates the validation of the liens or security interests of WestLB or other secured creditors, such agreement should not be binding on the Committee or alternatively, should provide the Committee some period of time - - perhaps 90 days – to undertake, to the extent necessary and appropriate, and independent evaluation of the validity of the secured parties' liens and security interests. Similarly, the Committee deems a necessary provision of any such arrangement to include a carve-out for professional fees for professionals whose employment is authorized by the Court.

905667.1

6.      Accordingly, the Committee requests that its rights to review, analyze and object to the terms of any arrangement for the use of cash collateral be preserved for a short period of time to allow the Committee and its proposed counsel to educate themselves respecting the terms and potential ramifications for unsecured creditors of any such arrangement.

7.      In addition, the Committee seeks authority to file an amendment to this Limited Objection, to the extent necessary.

Respectfully submitted,


/s/ Jeffrey W. Shields

*Proposed Counsel To Committee Of Unsecured Creditors*

905667.1