# Exhibit I

# FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT, dated as of April 13, 2009 (this *Agreement*) is entered into by and between EASY STREET PARTNERS, LLC, a Utah limited liability company (*Borrower*) and WESTLB AG, a German banking corporation acting by and through its New York branch, as agent (in such capacity and together with its successors and assigns in such capacity, the *Agent*) for the lenders party to the Loan Agreement (as hereinafter defined) from time to time (collectively, the *Lenders*).

## W I T N E S E T H:

WHEREAS, Borrower, Agent and the Lenders are parties to that certain Loan and Security Agreement dated as of March 30, 2006 (as the same may be amended from time to time, the *Loan Agreement*);

WHEREAS, pursuant to the Loan Agreement, the Loan matured on March 30, 2009 (the *Maturity Date*);

WHEREAS, Borrower has failed to pay the outstanding principal balance of the Loan, together with all unpaid interest thereon (including the unpaid interest payments for the months of January, February and March of 2009) and other amounts due to the Lenders on the Maturity Date as required pursuant to the Loan Agreement;

WHEREAS, Borrower has requested that the Agent and the Lenders forebear from the exercise of any rights and remedies for a certain period of time all as more particularly set forth herein.

NOW, THEREFORE, the parties hereto agree as follows:

1. <u>Definitions</u>. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Loan Agreement.

2. <u>Forbearance</u>.

(a) Borrower and Recourse Guarantor (as defined below), acknowledge and agree that (i) Borrower's failure to pay interest for the months of January, February and March of 2009 and Borrower's failure to pay the Outstanding Principal, accrued and unpaid interest and all other amounts due under the Loan Agreement on the Maturity Date constitute Events of Default under the Loan Agreement (collectively, the *Existing Events of Default*), and (ii) the Existing Events of Default entitle the Agent, pursuant to the terms of the Loan Documents, to exercise its rights and remedies under the Loan Documents, applicable law or otherwise against Borrower, Recourse Guarantor or any other person liable for the repayment of the amounts due under the Loan Documents. None of the Agent nor any of the Lenders has waived, presently intends to waive or has agreed to waive the Existing Events of Default or any conditions currently existing

1

or otherwise which may give rise to a future Event of Default and nothing contained herein shall be deemed to constitute or require any such waiver.

(b) In reliance on the representations, warranties and covenants of the Borrower and Recourse Guarantor contained in this Agreement, the Agent agrees on behalf of itself and the Lenders to forbear from exercising its and the Lenders' rights and remedies under the Loan Documents and applicable law in respect of or arising out of the Existing Events of Default, subject to the conditions set forth in this Agreement for the period (the *Forbearance Period*) commencing on the date hereof and ending on the earlier of (i) May 29, 2009 (5:00 p.m. New York Time), or (ii) the occurrence or existence of any Default or Event of Default other than the Existing Events of Default. Upon termination of the Forbearance Period, the agreement of the Agent and the Lenders to forbear shall automatically and without further action terminate and be of no further force and effect; it being expressly agreed that the effect of such termination will be to permit the Agent and the Lenders to exercise all of their rights and remedies immediately.

3. Release. In consideration of the agreements of the Agent and the Lenders contained herein, and for other good and valid consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Recourse Guarantor on behalf of themselves and their respective successors, assigns and other legal representatives (*Loan Party*), hereby absolutely, unconditionally and irrevocably release, remise and forever discharge each of the Agent and the Lenders, and their respective successors and assigns, and their respective present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (collectively, *Released Parties*) of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which any Loan Party may now or hereafter own, hold, have, claim or have against the Released Parties or any of them for, upon or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this Agreement, including, without limitation, for or on account of, or in relation to, or in any way in connection with, the Loan Documents or any transactions thereunder or related thereto.

4. Reservation of Rights. Nothing contained herein shall, in any manner whatsoever, constitute a waiver, deferral or postponement by the Agent or any of the Lenders of any rights or remedies of the Agent and/or the Lenders under the Loan Agreement or any Loan Documents.

5. Confirmation of Recourse Liability Agreement

(a) CloudNine Resorts, LLC, a Utah limited liability company (*Recourse Guarantor*), the guarantor under the Recourse Liability Agreement dated as of March 30, 2006 (*Recourse Guaranty*) hereby acknowledges and agrees that Recourse Guarantor has examined this Agreement and expressly consents to and approves the provisions contained herein and the transactions contemplated hereby. The obligations, liabilities and responsibilities of the

2

Recourse Guarantor under the Recourse Guaranty (as the same may have been amended, restated modified or supplemented) are hereby ratified, approved and affirmed by the undersigned and incorporated herein in their entirety by this reference.

(b) Recourse Guarantor confirms that as of the date hereof it has no counterclaims, defenses or offsets to the performance of its obligations, liabilities and responsibilities under the Recourse Guaranty.

6. Representations and Warranties. The Borrower hereby represents and warrants to the Agent and the Lenders that, other than the Existing Events of Default, no Default or Event of Default exists under the Loan Agreement and that the representations and warranties of the Borrower set forth in the Loan Agreement are true and correct in all material respects on and as of the date hereof, except to the extent that such representations and warranties expressly speak only as of a prior date, in which case such representations and warranties were true and correct in all material respects on and as of such prior date.

7. Effectiveness of Agreement. This Agreement shall be effective upon Agent's receipt of fully executed counterparts of this Agreement.

8. Entire Agreement. This Agreement constitutes the entire and final agreement among the parties hereto with respect to the subject matter hereof and there are no other agreements, understandings, undertakings, representations or warranties among the parties hereto with respect to the subject matter hereof except as set forth herein.

9. Governing Law. This Agreement shall be governed by, and construed in accordance with, the law of the State of New York.

10. Counterparts. This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same agreement, and any of the parties hereto may execute this Agreement by signing any such counterpart.

11. Headings, Etc. Section or other headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. No Further Modifications. Except as modified herein, all of the terms and conditions of the Loan Agreement, as modified hereby shall remain in full force and effect and, as modified hereby, the Borrower confirms and ratifies all of the terms, covenants and conditions of the Loan Agreement in all respects.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the day and year first above written.

**BORROWER:**

**EASY STREET PARTNERS, LLC,**
a Utah limited liability company

By: Easy Street Mezzanine LLC, a Delaware
limited liability company, its sole member

   By: Easy Street Holding LLC, a Utah limited
   liability company, its sole member

      By: AVG-SL, LLC, a Utah limited liability
      company, its manager

      By: _____

**RECOURSE GUARANTOR:**

**CLOUDNINE RESORTS, LLC,**
a Utah limited liability company

By: _____
   Name: William Shoaf
   Title: Manager

4

**ADMINISTRATIVE AGENT ON BEHALF OF THE LENDERS:**

**WESTLB AG**, a German banking corporation acting by and through its New York Branch, as Lender and as Administrative Agent

By: _____
Name: Christian Ruehmer
Title: Managing Director

By: _____
Name: Renata Gontijo
Title: Director