# Exhibit J

# FIRST AMENDMENT TO FORBEARANCE AGREEMENT

THIS FIRST AMENDMENT TO FORBEARANCE AGREEMENT, dated as of May 29, 2009 (this *First Amendment*) is entered into by and between EASY STREET PARTNERS, LLC, a Utah limited liability company (*Borrower*) and WESTLB AG, a German banking corporation acting by and through its New York branch, as agent (in such capacity and together with its successors and assigns in such capacity, the *Agent*) for the lenders party to the Loan Agreement (as hereinafter defined) from time to time (collectively, the *Lenders*).

## WITNESETH:

WHEREAS, Borrower, Agent and the Lenders are parties to that certain Loan and Security Agreement dated as of March 30, 2006 (as the same may be amended from time to time, the *Loan Agreement*);

WHEREAS, Borrower and Agent, acting on behalf of the Lenders, are parties to that certain Forbearance Agreement dated as of April 13, 2009 (the *Forbearance Agreement*);

WHEREAS, Borrower, Agent and the Lenders desire to amend the Forbearance Agreement.

NOW, THEREFORE, the parties hereto agree as follows:

1. <u>Definitions</u>. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Loan Agreement.

2. <u>Amendment to the Forbearance Agreement</u>. The parties hereby agree to amend the Forbearance Agreement and the Forbearance Agreement is hereby amended as follows:

    A. The definition of "Existing Events of Default" in <u>Section 2(a)(i)</u> of the Forbearance Agreement is hereby deleted in its entirety and replaced with the following:

    "Existing Events of Default" means Borrower's failure to pay interest for the months of January, February, March, April, May and June of 2009 and Borrower's failure to pay the Outstanding Principal, accrued and unpaid interest and all other amounts due under the Loan Agreement on the Maturity Date.

    B. <u>Section 2(b)</u> of the Forbearance Agreement is hereby deleted in its entirety and replaced with the following:

    "(b) In reliance on the representations, warranties and covenants of the Borrower and Recourse Guarantor contained in this Agreement, the Agent agrees on behalf of itself and the Lenders to forbear from exercising its and the Lenders' rights and remedies under the Loan Documents and applicable law in respect of or arising out of the Existing Events of

1

Default, subject to the conditions set forth in this Agreement for the period (the *Forbearance Period*) commencing on May 29, 2009 and ending on the earlier of (i) June 29, 2009 (5:00 p.m. New York Time), (ii) the occurrence or existence of any Default or Event of Default other than the Existing Events of Default, or (iii) the commencement of any Equity Collateral Enforcement Action, as such term is defined in the Intercreditor Agreement. Upon termination of the Forbearance Period, the agreement of the Agent and the Lenders to forbear shall automatically and without further action terminate and be of no further force and effect; it being expressly agreed that the effect of such termination will be to permit the Agent and the Lenders to exercise all of their rights and remedies immediately."

3. Release. In consideration of the agreements of the Agent and the Lenders contained herein, and for other good and valid consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Recourse Guarantor on behalf of themselves and their respective successors, assigns and other legal representatives (*Loan Party*), hereby absolutely, unconditionally and irrevocably release, remise and forever discharge each of the Agent and the Lenders, and their respective successors and assigns, and their respective present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (collectively, *Released Parties*) of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which any Loan Party may now or hereafter own, hold, have, claim or have against the Released Parties or any of them for, upon or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this First Amendment, including, without limitation, for or on account of, or in relation to, or in any way in connection with, the Loan Documents or any transactions thereunder or related thereto.

4. Reservation of Rights. Nothing contained herein shall, in any manner whatsoever, constitute a waiver, deferral or postponement by the Agent or any of the Lenders of any rights or remedies of the Agent and/or the Lenders under the Loan Agreement or any Loan Documents.

5. Confirmation of Recourse Liability Agreement

(a) CloudNine Resorts, LLC, a Utah limited liability company (*Recourse Guarantor*), the guarantor under the Recourse Liability Agreement dated as of March 30, 2006 (*Recourse Guaranty*) hereby acknowledges and agrees that Recourse Guarantor has examined this First Amendment and expressly consents to and approves the provisions contained herein and the transactions contemplated hereby. The obligations, liabilities and responsibilities of the Recourse Guarantor under the Recourse Guaranty (as the same may have been amended, restated modified or supplemented) are hereby ratified, approved and affirmed by the undersigned and incorporated herein in their entirety by this reference.

2

(b) Recourse Guarantor confirms that as of the date hereof it has no counterclaims, defenses or offsets to the performance of its obligations, liabilities and responsibilities under the Recourse Guaranty.

6. **Representations and Warranties.** The Borrower hereby represents and warrants to the Agent and the Lenders that, other than the Existing Events of Default (as defined in the Forbearance Agreement), no Default or Event of Default exists under the Loan Agreement and that the representations and warranties of the Borrower set forth in the Loan Agreement are true and correct in all material respects on and as of the date hereof, except to the extent that such representations and warranties expressly speak only as of a prior date, in which case such representations and warranties were true and correct in all material respects on and as of such prior date.

7. **Effectiveness of Agreement.** This First Amendment shall be effective upon Agent's receipt of fully executed counterparts of this First Amendment.

8. **Entire Agreement.** This First Amendment constitutes the entire and final agreement among the parties hereto with respect to the subject matter hereof and there are no other agreements, understandings, undertakings, representations or warranties among the parties hereto with respect to the subject matter hereof except as set forth herein.

9. **Governing Law.** This First Amendment shall be governed by, and construed in accordance with, the law of the State of New York.

10. **Counterparts.** This First Amendment may be executed in any number of counterparts, all of which taken together shall constitute one and the same agreement, and any of the parties hereto may execute this First Amendment by signing any such counterpart.

11. **Headings, Etc.** Section or other headings contained in this First Amendment are for reference purposes only and shall not in any way affect the meaning or interpretation of this First Amendment.

12. **No Further Modifications.** Except as modified herein, all of the terms and conditions of the Loan Agreement, as modified hereby shall remain in full force and effect and, as modified hereby, the Borrower confirms and ratifies all of the terms, covenants and conditions of the Loan Agreement in all respects.

3

IN WITNESS WHEREOF, the parties hereto have caused this First Amendment to be duly executed by their respective authorized officers as of the day and year first above written.

**BORROWER:**

**EASY STREET PARTNERS, LLC,**
a Utah limited liability company

By: Easy Street Mezzanine LLC, a Delaware
limited liability company, its sole member

    By: Easy Street Holding LLC, a Utah limited
    liability company, its sole member

        By: AVG-SL, LLC, a Utah limited liability
        company, its manager

        By: _____

**RECOURSE GUARANTOR:**

**CLOUDNINE RESORTS, LLC,**
a Utah limited liability company

By: _____
Name: William Shoaf
Title: Manager

4

**ADMINISTRATIVE AGENT ON BEHALF OF THE LENDERS:**

**WESTLB AG**, a German banking corporation acting by and through its New York Branch, as Lender and as Administrative Agent

By: _____ 6/5/09
Name: Christian Ruehmer
Title: Managing Director

By: _____
Name: DUNCAN ROBERTSON
Title: EXECUTIVE DIRECTOR