Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br><br><br>Address:  201 Heber Avenue<br>               Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**[FILED ELECTRONICALLY]**<br><br>Hearing:  October 13, 2009 11:00 a.m. |

**NOTICE OF STIPULATION AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363 AND GRANTING
<u>ADEQUATE PROTECTION TO WESTLB, AG</u>**

**PLEASE TAKE NOTICE**, that in connection with the "Motion of Easy Street Partners,

LLC for Interim and Final Orders:  (i) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C.

§ 363 and Granting Adequate Protection to West LB, AG, and (ii) Scheduling a Final Hearing

SLC_475660.3

Pursuant to Bankruptcy Rule 4001(b)" (the "Cash Collateral Motion")[1] a stipulation with WestLB, AG ("WestLB") in the form attached hereto (the "Stipulation") (filed with the Court on October 9, 2009 [Docket No. 84]) will be presented to the Court at the final hearing on the Cash Collateral Motion scheduled for October 13, 2009 at 11:00 a.m. (the "Hearing").  The Stipulation provides for use of cash collateral under certain terms and conditions and includes a proposed form of final order (the "Order") (Exhibit D), a budget (Exhibit A), and information concerning bank accounts and balances (Exhibits B and C).  **PLEASE READ THE STIPULATION AND THE ORDER IN THEIR ENTIRETY.  NOT EVERY PROVISION OF THE STIPULATION OR OF THE ORDER IS SUMMARIZED IN THIS NOTICE.**

**PLEASE TAKE FURTHER NOTICE**, that the Debtors have evaluated the provisions of the Stipulation and the Order under Local Rule 4001-2(a)(1) and have not identified provisions that should be deemed to be "extraordinary relief" within the meaning of that rule.  Nevertheless, certain provisions (each of which the Debtors believe is within the permissible provisions as indicated in Local Rule 4001-2(a)(1)) are summarized below:

> 1. <u>Binding Provisions and 90-Day Period for Committee Review and Challenge</u>. The Stipulation (at ¶ 30) and Order (at ¶ 12)  provide, with the exception for the committee of unsecured creditors appointed by the United States Trustee (the "Committee") as noted below, that upon entry of the Order, the Stipulation will be binding upon (a) Easy Street Partners, LLC ("Easy Street"), Easy Street Mezzanine, LLC, and Easy Street Holding, LLC; (b) any trustee or examiner who may be appointed in these Chapter 11 cases; (c) the trustee in the event that these Chapter 11 cases are converted to cases under Chapter 7 of the Bankruptcy Code; (d) and all creditors and other parties in interest in these Chapter 11 cases having notice of the Stipulation, including parties claiming derivatively through the Debtors or their bankruptcy estates, regarding the amount, validity, priority, perfection and non-avoidance of the liens and

---

[1] On September 16, 2009, the Court entered a Stipulated Interim Order on Motion of Easy Street Partners, LLC for Interim and Final Orders (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG, and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)" [Docket No. 39].

2

claims of WestLB shall be binding ninety (90) days after entry of an order approving the Stipulation, unless the Committee institutes appropriate litigation within that 90 day period to challenge such liens or claims. The sole and limited exception to this is the Committee.

  2. <u>Stipulations Concerning WestLB Claim and Lien</u>.  The Stipulation also provides for certain findings and conclusions with respect to the WestLB claim and lien:

   a. <u>Validity of Obligations to WestLB Pursuant to Loan Documents</u>. Paragraphs 1, 6 and 7 of the Stipulation provide that the obligations of Easy Street to WestLB pursuant to the following loan documents (the "Loan Documents") are valid and enforceable against Easy Street in accordance with the terms of the Loan Documents and in full force and effect as to Easy Street and that Easy Street has no offsets, counterclaims, or defenses as to its obligations under any of the Loan Documents: (i) that certain Loan and Security Agreement, dated as of March 30, 2006 with WestLB (the "Loan Agreement"), pursuant to which WestLB made a loan of up to $36,779,224.00 in principal amount to Easy Street; (ii) that certain Promissory Note dated as of March 31, 2006; (iii) that certain Construction and Interim Loan Deed of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filing, dated as of March 31, 2006; (iv) that certain UCC-1 Financing Statement recorded on March 31, 2006; (v) that certain Pledge and Security Agreement, dated as of March 30, 2006.

