Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| | 09-29907 and 09-29908 |
| | |
| Address:  201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

## DEBTORS' PROPOSED AGENDA FOR MATTERS SCHEDULED FOR HEARING ON
## OCTOBER 13, 2009 AT 11:00 A.M. (MOUNTAIN TIME)
## AND BLACKLINE OF REVISED PROPOSED ORDER

Easy Street Holding, LLC, Easy Street Mezzanine, LLC, and Easy Street Partners, LLC

(the "Debtors") propose the following agenda for matters scheduled for hearing on October 13,

2009 at 11:00 a.m. (the "Hearing").

**Motion of Easy Street Partners, LLC for Interim and Final Orders (i) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to West LB, AG, and (ii) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) (the "Cash Collateral Motion") (Docket No. 9).**

Objection/Response Deadline:  October 7, but extended by agreement to October

8 for Jacobsen Construction and to noon on Friday, October 9, 2009 for WestLB, AG.

Objections/Responses:  The following objections have been filed:

(1) Committee.  "Limited Objection of the Official Committee of Unsecured Creditors to Proposed Final Order Authorizing Use of Cash Collateral," (Docket No. 76), filed October 7, 2009, by the Official Committee of Unsecured Creditors appointed in this case by the United States Trustee (the "Creditors' Committee").

(2) Jacobsen.  "Limted Objection to Debtor's Proposed Final Order Authorizing Use of Cash Collateral," (Docket No. 81), filed October 8, 2009 by Jacobsen National Group, Inc. ("Jacobsen").

(3) Committee.  "Supplemental Objection of the Official Committee of Unsecured Creditors to Proposed Final Order Authorizing Use of Cash Collateral," (Docket No. 82), filed October 8, 2009, by the Creditors' Committee.

Telephonic Appearances:  The following requests for telephonic appearances

have been filed:

(1) Brian W. Harvey, for Bay North.  "Ex Parte Motion for Counsel to Appear Telephonically at Hearing on October 13, 2009," (Docket No. 79), filed October 8, 2009, requesting that Brian W. Harvey of Goodwin Procter LLP, counsel for BayNorth Realty Fund VI, LP ("Bay North") appear telephonically (number: 212.813.8829).  The Court has granted the motion (Docket No. 83).

(2) Michael V. Blumenthal for the Debtors.  "Ex Parte Motion for Counsel to Appear Telephonically at Hearing on Octdober 13, 2009,"

(Docket No. 88), filed October 9, 2009, requesting that Michael V. Blumenthal, counsel for the Debtors, appear telephonically (number: 212.895.4241).

Related Documents.

- Cash Collateral Stipulation.  "Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG," (Docket No. 83), filed October 9, 2009 by the Debtors jointly with WestLB, AG ("WestLB" and the "Stipulation").  A form of proposed order was submitted as Exhibit D to the Stipulation.

- Notice of Stipulation.  "Notice of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, Ag," (Docket No. 87), filed October 9, 2009 by the Debtors (the "Notice").

- Declaration of WestLB Officer James Winikor.  "Declaration of James Winikor in Support of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG," (Docket No. 85), filed October 9, 2009 by WestLB. Attachments to the declaration include evidence of the claims and liens of WestLB.

- Certificate of Service of Motion.  "Certificate of Service for Various Motions and Applications for First Day Relief and Notice of Hearing on Same," (Docket No. 18), filed September 15, 2009.

- Certificate of Service of WestLB Declaration.  "Certificate of Service," (as to Winikor Declaration), (Docket No. 86), filed October 9, 2009 by WestLB, AG.

- Amended Stipulation.  "Amendment to Stipulation Authorizing Use Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG," (the "Amended Stipulation") filed October 13, 2009 by the Debtors jointly with WestLB, AG.  A revised form of Exhibit C (listing bank accounts to be opened) is attached to the Amended Stipulation.

- Amended Proposed Order.  Attached to this Agenda is a blackline of the proposed cash collateral order (the "Amended Proposed Order") showing changes resulting from further discussions between the Debtors, WestLB, and the Committee on October 12, 2009.  A clean version of the Amended Proposed Order will be submitted to the Court at the Hearing.

