**WRONA LAW OFFICES, P.C.**
Joseph E. Wrona (#8746)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959

*Proposed Special Counsel for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[FILED ELECTRONICALLY] |

**DECLARATION OF JOSEPH E. WRONA, PURSUANT TO 11 U.S.C. § 329(a) AND FED. R. BANKR. P. 2014(a) and 2016(a) IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE SECTION 327(e) TO EMPLOY WRONA LAW OFFICES, P.C. AS SPECIAL COUNSEL**

The undersigned, Joseph E. Wrona, hereby declares as follows:

1.    I am an attorney and managing partner in Wrona Law Offices, P.C. ("Wrona Law Offices"), and am a duly licensed and practicing attorney in the State of Utah. I am admitted to practice in the United States District Courts for the Districts of Utah and Alaska, the United States Courts of Appeals for the 9th and 10 Circuits, the United States Supreme Court, and in

various other courts. To the best of my knowledge based upon the inquiries described below, the following statements are true.

2. Wrona Law Offices' representation of Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding") (together, Partners, Mezzanine, and Holding will be referred to as the "Debtors") commenced on August 1, 2009.

3. I have received from the Debtor and reviewed the following materials, which contain names and addresses of creditors, members, and other parties: (a) a list of creditors of the Debtors, including secured creditors, and (b) the identity of Holding's members and the owners of Holding's members. I have requested that Wrona Law Offices' staff conduct computerized conflicts checks on the names of these entities.

4. I have, based on information I have been able to obtain so far, determined that Wrona Law Offices has the connections listed below with the Debtors and other parties specified in Bankruptcy Rule 2014(a). Insofar as I have been able to determine, with the assistance of employees of the firm, Wrona Law Offices does not currently represent any party in interest in any matter related to the Debtor. Although Wrona Law Offices may have represented a party in interest in other matters, as more fully set forth below, I believe none of these connections disqualify Wrona Law Offices from employment by the Debtors or prevent Wrona Law Offices from representing the Debtors in these cases.

    a. Wrona Law Offices has provided legal representation to Cloud Nine Resorts Management, LLC.

5. Insofar as I am aware, Wrona Law Offices has no connections with the office of the United States Trustee or its staff which prevent Wrona Law Offices' employment as counsel for the Debtors.

6. Wrona Law Offices is not and has not been an equity security holder of the Debtors.

7. Wrona Law Offices is not and has not been an insider of the Debtors. Neither Wrona Law Offices nor any of its members is or has been a member or manager of any of the Debtors, person in control of any of the Debtors, in a partnership in which any of the Debtors is a general partner, or relative of a member, manager, or person in control of the Debtors.

8. Wrona Law Offices is not and has not been an investment banker for any outstanding security of the Debtors or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of any of the Debtors.

9. Wrona Law Offices is not and has not been a director, officer, or employee of any of the Debtors or of an investment banker specified in 11 U.S.C. § 101(14)(B) or (C).

10. Insofar as I have been able to determine and as explained above, Wrona Law Offices does not have an interest materially adverse to the interest of any of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker of any security of the Debtors or for any other reason.

11. Based upon the foregoing, insofar as I have been able to determine, Wrona Law Offices does not represent or hold an interest adverse to any of the Debtors or any of the

Debtors' estates, all within the meaning of 11 U.S.C. § 327(e), and the proposed employment of Wrona Law Offices is proper under 11 U.S.C. §§ 327(e).

12. I believe that Wrona Law Offices has no disqualifying connections within the meaning of Bankruptcy Rule 5002, which provides that a bankruptcy judge may not approve the employment of a person as an attorney pursuant to section 327 if that person is or has been so connected with such judge as to render the employment improper.

