Corbin B. Gordon (Utah Bar No. 9194)
345 West 600 South, Suite 108
Heber City, UT 84032
Telephone: (435) 657-0984
Facsimile: (888) 822-8796

Proposed Special Counsel for Debtors and
    Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| Debtors. | 09-29907 and 09-29908 |
| Address:  201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

### DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY
### CODE SECTION 327(e) AND RULES 2014(a) AND 2016(b)
### TO EMPLOY CORBIN B. GORDON AS SPECIAL COUNSEL

Easy Street Holding, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC (collectively, the "Debtors"), hereby file this application (the "Application") for entry of an order authorizing the Debtors to employ Corbin B. Gordon. ("Gordon") as special counsel effective as of September 14, 2009, the petition date in these cases, pursuant to 11 U.S.C. §327(e), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure. In support of this Application, the Debtors state as follows:

1. On September 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their property as debtors-in-possession.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.§§ 157 and 1334. This is a core proceeding pursuant to 28 U. S. C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested here are sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a), and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RETENTION OF GORDON

5. By this Application, the Debtors request that the Court enter an order authorizing the Debtors to employ and retain Gordon as special counsel in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Gordon, dated March 28, 2009 (the "Engagement Letter"), a copy of which is annexed hereto as Exhibit 1.

6. The Debtors are also requesting that Court approve their retention of Crowell & Moring LLP and Durham Jones & Pinegar as bankruptcy counsel and Wrona Law Offices as special counsel.

7. The Debtors do not intend to have Gordon duplicate services other counsel are providing and Gordon will coordinate with other counsel and avoid duplication.

8. No trustee or creditors' committee has been appointed in the Debtors' cases.

9. This Application is filed shortly after the Petition Date because of the need to prepare other documents and perform other tasks associated with the filings.

10. Accordingly, the Debtors respectfully request entry of an order pursuant to section 327(e) of the Bankruptcy Code, and Fed. R. Bankr. P. 2014, authorizing them to employ and retain Gordon as special counsel to advise them and to perform certain specified legal services as set forth below at their customary billing rates set forth in the attached declaration of Corbin B. Gordon (the "Gordon Declaration") filed herewith.

11. The Debtors seek to retain Gordon as special counsel because of the extensive expertise and knowledge Mr. Gordon has in the areas of the Debtors' Gateway Center lease, including extensive research on UOSH compliance, as well as unique issues with the Gateway Center and how it is operated, and how these issues effect the validity of the Debtor's claims that the lease has been violated, and also his experience in representing the Debtors prepetition in these matters with UOSH and the Leasor. The Debtors believe that Gordon is both well qualified and able to represent them as special counsel in these Chapter 11 cases and proceedings therein in an efficient and timely manner.

12. The services of Gordon are necessary to facilitate the Debtors being properly represented. The specific services which may be provided by Gordon are:

a. Advising the Debtors on business matters, including the validity and enforcement of claims the Gateway Center lease has been violated;

b. Representing the Debtors in connection with possible litigation stemming from the violation of the Gateway Center lease.

3

13. Gordon has stated his desire and willingness to act in this case and render the necessary professional services as special counsel for the Debtors.

14. To the best of the Debtors' knowledge, Gordon does not have any connection with or hold or represent any interest adverse to the Debtors, their creditors, or any other party in interest, or the attorneys or other professionals for the Debtors, except as set forth in the Gordon Declaration.

15. Accordingly, the Debtors submit that Gordon's representation of the Debtors as special counsel is permissible under section 327(e) of the Bankruptcy Code and is in the best interests of all parties in interest.

16. Gordon has received no retainer in this matter.

17. In the year prior to September 14, 2009, Gordon provided legal services to the Debtors consisting primarily of UOSH compliance claims, and analysis of how these compliance claims effect the validity of the Gateway Lease. For his services and expenses incurred, Gordon received from the Debtors $5,994.00 during this period. The most recent payment was a payment on or about September 4, 2009 in the amount of $1,612.00. According to Gordon' records, Gordon has outstanding fees and expenses for prepetition services to the Debtors of $684.00.

18. The Debtors understand that Gordon intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court (the "Local Rules") for all services performed and expenses incurred after the Debtors' retention of Gordon.

19. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of the Court, propose that Gordon charge for his legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered, as set forth in the Gordon Declaration, and that Gordon be reimbursed for its out-of-pocket costs and expenses according to its ordinary and customary reimbursement policies.

## NOTICE

20. No trustee, examiner, or creditors' committee has been appointed in the Debtors' Chapter 11 cases. Notice of this Application has been given to the United States Trustee for the District of Utah, to the Debtor, to holders of secured claims, the holders of the largest twenty unsecured claims in each of the Debtors' cases, to governmental entities, and to attorney who have entered a notice of appearance in the Debtors' cases.

