Jeffrey Weston Shields (USB # 2948)
Lon A. Jenkins (USB # 4060)
Troy J. Aramburu (USB # 10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801)521-3200
Facsimile: (801) 328-0537
Email: jshields@joneswaldo.com
        lajenkins@joneswaldo.com
        taramburu@joneswaldo.com

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDINGS, LLC, et al.<br><br>Debtors. | **Bankruptcy No. 09-29905**<br><br>Jointly Administered with Cases:<br>09-29907 RKM and 09-29908 RKM<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORIZATION TO EMPLOY JONES WALDO HOLBROOK & McDONOUGH, P.C. AS ITS COUNSEL

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-

captioned debtors' ("**Debtors**") pending chapter 11 cases, by and through the Committee's duly-

elected Chairman, hereby applies, pursuant to sections 328, 1102 and 1103 of the United States

Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for

905691.1

authorization to employ Jones Waldo Holbrook & McDonough, P.C. (**"Jones Waldo"** or the

**"Firm"**) as its counsel and respectfully represents:

## I.     BACKGROUND

1.     On September 14, 2009, Debtors filed their voluntary petitions for relief under the

United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the **"Bankruptcy Code"**).  No

Trustee or Examiner has been appointed in this case, and Debtors continue to manage their

properties and operate their businesses.

2.     On October 6, 2009, the United States Trustee appointed the Committee in these

cases with the following members:  (i) Elliott Workgroup Architecture, LLC; (ii) Millcreek

Consulting; (iii) Gateway Center, LLC; (iv) Klehr Harrison Harvey Branzburg & Ellers, LLP;

(v) Goodrich and Thomas, CPAs; (vi) CBIZ MHM, LLC; and (vii) Shaner Design, Inc.

3.     On October 6, 2009 the Committee selected Jones Waldo as its counsel.

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### A.     Employment of Jones Waldo.

5.     Most members of the Committee are listed among Debtors' 20 largest unsecured

creditors.

6.     Given the issues in these cases between Debtors and their lenders, the Committee

intends to participate actively in Debtors' bankruptcy cases, to give the Court an independent and

informed second opinion on issues relevant to the unsecured creditor body, and to represent the

2

905691.1

interests of such unsecured creditor body during the course of these cases. However, to
participate effectively, the Committee needs the assistance of experienced counsel.

7.      The Committee has selected Jones Waldo as its counsel because Jones Waldo has
expertise in business bankruptcy issues, and the Committee believes that Jones Waldo is well-
qualified to represent the Committee in these cases. Additionally, Jones Waldo has experience in
other commercial law areas which may be related to the matters likely to be raised in these cases,
including real estate transactions and related loan agreements, commercial litigation, and general
corporate law. The Committee believes that Jones Waldo is qualified to represent it in these
cases, and that the best interests of unsecured creditors would be served if Jones Waldo is
authorized by the Court to be employed as counsel to the Committee.

8.      Jones Waldo has stated its desire, willingness and ability to act in this case as
counsel for the Committee.

9.      The Committee understands that Jeffrey Weston Shields will be primarily
responsible for the Committee's representation in this case. While Jones Waldo's standard rates
are higher, it agreed to special lower rates for this representation. Thus, his billing rate is
$360/hr. He has advised the Committee that Lon A. Jenkins ($310/hr), and Troy J. Aramburu
($250/hr) will also participate as necessary in core bankruptcy issues and that other attorneys
may be utilized if their participation is warranted. In addition to those identified above, the
Committee is informed that other attorneys and paralegals employed by Jones Waldo may serve
the Committee from time to time in connection with the matters herein described. Jones Waldo

3

will endeavor to efficiently perform the legal work for the Committee, so as to avoid any unnecessary cost.

10.     The employment of Jones Waldo is appropriate and necessary to enable the Committee to execute faithfully its duties under section 1103 of the Bankruptcy Code.  Its employment is also in the best interest of the Committee and its constituency.

11.     The professional services to be rendered by Jones Waldo for the Committee include, but are not necessarily limited to, the following:

   (a) representing the Committee in its analysis of and consultations with the Debtors concerning the operation and/ or liquidation of the Debtors' businesses and assets and the administration of the Debtors' cases;

   (b) representing the Committee and the interests of unsecured creditors in negotiations toward, and confirmation and consummation of, any reorganization plan;

   (c) representing the Committee and the interests of unsecured creditors in all matters before this Court in these cases; and

   (d) performing all other necessary legal services that are in the best interest of the Committee and the unsecured creditors of the Debtors.

