Jeffrey W. Shields (USB #2948)
Lon Jenkins (USB #)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Proposed Counsel to Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No.09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and09-29908) |
| Debtors. | Chapter 11 |
| | Honorable R. Kimball Mosier |

## EX PARTE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION

The Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtors and debtors in possession (the "Debtors"), by its proposed counsel,[2] respectfully requests that this Court enter an order pursuant to Sections 105(a), 107(b) and 1102(b)(3)(A) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") clarifying the requirement

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

[2] Jones Waldo Holbrook & McDonough, PC has been selected by the Committee as its counsel; however, such retention has not yet been approved by this Court.

907697.1

of the Committee to provide access to confidential or privileged information to creditors (the

"Motion"). In further support of this Motion, the Committee respectfully states:

## BACKGROUND

1.      On September 14, 2009 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.      On October 2, 2009, the Office of the United States Trustee appointed the

Committee in these chapter 11 cases pursuant to section 1102(a) of the Bankruptcy Code

[DE #76].  The members of the Committee are: Craig Elliott, Elliott Workgroup Architecture,

LLC; Stephen Brown, Millcreek Consulting; W. James Tozer, Jr., Gateway Center, LLC; Douglas

J. Payne, Fabian & Clendenin; Heather I. Levine, Klehr Harrison Harvey Branzburg & Ellers,

LLP; Robert B. Goodrich, Goodrich and Thomas, CPAs; Mary Kay Griffin, CBIZ MHM, LLC;

Tom Shaner, Shaner Design, Inc.  On October 6, 2009, the Committee selected Jones Waldo

Holbrook & McDonough PC as counsel to represent the Committee in all matters during the

pendency of these chapter 11 cases.  On October 27, 2009, the Committee filed its Application to

Retain, Employ and Compensate Waldo Holbrook & McDonough PC as Counsel for the Official

Committee of Unsecured Creditors.

## RELIEF REQUESTED

5.      By this Motion, the Committee seeks entry of an order of this Court confirming

that the Committee is not authorized or required by Section 1102(b)(3)(A) of the Bankruptcy

907697.1

Code to provide to any creditor represented by the Committee access to the Debtors'
Confidential Information (as defined below) or required to provide access to any such creditor to
Privileged Information (as defined below). The requested relief not only will assist in preserving
and maximizing the value of the Debtors' estates, but also will protect the Committee by
permitting it to review Confidential Information and obtain privileged advice of counsel without
risk of violating the Bankruptcy Code by keeping such information confidential and not
distributing such information to creditors generally.[3]

## BASIS FOR RELIEF

6.      As part of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005,
Congress enacted section 1102(b)(3) of the Bankruptcy Code.  That section states, in relevant
part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall
"provide access to information to creditors who (i) hold claims of the kind represented by that
committee; and (ii) are not appointed to the committee." 11 U.S.C. §1102(b)(3)(A).  Section
1102(b)(3)(A) of the Bankruptcy Code does not indicate in what manner a creditors' committee
should provide access to "information" and, more importantly, does not indicate the nature,
scope or extent of the "information" that a creditors' committee must provide to its constituents.
Further, there appears to be no legislative history to section 1102(b)(3) of the Bankruptcy Code
to provide guidance on the application of this provision.

---

[3] The rights and obligations of the Committee to provide non-confidential information to its constituency will not be
affected by this Motion. The proposed order granting this Motion, in the form attached hereto as Exhibit A, provides
that "Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to
provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided
herein." As a result, the relief requested herein is limited solely to the potential impact of section 1102(b)(3)(A) of the
Bankruptcy Code with respect to Confidential Information and Privileged Information and does not attempt to
adjudicate rights or obligations of the Committee or the members of its constituency that might otherwise exist under
section 1102(b)(3)(A) of the Bankruptcy Code or otherwise with respect to any other information.

