Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Bruce J. Zabarauskas (bzabarauskas@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| | 09-29907 and 09-29908 |
| | |
| Address:  201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

**MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO CONDUCT
EXAMINATION PURSUANT TO RULE 2004 OF THE BANKRUPTCY RULES**

SLC_483081

Easy Street Holding, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC (collectively, the "Debtors"), by and through counsel, hereby move this Court for an Order allowing them to conduct an examination of David Wickline, Alchemy Ventures Group, LLC and Alchemy Ventures Trust, LLC pursuant to Rule 2004 of the Bankruptcy Rules.  In support of this Motion, the Debtors respectfully represent as follows:

1.      The Debtors are informed and believe that David Wickline, Alchemy Ventures Group, LLC ("AVG" ) and Alchemy Ventures Trust, LLC ("AVT") (collectively, the "Examinees") have information regarding the above-entitled bankruptcy estate subject to examination within the meaning of Fed. R. Bank. P. 2004.

2.      Specifically, the following circumstances show that the Examinees may have information concerning the acts, conduct, or property or the liabilities and financial condition of the Debtors, within the meaning of Fed. R. Bank. P. 2004(b)  As set forth on the Ownership Structure Chart attached hereto as Exhibit A, and which was included as part of the lending documents of the Debtors (as Exhibit W to the Loan and Security Agreement with WestLB), the Examinees have (or had), among others, the following relationships to the Debtors prior to the petition date in these cases:

(a)      Management.  Easy Street Holding, LLC was managed by AVG SL, LLC ("AVG - SL"), Mr. Wickline is or was a manager of AVG – SL, and AVT is or was a 50% member of AVG – SL.

(b)      Ownership.  Mr. Wickline owns, controls, and/or manages (or owned, controlled and/or managed) AVT, which, in addition to its 50% membership interest in AVG –

SL,  is or was a member of Alchemy Ventures Group, LLC ("AVG"), which in turn owns

38.75% of the membership interests in Easy Street Holding, LLC.

3.      The Debtors wish to conduct the examination of the Examinees regarding the

acts, conduct, or property or the liabilities and financial condition of the Debtors and matters

which may affect the administration of the Debtors' estates, and the Debtors' loans with WestLB

AG and BayNorth Realty Fund VI, LP ("BayNorth").

4.      Debtors further wish to issue a subpoena, as authorized by Fed. R. Bank. P.

2004(c) and 9016, for the attendance and production of documents.  The documents which will

be subpoenaed for production are identified in Exhibit B to this Motion.

5.      The Debtors are informed and believe that Mr. Wickline is a resident of

Occidental, Sonoma, California.  The Debtors have therefore arranged for the production of

documents and for the conduct of the examinations at the offices of the San Francisco law firm

Folger Levin & Kayn, LLP, Embarcadero Center West, 275 Battery Street, 23rd Floor, San

Francisco, CA 94111 (telephone:  415.986.2800).

6.      The relief sought in this Motion is expressly authorized by Fed. R. Bank. P. 2004

and Local Rule 2004-1(1), which further authorize counsel for the Debtors to issue a subpoena

on behalf of the Court for the district in which the examination is to be held..

7.      The Debtors represent that (as set forth in the Order submitted with this Motion)

the Examinees will receive not less than fifteen (15) days written notice of the examination, as

required by Local Rule 2004-1(1).  Accordingly, no notice or hearing of this motion is required.

WHEREFORE, the Debtors pray that this Court enter an Order in the form submitted

with this Motion allowing them to conduct an examination of the Examinees and to obtain

production of documents as set forth in Exhibit B pursuant to Rule 2004 of the Bankruptcy Rules

and Local Rule 2004-1(1), on not less than fifteen (15) days' written notice.

DATED:  October 30, 2009

DURHAM JONES & PINEGAR, P.C.

