B254 (11/91) Subpoena for Rule 2004 Examination

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

In re:

EASY STREET HOLDING, LLC, *et al.*,

Debtors.

**SUBPOENA DUCES TECUM**
**FOR RULE 2004 EXAMINATION**

09-29905 RKM
Jointly Administered with Cases
09-29907 and 09-29908
Chapter 11

TO:   David Wickline, Alchemy Ventures Group, LLC and Alchemy Ventures Trust, LLC

[X] YOU ARE COMMANDED to appear pursuant to a court order issued under Rule 2004, Fed.R.Bankr.P., at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Folger Levin & Kayn, LLP, Embarcadero Center West, 275 Battery Street, 23rd Floor, San Francisco, CA 94111 (telephone: 415.986.2800) | **November 23, 2009 at 10:00 a.m., prevailing Pacific Time** |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **All documents responsive to Exhibit 1 hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Folger Levin & Kayn, LLP, Embarcadero Center West, 275 Battery Street, 23rd Floor, San Francisco, CA 94111 (telephone: 415.986.2800) | **November 18, 2009 at 10:00 a.m., prevailing Pacific Time** |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | *December 3, 2009* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Steven J. McCardell (Utah Bar No. 2144)
Durham Jones & Pinegar
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110

[Subpoena issued pursuant to Fed. R. Bank. P. 2004 and 9019, and pursuant to order of the United States Bankruptcy Court for the District of Utah entered November 2, 2009]

B254 (11/91) Subpoena for Rule 2004 Examination

SLC_483096

B254 (11/91) Subpoena for Rule 2004 Examination

## PROOF OF SERVICE

| **Date:** SERVED | **Place:** 17575 Fitzpatrick Lane Occidental, CA  95465 |
|---|---|
| **Served on (Print Name):** David L. Wickline, Alchemy Ventures Group, LLC and Alchemy Ventures Trust, LLC | **Manner of Service:** Overnight Mail |
| **Served By (Print name):** Kristin Hughes | **Title:** Legal Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/3/2009
　　　　　　　Date

Signature of Server
111 East Broadway, Suite 900, Salt Lake City, UT 84111
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SLC_483096

## EXHIBIT 1 TO SUBPOENA

### DEFINITIONS

The following definitions are to be used in connection with the document production to be required by the Court's order.

A.    "Alchemy" means Alchemy Ventures Group, LLC.

B.    "Alchemy Trust" means Alchemy Ventures Trust, LLC.

C.    "AVG" means AVG SL, LLC.

D.    "BayNorth" means BayNorth Realty Fund VI, LP and any affiliates thereof.

E.    "Debtors" means Easy Street Holding, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC.

F.    "Mezzanine Loan" means the loan made pursuant to that certain Loan Agreement, dated as of March 30, 2006 between Easy Street Mezzanine LLC and BayNorth.

G.    "Mezzanine Loan Commitment" means any loan commitment or document reflecting BayNorth's willingness or agreement to enter into a loan agreement with one or more of the Debtors.

H.    "WestLB Senior Loan" means the loan made pursuant to that certain Loan and Security Agreement, dated as of March 30, 2006, between Easy Street Partners, LLC and WestLB AG.

I.    The "Premises" means the real and personal property known and operated by Easy Street Partners, LLC, as The Sky Lodge in Park City, Utah.

J.    "Wickline" means David Wickline.

SLC_483096

## DOCUMENTS TO BE PRODUCED[1]

1.    All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or the Mezzanine Loan, and which is between Wickline and: (i) any of the members of the Debtors; (ii) William Shoaf; (ii) Philo Smith; (iii) Elizabeth Rad; (iv) Michael Feder; (v) Chipper Leonard; (vi) any employee, representative or principal of Summit Business Services; (vii) Andy Stein; (viii) Bruce Davidson; (ix) Christian Ruehmer; (x) James Winikor; (xi) any employee, representative, employee, principal of or attorney for WestLB, (xii) Larry Vogler; (xiii) Jeff Breaden; or (xiv) any employee, representative or employee of Prime Capital.

2.    All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or the Mezzanine Loan, and which is between Wickline and: (i) Charlie Flint; (ii ) Allen Taylor; (iii) any employee, representative or principal of, or attorney for, BayNorth or any affiliate of BayNorth.

3.    All correspondence concerning any of the Debtors, the Premises, the WestLB Senior Loan or BayNorth, and which is between Wickline and (i) George David; or (ii) any employee, representative or principal of Realty Financial Resources, Inc.

4.    All documents concerning negotiations or discussions with lenders other than BayNorth concerning a mezzanine loan in connection with any of the Debtors or the Premises.

5.    The Mezzanine Commitment Letter and any and all drafts thereof.

6.    All documents concerning any transactions between: (x) BayNorth or any of its affiliates, and (y) any entity owned by, or affiliated with, Wickline.

---

1    Unless otherwise specified herein, this document request applies to all documents concerning the time period from June 1, 2005 to date.

7.     All documents concerning, referring to or relating to any alleged defaults asserted by BayNorth under the Mezzanine Loan.

8.     All documents concerning, referring to or relating to any defaults or alleged defaults under the WestLB Senior Loan.

9.     All documents concerning, referring to or relating to the $5,600,000 payment made to BayNorth in February 2008 in connection with the Mezzanine Loan.

10.     All documents concerning any proposal to tender or offer to tender a deed to the Premises in lieu of foreclosure to BayNorth.

11.     All documents concerning AVG's management of the Premises.

12.     All documents concerning the preparation of, filing of or failure to file, tax returns on behalf of any of the Debtors for tax years 2007 and 2008.

13.     All documents concerning any offers to purchase any direct or indirect interest owned by Wickline in Alchemy Trust, Alchemy or Holding.

14.     All documents concerning management related actions taken by Wickline, Alchemy or Alchemy Trust on behalf of any of the Debtors.

SLC_483096