Jeffrey Weston Shields (USB # 2948)
Lon A. Jenkins (USB # 4060)
Troy J. Aramburu (USB # 10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801)521-3200
Facsimile: (801) 328-0537
Email: jshields@joneswaldo.com
        lajenkins@joneswaldo.com
        taramburu@joneswaldo.com

*Proposed Counsel for Unsecured Creditors' Committee*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

| In re:<br><br>EASY STREET HOLDING, LLC, et al.<br><br>Debtors. | **Bankruptcy No. 09-29905**<br><br>Jointly Administered with Cases:<br>09-29907 RKM and 09-29908 RKM<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |
|---|---|

## OBJECTION OF UNSECURED CREDITORS' COMMITTEE TO DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE SECTION 327(e) AND RULES 2014(a) AND 2016(b) TO EMPLOY CORBIN B. GORDON AS SPECIAL COUNSEL

The Official Unsecured Creditors' Committee ("Committee") for Easy Street Holding, LLC, et al. ("Debtors"), by and through its proposed counsel, hereby submits its Objection to the Debtors' Application ("Application") to Employ Corbin B. Gordon as Special Counsel for the Debtors. In support of its Objection, the Committee states as follows:

909465\1

1. Debtors have filed their Application seeking to employ Corbin B. Gordon ("Gordon") as Special Counsel for the Debtors pursuant to Section 327(e) and 330 of the Bankruptcy Code.

2. In support of their Application, the Debtors state that they seek to employ Gordon as special counsel because of Gordon's expertise and knowledge "in the areas of Debtors' Gateway Center Lease, including extensive research on UOSH compliance, as well as unique issues with the Gateway Center and how it is operated and how the issues effect the validity of the Debtor's claims that the lease has been violated . . .." In addition, attached to the Application is an engagement letter between Debtors and Gordon dated March 28, 2009.

3. Section 327(e) of the Bankruptcy Code provides the statutory basis for the employment of special counsel:

> The trustee, with the court's approval, may employ, for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold and interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

4. Each of four requirements must be satisfied under Section 327(e) to obtain approval of a special counsel employment application. Those requirements are "1) the proposed special counsel must have represented the debtor previously; 2) the proposed special counsel must be employed by the trustee only for a limited, special purpose; 3) the proposed representation must be in the best interest of the estate; and 4) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel." *In re Potter*, 2009 WL 2922850 at *1 (June 12, 2009 Bankr. D. N. Mex.).

5.  If even one of the above four criteria is not satisfied, an application cannot be approved. Most significantly, the application to employ special counsel must be in the best interest of the estate. *Id.* at *3 (even though application satisfied criteria #1, #2 and #4, limited purpose for which trustee sought to employ special counsel was not in best interest of the estate because estate could not bear $15,000 to $20,000 estimated fee).

6.  In the present case, the Committee submits that the Debtors' Application to employ Gordon as special counsel is not in the best interest of the estates. Although Gordon satisfies criteria #1 and #2 (prepetition employment by the Debtors and identification of a special purpose, respectively), it does not appear that the services to be rendered by Gordon will benefit the estate. As it appears from the Application, Gordon expects to provide services essentially in connection with a lease dispute. However, a lease dispute and related issues are the subject of specialized provisions of the Bankruptcy Code – namely Section 365 – and constitute a critical element of the Debtors' reorganization efforts. The Debtors, as a core matter in their bankruptcy cases, must assume or reject an unexpired lease of non-residential real property and disputes, if any, can be addressed by Debtors' counsel in connection with assumption or rejection the lease. Similarly, any dispute between Debtors and their lessor can also be addressed through adjudication of any claim resulting from assumption or rejection of a lease. However, at this time, the Debtor has neither assumed nor rejected leases, and claims have not been filed. It is not in the best interests of the Debtors' estates to approve the employment of special counsel to handle a dispute which can be addressed, if at all, within the confines of Section 365, and at such time as the Debtors determine how they will treat their executory contracts and unexpired leases.

Indeed, the Debtors' determination as to how it will treat the lease at issue may eliminate or resolve any present dispute.

7. In any event, as described in the Application, the issues surrounding the lease appear to be matters which are best handled as part of the Debtors' reorganization efforts by the capable counsel already employed by the Debtors, and not as matters delegated to special counsel. *See In re Running Horse*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007) (special purpose for which special counsel is employed must be unrelated to debtor's reorganization efforts).

8. Accordingly, the Committee submits that employment of Gordon as special counsel is not in the best interest of the estates as required by Section 327(e) and the estates should not be unnecessarily burdened with the expense of an additional professional.

WHEREFORE, based on the foregoing, the Committee respectfully requests this Court to deny the Debtor's Application to Employ Gordon as Special Counsel.

DATED: November 9, 2009.

                                                 **JONES WALDO HOLBROOK & MCDONOUGH**

                                                 /s/ Lon A. Jenkins
                                                 Jeffrey W. Shields
                                                 Lon A. Jenkins
                                                 Troy J. Aramburu
                                                 *Proposed Attorneys for the Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November a true and correct copy of the **OBJECTION OF UNSECURED CREDITORS' COMMITTEE TO DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE SECTION 327(e) AND RULES 2014(a) AND 2016(b) TO EMPLOY CORBIN B. GORDON AS SPECIAL COUNSEL** was served by this Court's CM/ECF system and/or by First Class Mail, postage prepaid to the parties listed on the attached distribution list.

By: /s/ Lon A. Jenkins

U.S. Trustee
United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111

John T. Morgan tr
US Trustees Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, Ut 84111

Kenneth L. Cannon, II
Jessica G Peterson
Steven J. McCardell
Durham Jones & Pinegar
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050

Joseph E. Wrona
WRONA LAW OFFICES, P.C.
1745 Sidewinder Drive
Park City, UT 84060

Bruce J. Zabarauskas
Michael V. Blumenthal
Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Corbin B. Gordon
345 West 600 South, Suite 108
Heber City, UT 84032

Jacobson Construction
P.O. Box 27608
Salt Lake City, Ut 84127-06080

Millcreek Consulting
3017 E. Kemper Road
Salt Lake City, UT 84109

Elliott Workshop Group
364 Main Street
Park City, UT 84060

Luxury Residence Group
693 Main Street
Park City, UT 84060

Klehr, Branzburg & Ellers LLP
260 South Broad Street
Philadelphia, PA 19102

Goodrich & Thomas, CPAs
3200 Park Center Drive, Suite 1170
Costa Mesa, CA 92626

CBIZ Accounting
175 South West Temple
Suite 650
Salt Lake City, UT 84111

Cushman & Wakefield
50 Broad Street
New York, NY 10004

Union Square Home Owners Assoc.
PO Box 683300
Park City, UT 84068

Gateway Center LLC
c/o Commerce CRG
PO Box 571530
Murray, UT 84157

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA 95113

Shaner Design, Inc.
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060

Merrit & Harris
301 E Glenoaks Blvd. Suite 4,
Glendale CA 91207-2115

907958.1

Les Olson Company
PO Box 65598
Salt Lake City, UT 84165-0598

Park City Surveying
P O Box 682993
Park City, UT  84068-2993

Qwest
PO Box 29039
Phoenix, AZ 85038-9039

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA 50368-9020

Five 9's Communication
PO Box 348
Roy, UT 84067-0348

Pitney Bowes
PO Box 856390
Louisville, KY 40285-6390

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Summit Business Service
1646 Fox Hollow Lane
Park City, UT 84098

907958.1