*Order Prepared and Submitted By:*
Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Proposed Counsel to Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC et al.,**[1]<br><br>Debtors. | Bankruptcy No.09-29905<br><br>(Jointly Administered with Cases 09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**ORDER CLARIFYING REQUIREMENT OF COMMITTEE TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

THIS MATTER is before the Court on the Ex Parte Motion (the "Motion") (Docket No. 131) of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), dated and served on October 27, 2009, pursuant to sections 105(a), 107(b)(1) and 1102(b)(3)(A) of the Bankruptcy Code and

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.  Terms not otherwise defined in this Order shall have the meaning in the Motion ascribed to them.

907715.2

**Filed: 11/23/09**

Bankruptcy Rule 9018, for entry of an order confirming that the Committee is not authorized or required to provide to any creditor represented by such Committee access to the Debtors' or other parties' Confidential Information (as defined below) or required to provide access to Privileged Information, as more fully described in the Motion; and this Court having reviewed the Motion; and this Court having determined that the relief requested is in the best interest of the Debtors, their estates, creditors and the committee; and notice of the Motion having been given to all parties entitled to receive notice; and no timely objections having been filed; and it appearing that no other or further notice of the Motion need be given; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED**, that the hearing on the Motion is stricken from the Court's calendar, and the Motion is granted; and it is further

**ORDERED**, that for purposes of this Order, "Confidential Information" shall mean any nonpublic information of the Debtors or any other party in interest, including, without limitation, documents prepared by the Debtors or their advisors or other agents containing non-public information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations or studies which are furnished, disclosed or made known to the Committee, whether intentionally and in any manner, including in written form, orally, or through electronic, facsimile or computer-related communication.  Confidential Information shall include: (i) any notes, summaries, compilations, memoranda or similar written materials disclosing or discussing Confidential Information; (ii) any written Confidential Information that is marked confidential by the Debtors or their agents; and (iii) any other Confidential Information conveyed to the

907715.2

Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential; and it is further

**ORDERED**, that for purposes of this Order, "Privileged Information" shall mean any information subject to the attorney-client or similar state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party; and it is further

**ORDERED**, that the Committee (whether operating through its members, advisors or other agents) shall not be authorized or required, pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Confidential Information of the Debtors or any other party in interest to any creditor it represents; and it is further

**ORDERED**, that the Committee (whether operating through its members, advisors or other agents) shall not be required, pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Privileged Information to any creditor it represents. The Committee shall not be authorized to provide any party access to Privileged Information where such Privileged Information is Confidential Information or the relevant privilege is not held and controlled solely by the Committee; and it is further

**ORDERED**, that nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein. The entry of this Order is (a) without prejudice to the rights of the Committee to seek a further order of this Court addressing any additional relief relevant to its functionality and compliance with

3

907715.2

Section 1102(b)(3)(A) of the Bankruptcy Code and (b) subject to further order of this Court; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order, and it is further

**ORDERED**, that the Committee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED**, that this Order shall be effective as of the Petition Date.

--- END OF ORDER ---

907715.2