Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000/Fax: (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone: (212) 223-4000/Fax: (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

## DECLARATION OF JEFF McINTYRE PURSUANT TO 11 U.S.C. § 329(a) AND FED. R. BANKR. P. 2014(a) IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY GEMSTONE HOTELS & RESORTS, LLC AS A CONSULTANT

The undersigned, Jeff McIntyre, hereby declares and states as follows:

1.      I am a principal of Gemstone Hotels & Resorts, LLC ("Gemstone"). Gemstone

has extensive expertise and experience in all aspects of hotel management, in financial analysis

and advice, and other advisory services. I submit this declaration in support of the Application

(the "Application") of Easy Street Partners, LLC (the "Debtor" or "Partners") to employ

Gemstone as a consultant to Partners and to the party selected by Partners to act as co-manager,

all as set forth in the Application. The Consulting Services Agreement between Partners and

Gemstone is attached as Exhibit 1 to the Application.

2.      Gemstone is capable of rendering the services contracted for by the Debtor.

3.      Gemstone has received from the Debtor and reviewed the complete list of

creditors (mailing matrix) involved in this case. Based on this review, Gemstone has concluded

that it has no connections with parties in interest listed on the mailing matrix, other than as

follows:

a.      Sidley Austin LLP, counsel for WestLB, AG ("WestLB") in this Chapter

11 case, has represented Gemstone with respect to management contracts (though not with

respect to the Consulting Services Agreement Gemstone has entered into with Partners) since

2003.

b.      Gemstone signed a letter of intent with BayNorth Capital to manage Sky

Lodge, which is owned by Partners, in the event that BayNorth obtained control of Sky Lodge

through foreclosure. An affiliate of BayNorth Capital, BayNorth Realty Fund VI, LP, is a

creditor of Easy Street Mezzanine, LLC, and Easy Street Holding, LLC.

c.      Gemstone worked with N. Allen Taylor and Taylor Capital Management

as requested by BayNorth Capital, though Gemstone was not engaged directly by Mr. Taylor.

SLC_500889                                  2

d.      Principals of Gemstone are partners in a company which manages a hotel in San Diego that has a loan with WestLB.

e.      Gemstone was in the past sometimes represented on employment-related matters by Ray Quinney & Nebeker, which represents Jacobsen National Group, Inc. Gemstone has not used Ray Quinney & Nebeker since mid-2008 and never used that firm in connection with matters related to Easy Street.

f.      Gemstone has worked with the Chicago office of Katten Muchin & Roseman on matters unrelated to Easy Street. The New York office of that firm appears to represent WestLB in some capacity in connection with Easy Street.

4.      Insofar as we have been able to determine, Gemstone does not currently represent any party in interest in any matter related to the Debtor and I believe that Gemstone is qualified to act as a consultant to the Debtor in its Chapter 11 reorganization case as set forth in the Application. There is no outstanding indebtedness between the Debtor and Gemstone and Gemstone has filed no claim in the Debtor's bankruptcy case.

5.      Insofar as I am aware, Gemstone has no connections with the office of the United States Trustee or its staff other than working on matters in bankruptcy court in which such parties appear.

6.      Gemstone is not nor has it been an equity security holder of the Debtor.

7.      Neither Gemstone nor any principal or employee of Gemstone is an insider of the Debtor or of its affiliates, Easy Street Mezzanine, LLC or Easy Street Holding, LLC. Neither Gemstone nor any principal or employee of Gemstone has ever been a member of the Debtor,

officer of the Debtor, person in control of the Debtor, partnership in which the Debtor is a
general partner, or relative of a director, officer, or person in control of the Debtor.

8.    Gemstone has agreed to render the services set forth in the Application and the
services agreement attached thereto as an exhibit with compensation of $8,000 per month plus
reasonable out-of-pocket expenses. I understand and agree that Gemstone may be required to
file fee applications subject to ultimate approval by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the
United States that the foregoing statements are true and correct.

DATED: 11/23/09

Jeff McIntyre