Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY   10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| Debtors. | Jointly Administered with Cases 09-29907 and 09-29908 |
| Address:  201 Heber Avenue<br>Park City, UT 84060 | Chapter 11 |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | **[FILED ELECTRONICALLY]** |

## NOTICE OF REVISED PROFESSIONAL SERVICES AGREEMENT
## BETWEEN EASY STREET PARTNERS, LLC AND BDRC 4 SITE, LLC

Easy Street Partners, LLC (the "Debtor"), debtor in possession, hereby files the

revised Professional Services Agreement between itself and BDRC 4 Site, LLC ("BDRC") dated

November 24, 2009 (the "PSA").  The Debtor on November 13, 2009, filed its application to

employ BDRC as co-manager (the "Co-Manager Application") with the original version of the

SLC_503500

Professional Services Agreement attached. The revised PSA attached hereto supersedes the earlier version attached to the Co-Manager Application.

DATED this 24th day of November, 2009.

        DURHAM JONES & PINEGAR

        By: /s/ Kenneth L. Cannon II
           Kenneth L. Cannon II (3705)
           Steven J. McCardell (2144)
           111 East Broadway, Suite 900
           P.O. Box 4050
           Salt Lake City, UT 84110-4050
           Telephone: (801) 415-3000
           Fax: (801) 415-3500

        and

           Michael V. Blumenthal (admitted pro hac vice)
           CROWELL & MORING LLP
           590 Madison Avenue, 20th Floor
           New York, NY 10022
           Telephone: (212) 223-4000
           Fax: (212) 223-4134

        Counsel for Easy Street Partners, LLC,
           Debtor in Possession

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2009, I caused to be served the Notice of Revised Professional Services Agreement Between Easy Street Partners, LLC and BDRC 4 Site, LLC via ECF notification or electronic mail as listed on the attached pages.

       /s/   Kristin Hughes

**ECF Notification**

- Troy J. Aramburu    taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com

- Scott A. Cummings    cummings.scott@dorsey.com

- Mary Margaret Hunt    hunt.peggy@dorsey.com, wardle.gay@dorsey.com

- Annette W. Jarvis    jarvis.annette@dorsey.com, smith.ron@dorsey.com; slc.lit@dorsey.com;brown.patricia@dorsey.com

- Lon A. Jenkins    lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com;sglendening@joneswaldo.com

- Michael R. Johnson    mjohnson@rqn.com, agale@rqn.com

- Anthony C. Kaye    kaye@ballardspahr.com

- Benjamin J. Kotter    kotter.benjamin@dorsey.com

- Adelaide Maudsley    maudsley@chapman.com, jemery@chapman.com

- John T. Morgan tr    john.t.morgan@usdoj.gov, james.gee@usdoj.gov

- David W. Overholt    doverholt@rsolaw.com, abachman@rsolaw.com

- Jeffrey L. Shields    jlshields@cnmlaw.com, njpotter@cnmlaw.com

- Jeffrey Weston Shields    jshields@joneswaldo.com, sglendening@joneswaldo.com

- United States Trustee    USTPRegion19.SK.ECF

**Electronic Mail**

Securities & Exchange Commission
Attn: Bankruptcy Dept.
44 Montgomery St # 1100
San Francisco, CA 94104-4613
sanfrancisco@sec.gov

Utah Department of Workforce Services
P O Box 45249
Salt Lake City, UT 84145-0249
dwscontactus@utah.gov

West LB AG, New York Branch
Attn: Christian Ruehmer
1211 Avenue of the Americas, 24th Flr
New York, NY 10036
christian_ruehmer@westlb.com

West LB AG, New York Branch
Attn: Duncan Robertson
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705
duncan_robertson@westlb.com

West LB AG, New York Branch
Attn: Jeff Nelson
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705
jeff_nelson@westlb.com

SLC_503500

West LB AG, New York Branch
Attn: James Winikor
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705
james_winikor@westlb.com

William D. Ellis, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013
wellis@sidley.com

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013
rhavel@sidley.com

Drew A. Norman, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013
danorman@sidley.com

Christina M. Craige, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013
ccraige@sidley.com

BayNorth Capital, LLC
Attn: Charles J. Flint
One Financial Center, Floor 23
Boston, MA 02111-2621
cflint@baynorthcapital.com

Christopher B. Barker, Esq.
Goodwin Procter LLP
53 State Street
Boston, MA 02109
cbarker@goodwinprocter.com

