Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| Debtors. | Jointly Administered with Cases 09-29907 and 09-29908 |
| Address:  201 Heber Avenue<br>            Park City, UT 84060 | Chapter 11 |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | **[FILED ELECTRONICALLY]** |

**DEBTOR'S EX PARTE MOTION TO APPROVE NOTICE ON
DEBTOR'S APPLICATION TO EMPLOY GEMSTONE
HOTELS & RESORTS, LLC AS A CONSULTANT**

Easy Street Partners, LLC (the "Debtor" or "Partners"), debtor in possession, hereby

submits its ex parte motion (the "Ex Parte Motion") for an Order approving the time for notice of

hearing and objection deadline on the Debtor's application (the "Application") for an order

SLC_503439

approving its employment of Gemstone Hotels & Resorts, LLC as a consultant for Partners with respect to certain analysis and review, so that notice sent on Tuesday, November 24, 2009, of an objection deadline of Monday, November 30, 2009 and of hearing on Thursday, December 3, 2009, is sufficient.  In support of this <u>Ex</u> <u>Parte</u> Motion, the Debtor states as follows:

     1.     Partners commenced this case under Chapter 11 of the United States Bankruptcy Code by filing a voluntary petition on September 14, 2009.

     2.     The Stipulation dated October 9, 2009, between Partners and WestLB, AG, its principal secured lender ("WestLB"), Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Cash Collateral Stipulation"), a modified version of which was approved by Order of the Court entered October 14, 2009 (the "Cash Collateral Order") requires the employment of a co-manager no later than December 1, 2009.  WestLB has agreed to an extension of that deadline until December 4, 2009.  Pursuant to the Cash Collateral Order, Partners and WestLB have collaborated in identifying and interviewing potential parties to serve as co-manager.  Partners has final authority to select the co-manager, but Partners' selection must be reasonably acceptable to WestLB.  Cash Collateral Stipulation at ¶ 26(h), Cash Collateral Order at ¶ 10(h).  Partners has selected BDRC 4Site, LLC ("BDRC") as co-manager, and Partners' application to employ BDRC (the "BDRC Application") is being heard on Thursday, December 3, 2009, with objections thereto being due on Monday, November 30, 2009.

     3.     Partners and WestLB have also agreed that Partners will employ Gemstone as a consultant to advise Partners and to review and provide input on Partners' business plan and operations.  WestLB's agreement to the Debtor's employment of BDRC as co-manager is premised

2

SLC_503439

in part on the Debtor's employment of Gemstone as a consultant. It is critical, therefore, that the applications to employ Gemstone and BDRC be considered in tandem.

4. Because of the requirement of the Cash Collateral Stipulation and Order that the Court approve a co-manager before December 4, 2009, and the important relationship between the appointment of Gemstone as a consultant, the Debtor requests by this <u>Ex</u> <u>Parte</u> Motion approval of the identified notice for objections and notice of hearing.

5. The Debtor has previously met with and discussed with the Unsecured Creditors Committee the proposed employment of Gemstone.

6. Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure authorizes the Court, in its discretion, to reduce the period for notice "for cause shown."

7. The Debtor believes that the circumstances of the Application and the time-sensitivity of the matter to the Debtor and its estate constitute "cause" for approving the response and hearing notice periods.

Accordingly, for cause shown, the Debtor requests that the Court approve notice of the time for responses to the Co-Manager Application and of hearing thereon so that notice served by mail and ECF on Tuesday, November 24, 2009, of a response deadline of Monday, November 30, 2009, and of hearing on Thursday, December 3, 2009, is sufficient.

DATED this 24th day of November, 2009.

>    DURHAM JONES & PINEGAR
> By:   /s/  Kenneth L. Cannon II
>    Kenneth L. Cannon II (3705)
>    Steven J. McCardell (2144)
>    111 East Broadway, Suite 900
>    P.O. Box 4050
>    Salt Lake City, UT  84110-4050
>    Telephone: (801) 415-3000/Fax: (801) 415-3500

3

and

Michael V. Blumenthal (admitted <u>pro</u> <u>hac</u> <u>vice</u>)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000/Fax: (212) 223-4134

Counsel for Easy Street Partners, LLC,
  Debtor in Possession

4

SLC_503439