Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY   10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br><br><br>Address:  201 Heber Avenue<br>               Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br><br><br>**[FILED ELECTRONICALLY]** |

**MOTION FOR ORDER ESTABLISHING MONTHLY FEE
AND EXPENSE REIMBURSEMENT PROCEDURES**

Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and

Easy Street Holding, LLC ("Holding"), debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors" or the "Companies"), hereby submits their motion for an Order

establishing monthly fee and expense reimbursement procedures (the "Motion") pursuant to

SLC_486268

11 U.S.C. § 331 and Fed. R. Bankr. P. 2016.  In support of this Motion, the Debtors respectfully state as follows:

1.      <u>Case Information and Jurisdiction</u>.  The Debtors commenced these cases under Chapter 11 of the United States Bankruptcy Code by filing voluntary petitions on September 14, 2009 (the "Petition Date").  The Court has jurisdiction over this Motion under 28 U.S.C. § 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has jurisdiction to enter a final order.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      <u>The Debtors and Their Business</u>.  The Debtors are limited liability companies and affiliates of one another.  Mezzanine is the 100% owner and managing member of Partners, which owns real estate and improvements constituting the Sky Lodge in Park City, Utah.  Holding is the 100% owner and managing member of Mezzanine.  The Sky Lodge is a luxury boutique hotel located in the middle of historic Main Street in Old Town Park City.  It is an ultra stylish resort hotel offering all of Park City's amenities plus a restaurant offering both casual and fine dining, a bar and lounge, a bakery, the spa Amatsu, and meeting and event venues and more.  The Sky Lodge is being sold as fractional ownership with a total of 176 one-eighth shares offered.

3.      <u>Professionals Employed by the Debtors and Committee</u>.  In connection with the administration of the Debtors' estates, pursuant to Orders entered by this Court and Bankruptcy Code provisions relating to the employment and compensation of professionals, the Debtors have employed Crowell & Moring ("C&M") and Durham Jones & Pinegar ("DJP") as counsel for the Debtors and have filed applications to employ Wrona Law Offices and Corbin B. Gordon as special counsel and Associate Group, Inc. as appraisers.  The Debtors anticipate the possibility of

employing other professionals. The Official Committee of Unsecured Creditors has filed an application to employ Jones Waldo Holbrook & McDonough. Collectively, those persons or entities currently retained by the Debtors or Committee or who may be retained by the Debtors or the Committee in the future and who are subject to the Bankruptcy Code provisions relating to the employment and compensation of professionals, are described herein as the "Professionals".

    4.  <u>Proposed Monthly Interim Compensation and Reimbursement</u> By this Motion, the Debtors request approval of procedures for monthly interim compensation and reimbursement of Professionals. Pursuant to section 331 of the Bankruptcy Code, all professionals are to submit applications to the Court for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. By this Motion, the Debtors request entry of an order authorizing and establishing procedures for compensating and reimbursing court-approved Professionals on a monthly basis, comparable to those procedures established in other substantial chapter 11 cases in this and other districts. Such an order will enable the Court, the United States Trustee, and all other creditors and parties in interest to effectively monitor the Professionals' fees and expenses as they are incurred in this case. The Debtors propose that the payment of compensation and reimbursement of the Professionals on a monthly basis be structured as follows:

    a.  Each court-approved Professional shall serve a fee request (the "Request") to the Debtors and their counsel, WestLB, AG and its counsel, the U.S. Trustee, and counsel for the official unsecured creditors committee (the "Committee") appointed in the Partners case, and counsel for parties who specifically request notice of such Requests (collectively, the "Notice Parties"). The Request shall be a detailed statement of services rendered and expenses incurred by each Professional for the month. Each Request shall be filed and served within thirty (30)

days after the end of the month for which compensation is sought, except that the first Request would include fees and expenses from the effective date of employment.

       b.      The Request shall relate to services rendered and expenses incurred during the prior month, shall seek payment of monthly compensation in an amount equal to eighty percent (80%) of the fees sought and one hundred (100%) of the expenses incurred during the prior month, and shall indicate the amount requested, the total time expended, the names of the Professionals who performed the services, and the hourly billing rate for each Professional. The Request shall be accompanied by a detailed listing of the time expended by the Professionals who performed the services and the costs incurred during the month.

       c.      Each Professional electing to file a Request shall serve a copy of its Request on the Notice Parties and file a copy with the Court.

