## EXHIBIT C

Bank Accounts

## EXHIBIT C

## EASY STREET PARTNERS

## BANK ACCOUNTS AND BALANCES - OCTOBER 8, 2009

**Wells Fargo Checking Accounts**

| | | |
|---|---|---|
| Operating Account | 2679764668 | 40,318.00 |
| Lockbox | 2679764676 | 49,193.99 |
| Easy Street Mezzanine* | 9981223142 | 26.54 |
| **Zion's Bank Checking Accounts** | | |
| Operating Account | 098019060 | 46,862.20 |
| Total Checking | | 136,400.73 |

**Wells Fargo Escrow Accounts**

| | | |
|---|---|---|
| ESP - Sky Lodge Sales Proceeds | 12997375 | 2,343,022.08 |
| ESP - Sky Lodge Deposit Acct | 12997367 | 690,403.70 |
| Easy Street Mezzanine* | 12954467 | 78,511.92 |
| Total Escrow | | 3,111,937.70 |
| GRAND TOTAL | | 3,248,338.43 |

**Wells Fargo Account to be Opened and Funded:**
ESP - Sky Lodge Refundable Guest Advance Deposits Trust Account
ESP - Sky Lodge Tax and Insurance Reserve Account
ESP - Sky Lodge FF&E Reserve Account
ESP - Sky Lodge HOA Reserve Account

*These accounts, and the funds in them, are accounts and property of Easy Street Partners, LLC.

## EXHIBIT D

Proposed Cash Collateral Stipulated Order

*Proposed order prepared and submitted by*:

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) DATE: | October 13, 2009 |
| 35-2183713 (Easy Street Holding, LLC), | ) TIME: | 11:00 A.M. |
| 20-4502979 (Easy Street Partners, LLC), and | ) PLACE: | Courtroom 369 |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | 350 South Main Street, #301 |
| | | Salt Lake City, Utah 84101 |

## PROPOSED ORDER ON STIPULATION AUTHORIZING USE OF CASH
## COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE
## PROTECTION TO WESTLB, AG

The Motion for Interim and Final Orders: (i) Authorizing Use of Case Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to West LB, AG; and (ii) Scheduling a Final Hearing (the "Final Hearing") Pursuant to Bankruptcy Rule 4001(b) (the "Cash Collateral Motion") (Docket No. 9) filed on September 15, 2009 by Easy Street Partners, LLC ("Easy Street" and, together with Easy Street Holding, LLC and Easy Street Mezzanine, LLC, the "Debtors"), came before the Court for final hearing on October 13, 2009. Appearances were made as noted on the record of the hearing. The following order (the "Order") approves a stipulation filed with the Court on October 9, 2009 (the "Stipulation")[1] reached by Easy Street and WestLB, AG ("WestLB" and, together with Easy Street, the "Parties") governing the consensual use of cash collateral through and including December 31, 2009.

Now, therefore, IT IS HEREBY ORDERED:

1.    The Cash Collateral Motion is granted.

2.    The Stipulation between Easy Street and WestLB is approved. All terms and conditions of the Stipulation, unless expressly modified or limited by the terms of the Order, are incorporated in this Order and shall be binding and effective upon the Parties. The omission or failure to expressly include any terms and conditions of the Stipulation in this Order shall in no way affect the Parties' obligations to comply with or the enforceability of such terms and conditions.

3.    Pursuant to and conditioned on compliance with the terms and conditions of the Stipulation and this Order, Easy Street is authorized to use Cash Collateral in accordance with the Initial Budget, a copy of which is attached as Exhibit A to the Stipulation, and any

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation and the Loan Documents.

subsequent approved budgets (collectively and together with the Initial Budget, the "Budget" or

the "Budgets") through and including December 31, 2009.  Easy Street shall file with the Court

any revised Budgets approved by West LB pursuant to paragraph 16 of the Stipulation.  Except

as specifically set forth in the Stipulation and this Order, Easy Street is not authorized to use any

Cash Collateral for payment of pre-petition debts or any other purpose whatsoever.  Absent prior

written consent of West LB or further Order of this Court, including any Order authorizing the

payment of professionals from the carve out under paragraph 27 of the Stipulation: (i) no further

use of Cash Collateral is allowed after a Termination Event; and (ii) the use of Cash Collateral is

expressly limited to the amounts set forth in the approved Budgets.

