## **EXHIBIT C**

Amendment

Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
      hunt.peggy@dorsey.com
      kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

Kenneth L. Cannon II (3705)
Steven J. McCardell (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: kcannon@djplaw.com
      smccardell@djplaw.com

Michael V. Blumenthal
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-400
Facsimile: (212) 223-4134
Email: mblumenthal@crowell.com

*Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> EASY STREET HOLDING, LLC, *et al.*, <br><br> Debtors. <br><br> Address: 201 Heber Avenue <br>          Park City, UT 84060 <br><br> Tax ID Numbers: <br> 35-2183713 (Easy Street Holding, LLC), <br> 20-4502979 (Easy Street Partners, LLC), and <br> 84-1685764 (Easy Street Mezzanine, LLC) | Bankr. Case No. 09-29905 <br> Jointly Administered with Bankr. Case Nos. <br> 09-29907 and 09-29908 <br><br> Chapter 11 <br><br> Honorable R. Kimball Mosier <br><br> **[FILED ELECTRONICALLY]** |

**AMENDMENT TO STIPULATION AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION TO
<u>WESTLB, AG</u>**

1

This Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (this "Amendment"), dated as of November 25, 2009 is entered into by and between Easy Street[1] and WestLB, with reference to the following facts:

## RECITALS

WHEREAS Easy Street, together with Easy Street Holding, LLC and Easy Street Mezzanine, LLC, are debtors in possession, having filed voluntary Chapter 11 petitions on September 14, 2009;

WHEREAS Easy Street owns and operates certain real property and improvements and related facilities in Park City, Utah commonly known as the Sky Lodge Private Residence Club and Hotel;

WHEREAS on or about October 9, 2009, Easy Street and WestLB filed the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84], as amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 [Docket No. 91] (as amended, the "Stipulation");

WHEREAS on or about October 13, 2009, the Court entered its Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Original Cash Collateral Order"). The Original Cash Collateral Order and the Stipulation reflect certain terms, as stipulated by the parties, regarding the use of Cash Collateral;

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation (as defined herein) and the Loan Documents.

2

WHEREAS in the course of implementing the Stipulation, WestLB and Easy Street have informally agreed to certain new or different terms governing the use of Cash Collateral, which they now wish to formalize through amendment to the Stipulation;

WHEREAS Easy Street and WestLB desire to amend the Stipulation, such that the Stipulation, as appearing on the docket at [Docket No. 84], and the Original Cash Collateral Order remain in full force and effect, except as otherwise amended herein or by order of the Court approving this Amendment (the "Amendment Approval Order").

NOW, THEREFORE, in consideration of the foregoing promises and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Easy Street and WestLB hereby covenant and agree as follows:

1. Amendments to Stipulation. Effective as of the date of the Amendment Approval Order:

    A. The Stipulation is hereby amended by amending and restating Exhibit A to read as set forth on Annex I attached hereto.

    B. The Stipulation is hereby amended by amending and restating Exhibit C to read as set forth on Annex II attached hereto.

    C. Paragraph 19 of the Stipulation is hereby amended and restated in its entirety as follows:

    19. Source of Funds to Pay Budgeted Amounts. Without limiting or diminishing the force and effect of paragraph 18, disbursements pursuant to any Budget will be made (i) from the Tax and Insurance Reserve Account for budgeted expenses corresponding to Taxes and insurance premiums with respect to the Required Insurance; (b) from the FF&E Reserve Account for budgeted expenses corresponding to costs of renewal, replacement and addition of FF&E; and (iii) from the HOA Reserve for budgeted expenses corresponding to common area charges

payable under the Fractional Ownership Documents or Condominium Documents with respect to the Commercial Units or any unsold Fractional Ownership Units, as each such Bank Account is identified on <u>Exhibit C</u> hereto. If any Bank Account should contain insufficient funds to satisfy the payment required by the previous sentence, amounts shall be disbursed, in accordance with the approved Budget, from any of the other Bank Accounts and WestLB shall release funds from such accounts to fund the disbursement. Although funds will be deposited into various separate reserve accounts, all funds held in any and all such accounts constitute Cash Collateral of WestLB, and WestLB is not and shall not be deemed limited in the use of any and all such funds to any particular purpose, regardless of the deposit of any such funds into a particular reserve account. For the avoidance of doubt, nothing in this paragraph should be deemed to limit WestLB's authority to apply amounts in any of the Bank Accounts for any purpose, including but not limited to applying amounts to reduction of the obligations under the Loan Documents pursuant to paragraph 17. For the further avoidance of doubt, to the extent of any inconsistency between paragraphs 18 and 19, Easy Street shall and shall be deemed to disburse funds in accordance with paragraph 18 of this Stipulation.

