**Exhibit D**

Redlines of Amended Provisions to Original Provisions in Stipulation as Modified by Cash

Collateral Order

19.    Source of Funds to Pay Budgeted Amounts.  Without limiting or
diminishing the force and effect of paragraph 18, disbursements pursuant to any Budget will be
made (i) from the Tax and Insurance Reserve Account for budgeted expenses corresponding to
Taxes and insurance premiums with respect to the Required Insurance; (b) from the FF&E
Reserve Account for budgeted expenses corresponding to costs or renewal, replacement and
addition of FF&E; (iii) from the HOA Reserve for budgeted expenses corresponding to common
area charges payable under the Fractional Ownership Documents or Condominium Documents
with respect to the Commercial Units or any unsold Fractional Ownership Units; and (iv) from
the Debt Service Reserve for budgeted expenses corresponding to adequate assurance payments,
as each such Bank Account is identified on Exhibit C hereto.  If any Bank Account should
contain insufficient funds to satisfy the payment required by the previous sentence, amounts shall
be disbursed, in accordance with the approved Budget, from any of the other Bank Accounts and
WestLB shall release funds from such accounts to fund the disbursement.  Nothing in this
paragraph should be deemed to limit WestLB's authority to apply amounts in any of the Bank
Accounts for any purpose, including but not limited to applying amounts to reduction of the
obligations under the Loan Documents pursuant to paragraph 17.  For the avoidance of doubt, to
the extent of any inconsistency between paragraphs 18 and 19, Easy Street shall and shall be
deemed to disburse funds in accordance with paragraph 18 of this Stipulation.

19.   <u>Source of Funds to Pay Budgeted Amounts</u>.  Without limiting or
diminishing the force and effect of paragraph 18, disbursements pursuant to any Budget will be
made (i) from the Tax and Insurance Reserve Account for budgeted expenses corresponding to
Taxes and insurance premiums with respect to the Required Insurance; (b) from the FF&E
Reserve Account for budgeted expenses corresponding to costs of renewal, replacement and
addition of FF&E; and (iii) from the HOA Reserve for budgeted expenses corresponding to
common area charges payable under the Fractional Ownership Documents or Condominium
Documents with respect to the Commercial Units or any unsold Fractional Ownership Units, as
each such Bank Account is identified on <u>Exhibit C</u> hereto.  If any Bank Account should contain
insufficient funds to satisfy the payment required by the previous sentence, amounts shall be
disbursed, in accordance with the approved Budget, from any of the other Bank Accounts and
WestLB shall release funds from such accounts to fund the disbursement.  Although funds will
be deposited into various separate reserve accounts, all funds held in any and all such accounts
constitute Cash Collateral of WestLB, and WestLB is not and shall not be deemed limited in the
use of any and all such funds to any particular purpose, regardless of the deposit of any such
funds into a particular reserve account.  For the avoidance of doubt, nothing in this paragraph
should be deemed to limit WestLB's authority to apply amounts in any of the Bank Accounts for
any purpose, including but not limited to applying amounts to reduction of the obligations under
the Loan Documents pursuant to paragraph 17.  For the further avoidance of doubt, to the extent
of any inconsistency between paragraphs 18 and 19, Easy Street shall and shall be deemed to
disburse funds in accordance with paragraph 18 of this Stipulation.

19.    <u>Source of Funds to Pay Budgeted Amounts</u>.  Without limiting or
diminishing the force and effect of paragraph 18, disbursements pursuant to any Budget will be
made (i) from the Tax and Insurance Reserve Account for budgeted expenses corresponding to
Taxes and insurance premiums with respect to the Required Insurance; (b) from the FF&E
Reserve Account for budgeted expenses corresponding to costs orof renewal, replacement and
addition of FF&E; and (iii) from the HOA Reserve for budgeted expenses corresponding to
common area charges payable under the Fractional Ownership Documents or Condominium
Documents with respect to the Commercial Units or any unsold Fractional Ownership Units; and
(iv) from the Debt Service Reserve for budgeted expenses corresponding to adequate assurance
payments, as each such Bank Account is identified on <u>Exhibit C</u> hereto.  If any Bank Account
should contain insufficient funds to satisfy the payment required by the previous sentence,
amounts shall be disbursed, in accordance with the approved Budget, from any of the other Bank
Accounts and WestLB shall release funds from such accounts to fund the disbursement.
NothingAlthough funds will be deposited into various separate reserve accounts, all funds held in
any and all such accounts constitute Cash Collateral of WestLB, and WestLB is not and shall not
be deemed limited in the use of any and all such funds to any particular purpose, regardless of
the deposit of any such funds into a particular reserve account.  For the avoidance of doubt,
nothing in this paragraph should be deemed to limit WestLB's authority to apply amounts in any
of the Bank Accounts for any purpose, including but not limited to applying amounts to
reduction of the obligations under the Loan Documents pursuant to paragraph 17.  For the <u>further</u>
avoidance of doubt, to the extent of any inconsistency between paragraphs 18 and 19, Easy
Street shall and shall be deemed to disburse funds in accordance with paragraph 18 of this
Stipulation.

