Jeffrey Weston Shields (USB # 2948)
Lon A. Jenkins (USB # 4060)
Troy J. Aramburu (USB # 10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801)521-3200
Facsimile: (801) 328-0537
Email: jshields@joneswaldo.com
       lajenkins@joneswaldo.com
       taramburu@joneswaldo.com

*Counsel for Unsecured Creditors' Committee*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, et al.<br><br>Debtors. | **Bankruptcy No. 09-29905**<br><br>Jointly Administered with Cases:<br>09-29907 RKM and 09-29908 RKM<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**RESPONSE OF UNSECURED CREDITORS' COMMITTEE TO
(1) DEBTORS' APPLICATION TO EMPLOY BDRC 4SITE, LLC
AS CO-MANAGER AND (2) DEBTORS' APPLICATION TO EMPLOY
GEMSTONE HOTELS &RESORTS, LLC AS CONSULTANT**

The Official Unsecured Creditors' Committee ("Committee") for Easy Street Holding, LLC, et al. ("Debtors"), by and through its counsel, hereby submits its Response to both Debtors' Application to Employ BDRC 4Site, LLC as Co-Manager ("BDRC Application") and

911616\1

to Debtors' Application to Employ Gemstone Hotels & Resorts, LLC as Consultant ("Gemstone Application"). In support of its Response, the Committee states as follows:

1. Debtors have filed two separate applications to employ professionals to assist in the management of The Sky Lodge Property – BDRC 4Site, LLC ("BDRC") and Gemstone Hotels & Resorts, LLC ("Gemstone"). The Committee responds herein to both the BDRC Application and the Gemstone Application and submits that it is appropriate to respond herein to both because, as stated in the BDRC Application, West LB's consent to the employment by the Debtors is expressly conditioned on the employment of Gemstone, as well. Gemstone's employment is clearly contemplated in the BDRC Application.

### The BDRC Application

2. The Committee understands and appreciates that under the terms of the Stipulation Authorizing Use of Cash Collateral ("Cash Collateral Stipulation") between the Debtors and West LB, AG ("West LB"), the Debtors must retain a "co-manager" to "assist and direct Easy Street in managing its business operations and restructuring obligations." The Committee further understands that under the terms of the Cash Collateral Stipulation, an order of the Court approving the retention of a co-manager must be obtained by December 1, 2009 (amended to December 3, 2009).

3. The Committee understands that the Committee has selected BDRC to serve as co-manager under the terms of the Cash Collateral Stipulation. And while the Committee questions the need for any co-manager for the Sky Lodge and the attendant cost ($33,000 per month for the first two months; $23,000 per month thereafter), the Committee understands that access to cash is essential to the ongoing operations and reorganization prospects of the Debtors

and that employment of a co-manager is a condition to use of cash collateral. Therefore the Committee acquiesces in the retention of BDRC. The Committee is compelled to note, however, that a number of its members are familiar with the Sky Lodge and its operations and believe that the problems which led to the Debtors' bankruptcy have little to do with the skills and capabilities of current management, but rather have to do with the dispute between the Debtors' lenders which resulted in the declaration of an unnecessary default and the concurrent freezing of cash by lenders. As such, the Committee views the employment of a co-manager as unnecessary, wasteful of limited estate resources, and little more than a concession to West LB to obtain West LB's consent to use of cash collateral likely to bring limited, if any, value to the Debtors' estates.[1] Nevertheless, as noted above, the Committee appreciates the reality of the need to access cash in the Debtors' ongoing operations and does not oppose BDRC's employment as co-manager.

### The Gemstone Application

4. The Committee is further concerned by the Gemstone Application. While the Committee is reluctant to concede that a first level of "co-manager" is necessary, a second consultant (i.e., Gemstone) appears to be redundant. Under the terms of the Cash Collateral Stipulation, the selection of a co-manager is within the province of the Debtors, but that selection must be "reasonably acceptable" to West LB. It seems clear that the Debtors' selection of BDRC is not reasonably acceptable to West LB, or at least that it is only acceptable if an additional consultant of West LB's choice is also employed. However, there exists no indication

---

[1] To the extent that BDRC is employed as a financial advisor to assist in the Debtors' efforts to obtain refinancing of existing debt or exit financing to support the Debtors' post-bankruptcy operations, the Committee sees value in BDRC's retention by the Debtors.

in the Gemstone Application why Gemstone must be employed as an additional layer of consultant, what additional benefit Gemstone will confer on the estates or, significantly, why BDRC is not acceptable to West LB. The Court and the Committee are left to read between the lines. At a minimum, the parties should disclose why BDRC – as the sole co-manager (the Cash Collateral Stipulation says nothing about employing a consultant) – is not sufficient to satisfy the terms of the Cash Collateral Stipulation. As proposed, the Gemstone Application – although it recites the anticipated services Gemstone will provide - is silent as to the need for Gemstone's retention or the benefit to be realized from that retention.

