Michael R. Johnson, Esq. (#7070)
Jonathan A. Dibble, Esq. (#0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  mjohnson@rqn.com
E-mail:  jdibble@rqn.com

*Attorneys for Jacobsen National Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>Park City, UT 84060<br><br>Tax ID Numbers:<br><br>35-2183713 (Easy Street Holdings, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685864 (Easy Street Mezzanine, LLC) | **Bankruptcy No. 09-29905 RKM**<br><br>(Jointly Administered with Cases 09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**OBJECTION TO DEBTOR'S *EX PARTE* MOTION FOR EXPEDITED HEARING AND
SHORTENING TIME, AND MOTION TO RESCHEDULE HEARING**

Jacobsen National Group, Inc., dba Jacobsen Construction ("**Jacobsen**"), through counsel, hereby objects to the *Ex Parte Motion for Expedited Hearing and Shortening Time* (the "**Ex Parte Motion**") [Doc. 175] filed jointly by the Debtor and West LB, AG ("**West LB**"), the Debtor's secured lender, and to the Court's *Order Granting Ex Parte Motion for Expedited Hearing and Shortening Time*, entered on November 30, 2009 (the "**Hearing Order**") [Doc. 181]. In addition thereto, Jacobsen respectfully moves this Court for entry of an Order rescheduling the December 14, 2009 hearing that has been established by the Hearing Order, because Jacobsen's counsel is scheduled to be in Chicago on Monday, December 14, 2009 meeting with clients. In support hereof, Jacobsen states as follows:

1. The Ex Parte Motion seeks an order of the Court shortening time for notice of the hearing on, and the time to object to, the *Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection* (the "**Cash Collateral Motion**"). [Doc. 172]

2. The Ex Parte Motion and the Cash Collateral Motion were filed just before 5:00 p.m. on Wednesday, November 25, 2009, the day before the Thanksgiving holiday.

3. The Ex Parte Motion and the Cash Collateral Motion were received by Ray Quinney & Nebeker P.C., counsel for Jacobsen, by mail delivery on Monday, November 30, 2009.

4. The Ex Parte Motion seeks issuance of an Order from this Court setting a hearing on the Cash Collateral Motion for Monday, December 14, 2009, and directing that objections or responses to the Cash Collateral Motion be filed and served by no later than "noon, Friday, December 11, 2009."

5. The Ex Parte Motion was granted on Monday, November 30, 2009 when this Court signed the Hearing Order.

6. In the Cash Collateral Motion, the Debtor and West LB seek an Order from this Court, *inter alia*, amending this Court's prior Orders regarding cash collateral which directed that no less than $1.7 million in funds contained in two bank accounts called the Sky Lodge Sales Proceeds Account and the Sky Lodge Deposit Account (collectively, the "**Escrow Accounts**") remain on deposit in the Escrow Accounts in order to adequately protect Jacobsen's claim that the funds in the Escrow Accounts are funds that are held in escrow or trust or are otherwise funds that belong to Jacobsen and its subcontractors and suppliers rather than funds belonging to the Debtor.

7. Jacobsen contends that the funds in the Escrow Accounts are not property of the bankruptcy estate or subject to West LB's liens and security interests and that, instead, the funds are subject to an express, statutory or constructive trust or have otherwise been earmarked for payment to Jacobsen. As a result, Jacobsen contends that the funds are not West LB's cash collateral, and that the Debtor has no right to use or expend the funds, with or without West LB's consent.

8. Jacobsen has filed a proof of claim in the Easy Street Partners Case, Proof of Claim 16, consistent with these theories. [See Proof of Claim 16, at 3 ("In addition to its secured claim against all of the Debtor's real property assets, Jacobsen also asserts that the Debtor is holding funds (and/or held funds as of the September 14, 2009 petition date) in the approximate aggregate amount of $3,000,000.00 (i.e., funds on deposit in the Wells Fargo Escrow Account, Sky Lodge Sales Proceeds Account, Account No. 7375, and funds on deposit in the Wells Fargo Escrow Account, Sky Lodge Deposit Account, Account No. 7367) that are not property of the estate and are held in escrow for the benefit of Jacobsen and its subcontractors or that otherwise are impressed with an express, constructive and/or statutory trust for the benefit of Jacobsen and its subcontractors, or that otherwise are funds which belong to Jacobsen and its subcontractors. Finally, and in addition to the foregoing, Jacobsen also notes the $1,382,127.18 principal balance

of its claim includes earned and unpaid retention in the amount of $432,755.31.  Under Utah law, funds withheld under a construction contract as retention are held by the owner for the benefit of the contractor, the contractor is entitled to all interest earned on the funds, the funds must be deposited into an interest bearing account, and the funds are impressed with a statutory trust.  See Utah Code Ann. § 13-8-5."]

9. In the Cash Collateral Motion, the Debtor and West LB state that they have reached an agreement between themselves that the funds in the Escrow Accounts are West LB's cash collateral but may now be used and expended by the Debtor because they have unilaterally decided between themselves that Jacobsen's legal arguments concerning those funds are without merit.  [See Cash Collateral Stipulation, at 7, ¶14 ("Easy Street and WestLB have concluded that Jacobsen's allegations related to the existence of a trust fund claim are without merit.")]

10. At the hearing on the Cash Collateral Motion, the Debtor and West LB intend to ask this Court to bless their unilateral agreement about the nature, extent and priority of Jacobsen's interest in the funds in the Escrow Accounts as part of a purported Rule 4001(d) settlement agreement related to the use of cash collateral.  In conjunction therewith, they have asked this Court to shorten time for notice of the hearing on, and Jacobsen's time to object to, the Cash Collateral Stipulation.

