Richard W. Havel (Utah Bar No. 10759)
Christina M. Craige (Cal Bar No. 251103)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email:  rhavel@sidley.com
         ccraige@sidley.com

Annette Jarvis (Utah Bar No. 1649)
Peggy Hunt (Utah Bar No. 6060)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101-1685
Telephone:  (801) 933-8933
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com

*Attorneys for WestLB, AG*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | )  Bankr. Case No. 09-29905 |
| | )  Jointly Administered with |
| | )  Bankr. Case Nos. 09-29907 and 09-29908 |
| Debtors. | ) |
| | ) |
| Address:  201 Heber Avenue | )  Chapter 11 |
| Park City, UT 84060 | ) |
| | )  The Honorable R. Kimball Mosier |
| | ) |
| Tax ID Numbers: | )  [**FILED ELECTRONICALLY**] |
| 35-2183713 (Easy Street Holding, LLC), | ) |
| 20-4502979 (Easy Street Partners, LLC), and | ) |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |

**REPLY OF WESTLB, AG TO RESPONSE OF UNSECURED CREDITORS' COMMITTEE TO (1) DEBTORS' APPLICATION TO EMPLOY BDRC4SITE, LLC AS CO-MANAGER AND (2) DEBTORS' APPLICATION TO EMPLOY GEMSTONE HOTELS & RESORTS, LLC AS CONSULTANT**

WestLB, AG, a secured creditor in the above-captioned case ("WestLB"), by and through its counsel, hereby replies to the Response of Unsecured Creditors' Committee to (1) Debtors' Application to Employ BDRC4Site, LLC as Co-Manager and (2) Debtors' Application to Employ Gemstone Hotels & Resorts, LLC as Consultant [Docket No. 183] (the "Committee Response") filed by the Official Unsecured Creditors' Committee in the above-captioned case (the "Committee") on November 30, 2009. In support hereof, WestLB has filed the Declaration of Duncan Robertson (the "Robertson Declaration"), and states as follows:

1. On October 9, 2009, WestLB and Easy Street Partners, LLC ("Easy Street" or the "Debtor") filed a Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84] (the "Cash Collateral Stipulation").

2. On October 14, 2009, the Court entered Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB AG [Docket No. 95] (the "Cash Collateral Order"), approving the Cash Collateral Stipulation with certain modifications.

3. Under the Cash Collateral Stipulation and the Cash Collateral Order, the Debtor agreed and was ordered to, among other things, to provide WestLB adequate protection in exchange for its use of WestLB's cash collateral. As part of the adequate protection afforded to WestLB, the Debtor was ordered to meet certain reporting requirements, and to:

> [C]ollaborate with WestLB in the identification, interview and engagement of a manager or operating consultant to serve as a co-managing officers (the "Co-Manager")

>   to *assist and direct Easy Street in managing its business operations and restructuring its obligations. . . .* Easy Street shall have final authority to select the Co-Manager, but such Co-Manager must be reasonably acceptable to WestLB, and Easy Street will provide WestLB with direct and unrestricted access to the Co-Manager with respect to the current and projected business operations, and the potential restructuring of WestLB's Loan under a plan of reorganization. The Co-Manger's authority and responsibility will include, but not be limited to, active participation in operating and management decisions.

Cash Collateral Order ¶ 10(h) (approving Cash Collateral Stipulation ¶ 26(h)) (emphasis added), *quoted in* Committee Response ¶ 2.

4.    Pursuant to this provision of the Cash Collateral Order, WestLB, together with the Debtor, identified and interviewed numerous management and consulting firms, including BDRC 4Site, LLC ("<u>BDRC</u>") and Gemstone Hotels & Resorts, LLC ("<u>Gemstone</u>"), reviewed background information and presentation materials submitted by such firms, and engaged in negotiations related to the entity that would serve the best interests of the estate and provide the adequate protection afforded to WestLB. *See* Robertson Declaration ¶ 3.

5.    WestLB concluded that Gemstone should be engaged by the Debtor because it was the strongest candidate for numerous reasons, including the following: (a) Gemstone's business is located in Park City, Utah and, therefore, it is familiar with the market; (b) Gemstone has extensive experience in the management of boutique hotel facilities of a size similar to the Sky Lodge; (c) Gemstone has experience managing seasonal resort projects; and (d) Gemstone has the ability to support specific aspects of the hotel's operations, such as marketing and purchasing. Gemstone is also experienced in and capable of providing necessary analysis of the revenues and expenses stated in the Debtor's business plan, which is of vital importance to WestLB. Robertson Declaration ¶ 5.

