...

Richard W. Havel (Utah Bar No. 10759)
Christina M. Craige (Cal Bar No. 251103)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com
       ccraige@sidley.com

Annette Jarvis (Utah Bar No. 1649)
Peggy Hunt (Utah Bar No. 6060)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101-1685
Telephone: (801) 933-8933
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankr. Case No. 09-29905 |
| | ) Jointly Administered with |
| | ) Bankr. Case Nos. 09-29907 and 09-29908 |
| Debtors. | ) |
| | ) |
| Address: 201 Heber Avenue | ) Chapter 11 |
|          Park City, UT 84060 | ) |
| | ) The Honorable R. Kimball Mosier |
| | ) |
| Tax ID Numbers: | ) **[FILED ELECTRONICALLY]** |
| 35-2183713 (Easy Street Holding, LLC), | ) |
| 20-4502979 (Easy Street Partners, LLC), and | ) |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |

### DECLARATION OF DUNCAN ROBERTSON
### IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY
### GEMSTONE HOTELS & RESORTS, LLC AS A CONSULTANT

I, Duncan Robertson, declare and state as follows:

1. I am an Executive Director of WestLB, AG, a German Bank acting through its New York branch ("WestLB"). I make this Declaration (a) in support of the Application to Employ Gemstone Hotels & Resorts, LLC as a Consultant (the "Gemstone Application") filed by Easy Street Partners, LLC (the "Debtor") in the above-captioned case on November 24, 2009, and (b) in reply to the Response of Unsecured Creditors' Committee (1) to Debtors' Application to Employ BDRC 4Site, LLC as Co-Manager and (2) Debtors' Application to Employ Gemstone Hotel and Resorts LLC as Consultant ("Committee Response") filed by the Official Committee of Unsecured Creditors (the "Committee") on November 30, 2009. I am a competent witness to give testimony to the facts set forth herein, and I make all of the statements herein based on my personal knowledge.

2. Pursuant to ¶ 26(h) of the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG filed on October 9, 2009 and amendments thereto (the "Cash Collateral Stipulation"), the Debtor agreed to provide WestLB with adequate protection, including complying with certain reporting requirements and collaborating with WestLB in (i) identifying potential co-managers or operating consultants for the Debtor's boutique hotel property in Park City, Utah known as the "Sky Lodge," to "assist and direct [the Debtor] in managing its business operations and restructuring its obligations," (ii) interviewing potential candidates, and (iii) in engaging a manager and/or operating consultant to serve as a co-manger. Paragraph 26(h) of the Cash

2

Collateral Stipulation was approved by the Court in its Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB AG (the "Cash Collateral Order"). Cash Collateral Order ¶ 10(h).

3. I participated in this process on behalf of WestLB, and in so doing, I (a) attended interviews with representatives of numerous management and consulting firms, including BDRC 4Site, LLC ("BDRC") and Gemstone Hotels & Resorts, LLC ("Gemstone"); (b) reviewed background information and presentation materials submitted by such firms, including the materials of BDRC and Gemstone; (c) engaged in discussions with the Debtor about the potential candidates; and (d) I engaged in discussions with WestLB management about the respective strengths and potential contributions of the candidates, including those of BDRC and Gemstone.

4. At the conclusion of this process, WestLB and the Debtor disagreed about which firm to engage.

5. Based on the information that I collected as part of this process and my evaluation of the candidates, WestLB concluded that Gemstone should be engaged by the Debtor because it was the strongest candidate for numerous reasons, including the following: (a) Gemstone's business is located in Park City, Utah and, therefore, it is familiar with the market; (b) Gemstone has extensive experience in the management of boutique hotel facilities of a size similar to the Sky Lodge; (c) Gemstone has experience managing seasonal resort projects; and (d) Gemstone has the ability to support specific aspects of the hotel's operations, such as marketing and purchasing. Gemstone is also experienced in and capable of providing necessary analysis of the revenues and expenses stated in the Debtor's business plan, which is of vital importance to WestLB.

