Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

Kenneth L. Cannon II (3705
Steven J. McCardell (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: kcannon@djplaw.com
       smccardell@djplaw.com

Michael V. Blumenthal
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-400
Facsimile: (212) 223-4134
Email: mblumenthal@crowell.com

*Attorneys for Debtors and Debtors
in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankr. Case No. 09-29905 |
| ) | Jointly Administered with Bankr. Case Nos. |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address: 201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | **[FILED ELECTRONICALLY]** |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |

**JOINT REPLY AND OBJECTION TO JACOBSEN NATIONAL GROUP'S
"OBJECTION TO DEBTOR'S *EX PARTE* MOTION FOR EXPEDITED HEARING AND
SHORTENING TIME, AND MOTION TO RESCHEDULE HEARING," DATED
DECEMBER 1, 2009, [DOCKET NO. 184]**

1

SLC_506794.1

The Debtors, Easy Street Holding, LLC ("Easy Street"), Easy Street Partners, LLC and Easy Street Mezzanine, LLC (collectively, the "Debtors"), by and through their undersigned counsel, and WestLB AG ("WestLB"), a secured creditor, by and through its undersigned counsel, submit their joint reply and objection to Jacobsen National Group's "Objection to Debtor's *Ex Parte* Motion for Expedited Hearing and Shortening Time, and Motion to Reschedule Hearing," dated and filed December 1, 2009 [Docket No. 184]. In support of their joint reply and objection, the Debtors and WestLB respectfully state as follows:

## BACKGROUND

1. On November 25, 2009, the Debtors and WestLB filed their "Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG" (the "Joint Motion") [Docket No. 172], along with a supporting declaration of William Shoaf [Docket No. 173].

2. In connection with the Joint Motion, on November 25, 2009, the Debtors and WestLB filed an "*Ex Parte* Motion for Expedited Hearing and Shortening Time," (the "Ex Parte Motion") [Docket No. 175], requesting an order shortening time sufficient to permit a hearing on the Joint Motion on Monday December 14, 2009, with an objection deadline of noon on Friday, December 11, 2009.

3. The Court granted the Ex Parte Motion by its Order dated November 30, 2009 [Docket No. 181], thereby scheduling a hearing for December 14, 2009 and fixing noon on Friday, December 11, 2009 as deadline for objections to the Joint Motion.

4.  On December 1, 2009, Jacobsen National Group ("Jacobsen") filed its "Objection to Debtor's Ex Parte Motion for Expedited Hearing and Shortening Time, and Motion to Reschedule Hearing," [Docket No. 184] (the "Jacobsen Objection and Motion").

5.  The Jacobsen Objection and Motion states that one of Jacobsen's attorneys, Michael R. Johnson, was previously scheduled to be in Chicago on December 14, 2009, requests that the December 14 hearing be continued to a later date, and further requests that Jacobsen be granted until December 14 to file its objection to the Joint Motion.

6.  Jacobsen's substantive objection to the Joint Motion is that the Debtors must continue to retain not less than $1.7 million. The Joint Motion proposes to delete from Paragraph 20 of the Cash Collateral Stipulation in this case the following provision:

> Unless the Court orders otherwise, Easy Street shall retain not less than the aggregate amount of $1.7 million in the Sky Lodge Sales Proceeds Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367) maintained as of the Petition Date at Wells Fargo Bank, N.A. or at a successor DIP account that is identified on Exhibit C hereto, which account(s) shall be segregated from other DIP Accounts identified on Exhibit C.

This provision (the "$1.7 Million Set Aside") was added to the Cash Collateral Stipulation voluntarily by the Debtors and WestLB, in response to Jacobsen's objection that it claimed a lien against funds held by the Debtors.

## ARGUMENT

7.  The Debtors and WestLB have evaluated the Jacobsen Objection and Motion and, although they strongly disagree with Jacobsen's legal position,[1] request that the Court defer

---

[1] Jacobsen's lien claim is not well-founded, as outlined in the Joint Motion. Jacobsen's assertion that the Joint Motion somehow seeks relief which can only be obtained in an adversary proceeding is incorrect. The Joint Motion does not seek to determine the validity of a lien or other interest in property. Instead, it seeks only to discontinue the voluntary $1.7 Million Set Aside on account of a claimed interest that has not been established. Cf., In re Utah Aircraft Alliance, 342 B.R. 327 (B.A.P. 10th 2006) (even though adversary proceeding was required to

3

consideration of removal of the $1.7 Million Set Aside until a date in January 2010, but proceed on December 14 with the remaining matters addressed by the Joint Motion.

8.   At the December 14, 2009 hearing, the Debtors and WestLB will not request that the Court consider or approve the provision of the Joint Motion for removal of the $1.7 Million Set Aside and will request that the Court set a January hearing as to that matter.

9.   Jacobsen's argument that the Court cannot shorten time for consideration of the Joint Motion is incorrect.  The Joint Motion is not governed by Rule 4001(b) ("Use of Cash Collateral").  Instead, it is governed by Rule 4001(d) ("Agreement Relating to . . . the Use of Cash Collateral[.]").  Rule 4001(d) provides that "[u]nless the court fixes a different time, objections may be filed within 15 days of the mailing of notice."  The Court has fixed a different time, as expressly authorized by Rule 9006(c), which permits the Court to reduce time and does not bar reduction of the time period provided for approval of agreements relating to cash collateral

**WHEREFORE**, for the reasons stated herein, the Debtors and WestLB submit that the Jacobsen Objection and Motion is moot as to scheduling and incorrect as to the appropriate objection deadline.  Accordingly, the Jacobsen Objection and Motion should be overruled and denied.

---

avoid unperfected lien, Court properly could determine that claim of ownership of property was not entitled to adequate protection, in the context of a stay lift hearing).  It is Jacobsen who must file an adversary proceeding to obtain a determination that it holds a valid lien, and it has not done so.

4

DATED this 4th day of December, 2009.

| | |
|---|---|
| _/s/ Benjamin J. Kotter_ | _/s/ Steven J. McCardell_ |
| Annette Jarvis | Kenneth L. Cannon II |
| Peggy Hunt | Steven J. McCardell |
| Benjamin J. Kotter | DURHAM JONES & PINEGAR, P.C. |
| DORSEY & WHITNEY LLP | and |
| | |
| and | Michael V. Blumenthal |
| | CROWELL & MORING LLP |
| Richard W. Havel | |
| SIDLEY AUSTIN LLP | *Attorneys for Debtors and Debtors in Possession* |
| | |
| *Attorneys for WestLB, AG* | |

5

SLC_506794.1