Richard W. Havel (Utah Bar No. 10759)
Christina M. Craige (Cal Bar No. 251103)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com
       ccraige@sidley.com

Annette Jarvis (Utah Bar No. 1649)
Peggy Hunt (Utah Bar No. 6060)
Benjamin J. Kotter (Utah Bar No. 9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101-1685
Telephone:  (801) 933-8933
Facsimile:  (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankr. Case No. 09-29905 |
| | ) | Jointly Administered with |
| | ) | Bankr. Case Nos. 09-29907 and 09-29908 |
| Debtors. | ) | |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | The Honorable R. Kimball Mosier |
| | ) | |
| Tax ID Numbers: | ) | [**FILED ELECTRONICALLY**] |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

## CONDITIONAL OBJECTION OF WESTLB, AG TO DEBTORS'
## MOTION FOR ORDER ESTABLISHING MONTHLY FEE
## AND EXPENSE REIMBURSEMENT PROCEDURES

WestLB, AG, a secured creditor in the above-captioned case and as agent under a Senior

Loan Agreement ("WestLB"), by and through its counsel, hereby makes this conditional

Objection to the Motion for Order Establishing Monthly Fee and Expense Reimbursement

Procedures [Docket No. 170] ("Fee Motion") filed by the Debtors Easy Street Partners, LLC

("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC

("Holding") (collectively, the "Debtors") on November 25, 2009.  In support hereof, WestLB

represents as follows.

1.      The Fee Motion seeks approval of certain procedures for the payment of monthly

interim compensation and reimbursement to "Professionals," that term being defined as any and

all professionals who are currently or who may be in the future employed by the Debtors or the

Official Committee of Unsecured Creditors (the "Committee").

2.      After the filing of the Fee Motion, WestLB and the Debtors filed their Joint

Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to

11 U.S.C. §363 and Granting Additional Adequate Protection to WestLB, AG [Docket No. 172]

(the "Joint Amendment Motion").  The Joint Amendment Motion seeks Court approval of certain

limited modifications to the Stipulation Authorizing Use of Cash Collateral Pursuant to

11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84] (the "Cash

Collateral Stipulation") as approved by the Court's Order on Stipulation Authorizing Use of

Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB AG

[Docket No. 95] (the "Cash Collateral Order").

3.      As part of the Joint Amendment Motion, WestLB and the Debtors have agreed

that as a condition to WestLB's continued agreement to the Debtors' use of WestLB's cash

2

collateral, Partners will pay WestLB's reasonable monthly professional fees and costs.  *See* Joint

Amendment Motion & Exhibit C thereto.  The amounts budgeted for these increased monthly

payments take into account the information WestLB has obtained in monitoring the Debtors'

operations and in anticipation of the issues to be addressed and procedures to be implemented in

working with the Debtors' and the Committee to file and confirm a plan of reorganization.

4.      The Debtor has represented that there is sufficient cash flow in the coming

months to make the increased payments of adequate protection to WestLB.  Declaration of

William Shoaf, ¶ 9 [Docket No. 173] (filed in support of the Joint Amendment Motion).

5.      WestLB has been told that despite the Debtors' representations as to Partner's

ability to make the increased adequate protection payments to WestLB, the Committee may

object to the Joint Amendment Motion because the proposed payments may not constitute

adequate protection.   At the same time, the Committee and its Professionals are advocating for

the monthly payment of their fees and expenses, as well as those of the Debtors' Professionals

(including Professionals that will reimburse insiders of the Debtors who have guaranteed the

payment of certain Professionals (*see* Fee Motion, ¶ 5)), which will draw down the funds

currently in the cash collateral accounts and reduce the collateral available to WestLB.

6.      WestLB thus conditionally objects to the Fee Motion.  If there are no increased

monthly adequate protection payments to WestLB as promised by the Debtor during this critical

stage of the case, then the cash collateral should not be reduced by interim payments, and all

Professionals should have their administrative claims reviewed and allowed only at the

confirmation of  a plan of reorganization.

WHEREFORE, for the reasons stated herein, WestLB conditionally objects to the Fee

Motion.

DATED this 10th day of December, 2009.

          */s/ Benjamin J. Kotter*
          Annette Jarvis
          Peggy M. Hunt
          Benjamin J. Kotter
          DORSEY & WHITNEY LLP

          *and*

          Richard W. Havel
          Christina M. Craige
          SIDLEY AUSTIN LLP

          *Attorneys for WestLB, AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2009, true and correct copy of the CONDITIONAL

OBJECTION OF WESTLB, AG TO DEBTORS' MOTION FOR ORDER ESTABLISHING

MONTHLY FEE AND EXPENSE REIMBURSEMENT PROCEDURES was electronically

filed with the United States Bankruptcy Court for the District of Utah and served via the

Bankruptcy Court's ECF/CM system on the individuals identified below:

Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com;
rbush@joneswaldo.com)

Kenneth L. Cannon (kcannon@djplaw.com, khughes@djplaw.com)

Scott A. Cummings (cummings.scott@dorsey.com)

Mary Margaret Hunt (hunt.peggy@dorsey.com, wardle.gay@dorsey.com)

Annette W. Jarvis (jarvis.annette@dorsey.com, smith.ron@dorsey.com
slc.lit@dorsey.com; brown.patricia@dorsey.com)

Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com;
ecf@joneswaldo.com; sglendening@joneswaldo.com)

Michael R. Johnson (mjohnson@rqn.com, agale@rqn.com)

Anthony C. Kaye (kaye@ballardspahr.com)

Benjamin J. Kotter (kotter.benjamin@dorsey.com)

Adelaide Maudsley (maudsley@chapman.com, jemery@chapman.com)

Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

John T. Morgan (john.t.morgan@usdoj.gov, james.gee@usdoj.gov)

David W. Overholt (doverholt@rsolaw.com, abachman@rsolaw.com)

Jessica G Peterson (jpeterson@djplaw.com)

Jeffrey L. Shields (jlshields@cnmlaw.com, njpotter@cnmlaw.com)

5

Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

United States Trustee (USTPRegion19.SK.ECF@usdoj.gov)

In addition, a copy of the CONDITIONAL OBJECTION OF WESTLB, AG TO DEBTORS' MOTION FOR ORDER ESTABLISHING MONTHLY FEE AND EXPENSE REIMBURSEMENT PROCEDURES was served via email immediately upon its filing on the following:

Kenneth L. Cannon  (kcannon@djplaw.com; khughes@djplaw.com)

Steven J. McCardell (smccardell@djplaw.com, khughes@djplaw.com)

Jeffrey Weston Shields (jshields@joneswaldo.com, sglendening@joneswaldo.com)

Lon A. Jenkins (lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com)

Troy J. Aramburu (taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com)

DATED this 10th day of December, 2009.

*/s/ Benjamin J. Kotter*

6

4837-3199-2581\1  12/10/2009 1:37 PM