Michael R. Johnson, Esq. (#7070)
Jonathan A. Dibble, Esq. (#0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  mjohnson@rqn.com
E-mail:  jdibble@rqn.com

*Attorneys for Jacobsen National Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>Park City, UT 84060<br><br>Tax ID Numbers:<br><br>35-2183713 (Easy Street Holdings, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685864 (Easy Street Mezzanine, LLC) | **Bankruptcy No. 09-29905 RKM**<br><br>(Jointly Administered with Cases 09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**JACOBSEN NATIONAL GROUP'S PROTECTIVE, CONDITIONAL AND LIMITED
RESPONSE TO JOINT MOTION TO APPROVE AMENDMENTS TO STIPULATION
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
GRANTING ADDITIONAL ADEQUATE PROTECTION TO WEST LB, AG**

Jacobsen National Group, Inc., dba Jacobsen Construction ("**Jacobsen**"), through counsel, hereby files, out of an abundance of caution, this Protective, Conditional and Limited Response to the *Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to West LB, AG,* filed November 25, 2009 [Doc. 172] (hereinafter, the "**Joint Motion**"). In support hereof, Jacobsen states as follows:

1. This Court has set a deadline of Friday, December 11, 2009, at 12:00 noon, for filing objections or responses to the Joint Motion. This Court also has scheduled a hearing on the Joint Motion for Monday, December 14, 2009, at 2:00 p.m.

2. On December 1, 2009, Jacobsen filed an objection to the joint *ex parte* motion of the Debtor and West LB to shorten time for the filing of objections to the Joint Motion, and to the Court conducting the hearing on the Joint Motion on December 14, 2009. [See Doc. 184]

3. On December 4, 2009, the Debtor and West LB filed their *Joint Reply and Objection to Jacobsen National Group's "Objection to Debtor's Ex Parte Motion for Expedited Hearing and Shortening Time, and Motion to Reschedule Hearing," Dated December 1, 2009* [Doc. 198] (the "**Joint Reply**").

4. In the Joint Reply, the Debtor and West LB ask that the Court "defer consideration of the removal of the $1.7 Million Set Aside until a date in January 2010, but proceed on December 14 with the remaining matters addressed by the Joint Motion."

5. Since the filing of the Joint Reply, the Debtor, West LB and Jacobsen have engaged in further communications regarding the Joint Motion, the December 14, 2009 hearing, and the $1.7 Million Set Aside (as defined in the Joint Reply).

6. Jacobsen believes that the parties have reached the following understandings regarding the matter, and it hereby files this Protective, Conditional and Limited Response to (a) provide the Court with its understanding of what the parties have agreed to, and (b) provide its


consent to the December 14, 2009 hearing going forward, notwithstanding the inability of its counsel to attend or participate in the hearing, subject to Jacobsen's understanding:

    A.    <u>First,</u> Jacobsen understands that the Debtor and West LB are deferring in its entirety any consideration of the issues raised on pages 6-7 and 9-13 of the Joint Motion, which relates specifically to the $1.7 Million Set Aside,[1] and that these issues will not be considered or addressed at the scheduled December 14, 2009 hearing on the Joint Motion;

    B.    <u>Second</u>, Jacobsen understands that the Debtor and West LB have agreed to work with Jacobsen and the Court to formulate a reasonable schedule to address and resolve the issues raised on pages 6-7 and 9-13 of the Joint Motion and Jacobsen's claimed interest in the $1.7 Million Set Aside, which schedule will allow for both a reasonable period of discovery and a reasonable briefing schedule, and will be without prejudice to Jacobsen's right to argue that said issues can in any event only be decided by adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(b);

    C.    <u>Third</u>, Jacobsen understands that the $1.7 Million Set Aside will either remain on deposit at Wells Fargo Bank in the existing Wells Fargo Escrow Accounts (account no. 12997375 and account no. 12997367), or the $1.7 Million Set Aside will be moved to Chase Bank and deposited into a separate and segregated interest bearing account. Jacobsen also understands that no funds of any kind, other than interest on the $1.7 Million Set Aside have been deposited into the Wells Fargo Escrow Accounts since the Petition Date, and that no additional funds will be deposited into either the Wells Fargo Escrow Accounts or any replacement accounts at Chase Bank pending resolution of the dispute by the Court. Jacobsen also understands that the aggregate cash balance of the Wells Fargo Accounts and any replacement accounts at Chase Bank will never go below $1,700,000.00. In other words, Jacobsen understands that no commingling of the $1.7 Million Set Aside with other funds has occurred since the Petition Date, that no commingling will occur in the future unless, and that the

---

[1] As defined in the Joint Reply.

corpus of the claimed trust will at all times be at least $1,700,000.00, unless and until the Court determines by final order that Jacobsen has no claim to the funds and is a mere unsecured creditor with respect to the funds;

D.     Fourth, Jacobsen understands that the "administrative amendments" agreed to by the Debtor and West LB, as explained on pages 7-8 of the Joint Motion, will be subject to the provisions, understandings and limitations outlined in paragraph 6(c) above; and

E.     Fifth, Jacobsen understands that the increased adequate protection payments to West LB, as explained on pages 8-9 of the Joint Motion, will be subject to the provisions, understandings and limitations outlined in paragraph 6(c) above, and that no part of the $1.7 Million Set Aside will be paid to West LB unless and until the Court determines by final order that Jacobsen has no claim to the funds.

WHEREFORE, Jacobsen has no objection to the Court considering the Joint Motion at the December 14, 2009 hearing, notwithstanding the fact that Jacobsen's primary bankruptcy counsel will not be in attendance, provided the Court's consideration of the Joint Motion and any relief granted by the Court at the hearing is consistent with the understandings and limitations outlined in paragraph 6(a) through (e) above.

DATED this 11th day of December, 2009.

**RAY QUINNEY & NEBEKER, P.C.**

/s/ Michael R. Johnson
_____
Michael R. Johnson
Jonathan A. Dibble
*Attorneys for Jacobsen National Group, Inc.*

1062719                                              4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of December, 2009, a true and correct copy of the foregoing was served upon the following parties by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

Kenneth L. Cannon II
Steven J. McCardell
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050

Michael V. Blumenthal
Steven B. Eichel
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022

John T. Morgan
**OFFICE OF THE UNITED STATES TRUSTEE**
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jeffrey W. Shields
Lon Jenkins
Troy J. Aramburu
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Annette W. Jarvis
Peggy Hunt
Steven C. Strong
Benjamin J. Kotter
**DORSEY & WHITNEY LLP**
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1655

And also by e-mail to the following e-mail addresses:

smccardell@djplaw.com
kcannon@djplaw.com
john.t.morgan@usdoj.gov
jarvis.annette@dorsey.com
strong.steven@dorsey.com
hunt.peggy@dorsey.com
kotter.benjamin@dorsey.com
rhavel@sidley.com
wellis@sidley.com
mblumenthal@crowell.com
john.t.morgan@usdoj.gov
bharvey@goodwinprocter.com
kaye@ballardspahr.com
maudsley@chapman.com
jshields@cnm.com
jshields@joneswaldo.com
taramburu@joneswaldo.com
john_straley@utb.uscourts.gov

/s/ Aya Gale
_____