Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Counsel to Unsecured Creditors Committee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No.09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | Chapter 11 |
| | Honorable R. Kimball Mosier |

**OBJECTION OF THE UNSECURED CREDITORS' COMMITTEE TO JOINT MOTION TO APPROVE AMENDMENTS TO STIPULATION AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADDITIONAL ADEQUATE PROTECTION TO WESTLB, AG**

The Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtors and debtors in possession (the "Debtors"), by its counsel, Jones Waldo Holbrook & McDonough, PC, files this Objection ("Objection') to the "Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Granting Additional Adequate Protection to West LB, AG" ("Joint Motion").  In support of its Objection, the Committee states as follows.

---

[1]    The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

912869.1

## Introduction

The Debtors and West LB, AG ("West LB") have filed the Joint Motion seeking to amend their previously-approved[2] Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Granting Adequate Protection to West LB, AG entered into by Debtors and West LB on or about October 13, 2009 ("Cash Collateral Stipulation"). The Joint Motion seeks to amend the Cash Collateral Stipulation respecting three general categories of provisions: (i) provisions relating to administrative matters relating to the Debtors' accounts and cash management structure ("Administrative Amendments"), (ii) provisions to increase the amount of adequate protection payments to West LB ("Adequate Protection Amendments"), and (iii) provisions relating to the previously agreed obligation to maintain a minimum of $1.7 million in the Debtors' accounts to satisfy Jacobsen Construction's objection based on its asserted interest in those funds ("Jacobsen Amendments").

## Jacobsen Amendments

With respect to the Jacobsen Amendments, the Debtors and West LB have filed a reply to Jacobsen's Objection to Debtors' and West LB's ex parte motion to shorten time in which they state that they will not ask the Court to consider the Jacobsen Amendments at the December 14 hearing, but rather will ask that those amendments be considered at a hearing to be scheduled in January 2010. Accordingly, the Committee will not lodge its objection to the Jacobsen

---

[2] The Order approving the Stipulation Authorizing Use of Cash Collateral was entered by the Court on October 14, 2009 (Docket No. 95).

912869.1

Amendments at this time, but reserves the right to file its objection, if any, once the hearing has been noticed by the parties and a new objection deadline established.

### Administrative Amendments

The Committee does not object to the Administrative Amendments because it understands that those amendments are not substantive, as such, but rather will facilitate and simplify the Debtors' cash management and its ability to satisfy its post-petition obligations.

### Adequate Protection Amendments

**Propriety of Additional Adequate Protection.** The Committee objects to the Adequate Protection Amendments and submits that the contemplated additional payments under the guise of additional "adequate protection" are not the kind of payments authorized under section 361 of the Bankruptcy Code, which makes provision for and describes the purpose of adequate protection payments. Under the Cash Collateral Stipulation, West LB is currently receiving monthly payments of $34,000 "which reflects an estimate of the approximate amount of the monthly interest at the non-default, contract rate on the value of West LB's interest in the Collateral as of the Petition Date." West LB and the Debtors now seek authority to make monthly payments of up to $100,000, on a cumulative basis, for West LB's post-petition attorneys' fees and costs.[3]

Section 361 provides secured creditors the right to seek "adequate protection" to ensure that their interest in property is not decreased by the enforcement of, among other

---

[3] The proposed amendment does provide for monthly submission by West LB of a written statement of West LB's fees and expense and provides the Debtors an opportunity to object. The proposed amendment also preserves all rights regarding the application by West LB of payments received.

3

912869.1

things, the automatic stay.  *See* 11 U.S.C. 361.  "[T]he Supreme Court has determined that 'adequate protection' is intended by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss in the value of its interest in property of the bankruptcy estate . . ." and not to compensate creditors for other losses, including those caused by delay.  *See In re Markos Gurnee P'ship*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997) (citing *United Sav. Ass'n v. Timbers of Inwood Forest Accocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988); *see also* 3 Collier on Bankruptcy ("Collier") ¶ 361.03[1] (15th ed. 2008) (noting that the purpose of adequate protection "is to protect an entity's interest in *property*.").  "Section 361 addresses *only* a decrease in value of the entity's interest in the property." 3 Collier ¶ 361.03[1] (15th ed. 2008) (emphasis added).  Section 361 does not authorize adequate protection payments to be made for post-petition interest or other "costs and expenses of preserving or disposing of the property."  Id. at ¶ 361.02[2][b]; *see also In re Delta Resources, Inc.*, 54 F.3d 722, 729-30 (11th Cir. 1995) (holding that "an oversecured creditor's interest in property which must be adequately protected *encompasses the decline in the value of the collateral only . . . .*" (emphasis added)).  Though these types of expenses may give rise to claims under Section 506, "[a] secured creditor is not entitled to protection for [these] expenses."  Collier at ¶ 361.02[2][b].

In this case, West LB seeks additional adequate protection payments for attorneys' fees and costs which it incurs post-petition.  However, payment of post-petition attorneys' fees and costs does not appear to fall within the parameters of the types of adequate protection payments sanctioned by Section 361.  The language of Section 361 is

4

912869.1

clear: adequate protection payments are required only when there is a "decrease in the value of an entity's interest in [] property." While West LB, if it is oversecured, may have an increased allowed secured claim as a result of its post-petition fees and costs (*see* 11 U.S.C. § 502(b), the post-petition accrual of attorneys' fees and costs does not effect a decrease in West LB's interest in property which is entitles it to additional adequate protection under Section 361.

**Alternatively, Committee's Participation in Review Process and Reservation of Rights.** Alternatively, in the event that Adequate Protection Amendments are approved by the Court, the amendments should, at a minimum, be revised to facilitate the Committee's participation in the review/objection process. So, for instance, subparagraphs (1) – (4) of proposed Paragraph 26(b) should be revised to provide for the Committee's participation in the review for "reasonableness" and objection process related to West LB's submission of monthly fee and expense statements.

In addition, the final [unnumbered] paragraph of Paragraph 26(b), should be revised to provide a reservation of rights on the part of the Committee regarding the application of payments received by West LB against its allowed claims *or, in the event it is determined that West LB's claim is disallowed or is subordinated, that payments may be disgorged, to the extent necessary and appropriate*.

Finally, the Committee takes issue with the statement in paragraph 19 of the Joint Motion which provides that "West LB holds an undisputed secured claim against Easy Street, which as of the Petition Date, was in an amount of no less than $15,164,331.17" (citing to

5

912869.1

*Stipulation ¶ 11*).  While it is true that the Debtor and West LB have agreed that West LB has an allowed claim in the case of no less than $15,164,331.17, and that West LB has a valid and perfected security interest in the Collateral, there has been no determination to date that West LB has an allowed fully secured claim in the amount of $15,164,331.17.  That determination must await an appraisal of the Collateral.

DATED this 11th day of December, 2009.

Respectfully submitted,

**JONES WALDO HOLBROOK & McDONOUGH, P.C.**

/s/ Jeffrey W. Shields
Jeffery W. Shields
Lon A. Jenkins
Troy J. Aramburu

*Counsel to Unsecured Creditors' Committee*