*Proposed Order Prepared and Submitted by:*

| | |
|---|---|
| Annette Jarvis (1649) | Kenneth L. Cannon II (3705) |
| Peggy Hunt (6060) | Steven J. McCardell (2144) |
| Benjamin J. Kotter (9592) | DURHAM JONES & PINEGAR, P.C. |
| DORSEY & WHITNEY LLP | 111 East Broadway, Suite 900 |
| 136 South Main Street, Suite 1000 | P.O. Box 4050 |
| Salt Lake City, UT 84101-1685 | Salt Lake City, Utah 84110-4050 |
| Telephone: (801) 933-7360 | Telephone: (801) 415-3000 |
| Facsimile: (801) 933-7373 | Facsimile: (801) 415-3500 |
| Email: jarvis.annette@dorsey.com | Email: kcannon@djplaw.com |
|       hunt.peggy@dorsey.com |       smccardell@djplaw.com |
|       kotter.benjamin@dorsey.com | |
| | Michael V. Blumenthal |
| Richard W. Havel (10759) | CROWELL & MORING LLP |
| SIDLEY AUSTIN LLP | 590 Madison Avenue, 20th Floor |
| 555 West Fifth Street, Suite 4000 | New York, NY 10022 |
| Los Angeles, CA 90013-1010 | Telephone: (212) 223-400 |
| Telephone: (213) 896-6000 | Facsimile: (212) 223-4134 |
| Facsimile: (213) 896-6600 | Email: mblumenthal@crowell.com |
| Email: rhavel@sidley.com | |
| | *Attorneys for Debtors and Debtors* |
| *Attorneys for WestLB, AG* | *in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankr. Case No. 09-29905 |
| ) | Jointly Administered with Bankr. Case Nos. |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:  201 Heber Avenue ) | Chapter 11 |
|          Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | **[FILED ELECTRONICALLY]** |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |

**Filed: 12/14/09**

**ORDER ON JOINT MOTION TO APPROVE AMENDMENT TO STIPULATION
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
GRANTING ADEQUATE PROTECTION TO WESTLB, AG**

The Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Amendment Motion") [Docket No. 172] filed on November 25, 2009 by WestLB, AG ("WestLB") and the debtor, Easy Street Partners, LLC ("Easy Street"), came before the Court for hearing on December 14, 2009.  The Objection of the Unsecured Creditors' Committee to Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 211] (the "Committee Objection") and the Jacobsen National Group's Protective, Conditional and Limited Response to the Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 210] (the "Jacobsen Response") were filed with the Court on December 11, 2009. Appearances were made as noted on the record of the hearing.

In response to concerns raised by the Official Unsecured Creditors' Committee (the "Committee"), WestLB and Easy Street seek approval of amendments set forth in Exhibit C to the Amendment Motion (the "Amendments") as supplemented and clarified by the following additional provisions:

(1)    The additional adequate protection payment to be made to WestLB under the Amendments shall be budgeted in the amount of $100,000 per month commencing as of September 2009 and running through December 2009.  The aggregate adequate protection payment, however, shall be limited to the lesser of the budgeted adequate protection payment(s) or the aggregate amount of WestLB's actual fees and costs for such month(s).

(2) WestLB's professionals will serve on the Debtors and the Committee prior to the 20th day of the month a written statement of their fees and expenses for the prior month(s) to support a request for the payment of adequate protection payments. Such request will include a detailed statement of services for which payment is sought, redacted to exclude privileged, work product or confidential information, and of expenses incurred.

(3) Easy Street or the Committee may, within five (5) business days of receipt of the request, object to any fees or expenses that would not be deemed reasonable under 506(b) of the Bankruptcy Code. Any objection must identify the specific amount in dispute; it is not sufficient to object to all fees and expenses. Upon the expiration of the 5 business day objection period Easy Street shall pay the counsel for WestLB the amount(s) that are not subject to objection.

(4) The Debtor and the Committee reserve all of their rights regarding (a) the amount of fees and expenses that are allowable as part of WestLB's secured claim, and (b) the application of the adequate protection payments for purposes of determining the allowed amount of WestLB's secured claim. In the event it is determined that WestLB's claim is disallowed or subordinated, the payments may be disgorged to the extent necessary and appropriate."

Now, therefore, IT IS HEREBY ORDERED:

1. The Amendment Motion is granted and the Amendment and the additional provisions set forth in the recitals of this Order are approved.

2. To the extent inconsistent with this Order and the Amendment, the Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG dated as of October 13, 2009 [Docket No. 95] (the

"Original Cash Collateral Order") is superseded by this Order.  Except as otherwise provided in Paragraph 2 of this Order, the Original Cash Collateral Order remains in full force and effect.

3. This Order shall be binding and effective despite any conversion of the Case[1] to a case under any other chapter of title 11 of the United States Code.

4. The conditions set forth in the Jacobsen Response in Paragraphs 6(a) through 6(e) of the Jacobsen Response are incorporated in this Order by reference with the understanding that the Debtor and WestLB reserve all rights to contest the need for and/or the extent of any discovery, to raise arguments with respect to the proper procedure required of Jacobsen for the adjudication of the issued raised by Jacobsen, and with the clarification that the funds at issue may be released and used as and on whatever conditions the Court determines by written order or judgment.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation, enforcement, or implementation of the Amendment and this Order.

-------------------END OF ORDER---------------------



---

[1] Capitalized terms not otherwise defined herein shall take the meaning ascribed to them in the Original Cash Collateral Order.