

*So Ordered 12/14/2009*

*R. Kimball Mosier*

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000/Fax: (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000/Fax: (212) 223-4134

Counsel for Debtors and Debtors in Possession

RECEIVED
DEC 14 2009
US BANKRUPTCY COURT
DISTRICT OF UTAH

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 <br> Jointly Administered with Cases <br> 09-29907 and 09-29908 |
| Address: 201 Heber Avenue <br> Park City, UT 84060 | Chapter 11 |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: <br> 35-2183713 (Easy Street Holding, LLC), <br> 20-4502979 (Easy Street Partners, LLC), and <br> 84-1685764 (Easy Street Mezzanine, LLC) | **[FILED ELECTRONICALLY]** |

### ORDER APPROVING MOTION AND ESTABLISHING MONTHLY
### FEE AND EXPENSE REIMBURSEMENT PROCEDURES

The motion (the "Motion") of Easy Street Partners, LLC ("Partners"), Easy Street

Mezzanine, LLC, and Easy Street Holding, LLC, debtors and debtors in possession in these cases

SLC_511840.1

(the "Debtors"), for an Order establishing monthly fee and expense reimbursement procedures pursuant to 11 U.S.C. § 331 and Fed. R. Bankr. P. 2016, came before the Court for hearing. Appearances were made as noted on the record of the hearing. The Court, having considered the Motion and arguments in support thereof, noting that the conditional objection of WestLB, AG ("WestLB") has been withdrawn, and having made its findings and conclusions on the record of the hearing, which findings and conclusions are hereby incorporated into this Order, hereby

ORDERS:

1. The Motion is approved.

2. The procedures set forth in the Motion for monthly interim compensation and reimbursement of "Professionals," that is, persons or entities currently retained or who may be retained in the future by the Debtors or the Official Committee of Unsecured Creditors (the "Committee"), except for the co-manager, BDRC 4Site, LLC, and the consultant, Gemstone Hotels and Resorts, LLC, who with Court approval are paid monthly outside the procedures approved by this Order, are approved. The procedures are as follows:

   a. Each Court-approved Professional shall serve a fee request (the "Request") to the Debtors and their counsel, WestLB, AG ("WestLB") and its counsel, the U.S. Trustee, and counsel for the Committee appointed in the Partners case, and counsel for parties who specifically request notice of such Requests (collectively, the "Notice Parties"). The Request shall be a detailed statement of services rendered and expenses incurred by each Professional for the month. Each Request shall be filed and served within thirty (30) days after the end of the month for which compensation is sought,

except that the first Request would include fees and expenses from the effective date of employment.

      b.    The Request shall relate to services rendered and expenses incurred during the prior month, shall seek payment of monthly compensation in an amount equal to eighty percent (80%) of the fees sought and one hundred (100%) of the expenses incurred during the prior month, and shall indicate the amount requested, the total time expended, the names of the Professionals who performed the services, and the hourly billing rate for each Professional. The Request shall be accompanied by a detailed listing of the time expended by the Professionals who performed the services and the costs incurred during the month.

      c.    Each Professional electing to file a Request shall serve a copy of its Request on the Notice Parties and file a copy with the Court.

      d.    Any objection to the payment of fees or reimbursement of expenses in a Request must be filed with the Court and served on the Notice Parties within ten (10) days of the date the Request was received. If no objection is timely filed and served, the Debtors shall be authorized to make payment as requested therein within ten (10) days. If an objection is timely filed and served, then the Debtors shall be authorized to make payment within ten (10) days as requested in the Request only of the appropriate percentage of those amounts that are not in dispute. The disputed amounts in the Request shall be heard and resolved by the Court at the hearing on the Interim Application for such period.

SLC_511840.1

e. Any objection must have a description of the specific subject matter and services in dispute and state the amount in dispute. It shall not be sufficient simply to object to all fees and expenses.

f. If there are no objections to any line item, then the fee that accompanies that line item shall be paid as set forth herein above.

g. Professionals may be paid for services to Partners from cash collateral funds consistent with the budget prepared by Partners pursuant to the Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG, and subsequent Orders approving use of cash collateral (collectively, the "Cash Collateral Orders"). To the extent that there are insufficient funds available to the Debtor under the Cash Collateral Orders for any month or from other funds, fees and expenses set forth in Requests to which no objection has been raised shall be paid ratably from funds that are available under the Cash Collateral Orders or from other sources.

h. No portion of the funds paid to a Professional pursuant to the proposed monthly payment procedure will be deemed to have been allowed by the Court unless and until such as the Court enters an Order expressly allowing such fees and costs in accordance with the requirements of sections 330 and 331 of the Bankruptcy Code. Failure to object to fees and expenses requested under the procedure herein shall not limit or prejudice in any way a party's right to object to fees when submitted to the Court for final allowance.

SLC_511840.1

      i.    No later than January 31, 2010, each Professional who has filed a Request or is otherwise seeking interim compensation shall file with the Court and serve on the Notice Parties an interim fee application with a summary of the activities of the Professional for the period September 14, 2009 through December 31, 2009 (the "Initial Interim Application"), in accordance with Bankruptcy Code § 331, Fed. R. Bankr. P. 2016 and 2002(a)(7). The Initial Interim Application shall seek approval of one hundred percent (100%) (including the twenty percent (20%) held back from monthly payments) of the requested interim compensation and reimbursement of expenses, including any compensation and reimbursement made pursuant to a Request, during the prior 120-day period. Thereafter, this process shall be repeated for each 120-day period and each Professional will file another interim fee application (with the Initial Interim Application, an "Interim Application") for the preceding 120-day period. Any Professional who does not timely file an Interim Application for such preceding 120-day period shall not be permitted thereafter to file additional Requests until there has been a hearing on that Professional's Interim Application for the applicable 120-day period.

      j.    At the conclusion of the Debtors' cases, Professionals shall file an appropriate application seeking final allowance of all fees and costs.

      k.    Each Request, any objection to a Request, and any response to an objection shall be delivered by U.S. mail and e-mail as set forth in the Motion to the Debtors, counsel for the Debtors, office of the United States Trustee, counsel for the Committee, WestLB, and counsel for WestLB.

SLC_511840.1

2. Crowell & Moring may seek, in Interim Applications, to reimburse Philo Smith (the "Guarantor"), who is a principal of a member of Easy Street Holding, LLC and a co-manager of the Debtors, who has guaranteed payment of Crowell & Moring's allowed fees and expenses and is to pay Crowell & Moring's bill for fees and expenses on a monthly basis, for fees and expenses advanced by him subsequent to the Petition Date from the fees and expenses that Crowell & Moring receives pursuant to these procedures.

-------------------END OF ORDER---------------------

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order Granting Debtor's Application to Employ Appraisal Group Inc. as Expert Appraisers was served via first-class mail, postage prepaid, on the _____ day of December, 2009, on the following:

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Kenneth L. Cannon II
Steven J. McCardell
Durham Jones & Pinegar, P.C.
P O Box 4050
Salt Lake City, UT 84110-4050

John T. Morgan
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

_____

SLC_511840.1