Michael R. Johnson, Esq. (#7070)
Jonathan A. Dibble, Esq. (#0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail: mjohnson@rqn.com
E-mail: jdibble@rqn.com

*Attorneys for Jacobsen National Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>Park City, UT 84060<br><br>Tax ID Numbers:<br><br>35-2183713 (Easy Street Holdings, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685864 (Easy Street Mezzanine, LLC) | **Bankruptcy No. 09-29905 RKM**<br><br>(Jointly Administered with Cases 09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM REGARDING JOINT MOTION TO APPROVE AMENDMENTS TO STIPULATION AUTHORIZING USE OF CASH COLLATERAL**

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Jacobsen National Group, Inc., dba Jacobsen Construction, through counsel, has issued a subpoena duces tecum (the "**Subpoena**") to Stephen Brown of Millcreek Consulting with respect to that certain *Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to West LB, AG*, filed in the above-entitled Chapter 11 case on November 25, 2009, Doc. 172. A copy of the Subpoena, which commands Mr. Brown to produce certain documents relevant to the above-referenced Joint Motion, is attached hereto as **Exhibit "A."**

DATED this 22nd day of December, 2009.

RAY QUINNEY & NEBEKER, P.C.


/s/ Michael R. Johnson

Michael R. Johnson
Jonathan A. Dibble
*Attorneys for Jacobsen National Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2009, a true and correct copy of the foregoing was served on the following parties by both first class U.S. mail and e-mail, addressed as follows:

Kenneth L. Cannon II
Steven J. McCardell
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050
Email:  kcannon@djplaw.com
          smccardell@djplaw.com

Michael V. Blumenthal
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022
Email: mblumenthal@crowell.com

Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter
**DORSEY & WHITNEY LLP**
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1655
Email: jarvis.annette@dorsey.com
          hunt.peggy@dorsey.com
          kotter.benjamin@dorsey.com

Richard W. Havel
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Email: rhavel@sidley.com

John T. Morgan
**OFFICE OF THE UNITED STATES TRUSTEE**
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Email: john.t.morgan@usdoj.gov

Jeffrey W. Shields
Lon Jenkins
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Email: jshields@joneswaldo.com
         lajenkins@joneswaldo.com

/s/ Aya Gale
_____

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| **EASY STREET HOLDING, LLC, et al.,** | Case No. 09-29905 RKM(Bankr. D. Utah) |
| Debtors. | Chapter 11 |

To:     **Stephen Brown**
        **3017 East Kempner Road**
        **Salt Lake City, UT 84109**

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| OFFICES OF RAY QUINNEY & NEBEKER P.C. 36 SOUTH STATE STREET, SUITE 1400 SALT LAKE CITY, UT 84111 | **by 5:00 p.m. on or before January 6, 2010** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* Attorneys for Jacobsen National Group, Inc. | 12-22-09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Johnson, Esq.
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111          (801) 532-1500

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | December 22, 2009 | **3017 East Kempner Road** **Salt Lake City, UT 84109** |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Stephen Brown | First Class U.S. mail (and copy by email) |

| SERVED ON (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

EXECUTED on December 22, 2009.

By: Aya Gale
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84101

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c),, (d) and (e) as amended on December 1, 2006, made applicable in cases under the Bankruptcy code by rule 9016, Federal Rules of Bankruptcy Procedure:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)(A)    A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance of such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test or sample the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing or sampling commanded.

   (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)       fails to allow reasonable time for compliance or,
      (ii)      requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state which the trial . is held,
      (iii)     requires disclosure of privileged or other protected matter an no exception or waiver applies, or
      (iv)      subjects a person to undue burden.

