Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com
Email: kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:  201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF WESTLB, AG TO INTERIM FEE REQUESTS OF PROFESSIONALS**

WestLB, AG, a secured creditor in the above-captioned case and as agent under a Senior Loan Agreement ("WestLB"),[1] by and through its counsel, hereby makes this limited objection and reservation of rights (this "Limited Objection") to the Wrona Law Firm, P.C. ("Wrona Law"), Jones Waldo Holbrook & McDonough, PC ("Jones Waldo"), Crowell & Moring LLP ("C&M "), and Durham Jones & Pinegar ("DJP", collectively with Wrona Law, Jones Waldo

---

[1] Any capitalized terms not defined herein shall have the definitions set forth in the Loan Documents.

1

and C&M, the "Professionals") professional fee requests (the "Fee Request"). In support hereof, WestLB represents as follows:

1.      On December 15, 2009, this Court entered an Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement Procedures [Docket No. 217] (the "Fee Order") approving the motion filed by Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding", collectively with Partners and Mezzanine, the "Debtors").

2.      Pursuant to the Fee Order, this Court approved monthly interim compensation and reimbursement of persons or entities currently retained or who may be retained in the future by the Debtors or the Official Committee of Unsecured Creditors (the "Committee"), except for the co-manager BDRC 4Site, LLC and the consultant, Gemstone Hotels and Resorts, LLC, who are paid monthly outside the procedures approved by the Fee Order.

3.      C&M requested $218,323.70[2] in professional fees and $16,099.33 in expenses.

    a.      Of this amount, $54,103.50[3] is attributed to the Adversary Proceeding. The Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Stipulation") expressly provides that any fees incurred in connection with the Adversary Proceeding shall only be paid upon recovery by Partners.

    b.      WestLB hereby objects to including in the Fee Request the amount of $54,103.50 and any other amounts incurred in connection with the Adversary Proceeding.

    c.      Further, WestLB requests that any amounts held as a pre-petition retainer (estimated to be $25,000[4]) be applied to reduce the amount of the Fee Request.

---

[2] The actual amount of requested professional fees is $286,244.00; $218,323.70 is 80% of the professional fees sought.
[3] See C&M's Fee Request, fn. 1, 2 and 3.
[4] See C&M's Application for an Order Pursuant to §§ 327(a) and 329(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 (b) Authorizing the Retention and Employment of Crowell & Moring LLP as Counsel for the Debtors Effective as of the Petition Date.

    d. WestLB reserves the right to object to any other portion of C&M's Fee Request not otherwise objected to herein.  Any failure to object to any other fees shall not be construed as a waiver of such right.

  4. Jones Waldo requested $41,632.40[5] in professional fees and $185.68 in expenses.

    a. Of this amount, approximately $912.00[6] is attributed to the Adversary Proceeding.

    b. For the reasons described above, WestLB objects to the amount of $912.00 and any other amounts incurred in connection with the Adversary Proceeding.

    c. WestLB further objects to the manner in which Jones Waldo presents its time sheet exhibits attached to its Fee Request. The time sheets must be organized by matter and the services presented on a daily basis for all time keepers. While WestLB does not object to the interim payment of the Fee Request, the Fee Request must include detailed exhibits to enable WestLB to fully review the application of the interim fees and to object as necessary.

    d. WestLB reserves the right to object to any other portion of Jones Waldo's Fee Request not otherwise objected to herein.  Any failure to object to any other fees shall not be construed as a waiver of such right.

  5. DJP requested $98,214.00[7] in professional fees and $2,388.69 in expenses.

    a. Of this amount, approximately $2,637.50 is attributed to the Adversary Proceeding.

    b. For the reasons described above, WestLB objects to the amount of $2,637.50 and any other amounts incurred in connection with the Adversary Proceeding.

---

[5] The actual amount of requested professional fees is $52,040.50; $41,632.40 is 80% of the professional fees sought.
[6] The actual amount attributed to the Adversary Proceeding is not readily apparent from the Fee Request.  Given that Jones Waldo did not expressly set forth the amounts requested for the Adversary Proceeding, accordingly WestLB reserves the right to object to fees not otherwise objected to.
[7] The actual amount of requested professional fees is $122,767.50; $98,214.00 is 80% of the professional fees sought.

   c. Further, WestLB requests that any amounts held as a pre-petition retainer (estimated to be $25,000[8]) be applied to reduce the amount of the Fee Request.

   d. WestLB reserves the right to object to any other portion of DJP's Fee Request not otherwise objected to herein. Any failure to object to any other fees shall not be construed as a waiver of such right.

6. Wrona requested $24,164.00[9] in professional fees and $0 in expenses.

   a. Of this amount, approximately $560.00 is attributed to the Adversary Proceeding.

   b. For the reasons described above, WestLB objects to the amount of $560.00 and any other amounts incurred in connection with the Adversary Proceeding.

   c. WestLB reserves the right to object to any other portion of Wrona's Fee Request not otherwise objected to herein. Any failure to object to any other fees shall not be construed as a waiver of such right.

WHEREFORE, for the reasons stated herein, WestLB makes a limited objection and reservation of rights to the Debtors' Counsel Fee Requests.

Dated this 26th day of December, 2009.

              */s/ Benjamin J. Kotter*
              Annette Jarvis
              Peggy Hunt
              Benjamin J. Kotter
              DORSEY & WHITNEY LLP

              *and*

              Richard W. Havel
              SIDLEY AUSTIN LLP
              *Attorneys for WestLB, AG*

---

[8] See Debtors' Application Pursuant to Section 327(a) and 329(a) of the Bankruptcy Code for Entry of an Order Authorizing the Debtors to Retain and Employ Durham Jones & Pinegar as Counsel.

[9] The actual amount of requested professional fees is $30,205; $24,164.00 is 80% of the professional fees sought.

4847-2866-7653\1 12/26/2009 2:58 PM