Annette Jarvis (1649)　　　　　　　　　　　Richard W. Havel (10759)
Peggy Hunt (6060)　　　　　　　　　　　　SIDLEY AUSTIN LLP
Benjamin J. Kotter (9592)　　　　　　　　　555 West Fifth Street, Suite 4000
DORSEY & WHITNEY LLP　　　　　　　　Los Angeles, CA 90013-1010
136 South Main Street, Suite 1000　　　　　Telephone: (213) 896-6000
Salt Lake City, UT 84101-1685　　　　　　Facsimile: (213) 896-6600
Telephone: (801) 933-7360　　　　　　　　Email: rhavel@sidley.com
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com
Email: kotter.benjamin@dorsey.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address: 201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**EXTENSION OF CERTAIN DEADLINES OF STIPULATION AUTHORIZING USE OF
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE
<u>PROTECTION TO WESTLB, AG</u>**

This Extension of Certain Deadlines of Stipulation Authorizing Use of Cash Collateral

Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (this "<u>Extension

of Deadlines</u>") is entered into by and between Easy Street Partners, LLC ("<u>Easy Street</u>") and

WestLB[1] (together with Easy Street, the "Parties") through their counsel of record, with reference to the following facts:

## RECITALS

A.  Easy Street, together with Easy Street Holding, LLC and Easy Street Mezzanine, LLC, are debtors in possession, having filed voluntary Chapter 11 petitions on September 14, 2009;

B.  Easy Street owns and operates certain real property and improvements and related facilities in Park City, Utah commonly known as the Sky Lodge Private Residence Club and Hotel;

C.  On or about October 9, 2009, Easy Street and WestLB filed the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84], as amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 [Docket No. 91] (as amended, the "Stipulation");

D.  On or about October 14, 2009, the Court entered its Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 95] (the "Original Cash Collateral Order"). The Original Cash Collateral Order and the Stipulation reflect certain terms, as stipulated by the Parties, regarding the use of Cash Collateral;

E.  In the course of implementing the Stipulation, WestLB and Easy Street informally agreed to certain new or different terms governing the use of Cash Collateral and on or about November 25, 2009, filed the Joint Motion to Approve Amendments to Stipulation Authorizing

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation (as defined herein) and the Loan Documents.

2

Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG [Docket No. 172] (the "Amendment") to formally incorporate such terms into the Stipulation;

F. On or about December 11, 2009, Jacobsen National Group ("Jacobsen") filed its "Jacobsen National Group's Protective, Conditional, and Limited Response to Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG" ("Jacobsen Objection"), dated November 25, 2009 [Docket No. 210] in response to Easy Street and WestLB's Amendment, in which Jacobsen proposed (and which Easy Street and WestLB agreed to in the December 14, 2009 hearing) the following: (i) deferral of any issues related to the $1.7 Million Set Aside (as that term is defined in the Jacobsen Objection); (ii) agreement to work with WestLB and Easy Street to formulate a reasonable schedule to address and resolve any issues related to the $1.7 Million Set Aside; (iii) preservation of the agreement that $1.7 Million will remain in a segregated account with either Wells Fargo or its successor bank; (iv) none of the increased adequate protection payments made to WestLB shall come from the $1.7 Million Set Aside; and (v) any $1.7 Million Set Aside issues will be continued to a later hearing, not to be decided on December 14, 2009. On or about December 15, 2009, the Court entered its Order on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Amendment Approval Order") [Docket No. 219], which was approved in part and continued in part, and set a hearing on consideration of the $1.7 Million Set Aside for January 19, 2010.

H. The Extension of Deadlines contemplates the following material modifications of the Stipulation: (i) extension of certain deadlines; (ii) management of refundable guest deposits; (iii) duties and term of employment of the Co-Manager; and (iv) payment of professional fees in connection with the Adversary Proceeding.

