Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
        hunt.peggy@dorsey.com
        kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**NOTICE OF EXTENSION OF CERTAIN DEADLINES OF STIPULATION
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
GRANTING ADEQUATE PROTECTION TO WESTLB, AG**

PLEASE TAKE NOTICE that Easy Street Partners, LLC ("Easy Street") and WestLB,

AG ("WestLB") (together with Easy Street, the "Parties") have filed a **Extension of Certain**

**Deadlines of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363**

**and Granting Adequate Protection to WestLB, AG** (this "Extension of Deadlines") by which

the Parties agree to extend certain deadlines currently in force provided, among other things,

under the terms of that certain Stipulation Authorizing Use of Cash Collateral to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84] (the "Stipulation"), as further amended, and pursuant to which, upon notice to all interested parties, the Parties may extend such deadlines upon written mutual agreement.

PLEASE TAKE FURTHER NOTICE that subject to approval by the Court, the Extension of Deadlines will modify the Stipulation regarding the following[1] (i) extend the use of Cash Collateral from December 31, 2009 to April 30, 2010; (ii) authorize the Co-Manager to submit transfer request reports to WestLB; (iii) extend the deadline for Easy Street to submit a term sheet of its plan of reorganization from December 3, 2009 to December 23, 2009; (iv) extend the deadline for Easy Street to file a disclosure statement and plan of reorganization from December 23, 2009 to January 11, 2010; (v) extend the Stipulation's termination date from December 31, 2009 to April 30, 2010; (vi) stipulate the term of employment of the Co-Manager; (vii) provide for the handling of refundable guest deposits; and (viii) provide for the payment of professional fees in connection with the Adversary Proceeding. The Parties have attached redlines hereto to identify changes amended by the Extension of Deadlines.

PLEASE TAKE FURTHER NOTICE that copies of the Extension of Deadlines have been served on the United States Trustee's office for the District of Utah, counsel for the Debtors' pre-petition secured lenders, counsel for the Unsecured Creditors Committee and on parties who have requested special notice. If you do not receive a copy of the Extension of Deadlines, you may obtain a copy of the Extension of Deadlines by requesting it from the undersigned counsel.

---

[1] Note that this is a summary of the modifications made by the Extension of Deadlines, for the actual modifications refer to the Extension of Deadlines itself.

PLEASE TAKE FURTHER NOTICE that your rights may be affected.  You should read this Notice and Extension of Deadlines carefully and discuss them with your attorney, if you have one in this bankruptcy case.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may enter an order approving the Extension of Deadlines without further notice or hearing if an objection is not made by the Unsecured Creditors Committee within five (5) business days from filing and service or on or before January 4, 2010.  The Parties have attached a proposed order hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 9013-1(c) of the Bankruptcy Court's local rules of practice, absent timely filing and service of objections to the Extension of Deadlines, the Parties may ask that the Court approve the Extension of Deadlines without further notice or hearing.  Additionally, upon the resolution of any timely filed and served objections to the Motion, the Debtors may ask the Bankruptcy Court to approve the Extension of Deadlines without further notice or hearing.

Dated this 28th day of December, 2009.

_/s/ Benjamin J. Kotter_
Annette Jarvis
Peggy Hunt
Benjamin J. Kotter
DORSEY & WHITNEY LLP

