Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
Jessica G. Peterson (jpeterson@djplaw.com) (11210)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| Debtors. | 09-29907 and 09-29908 |
| | |
| Address:  201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

## EASY STREET PARTNERS, LLC'S RESPONSE TO JACOBSEN NATIONAL GROUP, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING JOINT MOTION TO APPROVE AMENDMENTS TO STIPULATION AUTHORIZING USE OF CASH COLLATERAL

Easy Street Partners, LLC ("Easy Street") by and through its undersigned counsel of

record objects and responds as follows to Jacobsen National Group, Inc.'s ("Jacobsen") first

set of interrogatories and requests for production of documents regarding Joint Motion to

Approve Amendments to Stipulation Authorizing Use of Cash Collateral.

## PRELIMINARY STATEMENT

The following objections and responses are made on behalf of Easy Street, in

connection with Jacobsen's First Set of Interrogatories and Requests for Production of

Documents to Easy Street.

Each response is subject to all objections that would require the exclusion of any

statement contained herein or documents referenced herein if any questions were asked of, or

if any statements contained herein were made by, or if any documents contained herein were

offered by a witness present and testifying in court, all of which objections are reserved and

may be interposed at the time of any hearing in this case.

The following responses are based upon information and/or documents currently

within the possession, custody or control of the Easy Street, and except for explicit facts stated

herein, no incidental or implied admissions are intended hereby.  Moreover, Easy Street's

review is continuing and Easy Street reserves the right, but shall not be obligated (except

insofar as such an obligation may be imposed by applicable law), to supplement these

objections and responses if, and when, additional information is obtained and/or additional

documents are found.  Easy Street anticipates that, during the course of investigation and

discovery, they may obtain additional information or discern the relevance or importance of

facts not yet known.  Accordingly, Easy Street provides these objections and responses

without prejudice to their right to produce evidence of subsequently discovered facts or

interpretations thereof, or to add to, modify or otherwise change these objections and

responses.  The information contained in these responses is true and correct to the best of Easy

Street's knowledge at this time, but is subject to correction of inadvertent errors or omissions, if any shall be found to exist.

The fact that Easy Street has not objected to any part of the Interrogatories should not be taken as an admission that Easy Street accepts or admits the existence of any facts or documents set forth or assumed by such request or that such objection constitutes admissible evidence.

Easy Street objects to the instructions and preliminary statements to the Interrogatories and Document Requests to the extent they impose duties upon Easy Street that are not provided for in the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure, and Easy Street asserts that they are only required to comply to the extent provided for in the Federal Rules of Bankruptcy Procedure, Title 11 of the United States Code (the "Bankruptcy Code") and other applicable law.

## DEFINITIONS OF OBJECTIONS STATED HEREIN

As it applies to each Request for Interrogatories and Document Production Request as used in this Response, the following capitalized terms have the following meanings:

1.    **"OVERBROAD"** means that the Request for Answer to Interrogatory or Document Production Request fails to identify with specificity the requested information and/or seeks information which is IRRELEVANT to the subject matter of this proceeding and not likely to lead to the discovery of admissible evidence.

2.    **"VAGUE AND AMBIGUOUS"** means that the Request for Answer to Interrogatory or Document Production Request contains terms which are unclear and therefore, make the Request for Answer to Interrogatory unintelligible and not receptive to a response.

3.    **"IRRELEVANT"** means that the Request for Answer to Interrogatory or Document Production Request seeks information which is irrelevant to the subject matter of this proceeding and not likely to lead to the discovery of admissible evidence.

4.    **"BURDENSOME AND OPPRESSIVE"** means that the Request for Answer to Interrogatory or Document Production Request requires that the Jacobsen undertake tasks in connection with preparation of a response or testimony that is unreasonable in scope and/or is IRRELEVANT, and would impose an undue burden on the Jacobsen if it were required to respond.

5.    **"TIME"** means that the Request for Answer to Interrogatory or Document Production Request fails to specify the scope of time to which the Request for Answer to Interrogatory applies such that the Request for Answer to Interrogatory is OVER BROAD, VAUGE and AMGIBUOUS and/or BURDENSOME and OPPRESSIVE.

6.    **"COMPOUND"** means that the Request for Answer to Interrogatory or Document Production Request contains subparts and cannot be answered with a single response.

