FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2010 JAN -5 PM 1: 27

DISTRICT OF UTAH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>         Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with<br>Cases 09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

## PROOF OF INTEREST OF BAYNORTH REALTY FUND VI, L.P. IN EASY STREET MEZZANINE, LLC

1.  The undersigned is an authorized signatory of BayNorth Realty Fund VI, L.P. ("BayNorth"), in its capacity as party to that certain Loan Agreement dated as of March 30, 2006, by and between Easy Street Mezzanine, LLC ("Mezzanine" and collectively with Easy Street Holding, LLC ("Holding") and Easy Street Partners, LLC ("Partners"), the "Debtors"), as Borrower, and BayNorth, as Lender, pursuant to which BayNorth agreed to fund a loan to Mezzanine (including all exhibits, related documents, and supplements thereto, and as such may be amended, supplemented or otherwise modified from time to time, the "BayNorth Agreement"), as evidenced by that certain Promissory Note dated as of March 30, 2006 (including all exhibits, related documents, and supplements thereto, and as such may be amended, supplemented or otherwise modified from time to time, the "BayNorth Note").[1] The

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the BayNorth Agreement and related documents. The BayNorth Agreement, the BayNorth Note, the Pledge Agreement, and other such related documents are not attached due to their voluminous nature. Copies of such documents will



obligations of the Debtors under the BayNorth Agreement and the BayNorth Note are secured by, among other things, that certain Pledge Agreement dated as of March 30, 2006, by Holding, as Pledgor, and BayNorth, as Lender, pursuant to which Holding pledged all of the equity interests held by it in Mezzanine to BayNorth as security for the obligations of the Debtors under the BayNorth Agreement and BayNorth Note (the "Pledge Agreement").

2.     BayNorth hereby files this proof of interest (the "Proof of Interest") to preserve and protect any and all of the rights it has, or may be deemed to have, in and to the equity interests in Partners and Mezzanine pursuant to the terms of the Pledge Agreement. In the absence of the automatic stay, BayNorth would be entitled to exercise its rights and remedies under the Pledge Agreement, including the completion of its previously scheduled foreclosure sale pursuant to the Uniform Commercial Code of the equity interests issued by Mezzanine, which was scheduled to be conducted on September 16, 2009, two days following the Debtors' filing of voluntary petitions for bankruptcy relief under chapter 11 of the Bankruptcy Code. In addition, as the largest creditor of Mezzanine, BayNorth is entitled to all or a portion of any distributions made to Mezzanine in connection with any chapter 11 plan of Partners confirmed by this Court on account of Mezzanine holding all of the equity interests in Partners.

3.     This Proof of Interest is not intended to, nor does it impact, diminish or restrict the rights or abilities of BayNorth under the BayNorth Agreement, the BayNorth Note, any related document, including, but not limited to, the Pledge Agreement, the Guaranty, and the Completion Guaranty, as such terms are defined in the BayNorth Agreement, applicable law or otherwise. This Proof of Interest is made without prejudice to the rights of BayNorth and its successors and assigns to file proofs of claim in respect of the rights of BayNorth under the

---

be made available upon request.

BayNorth Agreement, the BayNorth Note or any other indebtedness, obligations, or liability of the Debtors to BayNorth or any of its successors and assigns.

  4. This Proof of Interest is filed under compulsion of the bar date of January 6, 2010 established in the above-captioned proceedings and by reason of such bar date and shall not be deemed to be: (a) a waiver or release of BayNorth's rights against any other person, entity, or property; (b) a consent by BayNorth to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving BayNorth; (c) a waiver or release of BayNorth's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding the designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by BayNorth to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of BayNorth's right to have any and all final orders in any and all non-core matters or proceeding entered only after de novo judicial review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Interest, any objection thereto or any other proceeding which may be commenced in this case against or otherwise involving BayNorth; (g) an election of remedies; (h) a waiver of any claims (administrative or otherwise) or other rights BayNorth may have against the Debtors; or (i) a waiver or release of any past, present, or future defaults or events of default.

  5. This Proof of Interest is also without prejudice to the rights of BayNorth, its

affiliated entities, successors and assigns under the Bankruptcy Code or otherwise.

6.    Each and every description of a document in this Proof of Interest is qualified in its entirety by reference to the applicable provisions of such applicable document, and the documents set forth herein are incorporated herein by reference.

7.    <u>Notices to BayNorth</u>: All notices and communications concerning this Proof of Interest should be sent to:

> BayNorth Capital, LLC
> One Financial Center – Floor 23
> Boston, MA 02111-2651
> Attn: Charles J. Flint
>
> - with a copy to -
>
> Goodwin Procter LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018-1405
> Attn: Brian W. Harvey, Esq.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 30, 2009

_____
Charles J. Flint
Authorized Signatory
BayNorth Realty Fund IV, Limited Partnership