Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500


Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

## FIRST APPLICATION OF DURHAM JONES & PINEGAR FOR
## INTERIM COMPENSATION AND REIMBURSEMENT PURSUANT TO
## 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR THE DEBTORS IN POSSESSION
## FOR THE PERIOD SEPTEMBER 14, 2009 THROUGH DECEMBER 31, 2009

Durham Jones & Pinegar ("DJP"), co-counsel for Easy Street Partners, LLC ("Partners"),

Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding")

(together, Partners, Mezzanine, and Holding will be referred to as the "Debtors"), pursuant to

11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Fee Guidelines

of the United States Trustee, hereby submits its first application (the "Application") for

allowance and payment of interim compensation and reimbursement in the total amount of

$176,262.19, which includes (1) interim compensation in the amount of $171,675.00 for

professional services rendered and (2) interim reimbursement in the amount of $4,587.19 for

expenses incurred, for the period September 14, 2009, through December 31, 2009 (the

"Application Period").

I.      INTRODUCTION

        A.      Case Background

                1.      The Debtors commenced these jointly-administered cases under

Chapter 11 of the United States Bankruptcy Code by filing voluntary petitions on September 14,

2009 (the "Petition Date").  Each is operating its business as a debtor in possession pursuant to

11 U.S.C. §§ 1107 and 1108.

                2.      Partners is a limited liability company that owns and operates the

Sky Lodge, a luxury boutique hotel in Park City, Utah, and related restaurants and businesses.

Mezzanine owns 100% of the equity of Partners and Holding owns 100% of Mezzanine.

                3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

        B.      Employment of DJP

                1.      On October 23, 2009, the Court entered its Order Approving the Debtors'

Employment of Durham Jones & Pinegar as Co-Counsel, effective as of September 14, 2009.

2

2.      As DJP disclosed in the Declaration of Kenneth L. Cannon II Pursuant to

11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2014(a) and 2016(a) in Support of Debtors'

Application to Employ Durham Jones & Pinegar as Its Counsel dated April 23, 2009, DJP

prepetition received a retainer for postpetition services in the amount of $25,177.50 (the

"Retainer"), which was left from retainers totalling $50,000 prepetition funded $25,000 by

William Shoaf and $25,000 by the Diane Jordan-Smith Trust, a trust associated with Philo

Smith.  Mssrs. Shoaf and Smith are co-managers of the Debtors.

3.      All services performed and expenses incurred for which compensation or

reimbursement is sought were performed or incurred for and on behalf of the Debtors' estates

and not for any other person or entity.

4.      DJP has not shared or agreed to share compensation or reimbursement

awarded in this case with any other person except as among the members and employees of the

firm.

5.      DJP has not made any agreements with the Debtors or others for

compensation or reimbursement relating to this case which have not been disclosed to the Court.

C.      <u>Successful Steps Taken Toward Reorganization</u>.  The Debtors have been working

aggressively toward reorganization.  At the beginning of the case, Partners, the operating

company among the Debtors, obtained critical orders authorizing the smooth continuation of

operations and negotiated and obtained approval for use of cash collateral.  In November,

Partners employed a co-manager, BDRC 4Site, and a consultant, Gemstone Hotels and Resorts ,

to assist it in preparing long-term business plan and budget, attracting investors and plan funders,

and aid in improving operations.  These parties have provided extremely valuable services to the

3

Debtors, helping enable Partners, on January 15, 2010, to file a plan and disclosure statement. Partners has been in regular and consistent discussions and negotiations with its major secured lender, with the unsecured creditors committee, and with other creditor negotiations, and with potential investors.  The Debtors are poised to continue taking steps necessary to move toward reorganization.  DJP has worked closely with Crowell & Moring, its co-counsel, representing the Debtors in all aspects of their cases.

