Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted *pro hac vice*)
Steven B. Eichel (seichel@crowell.com) (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | |
| Address:   201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

## FIRST APPLICATION OF CROWELL & MORING LLP FOR
## INTERIM COMPENSATION AND REIMBURSEMENT PURSUANT TO
## 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR DEBTORS IN POSSESSION
## FOR THE PERIOD SEPTEMBER 14, 2009 THROUGH DECEMBER 31, 2009

Crowell & Moring LLP ("C&M"), attorneys for Easy Street Partners, LLC ( "Partners"),

Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holdings, LLC ("Holdings,"

together with Mezzanine and Partners, the "Debtors") pursuant to 11 U.S.C. §§ 330 and 331,

Federal Rule of Bankruptcy Procedure 2016, and the Fee Guidelines of the United States

Trustee, hereby submits its first application (the "Application") for allowance and payment of

interim compensation and reimbursement of expenses in the total amount of $498,277.70, which

includes (1) interim compensation in the amount of $477,377.00 for professional services

rendered[1] and (2) interim reimbursement in the amount of $20,900.70 for expenses incurred, for

the period September 14, 2009 through December 31, 2009 (the "Application Period").[2]

I.      INTRODUCTION

        A.      Case Background

        1.      The Debtors commenced these cases under chapter 11 of the United States

Bankruptcy Code by filing voluntary petitions on September 14, 2009 (the "Petition Date").  The

Debtors are operating the business as debtors in possession pursuant to 11 U.S.C. §§ 1107 and

1108.

        2.      The Debtors are limited liability companies and affiliates of one another.

Partners, which own the real estate and improvements constituting the Sky Lodge in Park City,

Utah, is 100% owned by Mezzanine.  Holding is the 100% owner and managing member of

Mezzanine.

        3.      The Sky Lodge is a luxury boutique hotel located in the middle of historic

Main Street in Old Town Park City.  It is an ultra stylish resort hotel offering all of Park City's

amenities plus a restaurant offering both casual and fine dining, a bar and lounge, the spa

Amatsu, and meeting and event venues and more.

---

1  The $477,377 includes a 50% reduction ($15,262.50) in C&M's time charges relating to non-working travel.  Additionally, this sum includes time charges in connection with the BayNorth Adversary Proceeding (as hereinafter defined).
2  Substantially all of the $477,377 relates to services rendered in whole or in part to Partners.  The only time charges that do not

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      Employment of C&M

5.      By order dated October 22, 2009, the Court granted the Debtors'
application authorizing the retention and employment of C&M as counsel to Debtors, effective
as of September 14, 2009.

6.      As C&M disclosed in the Declaration of Michael V. Blumenthal in
support of Debtors' application to employ C&M as its counsel dated September 23, 2009
[Docket No. 61], C&M was initially retained pursuant to a retainer agreement dated August 26,
2009, (the "Retention Agreement") by the Debtors to evaluate the restructuring alternatives
available to the Debtors' debts and a potential chapter 11 filing.  On August 24, 2009, C&M
received $50,000 from Philo Smith, one of the managers of Holding.  Subsequently, C&M
entered into an amended retention agreement (the "Amended Retention Agreement"), pursuant
to which Philo Smith wired $25,000 to C&M on September 10, 2009, and $50,000 to C&M on
September 11, 2009.  As of the Petition Date, C&M utilized $117,834.16 in connection with
counseling and the preparation of the Debtors' bankruptcy filing.  The remaining $7,165.84 was
held as a retainer (the "Retainer") for C&M's representation of the Debtors' in their
reorganization cases, and subsequently applied as permitted pursuant to this Court's order dated
October 22, 2009 approving the retention of C&M.

7.      As C&M disclosed in the Supplemental Statement and Disclosure of
Compensation of Crowell & Moring LLP, Counsel for the Debtors, on October 23, 2009, C&M

---

relate to Partners is a portion of the $67,630.50 ("Reports & Schedules/ First Day Motions") that relates to Mezzanine and

received an additional $75,000 from Philo Smith, Jr., a co-manager of the Debtors and the

representative of the Philo Smith, Jr. Trust, a 10% member of Holding.

8.      The $7.165.84 Retainer and the $75,000 postpetition payment totaling

$82,165.84 has been applied to C&M's fees in the amount of $76,068.00 and to C&M's

expenses in the amount of $6,097.84, for the period from September 14, 2009 through

November 30, 2009.

9.      In addition to the above non-Debtor payments, the Debtors paid C&M

$204,264.94 in fees and $16,099.33 in expenses (totaling $220,364.27) for the period

September 14, 2009 through November 30, 2009.  Thus, C&M has received a total of

$280,332.94 for payment of its fees and $22,197.17 for reimbursement of its expenses.

10.     All services performed and expenses incurred for which compensation or

reimbursement is sought were performed or incurred for and on behalf of the estate and not for

any other person or entity.

11.     C&M has not shared or agreed to share compensation or reimbursement

awarded in this case with any other person except as among the members and employees of the

firm.

12.     C&M has not made any agreements with the Debtors or others for

compensation or reimbursement relating to this case which have not been disclosed to the Court.

