Adelaide Maudsley (#8791)
James K. Tracy (#6668)
CHAPMAN AND CUTLER LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111
Telephone:  801-533-0066
Facsimile:  801-533-9595
Email: maudsley@chapman.com
       jtracy@chapman.com

Brian W. Harvey (NY Bar No. BH-2518)
(admitted *pro hac vice*)
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
Telephone:: (212) 813-8829
Facsimile: (212) 355-3333
Email: bharvey@goodwinprocter.com

Counsel for BayNorth Realty Fund VI, LP

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>         Park City, UT  84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with<br>Cases 09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[FILED ELECTRONICALLY] |

**OBJECTION TO DISCLOSURE STATEMENT WITH RESPECT
TO PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC
DATED JANUARY 15, 2010**

BayNorth Realty Fund VI, LP ("BayNorth"), through its undersigned counsel, hereby files this objection (the "Objection") to the "Disclosure Statement With Respect To Plan Of Reorganization Of Easy Street Partners, LLC Dated January 15, 2010" (Docket No. 255) (the "Proposed Disclosure Statement") and in support hereof respectfully states as follows:

2763816.01.02.doc

**STANDARD FOR APPROVAL OF DISCLOSURE STATEMENT**

Section 1125 governs the adequacy of and the right to object to a disclosure statement. Any party in interest "may object to the inadequacy of a disclosure statement for the reason that inadequate disclosure may deprive objecting creditors or interest holders of information they may use to persuade others to vote against the plan" and because "all parties have an interest in good faith and feasibility." 7 Lawrence P. King et al., COLLIER ON BANKRUPTCY 1125.03[5], at 1125-23 (15th rev. ed. 2009).

Courts have held that the first level of analysis in deciding whether to approve a disclosure statement under Section 1125 of the Bankruptcy Code is whether the underlying plan of reorganization may itself be confirmed. If the plan cannot possibly be confirmed, then the disclosure statement should not be approved. *See generally In re Atlanta West VI Ltd. P'ship*, 91 B.R. 620 (Bankr. N.D. Ga. 1988); *In re Filex, Inc.*, 116 B.R. 37 (Bankr. S.D.N.Y. 1990); *In re Unichem Corp.*, 72 B.R. 95, 98 (Bankr. N.D. Ill. 1987); *In re Pecht*, 53 B.R. 768 (Bankr. E.D. Va. 1985); *In re McCall*, 44 B.R. 242 (Bankr. E.D. Pa. 1984). Approval of a disclosure statement where the plan cannot possibly be confirmed under the requirements of the Bankruptcy Code would necessitate a needless waste of time and estate assets in a fruitless solicitation and confirmation attempt. In such situations, the disclosure statement should not be approved for distribution in the first instance. *See In re Unichem Corp.*, 72 B.R. 95 (Bankr. N.D. Ill. 1987); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973 (Bankr. N.D.N.Y. 1988).

Further, under Section 1125(b) of the Bankruptcy Code, the Court may approve a disclosure statement only if it contains "adequate information." "Adequate information" is defined in Section 1125(a)(1) as:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1) (2009).

The essential purpose of a disclosure statement is to inform the reorganization electorate as fully as possible of the probable financial results of acceptance or rejection of a particular proposed plan. *See, e.g., In re The Stanley Hotel,* 13 B.R. 926, 929-930 (Bankr. D. Colo. 1981) (stating that disclosure must educate the debtor's creditors by "provid[ing] enough information to interested persons so they may make an informed choice between two alternatives [of accepting or rejecting a plan]"); *In re Diversified Investors Fund XVII,* 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988) (noting that disclosure must provide impaired creditors voting on the plan "the information they need to decide whether to accept the plan"). The information should include all of "those factors known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981). *See also Hall v. Vance (In re Hall)*, 887 F.2d 1041, 1043 (10th Cir. 1989) (affirming lower court's decision to disapprove disclosure statement, as it failed to identify assets, liabilities, cash operating requirements, tax consequences, and other material matters); *In re Jeppson,* 66 B.R. 269, 292 (Bankr. D. Utah 1986); *In re Sciotto Valley Mortgage Co.,* 88 B.R. 168, 170 (Bankr.

3

S.D. Ohio 1988). A debtor must disclose all material facts which may bear on an analysis of the likelihood of the success of the plan. *See In re Prudential Energy Co.,* 59 B.R. 765, 768 (Bankr. S.D.N.Y. 1986). Bankruptcy courts have an independent obligation to determine the existence of adequate information in a disclosure document. *See In re Eastern Maine Electric Coop., Inc.,* 125 B.R. 329, 333 (Bankr. D. Me. 1991).

