Annette Jarvis (1649)
Peggy Hunt (6060)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

Attorneys for WestLB, AG

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors. | ) 09-29907 and 09-29908 |
| Address: 201 Heber Avenue | ) Chapter 11 |
| Park City, UT 84060 | ) |
| | ) Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) DATE: February 18, 2010 |
| 35-2183713 (Easy Street Holding, LLC), | ) TIME: 1:30 P.M. MST |
| 20-4502979 (Easy Street Partners, LLC), and | ) PLACE: Courtroom 369 |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) 350 South Main Street, #301 |
| | ) Salt Lake City, Utah 84101 |

**DECLARATION OF JAMES WINIKOR IN SUPPORT OF WESTLB, AG'S
OBJECTION TO DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF
REORGANIZATION OF EASY STREET PARTNERS, LLC DATED JANUARY 15, 2010**

I, James Winikor, declare and state as follows:

1. I am an Associate Director of WestLB, AG, a German Bank acting through its New York branch ("WestLB"), and I make this Declaration in support of the Objection to Disclosure Statement With Respect to Plan of Reorganization of Easy Street Partners, LLC Dated January 15, 2010 (the "Objection") filed contemporaneously herewith. I am a competent witness to give testimony to the facts set forth herein.

1

2. As an Associate Director of WestLB, I am a custodian of the books and records of WestLB pertaining to that certain loan (the "Loan") made by WestLB and such other co-lenders as may exist from time to time (collectively, the "Lenders") to Easy Street Partners, LLC, a Utah limited liability company ("Easy Street" or the "Debtor") and can confirm that the records and other documents in the files of WestLB constitute writings made in the regular and ordinary course of business of WestLB at or near the time of the events or acts of which they are a record. WestLB serves as the Administrative Agent for the Lenders with respect to the Loan. I make this Declaration based on my personal knowledge and the information contained in the records of WestLB, to which I have access and which this Declaration accurately reflects. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

3. WestLB is Easy Street's primary secured creditor, and WestLB has agreed to permit Easy Street to use WestLB's cash collateral pursuant to a stipulation. In the Stipulation, Easy Street agreed to provide certain minimum terms and treatment of WestLB's secured claim in any filed plan of reorganization.

4. In the Disclosure Statement, Easy Street alleges that certain actions, such as partial repayment of WestLB and the transfer to BayNorth, were taken at the sole direction and authorization of WestLB. However, Easy Street fails to inform creditors that it was knowledgeable of and consented to the making of these payments.

5. Easy Street implies that WestLB wrongly declared its loan in default, ultimately as a result of the BayNorth transfer for which Easy Street blames WestLB. However, Easy Street was also in default under the WestLB loan because it was delinquent on monthly interest payments, and WestLB permitted a significant forbearance period before declaring a default in order to facilitate a resolution of the various issues with BayNorth.

6. Prior to January 15, 2010, the Debtors and WestLB discussed potential terms on which WestLB's secured claim could be treated in Easy Street's chapter 11 plan. During this period, the parties could not reach agreement as to certain repayment and other terms. The Plan filed by Easy Street on January 15, 2010 contains a treatment of WestLB's secured claim that did not conform with the minimum agreed-upon terms mandated by the Stipulation.

7. Although Easy Street provides certain financial and operational projections in support of its ability to effectuate the Plan, certain projections deviate substantially from actual historical performance, and Easy Street provides no explanation or other basis for why such dramatically increased performance is reasonable or attainable.

8. According to sales information provided by the Debtor, the average sales price of Units sold to date is approximately $362,000 and revenues in 2009 were approximately $4.7 million.

9. The Debtor's Five-Year Budget reports 2009 results that do not reconcile with financials provided to WestLB in December 2009 pursuant to the Stipulation.

10. In Easy Street's projected breakdown of Unit sales, Easy Street wrongfully accounts for marketing and administrative costs in calculating the Net Sales Price of Units, in contravention of prior practice and its prepetition loan documents with WestLB.

11. WestLB will object to its treatment based on, among other things, (i) the proposed 8% cap on the interest rate provided to WestLB on repayment of WestLB's Secured Claim; (ii) the percentage of Net Sales Proceeds Easy Street proposes to pay to WestLB from the sale of the Zoom restaurant; (iii) the right of first refusal Easy Street purports to retain or bestow upon the Plan Funder with respect to satisfaction of WestLB's Secured Claim; (iv) the Debtor's Five-Year Budget, which impermissibly deducts marketing and administrative expenses from the Unit sales

3

revenues from which WestLB will be paid and provides for aggregate principal payments of less than WestLB's claim; (v) the fact that the Plan does not provide for WestLB's right to review and explicitly approve the post-confirmation management and its compensation; and (vi) the fact that the Modified Loan Documents governing WestLB's restructured claim depend for repayment upon aggressive and unsubstantiated projections.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2010, at New York, New York.

_____
JAMES WINIKOR