Douglas J. Payne, #4113
Robert J. Dale, #0808
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
Salt Lake City, Utah 84111-2323
dpayne@fabianlaw.com
rdale@fabianlaw.com
Telephone: (801) 531-8900
Fax: (801) 596-2814

*Attorneys for Certain Fractional
Unit Owners (See list in footnote 1)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re:<br><br>EASY STREET HOLDING, LLC, *et al.*<br><br>Debtors. | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases 09-29907<br>and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**OBJECTION TO DISCLOSURE STATEMENT OF EASY STREET PARTNERS, LLC** |

The fractional unit owners whose names are listed in footnote 1 hereto[1] (the "**Fractional Unit Owners**"), through their attorneys Fabian & Clendenin, pursuant to 11 U.S.C. § 1125, object

---

[1] *Brian D. Althaver, Marcia L. Griffiths, Terry L. Sidford, Matthew E. Sidford, Suzanne Harris, Clint McClellan, David R. Stark, Louise A. Stark, Robert M. Diorio, Bianka M. Diorio, John Michael Hojel, Jr., Veronica Hojel, Leon Dreimann, Eric Rothschild, Susan Rothschild, Charles H. Silverman, Andrea E. Silverman, Tenderfoot Holdings, LLC, Francine Wynn, Skyboozers, LLC, Teresa Martha Wiss Trust Dated 12th Day of November, 2003, Tracy McCarthy, Peter Blythe, Kati Irwin, Graham Wagner, John E. McIlwaine, Philo M. Smith, Jr. Trust Established June 7, 2000, Brooks Hoven, Brenda Schmid, John Butsch, William S. Escudier, Thomas F. Bradley, Kristen M. Dickey, Susan Dickey Macarthur, Daniel H. Payne, Brian Laidlaw, Teri Laidlaw, Albert Albiani, Roxann*

to debtor Easy Street Partners, LLC's ("**Easy Street Partners**") Disclosure Statement dated January 15, 2010 (the "**Disclosure Statement**" or "**Discl. Stmt.**") on the grounds that it provides insufficient information to allow creditors to make an informed decision concerning the treatment of their claims under the Plan of Reorganization of Easy Street Partners, LLC dated January 15, 2010 ("**Plan**") as required by 11 U.S.C. § 1125(a).  In support of their Objection, the Fractional Unit Owners state:

