Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al*. ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | |
| Address:   201 Heber Avenue ) | Chapter 11 |
|                  Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**EASY STREET PARTNERS, LLC'S FIRST OMNIBUS OBJECTION TO**
**(A) DUPLICATE CLAIMS AND (B) UNTIMELY FILED CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES**
> **AND CLAIMS ON THE EXHIBITS ATTACHED TO THIS OBJECTION.**

Easy Street Partners, LLC ("Partners"), a debtor and debtor in possession in the above captioned cases, objects (the "Objection") under section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1 to the claims listed on the attached Exhibits A and B (the "Disputed Claims") and, for the reasons set forth below, seek entry of an order disallowing the Disputed Claims. In support of this Objection, Partners respectfully represents as follows:

## **Background**

1.      On September 14, 2009 (the "Petition Date"), Partners, Easy Street Mezzanine, LLC and Easy Street Holding, LLC (collectively, the "Debtors") each filed a voluntary petition in this Court under chapter 11 of title 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors-in-possession.

2.      On October 2, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

3.      The deadline to file proofs of claim by all claimants (other than governmental units) was January 6, 2010 at 4:00 p.m. (the "Bar Date").

4.      This Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U. S. C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested are sections 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

2

**Relief Requested**

6. By this Objection, Partners seeks entry of an order pursuant to § 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 disallowing (a) the Disputed Claims listed on Exhibit A on the ground that the proofs of claim that are the subject of the objection are duplicative of the remaining claims and (b) the Disputed Claim listed on Exhibit B because it was filed after the Bar Date.

**Basis For Relief**

7. In the ordinary course of business, Partners maintains books and records ("Books and Records") that reflect, among other things, Partners' liabilities and the amounts owed to their creditors. Partners and its advisors are conducting a review of the proofs of claim filed and a comparing them with Partners' Books and Records to determine the validity of the claims against Partners. In the process, Partners has identified a number of proofs of claim that are objectionable, as described below.

A. Duplicate Claims

8. Partners and its counsel have identified three proofs of claim that appear to be duplicative of other claims filed against Partners (the "Duplicate Claims"). A list of the Duplicate Claims is attached as Exhibit A. Adjacent to the identified Duplicate Claim on Exhibit A, the Debtors have identified the related claim that will remain if the Court grants this Objection (the "Remaining Claim").

9. With respect to these Duplicate Claims, in one instance, a creditor asserted an identical claim twice. Two other creditors filed multiple claims asserting the same liability because different members of the creditors filed proofs of claims on behalf of the creditor.

3

Based on Partners' Books and Records, each of these Duplicate Claims is a duplicate of a related Remaining Claim, and such Duplicate Claims should be disallowed.[1]

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Partners has compared its Books and Records with the proofs of claim identified on Exhibit A and has determined that the claims on Exhibit A are based on the same liability and thus are duplicative of each other.

12. To avoid the possibility of multiple recoveries by the same creditor, Partners requests that the Court disallow in their entirety the Duplicate Claims listed on Exhibit A.

13. Claimants may elect, by not timely responding to this Objection, to permit their Duplicate Claims listed on Exhibit A to be disallowed. In the absence of a response, Partners will present to the Court a proposed order disallowing the Duplicate Claims.

---

[1] The Remaining Claims may be subject to further objections. Partners reserves the right to object to such claims upon notice to the claimants.

NYIWDMS: 11477784_3

B.  Untimely Filed Claims

14.  The Bar Date for a general unsecured creditor to file a proof of claim was January 6, 2010. During the claims review process, Partners and its counsel determined that proof of claim no. 140 filed on January 7, 2010 by Baker Tile Co. ("Baker"), the claimant listed on Exhibit B, was filed after the Bar Date. Partners objects to this claim because it was not timely filed. Accordingly, Partners seeks entry of an order disallowing and expunging the untimely claim filed by Baker.

**Reservation of Rights**

15.  Partners expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the proofs of claim or any other claims (filed or not) which may be asserted against the Debtors. Should one or more of the grounds of objections stated in this Objection be dismissed, Partners reserves the right to (i) object on any other grounds and (ii) seek further reduction of any claim to the extent such claim has been paid.

WHEREFORE Partners respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

DATED this 1st day of March, 2010

                               DURHAM JONES & PINEGAR, P.C.

                       By: /s/ Kenneth L. Cannon II
                               Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
                               Steven J. McCardell (smccardell@djplaw.com)(2144)
                               DURHAM JONES & PINEGAR, P.C.
                               111 East Broadway, Suite 900
                               P.O. Box 4050
                               Salt Lake City, UT 84110-4050
                               Telephone: (801) 415-3000/Fax: (801) 415-3500

and

Michael V. Blumenthal (mblumenthal@crowell.com)
 (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com)
 (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Easy Street Partners, LLC's First Omnibus Objection to Claims was served this 1st of March, 2010, via ECF Notification and/or first-class mail, postage prepaid, on those parties listed on the attached page(s).

