Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Easy Street Partners, LLC, Debtor and Debtor in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:  201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |

## CERTIFICATE OF SERVICE FOR SOLICITATION PACKAGE
## CONTAINING DISCLOSURE STATEMENT WITH RESPECT TO
## PLAN OF REORGANIZATION DATED FEBRUARY 18, 2010 OF
## EASY STREET PARTNERS, LLC AND RELATED DOCUMENTS

I hereby certify that on the 26th day of February, 2010, I caused to be served the

Solicitation Package consisting of the following documents, via ECF notification and/or first-

class mail, postage prepaid on the parties listed on the attached Exhibits A - D.

SLC_559441.1

1.      Amended Disclosure Statement with respect to Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010 (the "Disclosure Statement").

2.      Notice of Hearing on Confirmation of Plan and Related Documents (the "Notice of Confirmation Hearing").

3.      Order (A) Approving Amended Disclosure Statement with respect to Amended Plan Of Reorganization Of Easy Street Partners, LLC, Dated February 18, 2010, (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms of Ballots and Voting Procedures, and (E) Approving Notice and Scheduling Confirmation Hearing, without exhibits (the "Disclosure Statement Order").

I also hereby certify that on the 26th day of February, 2010, I caused to be served the Ballots for Classes 1, 2, 4, 5 and 6 with voting instructions (the "Ballots") which were served on the respective Classes as listed on the attached Exhibits A, B and C.

Copies of the Disclosure Statement, Notice of Confirmation Hearing, Disclosure Statement Order, and Ballots as served in the "Solicitation Package" are attached as Exhibits E - H.

I also hereby certify that on the 26th day of February, 2010, I caused to be served the Notice of Hearing on Confirmation of Plan and Related Documents via first-class mail, postage prepaid on the following parties:

Christopher B. Barker, Esq.            BayNorth Realty Fund
Goodwin Proctor LLP                   BayNorth Capital, LLC
53 State Street                       Attn:  Charles J. Flint
Boston, MA  02109-2881                One Financial Center, Floor 23
                                      Boston, MA  02111-2621

Anthony S. Fiotto
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881

Brian W. Harvey
Goodwin Proctor LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1618

Adelaide Maudsley
Chapman & Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111-2298

Wells Fargo Equipment Finance
NW-8178 PO Box 1450
Minneapolis, MN 55485-8178

DATED:  March 2, 2010

DURHAM JONES & PINEGAR, P.C.

By:

/s/ Kenneth L. Cannon II
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
        Steven J. McCardell
(smccardell@djplaw.com)(2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

and

Michael V. Blumenthal (mblumenthal@crowell.com)
   (pro hac vice application pending)
Steven B. Eichel (seichel@crowell.com)
   ( pro hac vice application pending)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

# CLASSES 1, 2 AND 6

## CLASS 1

WestLB, AG
c/o William D. Ellis, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

## CLASS 2

Jacobsen National Group, Inc.
c/o Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
Salt Lake City, UT  84111-1451

## CLASS 6

Easy Street Mezzanine, LLC
4780 Winchester Court
Park City, UT  84098-7528

# EXHIBIT B

# CLASS 4

A.W. Marshall Company
P O Box 16127
Salt Lake City, UT  84116-0127

ACME Thread Ware
6436 N Business Park Loop Rd.
Park City, UT  84098-6233

ADT Security Services Inc
P O Box 371956
Pittsburgh, PA  15250-7956

AT&T Mobility
P O Box 6463
Carol Stream, IL  60197-6463

ATIV Corporation
722 Nardo Rd
Encinitas, CA  92024

Air Filter Sales & Service Inc
255 West 2950 South
Salt Lake City, UT  84115-3443

Alpine Adventures
3020 North Federal Highway # 10
Fort Lauderdale, FL  33306-1451

Alsco
P O Box 25717
Salt Lake City, UT 84125-0717

American Express Travel
2421 West Peoria Avenue
Phoenix, AZ  85029-4939

American Express Travel Relate
2840 South 123rd Court
Omaha, NE  68144

American Ski & Board Association
686 NW York
Bend, OR  97701

American Hotel Register CO
16458 Collections Center Drive
Chicago, IL  60693-0001

Appliance Sales & Service
P O Box 670
55 E Center St., Suite 140
Heber City, UT  84032-1946

Baker Tile Co
1434 West 8040 South
West Jordan, UT 84088-9459

Bank Living Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Bellows Glass
76 West 200 South
Heber City, UT 84032-2005

Bevco2
651 West 600 South
Salt Lake City, UT  84104-1015

Scott Boberek
P O Box 680514
Park City, UT  84068

Business Technology Consulting
Rob Stevenson
957 East 1300 South
Salt Lake City, UT  84105

CBIZ Accounting
175 S West Temple, Suite 650
Salt Lake City, UT  84111

CRC Design
298 South Center
Midway, UT  84049

Cameron & Associates
P O Box 5
Orem, UT  84059

CloudNine Resorts – Sky Lodge Dev
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

CloudNine Resorts – Sky Lodge Mgmt
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

CloudNine Resorts SL Development
Attn:  Bill Shoaf
P O Box 683300
Park City, UT 84068-3300

CloudNine Resorts SL Management
Attn:  Bill Shoaf
P O Box 683300
Park City, UT 84068-3300

Curb It Recycling
P O Box 681397
Park City, UT  84068-1397

Cushman & Wakefield
50 Broad Street
New York, NY 10004-2307

Dex West
P O Box 79167
Phoenix, AZ  85062-9167

Diamond Rental
4518 South 500 West
Salt Lake City, UT 84123-3694

EM Systems
P O Box 540783
North Salt Lake, UT  84054-0783

Ecolab
P O Box 100512
Pasadena, CA  91189-0512

Ecolab Pest Elim. Div
P O Box 6007
Grand Forks, ND  58206-6007

Elliott Workgroup LLC
Attn:  Craig Elliott
P O Box 3419
Park City, UT  84060-3419

WestLB AG
c/o William D. Ellis
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

Five 9's Communication
P O Box 348
Roy, UT  84067-0348

Fog River Fisheries
9554 Wells Circle, Suite A
West Jordan, UT  84081

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA  95113-2351

G.M. Collin Skin Care Inc.
613 State Route 3, Suite 100
Plattsburgh, NY  12901

Gateway Center, LLC
c/o Vectra Management Group
424 West 33rd Street, Suite 540
New York, NY  10001-2641

Gentry Finance
386 South State Street
Orem, UT  84058-5424

Get Fresh
1548 18th Street
Santa Monica, CA  90404

Goodrich & Thomas, CPAs
3200 Park Center Drive Suite 1170
Costa Mesa, CA  92626-7153

Gunthers Comfort Air
c/o Jeffrey L. Shields
Callister Nebeker & McCullough
10 East South Temple, Suite 900
Salt Lake City, UT  84133-1101

HD Supply Facilities Maintenance
P O Box 509058
San Diego, CA  92150-9058

HY-KO Supply Co.
1980 West Industrial Cir
P O Box 26116
Salt Lake City, UT  84126

William A & Constance F Hindle
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Home Depot Credit Services
P O Box 6031
The Lakes, NV  88901-6031

Hood Cleaners of Utah
P O Box 342
Riverton, UT 84065-0342

Hotel Amenities Resources LLC
2000 Van Ness Avenue Suite 801
San Francisco, CA  94109-3023

Intermountain Drug Testing
PO Box 9800
Salt Lake City, UT  84109-9800

Jacobsen National Group, Inc.
c/o Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
Salt Lake City, UT  84111-1451

Catherine Johnson
3182 Creek Road
Park City, UT  84098

Klehr, Branzburg & Ellers LLP
Attn:  William A. Harvey
260 South Broad St.
Philadelphia, PA 19102-5021

Les Olson Company
P O Box 65598
Salt Lake City, UT  84165-0598

Liquor Leasing & Service, L.C.
9283 South Jean Drive
Sandy, UT  84070-6254

Living Creations Inc
2163 E Lambourne Ave
Salt Lake City, UT  84109-2454

Luxury Residence Group
Attn:  Carrie Shoaf
693 Main Street
P O Box 1225
Park City, UT  84060

Mascioni Hospitality, Inc.
915 Broadway, Suite 1909
New York, NY  10010

McGladrey and Pullin
Attn:  Jan Riend
One South Wacker Drive, Suite 800
Chicago, IL  60606-4650

Media One of Utah
4770 South 5600 West
West Valley City, UT  84170-4005

Merrit & Harris
301 E Glenoaks Blvd. Suite 4
Glendale CA 91207-2115

Millcreek Consulting
Attn:  Steve Brown
3017 E Kempner Rd.
Salt Lake City UT  84109-3654

Stephen Monticone
592 North 200 West
Heber City, UT  84032

Muir Copper Canyon Farms
PO Box 26775
Salt Lake City, UT 84126-0775

Nicholas & Company, Inc.
P O Box 45005
Salt Lake City, UT  84145-0005

Night Vision Landscape Light
2859 West 7550 South
West Jordan, UT  84084-3712

Pacific Seafood - Utah
P O Box 97
Clackmas, OR  97015-0097

Park Avenue Travel
11 Park Avenue
Swarthmore, PA  19081

Park City Surveying
P O Box 682993
Park City, UT  84068-2993

Philo Smith
684 Glenneyre Street
Laguna Beach, CA  92651-2420

Park City Auto Parts/Hardware
P O Box 244
Heber City, UT  84032-0244

Park City Chamber Bureau
P O Box 1630
Park City, UT  84060

Park City Lock & Key
3946 North Last Run Drive
Park City, UT  84098

Park City Municipal Corp.
PO Box 1480
Park City, UT 84060-1480

Park City WinElectric
PO Box 681729
Park City, UT  84068-1729

Patricia Wagner
P O Box 680322
Park City, UT  84068-0322

PayChex Human Resources Services
P O Box 29769
New York, NY  10087-9769

Peak Mobile Communications
4910 South Warehouse Road
Salt Lake City, UT  84118-6354

Peets Coffee & Tea
P O Box 12509
Berkeley, CA  94712-3509

Pitney Bowes
P O Box 856390
Louisville, KY  40285-6390

Porter Paint
1268 South 500 West
Salt Lake City, UT  84101-3019

Qwest Corp.
Attn:  Jane Frey
1801 California Street, Room 900
Denver, CO  80202-2658