   b. <u>Pledge of Collateral</u>.  Paragraphs 1, 6 and 8 of the Stipulation provide that the following assets, and any and all proceeds thereof (the "Collateral"), are pledged to WestLB to secure obligations to WestLB under the Loan Agreement: (i) the real property and improvements and related facilities in Park City, Utah commonly known as the Sky Lodge Private Residence Club and Hotel, (ii) all cash and cash equivalents held by the Debtors on the Petition Date in this case (September 14, 2009); and (iii) all other assets identified in the Loan Documents.

   c. <u>Validity, Perfection, First Priority, and Unavoidability of Liens</u>. Paragraphs 2, 3, 9 and 10 of the Stipulation provide that WestLB has valid, perfected, and unavoidable first priority liens upon and security interests in (including but not limited to any and all rights and interests provided under Section 506(b) and 552 of the Bankruptcy Code and the Interim Rights (as defined in the Stipulation) under the Interim Cash Collateral Stipulated Order (as defined in the Stipulation), entered by the Court on September 16, 2009) the following: (i) all cash and cash equivalents as of the Petition Date, and identified on Exhibit B to the Stipulation to include the bank accounts identified therein, totaling as of the Petition Date $3,189,582.66; (ii) all cash and other proceeds collected post-petition, including all amounts held in the bank accounts identified in Exhibit C to the Stipulation, which accounts presently contain or will at any future time contain any part of the Cash Collateral of WestLB; and (iii) the Collateral and any proceeds thereof.

   d. <u>Amount of West LB Claim as of Petition Date Excluding Attorneys Fees and other Costs and Expenses</u>.  Paragraph 11 of the Stipulation provides

3

SLC_475660.3

that as of the Petition Date (September 14, 2009), the principal amount of $14,379,224.00, together with accrued and unpaid interest in an amount equal to at least $785,107.17, was outstanding under the Loan Agreement. This amount does not include attorney's fees and other costs and expenses which may have been due as of the Petition Date.

    e. <u>Allowed Amount of WestLB Claim as of Petition Date, Excluding Accrued Fees and Expenses</u>. Paragraph 12 of the Stipulation provides that as of the Petition Date (September 14, 2009), the allowed amount of WestLB's claim (which includes only principal and accrued default and nondefault interest) was no less than $15,164,331.17, which amount will increase to include accrued fees and expenses, including without limitation, reasonable attorneys' fees and will continue to increase in accordance with the Loan Documents and sections 502 and 506(b) of the Bankruptcy Code. Easy Street further acknowledges and agrees that WestLB's claims against Easy Street based on the Loan Documents are allowed claims in these Chapter 11 cases.

    3. <u>Restrictions on Priming or Pari Passu Liens or other Modification and Restrictions of Financing or Indebtedness</u>. Paragraph 21 of the Stipulation provides that the liens and security interests of WestLB shall not be subject to priming liens (liens ahead of the liens and security interests of WestLB) or pari passu liens (liens with a priority equal to that of the liens and security interests of WestLB) or other modification while the Stipulation (as it may be amended from time to time) governs the consensual use of Cash Collateral. Paragraph 21 of the Stipulation further provides that Easy Street shall not seek or obtain any post-petition financing or other indebtedness under section 364 of the Bankruptcy Code for any purposes other than the payment of the categories of line items set forth in the Budget (as defined in the Stipulation) or the payment of claims secured by liens junior to those of WestLB so long as the Stipulation (as it may be amended from time to time), governs the consensual use of Cash Collateral. Paragraph 21 of the Stipulation clarifies that post-petition financing may be used to pay sums in excess of the line item amounts set forth in the Budget.

    4. <u>Adequate Protection</u>. Paragraph 26 of the Stipulation provides for various forms of adequate protection to WestLB for the use of its Collateral, including, but not limited to the Cash Collateral, as set forth in detail therein, such as replacement liens, monthly payments and other protections. The Stipulation <u>does not</u> grant liens in avoiding actions under Chapter 5 of the Bankruptcy Code.