.    <u>Notice Given</u>.  Notice of the initial cash collateral hearing was given to all parties in interest, as set forth in the Debtors' Notice of the October 13, 2009 hearing was given in open Court at the interim hearing on the Cash Collateral Motion held on September 16, 3009.  On October 9, 2009, counsel for the Debtors served, by email, a copy of the Stipulation and the Notice upon the following:  (1) counsel for the United States Trustee; (2) counsel for the Creditors' Committee; (3) counsel for Bay North; (4) counsel for Jacobsen; (5) counsel for Gunther Inc, dba Gunther Comfort Air; (6) counsel for Sundance Partners, Ltd.  These are all parties who have filed notices of appearance in these cases and all parties as to whom notice is required under Fed. R. Bank. P. 4001(d)(1)(C).  On October 13, 2009, counsel for the Debtors served, by email, a copy of the Amended Stipulation and the Amended Proposed Order.

    <u>Status</u>:  The Cash Collateral Motion will go forward.  The Debtors, WestLB, and the Committee have resolved all issues between them as to the use of cash collateral under the terms and conditions set forth in the Stipulation, the Amended Stipulation, and subject to the Amended Proposed Order.  Additional modifications to the Proposed Order, if any, will be presented as soon as practicable prior to, or in connection with, the Hearing.

DATED:  October 13, 2009

DURHAM JONES & PINEGAR, P.C.

By:  /s/ Steven J. McCardell
       Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
       Steven J. McCardell (smccardell@djplaw.com)(2144)
       DURHAM JONES & PINEGAR, P.C.
       111 East Broadway, Suite 900
       P.O. Box 4050
       Salt Lake City, UT   84110-4050
       Telephone:  (801) 415-3000/Fax:  (801) 415-3500

And


Michael V. Blumenthal (mblumenthal@crowell.com)
   (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in
Possession

<u>Exhibit to Proposed Agenda</u>

REVISED PROPOSED ORDER BLACKLINED AGAINST EXHIBIT D TO
THE CASH COLLATERAL STIPULATION SUBMITTED FRIDAY OCTOBER
9, 2009

*Proposed order prepared and submitted by*:
Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500


Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession


**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | )   Bankruptcy Case No. 09-29905 |
| | )   Jointly Administered with Cases |
| Debtors. | )   09-29907 and 09-29908 |
| | ) |
| Address:  201 Heber Avenue | )   Chapter 11 |
| Park City, UT 84060 | ) |
| | )   Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) DATE:   October 13, 2009 |
| 35-2183713 (Easy Street Holding, LLC), | ) TIME:   11:00 A.M. |
| 20-4502979 (Easy Street Partners, LLC), and | ) PLACE:  Courtroom 369 |
| 84-1685764 (Easy Street Mezzanine, LLC) | )   350 South Main Street, #301 |
| | )   Salt Lake City, Utah 84101 |

**PROPOSED ORDER ON STIPULATION AUTHORIZING USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE
PROTECTION TO WESTLB, AG**

The Motion for Interim and Final Orders: (i) Authorizing Use of Case Collateral Pursuant

to 11 U.S.C. § 363 and Granting Adequate Protection to West LB, AG; and (ii) Scheduling a

Final Hearing (the "Final Hearing") Pursuant to Bankruptcy Rule 4001(b) (the "Cash Collateral

Motion") (Docket No. 9) filed on September 15, 2009 by Easy Street Partners, LLC ("Easy

Street" and, together with Easy Street Holding, LLC and Easy Street Mezzanine, LLC, the

"Debtors"), came before the Court for final hearing on October 13, 2009.  Appearances were

made as noted on the record of the hearing.  The following order (the "Order") approves a

stipulation filed with the Court on October 9, 2009 (the "Stipulation")[1] reached by Easy Street

and WestLB, AG ("WestLB" and, together with Easy Street, the "Parties") governing the

consensual use of cash collateral through and including December 31, 2009.

       Now, therefore, IT IS HEREBY ORDERED:

          1.      The Cash Collateral Motion is granted.

          2.      The Stipulation between Easy Street and WestLB is approved.  All terms

and conditions of the Stipulation, unless expressly modified or limited by the terms of the Order,

are incorporated in this Order and shall be binding and effective upon the Parties.  The omission

or failure to expressly include any terms and conditions of the Stipulation in this Order shall in

no way affect the Parties' obligations to comply with or the enforceability of such terms and

conditions.