13. In the year prior to September 14, 2009, Wrona Law Offices provided legal services to the Debtors for approximately four months on matters related to the preparation for this bankruptcy proceeding, and Wrona Law Offices was paid $35,475.09 for those services. Wrona Law Offices does not hold a retainer for its representation of the Debtors in their reorganization cases. Wrona Law Offices has not been paid any other amounts in connection with these cases and has not agreed to share compensation or reimbursement other than with shareholders and associates of Wrona Law Offices as permitted by section 504 of the Bankruptcy Code. Subject to the Court's approval of fees and expenses under applicable bankruptcy law, Wrona Law Offices will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered. Wrona Law Offices' hourly billing rates are generally increased annually on January 1st. of each year. I currently anticipate that the principal attorneys from Wrona Law Offices who will provide services to the Debtors are Knute Rife and Joseph Wrona. The local hourly billing for Mr. Rife is $250.00 per hour, and for Joseph Wrona is $350.00 per hour. In addition, we will carefully staff the matters with other shareholders, associates, and paralegals. Billing rates for shareholders who may be involved in Wrona Law Offices' representation of the

4

Debtors range from $250.00 to $350.00; for associates from $150.00 to $225.00; and for paralegals, $75.00 to $100.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 15th day of October, 2009.

_____
Joseph E. Wrona

# EXHIBIT 1



WRONA LAW OFFICES
ATTORNEYS AT LAW

September 1, 2009

VIA EMAIL: bshoaf@cloudnineresorts.com

Mr. William Shoaf
Acting Co-Manager,
Easy Street Holding, LLC
East Street Mezzanine, LLC
Easy Street Partners, LLC

Re: Legal Representation Agreement

Dear Bill:

You have asked Wrona Law Offices to provide the above referenced Easy Street entities ("Easy Street") with legal representation. Among the matters that you are employing this firm to perform work for you are legal advice and counsel in anticipation of a Chapter 11 bankruptcy reorganization, potential adversarial litigation with one or more of your commercial lenders, assistance in various relationships that are vital to Easy Street, employment issues, partnership issues, mechanics lien issues, real estate issues, HOA issues, and potentially many other areas of law and/or business. The terms of my firm's representation are set forth below.

Fees and Costs. I will supervise this matter and my rate for such work is $350.00 per hour. Other partners and associates may assist in this matter. Their billing rates for such work range between $125.00 and $250.00 per hour and our paralegal billing rate for such work is $75.00 to $100.00 per hour. Although rates are subject to change, you will be notified in writing of any such changes. Please note that in addition to our hourly rates you may also be charged for the firm's out of pocket costs incurred (for example, filing documents, photocopying expenses, long distance phone charges).

Billing and Payment. You will be billed monthly and receive a monthly statement for all services rendered and costs incurred during the previous month. Payment is due upon receipt. We reserve the right to charge interest at the rate of eighteen percent (18%) per annum on your account in the event it is not timely paid. Non-payment may also be a basis for terminating our future services. In the event that you do not pay your bill, you will be liable for collection costs, including attorney fees.

William Shoaf
September 1, 2009
Page 2

    Right to Lien. You hereby grant the firm the right to record and foreclose upon a lien against any real property owned by you or any entity in which you have an ownership interest in the amount of any costs and/or fees owed by you to our firm that remain unpaid thirty (30) days after receipt of our invoice.

    Retainer: No retainer is required in this matter.

    Results not Guaranteed. This letter confirms that this firm cannot and does not guarantee any particular result to this matter.

    Discharge or Withdrawal. The firm reserves the right to withdraw from this matter and discontinue representing you for the following reasons: (1) there is insufficient law in support of your position; (2) you fail to cooperate or timely pay the fees and costs; or (3) any other grounds provided by law. You also have the right to discharge the firm for any reason upon giving us reasonable notice and upon execution of any Substitution of Attorney as may be required. In the event that you terminate our representation, you agree to immediately pay all fees incurred up to the point of termination and that payment is due at the time files are released by our firm. Upon discharge or withdrawal you agree to pay all earned fees, costs and expenses.

    Entire Agreement. This agreement contains the entire agreement of the parties. No other agreement, statement or promise made will be binding on the parties.

    Severability in Event of Partial Invalidity. If any provision of this agreement is held in whole or in part to be unenforceable for any reason, then that provision or portion thereof shall be severed and the remainder of the entire agreement and the remainder of that provision shall remain in effect.

    Modification by Subsequent Agreement. This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent that the parties carry it out.

    If these terms meet with your approval, please sign this letter where indicated and return it to our offices as soon as possible. I appreciate the opportunity to be of service.

Very truly yours,

Joseph E. Wrona

AGREED TO AND ACCEPTED:

Mr. William Shoaf, Acting Co-Manager,
Easy Street Holding, LLC
East Street Mezzanine, LLC
Easy Street Partners, LLC
Dated: _____