21. No previous request for the relief sought has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request entry of an order authorizing them to employ Gordon as special counsel in these cases, effective September 14, 2009, and granting such other and further relief as this Court deems just and proper.

DATED: October 19, 2009

EASY STREET HOLDING LLC
By: _____
Its: Manager

EASY STREET MEZZANINE LLC
By: _____
Its: Manager

EASY STREET PARTNERS LLC
By: _____
Its: Manager

5

Agreed to:            CORBIN B. GORDON

                By: _____
                     345 West 600 South, Suite 108
                     Heber City, UT  84032
                     Telephone: (435) 657-0984
                     Facsimile: (888) 822-8796

                     Proposed Special Counsel for Debtors

# EXHIBIT 1

# CORBIN B. GORDON, P.C.
## ATTORNEY AT LAW
### 210 EAST MAIN STREET
### MIDWAY, UTAH 84049
### PHONE (435) 657-0984 • FAX (435) 654-2436
### CORBINGORDON@YAHOO.COM

March 28, 2009

Easy Street Partners, L.L.C.
c/o Bill Shoaf
Gateway Center, Suite 303
136 Heber Avenue
Park City, Utah 84060

    Re:    Retainer Agreement

Dear Bill:

    I am very pleased that you have contacted me about representing you. This letter sets forth the terms under which I will represent you. If these terms are agreeable, please sign below and return it to my office.

    I will represent you in connection with a lease dispute with the Gateway Center, L.L.C. and any needed negotiations with State of Utah.

    You will pay for my services as follows: $200.00 per hour. No retainer will be required before any work begins in this matter, but a retainer may be required in the future depending on the scope of the request for work.

    If a retainer is required in the future, it will be immediately placed into my trust account and billed against at the end of each month. You hereby authorize me to immediately withdraw any billed fees from your retainer at the time the bill is generated. You will have 14 days from receipt of the bill to object to any of the charges. By failing to object you agree that the charges are legitimate and appropriate for the work performed.

    Your monthly bill will show the work that I have performed on your behalf and the charges for that work. You agree to replenish your retainer each month in the amount withdrawn, and to replenish it entirely and to pay the difference if the bill exceeds the amount left in the retainer. I will not begin to represent you until the appropriate retainer is paid in full, and I will immediately stop work if a check bounces, or once a retainer is exhausted. Any balance in the trust account on completion of my representation of you and after payment of my fees and costs will be returned to you.

    In the course of representing you, I will undoubtedly discuss the costs of my legal work. It is difficult to estimate costs because no one can predict the future. You

Easy Street Partners, L.L.C.
March 28, 2009
Page 2

understand that these estimates of fees and costs are not guarantees, and that the total costs and fees in this case could far exceed the retainer amount, especially if civil litigation is pursued. You will be responsible for the fees and costs billed even if they exceed these estimates. I will however keep you informed of my work and obtain your approval for each step in the process.

You agree to pay for all fees, costs, or expenses incurred in connection with my representation of you. You shall pay the full amount of each bill within thirty (30) days of the billing date. Any amount billed and unpaid within such thirty (30) day period shall incur a $50.00 late fee and bear and accrue interest at the rate of twenty-four percent (24%) per annum from the date billed until paid.

I retain all rights to collect any unpaid fees with all legal remedies available to me. If litigation is required to collect my fees, you agree to waive your right to a jury, and to submit yourself to a court of appropriate jurisdiction in Wasatch County. The prevailing party in any litigation is entitled to its reasonable attorney's fees and costs. You agree that $200.00 per hour is a reasonable amount for my services.

You acknowledge that I have made no representations and given no assurances or guarantees regarding the likely outcome of this matter.

In undertaking to represent you, I agree to use my best efforts. However, I reserve the right to represent you in what I deem a professional manner. I reserve the right to immediately withdraw if at any time you ask me to do anything that would violate the professional code of ethics or my own personal code of professionalism.

You have the right to terminate my representation of you at any time by providing me with written notice delivered to the address above. Upon receipt of such notice, I will promptly stop representing you and will formally withdraw as your attorney. You shall pay any amounts due for work prior to receipt of the notice of termination, plus any fees or costs associated with transitioning this matter to another attorney.

You understand that, if you do not pay for my services as provided herein or abide by the terms of this retainer agreement, I may terminate my representation of you.

If the foregoing is agreeable, sign below and return the original. Thank you again for allowing me to represent you in this matter.

Sincerely,

Corbin B. Gordon

Easy Street Partners, L.L.C.
March 28, 2009
Page 3

---

Agreed to by:

_____   _____ Mar. 28, 2009 _____
Easy Street Partners, LLC          Date
By: Bill Shoaf