12.     Jones Waldo will make periodic applications for interim compensation, and upon the completion of the cases, a final application for final compensation, in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and the local rules and orders of this Court (the **"Local Rules"**) for all services performed and expenses incurred on behalf of the Committee after the Petition Date. The Committee proposes to pay Jones Waldo from the assets of the Debtors' estate, through a carve-out for such fees from any cash collateral allowed to be used by Debtors, or otherwise.

4

13.     The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of the Court, proposes that Jones Waldo should be paid by the Debtors' estates at appropriate hourly rates, and that the estate should reimburse Jones Waldo for its actual and necessary costs.

14.     Jones Waldo has advised the Committee of its connections with other parties in interest in this case.  Those connections are described in detail in the accompanying Verified Statement of Jeffrey W. Shields in support of this Application.

<b><u>RELIEF REQUESTED</u></b>

15.     The Committee hereby requests, pursuant to sections 328, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, that the Court authorize the employment of Jones Waldo, at its stated hourly rates, as its counsel in these Chapter 11 cases, with fees for such services to be paid from assets of the estates.

**WHEREFORE,** the Committee, by and through its duly-elected counsel, respectfully requests entry of an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

CHAIRMAN, OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF EASY STREET
HOLDING, LLC

_____
Craig Elliott
Elliott Workgroup Architecture, LLC

5

# EXHIBIT A

Jeffrey Weston Shields (USB # 2948)
Lon A. Jenkins (USB # 4060)
Troy J. Aramburu (USB # 10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801)521-3200
Facsimile:  (801) 328-0537
Email:  jshields@joneswaldo.com
          lajenkins@joneswaldo.com
          taramburu@joneswaldo.com

## IN THE UNITED STATES BANKRUPTCY COURT

### DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDINGS, LLC, et al.<br><br>Debtors. | **Bankruptcy No. 09-29905**<br><br>Jointly Administered with Cases:<br>09-29907 RKM and 09-29908 RKM<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**VERIFIED STATEMENT OF JEFFREY W. SHIELDS SUPPORTING THE
COMMITTEE'S APPLICATION FOR AUTHORIZATION TO ENGAGE
JONES WALDO HOLBROOK & McDONOUGH AS ITS COUNSEL**

I, Jeffrey Weston Shields, declare and state as follows:

1.      I make this verified statement pursuant to Rule 2014 of the Federal Rules of

Bankruptcy Procedure in support of the Application of the Official Committee of Unsecured

Creditors (the "**Committee**") of the above-captioned debtors' ("**Debtors**") pending chapter 11

cases to retain the law firm of Jones Waldo Holbrook & McDonough PC ("**Jones Waldo**") as counsel to the Committee in these cases.

2.      I am a member in good standing of the State Bar of Utah.  I am admitted to practice law in all of the State and Federal courts in the State of Utah.  I am shareholder with the law firm of Jones Waldo, which is a professional corporation.

3.      Jones Waldo is a full service law firm headquartered in Salt Lake City, Utah.  The attorneys at Jones Waldo have extensive commercial bankruptcy experience, and extensive experience in other areas of practice that I believe will be beneficial to the Committee in these cases, such as real estate transactions and related loan agreements, commercial litigation, and general corporate law.  I believe that Jones Waldo is qualified to represent the Committee in these cases, and that the best interests of unsecured creditors would be served if Jones Waldo is authorized by the Court to be employed as counsel to the Committee.  A brief profile of Jones Waldo is attached hereto as **Exhibit "A"**.

4.      While our standard billing rates are higher, we agreed to special lower rates with the Committee.  Thus, I will be primarily responsible for the Committee's representation in this case.  My billing rate will be $360/hr.  My colleagues Lon A. Jenkins ($310/hr) and Troy J. Aramburu ($250/hr) will also participate as necessary in core bankruptcy issues and other attorneys may be utilized if their participation is warranted.  In addition to those identified above, other attorneys and paralegals employed by Jones Waldo may serve the Committee from time to time in connection with the matters herein described.  Jones Waldo will endeavor to efficiently perform the legal work for the Committee, so as to avoid any unnecessary cost.

5.      The employment of Jones Waldo is appropriate and necessary to enable the Committee to execute faithfully its duties under section 1103 of the Bankruptcy Code.  Its employment is also in the best interest of the Committee and its constituency.