907697.1

7.     The lack of specificity in section 1102(b)(3)(A) of the Bankruptcy Code creates

significant issues for debtors and creditors' committees.  Typically, a debtor will share various

confidential and other non-public proprietary information with a creditors' committee (the

"Confidential Information").[4]  Creditors' committees may use this information to assess, among

other things, a debtor's capital structure, opportunities for restructuring a debtor's business in

chapter 11, the results of any revised operations of the debtor in the bankruptcy case, and the

debtor's overall prospects for reorganization under a chapter 11 plan.  In addition, creditors'

committees typically operate pursuant to written by-laws that include confidentiality provisions

or enter into other similar arrangements with debtors.  In this case, the by-laws of the Committee

contain confidentiality provisions.  Through this confidentiality arrangement, the Committee and

its members and advisors will keep the Debtors' and other parties' sensitive information

confidential and will not use non-public information except in connection with these chapter 11

cases and on terms acceptable to the Debtors.

8.     As Section 1102(b)(3)(A) of the Bankruptcy Code is silent as to the treatment of

Confidential Information, it raises the issue of whether a creditors' committee could be required

to share a debtor's or other parties' Confidential Information with any creditor that the

Committee represents.  In the absence of appropriate protections for the Debtors' Confidential

Information, the Debtor or other parties might be unwilling to share such information with the

---

[4] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors,
including, without limitation, documents prepared by the Debtors or their advisors or other agents containing non-public
information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations or studies
which are furnished, disclosed or made known to the Committee, whether intentionally and in any manner, including in
written form, orally, or through electronic, facsimile or computer- related communication. Confidential Information
shall include: (i) any notes, summaries, compilations, memoranda or similar written materials disclosing or
discussing Confidential Information; (ii) any written Confidential Information that is marked confidential by the
Debtors or their agents; and (iii) any other Confidential Information conveyed to the Committee orally that the
Debtors or their advisors or other agents advise the Committee should be treated as confidential.

4

Committee, which would undoubtedly impede the Committee's ability to do its work and impair

the working relationship between the Committee and other key constituents in the case, most

notably the Debtors.    Given the importance of the issue and the obvious need to protect

Confidential Information from disclosure, the Committee is seeking an order of this Court

confirming that section 1102(b)(3)(A) of the Bankruptcy Code does not authorize or require the

Committee to provide creditors with access to the Debtors' or other parties' Confidential

Information.

9.      The enactment of Section 1102(b)(3)(A) of the Bankruptcy Code also raises the

related issue of whether a creditors' committee could be required to share with any creditor that

the Committee represents information subject to the attorney-client or similar state, federal or

other jurisdictional law privilege, whether such privilege is solely controlled by such committee

or is a joint privilege with the debtor or some other party (collectively, the "Privileged

Information"). Again, the statute and legislative history do not suggest that such a requirement

exists.  Nonetheless, given the importance of this issue, the Committee is seeking clarification

that the Committee is not required to provide creditors with access to Privileged Information. Of

course, the Committee would be permitted, but not required, to provide access to Privileged

Information to any party so long as (a) such Privileged Information was not Confidential

Information, and (b) the relevant privilege was held and controlled solely by the Committee.

10.     If there were a risk that Confidential Information given by the Debtors or other

parties to the Committee could be disclosed to any creditor, the Debtor or other parties would

likely be strongly discouraged from giving Confidential Information to the Committee in the first

place.  In fact, the Debtors or other parties likely would conclude that they could not give such

5

907697.1

information to the Committee for fear of the substantial adverse impact that would result from such disclosure. The inability of the Committee to gain access to Confidential Information, in turn, would limit its ability to fulfill its statutory obligations under the Bankruptcy Code.

11.    The relief sought by the Committee will ensure that Confidential Information can be shared with the Committee to allow it to fulfill its role in these Chapter 11 cases. The requested relief will permit the Committee and its advisors to adhere to their confidentiality arrangement with the Debtors without the fear that individual creditors could force them to breach such obligations.