By:  /s/ Steven J. McCardell

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

and

Michael V. Blumenthal (mblumenthal@crowell.com)
     (admitted pro hac vice)
Bruce J. Zabarauskas (bzabarauskas@crowell.com)
     (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## **EXHIBIT A**

[Easy Street Partners, LLC Ownership Structure Chart]

SLC_483081

# EASY STREET PARTNERS, LLC OWNERSHIP STRUCTURE



## EXHIBIT B

## DEFINITIONS

The following definitions are to be used in connection with the document production to be required by the Court's order.

A.    "Alchemy" means Alchemy Ventures Group, LLC.

B.    "Alchemy Trust" means Alchemy Ventures Trust, LLC.

C.    "AVG" means AVG SL, LLC.

D.    "BayNorth" means BayNorth Realty Fund VI, LP and any affiliates thereof.

E.    "Debtors" means Easy Street Holding, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC.

F.    "Mezzanine Loan" means the loan made pursuant to that certain Loan Agreement, dated as of March 30, 2006 between Easy Street Mezzanine LLC and BayNorth.

G.    "Mezzanine Loan Commitment" means any loan commitment or document reflecting BayNorth's willingness or agreement to enter into a loan agreement with one or more of the Debtors.

H.    "WestLB Senior Loan" means the loan made pursuant to that certain Loan and Security Agreement, dated as of March 30, 2006, between Easy Street Partners, LLC and WestLB AG.

I.    The "Premises" means the real and personal property known and operated by Easy Street Partners, LLC, as The Sky Lodge in Park City, Utah.

J.    "Wickline" means David Wickline.

SLC_483081

## DOCUMENTS TO BE PRODUCED[1]

1.      All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or the Mezzanine Loan, and which is  between Wickline and: (i) any of the members of the Debtors; (ii) William Shoaf; (ii) Philo Smith; (iii) Elizabeth Rad; (iv) Michael Feder; (v) Chipper Leonard; (vi) any employee, representative or principal of Summit Business Services; (vii) Andy Stein; (viii) Bruce Davidson; (ix) Christian Ruehmer; (x) James Winikor; (xi) any employee, representative, employee, principal of or attorney for WestLB, (xii) Larry Vogler; (xiii) Jeff Breaden; or (xiv) any employee, representative or employee of Prime Capital.

2.      All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or the Mezzanine Loan, and which is between Wickline and: (i) Charlie Flint; (ii ) Allen Taylor; (iii) any employee, representative or principal of, or attorney for, BayNorth or any affiliate of BayNorth.

3.      All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or BayNorth, and which is between Wickline and (i) George David; or (ii) any employee, representative or principal of Realty Financial Resources, Inc.

4.      All documents concerning negotiations or discussions with lenders other than BayNorth concerning a mezzanine loan in connection with any of the Debtors or the Premises

5.      The Mezzanine Commitment Letter and any and all drafts thereof.

6.      All documents concerning any transactions between: (x) BayNorth or any of its affiliates, and (y) any entity owned by, or affiliated with, Wickline.

7.      All documents concerning, referring to or relating to any alleged defaults asserted by BayNorth under the Mezzanine Loan.

8.      All documents concerning, referring to or relating to any defaults or alleged defaults under the WestLB Senior Loan.

---

1      Unless otherwise specified herein, this document request applies to all documents concerning the time period from June 1, 2005 to date.

SLC_483081

9.        All documents concerning, referring to or relating to the $5,600,000 payment made to

BayNorth in February 2008 in connection with the Mezzanine Loan.

10.        All documents concerning any proposal to tender or offer to tender a deed to the Premises

in lieu of foreclosure to BayNorth.

11.        All documents concerning AVG's management of the Premises.

12.        All documents concerning the preparation of, filing of or failure to file, tax returns on

behalf of any of the Debtors for tax years 2007 and 2008.

13.        All documents concerning any offers to purchase any direct or indirect interest owned by

Wickline in Alchemy Trust, Alchemy or Holding.

14.        All documents concerning management related actions taken by Wickline, Alchemy or

Alchemy Trust on behalf of any of the Debtors.

SLC_483081