Anthony S. Fiotto
Goodwin Procter LLP
53 State Street
Boston, MA 02109
afiotto@goodwinprocter.com

Eric D. Lemont
Goodwin Procter LLP
53 State Street
Boston, MA 02109
elemont@goodwinprocter.com

Timothy G. Little, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
tim.little@kattenlaw.com

Sheri P. Chromow, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
sheri.chromow@kattenlaw.com

David Wickline
17575 Fitzpatrick Land
Occidental, CA 95465
wicklinedavid@cs.com

Shaner Design, Inc.
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060
trs@shanerdesign.com

Elliott Workgroup
Attn: Craig Elliott
P O Box 3419
Park City, UT 84060-3419
celliott@elliottworkgroup.com

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
mblumenthal@crowell.com

Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
seichel@crowell.com

Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
bzabarauskas@crowell.com

Brian W. Harvey
Goodwin Procter LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018-1405
bharvey@goodwinprocter.com

Joseph E. Wrona
Wrona Law Offices, P.C.
1745 Sidewinder Drive
Park City, UT  84060
wrona@wasatchlaw.com

SLC_503500

# Professional Services Agreement

**Effective Date:** November 12, 2009

**BDRC 4Site:** BDRC 4Site LLC, a Texas limited liability company

**BDRC 4Site**
**Address for Notices:** Attn: Kim Sallinger
   305 N.E. Loop 820, Suite 109
   Hurst TX 76053
   Fax: 817-595-3517
   Email: kim@bdrc4site.com

**Owner:** Easy Street Partners, LLC

**Owner Address for Notices:** 201 Heber Avenue
   Park City, Utah 84068
   **Phone:** 435-658-2500
   **Fax:** 866-712-0135
   **Email:** bshoaf@cloudnineresorts.com

**Project:**   The Sky Lodge
   201 Heber Ave
   Park City, UT 84060

**Professional Services:** as detailed on **Schedule 1** attached hereto.

This Professional Services Agreement (this "Agreement") is made and entered into as of the Effective Date by and between BDRC 4Site and Owner.

## Recitals

1. Owner is the owner of the Project.

2. The Principals of BDRC 4Site are experienced in delivering Professional Services of the type described on Schedule 1 to third-party property owners and for their own account.

3. Owner desires to contract with BDRC 4Site to provide the Professional Services to Owner in connection with the Project.

4. Owner has agreed to compensate BDRC 4Site for providing the Professional Services to Owner as hereafter provided.

### Agreements

THEREFORE, for and in consideration of the mutual agreements herein made, and intending to be legally bound hereby, subject to the approval of the United States Bankruptcy Court for the District of Utah, the parties hereto hereby agree as follows:

1. **Engagement**. Owner hereby engages BDRC 4Site to provide the Professional Services to Owner in connection with the Project, upon and subject to the terms and conditions of this Agreement. Owner hereby authorizes BDRC 4Site to exercise such powers with respect to the Project as may be necessary for the performance of BDRC 4Site's obligations under the terms of this Agreement, and BDRC 4Site accepts such appointment under the terms and conditions hereafter set forth. Except to the extent specifically provided for herein, or as otherwise may be reasonably necessary to deliver the Professional Services hereunder, BDRC 4Site shall have no right or authority, expressed or implied, to commit or otherwise obligate Owner or to otherwise encumber the Project in any manner whatsoever.

2. **Term**.

a. This Agreement is effective as of the Effective Date and shall extend for a term of 6 months thereafter (the "Original Term"). This Agreement shall automatically be renewed for consecutive periods of 6 months each (each a "Renewal Period"), unless one party delivers to the other party a notice of such party's intent not to renew at least 45 days prior to the expiration of the Original Term, or the Renewal Period, as the case may be.

b. Owner may terminate this Agreement without cause by giving 45 days' prior written notice, subject to the Termination Fee set forth in **Schedule 2** attached hereto.

3. **Effect of Termination**. Upon the termination of this Agreement and payment of the Termination Fee - per **Schedule 2** - if applicable, BDRC 4Site shall have no further obligation to provide Professional Services to Owner and all outstanding unpaid amounts due and owing to BDRC 4Site for Professional Services provided prior to such termination shall become immediately due and payable.