       d.      Any objection to the payment of fees or reimbursement of expenses in a Request must be filed with the Court and served on the Notice Parties within ten (10) days of the date the Request was received. If no objection is timely filed and served, the Debtors shall be authorized to make payment as requested therein within ten (10) days. If an objection is timely filed and served, then the Debtors shall be authorized to make payment within ten (10) days as requested in the Request only of the appropriate percentage of those amounts that are not in dispute. The disputed amounts in the Request shall be heard and resolved by the Court at the hearing on the Interim Application for such period.

       e.      Any objection must have a description of the specific subject matter and services in dispute and state the amount in dispute. It shall not be sufficient simply to object to all fees and expenses.

f.  If there are no objections to any line item, then the fee that accompanies that line item shall be paid as set forth herein above.

g.  Professionals may be paid for services to Partners from cash collateral funds consistent with the budget prepared by Partners pursuant to the Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Cash Collateral Order").  To the extent that there are insufficient funds available to the Debtor under the Cash Collateral Order for any month or from other funds, fees and expenses set forth in Requests to which no objection has been raised shall be paid ratably from funds that are available under the Cash Collateral Order or from other sources.

h.  No portion of the funds paid to a Professional pursuant to the proposed monthly payment procedure will be deemed to have been allowed by the Court unless and until such as the Court enters an Order expressly allowing such fees and costs in accordance with the requirements of sections 330 and 331 of the Bankruptcy Code.  Failure to object to fees and expenses requested under the procedure herein shall not limit or prejudice in any way a party's right to object to fees when submitted to the Court for final allowance.

i.  No later than January 31, 2010, each Professional who has filed a Request or is otherwise seeking interim compensation shall file with the Court and serve on the Notice Parties an interim fee application with a summary of the activities of the Professional for the period September 14, 2009 through December 31, 2009 (the "Initial Interim Application"), in accordance with Bankruptcy Code § 331, Fed. R. Bankr. P. 2016 and 2002(a)(7). The Initial Interim Application shall seek approval of one hundred percent (100%) (including the twenty percent (20%) held back from monthly payments) of the requested interim compensation and

reimbursement of expenses, including any compensation and reimbursement made pursuant to a Request, during the prior 120-day period.  Thereafter, this process shall be repeated for each 120-day period and each Professional will file another interim fee application (with the Initial Interim Application, an "Interim Application") for the preceding 120-day period.  Any Professional who does not timely file an Interim Application for such preceding 120-day period shall not be permitted thereafter to file additional Requests until there has been a hearing on that Professional's Interim Application for the applicable 120-day period.

   j.  At the conclusion of the Debtors' cases, Professionals shall file an appropriate application seeking final allowance of all fees and costs.

   k.  Each Request, any objection to a Request, and any response to an objection shall be delivered by U.S. mail and e-mail to the following:

   (i)  Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC, 4780 Winchester Court, Park City, UT  84098-7528;

   (ii)  Counsel to the Debtors, Crowell & Moring, 590 Madison Avenue, 20th Floor, New York, NY  10022 (Attn:  Michael V. Blumenthal, mblumenthal@crowell.com), and Durham Jones & Pinegar, 111 East Broadway, Suite 900, P O Box 4050, Salt Lake City, UT  84110-4050 (Attn:  Kenneth L. Cannon II, kcannon@djplaw.com);

   (iii)  Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT  84111 (Attn: John T. Morgan);

   (iv)  Counsel for the Committee, Jones Waldo Holbrook & McDonough, 170 South Main Street, Suite 1500, Salt Lake City, UT  84101, (Attn:  Jeffrey W. Shields, jshields@joneswaldo.com or Lon A. Jenkins, lajenkins@joneswaldo.com); and

    (v) West LB AG, New York Branch, 1211 Sixth Avenue, 25th Floor, New York, NY 10036-8705 (Attn: Attn: James Winikor, james_winikor@westlb.com); counsel for WestLB, AG, Sidley Austin LLP, 555 Wset Fifth Street, Los Angeles, CA 90013 (Attn: Richard W. Havel, rhavel@sidley.com); and Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, UT 84101 (Attn: Annette W. Jarvis, jarvis.annette@dorsey.com).

  5. <u>Reimbursement of Crowell & Moring's Guarantor</u>. As disclosed in the Debtors' application to employ Crowell & Moring as co-counsel for the Debtors, Philo Smith (the "Guarantor"), who is a principal of a member of Easy Street Holding, LLC and a co-manager of the Debtors, has guaranteed payment of Crowell & Moring's allowed fees and expenses and is to pay Crowell & Moring's bill for fees and expenses on a monthly basis. Crowell & Moring may seek, in Interim Applications, to reimburse the Guarantor fees and expenses advanced by him subsequent to the Petition Date from the fees and expenses that Crowell & Moring receives pursuant to these procedures.