   4.  Starting in November 2009, for each month, Easy Street is ordered to

submit to WestLB by the fifteenth (15th) calendar day of each month (i) a rolling three month

budget for proposed use of Cash Collateral (the "Submitted Monthly Budgets"), and (ii) a

reconciliation of actual receipts and expenditures for the preceding month against the receipts

and expenditures projected in the Budget (the "Reconciliation Report").  Except as otherwise

provided in the Stipulation, if the Submitted Monthly Budget contains any variations,

adjustments or additions to the projected receipts or expenditures in the Budget for the prior

month, then the Submitted Monthly Budget shall be subject to the review and approval of

WestLB pursuant to the procedures set forth in paragraph 16 of the Stipulation.

   5.  In making expenditures authorized under the approved Budgets, Easy

Street is ordered to use funds in the sequential order and subject to the terms set forth in

paragraph 18 of the Stipulation.

6.      Easy Street is further ordered to: (i) make disbursements pursuant to any
Budget from the Bank Accounts as identified in Exhibit C of the Stipulation and in accordance
with the terms and conditions of paragraph 19 of the Stipulation; and (ii) deposit and maintain all
Cash Collateral, Refundable Deposits, and Revenues in the Bank Accounts as identified in
Exhibit C of the Stipulation and subject to the terms, conditions, and procedures of paragraph 20
of the Stipulation and paragraph 10(c) of this Order.

7.      As long as the Stipulation, as it may be amended from time to time,
governs the consensual use of Cash Collateral, Easy Street is prohibited from: (i) subjecting the
liens and security interests of WestLB to priming or pari passu liens, or other modification; or
(ii) seeking or obtaining any post-petition financing or other indebtedness under § 364 of the
Bankruptcy Code for any purposes other than the payment of the categories of line items set
forth in the Budget or the payment of claims secured by liens junior to those of WestLB.  For
avoidance of doubt, Easy Street is authorized to use such post-petition financing to pay sums in
excess of the line item amounts set forth in the Budget.

8.      Easy Street is prohibited from making any transfers of Cash Collateral or
loaning or otherwise transferring Cash Collateral to affiliates or to any other person or entity
outside of the ordinary course of business unless such transfers are made in accordance with the
Budget, the terms of the Stipulation, as the same may be amended in writing from time to time,
and this Order.

9.      Unless otherwise provided in the Stipulation, Easy Street is ordered to
comply with, and shall be subject to the penalties for failure to comply with, the reporting
requirements as provided in paragraph 24 of the Stipulation.

4

10.    Easy Street is ordered to provide WestLB with the following forms of adequate protection for the use of its Collateral (including, but not limited to Cash Collateral) during the term of the Stipulation:

(a)    WestLB shall be and hereby is granted a continuing, perfected, first priority security interest in all of the Collateral and all proceeds thereof, whether existing on the Petition Date or acquired thereafter (including, without limitation, all proceeds (as defined in the New York Uniform Commercial Code) on account of the Collateral), and all assets of Easy Street whether presently owned or hereafter acquired by Easy Street except avoidance actions under chapter 5 of the Bankruptcy Code.  The first priority security interests granted as Interim Rights under the Interim Cash Collateral Stipulated Order and granted in and as part of the Stipulation and this Order shall not be subject to challenge and shall attach and become valid, binding, continuing, enforceable, fully-perfected and non-avoidable by operation of law as of the Petition Date without any further action by Easy Street, WestLB, or any other person, and without the necessity of execution by Easy Street, or the filing or recordation, of any financing statements, security agreements, mortgages, deeds of trust, or other documents.  Despite the forgoing, WestLB may request additional documentation evidencing its perfected security interests, including, without limitation, certain control agreements over Easy Street's Bank Accounts, and Easy Street shall comply with any such requests;

(b)    By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of this Order, Easy Street shall pay to WestLB the amount of $34,000.  This amount reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the

5

Petition Date which amount is set forth in the Initial Budget attached to the Stipulation and shall

be set forth in all subsequent Submitted Monthly Budgets required by the Stipulation. The

payments due hereunder shall constitute adequate protection payments and the Parties shall

reserve all rights regarding the application of the payment against the allowed claims of WestLB.