D. <u>Paragraph 20</u> of the Stipulation is hereby amended and restated in its entirety as follows:

20. <u>Mandatory Deposit Into Bank Accounts</u>. All Cash Collateral shall be deposited and maintained at all times in the Bank Accounts which, subject to paragraph 26(c), below, will be subject to control agreements in favor of WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that may be entered by the Court. To the extent any Cash Collateral is deposited into any other

4

account, Easy Street shall immediately transfer such funds to the Lockbox Account. WestLB is to authorize the transfer of funds from the Lockbox Account to other Accounts on <u>Exhibit C</u> under the following procedure: Easy Street shall submit to WestLB on a weekly basis a written request for the transfer of funds indicating the amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to be paid, WestLB shall promptly (and no later than two (2) business days after receipt of the request) authorize the transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget.

E.  <u>Paragraph 26(b)</u> of the Stipulation is hereby amended and restated in its entirety as follows:

> (b)  By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of the Court of an order approving this Stipulation, Easy Street shall pay to WestLB the following amounts: (i) $34,000, which reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the Petition Date; and (ii) pursuant to the procedure set forth below an amount up to, but not to exceed, the aggregate amount(s) contained in the line item entitled "WLB Costs & Fees" in the Budget, which have accrued, but have not been previously distributed. The amount in (ii) of the previous sentence shall be determined by the following procedure:
>
>> 1.  Prior to the 20th of each month the counsel for WestLB will provide to Easy Street and its counsel a written statement of the fees and expenses incurred during the prior month(s) to include the amount to be distributed, the total time expended, the identity of the attorneys rendering services, the hourly billing rates and a detailed listing of time.

      2.     Easy Street may within 5 business days of receipt of the written statement object in writing to any fees and expenses that would not be deemed reasonable under Section 506(b) of the Bankruptcy Code. The written objection must state the specific subject matter, services and amount being objected to. It shall not be sufficient to simply object to all fees and expenses.

      3.     Upon the expiration of the 5 business day objection period Easy Street shall pay the counsel for WestLB the amount(s) that are not subject to objection.

      4.     Failure to object shall not limit or prejudice any party's rights to object to the reasonableness of WestLB's fees and expenses under Section 506(b) when submitted to the court for final allowance. Any objection shall not limit or prejudice WestLB's rights to have the subject fees and expenses included in the claim of WestLB when submitted to the court for final allowance.

The foregoing amounts are set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation. Such payments shall constitute adequate protection payments, and the Parties shall reserve all rights regarding the application of the payments against the allowed claims of WestLB. WestLB shall release funds to enable Easy Street to make these payments;

    F.    <u>Paragraph 26(c)</u> of the Stipulation is hereby amended and restated in its entirety as follows:

      (c)     As soon as reasonably practicable on account of obligations existing as of October 31, 2009, Easy Street shall arrange to be deposited, and WestLB shall release from other controlled bank accounts (from post-petition Revenues or Petition Date Cash) as necessary to fund such deposits, amounts sufficient to bring the balances in the following Bank

6

Accounts, each of which is defined and further identified on Exhibit C hereto, to the following amounts: (i) in the Tax and Insurance Reserve Account, $43,624, on account of property taxes which Easy Street represents will become due in November 2009; (ii) in the FF&E Reserve Account, $10,990; (iii) in the HOA Reserve Account, $183,601; and (iv) in the Utilities Adequate Assurance Account, $24,092, in accordance with the Order entered September 17, 2009, Granting Motion for Order Pursuant to 11 U.S.C. § 366 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating against the Debtor; (II) Providing that a Single Deposit for all the Debtors' Utilities Shall Constitute "Adequate Assurance of Future Payment"; and (III) Establishing Procedures for Determining Requests for Adequate Assurance. In addition, as soon as reasonably practicable on account of obligations for November 2009 and, as to months thereafter, on or before the second (2nd) business day of each month, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following sums (which amounts are set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation) into the following Bank Accounts, each of which is defined and further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve Account a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; and (iii) into the HOA Reserve Account a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter.