    20.   <u>Mandatory Deposit Into Bank Accounts</u>. All Cash Collateral shall be deposited and maintained at all times in the Bank Accounts which, subject to paragraph 24(c), below, will be subject to control agreements in favor of WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that may be entered by the Court. With the exception of corporate checks and wires for refundable guest deposits (the "Refundable Deposits"), Easy Street shall cause all Revenues and other receipts, including, but not limited to, credit card receivables to be directly deposited directly into the Lockbox Account identified on Exhibit C. Refundable Deposits may be deposited directly into the Sky Lodge Refundable Guest Advance Deposit Trust Account established for the Refundable Deposits and, on a weekly basis, transferred to the LockBox Account identified on Exhibit C, after guest refund rights have expired. Except as provided in the immediately preceding sentence, to the extent any Cash Collateral is deposited into any other account, Easy Street shall immediately transfer such funds to the Lockbox Account. WestLB is to authorize the transfer of funds from the Lockbox Account to other Accounts on <u>Exhibit C</u> under the following procedure: Easy Street shall submit to WestLB on a weekly basis a written request for the transfer of funds indicating the amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to be paid. WestLB shall promptly (and no later than two (2) business days after receipt of the request) authorize the transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget. Unless the Court orders otherwise, Easy Street shall retain not less than the aggregate amount of $1.7 million in the Sky Lodge Sales Proceeds Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367) maintained as of the Petition Date at Wells Fargo Bank, N.A. or at a successor DIP account that is identified on Exhibit C hereto, which account(s) shall be segregated from other DIP accounts identified on Exhibit C.

Paragraph 20 (AMENDED)

      20.    <u>Mandatory Deposit Into Bank Accounts</u>. All Cash Collateral shall be deposited and maintained at all times in the Bank Accounts which, subject to paragraph 26(c), below, will be subject to control agreements in favor of WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that may be entered by the Court. To the extent any Cash Collateral is deposited into any other account, Easy Street shall immediately transfer such funds to the Lockbox Account. WestLB is to authorize the transfer of funds from the Lockbox Account to other Accounts on <u>Exhibit C</u> under the following procedure: Easy Street shall submit to WestLB on a weekly basis a written request for the transfer of funds indicating the amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to be paid, WestLB shall promptly (and no later than two (2) business days after receipt of the request) authorize the transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget.

20.    Mandatory Deposit Into Bank Accounts. All Cash Collateral shall be deposited and maintained at all times in the Bank Accounts which, subject to paragraph 2426(c), below, will be subject to control agreements in favor of WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that may be entered by the Court. With the exception of corporate checks and wires for refundable guest deposits (the "Refundable Deposits"), Easy Street shall cause all Revenues and other receipts, including, but not limited to, credit card receivables to be directly deposited directly into the Lockbox Account identified on Exhibit C. Refundable Deposits may be deposited directly into the Sky Lodge Refundable Guest Advance Deposit Trust Account established for the Refundable Deposits and, on a weekly basis, transferred to the LockBox Account identified on Exhibit C. after guest refund rights have expired. Except as provided in the immediately preceding sentence, toTo the extent any Cash Collateral is deposited into any other account, Easy Street shall immediately transfer such funds to the Lockbox Account. WestLB is to authorize the transfer of funds from the Lockbox Account to other Accounts on Exhibit C under the following procedure: Easy Street shall submit to WestLB on a weekly basis a written request for the transfer of funds indicating the amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to be paid. ., WestLB shall promptly (and no later than two (2) business days after receipt of the request) authorize the transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget. Unless the Court orders otherwise, Easy Street shall retain not less than the aggregate amount of $1.7 million in the Sky Lodge Sales Proceeds Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367) maintained as of the Petition Date at Wells Fargo Bank, N.A. or at a successor DIP account that is identified on Exhibit C hereto, which account(s) shall be segregated from other DIP accounts identified on Exhibit C.