5. Indeed, a review of the respective Applications and the description of the services intended to be provided by BDRC and Gemstone reveals substantial redundancy in the services to be provided by each of BDRC and Gemstone. Each will provide services related to development and review of a business plan, staffing recruiting and hiring, management oversight, marketing, relations with the HOA, sales of fractional units and promotions. Creditors are entitled to a clear explanation of what services Gemstone will provide that BDRC cannot or will not provide and why, according to the description of services in each Application, it appears there will be overlap in the services rendered by BDRC and Gemstone.

6. While the Committee recognizes that the monthly compensation agreed to be paid to Gemstone is relatively small, nevertheless, if Gemstone's services are not necessary and will not benefit the estate, then it is $8,000 the estate need not spend every month. Aside from West LB's desire to have its chosen manager/consultant on site, the Application should articulate the need for Gemstone's services

911616\1 -4-

7. The Committee is additionally troubled that Gemstone's proposed employment is indicative of the demanding manner in which West LB is dealing with Debtors. West LB is requiring the Debtors to employ its chosen consultant simply because it can - - with no demonstrated benefit to the estates. The Committee's concerns are understandably heightened when a review of the McIntyre Declaration (attached to the Application) reveals that West LB holds a loan on a San Diego property which is operated by Gemstone's principals and further reveals that West LB's counsel also represents or has represented Gemstone in connection with certain of its management contracts. It is clear that West LB is intent on having its chosen consultant employed, regardless of the Debtors' selection of a co-manager. West LB's posture is even more concerning because, in the view of the Committee, it was West LB's erroneous and unexplained payment of $5.6 million to Bay North in February 2008 which put into motion a series of events leading to the Debtors' Chapter 11 petitions.

8. The Committee contends that both BDRC and Gemstone, if employed, be required to file fee applications every 120 days, similar to other professional in the case. The compensation sought by BDRC and Gemstone can then be evaluated within the requirements of 11 U.S.C. §§ 330 and 331.

9. The Committee submits that, while it does not want to jeopardize the Debtors' access to cash collateral, further justification for Gemstone's employment is necessary.

WHEREFORE, the Committee submits that the Debtors' employment of BDRC should be approved, and that the Debtors' employment of Gemstone should be approved only after additional clarification is offered for the need to employ Gemstone.

DATED: November 30, 2009.

                                      **JONES WALDO HOLBROOK & MCDONOUGH**

                                      /s/ Jeffrey W. Shields
                                      Jeffrey W. Shields
                                      Lon A. Jenkins
                                      Troy J. Aramburu
                                      *Counsel for the Unsecured Creditors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November a true and correct copy of the **RESPONSE OF UNSECURED CREDITORS' COMMITTEE TO (1) DEBTORS' APPLICATION TO EMPLOY BDRC 4SITE, LLC AS CO-MANAGER AND (2) DEBTORS' APPLICATION TO EMPLOY GEMSTONE HOTELS &RESORTS, LLC AS CONSULTANT** was served by this Court's CM/ECF system and/or by First Class Mail, postage prepaid to the parties listed on the attached distribution list.

By: /s/ Jeffrey W. Shields

# EXHIBIT A

U.S. Trustee
United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111

John T. Morgan tr
US Trustees Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, Ut 84111

Kenneth L. Cannon, II
Jessica G Peterson
Steven J. McCardell
Durham Jones & Pinegar
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050

Joseph E. Wrona
WRONA LAW OFFICES, P.C.
1745 Sidewinder Drive
Park City, UT 84060

Bruce J. Zabarauskas
Michael V. Blumenthal
Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Corbin B. Gordon
345 West 600 South, Suite 108
Heber City, UT 84032

Jacobson Construction
P.O. Box 27608
Salt Lake City, Ut 84127-06080

Millcreek Consulting
3017 E. Kemper Road
Salt Lake City, UT 84109

Elliott Workshop Group
364 Main Street
Park City, UT 84060

Luxury Residence Group
693 Main Street
Park City, UT 84060

Klehr, Branzburg & Ellers LLP
260 South Broad Street
Philadelphia, PA 19102

Goodrich & Thomas, CPAs
3200 Park Center Drive, Suite 1170
Costa Mesa, CA 92626

CBIZ Accounting
175 South West Temple
Suite 650
Salt Lake City, UT 84111

Cushman & Wakefield
50 Broad Street
New York, NY 10004

Union Square Home Owners Assoc.
PO Box 683300
Park City, UT 84068

Gateway Center LLC
c/o Commerce CRG
PO Box 571530
Murray, UT 84157

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA 951113

Shaner Design, Inc.
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060

Merrit & Harris
301 E Glenoaks Blvd. Suite 4,
Glendale CA 91207-2115

907958.1

Les Olson Company
PO Box 65598
Salt Lake City, UT 84165-0598

Park City Surveying
P O Box 682993
Park City, UT  84068-2993

Qwest
PO Box 29039
Phoenix, AZ 85038-9039

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA 50368-9020

Five 9's Communication
PO Box 348
Roy, UT 84067-0348

Pitney Bowes
PO Box 856390
Louisville, KY 40285-6390

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Summit Business Service
1646 Fox Hollow Lane
Park City, UT 84098

907958.1