11. The rules simply do not allow this Court to shorten time on the Cash Collateral Motion.  The Cash Collateral Motion was filed on September 25, 2009 and, under the rules, Jacobsen has until 11:59 p.m. on Monday, December 14, 2009 in which to respond to the Cash Collateral Motion.  [See Fed. R. Bankr. P. 4001; 9006]

12. Jacobsen is not a party to the stipulation between the Debtor and West LB regarding the funds in the Escrow Accounts.  Rather, it is in an adversarial position with these parties concerning the issue, and its claims are in direct conflict with what the Debtor and West LB propose in the Cash Collateral Motion with respect to the funds.

13.     Because Jacobsen is not a party to the Cash Collateral Motion or the "settlement" it purports to document concerning the funds in the Escrow Accounts, any motion relating to those funds must, at a minimum, be brought pursuant to Federal Rule of Bankruptcy Procedure 4001(b), as a motion for authority to use cash collateral.[1]

14.     Federal Rule of Bankruptcy Procedure 4001(b)(2) provides that any final hearing on a motion to use cash collateral may commence "no earlier than 15 days after service of the motion." Federal Rule of Bankruptcy Procedure 9006(c)(2), in turn, provides that this Court may not shorten the time established by Federal Rule of Bankruptcy Procedure 4001(b)(2).

15.     Accordingly, the Ex Parte Motion must be denied, and the Hearing Order should be vacated, because the Ex Parte Motion asks this Court to do something it cannot do; reduce the time for notice of and a hearing on a Rule 4001(b) motion for a final order concerning a purported use of cash collateral (the funds in the Escrow Accounts) over Jacobsen's objection.

16.     The Ex Parte Motion also should be denied, and the Hearing Order should be vacated, because the Debtor and West LB have not shown sufficient cause for the relief they have requested, even assuming time could be shortened on the Cash Collateral Motion.

17.     Indeed, the only justification given by the Debtor and West LB for the shortened notice they request is the bald and unsupported statement that it will "insure timely effectuation of the proposed amendments to the Stipulation and Cash Collateral Order so as to facilitate the administration of the Debtors' cases." [Ex Parte Motion, at 3, ¶6] There is no explanation about

---

[1] In fact, as will be discussed more fully when Jacobsen responds on the merits to the Cash Collateral Motion, Jacobsen contends that the Cash Collateral Motion suffers from a fatal procedural defect which requires its outright denial. The Debtor and West LB desire to obtain through a Rule 9014 contested matter what can only be obtained by way of an adversary proceeding—a ruling from this Court, disguised as approval of a "settlement" between them, which determines the validity, priority, or extent of Jacobsen's interest in the funds in the Escrow Accounts by finding that Jacobsen has no such interest in the funds. If the Debtor and West LB want that ruling from the Court, they need to file a lawsuit against Jacobsen, and Jacobsen is entitled to the full panoply of due process protections afforded to it under Part VII of the Federal Rules of Bankruptcy Procedure.

why these same goals could not be achieved by following the default timing rules and having the objection deadline and hearing regarding the Cash Collateral Motion a few days later in the month.

17. Finally, and in addition to the foregoing, Jacobsen respectfully asks this Court, at a minimum, to reschedule the December 14, 2009 hearing on the Cash Collateral Motion to a date and time sometime after December 15, 2009, because Jacobsen's bankruptcy counsel will be in Chicago, Illinois on Monday, December 14, 2009 meeting with a client, Komatsu Financial, and that meeting has been scheduled for months.

18. As of the filing of this Objection, Jacobsen's counsel has contacted counsel for the Debtor and West LB and requested a stipulated continuance of the hearing, and is awaiting a response from them. Jacobsen's counsel is hopeful that counsel for the Debtor and West LB will voluntarily agree to a continuance and rescheduling of the December 14, 2009 hearing.

WHEREFORE, based upon the foregoing, Jacobsen respectfully requests that the Court (a) deny the Ex Parte Motion, (b) vacate the Hearing Order, (c) grant Jacobsen the full time it is entitled to under the Federal Rules of Bankruptcy Procedure to file its objections to the Cash Collateral Motion (i.e., Monday, December 14, 2009), (d) reschedule the hearing on the Cash Collateral Motion, currently scheduled for December 14, 2009, at 2:00 p.m., to a date and time later in the week or month that is convenient for the Court and for the parties, and (e) grant Jacobsen such other and further relief as the Court deems appropriate.

DATED this 1st day of December, 2009.

**RAY QUINNEY & NEBEKER, P.C.**

/s/ Michael R. Johnson
_____
Michael R. Johnson
Jonathan A. Dibble
*Attorneys for Jacobsen National Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2009, a true and correct copy of the foregoing was served upon the following parties by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

Kenneth L. Cannon II
Steven J. McCardell
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050

Michael V. Blumenthal
Steven B. Eichel
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022

John T. Morgan
**OFFICE OF THE UNITED STATES TRUSTEE**
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jeffrey W. Shields
Lon Jenkins
Troy J. Aramburu
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Annette W. Jarvis
Peggy Hunt
Steven C. Strong
Benjamin J. Kotter
**DORSEY & WHITNEY LLP**
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1655

And also by e-mail to the following e-mail addresses:

smccardell@djplaw.com
kcannon@djplaw.com
john.t.morgan@usdoj.gov
jarvis.annette@dorsey.com
strong.steven@dorsey.com
hunt.peggy@dorsey.com
kotter.benjamin@dorsey.com
rhavel@sidley.com
wellis@sidley.com
mblumenthal@crowell.com
john.t.morgan@usdoj.gov
bharvey@goodwinprocter.com
kaye@ballardspahr.com
maudsley@chapman.com
jshields@cnm.com
jshields@joneswaldo.com
taramburu@joneswaldo.com
john_straley@utb.uscourts.gov

/s/ Aya Gale