2

6. The Debtor, on the other hand, was inclined to engage BDRC because of BDRC's overall experience in workouts, financial restructuring and access to capital markets. *See* Robertson Declaration ¶ 6.

7. The Debtor and WestLB ultimately reached a compromise in which BDRC would serve as co-manager, with support from Gemstone as a consultant. Robertson Declaration ¶ 7. As a result of that agreement, the Debtor filed its Application to Employ BDRC4SITE, LLC as Co-Manger [Docket No. 148] (the "BDRC Application"), and its Application to Employ Gemstone Hotels & Resorts, LLC as a Consultant [Docket No. 160] (the "Gemstone Application").

8. The Committee has responded to the BDRC Application and the Gemstone Application, stating that the Gemstone Application should be approved only after additional clarification is offered for the need to employ Gemstone. Committee Response at 5.

9. WestLB maintains that the employment of Gemstone is necessary first and foremost to afford WestLB the adequate protection that it negotiated for and which was approved by the Court and, thus, to assure WestLB's continued agreement to the Debtor's use of its cash collateral. It is also necessary to preserve and maximize the value of the Debtors' estates. Robertson Declaration ¶¶ 8-9 & 13. Additionally, Gemstone's employment will facilitate the negotiation of a plan of reorganization. Robertson Declaration ¶ 10.

10. Although the compromise negotiated by the parties results in the employment of two entities, rather than one, the monthly fees proposed to be paid to BDRC and Gemstone are reasonable inasmuch as, combined, they compare favorably with fees requested by other candidates. Furthermore, the parties have defined the scope of each firm's employment based on

their respective and different skills so as to avoid duplication of services. Robertson Declaration ¶¶ 11-12.

11. For all of these reasons, WestLB requests that the Court approve the Gemstone Application.

DATED this 2nd day of December, 2009.

By:  */s/ Peggy M. Hunt*
Annette Jarvis
Peggy M. Hunt
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

*and*

Richard W. Havel
Christina M. Craige
Drew A. Norman
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA  90013

*Attorneys for WestLB, AG*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2009, true and correct copy of the **REPLY OF WESTLB, AG TO RESPONSE OF UNSECURED CREDITORS' COMMITTEE TO (1) DEBTORS' APPLICATION TO EMPLOY BDRC4SITE, LLC AS CO-MANAGER AND (2) DEBTORS' APPLICATION TO EMPLOY GEMSTONE HOTELS & RESORTS, LLC AS CONSULTANT** was electronically filed with the United States Bankruptcy Court for the District of Utah and served via the Bankruptcy Court's ECF/CM system on the individuals identified below:

Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com)

Kenneth L. Cannon (kcannon@djplaw.com, khughes@djplaw.com)

Scott A. Cummings (cummings.scott@dorsey.com)

Mary Margaret Hunt (hunt.peggy@dorsey.com, wardle.gay@dorsey.com)

Annette W. Jarvis (jarvis.annette@dorsey.com, smith.ron@dorsey.com slc.lit@dorsey.com; brown.patricia@dorsey.com)

Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com)

Michael R. Johnson (mjohnson@rqn.com, agale@rqn.com)

Anthony C. Kaye (kaye@ballardspahr.com)

Benjamin J. Kotter (kotter.benjamin@dorsey.com)

Adelaide Maudsley (maudsley@chapman.com, jemery@chapman.com)

Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

John T. Morgan (john.t.morgan@usdoj.gov, james.gee@usdoj.gov)

David W. Overholt (doverholt@rsolaw.com, abachman@rsolaw.com)

Jessica G Peterson (jpeterson@djplaw.com)

Jeffrey L. Shields (jlshields@cnmlaw.com, njpotter@cnmlaw.com)

Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

United States Trustee (USTPRegion19.SK.ECF@usdoj.gov)

In addition, a copy of the **REPLY** was served via email immediately upon its filing on the following:

Kenneth L. Cannon (kcannon@djplaw.com; khughes@djplaw.com)

Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com)

Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com)

DATED this 2nd day of December, 2009.

By:    */s/ Peggy M. Hunt*