6. I understand that the Debtor, on the other hand, was inclined to engage BDRC because of BDRC's overall experience in workouts, financial restructuring and access to capital markets.

7. Although the Debtor and WestLB disagreed about which of the two candidates would best serve as co-manager, we eventually reached a compromise in which BDRC would serve as co-manager, with support from Gemstone as a consultant.

8. Gemstone's proposed services are essential to provide WestLB adequate protection. WestLB believes that the Debtor's hotel management must be enhanced to preserve and, hopefully, maximize the primary asset of the estate. WestLB's agreement to the Debtor's use of its cash collateral, as set forth in the Cash Collateral Stipulation and approved in the Cash Collateral Stipulation, is based in part on WestLB's expectation that the Debtor would engage a manager or consultant experienced in hotel management. Based on the information that was provided to me, BDRC has no experience in hotel management. Gemstone, on the other hand, is in the business of providing hotel management services for properties such as the Sky Lodge.

9. Furthermore, as part of the adequate protection afforded to WestLB, the Debtor has certain reporting obligations. Gemstone's employment serves to assist the Debtor in meeting those requirements because Gemstone will provide necessary and important supporting analysis of business plans and operating budgets required by WestLB as part of its continued agreement to the Debtor's use of its cash collateral.

10. Finally, I believe that the parties' agreement to employ BDRC and Gemstone will facilitate negotiations between the parties regarding a plan of reorganization.

11. The combined monthly fees proposed to be paid to BDRC and Gemstone are reasonable. The fees were negotiated by the parties so that, on a cumulative basis, they compare favorably with fees requested by other candidates.

12. Further, the scope of employment for BDRC and Gemstone is defined based on their respective and different skills so as to avoid duplication of services.

13. The proposed employment of Gemstone has been negotiated in good faith by the Debtors, WestLB, and Gemstone to preserve and maximize the value of Debtor's estate, and such employment is necessary for WestLB's continued agreement to the Debtor's use of its cash collateral.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 2, 2009, at New York, New York.

_____
DUNCAN ROBERTSON

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2009, true and correct copy of the **DECLARATION OF DUNCAN ROBERTSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY GEMSTONE HOTELS & RESORTS, LLC AS A CONSULTANT** was electronically filed with the United States Bankruptcy Court for the District of Utah and served via the Bankruptcy Court's ECF/CM system on the individuals identified below:

Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com)

Kenneth L. Cannon (kcannon@djplaw.com, khughes@djplaw.com)

Scott A. Cummings (cummings.scott@dorsey.com)

Mary Margaret Hunt (hunt.peggy@dorsey.com, wardle.gay@dorsey.com)

Annette W. Jarvis (jarvis.annette@dorsey.com, smith.ron@dorsey.com slc.lit@dorsey.com; brown.patricia@dorsey.com)

Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com)

Michael R. Johnson (mjohnson@rqn.com, agale@rqn.com)

Anthony C. Kaye (kaye@ballardspahr.com)

Benjamin J. Kotter (kotter.benjamin@dorsey.com)

Adelaide Maudsley (maudsley@chapman.com, jemery@chapman.com)

Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

John T. Morgan (john.t.morgan@usdoj.gov, james.gee@usdoj.gov)

David W. Overholt (doverholt@rsolaw.com, abachman@rsolaw.com)

    Jessica G Peterson (jpeterson@djplaw.com)

    Jeffrey L. Shields (jlshields@cnmlaw.com, njpotter@cnmlaw.com)

    Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

    United States Trustee (USTPRegion19.SK.ECF@usdoj.gov)

In addition, a copy of the **DECLARATION** was served via email immediately upon its filing on the following:

    Kenneth L. Cannon (kcannon@djplaw.com; khughes@djplaw.com)

    Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

    Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

    Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com)

    Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com)

DATED this 2nd day of December, 2009.

                                      By:    */s/ Peggy M. Hunt*