   (3)(B)    If a subpoena
      (i)       requires disclosure of a trade secret or other confidential research, development, or commercial information, or,
      (ii)      requires disclosure of an unretained expert's opinion or information not describing expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

   (1)(A)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B)    If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C)    A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D)    A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   (2)(A)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B)    If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e)    · CONTEMPT.       Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT "A" TO SUBPOENA
STEPHEN BROWN

## DEFINITIONS

1.      The term "**document(s)**" as used herein is used in its most expansive sense under Federal Rule of Civil Procedure 34, and means any and all writings of any kind, including originals and all non-identical copies and all documents which exist only in electronic form, whether different from the original by reason of any notation made on such copies or otherwise, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, the following:  correspondence; bills; invoices; checks; electronic wire transfer receipts; memoranda; notes; diaries; journals; statistics; letters; materials; orders; directives; interviews; telegrams; minutes; records; reports; studies; statements; transcripts; summaries; pamphlets; books; emails; presentations; interoffice and intraoffice communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, and motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including, without limitation, tapes, cassettes, cartridges, discs, and chips, and all other data compilations from which information can be obtained, and translated if necessary. Any such documents bearing on any sheet or side thereof any marks of any character (including, but no limited to, initials, comments or notations) and not part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

2.      The terms "**relate**," "**related**," "**relating to**," "**related to**," and "**regarding**" as used herein mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

3.      The term "**communication**" as used herein means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal

conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

4.  The term "**person**" as used herein means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

5.  The term "**Case**" as used herein means the jointly administered Chapter 11 case filed by Easy Street on September 14, 2009, jointly administered under Case No. 09-29905-RKM.

6.  The term "**Joint Motion**" as used herein means that certain *Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to West LB, AG*, filed in the Case on November 25, 2009, Doc. 172.

7.  The term "**Easy Street**" as used herein means Easy Street Partners, LLC, one of the debtors-in-possession in the Case, together with its affiliates, Easy Street Holdings, LLC and Easy Street Mezzanine, LLC, and also together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, and subsidiaries.

8.  The term "**Construction Contract**" as used herein means that certain construction contract, AIA Document A121 CMc-2003 and AGC Document 565, by and between Jacobsen and Easy Street, dated March 20, 2006.

9.  The term "**Final Payment Application**" as used herein means that certain Application and Certification for Payment, Contractor's Application for Payment, Invoice #: 75015-23R, period to November 12, 2008, signed by Jacobsen and delivered to Easy Street, a copy of which is attached to the Proof of Claim Jacobsen has filed in the Case.

10.  The term "**Escrow Accounts**" as used herein means that certain Wells Fargo Escrow Account, Sky Lodge Sales Proceeds Account, Account No. 7375, and/or that certain Wells Fargo Escrow Account, Sky Lodge Deposit Account, Account No. 7367, and any replacement accounts owned, used or maintained by Easy Street.

1064426

## DOCUMENTS REQUESTED

1.      All documents, including but not limited to all e-mails and other communications, created or generated after January 1, 2009, which refer to, relate to or describe the intended purpose of the Escrow Accounts or the contemplated uses by Easy Street of any funds to be deposited into the Escrow Accounts.

2.      All e-mails and other communications by and between you, on the one hand, and Easy Street, West LB, AG, Jacobsen or any other person, on the other hand, dated or created from and after January 1, 2009, referring to, relating to or discussing any use or contemplated use of funds in the Escrow Accounts to pay Jacobsen or any subcontractors or suppliers to Jacobsen for work performed under the Construction Contract.

3.      All documents, including but not limited to all e-mails or other communications, dated or created from and after January 1, 2009, pursuant to which West LB discussed, contemplated or agreed to allow payment of all or any payment of the Final Payment Application to be paid from the Escrow Accounts.

4.      All documents referring to, relating to or regarding all bank accounts to which any retention or other funds owed to Jacobsen under the Construction Contract were deposited or intended to be deposited.

5.      All proposals, term sheets, contracts or agreements by and between Easy Street and West LB, regardless of whether or not such documents were ever formally approved, adopted or agreed to by Easy Street and West LB, referring to or regarding the payment of Jacobsen from funds in the Escrow Accounts, including but not limited to all e-mails and other correspondence regarding the same

1064426