I.    In consideration of the foregoing promises and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Easy Street and WestLB hereby covenant and agree, subject to Court approval, to the following extensions and related modifications to be effective as of January 1, 2010:

1.    <u>Extension of Deadlines of Stipulation</u>.  The Parties have agreed to extend certain deadlines, among other things, contained in the Stipulation such that the Stipulation will continue to be in full force and effect up to and through April 30, 2010:

A.    The deadline to use Cash Collateral will be extended by amending <u>Paragraph 15</u> of the Stipulation by replacing "December 31, 2009" in the fourth (4th) line thereof with "April 30, 2010" and by amending <u>Paragraph 32</u> of the Stipulation by replacing "December 31, 2009" in the third (3rd) line thereof with "April 30, 2010".

B.    The deadline to submit a term sheet will be extended by amending <u>Paragraph 26(k)</u> of the Stipulation by replacing the phrase "December 3, 2009" in the first (1st) line thereof with "December 23, 2009".

C.    The deadline to file a disclosure statement and plan of reorganization will be extended by amending <u>Paragraph 26(k)</u> of the Stipulation by replacing the phrase "December 23, 2009" in the second (2nd) line thereof with "January 11, 2010".  An additional deadline for the commencement of the hearing on approval of the disclosure statement is agreed to by inserting the following language directly after the phrase "favor of WestLB." in the twenty-first (21st) line thereof: "Easy Street shall obtain a hearing set no later than February 11, 2010, on approval of the disclosure statement."

2.    <u>Refundable Guest Deposits</u>.  Refundable Guest Advance Deposits (the "<u>Refundable Guest Deposits</u>") received by Easy Street will be handled as provided for in current

Paragraph 26(c) of the Stipulation as modified by the Amendment and as approved by the Amendment Approval Order, or if Easy Street establishes a new controlled bank account called the Sky Lodge Refundable Guest Advance Deposits Trust Account (the "Refundable Deposits Account"), subject to a control agreement in favor of WestLB, the Refundable Guest Deposits will be handled as provided for in Paragraph 26(c) of the Stipulation as originally agreed to by the Parties and as approved by the Court in the Original Cash Collateral Order.

      3.      Co-Manager Duties and Petty Cash. All references to "Co-Manager" shall mean BDRC 4Site, LLC. As part of the Co-Manager's duties, any draw requests made by the Debtors shall be reviewed by the Co-Manager, who will co-sign and submit such report to WestLB. To the extent any funds in the Operating Account (as noted in Exhibit C attached hereto) are applied towards any payments not accounted for in the current draw report, Easy Street must account for all payments made in its subsequent report. To reflect these changes, Paragraph 20 of the Stipulation is hereby amended and restated as follows:

> 20.    Mandatory Deposit Into Bank Accounts. All Cash Collateral shall be deposited and maintained at all times in the Bank Accounts which, subject to paragraph 26(c), below, will be subject to control agreements in favor of WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that may be entered by the Court. To the extent any Cash Collateral is deposited into any other account, Easy Street shall immediately transfer such funds to the Lockbox Account. WestLB is to authorize the transfer of funds from the Lockbox

Account to other Accounts on <u>Exhibit C</u> under the following procedure: The Co-Manager shall co-sign and submit to WestLB a written request (not to exceed a frequency of more than once a week, but such request may be made for a two (2) week period) for the transfer of funds indicating the amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to be paid, which report shall be in a form reasonably acceptable to WestLB. WestLB shall promptly (and no later than two (2) business days after receipt of such request) authorize the transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget. To the extent Easy Street applies any funds in the Operating Account against payments not accounted for in the current written request, Easy Street shall account for any and all such payments in the subsequent request issued. Unless the Court orders otherwise, Easy Street shall retain not less than the aggregate amount of $1.7 million in the Sky Lodge Sales Proceeds Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367) maintained as of the Petition Date at Wells Fargo Bank, N.A. or at a successor DIP account that is identified in Exhibit B hereto, which account(s) shall be segregated from other DIP accounts identified in Exhibit C.[2]

---

[2] Note that this sentence shall be excluded from <u>Paragraph 20</u> if and when the Court determines that Jacobsen is no longer entitled to the $1.7 Million Set Aside (as defined in the Jacobsen Response [Docket No. 184]).