and

Richard W. Havel
SIDLEY AUSTIN LLP

*Attorneys for WestLB, AG*

## **Exhibit A**

Redlines of Amended Provisions as Modified by the Extension of Deadlines

~~Original~~Amended Paragraph 15

15.    <u>Use of Cash Collateral</u>.  Pursuant to and conditioned on compliance with the terms and conditions of this Stipulation and entry of the Cash Collateral Stipulated Order, WestLB consents to the use of Cash Collateral in accordance with the Initial Budget and subsequent approved budgets (collectively and together with the Initial Budget, the "<u>Budget</u>" or the "<u>Budgets</u>") through and including ~~December 31, 2009.~~April 30, 2010.  With respect to the use of Cash Collateral pursuant to the Budget, Easy Street is not permitted to and shall not reallocate amounts between specific line items in the Budget unless such reallocation is presented in a Submitted Monthly Budget to be approved by WestLB.  Easy Street in any month may exceed by 10% the disbursement for a line item in the amount of $50,000 or less, and may exceed by 5% the disbursement for a line item greater than $50,000, provided that in no instance may Easy Street in any month exceed the aggregate amount to be disbursed under the Budget for that month.  Any such variances in the disbursements under the Budget shall be disclosed and noted in the Reconciliation Report required under paragraph 16 below.  Use of Cash Collateral shall be limited to the amounts set forth in the Budget for the pending month; however, any line item expense not disbursed in any given month may be disbursed in subsequent months.  No further use of Cash Collateral shall be allowed after a Termination Event (as defined in paragraph 32, below) without the prior written consent of WestLB or further order of the Court, including any Order authorizing the payment of professionals from the carve out under paragraph 27 that has accrued prior to the Termination Event.  For the avoidance of doubt, except as specifically set forth in this Stipulation,

Easy Street is not authorized to use any Cash Collateral for payment of pre-petition debts or any other purpose whatsoever, and, absent prior written consent of WestLB or further order of the Court, the use of Cash Collateral is expressly limited to the amounts set forth in the approved Budgets.

OriginalAmended Paragraph 20

20.      Mandatory Deposit Into Bank Accounts.  All Cash Collateral, Refundable

Deposits, and Revenues shall be deposited and maintained at all times in the Bank Accounts

which, subject to paragraph 26(c), below, will be subject to control agreements in favor of

WestLB, and shall only be disbursed in accordance with the terms of and after entry of the Cash

Collateral Stipulated Order or any subsequent order governing the use of Cash Collateral that

may be entered by the Court.  To the extent any Cash Collateral is deposited into any other

account, Easy Street shall immediately transfer such funds to the Lockbox Account.  WestLB is

to authorize the transfer of funds from the Lockbox Account to other Accounts on Exhibit C

under the following procedure: Easy StreetThe Co-Manager shall co-sign and submit to WestLB

on a weekly basis a written request (not to exceed a frequency of more than once a week, but

such request may be made for a two (2) week period) for the transfer of funds indicating the

amount to be transferred, the Account(s) to receive the funds and the line items in the Budget to

be paid, which report shall be in a form reasonably acceptable to WestLB.  WestLB shall

promptly (and no later than two (2) business days after receipt of thesuch request) authorize the

transfer if the funds are to be deposited and paid in accordance with the Stipulation and Budget.

To the extent Easy Street applies any funds in the Operating Account against payments not

accounted for in the current written request, Easy Street shall account for any and all such

payments in the subsequent request issued.  Unless the Court orders otherwise, Easy Street shall

retain not less than the aggregate amount of $1.7 million in the Sky Lodge Sales Proceeds

Account (account no. 12997375) and the Sky Lodge Deposit Account (account no. 12997367)

maintained as of the Petition Date at Wells Fargo Bank, N.A. or at a successor DIP account that

is identified in Exhibit B hereto, which account(s) shall be segregated from other DIP accounts

identified in Exhibit C.

Original Paragraph 26(c) of Stipulation and Original Cash Collateral Order

    (c)  On or before October 15, 2009, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following sums into the following Bank Accounts, each of which is defined and further identified on <u>Exhibit C</u> hereto: (i) into the Tax and Insurance Reserve Account the sum of $43,624 on account of property taxes which Easy Street represents will become due in November 2009; (ii) into the FF&E Reserve Account the sum of $10,990; and (iii) into the HOA Reserve Account the sum of $183,610.  On or before the second (2nd) day of each month, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following sums (which amounts are set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation) into the following Bank Accounts, each of which is defined and further identified on <u>Exhibit C</u> hereto: (i) into the Tax and Insurance Reserve Account a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; (iii) into the HOA Reserve Account a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter; and (iv) all monies paid into the controlled bank accounts for Refundable Deposits into the Sky Lodge Refundable Guest Advance Deposits Trust Account, which account shall be established with a control agreement in favor of WestLB with the security interest of WestLB being subordinate to the rights of the beneficiaries of such Trust Account; and (v) into the Utilities Adequate Assurance Account (as identified on Exhibit C hereto), the sum of $24,092 in accordance with the Order entered September 17, 2009, Granting Motion for Order Pursuant to 11 U.S.C. § 366 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to,

or Discriminating Against the Debtor; (II) Providing that a Single Deposit for all the Debtors'