Easy Street responds to each and every interrogatory and document production request subject to the general objections set forth herein. These general objections are incorporated into Easy Street's responses to each and every interrogatory, whether or not specifically referred to therein. Easy Street is continuing their investigation and reserves their right to identify and rely on facts, documents, or other evidence that may come to their attention at a later time. Easy Street reserves the right to supplement or amend these responses at any time prior to the discovery deadline.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**    Please produce all documents, including but not limited to all e-mails or other communications, dated or created from and after January 1, 2009 referring to, regarding or related to the Escrow Accounts or any contemplated uses of funds in the Escrow Accounts.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and requests information that is not in Easy Street's possession, custody or control or within Easy Street's knowledge.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 2:**    Please produce all documents, including but not limited to all e-mails or other communications, dated or created from and after January 1, 2009, referring to, regarding or related to the status or sources of any payments to be made to Jacobsen for amounts owed under the Construction Contract and/or the Final Payment Application.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and requests information that is not in Easy Street's possession, custody or control or within Easy Street's knowledge.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 3:**   Please produce all signature cards or other

account opening documents for the Escrow Accounts.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request IRRELEVANT and requests information that is not in Easy Street's possession,

custody or control.  Subject to and without waiving these objections, Easy Street will produce

all relevant, nonprivileged documents in its possession that are responsive to this document

request.  Easy Street is not aware of any documents in its possession responsive to this

request.  Easy Street believes that West LB or the bank(s) where the accounts were maintained

would have documents responsive to this request.

**DOCUMENT REQUEST NO. 4:**   Please produce all bank statements and all other

documents showing all deposits to or disbursements from the Escrow Accounts, from June 1,

2008 through and including the Petition Date.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, and requests information that is not in Easy Street's

possession, custody or control or within Easy Street's knowledge.  Subject to and without

waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its

possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 5:**   Please produce all documents, including but not

limited to all e-mails and other communications, which refer to, relate to or describe the

intended purpose of the Escrow Accounts or the contemplated uses by Easy Street of any

funds to be deposited into the Escrow Accounts.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and TIME, and requests information that is not in Easy Street's possession, custody or control or within Easy Street's knowledge.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 6:**    Please produce all documents pursuant to which, to your understanding, West LB claims a security interest in the funds in the Escrow Accounts, including but not limited to any and all control agreements concerning the Escrow Accounts.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, TIME, and requests information that is not in Easy Street's possession, custody or control or within Easy Street's knowledge.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.  Easy Street refers Jacobsen to the Declaration of James Winikor in Support of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. 363 and Granting Adequate Protection to WestLB, AG, which is filed as docket entry number 85 in Easy Street's Chapter 11 case, for copies of documents pursuant to which WestLB claims a security interest in the Escrow Accounts.

**DOCUMENT REQUEST NO. 7:**    Please produce all e-mails and other communications by and between Easy Street or Brown, on the one hand, and West LB or Jacobsen, on the other hand, dated or created from and after January 1, 2009, referring to,

relating to or discussing any use or contemplated use of funds in the Escrow Accounts to pay

Jacobsen or any subcontractors or suppliers to Jacobsen for work performed under the

Construction Contract.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, requests information that is not in Easy Street's

possession, custody or control or within Easy Street's knowledge, and requests information

that is already in Jacobsen's possession.  Subject to and without waiving these objections,

Easy Street will produce all relevant, nonprivileged documents in its possession that are

responsive to this document request.

**DOCUMENT REQUEST NO. 8:**   Please produce all documents, including but not

limited to all e-mails or other communications, dated or created from and after January 1,

2009, pursuant to which West LB agreed to allow payment of all or any payment of the Final

Payment Application to be paid from the Escrow Accounts.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, assumes facts not in evidence, and requests information

that is not in Easy Street's possession, custody or control or within Easy Street's knowledge.