D.      <u>Interim Fee Procedures</u>.  On December 14, 2009, the Bankruptcy Court entered its Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement Procedures (the "Interim Fee Procedures Order").  Pursuant to the Interim Fee Procedures Order, professionals representing the Debtors' estates may file and serve monthly fee requests.  In general terms, subject to amounts available for payment to estate professionals, those professionals requesting monthly payment of fees and expenses may be paid 100% of out-of-pocket expenses and up to 80% of fees on a monthly basis.

E.      <u>Payments Received by DJP Pursuant to the Interim Fee Procedures</u>.  DJP has filed and served two interim requests for payment of fees and expenses pursuant to the Interim Fee Procedures Order.  For the period September 14, 2009 through November 30, 2009, DJP has been paid $100,602.69.  On January 22, 2010, DJP filed its Second Interim Request for Payment of Fees and Expenses, in which its total fees and expenses for the month of December 2009 $51,073.50.  At 100% of expenses and 80% of fees, DJP could be paid up to $41,298.50 on account of its Second Interim Request for Payment.  Payments received by DJP pursuant to the Interim Fee Procedure Order will be applied against fees and expenses allowed by the Court on account of this Application.

4

II.     THE PRESENT APPLICATION

A.     <u>Billing Methodology</u>

1.     In this Application, DJP is requesting compensation for services provided and reimbursement of expenses incurred during the Application Period, September 14, 2009 through December 31, 2009.  A summary of fees and expenses requested, as required by the Fee Guidelines of the United States Trustee, is attached hereto as <u>Exhibit 1</u>.  A summary of the expenses incurred, broken down by project category and by type of expense, is included below.

2.     DJP's services in this case are billed on an hourly-rate basis, consistent with DJP's customary charges for comparably skilled and experienced practitioners in other bankruptcy and non-bankruptcy cases.

3.     In rendering services and incurring expenses on behalf of the estate, DJP makes reasonable efforts to use the most economical means and methods that are available and appropriate under the circumstances.

4.     The education and experience of the DJP attorneys providing service on behalf of the Examiner during the Application Period are detailed in the professional resumes attached as <u>Exhibit 2</u>.

5.     Given the education, experience, and expertise of the DJP attorneys rendering services in this case, the rates charged are reasonable, and are the same as or lower than rates DJP typically charges to clients for similar services.

SLC_535768.1

B.      Services Performed on Behalf of the Estate

1.      During the Application Period, DJP rendered services to the estate for which it seeks compensation in the total amount of $171,675.00.  Such services are detailed in the invoices broken down by project category which are attached hereto as Exhibit 3.

2.      DJP has categorized the time spent performing services for the estate into the following project categories (DJP has performed no services in certain categories).

| DJP Matter No. | Matter Name |
|---|---|
| 00001 | Asset Analysis and Investigation |
| 00004 | Claims Administration |
| 00005 | Employment and Fee Applications - DJP |
| 00006 | Employment and Fee Applications - Other |
| 00007 | Travel |
| 00008 | Plan and Disclosure Statement |
| 00009 | Miscellaneous Contested Matters |
| 00010 | Case Management |
| 00011 | Cash Collateral/DIP Lending |
| 00012 | BayNorth Litigation |

3.      The totals of the fees sought in this Application for services in the various project categories are as follows:

| Matter No. | Matter Name | Amount |
|---|---|---|
| 00001 | Asset Analysis and Investigation | $3,610.50 |
| 00004 | Claims Administration | $5,915.00 |
| 00005 | Employment/Fee Applications – DJP | $8,807.50 |
| 00006 | Employment/Fee Applications – Other | $25,740.00 |
| 00007 | Travel | $422.50 |
| 00008 | Plan and Disclosure Statement | $7,174.00 |
| 00009 | Miscellaneous Contested Matters | $10,482.50 |
| 00010 | Case Administration | $37,918.50 |
| 00011 | Cash Collateral | $63,721.00 |
| 00012 | BayNorth Litigation | $7,883.50 |
|  | TOTAL: | $171,675.00 |

6

C.    Summary of Services in Each Project Category

A summary of the nature of each project category, a table indicating the names, billing rates, hours spent, and total amounts billed during the Application Period as to each DJP professional and paraprofessional in each project category, and a synopsis of the work performed during the Application Period in each project category, is provided in separate paragraphs below. A detailed description of the services rendered in each project category is set forth in the billing reports attached hereto as Exhibit 3.