C.      <u>Successful Steps Taken Toward Reorganization</u>.

10.     Since the commencement of these bankruptcy cases, the Debtors have

taken deliberate actions to ensure that Partners is able to continue operating the SkyLodge Hotel

---

Holding.

and emerge from bankruptcy, including (i) negotiating a cash collateral stipulation with WestLB

AG ("WestLB"), its secured lender, to continue operating the SkyLodge Hotel during the

bankruptcy cases, (ii) negotiating a consensual extension of the Debtors' exclusive periods,

(iii) obtaining a plan funder to facilitate Partners' exit from chapter 11, and (iv) filing a plan of

reorganization and disclosure statement to exit from bankruptcy.  As more fully set forth herein,

C&M has been involved in (i) negotiating (a) the cash collateral stipulation with WestLB, (b) the

settlement of the secured claim of Jacobsen National Group, Inc. ("Jacobsen"), and (c) a

consensual extension of the Debtor's exclusive periods, (ii) drafting the plan of reorganization

and disclosure statement, and (iii) advising the Debtors on various legal issues as they arise.

C&M has also worked closely with the Debtors' co-counsel, Durham Jones & Pinegar ("DJP")

and the Debtors' consultant BDRC 4 Site, LLC ("BDRC") on various matters in these cases.

   11. Thus as a result of the effects of C&M, Partners has made tremendous

progress toward reorganization in only a few short months.

## II. THE PRESENT APPLICATION

  A. <u>Billing Methodology</u>

   12. In this Application, C&M is requesting compensation for services

provided and reimbursement of expenses incurred during the Application Period, September 14,

2009 through December 31, 2009.  A summary of fees requested, as required by the Fee

Guidelines of the United States Trustee, is attached hereto as Exhibit 1.  A summary of the

expenses incurred, broken down by type of expense, is attached as Exhibit 2.

13.     C&M's services in this case are billed on an hourly-rate basis, consistent with C&M's customary charges for comparably skilled and experienced practitioners in other bankruptcy and non-bankruptcy cases.

14.     In rendering services and incurring expenses on behalf of the estate, C&M makes reasonable efforts to use the most economical means and methods that are available and appropriate under the circumstances.

15.     The education and experience of the C&M attorneys providing service on behalf of the Debtors during the Application Period are detailed in the professional resumes attached as Exhibit 3.

16.     Given the education, experience, and expertise of the C&M attorneys rendering services in this case, the rates charged are reasonable, and are the same as or lower than rates C&M typically charges to clients for similar services.

B.     Services Performed on Behalf of the Estate

17.     During the Application Period, C&M rendered services to the estate for which it seeks compensation in the total amount of $477,377.[3]  Such services are detailed in the invoices broken down by project category which are attached hereto as Exhibit 4 through Exhibit 7.

18.     C&M has categorized the time spent performing services for the Debtors' estates into the following project categories.  C&M has performed no services in certain categories.

---

3  The blended hourly rate for C&M professionals and paraprofessionals in this case is $530.12.  This was derived by dividing the $477,377 sought by the 900.5 hours of services rendered by C&M.

| C&M Matter No. | Matter Name |
|---|---|
| 0000001 | General Advice |
| 0000002 | Automatic Stay |
| 0000003 | Case Administration |
| 0000004 | Claims Administration |
| 0000005 | Creditor Meetings/Statutory Committee |
| 0000006 | Executory Contracts/Leases |
| 0000007 | Financing |
| 0000008 | 2004 Exams |
| 0000009 | BayNorth Litigation |
| 0000010 | Other Litigation |
| 0000011 | Real Estate |
| 0000012 | Reorganization Plan/Disclosure Statement |
| 0000013 | Reports & Schedules/First Day Motions |
| 0000014 | Retention/Fee Matters |
| 0000015 | Secured Claims (WestLB) |
| 0000016 | Secured Claims (Jacobsen) |
| 0000017 | Secured Claims (BayNorth) |
| 0000018 | U.S. Trustee Matters (341 Meetings) |
| 0000019 | Non-Billable Travel |
| 0000020 | Corporate Issues |

19.    The totals of the fees sought in this Application for services in the various project categories are as follows:

| MATTER NO. | MATTER NAME | AMOUNT |
|---|---|---|
| 0000001 | General Advice | $7,627.50 |
| 0000002 | Automatic Stay | $230.00 |
| 0000003 | Case Administration | $6,045.50 |
| 0000004 | Claims Administration | $498.50 |
| 0000005 | Creditor Meetings/Statutory Committee | $3,640.00 |
| 0000006 | Executory Contracts/Leases | $1,882.50 |
| 0000007 | Financing | $25,920.00 |
| 0000008 | 2004 Exams | $7,535.50 |
| 0000009 | BayNorth Litigation | $144,623.00 |
| 0000010 | Other Litigation | $53,838.50 |
| 0000011 | Real Estate | 0.00 |
| 0000012 | Reorganization Plan/Disclosure Statement | $63,889.00 |
| 0000013 | Reports & Schedules/First Day Motions | $67,630.50 |
| 0000014 | Retention/Fee Matters | $25,485.00 |
| 0000015 | Secured Claims (WestLB) | $34,500.50 |

| 0000016 | Secured Claims (Jacobsen) | $2,170.00 |
| 0000017 | Secured Claims (BayNorth) | $12,742.00 |
| 0000018 | U.S. Trustee Matters (341 Meetings) | $140.00 |
| 0000019 | Non-Billable Travel | $15,262.50[4] |
| 0000020 | Corporate Issues | $3,716.50 |
| | TOTAL: | $477,377.00 |

C.    Summary of Services in Each Project Category

20.    A summary of the nature of each project category, a table indicating the

names, billing rates, hours spent, and total amounts billed during the Application Period as to

each C&M professional and paraprofessional in each project category, and a synopsis of the

work performed during the Application Period in each project category, is provided in separate

paragraphs below.  A detailed description of the services rendered in each project category are

set forth in the invoices attached hereto as Exhibits 4 through 7.