## THE PROPOSED DISCLOSURE STATEMENT FAILS TO MEET THRESHOLD REQUIREMENTS AND STANDARDS FOR APPROVAL

The Proposed Disclosure Statement should not be approved: (i) it does not provide necessary or sufficient information about material issues and areas of the underlying proposed plan; (ii) it contains too many contingencies and unknowns; and (iii) it improperly relies on repeated references to a "plan supplement" that is to be filed at a later date. Examples of the foregoing include:

1. <u>The "Plan Supplement" To Be Filed At A Much Later Date</u>: The Proposed Disclosure Statement makes countless references to a "Plan Supplement" that is to be filed on the earlier of ten days prior to the hearing to consider confirmation of the Proposed Plan and two business days prior to the deadline for voting on the Proposed Plan. *See*, *e.g.*, Proposed Disclosure Statement at 35 ("The Reorganized Debtor shall adopt Reorganized Articles of Organization and a Reorganized Operating Agreement prior to, but effective as of, the Effective Date, which shall be included in the Plan Supplement."); ("The initial managing members and officers of the Reorganized Debtor shall be disclosed in the Plan Supplement and shall be in effect as of the Effective Date."); ("On or before the Effective Date, the Plan Funder shall contribute capital, loans and/or provide additional standby funds (either as additional capital or loans) on terms mutually acceptable to Partners and the Plan Funder sufficient to effetuate the

4

Plan, as summarized on page 18 above. The Plan Supplement will provide additional details, the exact terms fo such funding and structure of the Reorganized Debtor and its management."). The Plan Supplement is to, among other things, provide details about key components of the Proposed Plan, including the funding and exit financing for the reorganized debtor entity, the management team of the reorganized debtor entity, and the contractual obligations of the reorganized debtor entity. These kinds of details bear directly on the feasibility of the Proposed Plan and correspondingly creditors' and interest holders' voting decisions about the Proposed Plan and, as such, should be required to be included and disclosed in the Proposed Disclosure Statement.

  2. <u>Lack Of Disclosure About The "Plan Funder"</u>: The Proposed Disclosure Statement indicates that Easy Street Partners, LLC ("Partners") executed a letter of intent with Strategic Capital Partners, LLC ("SCP") in mid-January 2010 with respect to funding the proposed plan (the "Proposed Plan"). A copy of the letter of intent is not provided. The terms of the letter of intent, including whether or not such is binding, are not disclosed. SCP or an entity formed by SCP or an affiliate of SCP is apparently going to fund the Proposed Plan (the "Plan Funder"). Other than several somewhat vague references that the Plan Funder will provide up to $8 million of equity capital in cash and that the Plan Funder will contribute capital, loans and/or provide additional standby funds on terms acceptable to Partners and the Plan Funder, the Proposed Disclosure Statement does not describe the precise terms and conditions of the funding for the Proposed Plan, nor does it identify the investor group or entity behind such funding. Rather, the Proposed Disclosure Statement provides: "Pursuant to the LOI, definitive agreements *should be* executed prior to the hearing on this Disclosure Statement and will be fully discussed

5

in the Disclosure Statement disseminated to the holders of Claims and Interests in connection with voting on and confirmation of the Plan." Proposed Disclosure Statement at 19 (emphasis added). As of the time of filing this Objection, no such "definitive agreements" have been filed or disclosed. The Proposed Disclosure Statement further provides that details about the funding for the Proposed Plan will be revealed at a much later date in the "Plan Supplement." Funding and exit financing for Partners is a key, if not the key, component of the Proposed Plan. A disclosure statement in the form of the Proposed Disclosure Statement that simply and repeatedly says that additional information about funding and exit financing will be provided later and possibly in time for creditors and interest holders to make a decision about voting on the Proposed Plan is wholly inadequate.