### I. THE DISCLOSURE STATEMENT FAILS TO INCLUDE ALL REQUISITE INFORMATION AS PROVIDED BY 11 U.S.C. § 1125(a)(1).

---

*Albiani, George Frederick John Hill III, Ruth Emily Hill, Merrick L. Gross, Rosa S. Gross, Kenneth Yonemura, Michael Scott Davis, Joseph Fick, Linda Marie Eide Residuary Family Trust Established the 19th day of February 1998, Frederic Monnot, Rishi Kumar, Ashima Kumar, Craig Guernsey and Ann M. Guernsey of the Craig S. Guernsey and Ann M. Guernsey Revocable Living Trust Dated May 15, 2008, Lovejoy Sky Lodge, LLC, Stephen N. Finberg, Steve Reich, Stephen Allis, Stephen Elrick, Dena A. Fleming, Steve L. Chin, William A. Hindle, Constance Fletcher Hindle, Thomas Millar, Julie B. Millar, Steve Lafredo, Robert A. Miller, Marcie B. Davis, Kenneth A. Davis, John P. Kelly, Melissa B. Kelly, Amer Soudani, Yvette Soudani, Stephen P. Vermut, Barbara Vermut, Larry L. Lozensky, Mark T. Greenquist, Michael A. Feder, Andrew C. Gilligan, Jr and Karen L. Gilligan, Trustees of the Andrew C. Gilligan, Jr. and Karen L. Gilligan Family Trust Dated August 2, 2000, Donald I. Porteous, W. Brian Ahern, Charles Raeburn, Vicki P. Raeburn, Jonathan Ames, Joanne Ames, Philip Yuan, Ruth Yuan, TCF Holdings, LLC, Gilbert Adler, Janet W. Lamkin, William Lamkin, The Richard C. Casale Revocable Trust Dated January 9, 2007, Janis Jean Ferraris, Deborah Jean Depaoli, Phillip A. Davidson, Ruth Minzer Davidson, Suzanne E. Duffield, James E. Duffield III, James A. Lundin, Dianna Ferguson, Amy Casey, Lisa A. Bugajski, Trustee or Successor Trustee, Gerald A. and Lisa A. Bugajski Revocable Living Trust Dated February 15, 2007, James D. Barickman, Marianne Barickman, Joshua L. Mettle, Angela Rayner, Darren T. Kavinoky, Alona Kavinoky, Mark Litchfield, Kristin J. Rotter, Chang Family Trust Dated August 20, 2002, Ruben Flores, Nelson Coats, Robert A. Lamkin, Ray Bidenost, Dane C. Hillyard, Mountain Seas Development, Acme Holding LLC, Marshall Bank, Trustee of the Bank Living Trust Dated June 16, 1998, Restated July 25, 2003, Penny A. Bradley, The Barbara A. Casale Revocable Trust Dated January 9, 2007, Samantha Dreimann, CUSTODIAN FOR MICHELLE DREIMANN; SAMANTHA DREIMANN; JOY DREIMANN; MICHAEL K. ACKRELL; BRYAN LAMKIN; JEANNETTE ADLER; EIDE LIVING TRUST DATED OCTOBER 29, 2007; MICHAEL V. ESCUDIER; WILLIAM R. ESCUDIER; TIMOTHY ESCUDIER; GRACE NODA-YONEMURA; JONATHAN BARRETT CONNOR AND KAREN MARIE CONNOR, AS CO-TRUSTEES, OR THEIR SUCCESSORS IN TRUST, OF THE CONNOR FAMILY TRUST DATED OCTOBER 9, 2008 AS JONATHAN BARRETT CONNOR'S SOLE AND SEPARATE PROPERTY; VANESSA I. PAYNE; BARBARA L. FINBERG; ADAM J. FINBERG; LEAH H. FINBERG; LEVINE HOLDINGS, LLC; CASTILLO TRUST DATED JUNE 26, 2001, AMENDED NOVEMBER 2, 2007; THE SHOAF FAMILY TRUST DATED JANUARY 16TH, 2002; DANIEL S. MILLER, DDS, INC.; ANTHONY ZINGALE AND TERESA MENO ZINGALE, Co-Trustees of the ZINGALE LIVING TRUST DATED 6TH DAY OF MARCH, 1997; CURTIS K. GARDNER AND PATRICIA A. GARDNER, AS TRUSTEES OF THE GARDNER FAMILY REVOCABLE TRUST OF JANUARY 3, 1992; ROBERT KEITH SIMONS AND LYNN KAY SIMONS REVOCABLE TRUST DATED JANUARY 1, 2005; C & G VELASQUEZ FAMILY TRUST DATED OCTOBER 19, 2005; JOAN H. REPETTI, Allan Anderson, Amy Anderson, Claudia McMullin, Timothy A. Douglas, Mark C. Kramer Trust Dated 30th Day of December 2004, Louise J. Walton Trust Dated 3rd day of July, 2002, James Whitney, Robin Palazzo Whitney, Kevin R. McCarthy, Scott Coleman, Ashley Coleman, The Mark and JoAnn Tattersall Family Trust Dated September 19, 1995, Hop to It Joint Living Trust, Elizabeth Rad, and Corrado Properties, Inc.*

The Court should not approve the Disclosure Statement because it fails to include all requisite information as provided by 11 U.S.C. § 1125(a)(1). Pursuant to 11 U.S.C. § 1125(b), this Court must find that Easy Street Partners' proposed Disclosure Statement contains adequate information. "Adequate information" is defined in § 1125(a) as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

The "disclosure statement should set forth all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Jeppson,* 66 B.R. 269, 292 (Bankr. D. Utah 1986). The materiality of alleged omissions and misrepresentations in a disclosure statement is "measured by an objective standard drawn from the definition of 'adequate information' at § 1125(a) that ask what the 'hypothetical reasonable investor typical of holders of claims or interests of the relevant class' would want to know in order to make an informed judgment about the plan." *In re Michelson,* 141 B.R. 715, 725 (Bankr. E.D. Cal. 1992).

The Disclosure Statement lacks an accurate or adequate summary of Debtor's proposed Plan and sufficient information describing its proposed execution. The Disclosure Statement is deficient in at least the following respects:

1. The Disclosure Statement fails to disclose a mechanic's lien against Easy Street Partners' property and property of the Fractional Unit Owners filed by Perry Olsen Drywall and related state court litigation (*Perry Olsen Drywall, Inc. v. Jacobsen National Group, Inc., et al.,*

3

Civil No. 090500846, in the Third Judicial District Court for Summit County, Utah) or the relationship of that mechanic's lien to the breach of warranty of title claims of owners of the Fractional Unit Owners.

2. The Disclosure Statement fails to disclose a mechanic's lien against Easy Street Partners' property and property of the Fractional Unit Owners filed by Gunthers Inc. dba Gunthers Comfort Air and related state court litigation (*Gunthers Inc. dba Gunthers Comfort Air v. Jacobsen National Group, Inc., et al.,* Civil No. 090500594, in the Third Judicial District Court for Summit County, Utah) or the relationship of that mechanic's lien to the breach of warranty of title claims of the Fractional Unit Owners.