    /s/ Kristin Hughes

**ECF Notification**

- Troy J. Aramburu   taramburu@joneswaldo.com, sglendening@joneswaldo.com; rbush@joneswaldo.com

- Scott A. Cummings   cummings.scott@dorsey.com

- Mary Margaret Hunt   hunt.peggy@dorsey.com, wardle.gay@dorsey.com

- Annette W. Jarvis   jarvis.annette@dorsey.com, smith.ron@dorsey.com; slc.lit@dorsey.com;brown.patricia@dorsey.com

- Lon A. Jenkins   lajenkins@joneswaldo.com, krichardson@joneswaldo.com; ecf@joneswaldo.com;sglendening@joneswaldo.com

- Michael R. Johnson   mjohnson@rqn.com, agale@rqn.com

- Anthony C. Kaye   kaye@ballardspahr.com

- Benjamin J. Kotter   kotter.benjamin@dorsey.com

- Adelaide Maudsley   maudsley@chapman.com, jemery@chapman.com

- John T. Morgan tr   john.t.morgan@usdoj.gov, james.gee@usdoj.gov

- David W. Overholt   doverholt@rsolaw.com, abachman@rsolaw.com

- Douglas J. Payne   dpayne@fabianlaw.com, jshowalter@fabianlaw.com

- Knute Rife   karife@rifelegal.com

- Jeffrey L. Shields   jlshields@cnmlaw.com, njpotter@cnmlaw.com

- Jeffrey Weston Shields   jshields@joneswaldo.com, sglendening@joneswaldo.com

- Bradley L. Tilt   btilt@fabianlaw.com, rmellor@fabianlaw.com

- United States Trustee   USTPRegion19.SK.ECF@usdoj.gov

- Kim R. Wilson   bankruptcy_krw@scmlaw.com

SLC_529658

CloudNine Resorts-Sky Lodge
Development, LLC
Kim R. Wilson
Snow, Christensen & Martineau
PO BOX 45000
Salt Lake City, UT 84145

CloudNine-SL Development LLC
William Shoaf
4780 Winchester Court
Park City, UT 84098

CloudNine Resorts-Sky Lodge
Management, LLC
Kim R. Wilson
Snow, Christensen & Martineau
PO BOX 45000
Salt Lake City, UT 84145

CloudNine-SL Development LLC
William Shoaf
4780 Winchester Court
Park City, UT 84098

Luxury Residence Group
c/o Carrie Shoaf
PO Box 1225
693 Main Street
Park City, UT 84060

Luxury Residence Group
c/o Carrie Shoaf
4780 Winchester Court
Park City, UT 84060

# Exhibit A

| Duplicate Claims ||
|---|---|
| **Duplicate Claims to be Disallowed** | **Remaining Claims** |
| **Claim No. 32**<br>CloudNine Resorts-Sky Lodge Development, LLC<br>Kim R. Wilson<br>Snow, Christensen & Martineau<br>PO BOX 45000<br>Salt Lake City, UT 84145<br>Claim: Not less than $1,641,013.06 | **Claim No. 24**<br>CloudNine-SL Development LLC<br>William Shoaf<br>4780 Winchester Court<br>Park City, UT 84098<br><br><br>Claim: $1,305,413.00 |
| **Claim No. 34**<br>CloudNine Resorts-Sky Lodge Management, LLC<br>Kim R. Wilson<br>Snow, Christensen & Martineau<br>PO BOX 45000<br>Salt Lake City, UT 84145<br>Claim: Not less than $366,631.39 | **Claim No. 25**<br>CloudNine-SL Development LLC<br>William Shoaf<br>4780 Winchester Court<br>Park City, UT 84098<br><br><br>Claim: $372,193.00 |
| **Claim No 6.**[1]<br>Luxury Residence Group<br>c/o Carrie Shoaf<br>PO Box 1225<br>693 Main Street<br>Park City, UT 84060<br>Claim: $741,721.00 | **Claim No. 22**<br>Luxury Residence Group<br>c/o Carrie Shoaf<br>4780 Winchester Court<br>Park City, UT 84060<br><br>Claim: $74,721.00 |

---

[1] The proof of claim was filed in the amount of $74,721.11. The claims register, however, inadvertently reflects the claim in the amount of $741,721.11

# Exhibit B

| Name & Address | Late Filed Claim | | | |
|---|---|---|---|---|
| | **Proof of Claim number** | **Date Filed** | **Proof of Claim Amount** | **Amount Allowed** |
| Baker Tile Co<br>1434 West 8040 South<br>West Jordan, UT 84088 | 140 | 1/7/2010 | $5,689.00 | $0 |