Qwest Communications Company
Attn:  Jane Frey
1801 California Street, Room 900
Denver, CO  80202-2658

Renegade Oil Inc
1141 South 3200 West
Salt Lake City, UT  84104-4562

Revco Leasing
P O Box 65598
Salt Lake City, UT  84165-0598

Rimmerman
One Embarcadero Center, Suite 2410
San Francisco, CA  94111-3737

RussWoods LLC
5148 Silver Springs Road
Park City, UT 84098-6034

Safeguard
P O Box 5
Orem, UT  84059

Schindler Elevator Corporation
P O Box 93050
Chicago, IL  60630

Scott James Jewelry
32 South Main Street
Heber City, UT  84032

Shaner Design, Inc.
Attn:  Tom Shaner
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060-4560

William Shoaf
4780 Winchester Court
Park City, UT 84098-7528

Shoes For Crews, LLC
File LockBox 51151
Los Angeles, CA 90074-1151

Siemens Building Technologies, Inc.
9707 Sandy Parkway
Sandy, UT  84070-2500

Small Luxury Hotels
2nd Floor-Grantham House
North Street Leatherhead
Surrey KT22 7AZ
GREAT BRITAIN

Squire
Attn:  Ray Chipman
1329 South 800 East
Orem, UT 84097-7700

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA  50368-9020

Step Saver Inc.
1901 West 2425 South
Wood Cross, UT  84087-2463

Stone Ground Bakery
P O Box 581078
Salt Lake City, UT  84158-1078

Sugar House Awning
7526 South State Street
Midvale, UT  84047

Summit Business Services
Attn:  Chipper Leonard
4130 Hilltop Court
Park City, UT  84098-4715

Swire Coca-Cola USA
P O Box 1410
Draper, UT  84020-1410

Sysco Intermountain Food Services, Inc.
c/o David W. Overholt
Richer & Overholt, PC
901 West Baxter Drive
South Jordan, UT  84095-8687

Target Labels & Packaging
40 West 3800 North
Hyde Park, UT  84318-4114

The Aspen Times
Colorado Mountains News Media
P O Box 540
Gypsum, CO  81637

The Park Record
P O Box 3688
Park City, UT  84060

USA Today
P O Box 79782
Baltimore, MD  21279-0782

Union Square Home Owners Association
PO Box 683300
Park City UT 84068-3300

Universal Companies
18260 Oak Park Drive
Abingdon, VA  24210

Utah Fire Equipment
152 West 1700 South
Salt Lake City, UT  84134

Virtuoso, Ltd.
c/o R. Jason Pierce
Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Suite 1500
Fort Worth, TX  76102

Wasatch Audio-Visual
PO Box 770 PMB282
Park City, UT  84060-0770

Wasatch Meats
926 South Jefferson Street
Salt Lake City, UT  84101-2983

Water Images
P O Box 571393
Murray, UT 84157-1393

Water Reclamation District
2800 Homestead Rd
Park City, UT  84098-4869

Alfred M. Wesser
2353 South Waldby Avenue
Fresno, CA  93725

Wells Fargo Equipment Finance
733 Marquette Avenue Suite 700
Minneapolis, MN 55402-2316

Whitney Advertising & Design
6410 N Business Park Loop Rd
Suite H
Park City, UT  84098-6212

David L. Wickline
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

Acme Holdings LLC
Sean Raiton
PO Box 681373
Park City, UT  84068

Emily and John Hill
2939 Silk Oak Avenue
Thousand Oaks, CA 91362

Joy and Leon Dreimann
1285 Loch Lane
Lake Forest, IL 60045

Kevin Borg
2167 East 6595 South
Salt Lake City, UT 84121

Michael Pardo
513 Scrimshaw Way
Severna Park, MD 21146-1424

Sarah Betsy Bacon
2952 Arabian Drive
Park City, UT 84060

# EXHIBIT C

# CLASS 5

W. Brian Ahern
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Albert and Roxann Albiani
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Gilbert Alder and Jeanette Alder
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Stephen Allis
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Brian D Althaver
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Jonathan and Joanne Ames
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Allan & Amy Anderson
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

James Barickman and Marianne Barickman
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Peter Blythe
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Thomas S Bradley
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Lisa A Bugaski Trustee
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Josh Butsch
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

The Barbara A Casale Revocable Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

The Richard C Casale Revocable
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Amy Casey
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Castillo Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Chang Family Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Nelson Coats
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Jonathan Barrett Connor
Marie Connor
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Corrado Properties
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Phillip A Davidson and
Ruth Minzer Davidson
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Kenneth A and Marcie B Davis
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Michael Scott Davis
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Kristen M Dickey, Susan Dickey and Penny
Bradley
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Robert A & Bianka M Diorio
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

James I Duffield and Suzanne Duffield
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Linda Marie Eide Residuary Family Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Stephen Elrick
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

William S. Escudier
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

W Escudier, M Escudier, T Escudier, W
Escudier
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Fabian & Clendenin
Attn:  Robert J Dale and Bradley L. Tilt
215 South State Street Suite 1200
Salt Lake City, UT  84111

Michael A. Feder
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Diana Ferguson
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Janis Jean Ferraris and
Deborah Jean Depaoli
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Joshua Fick
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Stephen N Finberg
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Dena A Fleming & Steve Chin
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

William A & Constance Fletcher Hindle
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Ruben Flores
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

George Frederick John Hill II and Ruth Hill
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Curtis K Gardner & Patricia Gardner
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Andrew C Gilligan Jr. Karen L Gilligan
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Mark T Greenquist
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Marcia L Griffiths
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Merrick L and Rosa S Gross
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Craig Guernsey & Ann M. Guernsey
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Suzanne Harris
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Dane C Hillyard
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

John Michael Hojel Jr.
Veronica Hojel
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Hop To It Living Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Brooks Hoven and Brenda Schmid
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Darren T Kavinoky and Alona Kavinoky
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

John P. Kelly and Melissa B Kelly
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Mark C Kramer Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Rishi & Ashima Kumar
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Steve Lafredo
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Brian and Teri Laidlaw
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Janet & William Lamkin
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Robert Lamkin and Ray Bidenhost
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

William Lamkin and Janet W Lamkin
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Levine Holdings LLC
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Mark Litchfield and Kristin Rotter
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Lovejoy Sky Lodge
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Larry L Lozensky
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

James A Lundin
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Kevin McCarthy
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Tracy McCarthy
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Clint McClellan
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

John E McIlwaine
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Claudia McMullin
Timothy Douglas
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Joshua A Mettle
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Thomas and Julie B Millar
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Daniel S Miller DDS
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Robert A. Miller
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Frederic Monnot
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Daniel H Payne and
Vanessa I Payne
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Donald E Porteous
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Elizabeth Rad
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Charles and Vicki P. Raeburn
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Angela Rayner
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Steve Reich
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Steve Reich, Scott Coleman
 & Ashely Coleman
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Eric and Susan Rothchild
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

The Shoaf Family Trust January 16, 2002
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Matthew & Terry L Sidford
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Charles H. and Andrea E Silverman
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Robert Keith Simons
Lynn Kay Simons
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Skyboozers LLC
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Philo M Smith Jr. Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Amer and Yvette Soudani
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

David L & Louise A. Stark
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

The Mark and Joann Tattersall Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

TCF Holdings c/o Fred Mommot
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Tenderfoot Holdings LLC
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

C & G Velasquez Family Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Stephen P. and Barbara Vermut
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Graham Wagner and Kati Irwin
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Jim & Robin Whitney
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Teresa Martha Wiss Trust
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Francine Wynn
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Kenneth Yonemura and
Grace Noda-Yonemura
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Phillip Yuan and Ruth Yuan
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

Anthony Zingale and Teresa Meno Zingale
c/o Robert J Dale and Bradley L. Tilt
Fabian & Clendenin
215 South State Street Suite 1200
Salt Lake City, UT  84111

# EXHIBIT D

ALC Snow Removal
PO Box 680442
Park City, UT  84068-0442

AXIS Group
84 Route 347
Port Jefferson Station, NY  11767

Aetna
PO Box 894938
Los Angeles, CA  90189-4938

Albert Ulster Imports, Inc.
PO Box 770
Gaithersburg, MD 20884-0770

Alchemy Ventures Trust
17575 Fitzpatrick Lane
Occidental, CA  95465-9355

Alchemy Ventures Trust
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

All-Pro Cleaning Systems, Inc.
166 West Cottage Avenue
Sandy, UT 84070-1433

Allen Distribution Services
3247 South 3690 West
West Valley City, UT 84120-2150

Alliance Abroad Group LP
1221 South Mopac Expressway, Suite 100
Austin, TX  78746-7615

Allied Waste Services
PO Box 78829
Phoenix, AZ 85062-8829

American Express
PO Box 53852
Phoenix, AZ 85072-3852

Troy J. Aramburu
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644

Arctic Spas/ Spagoods.com
4575 N. Silver Springs Dr
Park City, UT 84098-7536

BDRC 4 Site, LLC
Attn:  Brian W. Dorsey
305 NE Loop 820, St. 109
Hurst, TX  76053-7211

BJ Plumbing Supply
1470 South State
Orem, UT 84097-7704

BTC Rob Stevenson
957 East 1300 South
Salt Lake City, UT 84105-1856

Diane H. Banks
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Big Four Distributing, Inc
304 East 900 South
Provo, UT  84606-7316

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Michael & Nilda Chang
16 Morning Sky Lane
Las Vegas, NV 89135-7860

Child Support Services
ORS PO Box 45011
Salt Lake City, UT 84145-0011

Cintas Corporation
97627 Eagle Way
Chicago, IL 60678-7627

Colorado Casualty Insurance Co
PO Box 85627
San Diego, CA 92186-5627

CoolWorks.com
PO Box 272
Gardiner, MT 59030-0272

Committee of Unsecured Creditors
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644

Christine M. Craige, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

Scott A. Cummings
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Robert J. Dale
Bradley L. Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Diamond Rental
4518 South 500 West
Salt Lake City, UT 84123-3694

Drew A. Norman, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

Easy Street Holding, LLC
4780 Winchester Court
Park City, UT  84098-7528

Easy Street Partners, LLC
4780 Winchester Court
Park City, UT  84098-7528

Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Fast Patch
2257 Greens Lane
Spanish Fork, UT 84660-9599

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Ronald A. Fragen
64893 Saragossa
Palm Springs, CA  92264