    5. <u>Waiver</u>. Paragraph 27 of the Stipulation provides that, in recognition of WestLB's approval of expenditures in the Budget and the "carve out" for administrative fees, the Debtors waive any claims or rights under section 506(c) of the Bankruptcy Code to surcharge the Collateral of WestLB for any expenses incurred during the time Easy Street is authorized to use Cash Collateral under the Stipulation or any extension or amendment thereto.

**PLEASE TAKE FURTHER NOTICE**, that the Debtors will assert that each of the provisions of the Stipulation is justified under the circumstances of these cases, including the following:

(A) Validation of WestLB's claims, liens, and priority is supported by (a) the declaration of James Winikor, Associate Director of WestLB, filed with the Court on October 9, 2009 [Docket No. 85] showing the amount, validity, and priority of its claims and liens; (b) the review of the WestLB Loan Documents previously undertaken by counsel for the Debtors; and (c) the Debtors' pre-petition execution, on April 13, 2009, of a forbearance agreement with WestLB, pursuant to which the Debtors released all claims against WestLB;

(B) Provision of adequate protection in the forms provided is justified by the fact that WestLB's collateral will be used in operations during the period of the Stipulation; and

(C) Waiver of claims under section 506(c) of the Bankruptcy Code is justified by WestLB's consent to the proposed budget, which includes amounts deemed necessary for costs of operating the property and administering these bankruptcy cases.

**PLEASE TAKE FURTHER NOTICE** that, at the Hearing, the Debtors intend to present the Stipulation and the Order to the Court and request approval of the Stipulation and entry of the Order, after the presentation of any necessary argument or evidence.

DATED: October 9, 2009          DURHAM JONES & PINEGAR, P.C.

                                By:   /s/  Steven J. McCardell
                                    Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
                                    Steven J. McCardell (smccardell@djplaw.com)(2144)
                                    DURHAM JONES & PINEGAR, P.C.
                                    111 East Broadway, Suite 900
                                    P.O. Box 4050
                                    Salt Lake City, UT   84110-4050
                                    Telephone:  (801) 415-3000/Fax:  (801) 415-3500

                                    Michael V. Blumenthal (mblumenthal@crowell.com)
                                       (admitted pro hac vice)
                                    CROWELL & MORING LLP
                                    590 Madison Avenue, 20th Floor
                                    New York, NY  10022
                                    Telephone:  (212) 223-4000/Fax:  (212) 223-4134
                                    Proposed Counsel for Debtors and Debtors in Possession

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th of October, 2009, I caused to be served the Notice of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG via ECF notification or electronic mail on the following parties:

Troy J. Aramburu    taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com

Scott A. Cummings    cummings.scott@dorsey.com

Mary Margaret Hunt    hunt.peggy@dorsey.com, wardle.gay@dorsey.com

Annette W. Jarvis    jarvis.annette@dorsey.com, smith.ron@dorsey.com; slc.lit@dorsey.com; brown.patricia@dorsey.com

Lon A. Jenkins    lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com

Michael R. Johnson    mjohnson@rqn.com, agale@rqn.com

Anthony C. Kaye    kaye@ballardspahr.com

Benjamin J. Kotter    kotter.benjamin@dorsey.com

Adelaide Maudsley    maudsley@chapman.com, jemery@chapman.com

John T. Morgan tr    john.t.morgan@usdoj.gov, james.gee@usdoj.gov

Jeffrey L. Shields    jlshields@cnmlaw.com, njpotter@cnmlaw.com

Jeffrey Weston Shields    jshields@joneswaldo.com, sglendening@joneswaldo.com

United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

Peter J. Kuhn    peter.j.kuhn@usdoj.gov

Brian W. Harvey    bharvey@goodwinprocter.com

Michael V. Blumenthal    mblumenthal@crowell.com

Richard W. Havel    rhavel@sidley.com

M. John Straley    john_straley@utb.uscourts.gov

                                                   /s/  Kristin Hughes