          3.      Pursuant to and conditioned on compliance with  the terms and conditions

of the Stipulation and this Order, Easy Street is authorized to use Cash Collateral in accordance

with the Initial Budget, a copy of which is attached as Exhibit A to the Stipulation, and any

subsequent approved budgets (collectively and together with the Initial Budget, the "Budget" or

the "Budgets") through and including December 31, 2009.  Easy Street shall file with the Court

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation
and the Loan Documents.

any revised Budgets approved by West LB pursuant to paragraph 16 of the Stipulation.  Except

as specifically set forth in the Stipulation and this Order, Easy Street is not authorized to use any

Cash Collateral for payment of pre-petition debts or any other purpose whatsoever.  Absent prior

written consent of West LB or further Order of this Court, including any Order authorizing the

payment of professionals from the carve out under paragraph 27 of the Stipulation: (i) no further

use of Cash Collateral is allowed after a Termination Event; and (ii) the use of Cash Collateral is

expressly limited to the amounts set forth in the approved Budgets.

      4.      Starting in November 2009, for each month, Easy Street is ordered to

submit to WestLB and counsel for the Official Committee of Unsecured Creditors (the

"Committee") by the fifteenth (15th) calendar day of each month (i) a rolling three month budget

for proposed use of Cash Collateral (the "Submitted Monthly Budgets"), and (ii) a reconciliation

of actual receipts and expenditures for the preceding month against the receipts and expenditures

projected in the Budget (the "Reconciliation Report").  Except as otherwise provided in the

Stipulation, if the Submitted Monthly Budget contains any variations, adjustments or additions to

the projected receipts or expenditures in the Budget for the prior month, then the Submitted

Monthly Budget shall be subject to the review and approval of WestLB pursuant to the

procedures set forth in paragraph 16 of the Stipulation.

      5.      In making expenditures authorized under the approved Budgets, Easy

Street is ordered to use funds in the sequential order and subject to the terms set forth in

paragraph 18 of the Stipulation.

      6.      Easy Street is further ordered to: (i) make disbursements pursuant to any

Budget from the Bank Accounts as identified in Exhibit C of the Stipulation and in accordance

with the terms and conditions of paragraph 19 of the Stipulation; and (ii) deposit and maintain all

Cash Collateral, Refundable Deposits, and Revenues in the Bank Accounts as identified in

Exhibit C of the Stipulation and subject to the terms, conditions, and procedures of paragraph 20

of the Stipulation and paragraph 10(c) of this Order.

      7.    As long as the Stipulation, as it may be amended from time to time,

governs the consensual use of Cash Collateral, Easy Street is prohibited from: (i) subjecting the

liens and security interests of WestLB to priming or pari passu liens, or other modification; or

(ii) seeking or obtaining any post-petition financing or other indebtedness under § 364 of the

Bankruptcy Code for any purposes other than the payment of the categories of line items set

forth in the Budget or the payment of claims secured by liens junior to those of WestLB.  For

avoidance of doubt, Easy Street is authorized to use such post-petition financing to pay sums in

excess of the line item amounts set forth in the Budget.

      8.    Easy Street is prohibited from making any transfers of Cash Collateral or

loaning or otherwise transferring Cash Collateral to affiliates or to any other person or entity

outside of the ordinary course of business unless such transfers are made in accordance with the

Budget, the terms of the Stipulation, as the same may be amended in writing from time to time,

and this Order.

      9.    Unless otherwise provided in the Stipulation, Easy Street is ordered to

comply with, and shall be subject to the penalties for failure to comply with, the reporting

requirements as provided in paragraph 24 of the Stipulation.

      10.    Easy Street is ordered to provide WestLB with the following forms of

adequate protection for the use of its Collateral (including, but not limited to Cash Collateral)

during the term of the Stipulation:

(a)     WestLB shall be and hereby is granted a continuing, perfected, first priority security interest in all of the Collateral and all proceeds thereof, whether existing on the Petition Date or acquired thereafter (including, without limitation, all proceeds (as defined in the New York Uniform Commercial Code) on account of the Collateral), and all assets of Easy Street whether presently owned or hereafter acquired by Easy Street except avoidance actions under chapter 5 of the Bankruptcy Code.  The first priority security interests granted as Interim Rights under the Interim Cash Collateral Stipulated Order and granted in and as part of the Stipulation and this Order shall not be subject to challenge and shall attach and become valid, binding, continuing, enforceable, fully-perfected and non-avoidable by operation of law as of the Petition Date without any further action by Easy Street, WestLB, or any other person, and without the necessity of execution by Easy Street, or the filing or recordation, of any financing statements, security agreements, mortgages, deeds of trust, or other documents.  Despite the forgoing, WestLB may request additional documentation evidencing its perfected security interests, including, without limitation, certain control agreements over Easy Street's Bank Accounts, and Easy Street shall comply with any such requests;

(b)     By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of this Order, Easy Street shall pay to WestLB the amount of $34,000.  This amount reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the Petition Date which amount is set forth in the Initial Budget attached to the Stipulation and shall be set forth in all subsequent Submitted Monthly Budgets required by the Stipulation.  The payments due hereunder shall constitute adequate protection payments and the Parties shall reserve all rights regarding the application of the payment against the allowed claims of WestLB.

WestLB shall release funds from the Petition Date Cash to enable Easy Street to make these

payments;

               (c)      On or before October 15, 2009, Easy Street shall arrange to be

deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues

or Petition Date Cash) the following sums into the following Bank Accounts, each of which is

defined and further identified on amended Exhibit C of the Stipulation: (i) into the Tax and

Insurance Reserve Account, the sum of $43,624 on account of property taxes which Easy Street

represents will become due in November 2009; (ii) into the FF&E Reserve Account, the sum of

$10,990; (iii) into the HOA Reserve Account the sum of $183,610; (iv) all monies paid into the

controlled bank accounts for Refundable Deposits into the Sky Lodge Refundable Guest

Advance Deposits Trust Account, which account shall be established with a control agreement in

favor of WestLB with the security interest of WestLB being subordinate to the rights of the

beneficiaries of such Trust Account; and (v) into the Utilities Adequate Assurance Account (as

identified on Exhibit C of the Stipulation), the sum of $24,092 in accordance with the Order

entered September 17, 2009, Granting Motion for Order Pursuant to 11 U.S.C. § 366 (I)

Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating

against the Debtor; (II) Providing that a Single Deposit for all the Debtors' Utilities Shall

Constitute "Adequate Assurance of Future Payment"; and (III) Establishing Procedures for

Determining Requests for Additional Assurance. In addition, on or before the second (2nd)

business day of each month, Easy Street shall arrange to be deposited and WestLB shall release

from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following

sums (which amounts are set forth in the Initial Budget and shall be set forth in all subsequent

Submitted Monthly Budgets) into the following Bank Accounts, each of which is defined and

**Deleted:** and

further identified on <u>Exhibit C</u> of the Stipulation: (i) into the Tax and Insurance Reserve Account, a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account, a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; (iii) into the HOA Reserve Account, a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter; and (iv) into the Debt Service Reserve Account the sum of $34,000 to be paid monthly to WestLB in accordance with paragraph 26(b) of the Stipulation and paragraph 10(b) of this Order.  On or before Friday of each week, Easy Street shall arrange to deposit and West LB shall release from controlled bank accounts into the Sky Lodge Refundable Guest Advance Deposits Trust Account, all monies paid into the controlled bank accounts for Refundable Deposits during the preceding  week (ending on Thursday).

(d)      WestLB shall be and hereby is granted a superpriority administrative claim against Easy Street's estate senior to all other administrative expenses set forth in §§ 503(b) and 507(b) of the Bankruptcy Code to the extent of a Post-Petition Loss occurring during or precipitated by events or circumstances arising or occurring during the period the Stipulation is in effect, including any extensions thereof.  This superpriority claim is subject and subordinate to the carve out for administrative claims in paragraph 27 of the Stipulation and paragraph 11 of this Order;

(e)      Without prejudice to any prior rights or claims of Easy Street or WestLB, Easy Street is ordered to name WestLB as the insured party and/or obtain loss payee endorsements in favor of WestLB for all policies of insurance obtained and/or renewed after

January 1, 2009 ("New Policies"), including, but not limited to: (i) all property insurance

policies; (ii) all commercial general liability insurance policies; (iii) all commercial umbrella

liability policies; and (iv) all other liability insurance policies.  Easy Street is ordered to provide

WestLB and the Committee with evidence of Easy Street's compliance with the foregoing on a

continuing updated basis as soon as reasonably possible.  The material terms of each New Policy

(subject to the actual New Policy conforming to such material terms) obtained after October 30,

2009 shall be subject to approval of WestLB, which approval shall not be unreasonably withheld.