906485.1

6.    The professional services to be rendered by Jones Waldo for the Committee include, but are not necessarily limited to, the following:

(a) representing the Committee in its analysis of and consultations with the Debtors concerning the operation and/ or liquidation of the Debtors' businesses and assets and the administration of the Debtors' cases;

(b) representing the Committee and the interests of unsecured creditors in negotiations toward, and confirmation and consummation of, any reorganization plan;

(c) representing the Committee and the interests of unsecured creditors in all matters before this Court in these cases; and

(d) performing all other necessary legal services that are in the best interest of the Committee and the unsecured creditors of the Debtors.

7.    Jones Waldo will make periodic applications for interim compensation, and upon the completion of the cases, a final application for final compensation, in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Committee after the Petition Date.  I understand that the Committee proposes to pay Jones Waldo from the assets of the Debtors' estates, through a carve-out for such fees from any cash collateral allowed to be used by Debtors, or otherwise.

8.    No promises have been solicited or received by Jones Waldo or any of its employees as to any payment or compensation in connection with this case other than in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  Jones Waldo has no agreement with any other entity to share with such entity any compensation received by Jones Waldo.

3

906485.1

9.     As required by Bankruptcy Rule 2014, Jones Waldo has endeavored to ascertain all connections between Jones Waldo and the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, and the office and employees of the U.S. Trustee.

10.     To determine such connections, Jones Waldo (i) has conducted a computer assisted conflicts review of all the names appearing on the Debtors' list of 20 largest unsecured creditors, members of the Committee, the Debtors, the Debtors' known secured creditors, and the Debtors' affiliates, and (ii) distributed the names of these major parties in interest to all attorneys at Jones Waldo.

11.     To the best of my knowledge, after conducting the searches described above, Jones Waldo represents no entity having an adverse interest in connection with the Debtors' bankruptcy cases.

12.     Other than social connections, neither Jones Waldo nor any of its employees has any connection with the office of the U.S. Trustee or with any of the employees of the office of the U.S. Trustee.

13.     Jones Waldo will continue to review its databases for any actual or potential conflicts and reserves the right to supplement and amend this Verified Statement should it discover further pertinent relationships that require disclosure in these cases.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 27th day of October, 2009.

JONES WALDO HOLBROOK & McDONOUGH PC


By: /s/ Jeffrey W. Shields
    Jeffrey W. Shields

4

906485.1

# EXHIBIT 1

# FIRM PROFILE

**JONES WALDO**

TEL: 801-521-3200    FAX: 801-328-0537

WWW.JONESWALDO.COM

170 SOUTH MAIN ST, SUITE 1500    SALT LAKE CITY, UT 84101

## JONES WALDO HOLBROOK & McDONOUGH PC

**FIRM OVERVIEW:** Founded in 1875, Jones Waldo is one of Utah's largest and most diversely experienced law firms. The firm has a proud history of serving the local, regional and national business community. What sets Jones Waldo apart is its specialized areas of practice and the industry expertise the firm's lawyers offer -- combined with the highest level of client service. The firm views client service as the conduit for bringing its breadth and depth of experience to bear in meeting the unique needs of each client.

## MAIN AREAS OF PRACTICE:

**Real Estate:** Jones Waldo has the largest group of real estate lawyers of any firm in Utah and has extensive experience in virtually all aspects of real estate matters. They negotiate and prepare documents related to the acquisition, sale and ground leasing of real property (commercial, residential, multi-family and mixed use), commercial leasing (including shopping centers, office and warehouse), resort development and in connection with the development of projects in the Intermountain West and throughout the United States. They represent big-box retailers in acquiring hundreds of sites and in developing shopping centers around the country.

**Litigation:** Jones Waldo's Litigation Department practices before state and federal courts and various administrative agencies. With strong emphasis on commercial and business-related litigation, these department members act as litigation counsel for a large number of national and international corporations and represent a wide variety of clients in all areas of commercial and business law.

**Corporate & Securities:** The firm has significant expertise and experience in corporate, securities and transactional matters, including work with technology and emerging companies, venture capital, private equity, merger/acquisition transactions, representation of SEC reporting companies, corporate governance, private offerings, domestic and international strategic contracting, technology licensing, patent and trademark registrations and employee and executive incentives and compensation.

**CLIENTS:** Agilix Labs, Inc.; Albertson's, Inc.; Bonneville International Corporation; Browning; Convergys; Extra Space Storage, Inc.; Hospital Corporation of America (HCA); Intel; Lowe's; MountainStar Healthcare; NPS Pharmaceutical, Inc.; Omniture; Overstock.com; Phillips Edison & Company; Q Comm International, Inc.; Salt Lake City Redevelopment Agency; The Salt Lake Tribune; Stampin' Up!; USU Research Foundation; Wal-Mart; Wells Fargo Bank; ZEVEX International, Inc.; Zions National Bank