## APPLICABLE AUTHORITY

12.    When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241(1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... the intention of its drafters, rather than the strict language, controls." Id. at 242-43 (citing Griffin v. Oceanic Contractors, Inc., 485 U.S. 564 (1982) (internal quotation omitted)).

13.    The Committee respectfully submits that Section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous. The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) of the Bankruptcy Code could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is

907697.1

confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements. See 17 C.F.R. §§243.100 to 243.103 (2005).  Accordingly, bankruptcy courts which have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information.   See In re Frontier Airlines Holding, Inc., Case No. 08¬11298 (Bankr. S.D.N.Y. June 3, 2008) (confirming that the creditors' committee is not authorized or required to provide access to confidential information of the debtors or required to provide access to privileged information); In re Refco, Inc., 2005 WL 3543953 (Bankr. S.D.N.Y. Dec. 23, 2005) (order clarifying the requirement to provide access to information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code and approving information-sharing protocol); In re FLYi, Inc., Case No. 05-2001 (MFW) (Bankr. D. Del. Nov. 17, 2005) (providing that creditors' committees are not required to provide access to confidential information of the debtors or to privileged information).

14.    Nothing in section 1102(b)(3)(A) of the Bankruptcy Code itself, nor in the legislative history thereto, suggests that a creditors' committee is required to provide Confidential Information or Privileged Information to all creditors it represents. Indeed, there are compelling reasons to believe that Congress intended to continue to protect Confidential Information and Privileged Information under other provisions of the Bankruptcy Code that were not changed in the 2005 amendments. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall ... protect an entity with respect to trade secret or confidential research, development or commercial information." Section 107(b)(1) of the Bankruptcy Code is mandatory.  Video Software Dealers Ass'n v. Orion Pictures Corp.,

21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). Similarly, Bankruptcy Rule 9018 states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information ...." As a result, under section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, this Court is empowered to protect the Debtors' Confidential Information and Privileged Information from disclosure to general creditors.

15.     The relief requested herein does not interfere with the Committee's ability to provide information to constituents pursuant to section 1102(b)(3)(A) of the Bankruptcy Code. The Committee believes that it will be able to provide constituents with access to relevant public information concerning the Debtors and their chapter 11 cases, including significant pleadings filed with this Court, the Debtors' schedules of assets and liabilities and statements of financial affairs, the Debtors' monthly operating reports and analyses or summaries prepared by the Committee based on non-confidential, non-privileged information. Therefore, notwithstanding the relief requested herein, the Debtors' creditors will have access to a wealth of relevant information to permit the Committee to satisfy the purposes and requirements of section 1102(b)(3)(A) of the Bankruptcy Code.

16.     Therefore, pursuant to sections 105(a), 107(b)(1) and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee respectfully requests that the relief requested herein be granted to best preserve and maximize the value of the Debtors estates and to assist the Committee to fulfill its statutory role in these chapter 11 cases.

907697.1

## NOTICE

17.    Notice of this Application has been given to (i) the Debtors; (ii) the Office of the

United States Trustee for the District of Utah; and (iii) other parties requesting notice in these

cases.  In light of the nature of the relief requested herein, the Committee submits that no other

notice need be given.

## NO PRIOR REQUEST

18.    No prior application for the relief requested herein has been made by the

Committee to this or any other court.

WHEREFORE, the Committee respectfully requests that this Court enter an order

granting the relief requested herein and such other and further relief as may be just and proper.

October 27, 2009                    Respectfully submitted,

JONES WALDO HOLBROOK & MCDONOUGH PC


By:___/s/ Jeffrey W. Shields_____
        Jeffrey W. Shields
        170 South Main Street, Suite 1500
        Salt Lake City, Utah  84101
        Telephone:  (801) 521-3200


**PROPOSED COUNSEL FOR OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS**

9

907697.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying Requirement to Provide Access to Confidential or Privileged Information* was served by this Court's CM/ECF system and/or by regular U.S. Mail and/or by facsimile or electronic mail on October 27, 2009 to the parties listed on the attached distribution list.