4. **Compensation**.

a. Owner agrees to compensate BDRC 4Site for the Professional Services in accordance with **Schedule 2** attached hereto and subject to the approval of

**Professional Services Agreement - Page 2**

the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court Approval").

b. Owner acknowledges and agrees that for each Renewal Period, BDRC 4Site shall be allowed to increase any or all of the fees for the Renewal Period by an amount not to exceed five percent (5%) of the fees in effect immediately prior to such Renewal Period. In addition, if at any time while this Agreement is in effect there is a change in federal, state, or local laws, rules, regulations, or procedures that materially alters the nature or extent of the Professional Services, or if Owner materially changes the scope of the Professional Services, then Owner agrees that BDRC 4Site may make an equitable adjustment to its fees to compensate for such changes. In the event of any such rate increase, Owner reserves the right to terminate this Agreement with 45 days prior written notice and payment of Termination Fee to BDRC 4Site.

c. Owner also agrees to reimburse BDRC 4Site for any out-of-pocket expenses reasonably incurred by BDRC 4Site in connection with the delivery of the Professional Services, including, but not limited to, travel, legal, outside accounting and auditing, insurance, and similar services.

5. **Representations and Warranties.**

a. Owner represents and warrants that, subject to Bankruptcy Court Approval, it has the full partnership power, capacity, and authorization to execute and deliver this Agreement and to perform its obligations hereunder.

b. BDRC 4Site represents and warrants that it is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of Texas, and that is has the full corporate power, capacity, and authority to execute and deliver this Agreement and to perform its obligations hereunder.

6. **Default**. In the event of a breach or default in the performance of this Agreement by a party hereto, the non-defaulting party shall promptly furnish written notice thereof to the defaulting party, which notice shall set forth, in reasonable detail, the nature and extent of the alleged breach or default and the actions deemed appropriate by the non-defaulting party to cure the alleged breach or default. The defaulting party shall have a period of 30 calendar days from its receipt of such notice (the "Cure Period") to cure the default. If such default is cured to the non-defaulting party's reasonable satisfaction within the Cure Period, then this Agreement shall remain in full force and effect. If such default is not cured to the non-defaulting party's reasonable satisfaction within the Cure Period,

**Professional Services Agreement - Page 3**

the non-defaulting party may treat the defaulting party as being in default under Agreement and pursue such rights and remedies as may be available under applicable law, including, but not limited to immediate termination of this Agreement, suit for damages, specific performance or other available remedies. If Owner terminates BDRC 4Site based on such a default, no Termination Fee shall be due or payable, provided, however, that fees payable through termination shall be payable.

7. **Indemnification: Limitation of Liability**.

a. In the absence of gross negligence or intentional misconduct on its part, BDRC 4Site shall not be liable for any action taken, suffered, or omitted by it or for any error of judgment made by it in the performance of its duties under this Agreement.

b. Owner shall indemnify BDRC 4Site for, and hold it harmless against any loss, liability, claim or expense, including attorneys' fees (collectively "Losses"), arising out of or in connection with its duties under this Agreement, including the costs and expenses of defending itself against any Losses in connection therewith, unless such Losses shall have been determined by a court of competent jurisdiction to be the result of BDRC 4Site's gross negligence or intentional misconduct. In no case will BDRC 4Site be liable for special, indirect, incidental or consequential loss or consequential damages of any kind whatsoever (including but not limited to lost profits), even if BDRC 4Site has been advised of the possibility of such damages.

c. BDRC 4Site shall indemnify Owner for, and hold it harmless against any Losses arising out of or caused by BDRC 4Site's gross negligence or intentional misconduct; provided however, that in no case will BDRC 4Site be liable for special, indirect, incidental, or consequential losses or consequential damages of any kind whatsoever (including but not limited to lost profits), even if BDRC 4Site has been advised of the possibility of such damages.

d. The obligations of Owner and BDRC 4Site under this section shall survive the termination of the Agreement.

8. **Confidential Information**. BDRC 4Site agrees that in view of the confidential nature of the information, documents, and files of Owner (the "Owner Documents") which it is required to prepare, process, or maintain under this Agreement, it will perform its duties in such a manner so as to prevent the disclosure to any persons not employed by BDRC 4Site of any of the Owner Documents, except as may be required by any regulatory authority having

**Professional Services Agreement - Page 4**

jurisdiction over Owner or as may be consented to by Owner. BDRC 4Site further agrees to return to Owner all or any requested portion of the Owner Documents.