  6. <u>Benefits to the Estate</u>. The procedures suggested in this Motion will enable all parties to closely monitor costs of administration, maintain a more level cash flow availability, and implement efficient cash management procedures.

  7. <u>Applicable Authority</u>. Courts have held that procedures such as those proposed here are appropriate in chapter 11 cases.

    a. Section 331 of the Bankruptcy Code provides in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 321 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the

date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

Congress' intent in enacting Bankruptcy Code § 331 is expressed unequivocally in the house and senate reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

      b.    Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

      c.    The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code.

      d.    The proposed fee procedures are consistent with Section 331, which provide that professionals may be paid after "notice and a hearing," because the Court will have the final approval of all fees when both the Interim and Final Fee Applications are considered. Therefore, the Court should permit professionals in these cases to file both Applications and Interim Applications as provided herein.

    8.    <u>Conclusion</u>. The Debtors believe that the adoption of the interim fee and expense reimbursement procedures set forth herein is fair and reasonable and in the best interests of the Debtors' estates and their creditors. Pursuant to the Court's authority under Bankruptcy Code § 102(1), compliance with the interim fee procedures set forth herein will be deemed to satisfy

Fed. R. Bankr. P. 2016 and Bankruptcy Code § 330.  Nothing in this Motion or in the monthly procedures set forth herein shall relieve any Professional from the obligation to file Final Applications for Allowance of Fees pursuant to Bankruptcy Code § 330.

WHEREFORE, the Debtors respectfully request that the Court enter an order establishing a monthly fee and expense reimbursement procedure as detailed above and granting such other and further relief as the Court sees fit.

DATED:  November 25, 2009.

DURHAM JONES & PINEGAR, P.C.

By:  /s/ Kenneth L. Cannon II
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

and

Michael V. Blumenthal (mblumenthal@crowell.com)
   (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com)
   (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY   10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2009, I caused to be served the Notice of Objection Deadline and Notice of Hearing on Debtor's Application to Employ Gemstone Hotels & Resorts, LLC as a Consultant via ECF notification, electronic mail and/or first-class mail, postage prepaid as listed on the attached pages.

    /s/   Kristin Hughes

**ECF Notification**

- Troy J. Aramburu    taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com

- Scott A. Cummings    cummings.scott@dorsey.com

- Mary Margaret Hunt    hunt.peggy@dorsey.com, wardle.gay@dorsey.com

- Annette W. Jarvis    jarvis.annette@dorsey.com, smith.ron@dorsey.com; slc.lit@dorsey.com;brown.patricia@dorsey.com

- Lon A. Jenkins    lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com;sglendening@joneswaldo.com

- Michael R. Johnson    mjohnson@rqn.com, agale@rqn.com

- Anthony C. Kaye    kaye@ballardspahr.com

- Benjamin J. Kotter    kotter.benjamin@dorsey.com

- Adelaide Maudsley    maudsley@chapman.com, jemery@chapman.com

- John T. Morgan tr    john.t.morgan@usdoj.gov, james.gee@usdoj.gov

- David W. Overholt    doverholt@rsolaw.com, abachman@rsolaw.com

- Jeffrey L. Shields    jlshields@cnmlaw.com, njpotter@cnmlaw.com

- Jeffrey Weston Shields    jshields@joneswaldo.com, sglendening@joneswaldo.com

- United States Trustee    USTPRegion19.SK.ECF

**Electronic Mail**

Securities & Exchange Commission
Attn: Bankruptcy Dept.
44 Montgomery St # 1100
San Francisco, CA 94104-4613
sanfrancisco@sec.gov

Utah Department of Workforce Services
P O Box 45249
Salt Lake City, UT 84145-0249
dwscontactus@utah.gov

West LB AG, New York Branch
Attn: Christian Ruehmer
1211 Avenue of the Americas, 24th Flr
New York, NY 10036
christian_ruehmer@westlb.com

West LB AG, New York Branch
Attn: Duncan Robertson
1211 Sixth Avenue, 25th Floor
New York, NY 10036-8705
duncan_robertson@westlb.com

West LB AG, New York Branch
Attn:  Jeff Nelson
1211 Sixth Avenue, 25th Floor
New York, NY  10036-8705
jeff_nelson@westlb.com

West LB AG, New York Branch
Attn: James Winikor
1211 Sixth Avenue, 25th Floor
New York, NY  10036-8705
james_winikor@westlb.com

William D. Ellis, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013
wellis@sidley.com

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013
rhavel@sidley.com

Drew A. Norman, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013
danorman@sidley.com

Christina M. Craige, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013
ccraige@sidley.com