WestLB shall release funds from the Petition Date Cash to enable Easy Street to make these

payments;

        (c)      On or before October 15, 2009, Easy Street shall arrange to be

deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues

or Petition Date Cash) the following sums into the following Bank Accounts, each of which is

defined and further identified on Exhibit C of the Stipulation: (i) into the Tax and Insurance

Reserve Account, the sum of $43,624 on account of property taxes which Easy Street represents

will become due in November 2009; (ii) into the FF&E Reserve Account, the sum of $10,990;

(iii) into the HOA Reserve Account the sum of $183,610; and (iv) all monies paid into the

controlled bank accounts for Refundable Deposits into the Sky Lodge Refundable Guest

Advance Deposits Trust Account, which account shall be established with a control agreement in

favor of WestLB with the security interest of WestLB being subordinate to the rights of the

beneficiaries of such Trust Account. In addition, on or before the second (2nd) business day of

each month, Easy Street shall arrange to be deposited and WestLB shall release from controlled

bank accounts (from post-petition Revenues or Petition Date Cash) the following sums (which

amounts are set forth in the Initial Budget and shall be set forth in all subsequent Submitted

Monthly Budgets) into the following Bank Accounts, each of which is defined and further

identified on Exhibit C of the Stipulation: (i) into the Tax and Insurance Reserve Account, a sum

representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account, a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; (iii) into the HOA Reserve Account, a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter; and (iv) into the Debt Service Reserve Account the sum of $34,000 to be paid monthly to WestLB in accordance with paragraph 26(b) of the Stipulation and paragraph 10(b) of this Order. On or before Friday of each week, Easy Street shall arrange to deposit and West LB shall release from controlled bank accounts into the Sky Lodge Refundable Guest Advance Deposits Trust Account, all monies paid into the controlled bank accounts for Refundable Deposits during the preceding week (ending on Thursday).

(d)  WestLB shall be and hereby is granted a superpriority administrative claim against Easy Street's estate senior to all other administrative expenses set forth in §§ 503(b) and 507(b) of the Bankruptcy Code to the extent of a Post-Petition Loss occurring during or precipitated by events or circumstances arising or occurring during the period the Stipulation is in effect, including any extensions thereof. This superpriority claim is subject and subordinate to the carve out for administrative claims in paragraph 27 of the Stipulation and paragraph 11 of this Order;

(e)  Without prejudice to any prior rights or claims of Easy Street or WestLB, Easy Street is ordered to name WestLB as the insured party and/or obtain loss payee endorsements in favor of WestLB for all policies of insurance obtained and/or renewed after

7

January 1, 2009 ("New Policies"), including, but not limited to: (i) all property insurance policies; (ii) all commercial general liability insurance policies; (iii) all commercial umbrella liability policies; and (iv) all other liability insurance policies. Easy Street is ordered to provide WestLB with evidence of Easy Street's compliance with the foregoing on a continuing updated basis as soon as reasonably possible. The material terms of each New Policy (subject to the actual New Policy conforming to such material terms) obtained after October 30, 2009 shall be subject to approval of WestLB, which approval shall not be unreasonably withheld. Not less than fifteen (15) and not more than twenty-two (22) calendar days prior to the obtaining of a New Policy, Easy Street shall provide to WestLB, in writing, the status with respect to such New Policy and the anticipated terms, conditions and costs of such New Policy known to Easy Street at such time. In the event that Easy Street obtains a New Policy after October 15, 2009, but prior to approval by WestLB, the material terms shall remain subject to such reasonable approval of WestLB as set forth above, which shall be deemed to have been granted if no written objection is received by Easy Street from WestLB within fourteen (14) days of WestLB's receipt of such material terms. All proceeds of insurance payable from New Policies shall constitute Cash Collateral and shall remain subject to the rights of Easy Street and WestLB with respect to use of Cash Collateral;