7

Easy Street shall further indicate and WestLB acknowledges that there shall be a notional Refundable Guest Deposits Reserve within the Lockbox Account, as such account is defined and further identified on Exhibit C hereto, all monies paid into the controlled bank accounts for refundable guest deposits (the "Refundable Deposits"). On or before the Tuesday of each week after such set aside is made, Easy Street shall deliver to WestLB an accounting of (i) the total amount of all Refundable Deposits paid into the controlled bank accounts during the preceding week (ending on Friday), or in the case of the initial such accounting, since the date of the accounting upon which the initial set aside was based, (such total, the "New Refundable Deposits"), and (ii) the total amount of all such Refundable Deposits, including any amounts previously set aside in the Refundable Guest Deposits Reserve within the Lockbox Account, which have or will, since the preceding Tuesday, or in the case of the initial such accounting, since the date of the accounting upon which the initial set aside was based, and on or prior to the Tuesday of the week in which such accounting is due, become non-refundable (such total, the "New Non-Refundable Deposits"). Easy Street shall arrange to designate in the notional Sky Lodge Refundable Guest Advance Deposits Reserve within the Lockbox Account, an additional amount equal to the excess of New Refundable Deposits over New Non-Refundable Deposits, if any. WestLB shall, subject to its reasonable review and approval of such accounting, release from other controlled bank accounts into the Lockbox Account such amounts, if any, as may be necessary to fund such additional set aside. In the event that New Non-Refundable Deposits exceed New Refundable Deposits for any period, the amount of such excess shall be deducted from amount designated for the notional Refundable Guest Deposits Trust Reserve. Easy Street and WestLB jointly agree not to draw down the notional Refundable Guest Deposits Reserve within the Lockbox

8

Account, except to the extent that such deposits become non-refundable and are deducted pursuant to the preceding sentence. WestLB acknowledges that the security interest of WestLB in the funds designated for the notional Refundable Guest Deposits Reserve within the Lockbox shall, for so long as such deposits remain refundable, be subordinate to the rights of the guests whose deposits such funds represent;

2. <u>Counterparts</u>. This Amendment may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.

**WHEREFORE**, Easy Street and WestLB, by and through the signatures of their counsel below, hereby so stipulate by and between themselves as set forth herein on the date set forth below and respectfully request that the Court enter the Amendment Approval Order approving and effectuating their mutual agreements as set forth herein.

DATED this 25th day of November, 2009.

| /s/ Benjamin J. Kotter | /s/ Kenneth L. Cannon II |
|---|---|
| Annette Jarvis | Kenneth L. Cannon II |
| Peggy Hunt | Steven J. McCardell |
| Benjamin J. Kotter | DURHAM JONES & PINEGAR, P.C. |
| DORSEY & WHITNEY LLP | and |
| and | Michael V. Blumenthal |
| Richard W. Havel | CROWELL & MORING LLP |
| SIDLEY AUSTIN LLP | |
| | *Attorneys for Debtors and Debtors in Possession* |
| *Attorneys for WestLB, AG* | |