(b)     By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of the Court of an order approving this Stipulation, Easy Street shall pay to WestLB the amount of $34,000 which reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the Petition Date which amount is set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation. Such payments shall constitute adequate protection payments, and the Parties shall reserve all rights regarding the application of the payments against the allowed claims of WestLB. WestLB shall release funds from the Petition Date Cash to enable Easy Street to make this payment;

(b)      By no later than October 20, 2009 and then the twentieth (20th) day of
each subsequent month after entry of the Court of an order approving this Stipulation, Easy
Street shall pay to WestLB the following amounts: (i) $34,000, which reflects an estimate of the
approximate amount of the monthly interest at the non-default contract rate on the value of
WestLB's interest in the Collateral as of the Petition Date; and (ii) pursuant to the procedure set
forth below an amount up to, but not to exceed, the aggregate amount(s) contained in the line
item entitled "WLB Costs & Fees" in the Budget, which have accrued, but have not been
previously distributed.  The amount in (ii) of the previous sentence shall be determined by the
following procedure:

1.      Prior to the 20th of each month the counsel for WestLB will provide to
Easy Street and its counsel a written statement of the fees and expenses incurred during
the prior month(s) to include the amount to be distributed, the total time expended, the
identity of the attorneys rendering services, the hourly billing rates and a detailed listing
of time.

2.      Easy Street may within 5 business days of receipt of the written statement
object in writing to any fees and expenses that would not be deemed reasonable under
Section 506(b) of the Bankruptcy Code.  The written objection must state the specific
subject matter, services and amount being objected to.  It shall not be sufficient to simply
object to all fees and expenses.

3.      Upon the expiration of the 5 business day objection period Easy Street
shall pay the counsel for WestLB the amount(s) that are not subject to objection.

4.      Failure to object shall not limit or prejudice any party's rights to object to
the reasonableness of WestLB's fees and expenses under Section 506(b) when submitted
to the court for final allowance.  Any objection shall not limit or prejudice WestLB's
rights to have the subject fees and expenses included in the claim of WestLB when
submitted to the court for final allowance.

The foregoing amounts are set forth in the attached Initial Budget and shall be set
forth in all subsequent Submitted Monthly Budgets required by this Stipulation.  Such payments

shall constitute adequate protection payments, and the Parties shall reserve all rights regarding the application of the payments against the allowed claims of WestLB. WestLB shall release funds to enable Easy Street to make these payments;

2

Paragraph 26(b) (~~ORIGINAL~~ AMENDED)

      (b)      By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of the Court of an order approving this Stipulation, Easy Street shall pay to WestLB the ~~amount of $34,000~~ <u>following amounts: (i) $34,000,</u> which reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the Petition Date ~~which amount is;~~ <u>and (ii) pursuant to the procedure set forth below an amount up to, but not to exceed, the aggregate amount(s) contained in the line item entitled "WLB Costs & Fees" in the Budget, which have accrued, but have not been previously distributed.  The amount in (ii) of the previous sentence shall be determined by the following procedure:</u>

      <u>1.      Prior to the 20th of each month the counsel for WestLB will provide to Easy Street and its counsel a written statement of the fees and expenses incurred during the prior month(s) to include the amount to be distributed, the total time expended, the identity of the attorneys rendering services, the hourly billing rates and a detailed listing of time.</u>

      <u>2.      Easy Street may within 5 business days of receipt of the written statement object in writing to any fees and expenses that would not be deemed reasonable under Section 506(b) of the Bankruptcy Code.  The written objection must state the specific subject matter, services and amount being objected to.  It shall not be sufficient to simply object to all fees and expenses.</u>

      <u>3.      Upon the expiration of the 5 business day objection period Easy Street shall pay the counsel for WestLB the amount(s) that are not subject to objection.</u>

      <u>4.      Failure to object shall not limit or prejudice any party's rights to object to the reasonableness of WestLB's fees and expenses under Section 506(b) when submitted to the court for final allowance.  Any objection shall not limit or prejudice WestLB's rights to have the subject fees and expenses included in the claim of WestLB when submitted to the court for final allowance.</u>

      <u>The foregoing amounts are</u> set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation.  Such payments

shall constitute adequate protection payments, and the Parties shall reserve all rights regarding the application of the payments against the allowed claims of WestLB.  WestLB shall release funds ~~from the Petition Date Cash~~ to enable Easy Street to make ~~this payment~~these payments;