4. <u>Other Modifications to Stipulation</u>.

D. The Stipulation is hereby amended by the addition of <u>Exhibit A-1</u> to read as set forth on <u>Annex I</u> attached hereto, which shall constitute the budget for use of Cash Collateral during the extension of the Stipulation.

E. The Stipulation is hereby amended by amending and restating <u>Exhibit C</u> to read as set forth on <u>Annex II</u> attached hereto.

F. <u>Paragraph 26(h)</u> of the Stipulation is hereby amended by inserting the following language directly after the phrase "shall proceed to resolve the disagreement" in the final line of the paragraph:

> "Neither the Co-Manager nor any consultant retained by Easy Street to assist the Co-Manager may be terminated from employment without cause until the earlier of (i) termination of the Cash Collateral Stipulation or (ii) Confirmation of a Plan, unless WestLB has consented, in writing, to the termination.";

G. <u>Paragraph 27</u> of the Stipulation is hereby amended by adding the following sentences to the ninth (9th) line which ends with "and upon such terms and conditions as may be imposed by the Court." and by adding "prior to January 1, 2010" to the tenth (10th) line immediately following the words "in connection with the Adversary Proceeding" such that it reads as follows:

> (i) "Any fees associated with the Adversary Proceeding after December 31, 2009 may be paid from the "carve out" only after all other fees and expenses contemplated in this section have been paid. Any fees

7

or expenses incurred by professionals in connection with the Adversary Proceeding prior to January 1, 2010 may be paid when and if proceeds are recovered by Easy Street and in an amount not to exceed the reasonable and necessary fees and costs deducted to realize the net proceeds to be distributed under paragraph 26(j). The carve out provided herein shall not restrict professionals from seeking payment of fees and expenses in connection with (x) an interim application for allowance of fees and disbursements entered on or after entry of an order confirming a plan of reorganization in Easy Street's case or (y) a final application for fees and disbursements in any of the above-captioned cases that are in excess of the carve out or that are incurred in connection with the Adversary Proceeding prior to January 1, 2010 or thereafter. This shall not restrict WestLB's right to oppose the payment of such fees and expenses."

5. <u>Previous Agreements</u>. Notwithstanding any changes to the Stipulation effected by this Extension of Deadlines and by order of the Court approving this Extension of Deadlines (the "<u>Extension of Deadlines Approval Order</u>"), the Original Cash Collateral Order shall remain in full force and effect, except as otherwise amended by the Amendment and Amendment Approval Order.

6. <u>Counterparts</u>. This Extension of Deadlines may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.

**WHEREFORE**, Easy Street and WestLB, by and through the signatures of their counsel below, hereby so stipulate by and between themselves as set forth herein on the date set forth below and respectfully request that the Court enter the Extension of Deadlines Approval Order approving and effectuating their mutual agreements as set forth herein.

DATED this 27th day of December, 2009.

| | |
|---|---|
| */s/ Benjamin J. Kotter* | */s/ Kenneth L. Cannon II* |
| Annette Jarvis | Kenneth L. Cannon II |
| Peggy Hunt | Steven J. McCardell |
| Benjamin J. Kotter | DURHAM JONES & PINEGAR, P.C. |
| DORSEY & WHITNEY LLP | |
| | and |
| and | |
| | Michael V. Blumenthal |
| Richard W. Havel | CROWELL & MORING LLP |
| SIDLEY AUSTIN LLP | |
| | *Attorneys for Debtors and Debtors in Possession* |
| *Attorneys for WestLB, AG* | |