Utilities Shall Constitute "Adequate Assurance of Future Payment"; and (III) Establishing

Procedures for Determining Requests for Additional Assurance.  In addition, on or before the

second (2nd) business day of each month, Easy Street shall arrange to be deposited and WestLB

shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash)

the following sums (which amounts are set forth in the Initial Budget and shall be set forth in all

subsequent Submitted Monthly Budgets) into the following Bank Accounts, each of which is

defined and further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve

Account, a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by

Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy

Street; (ii) into the FF&E Reserve Account, a sum representing four percent (4%) of Easy

Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional

Ownership Units, if any, for the month in which the deposit is due; (iii) into the HOA Reserve

Account, a sum representing one-third (1/3) of the HOA Deposit to be paid in the upcoming

calendar quarter; and (iv) into the Debt Service Reserve Account the sum of $34,000 to be paid

monthly to WestLB in accordance with paragraph 26(b) of this Stipulation.  On or before Friday

of each week, Easy Street shall arrange to deposit and WestLB shall release from controlled bank

accounts into the Sky Lodge Refundable Guest Advance Deposits Trust Account, all monies paid

into the controlled bank accounts for Refundable Deposits during the preceding week (ending on

Thursday).

Paragraph (c) as amended by the Amendment and as modified by the Amendment Approval Order

      (c)    As soon as reasonably practicable on account of obligations existing as of  October 31, 2009, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) as necessary to fund such deposits, amounts sufficient to bring the balances in the following Bank Accounts, each of which is defined and further identified on Exhibit C hereto: (i) in the Tax and Insurance Reserve Account, $43,624 on account of property taxes which Easy Street represents will become due in November 2009; (ii) in the FF&E Reserve Account the sum of $10,990; and (iii) in the HOA Reserve Account, $183,610; and (iv) in the Utilities Adequate Assurance Account, $24,092, in accordance with the Order entered September 17, 2009, Granting Motion for Order Pursuant to 11 U.S.C. § 366(I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating against the Debtor; (II) Providing that a Single Deposit for all the Debtors' Utilities Shall Constitute "Adequate Assurance of Future Payment"; and (III) Establishing Procedures for Determining Requests for Adequate Assurance.  In addition, as soon as reasonably practicable on account of obligations for November 2009 and, as to many months thereafter, on or before the second (2nd) day of each month, Easy Street shall arrange to be deposited and WestLB shall release from controlled bank accounts (from post-petition Revenues or Petition Date Cash) the following sums (which amounts are set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation) into the following Bank Accounts, each of which is defined and further identified on Exhibit C hereto: (i) into the Tax and Insurance Reserve Account a sum representing (a) one-twelfth (1/12) of the annual property taxes to be paid by Easy Street and (b) one-twelfth (1/12) of the annual insurance premiums to be paid by Easy Street; (ii) into the FF&E Reserve Account a sum representing four percent (4%) of Easy Street's projected monthly gross revenue, exclusive of revenues from the sale of Fractional Ownership Units, if any, for the month in which the deposit is due; (iii) into the HOA Reserve Account a sum representing one-

third (1/3) of the HOA Deposit to be paid in the upcoming calendar quarter.  Easy Street shall

further indicate that WestLB acknowledges that there shall be a notional Refundable Guest

Deposits Reserve within the Lockbox Account, as such account is defined and further identified

on Exhibit C hereto, all monies paid into the controlled bank accounts for refundable guest

deposits (the "Refundable Deposits").  On or before the Tuesday of each week after such set

aside is made, Easy Street shall deliver to WestLB an accounting of (i) the total amount of all

Refundable Deposits paid into the controlled bank accounts during the preceding week (ending

on Friday), or in the case of the initial set aside was based, (such total, the "New Refundable