Subject to and without waiving these objections, Easy Street will produce all relevant,

nonprivileged documents in its possession that are responsive to this document request.  Easy

Street is not aware of any documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**   Please produce all e-mails or other

communications by and between Easy Street's attorneys and legal counsel, on the one hand,

and the attorneys for West LB or the Official Committee of Unsecured Creditors, on the other

hand, dated or created from and after the Petition Date, which refer to, relate to or discuss the

Escrow Accounts and Jacobsen's claimed interest in the Escrow Accounts.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, and requests information that is protected by the attorney

work product or protected by the attorney client privilege.  Easy Street asserts a joint defense

privilege as to this request with WestLB.  Subject to and without waiving these objections,

Easy Street will produce all relevant, nonprivileged documents in its possession that are

responsive to this document request.

**DOCUMENT REQUEST NO. 10:**    Please produce all e-mails or other

communications by and between Easy Street or Brown, on the one hand, and any title

companies, escrow companies, purchasers or prospective purchasers of any fractional

ownership units of the Sky Lodge Project, on the other hand, referring to, relating to or

discussing any use or contemplated use of funds in the Escrow Accounts to pay Jacobsen or

any subcontractors or suppliers to Jacobsen.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, assumes facts in evidence, and requests information that is

not in Easy Street's possession, custody or control or within Easy Street's knowledge.  Subject

to and without waiving these objections, Easy Street will produce all relevant, nonprivileged

documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 11:**   Please produce any and all proposals, term sheets, contracts or agreements by and between Easy Street and West LB, regardless of whether or not such documents were ever formally approved, adopted or agreed to by Easy Street and West LB, referring to or regarding the payment of Jacobsen from funds in the Escrow Accounts, including but not limited to all e-mails and other correspondence regarding the same.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and TIME.   Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 12:**   Please produce any and all documents referring to, relating to or regarding all bank accounts to which any retention or other funds owed to Jacobsen under the Construction Contract were deposited.

Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, TIME, and assumes facts not in evidence.   Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.   Easy Street is not aware of any such documents

**DOCUMENT REQUEST NO. 13:**   Please produce any and all documents, including but not limited to all e-mails and other communications, referring to, relating to or describing the "preliminary discussions" referenced in paragraph 24 of the Joint Motion.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and TIME.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 14:**  Please produce any and all agreements, approvals or authorizations, including but not limited to e-mails, letters or other communications setting forth such agreements, approvals or authorizations, dated or created from and after January 1, 2009, pursuant to which the Debtor agreed to use the funds in the Escrow Accounts to pay all or any portion of the Final Payment Application.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, and TIME.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 15:**  Please produce any and all documents, dated or created from and after January 1, 2009, pursuant to which Easy Street requested or sought authorization or approval from West LB to use the funds in the Escrow Accounts to pay all or any portion of the Final Payment Application, including but not limited to all distribution requests made by Easy Street in or about February of 2009, and further produce all communications between Easy Street or Brown and West LB regarding that subject.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, and requests information that is not in Easy Street's

possession, custody or control or within Easy Street's knowledge.  Subject to and without

waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its

possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 16:**  Please produce any and all documents, dated or

created from and after January 1, 2009, including but not limited to e-mails or other

communications, pursuant to which West LB agreed or approved or authorized Easy Street to

use funds in the Escrow Account to pay all or any portion of the Final Payment Application.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, and assumes facts not in evidence.  Subject to and without

waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its

possession that are responsive to this document request.  Easy Street is not aware of any such

documents.

**DOCUMENT REQUEST NO. 17:**  Please produce any and all documents, dated or

created from and after January 1, 2009 through the Petition Date, including but not limited to

e-mails or other communications, pursuant to which West LB refused to agree or approve or

authorize Easy Street to use funds in the Escrow Account to pay all or any portion of the Final

Payment Application.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, and requests information that is not in Easy Street's

possession, custody or control or within Easy Street's knowledge.  Subject to and without

waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its

possession that are responsive to this document request.

**DOCUMENT REQUEST NO. 18:**  Please produce all documents referring to,

regarding or related to, or which you consulted, concerning your responses to the

Interrogatories set forth herein.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

request requests documents protected by the attorney client privilege and/or attorney work

product.  Subject to and without waiving these objections, Easy Street will produce all

relevant, nonprivileged documents in its possession that are responsive to this document

request.