1.    Asset Analysis and Investigation (matter 00001)

a.    This project category is for services relating to measures to address issues related to the assets of the Debtors, including security interests therein.

b.    During the Application Period, the following DJP professional provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 3.00 | $975.00 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 7.50 | $2,437.50 |
| Jessica G. Peterson (JGP) | Associate | $180 | 1.10 | $198.00 |
| TOTAL HOURS | | | 10.50 | $3,610.50 |

c.    During the Application Period, services in this category included analysis and investigation of construction issues, addressing examination of David Wickline, addressing and arranging for an appraisal of Partners' property, and addressing lease issues, including the Zoom restaurant lease.

7

2.      Claims Administration (matter 00004)

a.      This project category is for time spent for services related to addressing claims issues in the Debtor's case.

b.      During the Application Period, the following DJP professional provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 2.30 | $747.50 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 15.90 | $5,167.50 |
| TOTAL HOURS | | | 18.20 | $5,915.00 |

c.      Services rendered in this project category during the Application Period included addressing claims of various parties, vendor claims including Sysco, apprising the Debtors of claims as filed, and conferences with representatives of the Debtors and with co-counsel.

3.      DJP Fee and Employment Applications (matter 00005)

a.      This project category is for time spent drafting and filing the Debtors' application to employ DJP and interim fee requests authorized by the court.

b.      During the Application Period, the following DJP professional provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 25.50 | $8,287.50 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 1.60 | $520.00 |
| TOTAL HOURS | | | 27.10 | $8,807.50 |

c.      Services rendered in this project category during the Application Period included preparing DJP's employment application and related documents, attending the

8

hearing on the Debtors' application to employ DJP as co-counsel, preparing a proposed Order

approving the Debtors' employment of DJP, negotiating and drafting motion for approval of

interim fee procedures, attending the hearing on the motion for approval of interim fee

procedures, preparing a proposed order approving interim fee procedures, and preparing interim

fee requests.

    4.    <u>Employment and Fee Applications Other than DJP (matter 00006)</u>

    a.    This project category is for services in assisting non-bankruptcy

professionals and non-resident bankruptcy professionals in preparing employment applications

for approval by the Court and fee requests and fee applications.    .

    b.    During the Application Period, the following DJP professionals

provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 72.60 | $23,595.00 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 6.60 | $2,145.00 |
| TOTAL HOURS | | | 79.20 | $25,740.00 |

    c.    During the Application Period, services in this category included

advising special counsel regarding applications to be employed, attending hearings on the

Debtors' applications to employ professionals, discussions with creditors' counsel regarding

applications to employ professionals, addressing co-manager and consultant issues and preparing

applications to employ a co-manager and a consultant for Partners, preparing an application to

employ an appraiser, addressing issues involving the creditors' committee's appointment of

counsel, assisting in the preparation of applications and related documents for employment of a

co-manager and a consultant for the Debtors, attending hearings on applications to employ these

9

parties, reviewing fee requests, and regular communications with the Debtors regarding all of these matters.

    5.    Travel (matter 00007)

        a.    This project category is for services relating to the plan of reorganization and disclosure statement.

        b.    During the Application Period, the following DJP professionals provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $162.50 | 2.60 | $422.50 |
| TOTAL HOURS | | | 2.60 | $422.50 |

        c.    During the Application Period, services in this category included travel to and from Park City, Utah for attendance at meetings with the Debtors and with the unsecured creditors' committee.