21.    General Advice

a.    This project category is for services relating to general advice in

the Debtors' cases.

b.    During the Application Period, the following C&M professionals

and paraprofessional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 8.4 | $5,880.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | 1.2 | $690.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 4.5 | $1,057.50 |
| TOTAL HOURS: | | | 14.1 | $7,627.50 |

c.    During the Application Period, C&M provided advice to the

Debtors regarding, among other things, certain first day motions, budgets and strategy, U.S.

8

Trustee issues, bank account issues, and funding issues.  This is a general category and other services relating to these issues have been allocated to and are set forth in other categories, in instances where there is no exact category for the services rendered.

22.    Automatic Stay

a.    This project category is for services relating to the automatic stay.

b.    During the Application Period, the following C&M professional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Steven B. Eichel (SE) | Counsel | $575.00 | .4 | $230.00 |
| TOTAL HOURS: | | | .4 | $230.00 |

c.    During the Application Period, C&M drafted a letter and an e-mail to BayNorth's counsel advising them of the filing of the Debtors' bankruptcy cases and that as a result of the bankruptcy filing, BayNorth is stayed from foreclosing on the Debtors' property, including the pledge of Holding of 100% of its interest in Mezzanine to BayNorth.

23.    Case Administration

a.    This project category is for services relating to case administration.

b.    During the Application Period, the following C&M professionals and paraprofessional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 2.10 | $1,470.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | .60 | $345.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 18.80 | $4,418.50 |
| TOTAL HOURS: | | | 21.50 | $6,233.50 |

---

4 This represents a 50% reduction in actual time charges.

      c.     During the Application Period, C&M committed time to case administration matters typical of the time necessarily expended in any Chapter 11 case.  In particular, C&M professionals and paraprofessionals devoted time during the Application Period to (i) preparing a contact list, (ii) retrieving pleadings from the Court's docket, (iii) organizing documents, (iv) coordinating case responsibilities, (v) preparing a case calendar, (vi) reviewing correspondence from client and professionals in case, (vii) establishing DIP bank accounts (viii) updating files, and (ix) drafting and updating the case calendar.

     24.    <u>Claims Administration</u>

      a.     This project category is for time spent for services related to addressing claims issues in the Debtors' cases.

      b.     During the Application Period, the following C&M professionals and paraprofessional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | .1 | $70.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | .5 | $287.50 |
| Stella Leung (SL) | Paralegal | $235.00 | .6 | $141.00 |
| TOTAL HOURS: | | | 1.2 | $498.50 |

      c.     During the Application Period, C&M worked on various claim related issues, including, but not limited to, (i) drafting correspondence regarding claims of Mezzanine and the bar date, (ii) reviewing and analyzing the creditor lists of Partners and Mezzanine, and (iii) communicating with the Debtors regarding the claims in these cases.

     25.    <u>Creditor Meetings/Statutory Committee</u>

      a.     This project category is for time spent for services related to the Official Committee of Unsecured Creditors (the "Creditors Committee").

10

b.      During the Application Period, the following C&M professional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 5.2 | $3,640.00 |
| TOTAL HOURS: | | | 5.2 | $3,640.00 |

c.      During the Application Period, C&M, among other things, (i) communicated with co-counsel regarding BayNorth and WestLB issues to discuss with Creditors Committee counsel, (ii) communicated with counsel to Creditors Committee regarding cash collateral stipulation, co-manager issues, business plan and information requests, (iii) participated in Creditors Committee meeting telephonically, and (iv) reviewed correspondence from Creditors Committee.

26.      <u>Executory Contracts/Leases</u>

a.      This project category is for services related to executory contracts and unexpired leases.

b.      During the Application Period, the following C&M professionals provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | .8 | $560.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | 2.3 | $1,322.50 |
| TOTAL HOURS: | | | 3.1 | $1,882.50 |

c.      During the Application Period, C&M reviewed and analyzed the Zoom lease and its amendment.  In connection therewith, C&M (i) conferred with each other regarding the analysis of the Zoom lease and (ii) communicated with the Debtors and their advisors regarding strategy relating to Zoom lease.  C&M also (i) communicated with the

11

Debtors and BDRC regarding the Gateway lease and analyzed issues with respect to the same, and (ii) reviewed correspondence from a supplier regarding assumption and rejection issue and communicated with co-counsel and Debtors regarding the same.

27.    Financing

a.    This project category is for services relating to financing the Debtors' operations during the bankruptcy cases and exiting from bankruptcy.

b.    During the Application Period, the following C&M professionals and paraprofessional provided services to the estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| William M. O'Connor (WMO) | Partner | $725.00 | 7.0 | $5,075.00 |
| Mark S. Lichtenstein (MSL) | Partner | $540.00 | .6 | $324.00 |
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 23.0 | $16,100.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | 5.8 | $3,335.00 |
| John Bricker (JB) | Counsel | $535.00 | .8 | $428.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 2.8 | $658.00 |
| TOTAL HOURS: | | | 40.0 | $25,920.00 |

c.    During the Application Period, C&M spent time on financing issues. In particular, C&M devoted time to, among other things, (i) drafting confidentiality agreements with potential lenders regarding financing, (ii) communicating with the Debtors regarding potential DIP financing, confidentiality agreements, potential plan funders, financial information, exit financing and business plan(s) and (iii) communicating with potential plan funders.