3. <u>Reorganized Debtor Ownership And Management Questions</u>: Courts have held that, at a minimum, a disclosure statement should contain and identify management of the reorganized entity and its compensation and any transactions with insiders. *See In re Malek*, 35 B.R. 443, 444 (Bankr. E.D. Mich. 1983) ("The disclosure statement must describe fully, completely, and in detail all transactions within insiders."). The Proposed Disclosure Statement fails to do so. The Proposed Disclosure Statement states that in consideration for funding the Proposed Plan, an entity formed by SCP will own 75% of the Reorganized Debtor. The remaining 25% of the Reorganized Debtor will apparently be owned by a yet unformed entity of which William Shoaf, a principal and part owner of the Sky Lodge ("Mr. Shoaf"), will be a member and a manager. The Proposed Disclosure Statement notes that the remaining ownership of this entity will be determined upon execution of "definitive agreements" but does not indicate if and when additional details about such agreements or the agreements themselves will be

disclosed. No mention is made in the Proposed Disclosure Statement about whether Mr. Shoaf, an insider, is paying any consideration for his interest in this new entity. This is a particularly troubling aspect of the Plan given that a distribution of new equity to Mr. Shoaf, a holder of equity interests in Easy Street Holding, LLC, would effectively violate the absolute priority rule. It is also unclear whether this new entity is the same entity by which SCP has required the Reorganized Debtor will be managed. While the Proposed Disclosure Statement states that SCP or a designee of SCP will be involved in the management of the Reorganized Debtor, it does not disclose in what capacity SCP or its designee will be involved.

     4.    <u>Valuation Information Not Provided</u>: Section 1125(b) of the Bankruptcy Code provides that the Court "may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets." 11 U.S.C. § 1125(b) (2009). The Proposed Disclosure Statement indicates that a valuation of Partners' assets at approximately $22 million has been done. Recognizing that the Bankruptcy Code does not mandate a valuation of the debtor's assets for approval of a disclosure statement, given that a valuation has been done in this instance and that such valuation bears directly on the feasibility and confirmability of the Proposed Plan, additional details about the valuation and the valuation itself should be disclosed.

     5.    <u>Contingencies, Unknowns, More Contingencies</u>: Disclosure statements necessarily include some minor contingencies and unknowns about the accompanying plan and its implementation. The Proposed Disclosure Statement here, however, contains a plethora of contingencies and unknowns associated with the Proposed Plan, rendering the Proposed Disclosure Statement inadequate. Indeed, the Proposed Disclosure Statement contains virtually no information about funding and exit financing, mainly whether it will be provided at all, by

exactly what entity, in what form of consideration, and on what terms and conditions. *See* Proposed Disclosure Statement at 19, 35. Further, the Proposed Disclosure Statement indicates that the Debtor's largest secured creditor, WestLB, will receive an estimated 100% of its claim, but such recovery appears to be contingent on the execution of modified loan documents acceptable to Partners, WestLB, and the Plan Funder (Disclosure Statement at 23), the possible sales of Units (Proposed Disclosure Statement at 24), the possible sale of the restaurant Zoom[1] (Proposed Disclosure Statement at 24), and the recoveries in Partners' litigation against BayNorth (Proposed Disclosure Statement at 25). If these contingencies are not satisfied, and WestLB is not paid in full, the Proposed Plan may not be confirmable. The Proposed Disclosure Statement also contains unknowns about the Reorganized Debtor's management, including exactly what role or interest Mr. Shoaf and the Plan Funder may hold therein. Moreover, the Proposed Disclosure Statement contains unknowns regarding the claims in the General Unsecured Creditors class. Specifically, several of the scheduled unsecured claims have been filed by Mr. Shoaf and entities controlled by him, including CloudNine SL-Management and CloudNine SL-Development. Considering that a substantial portion, as calculated by Partners, in amount of unsecured claims have thus been filed by an insider—who appears to be gaining a windfall of new equity of the Reorganized Debtor and payment in full on account of his claims— further disclosure is necessary in order to allow creditors to assess whether these claims should be expunged or subordinated. Finally, the Proposed Disclosure Statement includes unknowns about the bankruptcy exit strategies for each of Easy Street Mezzanine, LLC ("Mezzanine") and Easy Street Holding, LLC. Although the Proposed Plan only concerns Partners, it does

---

[1] Upon information and belief, although the Debtor may own the premises, it does not own the restaurant Zoom.

encompass payment into an escrow account for Mezzanine creditors. *See* Proposed Disclosure Statement at 32-33. Having provided such a mechanism, the Disclosure Statement must contain an attendant explanation of whether, when, and how distributions from such account will be made. Taken together, these contingencies and unknowns make it difficult for creditors and interest holders to assess exactly what the Proposed Plan will look like and what it will mean for treatment of their respective claims. Unless these contingencies and unknowns are reduced to greater certainties, the Proposed Disclosure Statement fails, as required by Section 1125 of the Bankruptcy Code, to enable a hypothetical investor to make an informed judgment about the Proposed Plan.

WHEREFORE, BayNorth respectfully requests that the Court sustain this Objection, decline to approve the Proposed Disclosure Statement, and grant BayNorth such other and further relief as the Court deems just and proper.