3. The Disclosure Statement fails to clearly state that there is no provision in the Plan to reimburse the Fractional Unit Owners who may be forced to pay Jacobsen $4,500 per unit post-confirmation to obtain a release of Jacobsen's mechanic's lien against their respective units (which payments would reduce the Reorganized Debtor's liability to Jacobsen) if Jacobsen elects Option One treatment of its claim under Article 5.2 of the Plan. *See* Plan, Art. 5.2(c) & (d);  Disclosure Statement, Art. 4.B, Class 2, sub. par. d-f (at pp. 29-30).

4. The Disclosure Statement indicates that "it is anticipated" that a settlement of the between Easy Street Partners and Jacobsen reflected in Article 5.2 of the Plan may expunge or substantially reduce the breach of warranty of title claims of the Fractional Unit Owners (Discl. Stmt., Art. III.K.3), but fails to indicate that there are other mechanic's lien claims (i.e., Gunthers' and Perry Olsen Drywall's) and other mechanic's lien foreclosure actions that give rise to breach of warranty of title claims and that those are not treated under the Plan.

5. The Disclosure Statement refers to the possible entry of "an order expunging the claims of the owners of the Third Party Units [i.e., the Fractional Unit Owners]" (Discl. Stmt., Art. III.K.3), but fails to indicate what the scope of such expungement would be, the procedure anticipated to lead to such an expungement or whether the procedure or expungement will take place before the confirmation hearing.

6. The Disclosure Statement asserts that "the Plan will resolve the litigation initiated by Jacobsen with respect to both Partners and the owners of the Third Party Units [the Fractional Unit Owners]" (Discl. Stmt., Art. III.J), but fails to disclose whether the Plan will resolve other litigation initiated by mechanics lienholders against the Fractional Unit Owners as a result of breaches of warranty of title by Easy Street Partners.

7. The Disclosure Statement states that under the Plan, "all pending actions against the Units owned by third parties" . . . "shall be stayed for a period of six (6) months from the Confirmation Date" (Discl. Stmt., Art. 4.B, Class 2, sub. par. c (at p. 29)), but fails to specify any such actions that would be stayed other than the mechanic's lien proceeding initiated by Jacobsen or state the legal basis for staying any other such actions in which debtor Easy Street Partners may not be a party.

8. The liquidation analysis of the Disclosure Statement fails to provide sufficient information to enable the Fractional Unit Owners to determine if a liquidation of the debtors' property would result in a satisfaction of amounts claimed by mechanics lienholders who are asserting claims against the property of the Fractional Unit Owners, and whether such a result would effectively enable such owners to receive more than they would receive under the Plan if Jacobsen elects Option One treatment of its claim, and such owners are essentially forced to pay

$4,500 post-confirmation to obtain a release of the Jacobsen lien against their units and a dismissal of the pending litigation against them, and are not reimbursed that amount.

9. Section 1129(a)(5)(A)(i) requires the proponent of a plan to "disclose the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or successor to the debtor under the plan." That information is not included in the Disclosure Statement. Instead, the Disclosure Statement indicates that Easy Street Partners will make that information available to creditors and interested parties as part of a "Plan Supplement" that need not be filed until the earlier of ten (10) days prior to the confirmation hearing or two (2) business days before the deadline for voting on or objecting to the Plan. Discl. Stmt., Art. IV.D.1(ii) & Art. IV.G.15. Creditors and interested parties will have to obtain the Plan Supplement from the clerk of court or through a written request to Debtors' counsel. Discl. Stmt., Art. IV.G.15. Disclosure of this information through such a procedure on the eve of the balloting and objection deadline is not adequate disclosure under Section 1125. The information should be contained in the Disclosure Statement.

DATED this 12th day of February, 2010.

/s/ Douglas J. Payne
Douglas J. Payne
Robert J. Dale
**FABIAN & CLENDENIN**
 A Professional Corporation
*Attorneys for Certain Fractional Unit Owners*
*(See list in footnote 1)*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **OBJECTION TO DISCLOSURE STATEMENT OF EASY STREET PARTNERS, LLC** was served via ECF and mailed via United States first-class mail this 12th day of February, 2010, to each of the following:

Steven J. McCardell
Kenneth L. Cannon, II
Durham Jones & Pinegar
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050

Michael R. Johnson
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT  84145-0385

Jeffrey W. Shields
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT  84101

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT  84145

John T. Morgan, Trustee
U.S. Trustee's Office
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, Utah 84111

/s/ Douglas J. Payne

ND: 4846-2427-8789, v.  1