Fuelman
PO Box 105080
Atlanta, GA 30348-5080

Gateway Center, LLC
c/o Commerce
32 West 200 South, Suite 501
Salt Lake City, UT  84101

Gemstone Hotels & Resorts, LLC
Attn:  Jeff McIntyre, Principal
1912 Sidewinder Drive, # 104
Park City, UT  84060

General Chemical
PO Box 533195
Charlotte, NC 28290-3195

Corbin B. Gordon
Corbin B. Gordon, P.C.
345 West 600 South
Heber City, UT 84032-2247

Grazo Electric
PO Box 1196
Midway, UT 84049-1196

Gunthers Comfort Air
81 South 700 East
American Fork, UT 84003-2158

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

Mary Margaret Hunt
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Innovative Body Science
6350 Yarrow Drive Suite D
Carlsbad, CA 92011-1544

Internal Revenue Service
Centralized Insolvency Operations
P O Box 21126
Philadelphia, PA  19114-0326

Ion Cibuc
7 Kafern Drive Apt 1-D
Baltimore, MD 21207-4383

Jacobsen Construction
PO Box 27608
Salt Lake City, UT 84127-0608

Annette W. Jarvis, Esq.
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Lon A. Jenkins
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644

Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
P O Box 45385
Salt Lake City, UT  84145-0385

Kaba Ilco, Inc
PO Box 12553 Succ Centre Ville
Montreal, QC H3C-6R1
CANADA

KBli Properties, LP
PO Box 680464
Park City, UT 84068-0464

Anthony C. Kaye
Ballard Spahr Andrews & Ingersoll, LLP
201 South Main Street, Suite 600
Salt Lake City, UT  84111-2212

Benjamin J. Kotter
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

La Monica's Restaurant Equipment
6211 South 380 West
Murray, UT 84107-3309

Eric D. Lemont
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881

M & M Distributing
531 West 600 North
Salt Lake City, UT 84116-3430

Market Metrix
990 A Street Suite 301
San Rafael, CA 94901-3000

Money 4 You & Mr. Money
498 North 900 West # 230
Kaysville, UT 84037-4213

John T. Morgan Tr
US Trustees Office
405 South Main Street, Suite 300
Salt Lake City, UT 84111-3402

Mountain Valley Temperature Control
PO Box 429
Pleasant Grove, UT 84062-0429

Muzak LLC
PO Box 71070
Charlotte, NC 28272-1070

Open Table Inc
PO Box 49322
San Jose, CA 95161-9322

Park City I, LLC
c/o George B. Hofmann
Parsons Kinghorn Harris
111 East Broadway, Suite 1100
Salt Lake City, UT 84111

Douglas J. Payne
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Par Springer-Miller System, Inc
782 Mountain Road
PO Box 1547
Stowe, VT 05672-1547

Park City Water
PO Box 1480
Park City, UT 84060-1480

Plaza Dry Cleaners
PO Box 770-361
Park City UT 84060

Proforma
PO Box 51925
Los Angeles, CA 90051-6225

Protravel International
14130 Riverside Drive
Sherman Oaks, CA 91423-2313

Protravel International Inc
515 Madison Ave 10th Floor
New York, NY 10022-5403

Questar Gas Company
PO Box 45360
Salt Lake City, UT 84145-0360

Qwest
Attn: Bankruptcy Department
PO Box 29039
Phoenix, AZ 85038-9039

Qwest Long Distance Business Services
PO Box 856169
Louisville, KY 40285-6169

Knute Rife
Wrona Law Offices
11650 South State Street, Suite 103
Draper, UT 84020-7144

PacifiCorp
Attn: Bankruptcy
P O Box 25308
Salt Lake City, UT 84125-0308

SL Convention & Visitors Bureau
90 South West Temple
Salt Lake City, UT 84101-1406

Securities & Exchange Commission
Attn: Bankruptcy Dept.
44 Montgomery St # 1100
San Francisco, CA 94104-4613

Sentry West Insurance Services
PO Box 9289
Salt Lake City, UT 84109-9289

Sheri P. Chromow, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

Jeffrey L. Shields
Callister Nebeker & McCullough
10 East South Temple, Suite 900
Salt Lake City, UT 84133-1101

Jeffrey Weston Shields
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101-1644

Shift4 Corporation
1491 Center Crossing Rd
Las Vegas, NV 89144-7047

Standard Plumbing Supply
PO Box 708490
Sandy, UT 84070

State Office of Recovery Services
515 East 100 South
P O Box 45033
Salt Lake City, UT 84145-0033

State of Utah
Office of the Attorney General
Tax & Revenue Division
P O Box 40874
Salt Lake City, UT 84114-0874

Summit County Assessor
PO Box 128
Coalville, UT 84017-0128

Summit County Treasurer
60 North Main
PO Box 128
Coalville, UT 84017

Summit County Public Health Dept
Environmental Laboratory
PO Box 128
Coalville, UT 84017-0128

Sundance Partners, Ltd.
c/o Ballard Spahr
201 South Main Street, Suite 800
Salt Lake City, UT  84111-2212

Sysco Intermountain Food Service
Attn:  Steve Lewis
P O Box 27638
Salt Lake City, UT  84127-0638

N. Allen Taylor
Taylor Capital Management
6641 North Paseo Tamayo
Tucson, AZ  85750

The Chef's Garden
9009 Huron-Avery Road
Huron, OH 44839-2448

The Elevator Company
PO Box 736
Bountiful, UT 84011-0736

Paul W. Throndsen, MAI
Appraisal Group, Inc.
7396 South Union Park Ave., #301
Midvale, UT  84047

Timothy G. Little, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY  10022-2585

United Fence Co.
PO Box 26933
2525 South 2700 West
Salt Lake City, UT 84119-1227

Utah Dept-Alcoholic Beverage Control
1625 South 900 West
P O Box 30408
Salt Lake City, UT  84130-0408

Utah Dept of Workforce Services
P O Box 45249
Salt Lake City, UT  84145-0249

Utah State Tax Commission
Sales Tax
210 North 1950 West
Salt Lake City, UT  84134-0400

Virtuoso, Ltd
P O Box 99358
Fort Worth, TX  76199-0358

West LB AG, New York Branch
Attn:  Christian Ruehmer
1211 Avenue of the Americas, 24th Flr
New York, NY  10036-8705

West LB AG, New York Branch
Attn:  Duncan Robertson
1211 Sixth Avenue, 25th Floor
New York, NY  10036-8705

West LB AG, New York Branch
Attn:  Jeff Nelson
1211 Sixth Avenue, 25th Floor
New York, NY  10036-8705

West LB AG, New York Branch
Attn:  James Winikor
1211 Sixth Avenue, 25th Floor
New York, NY  10036-8705

David Wickline
17575 Fitzpatrick Lane
Occidental, CA  95465-9355

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place, Suite 1100
P O Box 45000
Salt Lake City, UT  84145-5000

Joseph E. Wrona
Wrona Law Office, P.C.
1745 Sidewinder Dr.
Park City, UT  84060

Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

# EXHIBIT E

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted *pro hac vice*)
Steven B. Eichel (seichel@crowell.com) (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et. al.* | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| Debtors | 09-29907 and 09-29908 |
| Address:   201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

## AMENDED DISCLOSURE STATEMENT WITH RESPECT
## TO AMENDED PLAN OF REORGANIZATION OF EASY
## STREET PARTNERS, LLC DATED FEBRUARY 18, 2010

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

     A.    Narrative Summary of the Debtors' Plans of Reorganization .................... 1

     B.    Purpose, Limitations and Structure of this Disclosure Statement ............... 2

     C.    Voting on the Plan .................................................................................... 4

         1.    Classes Entitled to Vote ................................................................. 4

         2.    Tabulation of Votes ....................................................................... 5

         3.    Voting Instructions ........................................................................ 5

     D.    Confirmation Hearing .............................................................................. 6

II.    GENERAL INFORMATION ABOUT THE DEBTORS ..................................... 6

     A.    Description and History of Debtors' Business .......................................... 6

         1.    Background .................................................................................... 6

         2.    Relationship of Partners to the Other Debtors ................................ 7

     B.    The Prepetition Debt ............................................................................... 7

         1.    WestLB Senior Loan ...................................................................... 7

         2.    BayNorth Mezzanine Loan ............................................................. 8

         3.    Conversion (Extension) of the WestLB Senior Loan ....................... 9

         4.    Jacobsen ........................................................................................ 9

         5.    Other Indebtedness ...................................................................... 10

     C.    Events Leading to Commencement of Chapter 11 Cases ......................... 10

III.    THE DEBTORS' CHAPTER 11 CASES ........................................................ 11

     A.    Filing and First Day Orders .................................................................... 11

         1.    Certain First Day Orders .............................................................. 11

         2.    Retention of Debtors' Professionals ............................................. 11

     B.    The Creditors' Committee ...................................................................... 11

         1.    Appointment of the Creditors' Committee .................................... 11

         2.    Creditors' Committee's Professionals .......................................... 12

     C.    Use of Cash Collateral ........................................................................... 12

     D.    Extensions of Exclusivity ....................................................................... 13

     E.    Appointment of the Debtors' Professionals ........................................... 13

    1.  Initial Applications and Retentions.................................................................... 13

    2.  Retention of Wrona Law Offices, P.C. ............................................................ 14

    3.  Retention of BDRC 4 Site, LLC ..................................................................... 14

    4.  Retention of Gemstone Hotels and Resorts, LLC............................................ 15

    5.  Retention of Corbin Gordon ............................................................................ 15

    6.  Retention of Appraisal Group, Inc. ................................................................. 15

F.    The Debtors' Operating Performance During the Chapter 11 Cases.................................. 15

G.    BayNorth Litigation .......................................................................................... 16

H.    The Massachusetts Action and the § 105 Adversary Proceeding ....................................... 16

I.    The Committee Litigation Against WestLB, AG................................................. 17

J.    Jacobsen Litigation .............................................................................................. 17

K.    Schedules, Bar Date and Summary of Claims.................................................... 18

    1.  Schedules and Statements................................................................................ 18

    2.  Bar Date ........................................................................................................... 18

    3.  Summary of Claims ......................................................................................... 18

L.    Partners' Plan Funder ........................................................................................ 19

IV.    THE PLAN ................................................................................................................. 20

A.    Classification and Treatment of Claims and Interests ......................................... 21

B.    Tabular Summary of Treatment Including, When Applicable, Classification under the Plan ............................................................................................................... 21