Not less than fifteen (15) and not more than twenty-two (22) calendar days prior to the obtaining

of a New Policy, Easy Street shall provide to WestLB, in writing, the status with respect to such

New Policy and the anticipated terms, conditions and costs of such New Policy known to Easy

Street at such time.  In the event that Easy Street obtains a New Policy after October 15, 2009,

but prior to approval by WestLB, the material terms shall remain subject to such reasonable

approval of WestLB as set forth above, which shall be deemed to have been granted if no written

objection is received by Easy Street from WestLB within fourteen (14) days of WestLB's receipt

of such material terms.  All proceeds of insurance payable from New Policies shall constitute

Cash Collateral and shall remain subject to the rights of Easy Street and WestLB with respect to

use of Cash Collateral;

        (f)    Easy Street shall submit to WestLB for its approval (which

approval shall not be unreasonably withheld) on or before November 1, 2009, a Business Plan

setting forth Easy Street's overall strategic plan for managing, operating, financing, and

otherwise dealing with Sky Lodge, which shall serve as the basis for a proposed plan and a

restructuring of WestLB's loan and include all information specified in Exhibit DD to the Loan

Agreement.  Easy Street shall promptly initiate good faith negotiations with WestLB regarding a

plan of reorganization that is feasible, acceptable to WestLB and can be proposed and confirmed within the timeline provided for in the Stipulation;

(g)    Without limiting Easy Street's obligations under the Loan Documents or under applicable law, Easy Street shall continue, in accordance with its obligations under the Loan Agreement, (i) to maintain all Permits and a valid liquor license related to the Sky Lodge; (ii) to continuously operate and maintain the Sky Lodge in good working order and condition as a full service, luxury hotel, in accordance with the performance standards set forth in the Hotel Management Agreement, in compliance with all Laws, and as "The Sky Lodge Private Residence Club and Hotel" or such other name approved by WestLB in its reasonable discretion; and (iii) to perform Easy Street's obligations under the Hotel Management Agreement, and to enforce the performance by Hotel Operator of all of Hotel Operator's obligations under the Hotel Management Agreement;

(h)    Easy Street shall collaborate with WestLB in the identification, interview and engagement of a manger or operating consultant to serve as a co-managing officer ("Co-Manager") to assist and direct Easy Street in managing its business operations and restructuring its obligations.  The retention of the Co-Manager must be approved by an Order of the Court no later than December 1, 2009.  Upon retention of the Co-Manager, the expense of such Co-Manager shall be added to the Budget, in an amount agreed to by WestLB.  Easy Street shall have final authority to select the Co-Manager, but such Co-Manager must be reasonably acceptable to WestLB, and Easy Street will provide WestLB with direct and unrestricted access to the Co-Manager with respect to the current and projected business operations, and the potential restructuring of WestLB's Loan under a plan of reorganization.  The Co-Manager's authority and responsibility will include, but not be limited to, active participation in operating

and management decisions.  Nothing in this provision shall limit the Committee's right to object to the reasonableness of any compensation sought by the Co-Manager.  All material decisions regarding the business operations shall be made jointly by the Co-Manager and other senior management of Easy Street.  If the Co-Manager and other senior management disagree over any material decision affecting the business operations, then counsel for Easy Street and counsel for WestLB shall in good faith attempt to resolve the disagreement.  Any party may, upon notice and hearing, seek an order from the Bankruptcy Court directing as to how Easy Street shall proceed to resolve the disagreement;

(i)    Easy Street shall not sell Fractional Ownership Units free and clear of WestLB's liens on such Fractional Ownership Units except upon the following terms and conditions:  (i) the proposed sale is an all cash transaction negotiated at arms length and on normal and customary terms and conditions; (ii) WestLB will receive not less than 80% of the net proceeds received by Easy Street from the sale of each Fractional Ownership Unit, which sales shall be in compliance with the minimum release price requirements contained in the Loan Documents or as may otherwise be agreed to by WestLB and Easy Street; and (iii) the remaining 20% of net proceeds shall be deposited into the Sale Proceeds Account (as identified on Exhibit C of the Stipulation) and be subject to the terms of the Stipulation;