By:___/s/ Jeffrey W. Shields_____
      Jeffrey W. Shields

907697.1

A.W. Marshall Company
PO Box 16127
Salt Lake City, UT 84116-0127

ACME Thread Ware
6436 N Business Park Loop Rd.
Park City, UT 84098-6233

ADT Security Services Inc
PO Box 371956
Pittsburgh, PA 15250-7956

ALC Snow Removal
PO Box 680442
Park City, UT 84068-0442

AT&T Mobility
PO Box 6463
Carol Stream, IL 60197-6463

Aetna
PO Box 894938
Los Angeles, CA 90189-4938

Air Filter Sales & Service Inc
255 West 2950 South
Salt Lake City, UT 84115-3443

Albert Ulster Imports, Inc.
PO Box 770
Gaithersburg, MD 20884-0770

Alchemy Ventures Trust
17575 Fitzpatrick Lane
Occidental, CA 95465-9355

All-Pro Cleaning Systems, Inc.
166 West Cottage Avenue
Sandy, UT 84070-1433

Allen Distribution Services
3247 South 3690 West
West Valley City, UT 84120-2150

Allied Waste Services
PO Box 78829
Phoenix, AZ 85062-8829

Alsco
PO Box 25717
Salt Lake City, UT 84125-0717

American Express
PO Box 53852
Phoenix, AZ 85072-3852

American Express Travel
2421 West Peoria Avenue
Phoenix, AZ 85029-4939

American Hotel Register CO
16458 Collections Center Drive
Chicago, IL 60693-0001

American Liberty Insurance
3601 N University Ave Suite 100
Provo, UT 84604-6600

Appliance Sales & Service
PO Box 670
55 E Center St., Suite 140
Heber City, UT 84032-1946

Arctic Spas/ Spagoods.com
4575 N. Silver Springs Dr
Park City, UT 84098-7536

BJ Plumbing Supply
1470 South State
Orem, UT 84097-7704

BTC Rob Stevenson
957 East 1300 South
Salt Lake City, UT 84105-1856

Baker Tile Co
1434 West 8040 South
West Jordan, UT 84088-9459

Bay North Capital, LLC
Attn: Charles J. Flint
One Financial Center, Floor 23
Boston, MA 02111-2621

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544

Christine M. Craige, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013-1010

Christopher B. Barker, Esq.
Goodwin Proctor LLP
53 State Street
Boston, MA 02109-2881