9. **Independent Contractors**. The performance of BDRC 4Site and Owner under this Agreement are as non-exclusive, independent contractors, and nothing in this Agreement or otherwise is intended or will be construed to create a joint venture, partnership, employment arrangement, or other similar relationship between the two. Neither Owner, nor any of its employees or agents, will be deemed to be an employee or agent of BDRC 4Site. Neither BDRC 4Site, nor any of its employees or agents, will be deemed to be an employee or agent of Owner. Except as specified in this Agreement, nothing herein shall be construed to create the relationship of principal and agent between Owner and BDRC 4Site. BDRC 4Site shall not act or attempt to act or represent himself, directly or by implication, as an agent of Owner or in any manner assume or create, or attempt to assume or create, any obligation on behalf of, or in the name of Owner, unless so instructed by Owner in writing. Owner shall not act or attempt to act or represent itself, directly or by implication, as an agent of BDRC 4Site or in any manner assume or create, or attempt to assume or create, any obligation on behalf of, or in the name of BDRC 4Site.

10. **Miscellaneous**.

a. Assignment. The rights and obligations of each party under this Agreement are personal and not assignable, either voluntarily or by operation of law, without the prior written consent of the other party, which consent will not be unreasonably withheld.

b. Governing Law. This Agreement shall be governed by the laws of the State in which the Project is located.

c. Entire Agreement. This Agreement and the schedules attached hereto represent the entire understanding and agreement between the parties hereto, supersede all prior written instruments or memoranda with respect thereto, and may not be terminated or modified except by a written instrument executed by the parties hereto.

d. Incorporation of Schedules. This Agreement shall be deemed to have incorporated by reference all of the schedules referred to herein to the same extent as if such schedules were fully set forth herein. Each reference herein to "this Agreement" shall be construed to include each such schedule.

e. Severability. In the event any provision or portion of this Agreement is deemed to be invalid or unenforceable, in whole or in part, for any reason,

**Professional Services Agreement - Page 5**

the remainder thereof shall not be invalidated or rendered unenforceable or otherwise adversely affected.

f.  Notices. Any notice, request or other communication (a "notice") required or permitted to be given hereunder shall be in writing and shall be delivered by hand delivery or by overnight courier (such as United Parcel Service or Federal Express), sent by electronic document transmission (email) in PDF format (provided a copy of such notice is deposited with an overnight courier for next business day delivery), sent by facsimile (provided a copy of such notice is deposited with an overnight courier for next business day delivery), or mailed by United States registered or certified mail, return receipt requested, postage prepaid and addressed to each party at its address as set forth below. Any such notice shall be considered given on the date of such hand or courier delivery, transmission of the email (provided a copy of such notice is deposited with an overnight courier for next business day delivery), confirmed facsimile transmission (provided a copy of such notice is deposited with an overnight courier for next business day delivery), deposit with such overnight courier for next business day delivery, or deposit in the United States mail; provided, however, that the time period (if any is provided herein) in which to respond to such notice shall commence on the date of hand or overnight courier delivery or on the date received following deposit in the United States mail as provided above. Rejection or other refusal to accept or inability to deliver because of change of address of which no notice was given shall be deemed to be receipt of the notice. By giving at least five (5) days' prior written notice thereof, either party may from time to time and at any time change its mailing address hereunder.

g.  Paragraph Headings. The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the interpretation or meaning of this Agreement.

h.  Force Majeure. If performance by BDRC 4Site of any Professional Services is prevented, restricted, delayed, or interfered with by reason of acts of God, floods, lightning, severe weather, shortages of materials, rationing, utility or communication failures, earthquakes, war, revolution, civil commotion, acts of public enemies, blockade, embargo, or any law, order, proclamation, regulation, ordinance, demand, or requirement having legal effect of any government or any judicial authority or representative of any such government, which is beyond the reasonable control of BDRC 4Site, then BDRC 4Site shall be excused from such performance to the extent of such prevention, restriction, delay, or interference. To the extent that such non-performance has, to Owner's sole discretion, a materially

adverse effect on Owner's ability to conduct business, Owner has the right to terminate this Agreement.

**Signature Page to Professional Services Agreement**

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated below to be effective as of the Effective Date.

OWNER

**Easy Street Partners, LLC**

By: _____

Printed Name: William Shoaf

Title:   Co-Manager

Date: _11/12/9_

By: _____

Printed Name: Philo Smith

Title:   Co-Manager

Date: _____

**BDRC 4Site LLC**

By: _____

Printed Name: Kim Sallinger

Title:   Principal & Director

Date: _11/12/09_

Professional Services Agreement - Page 7

adverse effect on Owner's ability to conduct business, Owner has the right to terminate this Agreement.