BayNorth Capital, LLC
Attn:  Charles J. Flint
One Financial Center, Floor 23
Boston, MA  02111-2621
cflint@baynorthcapital.com

Christopher B. Barker, Esq.
Goodwin Procter LLP
53 State Street
Boston, MA  02109
cbarker@goodwinprocter.com

Anthony S. Fiotto
Goodwin Procter LLP
53 State Street
Boston, MA  02109
afiotto@goodwinprocter.com

Eric D. Lemont
Goodwin Procter LLP
53 State Street
Boston, MA  02109
elemont@goodwinprocter.com

Timothy G. Little, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY  10022-2585
tim.little@kattenlaw.com

Sheri P. Chromow, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY  10022-2585
sheri.chromow@kattenlaw.com

David Wickline
17575 Fitzpatrick Land
Occidental, CA 95465
wicklinedavid@cs.com

Shaner Design, Inc.
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060
trs@shanerdesign.com

Elliott Workgroup
Attn:  Craig Elliott
P O Box 3419
Park City, UT  84060-3419
celliott@elliottworkgroup.com

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
mblumenthal@crowell.com

Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
seichel@crowell.com

Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
bzabarauskas@crowell.com

SLC_486268.3

Brian W. Harvey
Goodwin Procter LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018-1405
bharvey@goodwinprocter.com

Joseph E. Wrona
Wrona Law Offices, P.C.
1745 Sidewinder Drive
Park City, UT  84060
wrona@wasatchlaw.com

**First-Class Mail**

State of Utah
Office of the Attorney General
Tax & Revenue Division
350 North State Street, Suite 230
Salt Lake City, UT  84114

Utah State Tax Commission
Sales Tax
210 North 1950 West
Salt Lake City, UT 84134-0400

Utah Department of Alcoholic Beverage Control
1625 South 900 West
PO Box 30408
Salt Lake City, UT 84103

Millcreek Consulting
3017 East Kempner Road
Salt Lake City, UT  84109

Les Olson Company
3244 S 300 W
Salt Lake City, UT 84115-3411

Jacobsen Construction
3131 West 2210 South
Salt Lake City, UT 84119

Luxury Residence Group
693 Main Street
Park City, UT 84060

Klehr, Branzburg & Ellers LLP
260 South Broad St.
Philadelphia, PA  19102

Goodrich & Thomas, CPAs
3200 Park Center Drive
Suite 1170
Costa Mesa, CA  92626

CBIZ Accounting
175 South West Temple
Suite 650
Salt Lake City, UT 84010

McGladrey & Pullen
One South Wacker Drive
Suite 800
Chicago, IL 60606

Cushman & Wakefield
50 Broad Street
New York, NY  10004

Union Square Home Owners Association
PO Box 683300
Park City, UT 84068

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA 50368-9020

Gateway Center LLC
c/o Commerce CRG
PO Box 571530
Murray UT 84157

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA 95113

Merrit & Harris
301 E Glenoaks Blvd., Suite 4
Glendale, CA 91207

Park City Surveying
2041 Sidewinder Dr Ste. 1
Park City, UT 84060-7465

SLC_486268.3

Summit Business Service
Attn:  Chipper Leonard
4130 Hilltop Court
Park City, UT  84098

Five 9's Communication
PO Box 348
Roy, UT 84067

Pitney Bowles
PO Box 856390
Louisville, KY 40285-6390

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Sysco Intermountain Food Service
Attn:  Steve Lewis
PO Box 27638
Salt Lake City, UT 84127

PacifiCorp
Attn:  Bankruptcy
P O Box 25308
Salt Lake City, UT  84124-0308

Whitney Advertising Design
6410 N Business Park Loop Road
Suite H
Park City, UT 84098

American Liberty Insurance
3601 N University Avenue
Suite 100
Provo, UT  84604-6600

Questar Gas Company
PO Box 45360
Salt Lake City, UT 84145-0360

Internal Revenue Service
Centralized Insolvency Operations
P O Box 21126
Philadelphia, PA  19114-0326

Qwest
Attn:  Bankruptcy Dept.
PO Box 29039
Phoenix, AZ 85038-9039

AT&T Mobility
P O Box 6463
Carol Stream, IL  60197

Comcast
P O Box 34744
Seattle, WA  98124-1744

Park City Municipal Corp.
P O Box 1480
Park City, UT  84060

Park City Water
P O Box 1480
Park City, UT  84060

Water Reclamation District
2800 Homestead Road
Park City, UT  84098-4869

Corbin B. Gordon
345 West 600 South, Suite 108
Heber City, UT  84032

SLC_486268.3