(f)     Easy Street shall submit to WestLB for its approval (which approval shall not be unreasonably withheld) on or before November 1, 2009, a Business Plan setting forth Easy Street's overall strategic plan for managing, operating, financing, and otherwise dealing with Sky Lodge, which shall serve as the basis for a proposed plan and a restructuring of WestLB's loan and include all information specified in Exhibit DD to the Loan

8

Agreement. Easy Street shall promptly initiate good faith negotiations with WestLB regarding a

plan of reorganization that is feasible, acceptable to WestLB and can be proposed and confirmed

within the timeline provided for in the Stipulation;

        (g)      Without limiting Easy Street's obligations under the Loan

Documents or under applicable law, Easy Street shall continue, in accordance with its

obligations under the Loan Agreement, (i) to maintain all Permits and a valid liquor license

related to the Sky Lodge; (ii) to continuously operate and maintain the Sky Lodge in good

working order and condition as a full service, luxury hotel, in accordance with the performance

standards set forth in the Hotel Management Agreement, in compliance with all Laws, and as

"The Sky Lodge Private Residence Club and Hotel" or such other name approved by WestLB in

its reasonable discretion; and (iii) to perform Easy Street's obligations under the Hotel

Management Agreement, and to enforce the performance by Hotel Operator of all of Hotel

Operator's obligations under the Hotel Management Agreement;

        (h)    Easy Street shall collaborate with WestLB in the identification,

interview and engagement of a manger or operating consultant to serve as a co-managing officer

("Co-Manager") to assist and direct Easy Street in managing its business operations and

restructuring its obligations. The retention of the Co-Manager must be approved by an Order of

the Court no later than December 1, 2009. Upon retention of the Co-Manager, the expense of

such Co-Manager shall be added to the Budget, in an amount agreed to by WestLB. Easy Street

shall have final authority to select the Co-Manager, but such Co-Manager must be reasonably

acceptable to WestLB, and Easy Street will provide WestLB with direct and unrestricted access

to the Co-Manager with respect to the current and projected business operations, and the

9

potential restructuring of WestLB's Loan under a plan of reorganization. The Co-Manager's

authority and responsibility will include, but not be limited to, active participation in operating

and management decisions. All material decisions regarding the business operations shall be

made jointly by the Co-Manager and other senior management of Easy Street. If the Co-

Manager and other senior management disagree over any material decision affecting the business

operations, then counsel for Easy Street and counsel for WestLB shall in good faith attempt to

resolve the disagreement. Any party may, upon notice and hearing, seek an order from the

Bankruptcy Court directing as to how Easy Street shall proceed to resolve the disagreement;

(i)     Easy Street shall not sell Fractional Ownership Units free and clear

of WestLB's liens on such Fractional Ownership Units except upon the following terms and

conditions: (i) the proposed sale is an all cash transaction negotiated at arms length and on

normal and customary terms and conditions; (ii) WestLB will receive not less than 80% of the

net proceeds received by Easy Street from the sale of each Fractional Ownership Unit, which

sales shall be in compliance with the minimum release price requirements contained in the Loan

Documents or as may otherwise be agreed to by WestLB and Easy Street; and (iii) the remaining

20% of net proceeds shall be deposited into the Sale Proceeds Account (as identified on Exhibit

C of the Stipulation) and be subject to the terms of the Stipulation;

(j)     Any funds received by Easy Street as a result of its pending

adversary complaint against Bay North Realty Fund VI Limited Partnership, Adv. Proc.