9

# ANNEX I

# EXHIBIT A

Initial Budget

**EASY STREET PARTNERS - CONSOLIDATED 90 DAY FORECAST**  NOVEMBER 25, 2009

|  | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|
| **SKY LODGE HOTEL OPERATIONS** | | | | | |
| Projected Occupancy | 45.5% | 29.5% | 21.4% | 58.2% | 22.3% |
| Transient Occupancy | 40.1% | 25.4% | 19.6% | 42.7% | |
| Owner Occupancy | 5.4% | 4.1% | 1.8% | 15.4% | |
| Room Nights Occupied | 450 | 302 | 212 | 595 | 1,559 |
| ADR | $182.22 | $181.38 | $296.95 | $923.44 | $93.33 |
| % of Project Sold Out | 64.8% | 64.3% | 64.3% | 64.3% | |
|  | - | | | | - |
| **REVENUE** | | | | | |
| Rooms Revenue | 84,382 | 57,334 | 64,816 | 446,384 | 652,916 |
| Property Management Revenue | | | | | - |
| F&B Revenue | 105,070 | 82,300 | 100,072 | 252,834 | 540,276 |
| Spa Revenue | 15,260 | 14,143 | 10,553 | 35,689 | 75,644 |
| Sky Club Memberships | 23,760 | 32,560 | 32,560 | 32,560 | 121,440 |
| Zoom Rental Revenue | 10,000 | 10,000 | 10,000 | 10,000 | 40,000 |
| **TOTAL REVENUE** | 274,760 | 196,336 | 218,001 | 777,467 | 1,430,276 |
| **EXPENSES** | | | | | |
| Rooms Division | 66,500 | 77,658 | 67,560 | 136,690 | 348,408 |
| Property Management | | | | | - |
| Food & Beverage | 122,359 | 118,493 | 117,052 | 208,937 | 566,841 |
| Spa | 12,511 | 35,452 | 29,821 | 50,871 | 128,655 |
| Facilities | 41,000 | 42,870 | 44,591 | 46,544 | 175,005 |
| HOA Credit - Facilities | (57,053) | (15,055) | (13,372) | (17,299) | (102,778) |
| HOA Credit - Other | | (33,997) | (29,367) | (35,777) | (99,141) |
| Sales & Marketing | 16,550 | 32,560 | 34,519 | 36,728 | 120,357 |
| Administration | 31,934 | 32,362 | 35,287 | 61,175 | 160,757 |
| Property Taxes | - | - | 43,624 | - | 43,624 |
| Management Fees | 10,455 | 6,872 | 7,630 | 27,211 | 52,168 |
| **TOTAL EXPENSES** | 244,256 | 297,215 | 337,345 | 515,081 | 1,393,897 |
| | | | | | |
| **HOTEL OPERATING PROFIT/(LOSS)** | 30,504 | (100,878) | (119,345) | 262,386 | 36,379 |
| | | | | | |
| **EASY STREET PARTNERS OPERATING EXPENSES** | | | | | |
| Developer HOA | | | | | |
| Residential HOA Dues | | 87,747 | | | 87,747 |
| Commercial HOA Dues | | 95,863 | | | 95,863 |
| Hotel Rental Owner Commissions | 15,351 | 5,514 | 5,193 | 79,297 | 105,354 |
| Legal + Admin & General | 125,000 | 125,000 | 125,000 | 125,000 | 500,000 |
| Estimated State Tax to be Paid | | 23,255 | | | 23,225 |
| Utility Deposit | | 24,092 | | | 24,092 |
| WLB Adequate Protection Payments | | 34,000 | 34,000 | 34,000 | 102,000 |
| [WLB Costs & Fees] | 100,000 | 100,000 | 100,000 | 100,000 | 400,000 |
| Office Rent | 11,000 | 11,000 | 11,000 | 11,000 | 44,000 |
| State & Local Sales Taxes | | 65,000 | | | 65,000 |
| **TOTAL ESP OPERATING EXPENSES** | 251,351 | 571,441 | 275,193 | 349,297 | 1,447,281 |
| | | | | | |
| **CONSOLIDATED OPERATING PROFIT (LOSS)** | (220,847) | (672,319) | (394,537) | (86,910) | (1,410,902) |

10

# ANNEX II

# EXHIBIT C

Bank Accounts

**TO BE UPDATED**

**EXHIBIT C**

**EASY STREET PARTNERS**

**BANK ACCOUNTS AND BALANCES - NOVEMBER [__], 2009**

**Checking Accounts**

Operating Account
Lockbox

                                  Total Checking

**Escrow/Reserve Accounts**

Sky Lodge Sales Proceeds
Sky Lodge Utilities Adequate Protection
Sky Lodge Tax & Insurance Reserve
Sky Lodge FF&E Reserve
Sky Lodge HOA Reserve

                                  Total Escrow/Reserve

                                  Total Trust

GRAND TOTAL