(c)     On or before October 15, 2009, Easy Street shall arrange to be deposited
and WestLB shall release from controlled bank accounts (from post-petition Revenues or
Petition Date Cash) the following sums into the following Bank Accounts, each of which is
defined and further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve
Account the sum of $43,624 on account of property taxes which Easy Street represents will
become due in November 2009; (ii) into the FF&E Reserve Account the sum of $10,990;(iii) into
the HOA Reserve Account the sum of $183,601; (iv) all monies paid into the controlled bank
accounts for Refundable Deposits into the Sky Lodge Refundable Guest Advance Deposits Trust
Account, which account shall be established with a control agreement in favor of WestLB with
the security interest of WestLB being subordinate to the rights of the beneficiaries of such Trust
Account; and (v) into the Utilities Adequate Assurance Account, the sum of $24,092 in
accordance with the Order entered September 17, 2009, Granting Motion for Order Pursuant to
11 U.S.C. § 366 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or
Discriminating against the Debtor; (II) Providing that a Single Deposit for all the Debtors'
Utilities Shall Constitute "Adequate Assurance of Future Payment"; and (III) Establishing
Procedures for Determining Requests for Adequate Assurance.  In addition, on or before the
second (2nd) business day of each month, Easy Street shall arrange to be deposited and WestLB
shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash)
the following sums (which amounts are set forth in the attached Revised Budget and shall be set
forth in all subsequent Submitted Monthly Budgets required by this Stipulation) into the
following Bank Accounts, each of which is defined and further identified on Exhibit C hereto: (i)
into the Tax and Insurance Reserve Account a sum representing (a) one-twelfth (1/12) of the
annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual
insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account a sum
representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of
revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit
is due; (iii) into the HOA Reserve Account a sum representing one-third (1/3) of the HOA
Deposit to be paid in the upcoming calendar quarter; and (iv) into the Debt Service Reserve
Account the sum of $34,000 to be paid monthly to WestLB in accordance with paragraph 26(b)
above. On or before the Friday of each week, Easy Street shall arrange to deposit and WestLB
shall release from controlled bank accounts into the Sky Lodge Refundable Guest Advance

Deposits Trust Account, all monies paid into the controlled bank accounts for Refundable
Deposits during the preceding week (ending on Thursday).

LA1 1678783v.1

(c)     As soon as reasonably practicable on account of obligations existing as of
October 31, 2009, Easy Street shall arrange to be deposited, and WestLB shall release from other
controlled bank accounts (from post-petition Revenues or Petition Date Cash) as necessary to
fund such deposits, amounts sufficient to bring the balances in the following Bank Accounts,
each of which is defined and further identified on Exhibit C hereto, to the following amounts: (i)
in the Tax and Insurance Reserve Account, $43,624, on account of property taxes which Easy
Street represents will become due in November 2009; (ii) in the FF&E Reserve Account,
$10,990; (iii) in the HOA Reserve Account, $183,601; and (iv) in the Utilities Adequate
Assurance Account, $24,092, in accordance with the Order entered September 17, 2009,
Granting Motion for Order Pursuant to 11 U.S.C. § 366 (I) Prohibiting Utilities from Altering,
Refusing or Discontinuing Services to, or Discriminating against the Debtor; (II) Providing that a
Single Deposit for all the Debtors' Utilities Shall Constitute "Adequate Assurance of Future
Payment"; and (III) Establishing Procedures for Determining Requests for Adequate Assurance.
In addition, as soon as reasonably practicable on account of obligations for November 2009 and,
as to months thereafter, on or before the second (2nd) business day of each month, Easy Street
shall arrange to be deposited and WestLB shall release from controlled bank accounts (from
post-petition Revenues or Petition Date Cash) the following sums (which amounts are set forth in
the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets
required by this Stipulation) into the following Bank Accounts, each of which is defined and
further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve Account a sum
representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b)
one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the
FF&E Reserve Account a sum representing four percent (4%) of Easy Street's projected monthly
gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the
month in which the deposit is due; and (iii) into the HOA Reserve Account a sum representing
one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter.  Easy Street
shall further indicate and WestLB acknowledges that there shall be a notional Refundable Guest
Deposits Reserve within the Lockbox Account, as such account is defined and further identified
on Exhibit C hereto, all monies paid into the controlled bank accounts for refundable guest
deposits (the "Refundable Deposits").  On or before the Tuesday of each week after such set
aside is made, Easy Street shall deliver to WestLB an accounting of (i) the total amount of all