## ANNEX I

## EXHIBIT A-1

Updated Budget

10

**EXHIBIT A-1**

| Easy Street Partners 1/1/10-4/30/10 Consolidated Budget (accrual accounting) | 1/10 | 2/10 | 3/10 | 4/10 | totals |
|---|---|---|---|---|---|
| Hotel & Property Management | | | | | |
| Total Revenue | $ 1,335,641 | $ 898,338 | $1,019,363 | $ 234,110 | $ 3,487,452 |
| Total Operating Expenses | $ (668,715) | $ (545,332) | $ (561,549) | $ (346,069) | $ (2,121,665) |
| Management Fee 3.50% | $ 46,747 | $ 31,442 | $ 35,678 | $ 8,194 | $ 122,061 |
| RESORT OPERATING PROFIT (LOSS) | 620,179 | 321,564 | 422,136 | (120,153) | 1,243,726 |
| | | | | | |
| Commissions | $ (183,811) | $ (150,230) | $ (164,913) | $ (10,311) | $ (509,265) |
| Profit (loss) | $ 436,368 | $ 171,334 | $ 257,223 | $ (130,464) | $ 734,461 |
| | | | | | |
| Real Estate Sales Costs & Commissions | $ (20,833) | $ (20,833) | $ (20,833) | $ (20,833) | $ (83,332) |
| | | | | | |
| Easy Street Partners HOA Dues | | | | | |
| Residential Dues | $ (75,033) | $ - | $ - | $ (75,033) | $ (150,066) |
| Commercial Dues | $ (64,107) | $ - | $ - | $ (64,107) | $ (128,214) |
| Total Dues | $ (139,140) | $ - | $ - | $ (139,140) | $ (278,280) |
| | | | | | |
| Administrative & General | | | | | |
| Legal & Related (note 3) | $ (166,000) | $ (156,000) | $ (156,000) | $ (156,000) | $ (634,000) |
| Accounting | $ (2,500) | $ (2,500) | $ (25,000) | $ (15,000) | $ (45,000) |
| Residential Condominium Property Taxes | | | | | |
| Rent & Other (Gateway Lease) (note 1) | $ (11,000) | $ (11,000) | | | $ (22,000) |
| Total Administrative & General | $ (179,500) | $ (169,500) | $ (181,000) | $ (171,000) | $ (701,000) |
| | | $ - | $ - | $ - | $ - |
| Total ESP Expenses | $ (318,640) | $ (169,500) | $ (181,000) | $ (310,140) | $ (979,280) |

11

| | | | | | |
|---|---|---|---|---|---|
| Net Available for Debt | $ 96,895 | $ (18,999) | $ 55,390 | $ (461,437) | $ (328,151) |
| West LB Protective Payment | $ (34,000) | $ (34,000) | $ (34,000) | $ (34,000) | $ (136,000) |
| West LB Protective Legal (note 2) | $ (100,000) | $ (100,000) | $ (100,000) | $ (100,000) | $ (400,000) |
| Total Protective Payment | $ (134,000) | $ (134,000) | $ (134,000) | $ (134,000) | $ (536,000) |
| Net Cash Flow (negative) | $ (37,105) | $ (152,999) | $ (78,610) | $ (595,437) | $ (864,151) |

note 1

Gateway Lease is assumed to be terminated by 2/28/10 as part of
the building is owned by the City of Park City. An engineer has been
engaged to write up a report which will site the property
for egress and ingress issues which are life and safety
issues which render the leased space.

note 2
West LB Protective Legal has been court approved
not to exceed $100,000 per month

note 3

| | | | | | |
|---|---|---|---|---|---|
| Borrowers' legal | $ 125,000 | $ 125,000 | $ 125,000 | $ 125,000 | $ 500,000 |
| BDRC 4 Site, LLC | $ 33,000 | $ 23,000 | $ 23,000 | $ 23,000 | $ 102,000 |
| Gemstone Properties | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 32,000 |
| Totals | $ 166,000 | $ 156,000 | $ 156,000 | $ 156,000 | $ 634,000 |

| HOTEL PROJECTED OCCUPANCY | January | February | March | April | totals |
|---|---|---|---|---|---|
| transient occupancy | 68.40% | 65.90% | 70.90% | 32.30% | |
| owner occupancy | 55.40% | 58.50% | 57.40% | 23.90% | |
| room nights occupied | 13.00% | 7.40% | 13.50% | 8.40% | |