Deposits"), and (ii) the total amount of all such Refundable Deposits, including any amounts

previously set aside in the Refundable Guest Deposits Reserve within the Lockbox Account,

which have or will, since the preceding Tuesday, or in the case of the initial such accounting,

since the date of the accounting upon which the initial set aside was based, and on or prior to the

Tuesday of the week in which such accounting is due, become non-refundable (such total, the

"New Non-Refundable Deposits").  Easy Street shall arrange to designate in the notional Sky

Lodge Refundable Guest Advance Deposits Reserve within the Lockbox Account, an additional

amount equal to the excess of New Refundable Deposits over New Non-Refundable Deposits, if

any.  WestLB shall, subject to its reasonable review and approval of such accounting, release

from other controlled bank accounts into the Lockbox Account such amounts, if any, as may be

necessary to fund such additional set aside.  In the event that New Non-Refundable Deposits

exceed New Refundable Deposits for any period, the amount of such excess shall be deducted

from amount designated for the notional Refundable Guest Deposits Trust Reserve.  Easy Street

and WestLB jointly agree not to draw down the notional Refundable Guest Deposits Reserve

within the Lockbox Account, except to the extent that such deposits become non-refundable and

are deducted pursuant to the preceding sentence.  WestLB acknowledges that the security interest

of WestLB in the funds designated for the notional Refundable Guest Deposits Reserve within

the Lockbox shall, for so long as such deposits remain refundable, be subordinate to the rights of

the guests whose deposits such funds represent;

~~Original~~Amended Paragraph 26(h)

(h)     Easy Street agrees to collaborate with WestLB in the identification, interview and engagement of a manger or operating consultant to serve as a co-managing officer ("Co-Manager") to assist and direct Easy Street in managing its business operations and restructuring its obligations.  The retention of the Co-Manager must be approved by an Order of the Court no later than December 1, 2009.  Upon retention of the Co-Manager, the expense of such Co-Manager shall be added to the Budget, in an amount agreed to by WestLB.  Easy Street shall have final authority to select the Co-Manager, but such Co-Manager must be reasonably acceptable to WestLB, and  Easy Street will provide WestLB with direct and unrestricted access to the Co-Manager with respect to the current and projected business operations, and the potential restructuring of WestLB's Loan under a plan of reorganization.  The Co-Manager's authority and responsibility will include, but not be limited to, active participation in operating and management decisions.  Nothing in this provision shall limit the Committee's right to object to the reasonableness of any compensation sought by the Co-Manager.  All material decisions regarding the business operations shall be made jointly by the Co-Manager and other senior management of Easy Street.  If the Co-Manager and other senior management disagree over any material decision affecting the business operations, then counsel for Easy Street and counsel for WestLB shall in good faith attempt to resolve the disagreement.  Any party may, upon notice and hearing, seek an order from the Bankruptcy Court directing as to how Easy Street shall proceed to resolve the disagreement.  Neither the Co-Manager or any consultant retained by Easy Street to assist the Co-Manager may be terminated from employment without cause until the earlier or (i) termination of the Cash Collateral Stipulation or (ii) Confirmation of a Plan, unless WestLB has consented, in writing, to the termination.;

~~Original~~Amended Paragraph 26(k)

(k)            No later than December ~~3,~~23, 2009, Easy Street shall submit to WestLB a term sheet of its proposed plan of reorganization.  No later than ~~December 23, 2009,~~January 11, 2010, Easy Street shall file a disclosure statement and plan of reorganization, both of which must be reasonably acceptable to WestLB with respect to any provisions that might have a material effect on WestLB's rights and claims in the chapter 11 case or its treatment under the plan, or might provide preferential or more favorable treatment to claims that are junior to or equal in priority to those of WestLB, and such plan shall, in any event, provide that (i) the maturity date of the restructured Loan will not be extended past December 31, 2011; (ii) the nondefault interest rate applicable to the restructured Loan will be no less than LIBOR (as defined in the Loan Documents) plus 6%; (iii) Easy Street will make monthly interests payments until December 1, 2010 and thereafter monthly payments according to a 20-year amortization schedule provided, however, that the portion of the monthly payments constituting amortization of principal shall be reduced by payments to WestLB from the sale of Fractional Ownership Units; (iv) WestLB has approved the post-confirmation senior management team and/or any sales agent for unsold Fractional Units which approval will not be unreasonably withheld; and (v) WestLB will receive as paydown of principal not less than 80% of the net proceeds received by Easy Street from the sale of each Fractional Ownership Unit, which sales shall be in compliance with the minimum release price requirements contained in the restructured Loan Documents, and the remaining 20% of net proceeds shall be deposited into a Sale Proceeds Account and remain subject to a control agreement in favor of WestLB.  Easy Street shall obtain a hearing set no later than February 11, 2010, on approval of the disclosure statement.  No later than March 31, 2010, Easy Street shall obtain confirmation of a plan of reorganization that is reasonably acceptable to WestLB and meets the minimum qualifications described in (i)-(v) above.  Further, Easy Street agrees that, unless it receives the written consent of WestLB, it shall not seek to extend the exclusive