**DOCUMENT REQUEST NO. 19:**  Please produce all documents, including but not

limited to all e-mails and other communications, pursuant to which West LB informed you

that it was freezing funds in the Escrow Accounts or otherwise refusing to allow you to use

funds in the Escrow Account to pay Jacobsen.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

request is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME

and OPPRESSIVE, COMPOUND, assumes facts not in evidence, and requests documents

protected by the attorney client privilege and/or attorney work product.  Subject to and

without waiving these objections, Easy Street will produce all relevant, nonprivileged

documents in its possession that are responsive to this document request.  Easy Street is not

aware of any such documents.

**DOCUMENT REQUEST NO. 20:**   Please produce a copy of all documents you plan to introduce into evidence or otherwise refer to at the hearing on the Joint Motion which is currently scheduled for January 19, 2009.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this request is premature as discovery is continuing in this case.  Subject to and without waiving these objections, Easy Street will produce all relevant, nonprivileged documents in its possession that are responsive to this document request.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**   Please identify and describe all communications between Easy Street or Brown, on the one hand, and West LB, on the other hand, from and after January 1, 2009, referring to, regarding or relating to the payment of all or any portion of the Final Payment Application using funds from the Escrow Accounts.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this interrogatory is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, requests information protected by the attorney-client privilege or attorney work product, and requests information not within Easy Street's possession or knowledge as it relates to communications of Steve Brown to which Easy Street may not have been a party.  Subject to and without waiving these objections, Easy Street responds as follows:  William (Bill) Shoaf and other Easy Street representatives had conversations with various representatives of West LB from and after January 1, 2009, including:  Christian Ruehmer, James Winikor, Duncan Robertson, and Peter Pasqua.  Most of those conversations occurred through email.  To the best of its knowledge, all of Easy Street's communications were with the purpose of encouraging West LB to use the money in the

escrow account to pay Jacobsen so there would be no liens and to educate West LB of the

consequences if Jacobsen was not paid and the negative impacts on the project.  Pursuant to

rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by

rule 7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to

the following documents it is producing concurrently with these answers to interrogatories to

answer this interrogatory:  EASY STREET 000142–148, 162–180, 197–232, 242–249,

262-263, 267–368, 373–375, 393–394.

**INTERROGATORY  NO. 2:**     Do you admit that, after January 1, 2009 and

prior to the Petition Date, Easy Street reached an agreement or understanding with Jacobsen

pursuant to which funds in the Escrow Accounts would be used to pay the Final Payment

Application?  If your answer is anything other than an unqualified yes, please set forth all

facts which support your response.

**RESPONSE:**   Easy Street objects in addition to the general objections, that this

interrogatory is IRRELEVANT, VAGUE and AMBIGUOUS as to "agreement or

understanding," BURDENSOME and OPPRESSIVE, COMPOUND, and is in an improper

format for an interrogatory.  Subject to and without waiving these objections, Easy Street

responds as follows:  To the extent that this interrogatory is a request for admission, it is

denied.  Easy Street directed West LB to use the funds in escrow to pay Jacobsen.  Easy Street

believes that it communicated to Jacobsen and Jacobsen's understanding with respect to the

Escrow Accounts was that Easy Street had money in escrow accounts, part of the money

could be used to pay Jacobsen, Easy Street wanted Jacobsen to be paid from the funds in

escrow, and Easy Street had put forward a formal request for payment, which payment was

dependent on West LB releasing the funds from the account.  Easy Street also believes

Jacobsen was aware that Easy Street had signed off on the validity of the Final Payment and

made the formal request and forwarded it to West LB for Jacobsen to be paid.  Pursuant to

rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by

rule 7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to

the following documents it is producing concurrently with these answers to interrogatories to

answer this interrogatory:  EASY STREET 000001–6, 16–29, 136–137, 149–153, 255,

376-392.

**INTERROGATORY  NO. 3:**        Please identify and describe all communications

between Easy Street or Brown, on the one hand, and West LB, on the other hand, from and

after January 1, 2009 to the Petition Date, regarding West LB's decision to (a) withhold its

approval of payments to Jacobsen for work performed under the Construction Contract, or

(b) otherwise freeze the Escrow Accounts, including but not limited to all reasons or

explanations or justifications that West LB gave to Easy Street for these decisions.