    6.    Plan and Disclosure Statement (matter 00008)

        a.    This project category is for services relating to the plan of reorganization and disclosure statement.

        b.    During the Application Period, the following DJP professionals provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 18.10 | $5,882.50 |
| Steven J. McCardell | Shareholder | $325 | 2.70 | $877.50 |
| Jessica G. Peterson | Associate | $180 | 2.30 | $414.00 |
| TOTAL HOURS | | | 23.10 | $7,174.00 |

10

c.      During the Application Period, services in this category included discussions with the Debtors and with co-counsel regarding plan issues, reviewing Partners' business plan, meeting with the unsecured creditors committee regarding business and reorganization plan issues, reviewing and providing comments on the proposed plan term sheet, reviewing drafts of the plan and disclosure statement, and consultations with the Debtors regarding these matters.

7.      <u>Miscellaneous Contested Matters (matter 00009)</u>

a.      This project category is for services involving contested matters and adversary proceedings not addressed elsewhere.

b.      During the Application Period, the following DJP professionals provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| J. Robert Nelson (JRN) | Of Counsel | $350 | .30 | $105.00 |
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 24.40 | $7,930.00 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 6.70 | $2,177.50 |
| Jessica G. Peterson (JGP) | Associate | $180 | 1.50 | $270.00 |
| TOTAL HOURS | | | 32.90 | $10,482.50 |

c.      During the Application Period, services in this category included addressing claims made by Jacobsen Construction, reviewing the complaint by Jacobsen against the homeowners and others, participation in the preparation of a motion and related pleadings for an stay under section 105 of the Bankruptcy Code against proceedings against the manager of the Debtors, attending the hearing on the motion for a stay, and meetings with co-counsel and the Debtors regarding the same.

11

8.      Case Administration (matter 00010)

a.      This project category is for services relating to measures involving

general matters in the Debtors' cases.

b.      During the Application Period, the following DJP professional

provided services to the estate in this project category:

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325.00 | 72.10 | $23,432.50 |
| Steven J. McCardell (SJM) | Shareholder | $325.00 | 38.60 | $12,545.00 |
| David P. Rose (DPR) | Shareholder | $290.00 | 3.90 | $1,131.00 |
| Jessica G. Peterson (JGP) | Associate | $180.00 | 4.50 | $810.00 |
| TOTAL HOURS | | | 119.10 | $37,918.50 |

c.      During the Application Period, services in this category included

reviewing the Debtors' schedules of assets and liabilities and statements of financial affairs,

reviewing first day motions, meetings with the United States Trustee, attending hearings on first-

day and other general motions, meeting with the Debtors, reviewing and revising press releases,

attending the first meetings of creditors, assisting the Debtors in the preparation and filing of

financial reports, addressing general matters in the cases, meetings with counsel for the

unsecured creditors committee, addressing information sharing and confidentiality issues with

the committee, frequent meetings with the Debtors and co-counsel regarding all of these matters.

9.      Cash Collateral

a.      This project category is for services relating to measures relating to

obtaining financing for the Debtor and its operations.

b.      During the Application Period, the following DJP professional

provided services to the estate in this project category:

SLC_535768.1

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 113.30 | $36,822.50 |
| Steven J. McCardell (SJM) | Shareholder | $325 | 76.90 | $24,992.50 |
| David F. Klomp (DFK) | Shareholder | $310 | 2.20 | $682.00 |
| Jessica G. Peterson (JGP) | Associate | $180 | 6.80 | $1,224.00 |
| TOTAL HOURS | | | 199.20 | $63,721.00 |

   c. During the Application Period, services in this category included lengthy and ongoing negotiations with counsel for WestLB, AG ("WestLB") regarding use of cash collateral, discussions and review of drafts of cash collateral stipulation, participation in drafting of orders on use of cash collateral, monitoring transfer requests under cash collateral process and telephone conferences with counsel for WestLB regarding issues under the transfer requests, addressing bank account issues for estate cash, attending hearings on cash collateral, addressing issues raised by Jacobsen in cash collateral stipulation, addressing cash collateral issues as they relate to the co-manager and consultant to Partners, discussions with depositories regarding funds on account, addressing proposed amendments to the cash collateral stipulation, addressing budget issues and reporting issues related to cash collateral, participating in discovery regarding issues raised by Jacobsen, and regular consultations with Partners and co-counsel regarding cash collateral issues.