28.    2004 Exams

a.    This project category is for services related to the 2004 examinations of David Wickline ("Wickline").

b.       During the Application Period, the following C&M professionals

provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 2.4 | $1,680.00 |
| Bruce Zabarauskas (BZ) | Counsel | $550.00 | 9.5 | $5,225.00 |
| Lawrence Brenner (LB) | Associate | $485.00 | 1.3 | $630.50 |
| TOTAL HOURS: | | | 13.2 | $7,535.50 |

c.       During the Application Period, C&M drafted a Rule 2004 Motion

of Wickline and a corresponding document request and order.  Prior to the Petition Date, Mr.

Wickline was one of the officers of one of the Debtors' managers.  In connection with this

matter, C&M (i) reviewed documents, (ii) prepared document requests for Wickline, (iii)

conducted limited research in connection with the Rule 2004 Motion, (iv) communicated with

the Debtors regarding Wickline issues, and (v) communicated with counsel for Wickline

regarding obtaining Wickline's information in lieu of a Rule 2004 exam on a consensual basis.

29.     BayNorth Litigation

a.       This project category is for services relating to the Debtors'

adversary proceeding commenced by the Debtors against BayNorth Realty Fund VI, LP

("BayNorth").

b.       During the Application Period, the following C&M professionals

and paraprofessionals logged time in this project category; however, only $102,284.50 is

attributable to the BayNorth Adversary Proceeding (defined below).

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Jonathan Anastasia (JA) | Associate | $270.00 | 2.4 | $648.00 |
| Steven Eichel (SE) | Counsel | $575.00 | 1.7 | $977.50 |
| Bruce Zabarauskas (BZ) | Counsel | $550.00 | 156.1 | $85,855.00 |
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 32.6 | $22,820.00 |
| Lawrence Brenner (LB) | Associate | $485.00 | 2.4 | $1,164.00 |
| Vivian Arias (VA) | Associate | $360.00 | 89.3 | $32,148.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 4.3 | $1,010.50 |
| TOTAL HOURS: | | | 288.8 | $144,623.00 |

c.      As was reflected on the Monthly Fee and Expense Statements,

only $19,235.00 of time charges in September, $31,911.50 in October, $2,957 in November

and $48,284.50 in December were expended.  Some of the time logged in this category relates

to the Section 105 Action (defined below) in the category "Other Litigation," which is

described below.  As a result, although the time attributable on the time detail attached hereto

for this matter is $144,623, the actual cost for services rendered with respect to this matter is

approximately $102,284.50

d.      During the Application Period, C&M devoted a significant amount

of time in connection with the adversary proceeding (the "BayNorth Adversary Proceeding")

commenced on September 15, 2009, by the Debtors against BayNorth focusing on the

disbursement of $5,600,000 by WestLB from the Real Estate Sales Account to BayNorth (the

"BayNorth Transfer").  In connection with the BayNorth Adversary Proceeding, C&M, among

other things, (i) drafted and revised the complaint against BayNorth, (ii) researched claims to

be asserted against BayNorth and related issues (including yield maintenance provision issues

and applicable Massachusetts law), (iii) reviewed BayNorth and WestLB loan and ancillary

documents, (iv) coordinated service of the summons and complaint, (v) drafted a document

preservation letter to BayNorth, (vi) reviewed correspondence relating to BayNorth, (vii)

communicated with each other regarding the BayNorth note, strategy, and amending the

complaint, (viii) communicated with BayNorth's counsel regarding extension of time to

answer the complaint and potential settlement, and (ix) communicated with Debtors regarding

the BayNorth Adversary Proceeding, (x) reviewed the motion to dismiss the complaint in the

BayNorth Adversary Proceeding, (xi) analyzed and drafted the response to BayNorth's motion

to dismiss, (xii) drafted the declaration of W. Shoaf, (xiii) communicated with each other and

Debtors' principals regarding litigation strategy, (xiv) commenced drafting initial discovery,

including document requests and interrogatories to BayNorth, and (xv) prepared for, appeared

and argued in opposition to BayNorth's motion to dismiss BayNorth Adversary Proceeding.

As a result of C&M's efforts, BayNorth's motion to dismiss the BayNorth Adversary

Proceeding was denied, and the BayNorth Adversary Proceeding is being aggressively pursued

for the benefit of the Debtors' estates and the creditors thereof.

   e.  In addition, C&M devoted time in connection with preparing the

section 105 complaint filed in the Bankruptcy Court (the "Section 105 Action") and the

memorandum of law in support of the section 105 injunction (the "Injunction Memorandum"),

which sought to stay the Massachusetts state court proceeding commenced by BayNorth

against William Shoaf ("Shoaf") and Wickline because of its impact on the Debtors' estates.

The services rendered with respect to this litigation are included in both this matter and the

matter entitled "Other Litigation" in paragraph 30 below.  The services relating to the Section

105 Action that were rendered by C&M and recorded in this matter included (i)

communicating with each other and the Debtors regarding the Injunction Memorandum, (ii)

drafting the complaint for the Section 105 Action and the Injunction Memorandum, (iii)

reviewing springing and completion guarantees and operating agreements for use in the

verified complaint, and (iv) preparing for and attending the hearing in connection with the

motion.