DATED this 12th day of February, 2010.

        GOODWIN PROCTER LLP

        Brian W. Harvey
        (admitted *pro hac vice*)
        Goodwin Procter LLP
        The New York Times Building
        620 Eighth Avenue
        New York, NY 10018-1405
        Telephone:: (212) 813-8829
        Facsimile: (212) 355-3333
        Email: bharvey@goodwinprocter.com

        and

        CHAPMAN AND CUTLER LLP

        By: ____/s/ Adelaide Maudsley_____
            Adelaide Maudsley (#8791)

                                        James K. Tracy (#6668)
                                        201 South Main Street, Suite 2000
                                        Salt Lake City, UT  84111
                                        Telephone:  801-533-0066
                                        Facsimile:  801-533-9595
                                        Email: maudsley@chapman.com

                                        Counsel for BayNorth Realty Fund VI, LP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **OBJECTION TO DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF REOERGANIZATION OF EASY STREET PARTNERS, LLC DATED JANUARY 15, 2010** was served on this 12th day of February, 2010 by first class U.S. Mail, postage prepaid and, where indicated, by CM/ECF electronic noticing and by electronic mail, on each of the following:

Kenneth L. Cannon II
Steven J. McCardell
Jessica G. Peterson
Durham Jones & Pinegar, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84111
kcannon@djplaw.com
*Attorneys for Debtor*
(by CM/ECF and electronic mail)

Michael V. Blumenthal
Bruce J. Zabarauskas
Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
mblumenthal@crowell.com
*Attorneys for Debtor*
(by electronic mail)

Joseph E. Wrona
Wrona Law Offices, P.C.
1745 Sidewinder Drive
Park City, Utah 84060
*Attorneys for Debtor*
(by CM/ECF)

Knute Rife
Wrona Law Offices, P.C.
11650 S. State, Suite 103
Draper, Utah 84020
*Attorneys for Debtor*
(by CM/ECF)

Corbin B. Gordon
345 West 600 South, Suite 108
Heber City, Utah 84032
*Special Counsel for Debtors and Debtors in Possession*
(by CM/ECF)

John T. Morgan
US Trustees Office
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, Utah 84111
*Attorney for the U.S. Trustee*
(by CM/ECF)

| | |
|---|---|
| Jeffrey Weston Shields<br>Lon A. Jenkins<br>Troy J. Aramburu<br>Jones Waldo Holbrook & McDonough, PC<br>170 South Main Street, Suite 1500<br>Salt Lake City, Utah 84101<br>lajenkins@joneswaldo.com<br>*Attorneys for The Official Committee of Unsecured Creditors*<br>(by CM/ECF and electronic mail) | Annette Jarvis<br>Peggy Hunt<br>Steven C. Strong<br>Benjamin J. Kotter<br>Dorsey & Whitney<br>136 South Main Street, Suite 1000<br>Salt Lake City, Utah 84101<br>*Attorneys for WestLB AG*<br>(by CM/ECF) |
| Richard W. Havel<br>Sidley Austin LLP<br>555 West Fifth Street<br>Los Angeles, California 90013<br>rhavel@sidley.com<br>*Attorneys for WestLB AG*<br>(by electronic mail) | Anthony C. Kaye<br>Ballard Spahr LLP<br>One Utah Center, Suite 800<br>201 South Main Street<br>Salt Lake City, Utah 84111-2221<br>*Attorneys for Sundance Partners*<br>(by CM/ECF) |
| Michael R. Johnson<br>Jonathan A. Dibble<br>Ray Quinney & Nebeker, P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br>*Attorneys for Jacobsen National Group, Inc.*<br>(by CM/ECF) | David W. Overholt<br>Richer & Overholt, P.C.<br>901 West Baxter Drive<br>South Jordan, Utah 84095<br>*Attorneys for Sysco Intermountain Food Services, Inc.*<br>(by CM/ECF) |
| Kim R. Wilson<br>Snow Christensen & Martineau<br>10 Exchange Place, Eleventh Floor<br>P.O. Box 45000<br>Salt Lake City, Utah 84145<br>*Attorneys for David L. Wickline and Alchemy Ventures Group, LLC*<br>(by CM/ECF) | Jeffrey L. Shields<br>Zachary T. Shields<br>Callister Nebeker & McCullough<br>10 East South Temple, Suite 900<br>Salt Lake City, Utah 84133<br>*Attorneys for Gunther Inc. dba Gunther Comfort Air*<br>(by CM/ECF) |

   /s/ Kimberly Giron, Legal Assistant____