C.    Methods of Distributions Under the Plan ........................................................... 37

    1.  Distributions of Cash ...................................................................................... 37

    2.  Distributions Free and Clear ........................................................................... 37

    3.  Timing of Distributions ................................................................................... 37

    4.  Delivery of Distributions ................................................................................. 37

    5.  Distributions to Holders as of Record Date .................................................... 38

    6.  Undeliverable and Unclaimed Distributions.................................................... 38

    7.  Setoffs ............................................................................................................. 38

D.    Implementation of the Plan ................................................................................ 39

1.  Reorganized Debtor ........................................................................................... 39

2.  Exit Funding ..................................................................................................... 39

3.  Early Payment ................................................................................................... 39

4.  Mezzanine Escrow ............................................................................................ 39

E.  Executory Contracts and Unexpired Leases .............................................................. 39

1.  Rejected Contracts and Leases ........................................................................... 40

2.  Rejection Damages Bar Date .............................................................................. 40

3.  Assumed Contracts and Leases .......................................................................... 40

4.  Payments Related to Assumption of Executory Contracts and Unexpired Leases ............ 41

5.  Proposed Assumption and Rejections .................................................................. 41

F.  Provisions for Treatment of Disputed Claims ........................................................... 42

1.  Disputed Claims ............................................................................................... 42

2.  Resolution of Disputed Claims ........................................................................... 42

G.  Summary of Other Provisions of the Plan ................................................................ 43

1.  Releases and Exculpations ................................................................................. 43

2.  Injunction ........................................................................................................ 44

3.  Modification of the Plan .................................................................................... 44

4.  Withdrawal or Revocation of the Plan .................................................................. 44

5.  Effectuating Documents and Further Transactions ................................................. 44

6.  Section 1146 Exemption .................................................................................... 44

7.  Dissolution of the Creditors' Committee ............................................................. 45

8.  Severability ...................................................................................................... 45

9.  Governing Law ................................................................................................. 45

10. Binding Effect .................................................................................................. 45

11. Payment of Statutory Fees ................................................................................. 46

12. Discharge ........................................................................................................ 46

13. Retention of Causes of Action/Reservation of Rights ............................................ 46

14. Section 506(c) Reservation ................................................................................ 46

15. Plan Supplement ............................................................................................... 46

16. Injunction ........................................................................................................ 47

V.    CONFIRMATION AND CONSUMMATION PROCEDURE ....................................... 47

A.  Voting Procedures and Solicitation of Votes ........................................................... 47

B.   The Confirmation Hearing ........................................................................................ 47

C.   Confirmation ........................................................................................................... 48

   1.   Acceptance ..................................................................................................... 49

   2.   Feasibility ...................................................................................................... 50

   3.   Best Interests Test ......................................................................................... 51

   4.   Cramdown ...................................................................................................... 52

D.   Conditions Precedent ............................................................................................... 53

VI.   CERTAIN FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN ................................. 54

A.   Consequences to Partners ........................................................................................ 55

   1.   Partnership ..................................................................................................... 55

   2.   Cancellation of Indebtedness Income ........................................................... 55

B.   Consequences to the Holders of Certain Claims and Interests ................................ 56

   1.   Holders of Allowed Class 1 Secured Claims ................................................ 56

   2.   Holders of Allowed Class 2 Secured Claim ................................................. 57

   3.   Holders of Allowed Class 4 General Unsecured Claims .............................. 57

   4.   Holders of Allowed Class 5 Claims .............................................................. 58

   5.   Holders of Interests in Partners .................................................................... 58

C.   Accrued but Unpaid Interest .................................................................................... 58

D.   Information Reporting and Withholding .................................................................. 59

VII.   RISK FACTORS ................................................................................................................. 59

A.   Certain Bankruptcy Considerations ......................................................................... 59

B.   Material United States Federal Income Tax Considerations .................................... 60

C.   Risks Associated with the Exit Funding .................................................................. 60

VIII.   ALTERNATIVES TO CONFIRMATION AND CONSUMMATION OF THE PLAN ................. 60

A.   Liquidation Under Chapter 7 ................................................................................... 60

B.   Alternative Chapter 11 Plan ..................................................................................... 61

IX.   CONCLUSION AND RECOMMENDATION ............................................................................ 61

THIS AMENDED DISCLOSURE STATEMENT (THE "<u>DISCLOSURE</u> <u>STATEMENT</u>") IS BEING DISTRIBUTED FOR PURPOSES OF SOLICITING ACCEPTANCES OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR EASY STREET PARTNERS, LLC, DATED FEBRUARY18, 2010 (THE "<u>PLAN</u>").  THE INFORMATION IN THIS DISCLOSURE STATEMENT MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE PLAN.  NO SOLICITATION OF VOTES TO ACCEPT THE PLAN MAY BE MADE EXCEPT PURSUANT TO SECTION 1125 OF TITLE 11 OF THE UNITED STATES CODE (THE "<u>BANKRUPTCY CODE</u>").

ALL CREDITORS ARE ADVISED AND ENCOURAGED TO READ ALL OF THIS DISCLOSURE STATEMENT AND THE PLAN BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.  A COPY OF THE PLAN IS ANNEXED TO THIS DISCLOSURE STATEMENT AS **EXHIBIT 1**.  PLAN SUMMARIES AND STATEMENTS MADE IN THIS DISCLOSURE STATEMENT ARE QUALIFIED IN THEIR ENTIRETY BY REFERENCE TO THE PLAN, THIS DISCLOSURE STATEMENT, AND THE PLAN SUPPLEMENT (AS DEFINED BELOW).  THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE ONLY AS OF THE DATE HEREOF, AND THERE CAN BE NO ASSURANCE THAT THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT WILL BE CORRECT AT ANY LATER DATE.  IN THE EVENT OF ANY CONFLICT BETWEEN THIS DISCLOSURE STATEMENT AND THE TERMS OF THE PLAN, THE TERMS OF THE PLAN WILL GOVERN.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE AND RULE 3016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (THE "<u>BANKRUPTCY RULES</u>") AND NOT NECESSARILY IN ACCORDANCE WITH OTHER NON-BANKRUPTCY LAW.

AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS AND OTHER ACTIONS OR THREATENED ACTIONS, THIS DISCLOSURE STATEMENT WILL NOT CONSTITUTE OR BE CONSTRUED AS AN ADMISSION OF ANY FACT OR LIABILITY, OR AS A STIPULATION OR WAIVER, BUT RATHER AS A STATEMENT MADE IN SETTLEMENT NEGOTIATIONS.  THIS DISCLOSURE STATEMENT WILL NOT BE ADMISSIBLE IN ANY BANKRUPTCY OR NON-BANKRUPTCY PROCEEDING INVOLVING THE DEBTORS OR ANY OTHER PARTY (OTHER THAN IN CONNECTION WITH APPROVAL OF THIS DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN), NOR WILL IT BE CONSTRUED TO BE CONCLUSIVE ADVICE ON THE TAX OR OTHER LEGAL EFFECTS OF THE PLAN AS TO HOLDERS OF CLAIMS AGAINST, OR INTERESTS IN, PARTNERS IN THIS CASE.

## I.   INTRODUCTION

### A.   Narrative Summary of the Debtors' Plans of Reorganization

Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding"), debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), filed petitions under Chapter 11 of the Bankruptcy Code on September 14, 2009 (the "Petition Date").  Partners submits this Disclosure Statement pursuant

to section 1125 of the Bankruptcy Code to holders of Claims against Partners, and to Mezzanine as the holder of interests in Partners.  Partners has prepared this Disclosure Statement to be able to solicit votes with respect to the amended chapter 11 plan of reorganization of Partners dated February 18, 2010 (the "Plan")[1], and filed with the United States Bankruptcy Court for the District of Utah, Central Division (the "Bankruptcy Court").

Generally, the Plan provides for the reorganization of Partners and its successful emergence from chapter 11 in these jointly-administered cases.  It does not provide for substantive consolidation of the Debtors' estates.  The Plan provides creditors with several payment options, including for the payment in full over time of all allowed claims against Partners.

**B.      Purpose, Limitations and Structure of this Disclosure Statement**

The purpose of this Disclosure Statement is to provide the holders of Claims and Interest with adequate information to make an informed decision as to whether to accept or reject the Plan.  This Disclosure Statement may not be relied upon for any other purpose, and nothing contained in this Disclosure Statement shall constitute an admission of any fact or liability by any party, or be admissible in any other case or any bankruptcy or non-bankruptcy proceeding involving any of the Debtors or any other party, or be deemed conclusive advice on the tax or other legal effects of the Plan.

On February __, 2010, after notice and a hearing, the Bankruptcy Court issued an order (the "Disclosure Statement Order") approving this Disclosure Statement as containing adequate information of a kind and in sufficient detail to enable a hypothetical, reasonable investor typical of Partners' creditors to make an informed judgment whether to accept or reject the Plan. APPROVAL OF THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE A DETERMINATION BY THE BANKRUPTCY COURT AS TO THE FAIRNESS OR MERITS OF THE PLAN.

The statements contained in this Disclosure Statement generally are made as of the date hereof, unless another time is specified, and delivery of this Disclosure Statement after that date does not mean that the information set forth in this Disclosure Statement remains unchanged since the date of this Disclosure Statement or the date of the materials relied upon in preparation of this Disclosure Statement.  Partners has prepared the information contained in this Disclosure Statement in good faith, based upon the information available to it.  No audit of the financial information contained in this Disclosure Statement has been conducted.  Moreover, certain of the statements contained in this Disclosure Statement, by their nature, are forward-looking and contain estimates, assumptions and projections, and there can be no assurance that these forward-looking statements will turn out to be true.

The description of the Plan contained in this Disclosure Statement is intended as a summary only and is qualified in its entirety by reference to the Plan itself.  If any inconsistency exists between the Plan and this Disclosure Statement, the terms of the Plan are controlling.  The

---

[1] Unless otherwise defined, all capitalized terms contained in this disclosure statement shall have the meanings ascribed to them in the Plan.

Plan is a legally binding agreement and should be read in its entirety. No one should rely on a summary of the Plan in determining whether to accept or reject the Plan. Each holder of an impaired Claim or Interest should read, consider and carefully analyze the terms and provisions of the Plan as well as the information contained in this Disclosure Statement and the other documents provided herewith.