(j)    Any funds received by Easy Street as a result of its pending adversary complaint against Bay North Realty Fund VI Limited Partnership, Adv. Proc. No. 09-2422 (the "Adversary Proceeding"), whether by recovery on a judgment or settlement of disputes, shall constitute Cash Collateral in which WestLB holds a valid, perfected first priority lien under applicable law, the Loan Documents, the Interim Rights afforded under the Interim Cash Collateral Stipulated Order, the Stipulation, and this Order.  Easy Street further agrees that

it will pay 70% of the net proceeds recovered by Easy Street after deduction of direct, reasonable

and necessary costs of pursuing the litigation to WestLB and WestLB agrees that Easy Street

may retain in the Bank Accounts the amounts deducted for costs of litigation and 30% of the net

proceeds as Cash Collateral, the use of which is subject to the terms of the Stipulation or a

subsequent Order of the Bankruptcy Court.  This obligation of Easy Street and WestLB's rights

in the Adversary Proceeding shall survive any termination of Easy Street's authority to use Cash

Collateral under the Stipulation and this Order and may be enforced at any time Easy Street

recovers proceeds from the Adversary Proceeding; and

                    (k)        No later than December 3, 2009, Easy Street shall submit to

WestLB a term sheet of its proposed plan of reorganization.  No later than December 23, 2009,

Easy Street shall file a disclosure statement and plan of reorganization, both of which must be

reasonably acceptable to WestLB with respect to any provisions that might have a material effect

on WestLB's rights and claims in the chapter 11 case or its treatment under the plan, or might

provide preferential or more favorable treatment to claims that are junior to or equal in priority to

those of WestLB, and such plan shall, in any event, provide that (i) the maturity date of the

restructured Loan will not be extended past December 31, 2011; (ii) the nondefault interest rate

applicable to the restructured Loan will be no less than LIBOR (as defined in the Loan

Documents) plus 6%; (iii) Easy Street will make monthly interests payments until December 1,

2010 and thereafter monthly payments according to a 20-year amortization schedule provided,

however, that the portion of the monthly payments constituting amortization of principal shall be

reduced by payments to WestLB from the sale of Fractional Ownership Units; (iv) WestLB has

approved the post-confirmation senior management team and/or any sales agent for unsold

Fractional Ownership Units, which approval will not be unreasonably withheld; and (v) WestLB

will receive as paydown of principal not less than 80% of the net proceeds received by Easy

Street from the sale of each Fractional Ownership Unit, which sales shall be in compliance with

the minimum release price requirements contained in the restructured Loan Documents or as

may be otherwise agreed to by WestLB and Easy Street, and the remaining 20% of net proceeds

shall be deposited into a Sale Proceeds Account and remain subject to a control agreement in

favor of WestLB.  No later than March 31, 2010, Easy Street shall obtain confirmation of a plan

of reorganization that is reasonably acceptable to WestLB and meets the minimum qualifications

described in (i)-(v) above.  Further, unless it receives the written consent of WestLB, Easy Street

shall not seek to extend the exclusive period under § 1121(c)(2) of the Bankruptcy Code to file a

plan and disclosure statement.  If Easy Street has filed a plan and disclosure statement in

accordance with the Stipulation, WestLB will consent to extension of the time to have a plan

accepted under § 1121(c)(3) of the Bankruptcy Code.  <u>Notwithstanding any other term of this</u>

<u>Order, the Committee shall have the right to object to any proposed plan on any good faith</u>

<u>grounds.</u>

11.    Any monthly amount for the line item "Legal + Admin & General" in the

Initial Budget and the approved Budgets shall constitute and serve as a "carve out" for

professionals seeking compensation from the estate, including attorneys and consultants for the

Debtors and Committee.  The liens and the super-priority claims granted to WestLB as adequate

protection shall be subject and subordinate to the carve out for professionals.  The budgeting of

such amounts does not constitute any admission or agreement by any party as to the timing or

amount to be paid to any such professional, and all payments to such professionals may only be

made as allowed by the Court and upon such terms and conditions as may be imposed by the

Court.  Any fees or expenses incurred by professionals in connection with the Adversary