Bellows Glass
76 West 200 South
Heber City, UT 84032-2005

Bevco2
651 West 600 South
Salt Lake City, UT 84104-1015

Big Four Distributing, Inc
304 East 900 South
Provo, UT  84606-7316

Bill & Carrie Shoaf
4780 Winchester Court
Park City, UT 84098-7528

CBIZ
175 S West Temple, Suite 650
Salt Lake City, UT 84101-1422

Child Support Services
ORS PO Box 45011
Salt Lake City, UT 84145-0011

Cintas Corporation
97627 Eagle Way
Chicago, IL 60678-7627

CloudNine Resorts SL- Development
PO Box 683300
Park City, UT 84068-3300

CloudNine Resorts SL- Management
PO Box 683300
Park City, UT 84068-3300

Colorado Casualty Insurance Co
PO Box 85627
San Diego, CA 92186-5627

Comcast
PO Box 34744
Seattle, WA 98124-1744

CoolWorks.com
PO Box 272
Gardiner, MT 59030-0272

Corbin B. Gordon, P.C.
345 West 600 South
Heber City, UT 84032-2247

Curb It Recycling
PO Box 681397
Park City, UT 84068-1397

Cushman & Wakefield
50 Broad Street
New York, NY 10004-2307

David Wickline
17575 Fitzpatrick Lane
Occidental, CA  95465-9355

Dex West
PO Box 79167
Phoenix, AZ 85062-9167

Diamond Rental
4518 South 500 West
Salt Lake City, UT 84123-3694

Drew A. Norman, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

EM Systems
PO Box 540783
North Salt Lake, UT 84054-0783

Easy Street Holding, LLC
4780 Winchester Court
Park City, UT  84098-7528

Easy Street Mezzanine, LLC
4780 Winchester Court
Park City, UT  84098-7528

Easy Street Partners, LLC
4780 Winchester Court
Park City, UT  84098-7528

Ecolab
PO Box 100512
Pasadena, CA 91189-0512

Ecolab Pest Elim. Div
PO Box 6007
Grand Forks, ND 58206-6007

Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Elliott Workgroup LLC
Attn:  Craig Elliott
P O Box 3149
Park City, UT  84060-3149

907801.1

Fast Patch
2257 Greens Lane
Spanish Fork, UT 84660-9599

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Tony Fiotto
Eric Lemont
Goodwin Proctor LLP
53 State Street
Boston, MA 02109-2881

Five 9's Communication
PO Box 348
Roy, UT 84067-0348

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA 95113-2351

Fuelman
PO Box 105080
Atlanta, GA 30348-5080

Gateway Center, LLC
c/o Commerce CRG
PO Box 571530
Murray, UT 84157-1530

General Chemical
PO Box 533195
Charlotte, NC 28290-3195

Gentry Finance
386 South State Street
Orem, UT 84058-5424

Goodrich & Thomas, CPAs
3200 Park Center Drive Suite 1170
Costa Mesa, CA 92626-7153

Grazo Electric
PO Box 1196
Midway, UT 84049-1196

Gunthers Comfort Air
81 South 700 East
American Fork, UT 84003-2158

HD Supply Facilities Maintenance
PO Box 509058
San Diego, CA 92150-9058

Brian W. Harvey
Goodwin Proctor LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1618

Home Depot Credit Services
PO Box 6031
The Lakes, NV 88901-6031

Hood Cleaners of Utah
PO Box 342
Riverton, UT 84065-0342

Hotel Amenities Resources LLC
2000 Van Ness Avenue Suite 801
San Francisco, CA 94109-3023

Innovative Body Science
6350 Yarrow Drive Suite D
Carlsbad, CA 92011-1544

Intermountain Drug Testing
PO Box 9800
Salt Lake City, UT 84109-9800

Internal Revenue Service
Centralized Insolvency Operations
P O Box 21126
Philadelphia, PA 19114-0326

Ion Cibuc
7 Kafern Drive Apt 1-D
Baltimore, MD 21207-4383

Jacobsen Construction
PO Box 27608
Salt Lake City, UT 84127-0608

Jacobsen National Group, Inc.
c/o Michael R. Johnson, Esq.
(Via ECF Notification)
mjohnson@rqn.com, agale@rqn.com

KBIi Properties, LP
PO Box 680464
Park City, UT 84068-0464

Kaba Ilco, Inc
PO Box 12553 Succ Centre Ville
Montreal, QC H3C-6R1
CANADA

907801.1

Anthony C. Kaye
(Via ECF Notification)
Kaye@ballardspahr.com

Benjamin J. Kotter
Scott A. Cummings
Mary Margaret Hunt
Annette W. Jarvis
(Via ECF Notification)
Kotter.benjamin@dorsey.com
Cummings.scott@dorsey.com
Hunt.peggy@dorsey.com;
wardle.gay@dorsey.com;
Jarvis.annette@dorsey.com
Smith.ron@dorsey.com
Slc.lit@dorsey.com;
Brown.patricia@dorsey.com