## Signature Page to Professional Services Agreement

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated below to be effective as of the Effective Date.

OWNER

**Easy Street Partners, LLC**

By:_____

Printed Name: William Shoaf

Title:   Co-Manager

Date:_____


By:_____

Printed Name: Philo Smith

Title:   Co-Manager

Date:_____


**BDRC 4Site LLC**

By: _____ [signature]

Printed Name: Kim Sallinger

Title:   Principal & Director

Date:   11/12/09

**Professional Services Agreement - Page 7**

## Schedule 1

## BDRC 4Site Duties and Responsibilities

BDRC 4Site will have authority and responsibility to actively participate in making operational and managerial decisions for the Project. All material decisions regarding business operations shall be made jointly by BDRC 4Site and Senior Management ("Senior Management") of Easy Street Partners, LLC ("Easy Street") including:

1. BDRC 4Site will send Jeff Blatt and Kim Sallinger to the Project to begin due diligence and to establish the initial interface with Senior Management. Subsequent property visits may include other members of BDRC 4Site's team, including Michael Sacenti, John Dingle, Jerry Lloyd and Carl Kernodle.

2. BDRC 4Site's accounting team will monitor compliance with the Project's budget and approve expenditures for the Project, including the payment of real estate and personal property taxes, utilities, insurance premiums, license and permit fees and charges provided for in contracts entered into by Easy Street or its affiliates.

3. BDRC 4Site will review and approve management of working capital including authorization of transfers between the various accounts approved under the Cash Collateral Stipulation document.

4. BDRC 4Site will assist in the development of, and sign off on, the annual business plan for the Project, which will detail the hotel operations and future marketing of fractional ownership interests when viability and stability of the sales environment returns.

5. BDRC 4Site shall supervise the preparation of, and sign off on, financial statements and other information to be provided by the Debtors under the Cash Collateral Stipulation document.

6. BDRC 4Site shall review and participate in the on-site, day-to-day management of the hotel and business operations including but not limited to: Supervisory assistance of the general manager, and review management of the other staff, including training, recruiting and seasonal adjustments to staff.

7. BDRC 4Site shall review, comment, and sign off on programs and initiatives in the marketing, promotion and operation of the hotel and amenities.

8. BDRC 4Site shall supervise communications and relations with the property owners' association and owners of fractional shares.

9. BDRC 4Site shall supervise public announcements, press releases, and media communications.

10. BDRC 4Site shall review and analyze Rev PAR growth, room rates and charges for services provided in the Project.

11. BDRC 4Site shall review and sign off on procedures for maintaining the Project's books and records and internal accounting and operating controls.

12. BDRC 4Site shall review and analyze operating costs and expenses for the Project.

13. BDRC 4Site shall review all current service and maintenance contracts, vendors, and trade creditors, identify and implement changes or pricing improvements.

14. BDRC 4Site shall participate in periodic meetings, either phone or in person, with WestLB and Debtor's Senior Management to review and report on status of business operations, assets, budgets, operating projections, business plans and other pertinent information.

15. BDRC 4Site shall assist Easy Street in developing a "Work-Out" plan for the Project, to include:

a. Modification of operations where advantageous;

b. Development of new strategies and related budget impact;

c. Development of strategy to attract new equity; and

d. Restructuring of existing debt.

16. Assist in the development of a marketing program and re-engagement of a sales force to facilitate sale of the fractional product over the next few years.

# Schedule 2

# Fee Structure and Terms

| CO-MANAGEMENT/ADVISORY FEE | Fee of $33,000 per month for the first two (2) months then the monthly fee shall be lowered to $23,000 per month for the remainder of term. |
|---|---|
| TERMINATION FEE | Should BDRC 4Site's agreement be terminated before the expiration of term, a Termination Fee Penalty equal to two (2) times the then-current Co-Management/Advisory Fee will be due with the termination notice. |
| RETAINER FEE | A retainer fee equal to one (1) months Co-Management/Advisory Fee is requested. Future monthly retainers are to be paid by the first week of the month. |
| SALES & MARKETING FEE OF UNITS | Fractional sales and marketing fees for the remaining units shall be mutually agreed upon by the BDRC 4Site, Easy Street, and Lenders. |
| PROCUREMENT OF EXIT FINANCING AND/OR NEW EQUITY | Fee to be mutually agreed upon |