No. 09-2422 (the "Adversary Proceeding"), whether by recovery on a judgment or settlement of

disputes, shall constitute Cash Collateral in which WestLB holds a valid, perfected first priority

lien under applicable law, the Loan Documents, the Interim Rights afforded under the Interim

10

Cash Collateral Stipulated Order, the Stipulation, and this Order. Easy Street further agrees that

it will pay 70% of the net proceeds recovered by Easy Street after deduction of direct, reasonable

and necessary costs of pursuing the litigation to WestLB and WestLB agrees that Easy Street

may retain in the Bank Accounts the amounts deducted for costs of litigation and 30% of the net

proceeds as Cash Collateral, the use of which is subject to the terms of the Stipulation or a

subsequent Order of the Bankruptcy Court. This obligation of Easy Street and WestLB's rights

in the Adversary Proceeding shall survive any termination of Easy Street's authority to use Cash

Collateral under the Stipulation and this Order and may be enforced at any time Easy Street

recovers proceeds from the Adversary Proceeding; and

        (k)     No later than December 3, 2009, Easy Street shall submit to

WestLB a term sheet of its proposed plan of reorganization. No later than December 23, 2009,

Easy Street shall file a disclosure statement and plan of reorganization, both of which must be

reasonably acceptable to WestLB with respect to any provisions that might have a material effect

on WestLB's rights and claims in the chapter 11 case or its treatment under the plan, or might

provide preferential or more favorable treatment to claims that are junior to or equal in priority to

those of WestLB, and such plan shall, in any event, provide that (i) the maturity date of the

restructured Loan will not be extended past December 31, 2011; (ii) the nondefault interest rate

applicable to the restructured Loan will be no less than LIBOR (as defined in the Loan

Documents) plus 6%; (iii) Easy Street will make monthly interests payments until December 1,

2010 and thereafter monthly payments according to a 20-year amortization schedule provided,

however, that the portion of the monthly payments constituting amortization of principal shall be

reduced by payments to WestLB from the sale of Fractional Ownership Units; (iv) WestLB has

11

approved the post-confirmation senior management team and/or any sales agent for unsold
Fractional Ownership Units, which approval will not be unreasonably withheld; and (v) WestLB
will receive as paydown of principal not less than 80% of the net proceeds received by Easy
Street from the sale of each Fractional Ownership Unit, which sales shall be in compliance with
the minimum release price requirements contained in the restructured Loan Documents or as
may be otherwise agreed to by WestLB and Easy Street, and the remaining 20% of net proceeds
shall be deposited into a Sale Proceeds Account and remain subject to a control agreement in
favor of WestLB.  No later than March 31, 2010, Easy Street shall obtain confirmation of a plan
of reorganization that is reasonably acceptable to WestLB and meets the minimum qualifications
described in (i)-(v) above.  Further, unless it receives the written consent of WestLB, Easy Street
shall not seek to extend the exclusive period under § 1121(c)(2) of the Bankruptcy Code to file a
plan and disclosure statement.  If Easy Street has filed a plan and disclosure statement in
accordance with the Stipulation, WestLB will consent to extension of the time to have a plan
accepted under § 1121(c)(3) of the Bankruptcy Code.

       11.    Any monthly amount for the line item "Legal + Admin & General" in the
Initial Budget and the approved Budgets shall constitute and serve as a "carve out" for
professionals seeking compensation from the estate, including attorneys and consultants for the
Debtors and Committee.  The liens and the super-priority claims granted to WestLB as adequate
protection shall be subject and subordinate to the carve out for professionals.  The budgeting of
such amounts does not constitute any admission or agreement by any party as to the timing or
amount to be paid to any such professional, and all payments to such professionals may only be
made as allowed by the Court and upon such terms and conditions as may be imposed by the

Court. Any fees or expenses incurred by professionals in connection with the Adversary