Refundable Deposits paid into the controlled bank accounts during the preceding week (ending on Friday), or in the case of the initial such accounting, since the date of the accounting upon which the initial set aside was based, (such total, the "New Refundable Deposits"), and (ii) the total amount of all such Refundable Deposits, including any amounts previously set aside in the Refundable Guest Deposits Reserve within the Lockbox Account, which have or will, since the preceding Tuesday, or in the case of the initial such accounting, since the date of the accounting upon which the initial set aside was based, and on or prior to the Tuesday of the week in which such accounting is due, become non-refundable (such total, the "New Non-Refundable Deposits"). Easy Street shall arrange to designate in the notional Sky Lodge Refundable Guest Advance Deposits Reserve within the Lockbox Account, an additional amount equal to the excess of New Refundable Deposits over New Non-Refundable Deposits, if any. WestLB shall, subject to its reasonable review and approval of such accounting, release from other controlled bank accounts into the Lockbox Account such amounts, if any, as may be necessary to fund such additional set aside. In the event that New Non-Refundable Deposits exceed New Refundable Deposits for any period, the amount of such excess shall be deducted from amount designated for the notional Refundable Guest Deposits Trust Reserve. Easy Street and WestLB jointly agree not to draw down the notional Refundable Guest Deposits Reserve within the Lockbox Account, except to the extent that such deposits become non-refundable and are deducted pursuant to the preceding sentence. WestLB acknowledges that the security interest of WestLB in the funds designated for the notional Refundable Guest Deposits Reserve within the Lockbox shall, for so long as such deposits remain refundable, be subordinate to the rights of the guests whose deposits such funds represent;

2

Paragraph 26(c) (~~ORIGINAL AS MODIFIED BY THE ORIGINAL ORDER~~ AMENDED)

(c)    ~~On or before~~ As soon as reasonably practicable on account of obligations existing as of October ~~15,~~ 31, 2009, Easy Street shall arrange to be deposited, and WestLB shall release from other controlled bank accounts (from post-petition Revenues or Petition Date Cash) ~~the following sums into~~ as necessary to fund such deposits, amounts sufficient to bring the balances in the following Bank Accounts, each of which is defined and further identified on Exhibit C hereto, to the following amounts: (i) ~~into~~ in the Tax and Insurance Reserve Account ~~the sum of $43,624,~~ $43,624, on account of property taxes which Easy Street represents will become due in November 2009; (ii) ~~into~~ in the FF&E Reserve Account ~~the sum of,~~ $10,990; (iii) ~~into~~ in the HOA Reserve Account ~~the sum of,~~ $183,601; and (iv) ~~all monies paid into the controlled bank accounts for Refundable Deposits into the Sky Lodge Refundable Guest Advance Deposits Trust Account, which account shall be established with a control agreement in favor of WestLB with the security interest of WestLB being subordinate to the rights of the beneficiaries of such Trust Account; and (v) into~~ in the Utilities Adequate Assurance Account, ~~the sum of $24,092~~ $24,092, in accordance with the Order entered September 17, 2009, Granting Motion for Order Pursuant to 11 U.S.C. § 366 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating against the Debtor; (II) Providing that a Single Deposit for all the Debtors' Utilities Shall Constitute "Adequate Assurance of Future Payment"; and (III) Establishing Procedures for Determining Requests for Adequate Assurance.  In addition, as soon as reasonably practicable on account of obligations for November 2009 and, as to months thereafter, on or before the second (2nd) business day of each month, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following sums (which amounts are set forth in the attached ~~Revised~~ Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation) into the following Bank Accounts, each of which is defined and further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve Account a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; and (iii) into the HOA Reserve Account a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter; ~~and (iv) into the~~

~~Debt Service Reserve Account the sum of $34,000 to be paid monthly to WestLB in accordance~~
~~with paragraph 26(b) above.  On or before the Friday of each week,~~.  Easy Street shall further
indicate and WestLB acknowledges that there shall be a notional Refundable Guest Deposits
Reserve within the Lockbox Account, as such account is defined and further identified on
Exhibit C hereto, all monies paid into the controlled bank accounts for refundable guest deposits
(the "Refundable Deposits").  On or before the Tuesday of each week after such set aside is
made, Easy Street shall deliver to WestLB an accounting of (i) the total amount of all
Refundable Deposits paid into the controlled bank accounts during the preceding week (ending
on Friday), or in the case of the initial such accounting, since the date of the accounting upon
which the initial set aside was based, (such total, the "New Refundable Deposits"), and (ii) the
total amount of all such Refundable Deposits, including any amounts previously set aside in the
Refundable Guest Deposits Reserve within the Lockbox Account, which have or will, since the
preceding Tuesday, or in the case of the initial such accounting, since the date of the accounting
upon which the initial set aside was based, and on or prior to the Tuesday of the week in which
such accounting is due, become non-refundable (such total, the "New Non-Refundable
Deposits").  Easy Street shall arrange to ~~deposit and WestLB shall release from controlled bank~~
~~accounts into the~~designate in the notional Sky Lodge Refundable Guest Advance Deposits ~~Trust~~
~~Account, all monies paid into the controlled bank accounts for Refundable Deposits during the~~
~~preceding  week (ending on Thursday).~~Reserve within the Lockbox Account, an additional
amount equal to the excess of New Refundable Deposits over New Non-Refundable Deposits, if
any.  WestLB shall, subject to its reasonable review and approval of such accounting, release
from other controlled bank accounts into the Lockbox Account such amounts, if any, as may be
necessary to fund such additional set aside.  In the event that New Non-Refundable Deposits
exceed New Refundable Deposits for any period, the amount of such excess shall be deducted
from amount designated for the notional Refundable Guest Deposits Trust Reserve.  Easy Street
and WestLB jointly agree not to draw down the notional Refundable Guest Deposits Reserve
within the Lockbox Account, except to the extent that such deposits become non-refundable and
are deducted pursuant to the preceding sentence.  WestLB acknowledges that the security interest
of WestLB in the funds designated for the notional Refundable Guest Deposits Reserve within
the Lockbox shall, for so long as such deposits remain refundable, be subordinate to the rights of
the guests whose deposits such funds represent;