| | | | | | |
|---|---:|---:|---:|---:|---:|
| ADR | $ 700.00 | $ 609.00 | $ 725.00 | $ 320.00 | |
| % of Project Sold Out | 64.20% | 64.20% | 64.20% | 64.20% | |
| | | | | | |
| REVENUE | | | | | |
| Hotel Room Revenue | 679,769 | 558,603 | 617,830 | 85,505 | 1,941,707 |
| Property Management Revenue | | | | | - |
| F& B Revenue | 542,267 | 238,971 | 230,694 | 80,497 | 1,092,429 |
| Spa Revenue | 71,045 | 58,204 | 63,279 | 25,549 | 218,077 |
| Sky Club Membership | 32,560 | 32,560 | 32,560 | 32,560 | 130,240 |
| Zoom Rental Revenue | 10,000 | 10,000 | 75,000 | 10,000 | 105,000 |
| TOTAL REVENUE | 1,335,641 | 898,338 | 1,019,363 | 234,111 | 3,487,453 |
| | | | | | - |
| EXPENSES | | | | | - |
| Room Division | 173,811 | 159,797 | 174,500 | 92,657 | 600,765 |
| Property Management | | | | | - |
| Food & Beverage | 317,489 | 222,992 | 219,914 | 124,265 | 884,660 |
| Spa | 54,065 | 54,645 | 56,328 | 29,807 | 194,845 |
| Facilities | 74,822 | 66,347 | 71,255 | 64,351 | 276,775 |
| HOA Credit Facilities | (49,540) | (49,540) | (49,540) | (49,540) | (198,160) |
| HOA Credit Other | (20,574) | (20,574) | (20,574) | (20,574) | (82,296) |
| Sales & Marketing | 56,664 | 60,253 | 53,930 | 53,146 | 223,993 |
| Administration | 61,978 | 54,413 | 55,736 | 51,957 | 224,084 |
| TOTAL EXPENSES | 668,715 | 548,333 | 561,549 | 346,069 | 2,124,666 |
| | | | | | - |
| Property Taxes | | | | | - |
| Management Fees (3.50%) | 46,747 | 31,442 | 35,678 | 8,194 | 122,061 |
| | | | | | - |
| RESORT OPERATING PROFIT (LOSS) | 620,179 | 318,563 | 422,136 | (120,152) | 1,240,726 |

# ANNEX II

# EXHIBIT C

Bank Accounts

**EXHIBIT C**

**EASY STREET PARTNERS**

**BANK ACCOUNTS AND BALANCES – OCTOBER 8, 2009**

**Wells Fargo Checking Accounts**

| Operating Account | **2679764668** | 40,318.00 |
|---|---|---|
| Lockbox | **2679764676** | 49,193.99 |
| Easy Street Mezzanine* | **9981223142** | 26.54 |
| **Zion's Bank Checking Account** | | |
| Operating Account | **098019060** | 46,862.20 |

|  | Total Checking | 136,400.73 |
|---|---|---|

**Wells Fargo Escrow Accounts**

| ESP – Sky Lodge Sales Proceeds | **12997375** | 2,343,022.08 |
|---|---|---|
| ESP – Sky Lodge Deposit Acct | **12997367** | 690,403.70 |
| Easy Street Mezzanine* | **12954467** | 78,511.92 |
|  |  |  |
|  | Total Escrow | 3,111,937.70 |
| GRAND TOTAL |  | 3,248,338.43 |

**Wells Fargo Account to be Opened and Funded:**
ESP – Sky Lodge Refundable Guest Advance Deposits Trust Account
ESP – Sky Lodge Tax and Insurance Reserve Account
ESP – Sky Lodge FF&E Reserve Account
ESP – Sky Lodge HOA Reserve Account

*These accounts, and the funds in them, are accounts and property of Easy Street Partners, LLC

4832-0724-9413\1 12/27/2009 8:45 PM