period under Section 1121(c)(2) of the Bankruptcy Code to file a plan and disclosure

statement.  If Easy Street has filed a plan and disclosure statement in accordance with this

Stipulation, WestLB will consent to extension of the time to have a plan accepted under

1121(c)(3) of the Bankruptcy Code.  Notwithstanding any other term of the order approving

this Stipulation, the Committee shall have the right to object to any proposed plan on any

good faith grounds.

~~Original~~Amended Paragraph 27

        27.      <u>Administrative Expenses - Carve Out, Limitations and 506(c) Waiver</u>:

The Initial Budget and approved Budgets provide a monthly amount for the line item "Legal +

Admin & General".  The Parties acknowledge and agree that the amounts in this line item of the

budgets shall constitute and serve as a "carve out" for professionals seeking compensation from

the estate, including attorneys and consultants for the Debtors and Committee.  The liens and the

super-priority claims granted to WestLB as adequate protection shall be subject and subordinate

to the carve out for professionals.  The budgeting of such amounts does not constitute any

admission or agreement by any party as to the timing or amount to be paid to any such

professional, and all payments to such professionals may only be made as allowed by the Court

and upon such terms and conditions as may be imposed by the Court.  <u>Any fees associated with

the Adversary Proceeding after December 31, 2009 may be paid from the "carve out" only after

all other fees and expenses contemplated in this section have been paid.  Any fees or expenses

incurred by professionals in connection with the Adversary Proceeding prior to January 1, 2010

may be paid when and if proceeds are recovered by Easy Street and in an amount not to exceed

the reasonable and necessary fees and costs deducted to realize the net proceeds to be distributed

under paragraph 26(j).  The carve out provided herein shall not restrict professionals from

seeking  payment of fees and expenses in connection with (x) an interim application for

allowance of fees and disbursements entered on or after entry of an order confirming a plan of

reorganization in Easy Street's case or (y) a final application for fees and disbursements in any of

the above-captioned cases that are in excess of the carve out or that are incurred in connection

with the Adversary Proceeding prior to January 1, 2010.  This shall not restrict WestLB's right to</u>

oppose the payment of such fees and expenses.  Any fees or expenses incurred by professionals in connection with the Adversary Proceeding may be paid when and if proceeds are recovered by Easy Street and in an amount not to exceed the reasonable and necessary fees and costs deducted to realize the net proceeds to be distributed under paragraph 26(j).  The professionals for the Committee may not seek nor receive more than $25,000 from the carve out for services related to the investigation and analysis of the validity, amount, priority and perfection of the liens and claims of WestLB, and potential avoidance actions against WestLB, and the professionals for the Committee may not seek nor receive any amounts from the carve out for services related to the commencement or prosecution of any claim or action attacking the validity, amount, priority or perfection of the liens and claims of WestLB, or commencement or prosecution of any avoidance action against WestLB.  Upon a Termination Event, the carve out shall be limited to the amounts set forth in the Budget for the period prior to the Termination Event, unless otherwise ordered by the Court.  In recognition of WestLB's approval of expenditures in the Budget and the carve out for administrative fees, the Debtors waive any claims or rights under section 506(c) of the Bankruptcy Code to surcharge the Collateral of WestLB for any expenses incurred during the time Easy Street is authorized to use Cash Collateral under this Stipulation or any extension or amendment thereto.  Nothing in the order approving this Stipulation shall restrict the Committee's ability to seek to assess fees and expenses against recoveries in any action under Chapter 5 of the Bankruptcy Code.