**RESPONSE:**        Easy Street objects in addition to the general objections, that this

interrogatory is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS,

BURDENSOME and OPPRESSIVE, COMPOUND, requests information protected by the

attorney-client privilege or attorney work product, and requests information not within Easy

Street's possession or knowledge as it relates to communications of Steve Brown to which

Easy Street may not have been a party.  Subject to and without waiving these objections, Easy

Street responds as follows:  Bill Shoaf and other Easy Street representatives had conversations

with various representatives of West LB from and after January 1, 2009, including:  Christian

Ruehmer, James Winikor, Duncan Robertson, and Peter Pasqua.  Most of those conversations

occurred through email.  To the best of its knowledge, all of Easy Street's communications

were with the purpose of encouraging West LB to use the money in the escrow account to pay

Jacobsen so there would be no liens and to educate West LB of the consequences if Jacobsen

was not paid and the negative impacts on the project.  Pursuant to rule 33(d) of the Federal

Rules of Civil Procedure, incorporated into these proceedings by rule 7033 of the Federal

Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to the following documents

it is producing concurrently with these answers to interrogatories to answer this interrogatory:

EASY STREET 000142–148, 162–180, 197–232, 242–249, 262–263, 267–368, 373–375,

393–394.

**INTERROGATORY  NO. 4:**     Please identify and describe, in detail, any and all

understandings, contracts and/or agreements between Easy Street and Jacobsen regarding the

use of funds in the Escrow Accounts to pay Jacobsen all or any portion of the amounts owed

under the Final Payment Application.

**RESPONSE:**     Easy Street objects in addition to the general objections, that this

interrogatory is IRRELEVANT, VAGUE and AMBIGUOUS as to "understandings, contracts

and/or agreements," BURDENSOME and OPPRESSIVE, COMPOUND, and TIME.  Subject

to and without waiving these objections, Easy Street responds as follows:  Easy Street directed

West LB to use the funds in escrow to pay Jacobsen.  Easy Street believes that it

communicated to Jacobsen and Jacobsen's understanding with respect to the Escrow Accounts

was that Easy Street had money in an escrow account, part of the money could be used to pay

Jacobsen in full, Easy Street wanted Jacobsen to be paid from the funds in escrow, and Easy

Street had put forward a formal request for payment, which payment was dependent on West

LB releasing the funds from the account.  Easy Street also believes Jacobsen was aware that

Easy Street had signed off on the validity of the Final Payment and made the formal request

and forwarded it to West LB for Jacobsen to be paid. Easy Street further states that it submitted Disbursement Request No. 23 to West LB. Easy Street is not aware of any formal agreement but is aware of email communications between Easy Street and Jacobsen, wherein Easy Street confirmed it had money in an escrow account and was West LB as the holder of the escrow account to pay Jacobsen from funds in the account. Pursuant to rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by rule 7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to the following documents it is producing concurrently with these answers to interrogatories to answer this interrogatory: EASY STREET 000001–29, 136–137, 149–153, 255, 376–392.

**INTERROGATORY NO. 5:**    Please identify and describe, in detail, the "preliminary discussions" regarding payment of Jacobsen out of the Escrow Accounts, as referenced in paragraph 24 of the Joint Motion.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this interrogatory calls for information that may be protected by attorney client communications privilege or attorney work product. Subject to and without waiving these objections, Easy Street responds as follows: Representatives of Easy Street had several meetings with representatives of Jacobsen at both entities' offices in person and via telephone. The two entities also communicated via email. Pursuant to rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by rule 7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to the following documents it is producing concurrently with these answers to interrogatories to answer this interrogatory: EASY STREET 000001–29, 136–137, 149–153, 255, 376–392.

**INTERROGATORY NO. 6:**    Paragraph 24 of the Joint Motion alleges that

there "was never any binding written agreement that the funds in the Real Estate Accounts

would be used to pay Jacobsen's claims or any other creditor's claims against the Debtors."