   10. <u>BayNorth Litigation</u>

   a. This project category is for services relating to measures relating to litigation brought by the Debtors against BayNorth Realty Fund VI, L.P. ("BayNorth"), a secured creditor of Mezzanine and Holding.

   b. During the Application Period, the following DJP professional provided services to the estate in this project category:

13

| NAME (INITIALS) | TITLE/OFFICE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| J. Robert Nelson | Of Counsel | $350 | 1.50 | $525.00 |
| Kenneth L. Cannon II (KLC) | Shareholder | $325 | 14.10 | $4,582.50 |
| Steven J. McCardell | Shareholder | $325 | 7.60 | $2,470.00 |
| Jessica G. Peterson (JGP) | Associate | $180 | 1.70 | $306.00 |
| TOTAL HOURS | | | 24.90 | $7,883.50 |

      c.      During the Application Period, services in this category included researching issues related to BayNorth, reviewing draft complaint and draft amended complaint against BayNorth, reviewing Rule 11 letter from BayNorth, consultations with co-counsel regarding BayNorth litigation, reviewing BayNorth's motion to dismiss the amended complaint and participating in the preparation of a response to the motion to dismiss, preparing for hearing on BayNorth's motion to dismiss, attending hearing on BayNorth's motion to dismiss the amended complaint, and meetings with the Debtors and co-counsel regarding all of these matters.

      D.      <u>Reimbursement of Expenses</u>

      1.      During the Application Period, DJP incurred actual and necessary expenses in the total amount of $4,587.19 in connection with the professional services rendered to the estates.  A summary showing the break-down of total expenses by project category and by type of expense is set forth below:

| <u>Expense Breakdown by Project</u> | <u>Total</u> |
|---|---|
| Asset Analysis & Investigation | $74.74 |
| Asset Disposition | $0.00 |
| Avoidance Actions | $0.00 |
| Claims Administration | $31.00 |
| Employ & Fee Apps. – Durham | $461.86 |
| Employ & Fee Apps. – Others | $1,655.14 |
| Plan and Disc. Statement | $647.13 |
| Misc. Contested Matters | $2.22 |

14

| | |
|---|---|
| Case Administration | $1,668.06 |
| Cash Collateral | $47.04 |
| BayNorth Litigation | $0.00 |
| TOTAL | $4,587.19 |

| Expense Breakdown by Type | Total |
|---|---|
| Division of Corporations | $250.00 |
| Filing Fees | $26.00 |
| Messenger Service | $34.00 |
| Legal Research | $119.28 |
| Meals | $31.00 |
| Overnight Mail | $57.54 |
| Pacer | $23.58 |
| Postage | $827.94 |
| Reproduction | $3,215.85 |
| Telefax | $2.00 |
| TOTAL | $4,587.19 |

Details of the expenses incurred in each project category are included in the invoices attached as

Exhibit 3 hereto.  DJP does not currently charge its clients for long-distance telephone charges.

The only telephone charges are for the actual expense of conference calls made through an

outside service.  Inside copy charges are $.15 per page.  Outside copy charges are for the actual

amount charged to DJP by outside services.  Computerized legal research is billed to clients at

the actual amount charged to DJP for such services.  DJP keeps in its files appropriate detail,

including receipts, invoices, reimbursement vouchers, and other supporting information

concerning the expenses incurred in this representation, and that information is available for

review upon request.

　　　　2.　　　　The expenses incurred by DJP for which reimbursement in this

Application is sought are consistent with the U.S. Trustee Guidelines and the rules and orders

applicable in this case.

15

3.      DJP seeks to have its fees and expenses allowed in the full amount set forth in this Application.

4.      DJP understands that fees and expenses allowed under this Application are interim in nature and the Court may order their disgorgement at any time prior to the entry of a final order approving DJP's final fee application or the end of the bankruptcy case, whichever is earlier.