      30.     Other Litigation

          a.     This project category is for services relating to the Section 105

Action seeking to stay the Massachusetts state court action (the "Massachusetts Action")

commenced by BayNorth against Shoaf and Wickline.  As set forth above, due to the

interrelatedness of the BayNorth Adversary Proceeding and the Section 105 Action, some time

detail relating to the Section 105 Action was included in the prior BayNorth matter.

          b.     During the Application Period, the following C&M professionals

provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 22.1 | $15,470.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | 12.4 | $7,130.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $550.00 | 56.0 | $30,800.00 |
| Jonathan Anastasia (JA) | Associate | $270.00 | 2.1 | $567.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 1.9 | $446.50 |
| TOTAL HOURS: | | | 94.5 | $54,413.50[5] |

          c.     During the Application Period, C&M devoted time with respect to

the Section 105 Action, which was seeking to stay the Massachusetts Action commenced by

BayNorth against Shoaf and Wickline because of its impact on the Debtors' estates.  In

connection therewith, C&M (i) reviewed pleadings regarding the Massachusetts Action, (ii)

researched issues regarding the section 105 injunction in connection with drafting the complaint

for the Section 105 Action, (iii) drafted the section 105 complaint, (iv) communicated with each other regarding the Section 105 Action and strategy, (v) communicated with W. Shoaf regarding the Massachusetts Action and the Section 105 Action, (vi) drafted a motion for preliminary injunction and the Injunction Memorandum, (vii) communicated with co-counsel regarding filing of the Section 105 Action, (viii) prepared for hearing with respect to Section 105 Action, (ix) reviewed BayNorth's response to section 105 motion, (x) drafted a reply memo and supporting affidavit in connection with Section 105 Action, and (xi) prepared for and attended the hearing on the Section 105 Action.

> d.  The time charges attributable to the Section 105 Action were placed in (i) this matter, (ii) the matter entitled "Secured Claims (BayNorth) and (iii) the matter entitled "BayNorth Litigation."  As a result, although the summary of the time detail above lists the amount of services rendered in this matter as $54,413.50, the actual cost of services attributable to the "Other Litigation" category is $106,839.00.

> 31.  Reorganization Plan/Disclosure Statement

> a.  This project category is for services relating to (i) the extension of the Debtors' exclusive periods and (ii) drafting Partners' plan of reorganization and accompanying disclosure statement.

> b.  During the Application Period, the following C&M professionals and paraprofessional provided services to the Debtors' estates in this category.

---

5  As explained at paragraph 30(d), an additional $52,425.50 in time charges was rendered in this category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | 700.00 | 27.0 | $18,900.00 |
| Steven B. Eichel (SE) | Counsel | 575.00 | 74.5 | $42,837.50 |
| Bruce J. Zabarauskas (BZ) | Counsel | 535.00 | 3.1 | $1,705.00 |
| Stella Leung (SL) | Paralegal | 235.00 | 1.9 | $446.50 |
| TOTAL HOURS: | | | 106.5 | $63,889.00 |

c.      During the Application Period, C&M prepared and filed a motion
to further extend the Debtors' exclusive periods for filing and soliciting acceptances to a plan.
On January 12, 2010, the Bankruptcy Court entered an order ("Exclusivity Order") extending
Partners exclusive period to file a plan of reorganization through January 15, 2010 and to solicit
acceptances of such plan, any amended plans of reorganization or any amendments thereto
through March 31, 2010.  Moreover, the Exclusivity Order extended the time for Mezzanine and
Holding to March 15, 2010 to file a plan and to May 14, 2010 to solicit acceptances of such
plan(s).

d.      C&M also spent a significant amount of time working on and
strategizing regarding a proposed plan of reorganization.  On January 15, 2010, Partners filed a
plan and an accompanying disclosure statement.  In order to file this plan and disclosure
statement, C&M's attorneys communicated with (i) each other, co-counsel, DJP, and the Debtors
and their advisors regarding strategy, the business plan, classification issues, and sources of
funding, (ii) C&M also communicated and conducted negotiations with counsel to WestLB, (iii)
counsel to Jacobsen, (iv) counsel to the Creditors Committee, and (v) potential plan funders
regarding the terms of a plan of reorganization and related issues.  In connection with the plan
process, C&M, among other things, (a) drafted a motion to extend exclusivity, (b) drafted a term
sheet setting forth the terms of a proposed plan of reorganization, which was distributed to

18

WestLB, (c) drafted the plan of reorganization and analyzed related issues, and (d) drafted the disclosure statement and analyzed related issues.

    32.    Reports & Schedules/First Day Motions

    a.    This project category is for services relating to the filing of the first day motions and reports and schedules.

    b.    During the Application Period, the following C&M professionals provided services to the Debtors' estates in this category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 25.4 | $17,780.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | 40.4 | $23,230.00 |
| Mark Lichtenstein (MSL) | Partner | $540.00 | 4.9 | $2,646.00 |
| Lawrence Brenner (LB) | Associate | $485.00 | 9.7 | $4,704.50 |
| Vivian Arias (VA) | Associate | $360.00 | 45.9 | $16,524.00 |
| Jonathan Anastasia (JA) | Associate | $270.00 | 3.5 | $945.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 7.7 | $1,809.50 |
| Kreig Kitts (KK) | Librarian | $190.00 | .6 | $114.00 |
| TOTAL HOURS: | | | 138.1 | $67,753.00 |

    c.    During the Application Period, C&M (i) communicated with each other, (ii) finalized all first day motions and orders, including use of cash collateral, payment of prepetition wages and related expenses, extension of time to file schedules, adequate protection of utilities pursuant to section 366 of the Bankruptcy Code and related applications, (iii) drafted a motion to pay prepetition sales taxes, (iv) communicated with the Debtors regarding the foregoing as well as strategy and preparing financial budgets, (v) drafted a creditor matrix for each debtor, (vi) negotiated with WestLB regarding a consensual cash collateral stipulation and reviewed correspondence from WestLB regarding the interim cash collateral order, (vii) prepared for the first day hearing and argued first day motions, (viii) communicated with Debtors

regarding obtaining information related to first day motions, (ix) communicated with co-counsel regarding information needed for schedules and statement of financial affairs and analyzed related issues, and (x) drafted schedules and statement of financial affairs and analyzed related issues.