The Disclosure Statement describes:

- background information on Partners, its prepetition businesses and finances, and the events leading to these cases (Section II);

- significant developments during these cases (Section III);

- Partners' proposed Plan (Section IV);

- the procedures and requirements for confirming the Plan (Section V);

- certain federal income tax consequences of the Plan (Section VI);

- certain risk factors to consider before voting on the Plan (Section VII);

- alternatives to confirmation and consummation of the Plan (Section VIII); and

- Partners' recommendation that holders of impaired Claims and Interests vote to accept the Plan (Section IX).

In addition, attached as Exhibits 1 and 2 to this Disclosure Statement are copies of the following documents:

Exhibit "1"     The Plan

Exhibit "2"     Partners' Projected Financial Information

All of the exhibits listed should be attached to this Disclosure Statement and should have been served on you with this Disclosure Statement. In addition, there are certain documents and other materials identified in this Disclosure Statement and/or the Plan that are not attached to the Disclosure Statement or the Plan. These documents or other materials will be contained in a supplement (the "Plan Supplement"), which will be filed with the Bankruptcy Court seven (7) days prior to the deadline to vote on or object to the Plan. The Plan Supplement may be inspected in the office of the Clerk of the Bankruptcy Court during normal court hours. If any of the exhibits identified above were not attached to the Disclosure Statement served on you, or if you want to obtain a copy of the Plan Supplement, once filed, you may do so by sending a written request to the Debtors' counsel at the following address:

Steven B. Eichel, Esq.
Crowell & Moring LLP
590 Madison Avenue, 20th Fl.
New York, New York 10022
(212) 803-4019
Attorneys for the Debtors and
Debtors in Possession

Furthermore, if you have any questions about the packet of materials that you have received, you may contact the attorney listed above by mail or by phone.

### C.     Voting on the Plan

The Disclosure Statement Order also approved procedures governing the solicitation of votes on the Plan by holders of Claims against Partners, and Interest in Partners.[2]

#### 1.     Classes Entitled to Vote

Pursuant to the provisions of the Bankruptcy Code, only holders of Allowed Claims or Interests that are members of a Class that is (a) impaired under section 1124 of the Bankruptcy Code (an "Impaired Class") and (b) not deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, are entitled to vote to accept or reject the Plan.  Classes of Claims or Interests that are unimpaired under section 1124 of the Bankruptcy Code are deemed to have accepted the Plan and are not entitled to vote.  Classes of Claims or Interests in which the holders of Claims or Interests will receive no recovery under the Plan are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code and are not entitled to vote to accept or reject the Plan.

Under the Plan, Classes 1, 2, 4 and 6 are impaired and, to the extent Claims and Interests in those Classes are Allowed, the holders of those Claims or Interests will receive distributions under the Plan.  Moreover, holders of Claims in Class 5 are treated as impaired, and those claims are temporarily allowed for voting purposes only.  As a result, holders of Claims or Interests in those Classes are entitled to vote to accept or reject the Plan.  In contrast, Class 3 of the Plan is unimpaired.  Consequently, holders of Claims in that Class are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan.

Only holders of record of Claims or Interests as of February 18, 2010 that otherwise are entitled to vote under the Plan will receive a Ballot and may vote on the Plan.  A Ballot accompanies this Disclosure Statement for your use in voting on the Plan.

A Ballot which may be used to vote for the acceptance or rejection of the Plan has been sent to the holders of Claims and Interest that are entitled to vote to accept or reject the Plan with this Disclosure Statement.

If you are a holder of a Claim or Interest entitled to vote on the Plan and you did not receive a Ballot with this Disclosure Statement, you received a damaged Ballot or lost your Ballot, or you have any questions concerning the Disclosure Statement, the Plan or the procedures for voting on the Plan, please contact Steven B. Eichel, Esq., Crowell & Moring LLP, 590 Madison Avenue, New York, New York 10022, telephone number: (212) 803-4019.

---

[2] From this point forward in the Disclosure Statement, the phrase "holders of Claims" or "Allowed Claims" shall refer to holder of Claims or Allowed Claims against Partners.  The phrase "holders of Interest," however, shall mean only the holder of the Interest in Partners.

### 2.    Tabulation of Votes

Pursuant to the Bankruptcy Code, a class of claims will be deemed to have accepted a plan of reorganization if, of the class members that <u>actually</u> <u>vote</u> on the plan, at least two-thirds in amount, and more than one-half in number, vote to accept it.  Thus, Classes 1, 2, 4 and 5 will be deemed to have accepted the Plan if the members of each Class that vote to accept the Plan hold  more than one-half of the total number, and more than two-thirds of the total dollar amount, of all Claims in that Class for which a Ballot was properly submitted.  A class of interests will be deemed to have accepted a plan of reorganization if, of the class members that <u>actually</u> <u>vote</u> on the plan, at least two-thirds in amount voted to accept it.  Thus, Class 6 will be deemed to have accepted the Plan if its sole member votes to accept the Plan.  A vote may be disregarded if the Bankruptcy Court determines, after notice and a hearing, that the vote was not cast in good faith or was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code or in accordance with the Disclosure Statement Order.  If a holder of a Claim or Interest does not properly submit a Ballot, or that holder's vote is disregarded in accordance with the previous sentence, the number and amount of that holder's Claim or Interest will not be included in deciding whether Class members voted to accept or reject the Plan.  See Section V for a more detailed description of the requirements for confirmation of the Plan.

If one or more of the Classes of Claims or Interest entitled to vote on the Plan rejects the Plan, Partners reserves the right to amend the Plan or request confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code, or both, without further notice to you.  Section 1129(b) of the Bankruptcy Code permits the confirmation of a plan of reorganization notwithstanding the non-acceptance of a plan by one or more impaired classes of claims or interests.  Under that section, a plan may be confirmed if it does not "discriminate unfairly" and is "fair and equitable" with respect to each non-accepting class.  Holders of Claims and Interest should assume that, if one or more of the Classes of Claims or Interest entitled to vote on the Plan reject the Plan, the Partners will amend the Plan or request confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code, or both, at the currently scheduled Confirmation Hearing.  Any such amendment could include cancellation of the Interest.  See Section V for a more detailed description of the requirements for confirmation of a plan that has been rejected by one or more classes.

### 3.    Voting Instructions

If you are entitled to vote on the Plan, a Ballot is enclosed with this Disclosure Statement.  If you hold a Claims or Interest in more than one Class and you are entitled to vote a Claim and Interest in more than one Class, you will receive separate Ballots for each Claim or Interest, which must be used for each separate Class of Claims and Interests.  Please refer to the Disclosure Statement Order, which is enclosed with this Disclosure Statement if you are entitled to vote, for more specific instructions on voting on the Plan.

Please vote and return your Ballot(s) to:

**MICHAEL V. BLUMENTHAL, ESQ.**
**CROWELL & MORING LLP**
**590 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**

Furthermore, if you have any questions about the packet of materials that you have received, you may contact the attorney listed above by mail or by phone.

TO BE COUNTED, YOUR BALLOT INDICATING ACCEPTANCE OR REJECTION OF THE PLAN MUST BE RECEIVED BY NO LATER THAN 4:30 P.M., MOUNTAIN TIME, ON MARCH 22, 2010.  ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, OR THAT INDICATES BOTH ACCEPTANCE AND REJECTION OF THE PLAN, SHALL BE DEEMED TO ACCEPT THE PLAN.

**PARTNERS RECOMMENDS THAT YOU VOTE IN FAVOR OF CONFIRMATION OF THE PLAN.**

### D.    Confirmation Hearing

Pursuant to section 1128 of the Bankruptcy Code, the hearing to confirm the Plan (the "Confirmation Hearing") will commence on March 30, 2010, beginning at 1:00 p.m. (Mountain Time), before the Honorable R. Kimball Mosier, United States Bankruptcy Judge, in Room 369 of the Bankruptcy Court, 350 South Main Street, Salt Lake City, UT 84101.  The Bankruptcy Court has directed that objections, if any, to confirmation of the Plan be served and filed so that they are received on or before March 22, 2010, at 4:30 p.m. (Mountain Time), in the manner described below in Section V of this Disclosure Statement and as set forth in the Disclosure Statement Order.  The Bankruptcy Court has further directed that the Debtor respond to objections to confirmation on or before March 26, 2010. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice except for the announcement of the adjournment date made at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

## II.    GENERAL INFORMATION ABOUT THE DEBTORS

### A.    Description and History of Debtors' Business

#### 1.    Background

The Sky Lodge is a luxury boutique hotel located in the middle of historic Main Street in Old Town Park City.  It is an ultra stylish resort hotel offering all of Park City's amenities plus a restaurant offering both casual and fine dining, a bar and lounge, the spa Amatsu, and meeting and event venues and more.

The Sky Lodge is being sold as fractional ownership with a total of 176 one-eighth shares (the "Units") offered.  There are 22 units in total.  The models range from 1260 to 2700 square feet for the penthouse model.  As of the Petition Date, 113 Units had been sold.  Owners buy individual units and not just the rights to a stay.  Cloud Nine Resorts- Sky Lodge Management,

LLC ("Sky Lodge Management"), an affiliate of the Debtors, manages the owner bookings and rotational intricacies of ownership.  Each owner is guaranteed two ski weeks (mid Dec. to mid April) each year plus 21 other days throughout the year for their own use.  Stays not used by the owner may be rented out by the hotel and proceeds are split equally with the owner.

**2.    Relationship of Partners to the Other Debtors**

The Debtors are limited liability companies and affiliates of one another.  Partners, which owns the real estate and improvements constituting the Sky Lodge in Park City, Utah, is 100% owned by Mezzanine.  Holding is the 100% owner and managing member of Mezzanine.  Michael Feder, representing Park City I, LLC, Philo Smith, Jr. representing the Philo Smith, Jr. Trust, and William Shoaf, representing CloudNine Resorts, LLC are the co-managers of the Debtors.  The members of Holding are Park City I, LLC holding 12.5%, Philo Smith Jr. Trust holding 10%, Alchemy Ventures Trust holding 38.75% and CloudNine Resorts, LLC holding 38.75%.

Partners' chapter 11 case has not been substantively consolidated with those of Mezzanine and Holdings (collectively, the "Other Debtors"); however, the cases of all the Debtors are being jointly administered.