Proceeding may be paid when and if proceeds are recovered by Easy Street and in an amount not

to exceed the reasonable and necessary fees and costs deducted to realize the net proceeds to be

distributed under paragraph 26(j) of the Stipulation.  The professionals for the Committee may

not seek nor receive more than $25,000 from the carve out for services related to the

investigation and analysis of the validity, amount, priority and perfection of the liens and claims

of WestLB, and potential avoidance actions against WestLB, and the professionals for the

Committee may not seek nor receive any amounts from the carve out for services related to the

commencement or prosecution of any claim or action attacking the validity, amount, priority or

perfection of the liens and claims of WestLB, or commencement or prosecution of any avoidance

action against WestLB.  Upon a Termination Event, the carve out shall be limited to the amounts

set forth in the Budget for the period prior to the Termination Event, unless otherwise ordered by

the Court.  In recognition of WestLB's approval of expenditures in the Budget and the carve out

for administrative fees, the Debtors waive any claims or rights under § 506(c) of the Bankruptcy

Code to surcharge the Collateral of WestLB for any expenses incurred during the time Easy

Street is authorized to use Cash Collateral under the Stipulation or any extension or amendment

thereto.  Nothing in this Order shall restrict the Committee's ability to seek to assess fees and

expenses against recoveries in any action under chapter 5 of the Bankruptcy Code.

        12.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, and the Stipulation shall be binding upon: (i) Easy Street, and any

trustee or examiner that may be appointed in these Chapter 11 Cases, or its respective successors

and assigns; (ii) WestLB and its respective successors and assigns; (iii) the trustee in the event

that the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code; and

(iv) all creditors and other parties in interest in the Chapter 11 Cases having notice of the

Stipulation, including parties claiming derivatively through Easy Street or its estate, with the sole

and limited exception that with respect to the committee of unsecured creditors appointed by the

Office of the United States Trustee (the "Committee"), the Stipulation regarding the amount,

validity, priority, perfection, and non-avoidance of the liens and claims of WestLB shall be

binding ninety (90) days after entry of this Order, unless the Committee institutes appropriate

litigation within that 90 day period to challenge such liens or claims.

13.     WestLB is entitled to all of the rights, remedies, protections and benefits

granted under §§ 363(m) and 364(e) of the Bankruptcy Code with respect to all uses of its

Collateral, including uses of its Cash Collateral.  In the event any or all of the provisions of this

Order are hereafter reversed, modified, vacated, or stayed, such reversal, modification, vacation,

or stay shall not affect the validity or enforceability of any right, claim, lien, security interest,

priority, or payment authorized or created for the benefit of WestLB by the Interim Cash

Collateral Stipulated Order, the Stipulation or this Order.

14.     Except as specifically set forth in the Stipulation, the Parties expressly

reserve and retain all of their respective rights, remedies, or claims under the provisions of the

Bankruptcy Code, other applicable law, or the Loan Documents.

15.     The terms of the Stipulation may be extended by the Parties by mutual

agreement in writing.  The Parties shall file with the Court and serve on all interested parties a

notice of any such extension and the terms and conditions governing the extension.  Unless the

Committee objects within five (5) days of such filing and service, the Court may, without further

notice or hearing, approve any such extension. Upon termination of Easy Street's authority to use

Cash Collateral, it may seek by motion on no less than 10 days notice authority to continue to

use Cash Collateral.

**Deleted:** The

16.     This Order shall be binding and effective despite any conversion of the

Case to a case under any other chapter of title 11 of the United States Code.

17.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation, enforcement, or implementation of the Stipulation and this Order.

-------------------END OF ORDER---------------------

APPROVED AS TO FORM BY:


_____
Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050

Salt Lake City, UT   84110-4050
TELEPHONE:  (801) 415-3000/FAX:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com)

CROWELL & MORING LLP
590 MADISON AVENUE, 20TH FLOOR
NEW YORK, NY  10022
TELEPHONE:  (212) 223-4000/FAX:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession


AND


_____
Annette W. Jarvis (jarvis.annette@dorsey.com) (1649)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101
Telephone:  (801) 933-8933
Facsimile:  (801) 933-7373

Richard W. Havel (rhavel@sidley.com)
Drew A. Normal (dnorman@sidley.com)
Christina M. Craige (ccraige@sidley.com)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

CO-COUNSEL FOR WESTLB, AG