Klehr, Branzburg & Ellers LLP
260 South Broad St,
Philadelphia, PA 19102-5021

La Monica's Restaurant Equipment
6211 South 380 West
Murray, UT 84107-3309

Les Olson Company
PO Box 65598
Salt Lake City, UT 84165-0598

Liquor Leasing & Service, L.C.
9283 South Jean Drive
Sandy, UT  84070-6254

Living Creations Inc
2163 E Lambourne Ave
Salt Lake City, UT 84109-2454

Luxury Residence Group
P O Box 1225
Park City, UT  84060-1225

M & M Distributing
531 West 600 North
Salt Lake City, UT 84116-3430

Market Metrix
990 A Street Suite 301
San Rafael, CA 94901-3000

Adelaide Maudsley
(Via ECF Notification)
maudsley@chapman.com,
jemery@chapman.com

McGladrey and Pullin
Attn:  Jan Riend
One South Wacker Drive, Suite 800
Chicago, IL 60606-4650

Merrit & Harris
301 E Glenoaks Blvd. Suite 4,
Glendale CA 91207-2115

Michael & Nilda Chang
16 Morning Sky Lane
Las Vegas, NV 89135-7860

Millcreek Consulting
3017 E Kempner Rd.
Salt Lake City UT 84109-3654

Money 4 You & Mr. Money
498 North 900 West # 230
Kaysville, UT 84037-4213

John T. Morgan Tr
US Trustees Office
(Via ECF Notification)
John.t.morgan@usdoj.gov;
james.gee@usdoj.gov

Mountain Valley Temperature Control
PO Box 429
Pleasant Grove, UT 84062-0429

Muir Copper Canyon Farms
PO Box 26775
Salt Lake City, UT 84126-0775

Muzak LLC
PO Box 71070
Charlotte, NC 28272-1070

Pacific Seafood - Utah
c/o Pacific Seafood Co.
P O Box 842757
Boston, MA 02284-2757

Park City I, LLC
166 Duane Street
New York, NY  10013-3398

Park City Surveying
P O Box 682993
Park City, UT  84068-2993

Philo Smith Jr. Trust
684 Glenneyre Street
Laguna Beach, CA  92651-2420

Par Springer-Miller System, Inc
782 Mountain Road
PO Box 1547
Stowe, VT 05672-1547

Park City Auto Parts/Hardware
PO Box 244
Heber City, UT 84032-0244

Park City Municipal Corp.
PO Box 1480
Park City, UT 84060-1480

Park City Water
PO Box 1480
Park City, UT 84060-1480

Park City WinElectric
PO Box 681729
Park City, UT 84068-1729

Patricia Wagner
PO Box 680322
Park City, UT 84068-0322

PayChex Human Resources Services
PO Box 29769
New York, NY 10087-9769

Peak Mobile Communications
4910 South Warehouse Road
Salt Lake City, UT 84118-6354

Peets Coffee & Tea
PO Box 12509
Berkeley, CA 94712-3509

Pitney Bowes
PO Box 856390
Louisville, KY 40285-6390

Plaza Dry Cleaners
PO Box 770-361
Park City UT 84060

Porter Paint
1268 South 500 West
Salt Lake City, UT 84101-3019

Proforma
PO Box 51925
Los Angeles, CA 90051-6225

Protravel International

14130 Riverside Drive
Sherman Oaks, CA 91423-2313

Protravel International Inc
515 Madison Ave 10th Floor
New York, NY 10022-5403

Questar Gas Company
PO Box 45360
Salt Lake City, UT 84145-0360

Qwest
PO Box 29039
Phoenix, AZ 85038-9039

Qwest Long Distance Business Services
PO Box 856169
Louisville, KY 40285-6169

Renegade Oil Inc
1141 South 3200 West
Salt Lake City, UT 84104-4562

Revco Leasing
PO Box 65598
Salt Lake City, UT 84165-0598

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

Rimmerman
One Embarcadero Center, Suite 2410
San Francisco, CA 94111-3737

PacifiCorp
Attn: Bankruptcy
P O Box 25308
Salt Lake City, UT  84125-0308

RussWoods LLC
5148 Silver Springs Road
Park City, UT 84098-6034

SL Convention & Visitors Bureau
90 South West Temple
Salt Lake City, UT 84101-1406