Proceeding may be paid when and if proceeds are recovered by Easy Street and in an amount not

to exceed the reasonable and necessary fees and costs deducted to realize the net proceeds to be

distributed under paragraph 26(j) of the Stipulation. The professionals for the Committee may

not seek nor receive more than $25,000 from the carve out for services related to the

investigation and analysis of the validity, amount, priority and perfection of the liens and claims

of WestLB, and potential avoidance actions against WestLB, and the professionals for the

Committee may not seek nor receive any amounts from the carve out for services related to the

commencement or prosecution of any claim or action attacking the validity, amount, priority or

perfection of the liens and claims of WestLB, or commencement or prosecution of any avoidance

action against WestLB. Upon a Termination Event, the carve out shall be limited to the amounts

set forth in the Budget for the period prior to the Termination Event, unless otherwise ordered by

the Court. In recognition of WestLB's approval of expenditures in the Budget and the carve out

for administrative fees, the Debtors waive any claims or rights under § 506(c) of the Bankruptcy

Code to surcharge the Collateral of WestLB for any expenses incurred during the time Easy

Street is authorized to use Cash Collateral under the Stipulation or any extension or amendment

thereto.

        12.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, and the Stipulation shall be binding upon: (i) Easy Street, and any

trustee or examiner that may be appointed in these Chapter 11 Cases, or its respective successors

and assigns; (ii) WestLB and its respective successors and assigns; (iii) the trustee in the event

that the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code; and

(iv) all creditors and other parties in interest in the Chapter 11 Cases having notice of the

Stipulation, including parties claiming derivatively through Easy Street or its estate, with the sole

and limited exception that with respect to the committee of unsecured creditors appointed by the

Office of the United States Trustee (the "Committee"), the Stipulation regarding the amount,

validity, priority, perfection, and non-avoidance of the liens and claims of WestLB shall be

binding ninety (90) days after entry of this Order, unless the Committee institutes appropriate

litigation within that 90 day period to challenge such liens or claims.

       13.    WestLB is entitled to all of the rights, remedies, protections and benefits

granted under §§ 363(m) and 364(e) of the Bankruptcy Code with respect to all uses of its

Collateral, including uses of its Cash Collateral. In the event any or all of the provisions of this

Order are hereafter reversed, modified, vacated, or stayed, such reversal, modification, vacation,

or stay shall not affect the validity or enforceability of any right, claim, lien, security interest,

priority, or payment authorized or created for the benefit of WestLB by the Interim Cash

Collateral Stipulated Order, the Stipulation or this Order.

       14.    Except as specifically set forth in the Stipulation, the Parties expressly

reserve and retain all of their respective rights, remedies, or claims under the provisions of the

Bankruptcy Code, other applicable law, or the Loan Documents.

       15.    The terms of the Stipulation may be extended by the Parties by mutual

agreement in writing. The Parties shall file with the Court and serve on all interested parties a

notice of any such extension and the terms and conditions governing the extension. The Court

may, without further notice or hearing, approve any such extension. Upon termination of Easy

14

Street's authority to use Cash Collateral, it may seek by motion on no less than 10 days notice

authority to continue to use Cash Collateral.

      16.     This Order shall be binding and effective despite any conversion of the

Case to a case under any other chapter of title 11 of the United States Code.

      17.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation, enforcement, or implementation of the Stipulation and this Order.

-------------------END OF ORDER---------------------

APPROVED AS TO FORM BY:


_____
Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
TELEPHONE:  (801) 415-3000/FAX:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com)
CROWELL & MORING LLP
590 MADISON AVENUE, 20TH FLOOR
NEW YORK, NY  10022
TELEPHONE:  (212) 223-4000/FAX:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession


AND


_____
Annette W. Jarvis (jarvis.annette@dorsey.com) (1649)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101
Telephone:  (801) 933-8933
Facsimile:  (801) 933-7373

Richard W. Havel (rhavel@sidley.com)
Drew A. Normal (dnorman@sidley.com)
Christina M. Craige (ccraige@sidley.com)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Co-Counsel for WestLB, AG


16

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Proposed Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

In re:

EASY STREET HOLDING, LLC, *et al.*,

    Debtors.