2

EASY STREET PARTNERS - CONSOLIDATED 90 DAY FORECAST                                   10/8/09

| | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|
| **SKY LODGE HOTEL OPERATIONS** | | | | | |
| Projected Occupancy | 45.5% | 29.5% | 21.4% | 58.2% | 22.3% |
| Transient Occupancy | 40.1% | 25.4% | 19.6% | 42.7% | |
| Owner Occupancy | 5.4% | 4.1% | 1.8% | 15.4% | |
| Room Nights Occupied | 450 | 302 | 212 | 595 | 1,559 |
| ADR | $182.22 | $181.38 | $296.95 | $923.44 | $93.33 |
| % of Project Sold Out | 64.8% | 64.3% | 64.3% | 64.3% | |
| | - | | | | - |
| **REVENUE** | | | | | |
| Rooms Revenue | 84,382 | 57,334 | 64,816 | 446,384 | 652,916 |
| Property Management Revenue | | | | | - |
| F&B Revenue | 105,070 | 82,300 | 100,072 | 252,834 | 540,276 |
| Spa Revenue | 15,260 | 14,143 | 10,553 | 35,689 | 75,644 |
| Sky Club Memberships | 23,760 | 32,560 | 32,560 | 32,560 | 121,440 |
| Zoom Rental Revenue | 10,000 | 10,000 | 10,000 | 10,000 | 40,000 |
| **TOTAL REVENUE** | 274,760 | 196,336 | 218,001 | 777,467 | 1,430,276 |
| **EXPENSES** | | | | | |
| Rooms Division | 66,500 | 77,658 | 67,560 | 136,690 | 348,408 |
| Property Management | | | | | - |
| Food & Beverage | 122,359 | 118,493 | 117,052 | 208,937 | 566,841 |
| Spa | 12,511 | 35,452 | 29,821 | 50,871 | 128,655 |
| Facilities | 41,000 | 42,870 | 44,591 | 46,544 | 175,005 |
| HOA Credit - Facilities | (57,053) | (15,055) | (13,372) | (17,299) | (102,778) |
| HOA Credit - Other | | (33,997) | (29,367) | (35,777) | (99,141) |
| Sales & Marketing | 16,550 | 32,560 | 34,519 | 36,728 | 120,357 |
| Administration | 31,934 | 32,362 | 35,287 | 61,175 | 160,757 |
| Property Taxes | - | | 43,624 | - | 43,624 |
| Management Fees | 10,455 | 6,872 | 7,630 | 27,211 | 52,168 |
| **TOTAL EXPENSES** | 244,256 | 297,215 | 337,345 | 515,081 | 1,393,897 |
| | | | | | |
| **HOTEL OPERATING PROFIT/(LOSS)** | 30,504 | (100,878) | (119,345) | 262,386 | 36,379 |
| | | | | | |
| **EASY STREET PARTNERS OPERATING EXPENSES** | | | | | |
| Developer HOA | | | | | |
| Residential HOA Dues | | 87,747 | | | 87,747 |
| Commercial HOA Dues | | 95,863 | | | 95,863 |
| Hotel Rental Owner Commissions | 15,351 | 5,514 | 5,193 | 79,297 | 105,354 |
| Legal + Admin & General | 125,000 | 125,000 | 125,000 | 125,000 | 500,000 |
| Estimated State Tax to be Paid | | 23,255 | | | 23,225 |
| Utility Deposit | | 24,092 | | | 24,092 |
| WLB Adequate Protection Payments | | 34,000 | 34,000 | 34,000 | 102,000 |
| Office Rent | 11,000 | 11,000 | 11,000 | 11,000 | 44,000 |
| State & Local Sales Taxes | | 65,000 | | | 65,000 |
| **TOTAL ESP OPERATING EXPENSES** | 151,351 | 471,441 | 175,193 | 249,297 | 1,047,281 |
| | | | | | |
| **CONSOLIDATED OPERATING PROFIT (LOSS)** | (120,847) | (572,319) | (294,537) | (13,090) | (1,010,902) |