Original Amended Paragraph 32

> 32.    Termination.  Easy Street's authority to use Cash Collateral pursuant to this Stipulation shall automatically terminate upon the earliest of the following (each a "Termination Event"): (i) December 31, 2009 April 30, 2010; (ii) the filing of any motion or pleading (including a plan of reorganization) by Easy Street seeking an order authorizing non-consensual use of Cash Collateral or debtor in possession financing not otherwise permitted under this Stipulation; (iii) the filing of any motion or pleading (including a plan of reorganization) by Easy Street or the entry of an order, challenging or affecting the validity, priority, perfection and/or amount of WestLB's liens or claims against Easy Street or its assets, or seeking a recovery on any avoidance action provided, however, that disputes over the mathematical calculation of WestLB's claim in accordance with the Loan Document, and disputes over the reasonableness of attorneys fees and costs shall not trigger a Termination Event; (iv) Easy Street's failure to secure the entry of an order in a form reasonably acceptable to the WestLB approving this Stipulation on or before October 15, 2009; (v) the filing by Easy Street of a Notice of Conversion or the entry of any order converting Easy Street's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; (vi) appointment of an examiner or trustee in these Chapter 11 Cases; and (vii) Easy Street has not cured within five (5) business days from actual receipt of written notice from WestLB a breach, default or other failure to fully perform all the terms and conditions of this Stipulation in a timely manner.  Easy Street shall be entitled to an expedited hearing to dispute whether a breach, default or other failure has occurred and whether it has timely cured any such breach, default or other failure.

## **Exhibit B**

Proposed Order

*Proposed order prepared and submitted by*:
Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Email: jarvis.annette@dorsey.com
        hunt.peggy@dorsey.com
        kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors. | ) 09-29907 and 09-29908 |
| | ) |
| Address:  201 Heber Avenue | ) Chapter 11 |
| Park City, UT 84060 | ) |
| | ) Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) |
| 35-2183713 (Easy Street Holding, LLC), | ) |
| 20-4502979 (Easy Street Partners, LLC), and | ) |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |
| | ) |

**PROPOSED ORDER ON EXTENSION OF CERTAIN DEADLINES OF STIPULATION
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
GRANTING ADEQUATE PROTECTION TO WESTLB, AG**

This order (the "Order") approves an extension of certain deadlines (the "Extension of Deadlines") to the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG ("WestLB"), filed on or about October 9, 2009 [Docket No. 84], as initially amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 [Docket No. 91], as further amended by this Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Original Cash Collateral Order"), dated as of October 13, 2009, and as further amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG (Docket No. 172) filed on or about November 25, 2009 (the "First Amendment"), as approved by the Court's Order on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "First Amendment Cash Collateral Order") entered on or about December 14, 2009, (as amended, the "Stipulation"), reached by Easy Street Partners, LLC ("Easy Street") and WestLB governing the consensual use of cash collateral.

Now, therefore, IT IS HEREBY ORDERED:

1.    The Extension of Deadlines and the alterations to the Stipulation embodied by the Extension of Deadlines are approved.

2.    To the extent inconsistent with this Order and the Extension of Deadlines, the Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363

and Granting Adequate Protection to WestLB, AG dated as of October 13, 2009 (the "Original

Cash Collateral Order") is superseded by this Order.

3. Except as otherwise provided in Paragraph 2 of this Order, both the

Original Cash Collateral Order and the First Amendment Cash Collateral Order remain in full

force and effect.

4. This Order shall be binding and effective despite any conversion of the

Case[2] to a case under any other chapter of title 11 of the United States Code.

5. This Court shall retain jurisdiction with respect to all matters relating to

the interpretation, enforcement, or implementation of the Extension of Deadlines and this Order.

-------------------END OF ORDER---------------------

---

[2] Capitalized terms not otherwise defined herein shall take the meaning ascribed to them in the Original Cash Collateral Order.