That being said, was there ever an agreement of any kind, whether written or oral and whether

binding or not, to use the funds in the Escrow Account to pay all or any portion the amounts

shown in the Final Payment Application? If your answer is anything other than an unqualified

no, please set forth all facts which support your response.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is IRRELEVANT, VAGUE and AMBIGUOUS as to "agreement of any kind,"

BURDENSOME and OPPRESSIVE, COMPOUND, and is in an improper format for an

interrogatory. Subject to and without waiving these objections, Easy Street responds as

follows: To the extent that this interrogatory is a request for admission, it is denied. Easy

Street directed West LB to use the funds in escrow to pay Jacobsen. Easy Street believes that

it communicated to Jacobsen and Jacobsen's understanding with respect to the Escrow

Accounts was that Easy Street had agreed upon the final payment terms and did not dispute

Jacobsen's right to be paid, Easy Street had money in escrow accounts, part of the money

could be used to pay Jacobsen, Easy Street wanted Jacobsen to be paid from the funds in

escrow, and Easy Street had put forward a formal request for payment, which payment was

dependent on West LB releasing the funds from the account. Easy Street also believes

Jacobsen was aware that Easy Street had signed off on the validity of the Final Payment and

made the formal request in the Disbursement Form No. 23 and forwarded it to West LB for

Jacobsen to be paid. Pursuant to rule 33(d) of the Federal Rules of Civil Procedure,

incorporated into these proceedings by rule 7033(d) of the Federal Rules of Bankruptcy

Procedure, Easy Street also directs Jacobsen to the following documents it is producing

concurrently with these answers to interrogatories to answer this interrogatory: EASY

STREET 000001–6, 16–29, 136–137, 149–153, 255, 376–392.

**INTERROGATORY NO. 7:**    Please identify and describe the sources of all

funds that were deposited into the Escrow Accounts from their creation to the Petition Date.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is BURDENSOME and OPPRESSIVE and IRRELEVANT.  Subject to and

without waiving these objections, Easy Street responds as follows:  All of the money in the

escrow accounts was derived from the sale of fractional real estate only.  Pursuant to

rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by

rule 7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to

the following documents it is producing concurrently with these answers to interrogatories to

answer this interrogatory:  EASY STREET 000007–10, 133–135, 395–568.

**INTERROGATORY NO. 8:**    Please identify and describe all expenditures or

disbursements from the Escrow Accounts, other than expenditures or disbursements which

were made directly to Easy Street, from their creation to the Petition Date.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is BURDENSOME and OPPRESSIVE, and IRRELEVANT.  Subject to and

without waiving these objections, Easy Street responds as follows:  All of the money in the

escrow accounts was derived from the sale of fractional real estate only.  Pursuant to rule

33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by rule

7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to the

following documents it is producing concurrently with these answers to interrogatories to answer this interrogatory: EASY STREET 000007–10, 133–135, 395–568.

**INTERROGATORY NO. 9:**    Please describe, in detail, the reasons or explanations, if any, given to you from West LB for any refusals by West LB, from and after January 1, 2009, to authorize or approve or consent to the use of funds in the Escrow Account to pay Jacobsen for monies owed under the Construction Contract and/or the Final Payment Application.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this interrogatory is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, BURDENSOME and OPPRESSIVE, COMPOUND, requests information protected by the attorney-client privilege or attorney work product, and requests information not within Easy Street's possession or knowledge as it relates to communications of Steve Brown to which Easy Street may not have been a party. Subject to and without waiving these objections, Easy Street responds as follows: Bill Shoaf and other Easy Street representatives had conversations with various representatives of West LB from and after January 1, 2009, including: Christian Ruehmer, James Winikor, Duncan Robertson, and Peter Pasqua. Most of those conversations occurred through email. To the best of its knowledge, all of Easy Street's communications were with the purpose of encouraging West LB to use the money in the escrow account to pay Jacobsen so there would be no liens and to indicate to West LB the potential consequences if Jacobsen was not paid and the negative impacts on the project. To the best of its knowledge, prior to the Petition Date, West LB never communicated to Easy Street why it was refusing to release the funds in the escrow account. Pursuant to rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by rule 7033 of the Federal Rules of

Bankruptcy Procedure, Easy Street also directs Jacobsen to the following documents it is

producing concurrently with these answers to interrogatories to answer this interrogatory:

EASY STREET 000142–148, 162–180, 197–232, 242–249, 262–263, 267–368, 373–375,

393–394.

**INTERROGATORY  NO. 10:**    Please identify all persons or entities which will

testify on your behalf in support of your efforts to obtain approval of the Joint Motion or

otherwise obtain court authorization to expend the Set Aside in this Case.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is premature as discovery is still continuing and Easy Street reserves its right to

supplement this interrogatory.  Subject to and without waiving these objections, Easy Street

responds as follows:  Bill Shoaf will testify.  Steve Brown may testify.  Philo Smith may also

testify.