5.      DJP has used its billing discretion and has, where appropriate, voluntarily reduced its fees and expenses consistent with the U.S. Trustee Guidelines and the prior practice of this Court.

WHEREFORE, DJP prays:

1.      That interim compensation and reimbursement be awarded to DJP in the total amount of $176,262.19 which includes $171,675.00 for professional services rendered and $4,587.19 for expenses incurred during the Application Period;

2.      That such amounts be allowed as priority administrative expenses of the estate in Chapter 11 pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(1);

3.      That DJP retain amounts paid to it pursuant to the interim requests;

4.      That DJP be authorized to apply the Retainer against interim compensation and reimbursement allowed by the Court;

SLC_535768.1

5.     That the Debtors be authorized, pursuant to 11 U.S.C. §§ 330 and 331, to pay

such further allowed amounts from the estates as set forth herein.

DATED this 29th day of January, 2010.

DURHAM JONES & PINEGAR

By: /s/ Kenneth L. Cannon II
    Kenneth L. Cannon II
    Steven J. McCardell
    111 East Broadway, Suite 900
    Salt Lake City, UT 84111
    Telephone: (801) 415-3000
    Facsimile:  (801) 415-3500

Co-Counsel for the Debtors and Debtors
  in Possession

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2010, I caused to be served a copy of First Application of Durham Jones & Pinegar for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§ 330 and 331 as Attorneys for the Debtors in Possession for the Period September 14, 2009 through December 31, 2009 via ECF notification and/or first-class mail, postage prepaid on the following:

**Troy J. Aramburu**    taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com

**Scott A. Cummings**    cummings.scott@dorsey.com

**Mary Margaret Hunt**    hunt.peggy@dorsey.com, wardle.gay@dorsey.com

**Annette W. Jarvis**    jarvis.annette@dorsey.com, smith.ron@dorsey.com; slc.lit@dorsey.com; brown.patricia@dorsey.com

**Lon A. Jenkins**    lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com; sglendening@joneswaldo.com

**Michael R. Johnson**    mjohnson@rqn.com, agale@rqn.com

**Anthony C. Kaye**    kaye@ballardspahr.com

**Benjamin J. Kotter**    kotter.benjamin@dorsey.com

**Adelaide Maudsley**    maudsley@chapman.com, jemery@chapman.com

**John T. Morgan tr**    john.t.morgan@usdoj.gov, james.gee@usdoj.gov

**David W. Overholt**    doverholt@rsolaw.com, abachman@rsolaw.com

**Douglas J. Payne**    dpayne@fabianlaw.com, jshowalter@fabianlaw.com

**Knute Rife**    karife@rifelegal.com

**Jeffrey L. Shields**    jlshields@cnmlaw.com, njpotter@cnmlaw.com

**Jeffrey Weston Shields**    jshields@joneswaldo.com, sglendening@joneswaldo.com

**Bradley L. Tilt**    btilt@fabianlaw.com, rmellor@fabianlaw.com

**United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov

**Kim R. Wilson**   bankruptcy_krw@scmlaw.com


Easy Street Partners, LLC
Easy Street Mezzanine, LLC
Easy Street Holding, LLC
Attn:  William Shoaf
4780 Winchester Court
Park City, UT  84098-7528

Michael V. Blumenthal
Crowell & Moring
590 Madison Avenue, 20th Floor
New York, NY  10022

Richard W. Havel
Sidley  Austin LLP
555 Wset Fifth Street
Los Angeles, CA 90013


                                  /s/ Kristin Hughes

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy No. 09-23584 |
| CK MANAGEMENT, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | Honorable William T. Thurman |
| | ) | |
| EIN: 20-8402627 | ) | |
| | ) | |