33.     Retention/Fee Matters

a.      This project category is for services relating to retention of professionals and other fee related matters.

b.      During the Application Period, the following C&M professionals provided services to the Debtors' estates.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| William O'Connor (WMO) | Partner | $725.00 | .8 | $580.00 |
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 28.1 | $19,670.00 |
| Steven Eichel (SE) | Counsel | $575.00 | 3.2 | $1,840.00 |
| Bruce J. Zabarauskas (BJ) | Counsel | $550.00 | .2 | $110.00 |
| Lawrence Brenner (LB) | Associate | $485.00 | 2.8 | $1,358.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 8.2 | $1,927.00 |
| TOTAL HOURS: | | | 43.3 | $25,485.00 |

c.      During the Application Period, C&M committed time to retention and fee matters.  In particular, C&M professionals devoted time to (i) communicating and meeting with potential co-managers as required under the cash collateral stipulation, (ii) communicating with co-counsel regarding co-manager, (iii) communicating with BDRC regarding retention as co-manager, (iv) reviewing, revising and negotiating BDRC's proposal, (v) communicating with WestLB's counsel regarding retention of BDRC and Gemstone, (vi) communicating with W. Shoaf regarding co-manager candidates, (vii) reviewing, revising and negotiating the proposed Gemstone agreement, (viii) participating telephonically with respect to

a hearing on retention of Gemstone and BDRC, (ix) reviewing and revising the motion to allow

for monthly fee payments and reviewing comments of others regarding same, (x) revising

C&M's retention application and order, (xi) analyzing disclosure issues, (xii) participating at

hearing on C&M's retention, (xiii) reviewing interim fee procedures order, (xiv) reviewing and

redacting privileged information from C&M's time detail in connection with drafting monthly

interim fee applications, (xv) reviewing bills from WestLB's counsel pursuant to interim fee

procedures order, and (xvi) responding to inquiries regarding C&M's fees and expenses.

 34.  Secured Claims (WestLB)

  a.  This project category is for services relating to secured claim of

WestLB.

  b.  During the Application Period, the following C&M professionals

provided services to the Debtors' estates in this category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 48.4 | $33,880.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $550.00 | 1.0 | $550.00 |
| Stella Leung (SL) | Paralegal | $235.00 | .3 | $70.50 |
| TOTAL HOURS: | | | 49.7 | $34,500.50 |

  c.  During the Application Period, C&M professionals devoted time to

this category.  In particular, C&M devoted time to (i) communicating with counsel to WestLB

regarding the cash collateral stipulation and budgets relating thereto, (ii) communicating with

WestLB regarding a potential plan, (ii) communicating with the Debtors regarding cash

collateral stipulation and budget for presentation to WestLB, (iii) reviewing and revising

budgets, (iv) negotiating the cash collateral stipulation and amendments and extensions thereto

with WestLB's counsel and reviewing and revising same, (v) reviewing the Creditors

Committee's and Jacobsen's objections to the cash collateral stipulation and expending time in

discussions and emails to resolving the various objections, (vi) reviewing business plans, (vii)

reviewing requests under cash collateral stipulation and participating in many telephone

conferences regarding the same, (viii) preparing and revising the motion to approve the cash

collateral stipulation and amendments thereto, (ix) communicating with co-counsel and the

Debtors regarding the cash collateral stipulation, (x) attending hearings on use of cash collateral,

and (xi) analysis of WestLB's claim.

      35.     Secured Claims (Jacobsen)

      a.     This project category is for services relating to secured claim of

Jacobsen.

      b.     During the Application Period, the following C&M professionals

provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 3.1 | $2,170.00 |
| TOTAL HOURS: | | | 3.1 | $2,170.00 |

      c.     During the Application Period, C&M devoted time with respect to

the secured claim of Jacobsen.  In particular, C&M (i) communicated with Debtors regarding

Jacobsen's claim, mechanic's lien and strategy, (ii) reviewed Jacobsen's complaint filed against,

among others, Partners, certain of its lenders, the Union Square Condominium Owners

Association, and other individuals that have an interest in the SkyLodge, (iii) reviewed filing

registry regarding Jacobsen's liens, and (iv) reviewed and revised the response to Jacobsen's

objection to amend the cash collateral stipulation.  C&M also began negotiations with

Jacobsen's counsel regarding the treatment of Jacobsen under the Plan.

36.     Secured Claims (BayNorth)

    a.      This project category is for services relating to claim of BayNorth.

    b.      During the Application Period, the following C&M professionals

provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 11.7 | $8,190.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | .5 | $287.50 |
| Bruce J. Zabarauskas (BZ) | Counsel | $550.00 | 4.8 | $2,640.00 |
| Mark Lichtenstein (ML) | Partner | $540.00 | .2 | $108.00 |
| John Bricker (JB) | Counsel | $535.00 | 2.0 | $1,070.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 1.9 | $446.50 |
| TOTAL HOURS: | | | 21.1 | $12,742.00 |

    c.      During the Application Period, C&M devoted significant time with

respect to the analysis of the claims of BayNorth against the various Debtors.[6]  In particular,

C&M professionals (i) communicated with reach other regarding claims against BayNorth, (ii)

researched issues relating to such claims, (iii) reviewed correspondence and documentation

relating to BayNorth's claims against the Debtors, (iv) reviewed and revised the complaint in the

Section 105 Action and Injunction Memorandum and (v) reviewed documents relating to claims

against BayNorth.