**B.    The Prepetition Debt**

**1.    WestLB Senior Loan**

On March 30, 2006, Partners entered into a Loan (the "WestLB Senior Loan") and Security Agreement (collectively, the "Senior Loan Agreement") for the initial amount of $36,779,224[3] with WestLB AG, New York Branch ("WestLB") to purchase and develop a Condominium Hotel Mixed Use project at 201 Heber Avenue, Park City, Utah 84060.  The WestLB Senior Loan is secured by, among other things, security interests evidenced by the Construction and Interim Loan Deed of Trust With Security Agreement, Assignment of Leases and Rents and Fixture Filing, and a UCC Financing Statement, each filed in the Summit County, Recorder's Office, State of Utah.  On February 15, 2008, at the direction and authorization of WestLB, as the Administrative Agent, a partial principal repayment of $22,400,000 was made to WestLB from the Real Estate Sales Escrow Account.[4]  The balance of the WestLB Senior Loan as of the Petition Date (as hereinafter defined) was $15,164,331.17.  WestLB has filed a proof of claim in the amount of $16,049,742.71; however, Partners disputes this amount.  Partners is negotiating with WestLB to consensually resolve the amount of the Allowed WestLB Secured Claim.  Pursuant to the Cash Collateral Stipulation (as hereinafter defined) and the order approving same, the amount of WestLB's claim (including all default and non-default interest) was stipulated to be no less than $15,164,331.17.  Partners believes that the final amount of the

---

[3] The proceeds of the WestLB Senior Loan (along with the proceeds of the BayNorth Mezzanine Loan, as hereinafter defined) were used to purchase, develop and construct the Sky Lodge.

[4] As Units are sold, the proceeds are swept into various escrow accounts maintained at Wells Fargo Bank pledged to WestLB.  WestLB is the Administrative Agent for WestLB and BayNorth (hereinafter defined).

WestLB Allowed Secured Claim as of the Confirmation Hearing, including reasonable attorneys fees, accrued and unpaid interest and additional charges, if any, will be approximately $15,700,000.00.

### 2.      BayNorth Mezzanine Loan

On March 30, 2006, Mezzanine entered into a Loan Agreement (the "Mezzanine Loan Agreement") in the initial amount of $11,250,000 (the "BayNorth Mezzanine Loan") with BayNorth Realty Fund VI, LP ("BayNorth").  The funds were used to develop the Sky Lodge and the loan is a "mezzanine" loan a method of financing which became popular in the mid 90's.  The BayNorth Mezzanine Loan is secured by a pledge of Holding's 100% interest in Mezzanine to BayNorth, and a UCC Financing Statement filed with the Secretary of State of Utah.  BayNorth is **not** a creditor of Partners.

On February 19, 2008, at the direction and authorization of WestLB, as the Administrative Agent, a $5,600,000 disbursement from the Real Estate Sales Escrow Account was made to BayNorth, which included a partial principal repayment and accrued interest (the "BayNorth Transfer").  It is the Debtors' position that the BayNorth Transfer was mistakenly and/or improperly made.[5]  It is the Debtors' position that the balance of the BayNorth Mezzanine Loan including principal and accrued interest was $12,045,586, as of the Petition Date[6], which amount is subject to setoff and claims asserted by the Debtors in the BayNorth Adversary Proceeding.

On March 30, 2006, WestLB, as Senior Lender, and BayNorth, as Mezzanine Lender, entered into an intercreditor agreement (the "Intercreditor Agreement") to provide, inter alia, for the relative priority of the Senior Loan Agreement between WestLB and Partners, and the Mezzanine Loan Agreement between BayNorth and Mezzanine, and administration of both loans by WestLB as the administrative agreement.

---

[5] This payment was incorrectly made.  The Debtors assert that the erroneous payment has led to (a) a dispute between WestLB and BayNorth under the Intercreditor Agreement (as hereinafter defined) for its return, (b) failure of WestLB to extend the WestLB Senior Loan, (c) BayNorth alleging a default of the BayNorth Mezzanine Loan, (d) WestLB refusing to release additional escrowed funds resulting in imposition of liens by contractors and foreclosure suits, (e) the loss of Unit sales, and (f) foreclosure lawsuits being filed against Partners and owners of Units.  WestLB disputes the foregoing and asserts that the BayNorth Transfer was made with the knowledge and consent of Partners.

[6] BayNorth claims a substantially greater amount in excess of $31 million, based upon disputed assertions of rights under a yield maintenance provision and disputed default rate interest.  Debtors dispute the amount of the BayNorth Mezzanine Loan and have instituted an Adversary Proceeding against BayNorth (the "BayNorth Adversary Proceeding") to (i) recover the BayNorth Transfer and additional damages and (ii) set aside and disallow the excessive interest charges as penalties.  A more complete description of the BayNorth Adversary Proceeding is contained at pages 15-16 below.

### 3.      Conversion (Extension) of the WestLB Senior Loan

The original term of the WestLB Senior Loan was for three years with two one-year extensions available to Partners subject to the satisfaction of certain conditions.  The initial term of the WestLB Senior Loan ended on March 29, 2009.  On September 25, 2008, Partners notified WestLB of its request for a conversion of the WestLB Senior Loan into an Interim Loan, as provided in section 2.15 of the Senior Loan Agreement.  Such a conversion would have extended the WestLB Senior Loan for an additional year.  Partners asserts that WestLB refused to extend the WestLB Senior Loan under § 2.15, claiming that it had been underpaid $4,899,104 from the distributions that occurred in February 2008.[7]  It is the Debtors' position that this shortage was the direct result of the erroneous BayNorth Transfer because funds that were paid to BayNorth should have been paid to WestLB under the WestLB Senior Loan Documents.

### 4.      Jacobsen

Jacobsen National Group, Inc. ("Jacobsen") was employed by Partners as the general contractor by contract dated March 20, 2006 (the "Construction Contract"), to construct the Sky Lodge and related site improvements and outbuildings.  Construction commenced on or about May 28, 2006 and was generally completed on approximately December 18, 2008.  Jacobsen asserts that it and its subcontractors have completed their work under the Construction Contract and are owed $1,382,127.18 (exclusive of interest and costs).

Because it was not paid in full for its work under the Construction Contract, on or about March 17, 2009, Jacobsen recorded with the Summit County Recorder a notice of mechanic's lien against the Sky Lodge and related property.  On or about September 4, 2009, Jacobsen commenced a civil action in the Third Judicial District Court for Summit County, State of Utah, to enforce its mechanic's lien.  Named as defendants were Partners, Equity Title Insurance Agency, Inc., which acted as escrow agent on many or most of the sales of Units, and owners of the Units.  Perry Olson Drywall also recorded with the Summit County Recorder a notice of mechanic's lien against the Sky Lodge and related property and, on or about September 25, 2009, commenced a civil court action in the Third Judicial District Court for Summit County, State of Utah, to enforce its mechanic's lien.  These actions are stayed pursuant to section 362(a) of the Bankruptcy Code as to Partners.  Jacobsen asserts that its mechanic's lien is prior to the rights of the owners of the Units.

Under Article 5.2 of the Plan, all of the litigation commenced by Jacobsen against Partners is resolved and Jacobsen's claims, as well as the claims of Subcontractors retained by Jacobsen, and against the owners of any Third Party Units will be stayed and dismissed when Jacobsen is paid an agreed upon discounted payment of $1,330,000.  Under any circumstance, if (i) the owner of any particular Third Party Unit pays Jacobsen $4,500 for its release, or (ii) the Reorganized Debtor pays same, the Third Party Unit will be released from the Jacobsen lien and from any lien held by any Subcontractor.  Under the Plan, on the Effective Date, Jacobsen will be paid $1,330,000 and all liens filed by Jacobsen and its

---

[7] WestLB asserts that there were other defaults under the WestLB Senior Loan; however, Debtors dispute same.

Subcontractors against the Third Party Units, the Property and Partners will be satisfied and released and all litigation commenced to enforce those liens will be dismissed..

### 5.      Other Indebtedness

Partners scheduled the General Unsecured Claims in the aggregate amount of $2.5 million; however, if Partners rejects the executory contracts of CloudNine – SL Management LLC and CloudNine – SL Development LLC, an additional $1,200,000 of General Unsecured Claims will arise.  To summarize, the claims held by SL Management and SL Development are approximately $2,875,000.00 and the claims held by other General Unsecured Creditors are approximately $820,000.00.

Moreover, 103 proofs of claim were filed by owners of Third Party Units aggregating an additional $474,223,859.  One of these owners filed a proof of claim in the amount of $435,606,000.  Partners assumes that this Claim was inadvertently filed in the wrong amount and should have been filed in the amount of $435,660.  In that event, the 103 owners of Third Party Units filed claims in the aggregate amount of $39,053,465, which sum is the approximate aggregate purchase price paid for the Third Party Units.  These Claims will be eliminated, released and discharged upon payment of the Allowed Jacobsen Claim pursuant to Article 5.2 of the Plan.

### C.      Events Leading to Commencement of Chapter 11 Cases

On March 4, 2009, WestLB issued a letter to Partners asserting that after reviewing the disposition of the Net Sales Proceeds from sales of real estate, that it, as the Senior Lender, had been underpaid from the $28,000,000 lender distribution that occurred in February of 2008. WestLB demanded that Partners remit immediately the sum of $4,899,104 to it.  Partners contends that the shortfall to WestLB was the direct result of the BayNorth Transfer from the Real Estate Sales Escrow Accounts on or about February 19, 2008.

On or about March 29, 2009, WestLB entered into a forbearance agreement with Partners (the "Forbearance Agreement"). Partners and its representative, Realty Financial Resources, understood that WestLB had met with BayNorth to demand the return of the $5,600,000.  To date, BayNorth has wrongfully refused to return the BayNorth Transfer in violation of Section 9 of the Intercreditor Agreement.

On May 5, 2009, BayNorth issued to Mezzanine a notice of default on the BayNorth Mezzanine Loan, asserting that the WestLB Senior Loan had matured on March 30, 2009 and had not been repaid, and that the resulting default under the Senior Loan agreement was itself a default under the Mezzanine Loan.  This default notice was followed by a Notice of Acceleration and Demand for Payment issued by BayNorth on June 23, 2009.  On July 8, 2009, a Notice of Sale was issued by BayNorth for the membership interest of Holding to be executed and held on September 16, 2009.  There are no payment defaults under the BayNorth Mezzanine Loan nor are any alleged.  A more detailed recitation of the allegations against BayNorth is set forth in Section III.G. of this Disclosure Statement, which describes the litigation commenced by Partners against BayNorth.