Schindler Elevator Corporation
PO Box 93050
Chicago, IL 60630

Securities & Exchange Commission
Attn: Bankruptcy Dept.
44 Montgomery St # 1100
San Francisco, CA 94104-4613

Sentry West Insurance Services
PO Box 9289
Salt Lake City, UT 84109-9289

Shaner Design, Inc.
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060-4560
Sheri P. Chromow, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

Shift4 Corporation
1491 Center Crossing Rd
Las Vegas, NV 89144-7047

Shoes For Crews, LLC
File LockBox 51151
Los Angeles, CA 90074-1151

Squire
1329 South 800 East
Orem, UT 84097-7700

Standard Plumbing Supply
PO Box 708490
Sandy, UT 84070

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA 50368-9020

State Office of Recovery Services
515 East 100 South
P O Box 45033
Salt Lake City, UT 84145-0033

State of Utah
Office of the Attorney General
Tax & Revenue Division
P O Box 40874
Salt Lake City, UT 84114-0874

Step Saver Inc.
1901 West 2425 South
Wood Cross, UT 84087-2463

Stone Ground Bakery
PO Box 581078
Salt Lake City, UT 84158-1078

Summit Business Services
Attn: Chipper Leonard
4130 Hilltop Court
Park City, UT 84098-4715

Summit County Assessor
PO Box 128
Coalville, UT 84017-0128

Summit County Public Health Dept
Environmental Laboratory
PO Box 128
Coalville, UT 84017-0128

Sundance Partners, Ltd.
c/o Ballard Spahr
201 South Main Street, Suite 600
Salt Lake City, UT 84111-2212

Swire Coca-Cola USA
PO Box 1410
Draper, UT 84020-1410

Sysco Intermountain Food Service
PO Box 27638
Salt Lake City, UT 84127-0638

Target Labels & Packaging
40 West 3800 North
Hyde Park, UT 84318-4114

N. Allen Taylor
Taylor Capital Management
6641 North Paseo Tamayo
Tucson, AZ 85750

The Chef's Garden
9009 Huron-Avery Road
Huron, OH 44839-2448

The Elevator Company
PO Box 736
Bountiful, UT 84011-0736

Timothy G. Little, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

USA Today
PO Box 79782
Baltimore, MD 21279-0782

907801.1

Union Square Home Owners Association
PO Box 683300
Park City UT 84068-3300

United Fence Co.
PO Box 26933
2525 South 2700 West
Salt Lake City, UT 84119-1227

Utah Dept-Alcoholic Beverage Control
1625 South 900 West
P O Box 30408
Salt Lake City, UT 84130-0408

Utah Dept of Workforce Services
P O Box 45249
Salt Lake City, UT 84145-0249

Utah State Tax Commission
Sales Tax
210 North 1950 West
Salt Lake City, UT 84134-0400

Wasatch Audio-Visual
PO Box 770 PMB282
Park City, UT 84060-0770

Wasatch Meats
926 South Jefferson Street
Salt Lake City, UT 84101-2983

Water Images
PO Box 571393
Murray, UT 84157-1393

Water Reclamation District
2800 Homestead Rd
Park City, UT 84098-4869

Wells Fargo Equipment Finance
NW-8178 PO Box 1450
Minneapolis, MN 55485-8178

Wells Fargo Equipment Finance
733 Marquette Avenue Suite 700
Minneapolis, MN 55402-2316

West LB AG, New York Branch
Attn: Christian Ruehmer
1211 Avenue of the Americas, 24th Flr
New York, NY 10036-8705

West LB AG, New York Branch
Attn: Bruce F. Davidson
1211 Avenue of the Americas, 24th Flr
New York, NY 10036-8705

West LB AG, New York Branch
Attn: Duncan Robertson
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705

West LB AG, New York Branch
Attn: Jeff Nelson
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705