Address:  201 Heber Avenue
      Park City, UT 84060

Tax ID Numbers:
35-2183713 (Easy Street Holding, LLC),
20-4502979 (Easy Street Partners, LLC), and
84-1685764 (Easy Street Mezzanine, LLC)

Bankruptcy Case No. 09-29905
Jointly Administered with Cases
09-29907 and 09-29908

Chapter 11

Honorable R. Kimball Mosier
DATE:   October 13, 2009
TIME:   11:00 A.M.
PLACE:  Courtroom 369
        350 South Main Street, #301
Salt Lake City, Utah 84101

### AMENDMENT TO STIPULATION AUTHORIZING USE OF CASH COLLATERAL
### PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION
### TO WESTLB, AG – AMENDED EXHIBIT C (BANK ACCOUNTS)

Easy Street Partners ("Easy Street") and WestLB, AG ("WestLB") hereby amend their

stipulation dated October 9, 2009, authorizing use of cash collateral pursuant to 11 U.S.C. § 363

and granting adequate protection to WestLB (the "Cash Collateral Stipulation") by amending

Exhibit C, Bank Accounts, and substituting into the Cash Collateral Stipulation the attached

Amended Exhibit C, Bank Accounts.

October 13, 2009                    Agreed and Stipulated:

                                   Michael V. Blumenthal
                                   CROWELL & MORING LLP
                                   590 Madison Avenue, 20th Floor
                                   New York, NY 10022

                                   Proposed Reorganization Counsel for
                                   Debtors and Debtors in Possession

                                   /s/ Steven J. McCardell
                                   Kenneth L. Cannon II
                                   Steven J. McCardell
                                   DURHAM JONES & PINEGAR, P.C.
                                   111 East Broadway, Suite 900
                                   P.O. Box 4050
                                   Salt Lake City, UT 84110-4050

                                   Proposed Local Reorganization Counsel
                                   For Debtors and Debtors in Possession


                                   Richard W. Havel
                                   Christina M. Craige
                                   Drew A. Norman
                                   SIDLEY AUSTIN LLP
                                   555 West 5th Street, Suite 4000
                                   Los Angeles, CA 90013

                                   Attorneys for WestLB, AG

                                   /s/ Annette W. Jarvis
                                   Annette W. Jarvis
                                   DORSEY & WHITNEY LLP
                                   136 South Main Street, Suite 1000
                                   Salt Lake City, UT 84101-1685

                                   Attorneys for WestLB, AG

# <u>AMENDED EXHIBIT C</u>

Bank Accounts

**AMENDED EXHIBIT C**

**EASY STREET PARTNERS**

**BANK ACCOUNTS AND BALANCES - OCTOBER 8, 2009**

| | | |
|---|---|---|
| **Wells Fargo Checking Accounts** | | |
| Operating Account | 2679764668 | 40,318.00 |
| Lockbox | 2679764676 | 49,193.99 |
| Easy Street Mezzanine* | 9981223142 | 26.54 |
| **Zion's Bank Checking Accounts** | | |
| Operating Account | 098019060 | 46,862.20 |
| Total Checking | | 136,400.73 |
| | | |
| **Wells Fargo Escrow Accounts** | | |
| ESP - Sky Lodge Sales Proceeds | 12997375 | 2,343,022.08 |
| ESP - Sky Lodge Deposit Acct | 12997367 | 690,403.70 |
| Easy Street Mezzanine* | 12954467 | 78,511.92 |
| Total Escrow | | 3,111,937.70 |
| **GRAND TOTAL** | | 3,248,338.43 |

**Wells Fargo Account to be Opened and Funded:**

ESP - Sky Lodge Refundable Guest Advance Deposits Trust Account

ESP - Sky Lodge Tax and Insurance Reserve Account

ESP - Sky Lodge FF&E Reserve Account

ESP - Sky Lodge HOA Reserve Account

ESP - Utilities Adequate Assurance Account

*These accounts, and the funds in them, are accounts and property of Easy Street Partners, LLC.