Exhibit A (AMENDED)

**EASY STREET PARTNERS - CONSOLIDATED 90 DAY FORECAST**   [NOVEMBER [ ], 2009]

| | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|
| **SKY LODGE HOTEL OPERATIONS** | | | | | |
| Projected Occupancy | 45.5% | 29.5% | 21.4% | 58.2% | 22.3% |
| Transient Occupancy | 40.1% | 25.4% | 19.6% | 42.7% | |
| Owner Occupancy | 5.4% | 4.1% | 1.8% | 15.4% | |
| Room Nights Occupied | 450 | 302 | 212 | 595 | 1,559 |
| ADR | $182.22 | $181.38 | $296.95 | $923.44 | $93.33 |
| % of Project Sold Out | 64.8% | 64.3% | 64.3% | 64.3% | |
| | - | | | | |
| **REVENUE** | | | | | |
| Rooms Revenue | 84,382 | 57,334 | 64,816 | 446,384 | 652,916 |
| Property Management Revenue | | | | | - |
| F&B Revenue | 105,070 | 82,300 | 100,072 | 252,834 | 540,276 |
| Spa Revenue | 15,260 | 14,143 | 10,553 | 35,689 | 75,644 |
| Sky Club Memberships | 23,760 | 32,560 | 32,560 | 32,560 | 121,440 |
| Zoom Rental Revenue | 10,000 | 10,000 | 10,000 | 10,000 | 40,000 |
| **TOTAL REVENUE** | 274,760 | 196,336 | 218,001 | 777,467 | 1,430,276 |
| **EXPENSES** | | | | | |
| Rooms Division | 66,500 | 77,658 | 67,560 | 136,690 | 348,408 |
| Property Management | | | | | - |
| Food & Beverage | 122,359 | 118,493 | 117,052 | 208,937 | 566,841 |
| Spa | 12,511 | 35,452 | 29,821 | 50,871 | 128,655 |
| Facilities | 41,000 | 42,870 | 44,591 | 46,544 | 175,005 |
| HOA Credit - Facilities | (57,053) | (15,055) | (13,372) | (17,299) | (102,778) |
| HOA Credit - Other | | (33,997) | (29,367) | (35,777) | (99,141) |
| Sales & Marketing | 16,550 | 32,560 | 34,519 | 36,728 | 120,357 |
| Administration | 31,934 | 32,362 | 35,287 | 61,175 | 160,757 |
| Property Taxes | | | 43,624 | | 43,624 |
| Management Fees | 10,455 | 6,872 | 7,630 | 27,211 | 52,168 |
| **TOTAL EXPENSES** | 244,256 | 297,215 | 337,345 | 515,081 | 1,393,897 |
| | | | | | |
| **HOTEL OPERATING PROFIT/(LOSS)** | 30,504 | (100,878) | (119,345) | 262,386 | 36,379 |
| | | | | | |
| **EASY STREET PARTNERS OPERATING EXPENSES** | | | | | |
| Developer HOA | | | | | |
| Residential HOA Dues | | 87,747 | | | 87,747 |
| Commercial HOA Dues | | 95,863 | | | 95,863 |
| Hotel Rental Owner Commissions | 15,351 | 5,514 | 5,193 | 79,297 | 105,354 |
| Legal + Admin & General | 125,000 | 125,000 | 125,000 | 125,000 | 500,000 |
| Estimated State Tax to be Paid | | 23,255 | | | 23,225 |
| Utility Deposit | | 24,092 | | | 24,092 |
| WLB Adequate Protection Payments | | 34,000 | 34,000 | 34,000 | 102,000 |
| [WLB Costs & Fees] | 100,000 | 100,000 | 100,000 | 100,000 | 400,000 |
| Office Rent | 11,000 | 11,000 | 11,000 | 11,000 | 44,000 |
| State & Local Sales Taxes | | 65,000 | | | 65,000 |
| **TOTAL ESP OPERATING EXPENSES** | 251,351 | 571,441 | 275,193 | 349,297 | 1,447,281 |
| | | | | | |
| **CONSOLIDATED OPERATING PROFIT (LOSS)** | (220,847) | (672,319) | (394,537) | (86,910) | (1,410,902) |