**INTERROGATORY  NO. 11:**    Please identify and describe all communications

you have had with any title companies or escrow companies pursuant to which you

represented that funds in the Escrow Accounts or otherwise generated from the sale of

fractional ownership interests would be used to pay Jacobsen and/or Jacobsen's subcontractors

or suppliers.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, COMPOUND,

TIME, and may call for communications protected by the attorney client privilege or attorney

work product.  Subject to and without waiving these objections, Easy Street responds as

follows:  West LB had sole control over the escrow account and thus had sole control over

disbursements out of the escrow account.  There may have been one or more title companies

involved in receiving West LB's instructions on depositing sale proceeds when there were

sales, which occurred in 2008. West LB has the relevant documents, including control letters.

Easy Street had communications with Realty Financial Resources, Inc. related to the funds in

the escrow account. Pursuant to rule 33(d) of the Federal Rules of Civil Procedure,

incorporated into these proceedings by rule 7033 of the Federal Rules of Bankruptcy

Procedure, Easy Street also directs Jacobsen to the following documents it is producing

concurrently with these answers to interrogatories to answer this interrogatory: EASY

STREET 000154–182, 369–372.

**INTERROGATORY NO. 12:**    Please identify and describe all communications

you have had with any purchasers or prospective purchasers of fractional ownership interests

in Sky Lodge pursuant to which you represented that funds in the Escrow Accounts or

otherwise generated from the sale of fractional ownership interests would be used to pay

Jacobsen and/or Jacobsen's subcontractors or suppliers.

**RESPONSE:**    Easy Street objects in addition to the general objections, that this

interrogatory is OVERBROAD, IRRELEVANT, VAGUE and AMBIGUOUS, COMPOUND,

TIME, and may call for communications protected by the attorney client privilege or attorney

work product. Subject to and without waiving these objections, Easy Street responds as

follows: To the best of its knowledge and belief, the only conversations Easy Street had were

with current owners after all of the liens were imposed and owners would call to ask questions

about the meaning of the lien. Easy Street responded that sufficient funds to pay the liens

were in the Escrow Account, that Easy Street had formally asked the banks to disburse the

money, and that Easy Street was not trying to stop Jacobsen from being paid. Pursuant to

rule 33(d) of the Federal Rules of Civil Procedure, incorporated into these proceedings by rule

7033 of the Federal Rules of Bankruptcy Procedure, Easy Street also directs Jacobsen to the

following documents it is producing concurrently with these answers to interrogatories to

answer this interrogatory:  EASY STREET 000173–180.

     DATED:  January 4, 2010.

                         DURHAM JONES & PINEGAR, P.C.

By: _____
                Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
                Steven J. McCardell (smccardell@djplaw.com)(2144)
                Jessica G. Peterson (jpeterson@djplaw.com)(11210)

                    and

                Michael V. Blumenthal (mblumenthal@crowell.com)
                  (admitted pro hac vice)
                CROWELL & MORING LLP

                Counsel for Debtors and Debtors in Possession

## VERIFICATION

William Shoaf, having first been duly sworn, hereby declares and states under penalty of perjury that he is a duly authorized officer of Easy Street Partners, LLC referenced above, he has read the foregoing responses to interrogatories and production of documents, and the same are true to the best of his information, knowledge, and belief.

DATED this __4__ day of __January__, 2010.

_____
William Shoaf, Manager

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2010, I caused to be served the

Response to Jacobsen National Group, Inc.'s First Set of Interrogatories and Requests for

Production of Documents to Easy Street Partners, LLC Regarding Joint Motion to Approve

Amendments to Stipulation Authorizing Use of Cash Collateral via hand delivery on the

following:

> Michael R. Johnson
> Jonathan A. Dibble
> Ray Quinney & Nebeker
> 36 South State Street, 14[th] Floor
> Salt Lake City, UT  84111
>
> Cameron Hancock
> Benjamin J. Kotter
> Dorsey & Whitney
> 136 South Main Street, Suite 1000
> Salt Lake City, UT  84101