**SUMMARY REQUIRED BY UNITED STATES TRUSTEE GUIDELINES**

| | | |
|---|---|---|
| Fees Previously Requested: | $0.00 | NAME OF APPLICANT: |
| Fees Previously Paid: | $0.00 | Durham, Jones & Pinegar |
| | | |
| Expenses Previously Requested: | $0.00 | ROLE IN THE CASE: |
| Expenses Previously Paid: | $0.00 | Co-Counsel for Debtor in Possession |
| | | |
| Retainer Paid: | $.00 | CURRENT APPLICATION: |

|  |  |
|---|---|
| Fee Requested | $171,675.00 |
| Expenses Requested | $4,587.19 |

| NAME OF PROFESSIONAL/ PARALEGAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **SHAREHOLDERS** | | | | |
| Kenneth L. Cannon II | 1982 | 342.70 | $325 | $112,225.00 |
| | | 2.60 | $162.50 | $422.50 |
| Steven J. McCardell | 1981 | 165.60 | $325 | $53,332.50 |
| David F. Klomp | 1977 | 2.20 | $310 | $682.00 |
| David P. Rose | 1991 | 3.90 | $290 | $1,131.00 |

SLC_535768

| OF COUNSEL | | | | |
|---|---|---|---|---|
| J. Robert Nelson | 1971 | 1.80 | $350 | $630.00 |
| ASSOCIATES | | | | |
| Jessica G. Peterson | 2006 | 17.90 | $180 | $3,222.00 |
| TOTAL | | 536.90 | | $171,675.00 |

SLC_535768

# EXHIBIT 2

**KENNETH L. CANNON II** is a shareholder in DJP in the firm's bankruptcy and creditors' rights practice.  Mr. Cannon is primarily engaged in reorganization, bankruptcy, and commercial law matters.  In the corporate reorganization and bankruptcy areas, he has represented trustees, debtors, secured and unsecured creditors, and creditors' committees in all facets of Chapter 11 cases.  In the commercial area, Mr. Cannon has substantial experience in out-of-bankruptcy workouts, bankruptcy planning, secured transactions, and litigation.  A significant portion of his practice involves rendering bankruptcy opinions in complex financial transactions.

Previously, Mr. Cannon practiced at a large national law firm for twenty years.  He received his bachelor's degree in history summa cum laude from Brigham Young University in 1978 and was the valedictorian of his class.  While an undergraduate, he was a Hinckley Scholar and the recipient of numerous scholastic awards.  Mr. Cannon received both his J.D. and his M.A. in American history from Brigham Young University in 1982.  He graduated cum laude from law school and is a member of the Order of the Coif and a J. Reuben Clark Scholar.  Mr. Cannon was admitted to the practice of law in Utah in 1982, in the District of Columbia in 1993, and in New York in 1994 and is admitted to a number of federal courts of appeal.  He served as a Fulbright Scholar during 1985 at Helsinki University in Finland where he conducted research in comparative insolvency law and administrative law.  He formerly served on the Advisory Board of the Rocky Mountain Region of the American Bankruptcy Institute and was an adjunct faculty member at J. Reuben Clark Law School, teaching the debtor-creditor class and a Chapter 11 seminar.  Mr. Cannon publishes and lectures widely on bankruptcy topics.

**STEVEN J. McCARDELL** is a shareholder in DJP.  Previously, he was a partner in a large national firm.  Mr. McCardell also served as a judicial law clerk to two federal bankruptcy judges before entering private practice.  He received his bachelor's degree *summa cum laude* from Brigham Young University in 1978.  Mr. McCardell received his law degree *cum laude* from Brigham Young University in 1981.  Mr. McCardell was admitted to the practice of law in Utah in 1981, is admitted practice (and has argued) before the United States Supreme Court and is also admitted to a number of federal courts of appeal.  He is a Fellow in the American College of Bankruptcy and formerly was an adjunct faculty member on bankruptcy law at Brigham Young University and the University of Utah law schools.  He is also a prominent speaker at seminars on bankruptcy topics.