37.     U.S. Trustee Matters (341 Meetings)

    a.      This project category is for services relating to secured claim of

Jacobsen.

    b.      During the Application Period, the following C&M professionals

provided services to the Debtors' estate in this project category.

---

6 Some of the services rendered that relate to the BayNorth claim may be included in the category of "BayNorth

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | .2 | $140.00 |
| TOTAL HOURS: | | | .2 | $140.00 |

     c.     During the Application Period, C&M reviewed emails from co-counsel regarding the Debtors' 341 meeting.

     38.     Non-Billable Travel

     a.     This project category is for services relating to travel to Salt Lake City and Park City, Utah.

     b.     During the Application Period, the following C&M professionals provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 27.5 | $19,250.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $550.00 | 20.5 | $11,275.00 |
| | | | 48.0 | $30,525.00 |

     c.     During the Application Period, C&M traveled to Utah for various meetings with the Debtors' principals and to attend hearings on various matters set forth above. C&M reduced the time allotted to non-billable travel to 50% of the actual time charges.

     39.     Corporate Issues

     a.     This project category is for services related to corporate issues.

     b.     During the Application Period, the following C&M professionals provided services to the Debtors' estates in this project category.

---

Litigation."

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $700.00 | 2.2 | $1,540.00 |
| Robert G. Frucht (RGF) | Partner | $690.00 | 1.2 | $828.00 |
| Tasneen Novak (TN) | Associates | $360.00 | 1.2 | $432.00 |
| Stella Leung (SL) | Paralegal | $235.00 | 3.9 | $916.50 |
| TOTAL HOURS: | | | 8.5 | $3,716.50 |

        c.      During the Application Period, C&M professionals, among other things, (i) reviewed various operating agreements and other corporate documents of the Debtors, (ii) communicated with each other regarding various corporate issues and analyzed documents in connection therewith, (iii) communicated with counsel for Wickline, a former co-manager of Holdings, and (iv) communicated with Debtors regarding various corporate structure and strategic issues.

        D.      <u>Reimbursement of Expenses</u>

        41.      During the Application Period, C&M incurred actual and necessary expenses in the total amount of $20,900.70 in connection with the professional services rendered to the Debtors' estates. A summary showing the break-down of total expenses by type of expense is set forth on Exhibit 2.

        42.      Specifically, inside copy charges are $.20 per page. Outside copy charges are for the actual amount charged to C&M by outside services. Computerized legal research is billed to clients at the actual amount charged to C&M for such services. C&M keeps in its files appropriate detail, including receipts, invoices, reimbursement vouchers, and other supporting information concerning the expenses incurred in this representation, and that information is available for review upon request.

43.     The expenses incurred by C&M for which reimbursement in this
Application is sought are consistent with the U.S. Trustee Guidelines and the rules and orders
applicable in this case.

44.     C&M seeks to have its fees and expenses allowed in the full amount set
forth in this Application.

45.     C&M understands that fees and expenses allowed under this Application
are interim in nature and the Court may order their disgorgement at any time prior to the entry of
a final order approving C&M's final fee application or the end of the bankruptcy case, whichever
is earlier.

46.     C&M has used its billing discretion and has, where appropriate,
voluntarily reduced its fees and expenses consistent with the U.S. Trustee Guidelines and the
prior practice of this Court.

WHEREFORE, C&M requests:

1.     That interim compensation and reimbursement be allowed and awarded to
C&M in the total amount of $498,277.70 which includes $477,377 for professional services
rendered and $20,900.70 for expenses incurred during the Application Period;

2.     That such amounts be allowed as priority administrative expenses of the
estate in Chapter 11 pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(1); and

3.     That the Debtors be authorized, pursuant to 11 U.S.C. §§ 330 and 331, to
pay such further allowed amounts from the estates as set forth herein.

DATED:  New York, New York
        January 29, 2010

                    CROWELL & MORING LLP

        By:  _____/s/ Michael V. Blumenthal_____
             Michael V. Blumenthal (mblumenthal@crowell.com)
               (admitted pro hac vice)
             Steven B. Eichel (seichel@crowell.com)
               (admitted pro hac vice)
             590 Madison Avenue, 20th Floor
             New York, NY  10022
             Telephone:  (212) 223-4000
             Facsimile:  (212) 223-4134
             Counsel for Debtors and Debtors in Possession

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al.* | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:   201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

## SUMMARY REQUIRED BY UNITED STATES TRUSTEE GUIDELINES

| | | |
|---|---|---|
| Fees Previously Requested: | $0.00 | NAME OF APPLICANT: |
| Fees Previously Paid: | $280,332.94[7] | Crowell & Moring LLP |
| | | |
| Expenses Previously Requested: | $22,197.17[8] | ROLE IN THE CASE: |
| Expenses Previously Paid: | $0.00 | Counsel for Debtor in Possession |
| | | |
| Retainer Paid: | 125,000 [9] | CURRENT APPLICATION:  FIRST |

| | |
|---|---|
| Fee Requested | $477,377.00 |
| Expenses Requested | $20,900.70 |

---

7  Of this amount, $76,068 was paid to C&M by a third party.
8  Of this amount, $6,097.84 was paid to C&M by a third party.
9  The retainer was paid by a third party.