On or about February 5, 2009, Partners submitted to WestLB a request to make the final payment to Jacobsen, which has not been paid.  Jacobsen filed liens against the Sky Lodge

property on March 16, 2009, and on September 8, 2009, Jacobsen filed a foreclosure action against Partners and the owners of Units.

The BayNorth Transfer resulted in WestLB having received approximately $4.9 million less than provided for under the Senior Loan Agreement, WestLB's refusal to extend the maturity date of the WestLB Loan from March 2009 to March 2010, and BayNorth's declaration of the alleged default of the BayNorth Loan.  Due to the foregoing and the upcoming foreclosure sale of the membership interest in Holding by BayNorth, Partners and its affiliates, Mezzanine and Holding, had no option but to file for protection under Chapter 11 on September 14, 2009 (the "Petition Date"), to restructure its business and return to profitable operations.

## III.   THE DEBTORS' CHAPTER 11 CASES

### A.   Filing and First Day Orders

On the Petition Date, Partners and the Other Debtors filed their bankruptcy petitions under chapter 11 of the Bankruptcy Code.  The Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### 1.   Certain First Day Orders

Early in these cases, the Court entered a number of orders requested by the Debtors that were designed to minimize disruption to the Debtors' business operations as a result of the chapter 11 filings.  Among other things, these orders authorized the Debtors (i) to pay prepetition wages, and (ii) to use cash collateral pursuant to Bankruptcy Code section 363 and granting adequate protection to WestLB in accordance with an agreed upon stipulation between WestLB and the Debtors.  The Court also entered an order that the segregated account in favor of the utility companies provided the utilities with adequate assurance of payment so that the utilities could not alter, refuse or discontinue utility service to the Debtors.

The Court also entered orders intended to facilitate the administration of these cases, including orders that (i) authorized the joint administration of the Debtors' cases; and (ii) extended the time for the Debtors to file schedules and statements of financial affairs to October 15, 2009.  On October 15, 2009, the Debtors filed their schedules and statements of financial affairs.

### 2.   Retention of Debtors' Professionals

Throughout these cases, the Debtors have sought authority to retain certain professionals in connection with their reorganization as appropriate for required tasks.  The retention of the Debtors' professionals is discussed in more detail in Section III F. below.

### B.   The Creditors' Committee

### 1.   Appointment of the Creditors' Committee

On October 2, 2009, the United States Trustee appointed a committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102(a)(1)

of the Bankruptcy Code (the "Creditors' Committee").[8]  The persons or entities appointed
to the Creditors' Committee are set forth below:

| | |
|---|---|
| Elliott Workgroup Architecture, LLC-Chairman<br>Attn:  Craig Elliott | Goodrich and Thomas, CPAs<br>Attn: Robert B. Goodrich |
| Gateway Center, LLC<br>Attn:  W. James Tozer, Jr.<br><br>Douglas J. Payne<br>Counsel for Gateway Center, LLC | Millcreek Consulting<br>Attn:  Stephen Brown |
| Klehr Harrison Harvey Brazburg & Ellers LLP<br>Attn:  Heather I. Levine | Shaner Design, Inc.<br>Attn: Tom Shaner |

### 2.    Creditors' Committee's Professionals

In connection with these cases, the Creditors' Committee retained Jones Waldo
Holbrook & McDonough, PC ("Jones Waldo") as its legal counsel.  On November 24, 2009,
the Court entered the order approving the retention of Jones Waldo as counsel to the
Creditors' Committee.

### C.    Use of Cash Collateral

On September 15, 2009, Partners filed a motion for interim and final orders: (i)
authorizing use of cash collateral pursuant to 11 U.S.C. § 363 and granting adequate protection
to WestLB, and (ii) scheduling a final hearing pursuant to Bankruptcy Rule 4001(b) (the "Cash
Collateral Motion").

On or about September 16, 2009, Partners and WestLB entered into that certain
"Stipulated Interim Order on Motion of Easy Street Partners, LLC for Interim and Final Orders
(I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate
Protection to WestLB, AG, and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule
4001(b)"  (the "Interim Cash Collateral Stipulated Order").

On September 17, 2009, the Court entered the Interim Cash Collateral Stipulated Order,
which approved Partners use of funds in various accounts, as well as revenues being collected
from Sky Lodge's operations, all of which had been pledged to WestLB ("Cash Collateral") in
accordance with an initial budget, and any subsequent approved budgets, and afforded WestLB
certain rights and adequate protection.

Subsequently, Partners and WestLB reached an agreement regarding the continued use by
Partners of WestLB's Cash Collateral until December 31, 2009 (or such later date as the Parties
agree to in writing) under the terms and on the conditions set forth in the Stipulation Authorizing
Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to

---

[8] On October 6, 2009, the Office of the U.S. Trustee amended the appointment of the Creditors
Committee to correctly designate Douglas J. Payne, Esq. an attorney for Gateway Center, LLC.

WestLB, AG dated October 9, 2009 (the "Cash Collateral Stipulation").  Objections were filed to the proposed final order authorizing use of Cash Collateral.  On or about October 14, 2009, the Court entered an order approving the Cash Collateral Stipulation.

On November 25, 2009, the Debtors and WestLB filed a joint motion to approve certain technical and administrative amendments to the Cash Collateral Stipulation, and additional adequate protection payments to WestLB.  Objections were filed to said motion and on December 14, 2009, the Court granted the motion and approved the amendments to the Cash Collateral Stipulation and allowed additional payments to WestLB's legal counsel from Cash Collateral.

On or about December 27, 2009, the Debtors filed an extension of certain deadlines with respect to the Cash Collateral Stipulation (the "Extension").  The proposed modifications to the Cash Collateral Stipulation set forth in the Extension include (i) extending the use of Cash Collateral from December 31, 2009 to April 30, 2010, (ii) authorizing the co-manager of the Sky Lodge Hotel to submit transfer request reports to WestLB, (iii) extending the deadline for Partners to submit a term sheet of its plan of reorganization from December 3, 2009 to December 23, 2009, (iv) extending the deadline for Partners to file a disclosure statement and plan of reorganization from December 23, 2009 to January 11, 2010[9], (v) extending the Cash Collateral Stipulation's termination date from December 31, 2009 to April 30, 2010, (vi) stipulating to the term of the co-manager, (vii) providing for the handling of refundable deposits, and (viii) providing for the payment of professional fees in connection with the BayNorth Adversary Proceeding.

On January 7, 2010, the Court entered an order approving the Extension.

### D.      Extensions of Exclusivity

On December 18, 2009, the Debtors filed a motion to extend their exclusive periods for filing chapter 11 plans of reorganization for approximately 60 days to and including March 15, 2010, and soliciting the acceptances of such plans for approximately 60 days to and including May 14, 2010 (the "Exclusivity Motion").  On January 12, 2010, the Bankruptcy Court entered an order extending Partners' exclusive period to file a plan of reorganization through January 15, 2010 and to solicit acceptances of the Plan, any amended plans of reorganization or any amendments thereto through March 31, 2010.

### E.      Appointment of the Debtors' Professionals

### 1.      Initial Applications and Retentions

On or about the Petition Date, the Debtors sought authority to retain Crowell & Moring LLP ("C&M") and Durham Jones & Pinegar P.C. ("Durham Jones") as Debtors' bankruptcy counsel.  On October 22, 2009, the Court entered orders approving the retention of C&M and Durham Jones as Debtors' counsels.

---

[9]  Subsequently, WestLB consented to extend the January 11, 2009 deadline to January 15, 2009.

### 2. Retention of Wrona Law Offices, P.C.

On October 19, 2009, the Debtors also filed an application to employ and retain Wrona Law Offices, P.C. ("Wrona") as special counsel for the Debtors with regard to, among other things, corporate governance issues, the complex relationships within the Debtors' organization and between the Debtors and fractional unit homeowners, effective as of September 14, 2009.  The Court granted the application at the November 24, 2009 hearing.  On December 2, 2009, the Court entered a final order approving the Wrona retention.

### 3. Retention of BDRC 4 Site, LLC

Pursuant to the Cash Collateral Order and as condition to WestLB consenting to the use of Cash Collateral, Partners and WestLB were to collaborate in identifying, interviewing, and engaging a manager or consultant to serve as a co-manager of the Sky Lodge.

After interviewing several candidates, Partners selected BDRC 4 Site, LLC ("BDRC") to assist in co-managing the Sky Lodge Hotel.  On or about November 13, 2009, Partners filed an application to retain BDRC as co-manager.  On December 3, 2009, the Court granted the application to employ BDRC.  As co-manager, BDRC is to provide certain services to Partners, including, but not limited to, the following:

      (i)      supervisory assistance to the general manager.

      (ii)      review, comment, and approval of programs in the marketing, promotion, and operation of the Debtor's hotel.

      (iii)      supervise relations with the homeowners association; supervise public relations and public announcements.

      (iv)      review and analyze room rates and charges.

      (v)      provide accounting oversight, controls, and services; review and analyze operating costs and expenses.

      (vi)      provide to WestLB and to the Debtor's senior management reports on the status of business operations, budgets, projections and business plans, as well as participate in periodic meetings with WestLB.

      (vii)      assist Partners in developing a plan of reorganization, including a five year business plan, possible modification of operations, development of new strategies, attraction of new investors and restructuring existing debt; and

      (viii)      assist in the development of a marketing program and re-engagement of a sales force to facilitate and pursue sales of the Units in the Sky Lodge.

### 4.  Retention of Gemstone Hotels and Resorts, LLC

On or about November 24, 2009, Partners also filed an application to employ Gemstone Hotels & Resorts, LLC ("Gemstone")[10] as a consultant to Partners and its co-manager, BDRC, with respect to, among other things, the development of business plan, spending projections, project management, and with respect to a 5-year business plan and operating proformas related thereto.  On December 3, 2009, the Court entered an order approving Gemstone as a consultant to Partners.

### 5.  Retention of Corbin Gordon

On or about October 19, 2009, the Debtors filed an application to employ Corbin B. Gordon ("Gordon") as special counsel with respect to issues pertaining to the Gateway lease and related issues, effective as of September 14, 2009.  On November 25, 2009, the Court granted the application to retain Gordon.