West LB AG, New York Branch
Attn: James Winikor
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705

Whitney Advertising & Design
6410 N Business Park Loop Rd
Suite H
Park City, UT 84098-6212

William D. Ellis, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Wrona Law Office, P.C.
1816 Prospector Avenue Suite 100
Park City, UT 84060-7481

Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544

Kenneth L. Cannon II
Steven J. McCardell
Jessica G. Peterson
(Via ECF Notification)
Kcannon@djplaw.com; khughes@djplaw.com
smccardell@djplaw.com;
jpeterson@djplaw.com

United States Trustess
(Via ECF Notification)
USTPRegion19.SK.ECF@usdoj.gov

907801.1

# EXHIBIT A

*Order Prepared and Submitted By:*
Jeffrey W. Shields (USB #2948)
Lon Jenkins (USB #)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Proposed Counsel to Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| In re: | : | Bankruptcy No.09-29905 |
| | : | |
| **EASY  STREET  HOLDING, LLC  et al.,**[1] | : | (Jointly Administered with Cases 09-29907 and09-29908) |
| | : | |
| Debtors. | : | |
| | : | Chapter 11 |
| | : | |
| | : | Honorable R. Kimball Mosier |
| | : | |

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

907715.1

**ORDER CLARIFYING REQUIREMENT OF COMMITTEE TO PROVIDE ACCESS TO
CONFIDENTIAL OR PRIVILEGED INFORMATION**

THIS MATTER is before the Court on the ex parte motion (the "Motion") of the Official

Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and

debtors-in-possession (the "Debtors"), pursuant to sections 105(a), 107(b)(1) and 1102(b)(3)(A)

of the Bankruptcy Code and Bankruptcy Rule 9018, for entry of an order confirming that the

Committee is not authorized or required to provide to any creditor represented by such

Committee access to the Debtors' Confidential Information or required to provide access to

Privileged Information, as more fully described in the Motion; and this Court having reviewed

the Motion; and this Court having determined that the relief requested is in the best interest of

the Debtors, their estates, creditors and the committee; and notice of the Motion having been

given to all parties entitled to receive notice; and it appearing that no other or further notice of

the Motion need be given; and after due deliberation and sufficient cause appearing therefore; it

is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that for purposes of this Order, "Confidential Information" shall mean any

nonpublic information of the Debtors or any other party in interest, including, without limitation,

documents prepared by the Debtors or their advisors or other agents containing non-public

information concerning the Debtors' assets, liabilities, business operations, projections, analyses,

compilations or studies which are furnished, disclosed or made known to the Committee,

whether intentionally and in any manner, including in written form, orally, or through electronic,

facsimile or computer-related communication.  Confidential Information shall include: (i) any

907715.1

notes, summaries, compilations, memoranda or similar written materials disclosing or discussing Confidential Information; (ii) any written Confidential Information that is marked confidential by the Debtors or their agents; and (iii) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential; and it is further

ORDERED, that for purposes of this Order, "Privileged Information" shall mean any information subject to the attorney-client or similar state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party; and it is further

ORDERED, that the Committee (whether operating through its members, advisors or other agents) shall not be authorized or required, pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Confidential Information of the Debtors or any other party in interest to any creditor it represents; and it is further

ORDERED, that the Committee (whether operating through its members, advisors or other agents) shall not be required, pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Privileged Information to any creditor it represents. The committee shall not be authorized to provide any party access to Privileged Information where such Privileged Information is Confidential Information or the relevant privilege is not held and controlled solely by the Committee; and it is further

ORDERED, that nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein. The entry of this

3

907715.1

Order is (a) without prejudice to the rights of the Committee to seek a further order of this Court addressing any additional relief relevant to its functionality and compliance with Section 1102(b)(3)(A) of the Bankruptcy Code and (b) subject to further order of this Court; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order, and it is further

**ORDERED**, that the Committee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

--- END OF ORDER ---

4

907715.1