Exhibit A (~~ORIGINAL~~AMENDED)

**EASY STREET PARTNERS - CONSOLIDATED 90 DAY FORECAST**

~~10/8/09~~[NOVEMBER [   ], 2009]

| | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|
| **SKY LODGE HOTEL OPERATIONS** | | | | | |
| Projected Occupancy | 45.5% | 29.5% | 21.4% | 58.2% | 22.3% |
| Transient Occupancy | 40.1% | 25.4% | 19.6% | 42.7% | |
| Owner Occupancy | 5.4% | 4.1% | 1.8% | 15.4% | |
| Room Nights Occupied | 450 | 302 | 212 | 595 | 1,559 |
| ADR | $182.22 | $181.38 | $296.95 | $923.44 | $93.33 |
| % of Project Sold Out | 64.8% | 64.3% | 64.3% | 64.3% | |
| | | | | | |
| **REVENUE** | | | | | |
| Rooms Revenue | 84,382 | 57,334 | 64,816 | 446,384 | 652,916 |
| Property Management Revenue | | | | | |
| F&B Revenue | 105,070 | 82,300 | 100,072 | 252,834 | 540,276 |
| Spa Revenue | 15,260 | 14,143 | 10,553 | 35,689 | 75,644 |
| Sky Club Memberships | 23,760 | 32,560 | 32,560 | 32,560 | 121,440 |
| Zoom Rental Revenue | 10,000 | 10,000 | 10,000 | 10,000 | 40,000 |
| **TOTAL REVENUE** | 274,760 | 196,336 | 218,001 | 777,467 | 1,430,276 |
| | | | | | |
| **EXPENSES** | | | | | |
| Rooms Division | 66,500 | 77,658 | 67,560 | 136,690 | 348,408 |
| Property Management | | | | | - |
| Food & Beverage | 122,359 | 118,493 | 117,052 | 208,937 | 566,841 |
| Spa | 12,511 | 35,452 | 29,821 | 50,871 | 128,655 |
| Facilities | 41,000 | 42,870 | 44,591 | 46,544 | 175,005 |
| HOA Credit - Facilities | (57,053) | (15,055) | (13,372) | (17,299) | (102,778) |
| HOA Credit - Other | | (33,997) | (29,367) | (35,777) | (99,141) |
| Sales & Marketing | 16,550 | 32,560 | 34,519 | 36,728 | 120,357 |
| Administration | 31,934 | 32,362 | 35,287 | 61,175 | 160,757 |
| Property Taxes | - | - | 43,624 | - | 43,624 |
| Management Fees | 10,455 | 6,872 | 7,630 | 27,211 | 52,168 |
| **TOTAL EXPENSES** | 244,256 | 297,215 | 337,345 | 515,081 | 1,393,897 |
| | | | | | |
| **HOTEL OPERATING PROFIT/(LOSS)** | 30,504 | (100,878) | (119,345) | 262,386 | 36,379 |
| | | | | | |
| **EASY STREET PARTNERS OPERATING EXPENSES** | | | | | |
| Developer HOA | | | | | |
| Residential HOA Dues | | 87,747 | | | 87,747 |
| Commercial HOA Dues | | 95,863 | | | 95,863 |
| Hotel Rental Owner Commissions | 15,351 | 5,514 | 5,193 | 79,297 | 105,354 |
| Legal + Admin & General | 125,000 | 125,000 | 125,000 | 125,000 | 500,000 |
| Estimated State Tax to be Paid | | 23,255 | | | 23,225 |
| Utility Deposit | | 24,092 | | | 24,092 |
| WLB Adequate Protection Payments | | 34,000 | 34,000 | 34,000 | 102,000 |
| [WLB Costs & Fees] | 100,000 | 100,000 | 100,000 | 100,000 | 400,000 |
| Office Rent | 11,000 | 11,000 | 11,000 | 11,000 | 44,000 |
| State & Local Sales Taxes | | 65,000 | | | 65,000 |
| **TOTAL ESP OPERATING EXPENSES** | ~~151,351~~251,351 | ~~471,441~~571,441 | ~~175,193~~275,193 | ~~249,297~~349,297 | 1,047,281~~1,447,2 81~~ |
| | | | | | |
| **CONSOLIDATED OPERATING PROFIT (LOSS)** | (~~120,847~~220,847) | (~~572,319~~672,319) | (~~294,537~~394,537) | (~~13,090~~86,910) | (1,010,902~~1,410,902~~) |