Mr. McCardell is primarily engaged in reorganization, bankruptcy, and commercial litigation matters.  In the corporate reorganization and bankruptcy areas, he has represented secured and unsecured creditors, creditors' committees, debtors, trustees, and other parties in interest in many significant Chapter 11 cases.  Mr. McCardell is a prominent appellate advocate and has successfully argued appeals before courts of appeals and the United States Supreme Court.  Mr. McCardell also has represented parties in out-of-bankruptcy workouts and substantial commercial litigation matters.

**DAVID F. KLOMP**, born at Ogden, Utah, is a shareholder of the firm and a member of the firm's Real Estate and Banking Section. Mr. Klomp graduated magna cum laude from the University of Utah in 1974 (B.A., Business Administration).  He received his law degree in 1977 from the University of Utah College of Law.  Mr. Klomp was an associate with the Salt Lake City

law firm of Marsden Orton & Liljenquist from 1977 to 1982, where his practice focused on commercial litigation, creditors' rights, and real estate transactions.  From 1982 to 1987, Mr. Klomp was General Counsel for Commercial Security Bank, where he supervised the in-house legal department and directed the legal affairs of the bank prior to its acquisition by KeyCorp in 1987.  Mr. Klomp continued as General Counsel for Key Bank of Utah and was also Senior Vice President and Regional General Counsel for KeyCorp, a $70 billion bank holding company, from 1987 to 1996, where he supervised its legal affairs in Alaska, Oregon, Idaho, Utah, Wyoming, and Colorado.  He has served as Chairman of the Real Property Section and Chairman of the Banking and Finance Section of the Utah State Bar Association.  Mr. Klomp's practice concentrates on banking, commercial transactions, construction lending, real estate, and general corporate law.

**DAVID P. (DADE) ROSE**, born at Salt Lake City, Utah, is a shareholder of the firm and is Chair of the firm's Real Estate and Banking Section and a member of the firm's Corporate and Securities Section.  Mr. Rose graduated cum laude from the University of Utah in 1991 (B.S., Accounting), where he was elected Phi Beta Kappa, Phi Kappa Phi and Beta Gamma Sigma.  Mr. Rose received his juris doctor degree from Harvard Law School in 1994, where he was a Senior Editor of the Journal of Public Policy from 1992 to 1993.  Mr. Rose worked as an associate at the Salt Lake City law firm of Van Cott, Bagley, Cornwall & McCarthy from 1994 until 1998, and with the Salt Lake City law office of Stoel Rives LLP, a law firm based in Portland, Oregon, from August,1998 to December, 1999.  He joined the firm in January, 2000, and became a shareholder in the firm in October, 2001.  His practice concentrates on real property development, land use law, and real estate and commercial transactions with the related practice areas of finance, corporate law and the representation of emerging growth companies.

**J. ROBERT NELSON** is of counsel to the firm.  Mr. Nelson received his B.A. from UCLA, cum laude, in 1968 and his law degree from UCLA in 1971, where he served as an editor on the law review and graduated Order of the Coif.  Mr. Nelson practiced corporate bankruptcy law in several national law firms in Los Angeles before moving to Utah and has represented debtors, creditors, committees, and trustees in some of the largest Chapter 11 cases in the United States.  He is admitted to practice in Utah and in a number of Courts of Appeals.

**JESSICA G. PETERSON** is an associate with DJP. Ms. Peterson's practice areas are bankruptcy and creditors' rights, employment, education law, and litigation.  Ms. Peterson is admitted to the Utah State Bar and the United States Federal District Court for the District of Utah.  She served as a law clerk to the Hon. Christine Durham, Chief Justice of the Utah Supreme Court.  Jessica received her J.D. degree from the S.J. Quinney College of Law, University of Utah in 2006, with honors, where she served as an editor on the Utah Law Review and was a Traynor Moot Court Semi-Finalist.  Ms. Peterson also received her M.B.A. (2006) and her H.B.S. (2003), magna cum laude, from the University of Utah.