| NAME OF PROFESSIONAL/ PARALEGAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| William O'Connor | 1981 | 7.8 | $725.00 | $5,655.00 |
| Michael V. Blumenthal | 1975 | 268.8 | $700.00 | $188,160.00 |
| Robert G. Frucht | 1998 | 1.2 | $690.00 | $828.00 |
| **COUNSELS** | | | | |
| Steven Eichel | 1988 | 145.0 | $575.00 | $82,800.00 |
| Bruce J. Zabarauskas | 1988 | 251.2 | $550.00 | $138,160.00 |
| Mark Lichtenstein | 1992 | 5.7 | $540.00 | $3,078.00 |
| John Bricker | 1980 | 2.8 | $535.00 | $1,498.00 |
| **ASSOCIATES** | | | | |
| Lawrence Brenner | 2003 | 16.2 | $485.00 | $7,857.00 |
| Vivian Arias | 2007 | 135.2 | $360.00 | $48,672.00 |
| Tasneen Novak | 2007 | 1.2 | $360.00 | $432.00 |
| Jonathan Anastasia | 2009 | 4.5 | $270.00 | $1,215.00 |
| **PARAPROFESSIONALS** | | | | |
| Stella Leung | N/A | 60.3 | $235.00 | $14,170.50 |
| Kreig Kitts | N/A | .6 | $190.00 | $114.00 |
| **TOTAL** | | **900.5** | | **$492,639.50**[10] |

---

10  This is the total amount of fees for services rendered prior to reducing the amount sought by $15,262.50 for time charges relating to non-working travel.  After the deduction, the fees requested by C&M is in the reduced amount of $477,377.

# EXHIBIT 2

## DISBURSEMENTS
### (9/14/2009- 12/31/2009)

| | |
|---|---:|
| Postage | $43.28 |
| Express Delivery | $160.58 |
| Local Transportation11 | $338.41 |
| Computer Research | $16,241.79 |
| In house Duplicating | $1,920.20 |
| Binding In house | $24.00 |
| Air Fare12 | $1275.20 |
| Long Distance Telephone | $771.89 |
| Process Server Fees | $69.83 |
| Miscellaneous | $55.52 |
| | |
| **TOTAL** | $20,900.70 |

---

11 Local travel is comprised of (i) transportation to the airport and (ii) local cabs for attorneys working late at night.
12 Michael Blumenthal traveled to Utah for the first day hearings.  C&M has reduced the "airfare" expense by $600 from $1875.20 to $1275.20 to reflect the price difference of $300 for the cost of an upgrade each way from coach to first class.  The expense sought reflects the cost of a roundtrip coach ticket from New York to Utah.

# EXHIBIT 3

**Michael V. Blumenthal** is a bankruptcy partner at Crowell & Moring LLP and is a member of C&M's Financial Service Group.  In corporate reorganization and bankruptcy areas, he has represented various parties, including, but not limited to, debtors, secured and unsecured creditors, creditors' committee and landlords.  He has extensive experience negotiating and litigating the issues pertinent to financially troubled corporations, portfolios, and assets, and is routinely involved in restructurings, divestitures, and acquisitions, and serving the needs of financial institutions, indenture trustees, investors, and official creditors' committees.

In the course of his career, Mr. Blumenthal has provided legal representation in a number of complex cases and transactions on behalf of institutions and publicly traded companies throughout the United States.  Among Mr. Blumenthal's more noteworthy engagements are those involving Sharon Steel, Frontier Airlines, Scott Cable, Caldor, K-Mart, and Adelphia, where he represented clients such as General Electric Capital Corporation, NBC/Universal, R. D. Management Group, and Victor Posner.

Mr. Blumenthal also has extensive experience in real estate finance, representing institutions such as General Electric Capital Corporation and an array of real estate entrepreneurs.

**Steven B. Eichel** is a counsel in the New York office of Crowell & Moring LLP. With broad experience as a corporate restructuring attorney representing large corporate debtors in bankruptcy cases, Mr. Eichel is a member of the bankruptcy and restructuring team within C&M's Financial Services Group.  Mr. Eichel concentrates his practice on a broad range of bankruptcy matters, including bankruptcy litigation and the acquisition of assets in bankruptcy cases. He has extensive experience representing large chapter 11 debtors, financial institutions, lenders, unsecured creditors, and liquidating trustees on a variety of insolvency-related matters across diverse sectors, such as chemicals, supermarkets, waste management, manufacturing and retail.

**Bruce Zabarauskas** is a counsel in Crowell & Moring's New York office.  Mr. Zabarauskas is a member of the firm's Financial Services Group, and regularly represents clients in the financial services industry. Bruce's litigation experience in this area ranges from the representation of institutional clients in commercial real estate foreclosure actions to the representation of debtors and creditors in Chapter 11 bankruptcy proceedings. He also has substantial experience litigating corporate breach of fiduciary issues at both the trial and appellate court levels. Bruce is the author of numerous articles on federal bankruptcy law and has been retained as an expert witness in connection with a multitude of bankruptcy related issues.

**Vivian Arias** is an associate in the firm's New York office. She is a member of the Financial Services group, where her practice includes the representation of financial institutions in transactions involving commercial or asset-based lending, loan portfolio sales and acquisitions, loan restructuring, workouts, related litigation and bankruptcy. Her practice also focuses on civil and commercial litigation.

**Stella Leung**, born New York City, Education: St. John's University (B.S. Legal Assistant).  Ms Leung has been a paralegal since 1994.