### 6.  Retention of Appraisal Group, Inc.

On November 5, 2009, Partners filed an application to employ Appraisal Group, Inc. ("AGI") as an expert appraiser to (i) prepare an appraisal of Partners' property located in Park City, Utah, (ii) provide any follow up testimony related to such appraisal, and (iii) render any other related services as may be necessary to accomplish the above.  On December 8, 2009, the Court granted the application to retain AGI.

### F.  The Debtors' Operating Performance During the Chapter 11 Cases

For the period from the Petition Date through December 31, 2009, operations of the Sky Lodge have resulted in an actual cumulative profit of approximately $95,000 versus a projected estimate of $11,700.  In January 2010, the Sky Lodge continued to improve financial performance and posted an operating profit of $451,898, which was $29,000 more than budget and represents a 44.2% profit margin.  Net profit, without the costs of professionals in the Bankruptcy Case, was $251,276, approximately $40,000 more than budgeted.  These projections were made in the budgets that were annexed to the Cash Collateral Stipulation, and Partners has been tracking budget projections versus actual performance on a monthly basis.  After taking into consideration the non-recurring legal fees and expenses of the Chapter 11 case, consolidated profits of approximately $88,000 occurred during the post-petition period through January 31, 2010; compared to a projected loss budgeted as approximately $110,000.

For the entire year ended December 31, 2009, Partners posted a profit of $726,204 versus a loss in 2008 of $604,280.  The swing of $1,330,484 to positive net operating income over the prior year was accomplished with $970,000 less gross revenue in 2009.  Management has been vigilant at managing its costs.  Looking forward to 2010, the projections are annexed to the Disclosure Statement as Exhibit 2 and discussed at pages 47-48 reflect continuous profitability.

---

[10] WestLB required the retention of Gemstone as a consultant as a condition to its consent to the retention of BDRC as co-manager.

The trend of business operations is positive, and the 2010 projections, which reflect an operating profit of approximately $500,000, are conservative.  It should be noted that BDRC and Gemstone have signed off on the 2010 Budget.

The Sky Lodge continued to be ranked the number 1 hotel property in Park City on Trip Adviser and received extremely high guest satisfaction ratings in the various industry reports.

### G.      BayNorth Litigation

On September 15, 2009, the Debtors commenced an adversary proceeding in the Bankruptcy Court against BayNorth concerning primarily BayNorth's receipt of the $5,600,0000 BayNorth Transfer (the "BayNorth Adversary Proceeding").  According to the Debtors' amended complaint (the "Complaint") in the BayNorth Adversary Proceeding, BayNorth wrongfully received the BayNorth Transfer and refused to return such funds, which created a default under the WestLB Senior Loan Agreement.  The Complaint further alleges (i) that BayNorth then relied upon the default it created under the WestLB Senior Loan Agreement to declare a cross-default under the BayNorth Mezzanine Loan, and improperly scheduled a UCC sale of Holdings' interests in Mezzanine, and (ii) BayNorth's action caused WestLB to freeze certain escrow accounts, from which the Debtors were to pay construction costs relating to the construction and development of the Sky Lodge Hotel.  This, in turn, caused the general contractor, Jacobsen, on the project to impose a mechanics lien of approximately $1,400,000 on the property owned by Partners, as well as the existing owners of the Units.

The Debtors' Complaint asserts causes of action against BayNorth seeking the return of the BayNorth Transfer and additional monetary damages, including punitive damages, based on the legal theories of unjust enrichment, money had and received, conversion, tortious interference with contract, tortious interference with existing and prospective business relationships, breach of contract, fraudulent conveyance, turnover, and unfair and deceptive acts and practices in violation of Massachusetts G.L. Ch. 93A.  The Debtors also seek a declaratory judgment determining that the yield maintenance and default interest provisions under the BayNorth Note, which seek to assess interest at approximately 70% per annum, are unenforceable.

On October 6, 2009, BayNorth moved to dismiss the complaint in the BayNorth Loan Adversary Proceeding for failure to state a claim.  A hearing on the motion was held before the Bankruptcy Court on December 22, 2009, at which time, the court heard argument from the parties and reserved ruling on the motion.  On December 29, 2009, the Bankruptcy Court entered an order denying BayNorth's motion to dismiss the complaint.  The BayNorth Adversary Proceeding is being vigorously prosecuted by the Debtors.

### H.      The Massachusetts Action and the § 105 Adversary Proceeding

On or about October 8, 2009, BayNorth commenced an action in Superior Court of the Commonwealth of Massachusetts (the "Massachusetts Action") against William Shoaf ("Shoaf") and David Wickline ("Wickline") seeking an entry of a judgment against them in an amount in excess of $30,000,000 based upon a springing guaranty (the "Springing Guaranty") and completion guaranty executed by Shoaf and Wickline in connection with the BayNorth

Mezzanine Loan.  Under the Springing Guaranty, the BayNorth Mezzanine Loan, which was non-recourse in nature, would become fully recourse against Shoaf and Wickline if Partners or Mezzanine filed bankruptcy petitions.

On November 11, 2009, BayNorth filed a motion in the Massachusetts Action seeking partial summary judgment against Shoaf and Wickline under the Springing Guaranty based upon Partners and Mezzanine's filing of Chapter 11 petitions before the Bankruptcy Court.

On December 1, 2009, the Debtors commenced another adversary proceeding before the Bankruptcy Court against BayNorth, along with a motion, seeking to stay BayNorth from prosecuting the Massachusetts Action against Shoaf pursuant to §§ 105 and 362 of the Bankruptcy Code (the "105 Adversary Proceeding") on the grounds that the Debtors would be irreparably harmed in the absence of a stay because: (i) Shoaf would be distracted from his managerial duties on behalf of the Debtors at the busiest time of the year for The Sky Lodge if he were required to defend the Massachusetts Action; and (ii) the Debtors would be subject to possible inconsistent verdicts in the absence of a stay due to Shoaf's right to indemnification from the Debtors for any personal liability he incurred as a result of actions he took on behalf of any of the Debtors (the "Stay Motion").

A hearing on the Stay Motion was held before the Bankruptcy Court on December 22, 2009.  On January 11, 2020, the Bankruptcy Court entered an order denying the Stay Motion.  It is anticipated that Shoaf and Wickline will vigorously oppose the Massachusetts Action.

## I.      The Committee Litigation Against WestLB, AG

On January 12, 2010, the Creditors' Committee commenced an adversary proceeding in the Bankruptcy Court against WestLB concerning primarily WestLB's payment of $5,600,000 to BayNorth (the "WestLB Adversary Proceeding").  According to the Creditor's Committee Complaint (the "Committee Complaint") in the WestLB Adversary Proceeding, WestLB's approximate $5.6 million payment of Partners' funds to BayNorth resulted in, *inter alia,* (i) WestLB refusing to permit Partners to exercise its contractual right to extend the March 31, 2009 maturity date of the WestLB Senior Loan, and (ii) WestLB declaring a maturity default on such loan.

The Committee Complaint further alleges that WestLB's erroneous and subsequent inequitable conduct, including, without limitation, declaring a default under the WestLB Senior Loan has resulted in, among other things, WestLB forcing Partners to sign a forbearance agreement in which Partners was required to waive all of its claims against WestLB.

The Committee Complaint seeks to (i) equitably subordinate the claims of WestLB to the claims of all unsecured creditors of Partners, and (ii) avoid Partners' waiver of claims in the forbearance agreement and recover such claims for the benefit of Partners' estate because such waiver constitutes a fraudulent transfer under both state and federal bankruptcy laws.

## J.      Jacobsen Litigation

On September 4, 2009, Jacobsen commenced an action in the Third Judicial District Court, Summit County, State of Utah (the "Utah State Court") against, among others,

Partners, certain of its lenders, the Union Square Condominium Owners Association, and other individuals or entities that have an interest in the Sky Lodge, including the current owners of the Units.  The complaint asserts, among other things, that (i) Partners entered into a contract with Jacobsen to construct and manage the construction of the condominium project on the property, (ii) Jacobsen rendered services under the contract, and (iii) Jacobsen has not been paid the outstanding obligations under the contract.  Pursuant to the complaint, Jacobsen seeks, among other things, (i) a decree of foreclosure against all defendants and declaring that their claims, rights, title and interest in the property and improvements are junior or subordinated to Jacobsen's lien on the property and (ii) the sale of the property to satisfy, in whole or in part, the amounts allegedly owed to him.  The action is stayed as to Partners by virtue of the automatic stay pursuant to section 362 of the Bankruptcy Code.  As set forth on pages 9-10, the Plan will resolve the litigation initiated by Jacobsen with respect to both Partners and the owners of the Third Party Units.

### K.    Schedules, Bar Date and Summary of Claims

#### 1.    Schedules and Statements

On October 15, 2009, the Debtors filed their respective Statements of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "Schedules").

#### 2.    Bar Date

Pursuant to Local Bankruptcy Rule 3003-1(a), "[i]n a chapter 11 case, a proof of claim or interest is timely filed if it is filed not later that 90 days after the first date set for the meeting for creditors under § 341 of the Code, or, if filed by a governmental unit, not later than 180 days after the date of the order for relief."  LBR 3003-1(a).  Thus, January 6, 2010 at 4:00 p.m. (the "Bar Date") is the date and time by which proofs of claim by all claimants (other than governmental units) are required to be filed.  The deadline for a governmental unit to file a proof of claim is March 15, 2010.

#### 3.    Summary of Claims

As of January 14, 2009, 139 proofs of claim have been filed in these cases.  The Debtors will be reviewing the proofs of claim and comparing them to their books and records and will object to proofs of claim when, and if, appropriate.[11]

As of January 14, 2009, $479,029,201.01 in General Unsecured Claims, $17,817,317.98 in Secured Claims and $4,445.64 in Priority Claims (totaling $496,851,421.31) against Partners have been scheduled or filed and not disallowed or expunged pursuant to Court orders. The bulk of the General Unsecured Claims are attributable to the owners of Third Party Units.  As set forth on page 9 above, one of these owners filed a proof of claim in the amount of $435,606,000. Partners assumes that this Claim was inadvertently filed in the wrong amount and should have been filed in the amount of $435,606.  In that event, the 103 owners of Third Party

---

[11] Under Article 6.2 of the Plan, the Reorganized Debtor will have the exclusive right to object to claims for up to 120 days following the Effective Date, although this deadline can be extended by the Court.