# EXHIBIT 2-2

## THE SKY LODGE – FIVE YEAR CONSOLIDATED PRO FORMA

16-Feb-10

| | 2009 | 2010 | 2011 | 2012 | 2013 | TOTAL |
|---|---|---|---|---|---|---|
| **REVENUES** | | | | | | |
| Resort Operations | 4,761,949 | 6,963,395 | 8,797,897 | 11,502,993 | 13,883,800 | 45,910,033 |
| Fractional Real Estate Sales | - | 1,917,000 | 6,648,150 | 7,894,268 | 9,385,583 | 25,845,000 |
| Total Revenues | 4,761,949 | 8,880,395 | 15,446,047 | 19,397,260 | 23,269,382 | 71,755,033 |
| **EXPENSES** | | | | | | |
| Resort Operations | 4,570,800 | 6,427,536 | 7,763,454 | 10,031,902 | 12,082,148 | 40,875,839 |
| Fractional Real Estate Sales | 20,437 | 321,687 | 715,371 | 802,599 | 831,991 | 2,692,084 |
| Total Expenses | 4,591,237 | 6,749,223 | 8,478,825 | 10,834,500 | 12,914,138 | 43,567,923 |
| **NET INCOME** | 170,712 | 2,131,172 | 6,967,222 | 8,562,760 | 10,355,244 | 28,187,110 |
| **FIXED EXPENSES** | | | | | | |
| Easy Street Partners - A&G | 166,604 | 80,125 | 35,000 | 35,000 | 35,000 | 351,729 |
| Capital Expenditures | - | 170,850 | 175,958 | 230,060 | 277,676 | 854,544 |
| WestLB –Legal & Other | 300,000 | 400,000 | | | | 700,000 |
| Easy Street Partners –Legal & Other | 472,787 | 948,100 | | | | 1,420,887 |
| Residential Condo Property Taxes | | 40,000 | 34,000 | 14,000 | | 88,000 |
| Loan Interest | 102,000 | 819,735 | 937,544 | 629,039 | 260,272 | 2,748,590 |
| Developer HOA Residential Fees | 267,395 | 402,184 | 394,284 | 278,800 | 147,000 | 1,489,664 |
| Developer HOA Commercial Fees | 275,321 | 240,672 | 247,893 | 255,329 | 262,989 | 1,282,205 |
| Total Fixed Expenses | 1,584,107 | 3,101,667 | 1,824,678 | 1,442,228 | 982,938 | 7,351,511 |
| **Net Cash Available** | (1,413,395) | (970,495) | 5,142,544 | 7,120,531 | 9,372,306 | 19,251,491 |

| CASH POSITION | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|
| Working Cash Reserves | 3,109,504 | 1,696,109 | (550,636) | (154,316) | 366,215 |
| Add: Cash to Reserves | (1,413,395) | (970,495) | 5,142,544 | 7,120,531 | 9,372,306 |
| Less: Cash Distributions | | (1,276,250) | (4,746,224) | (6,600,000) | (9,400,000) |
| Ending Cash Balance | 1,696,109 1 | (550,636) 1 | (154,316) 1 | 366,215 | 338,521 |

| CASH DISTRIBUTIONS | 2009 | 2010 | 2011 | 2012 | 2013 | TOTAL |
|---|---|---|---|---|---|---|
| Loan Principal Paydowns** | - | 1,276,250 | 4,746,224 | 5,673,335 | 4,004,191 | 15,700,000 |
| ESP Distribution | | | | 926,665 | 5,395,809 | 6,322,474 |
| Total | | 1,276,250 | 4,746,224 | 6,600,000 | 9,400,000 | 22,022,474 |

**\*\*Notes**  80% of Net Real Fractional Sales to WestLB

1. These negative cash balances will be covered by the $2 million of additional capital being provided by the Plan Funder. Additionally, the deferred payments to Class 4 general unsecured creditors are not reflected in this business plan and will be funded by the additional capital being provided by the Plan Funder.

THE SKY LODGE - FIVE YEAR HOTEL OPERATION PRO FORMA

2/11/10

| | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|
| **HOTEL PROJECTED OCCUPANCY** | | | | | |
| Transient Occupancy | 39.80% | 52.33% | 56.48% | 63.70% | 67.14% |
| Owner Occupancy | 34.60% | 44.24% | 48.00% | 54.00% | 56.00% |
| | 5.20% | 8.12% | 8.48% | 9.70% | 11.14% |
| Room Nights Sold | 3,942 | 5,325 | 5,782 | 6,504 | 6,745 |
| Room Nights Occupied | 4,893 | 6,303 | 6,803 | 7,673 | 8,087 |
| ADR | $481.77 | $459.69 | $496.46 | $521.29 | $547.35 |
| % of Project Sold Out - Year End | 64.20% | 67.05% | 76.70% | 88.07% | 100.00% |
| | | | | | |
| **PROPERTY MANAGEMENT OCCUPANCY** | | | | | |
| Number of Properties | | 10 | 25 | 50 | 70 |
| Transient Occupancy | | 24.5% | 26.0% | 26.0% | 26.0% |
| Room Nights Sold | | 537 | 2,373 | 4,745 | 6,643 |
| ADR | $ | 459.69 | 475.00 | 498.75 | 523.69 |
| | | | | | |
| **REVENUE** | | | | | |
| Hotel Rooms Revenue | 2,025,639 | 2,761,890 | 3,157,394 | 3,729,672 | 4,061,198 |
| Property Management Revenue | | 385,360 | 1,126,938 | 2,366,569 | 3,478,856 |
| F&B Revenue | 1,987,198 | 2,652,798 | 3,183,358 | 3,820,029 | 4,584,035 |
| Spa Revenue | 295,878 | 599,747 | 680,287 | 843,998 | 929,971 |
| Sky Club Membership | 285,120 | 369,600 | 446,220 | 528,840 | 605,160 |
| Zoom Rental Revenue | 168,114 | 194,000 | 203,700 | 213,885 | 224,579 |
| **TOTAL REVENUE** | 4,761,949 | 6,963,395 | 8,797,897 | 11,502,993 | 13,883,800 |
| | | | | | |
| **TOTAL OPERATING EXPENSES** | 3,820,775 | 5,373,832 | 5,978,607 | 7,144,089 | 8,189,074 |
| | | | | | |
| **NET OPERATION PROFIT/(LOSS)** | 941,174 | 1,589,563 | 2,819,290 | 4,358,903 | 5,694,725 |
| | | | | | |
| Sky Lodge Owner Rental Commissions | 539,271 | 612,302 | 749,759 | 1,013,246 | 1,266,766 |
| Property Management Rental Commissions | | 147,683 | 676,163 | 1,419,941 | 2,087,314 |
| Management Fees ☐ | 166,930 | 243,719 | 307,926 | 402,605 | 485,933 |
| Property Taxes | 43,824 | 50,000 | 51,000 | 52,020 | 53,060 |
| **NET OPERATIONAL PROFIT/(LOSS)** | 191,149 | 535,859 | 1,034,442 | 1,471,091 | 1,801,652 |

(After owner rental commissions and management fees)

* These fees do not include Mr. Shoaf's compensation from the Reorganized Debtor.

THE SKY LODGE - FIVE YEAR HOTEL OPERATION PRO FORMA          1/31/10

## OWNER USAGE ESTIMATE

|  | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|
| Number of Owners - Start of Year | 113 | 113 | 118 | 135 | 155 |
| % Increase over Prior Year |  | 0% | 4% | 14% | 15% |
| **Owner Usage by Month** |  |  |  |  |  |
| Jan | 174 | 149 | 156 | 178 | 204 |
| Feb | 131 | 68 | 71 | 81 | 93 |
| Mar | 107 | 138 | 144 | 165 | 189 |
| Apr | 43 | 83 | 87 | 99 | 114 |
| May | 7 | 36 | 38 | 43 | 49 |
| Jun | 38 | 68 | 71 | 81 | 93 |
| Jul | 123 | 137 | 143 | 164 | 188 |
| Aug | 64 | 63 | 66 | 75 | 86 |
| Sep | 55 | 59 | 62 | 70 | 81 |
| Oct | 46 | 42 | 44 | 50 | 58 |
| Nov | 51 | 18 | 19 | 22 | 25 |
| Dec | 112 | 117 | 122 | 140 | 160 |
| Total Annual Owner Days Used | 951 | 978 | 1,021 | 1,168 | 1,342 |
| Average Days Per Owner | 8.42 | 8.65 | 8.65 | 8.65 | 8.65 |

## OWNER RENTAL COMMISSION ESTIMATE

|  | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|
| Gross Hotel Room Revenue | 1,899,137 | 2,447,845 | 2,870,358 | 3,390,611 | 3,691,998 |
| Net Owner Commissions | 539,271 | 612,302 | 749,759 | 1,013,246 | 1,266,766 |
| Percent of Gross Room Revenue | 28.4% | 25.0% | 26.1% | 29.9% | 34.3% |

## THE SKY LODGE - REAL STATE PRO - FORMA

2/11/10

|  | 2009 | 2010 | 2011 | 2012 | 2013 | TOTAL |
|---|---|---|---|---|---|---|
| **PROJECTED FRACTIONAL SALES** | | | | | | |
| Two Bedroom Fractions | 0 | 1 | 5 | 5 | 0 | 11 |
| Three Bedroom Fractions | 0 | 3 | 7 | 10 | 17 | 37 |
| Deluxe Three Bedroom Fractions | 0 | 1 | 5 | 5 | 4 | 15 |
| Total Fractions Sold | 0 | 5 | 17 | 20 | 21 | 63 |
| % of Project Sold Out | 64.20% | 67.05% | 76.70% | 88.07% | 100.00% | |
| Units Remaining to be Sold | 63 | 58 | 41 | 21 | 0 | |
| | | | | | | |
| **REVENUE** | | | | | | |
| Two Bedroom Fractions | 0 | 275,000 | 1,416,250 | 1,155,000 | 0 | 2,846,250 |
| Three Bedroom Fractions | 0 | 1,167,000 | 2,761,900 | 4,145,768 | 7,290,833 | 15,365,500 |
| Deluxe Three Bedroom Fractions | 0 | 475,000 | 2,470,000 | 2,593,500 | 2,094,750 | 7,633,250 |
| **TOTAL REVENUES** | 0 | 1,917,000 | 6,648,150 | 7,894,268 | 9,385,583 | 25,845,000 |
| | | | | | | |
| **EXPENSES** | | | | | | |
| Commissions | 0 | 115,020 | 398,889 | 473,656 | 563,135 | 1,550,700 |
| Closing Costs | 0 | 19,170 | 66,482 | 78,943 | 93,856 | 258,450 |
| Marketing & Administration | 20,437 | 187,497 | 250,000 | 250,000 | 175,000 | 882,934 |
| **TOTAL EXPENSES** | 20,437 | 321,687 | 715,371 | 802,599 | 831,991 | 2,692,084 |
| | | | | | | |
| **NET OPERATION PROFIT/(LOSS)** | -20,437 | 1,595,313 | 5,932,780 | 7,091,669 | 8,553,592 | 23,152,916 |

# EXHIBIT 2-3

**THE SKY LODGE**
**CAPITAL BUDGET 2010**

| DEPARTMENT | EXPENDITURE | PROJECT DESCRIPTION |
|---|---|---|

**FOOD & BEVERAGE**

**Updgrade of Current Meeting Space**

Project Overview
Upgrade of the current PDR to provide a more flexible space that can not only accommodate meetings but provide a venue that is an extension of the Bar Bohme for hotel special events & private parties

| | | |
|---|---|---|
| * Upgrade carpet area to slate floors & area rugs | | |
| Slate Floor 2,400 sq ft @$12/ft | 18,500.00 | |
| Area carpets | 1,600.00 | Project Benefits |
| * Ceiling Mount for HD Big Screen | 2,500.00 | Upgrades will make the area more valuable during Sundance Film Festival were nighly rental can be $15,000. Will provide a year round venue for weddings, special event dinners, and expansion of Bar Boheme druing peak days and major sports events. |
| | 22,600.00 | |

**Renovate Bakery to Events Room**

Project Overview
The current bakery operations does not provide a positive cash flow. With breakfast service in the main restaurant the function filled by this outlet can be moved to Easy Street with little additional cost. This space can be refitted to be an events room that can sold to in house and outside groups.

| | | |
|---|---|---|
| * Remove current FFE | 1,000.00 | |
| * Patch in floor to match the old wood now in place | 7,500.00 | |
| * Repaint | 250.00 | |
| * Upgrade lighting | 1,500.00 | |
| * Décor and FFE | 3,500.00 | Project Benefits |
| | 13,750.00 | Eliminates a current operation that is a drain on the bottom line and increases the venues for special events that can be sold throughout the year. |

**Wood Buring Pizza Ovens**

Project Overview
Place a wood burning oven in the current service bar

| | | |
|---|---|---|
| Wine Room | 5,500.00 | |
| Oven | 3,500.00 | |
| Hood | 4,500.00 | |
| Install & Equipment | | |
| Plaza | | |
| Oven | 5,500.00 | |
| Other Equip & Install | 6,500.00 | |
| | 25,500.00 | |

| DEPARTMENT | EXPENDITURE | PROJECT DESCRIPTION |
|---|---|---|
| **FOOD & BEVERAGE** | | |
| **Upgrade Sky Club** | | Project Overveiw |
| FFE & Curtains | 30,000.00 | Replace current lounge furniture with more comfortable product |
| Install Theatrical Lighting on Deck | 12,500.00 | Improve deck visibility and punch with accent lighting |
| Décor & Smallwares | 5,000.00 | |
| | 47,500.00 | |
| | | |
| **ACCOUNTING** | | |
| | | |
| **Upgrade SMS Front Office System** | | Project Overview |
| * Programmers time | | The current programming for the front office system does not properly |
| 2 programmers & $850/day for | 8,500.00 | take full advantage of the capabilities of the system as it pertains to |
| 5 days | | efficiencies and reporting. |
| * Airfare and other costs | 3,000.00 | |
| | 11,500.00 | Project Benefits |
| | | Adjustments to the programming and set up will allow the accounting |
| | | department to eliminate a number of manually executed worksheets |
| | | to improve accuracy and efficiency. |
| | | |
| **Convert Back Office System** | | Project Overview |
| | | The current back office system is DOS based and the system will not be |
| * New software | 27,500.00 | converted to window format in the future. The lack of proper interface |
| | | with SMS front office and other window based programs creates many |
| | | interface problems |
| | | |
| | | Project Benefits |
| | | Steamline the transfer and management of all accounting related |
| | | efforts and provdes a more effective accounting system. |
| | | |
| **HOTEL** | | |
| | | |
| **UPGRADE HOTEL ENTRANCE** | | Project Overview |
| * Install theatrical lighting in entry | 10,000.00 | The current entry for the hotel does not sufficient curb appeal and |
| and courtyard | | visual prescence.Need to improve the overall first impression of this |
| * Add décor items and landscape | 5,000.00 | area. |
| * Reupholster entry furniture | 2,000.00 | |
| | 17,000.00 | |

| DEPARTMENT | EXPENDITURE | PROJECT DESCRIPTION |
|---|---|---|
| **HOUSEKEEPING/EMPLOYEE AREA** | 4,500.00 | Project Overview |
| Enclose NE area of garage for new employee break area and storage. | | Previous employee break area converted to accounting offices to allow cancellation of Gateway offices (savings of $120k per yr). Project would enclose area of gargage used for storage to provide a climate controlled area. |
| **GUEST COMPUTERS** | 1,000.00 | Project Overview |
| | | Two loaner lap tops for guest use. |
| **TOTAL CAPITAL INVESTMENTS** | **170,850.00** | |

# EXHIBIT F

SLC_559441.1

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com) (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et. al.* | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors | ) 09-29907 and 09-29908 |
| | ) (This Notice affects only Case No. |
| | ) 09-29907 – Easy Street Partners, LLC) |
| Address:    201 Heber Avenue | ) |
| Park City, UT 84060 | ) |
| | ) Chapter 11 |
| Tax ID Numbers: | ) |
| 35-2183713 (Easy Street Holding, LLC), | ) |
| 20-4502979 (Easy Street Partners, LLC), and | ) Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |
| | ) |

## NOTICE OF HEARING ON CONFIRMATION
## OF PLAN AND RELATED DEADLINES

PLEASE TAKE NOTICE THAT:

1.      East Street Partners, LLC ("Partners" or the "Debtor") has filed the Amended
Plan of Reorganization of Easy Street Partners, LLC dated February 17, 2010 (the "Plan") and is
now seeking confirmation of the Plan.  If you object to confirmation of the Plan, the Court has

established a deadline of **Monday, March 22, 2010 at 4:30 p.m. Mountain Time** by which you must file a written objection with the Court.  At the same time, you must also serve a copy of the objection so that it is <u>actually received</u> by the following parties by the stated deadline (the "Notice Parties"):  (1) counsel to the Debtors, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022, Attn:  Michael V. Blumenthal, Esq.; (2) co-counsel to the Debtors, Durham Jones & Pinegar, P.C., 111 East Broadway, Suite 900, P.O. Box 4050, Salt Lake City, UT 84111-4050, Attn:  Kenneth L. Cannon II, Esq.; (3) counsel to the Official Committee of Unsecured Creditors, Jones Waldo Holbrook & McDonough, PC, 170 South Main Street, Suite 1500, Salt Lake City, UT 84101, Attn:  Lon A. Jenkins, Esq.; and (4) the Office of the United States Trustee, 405 South Main Street, Suite 300, Ken Garff Building, Salt Lake City, UT 84111, Attn:  John T. Morgan, Esq.; and (5) counsel for WestLB, AG, Sidley Austin LLP, 555 West Fifth Street, Los Angeles, CA 90013 (Attn:  Richard W. Havel, Esq.

2.      If you are eligible to vote on the Plan, you will receive a Ballot for voting on the Plan. The deadline for submitting Ballots accepting or rejecting the Plan is **Monday, March 22, 2010 at 4:30 p.m. Mountain Time**.  To be counted, properly executed and completed ballots must be returned so as to be <u>actually received</u> by that deadline to:  Michael V. Blumenthal, Esq., Crowell & Moring, LLP 590 Madison Avenue, New York, New York 10022.  For more information on completing and submitting the Ballot, please carefully read the instructions accompanying the Ballot.  CROWELL & MORING LLP CANNOT GIVE YOU LEGAL ADVICE.  IF YOU DO NOT UNDERSTAND THIS NOTICE, YOU SHOULD CONSULT A LAWYER.

3.      IF YOU HOLD OR HAVE ASSERTED CLAIMS AGAINST THE DEBTOR THAT ARE IN A CLASS THAT IS NOT IMPAIRED UNDER THE PLAN, YOU ARE NOT ELIGIBLE TO VOTE ON THE PLAN.  PURSUANT TO SECTION 1126(f) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (i) DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND (ii) NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN AS A HOLDER OF SUCH CLAIM.  ACCORDINGLY, THIS NOTICE AND THE CONFIRMATION HEARING NOTICE ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT THE DEBTOR'S COUNSEL, CROWELL & MORING LLP, 590 MADISON AVENUE, 20th FLOOR, NEW YORK, NY 10022, TEL. NO. (212) 223-4000.  CROWELL & MORING LLP CANNOT GIVE YOU LEGAL ADVICE.  IF YOU DO NOT UNDERSTAND THIS NOTICE, YOU SHOULD CONSULT A LAWYER.

4.      If any party serves and files an objection to your claim on or before March 1, 2010, such claim will be temporarily disallowed for voting purposes only (and not for the purposes of allowance or distribution), except to the extent the Court temporarily allows such claim for voting purposes only pursuant to a timely-filed motion under Fed.R.Bankr.P. 3018(a). Any motion to have a claim temporarily allowed for voting purposes pursuant to Fed.R.Bankr.P. 3018(a) must be filed with the Court and served on the Notice Parties, together with evidence in support thereof, so that it is <u>actually received</u> on or before <u>Thursday, March 18, 2010 at 4:30 p.m. Mountain Time</u>.  Any such motion that is timely filed and served will be heard on

2

Tuesday, March 30, 2010 at 1:30 p.m., Mountain Time, before the Honorable R. Kimball Mosier, Room 369, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101.

       5.      Copies of the Plan and Disclosure Statement may be obtained upon request by contacting the Debtor's counsel at (212) 223-4000, or by written request directed to:  Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022, Attn:  Michael V. Blumenthal, Esq.

       6.      The Debtor will file a Plan Supplement on or before Monday, March 15, 2010. The Order (A) Approving Disclosure Statement With Respect To Amended Plan Of Reorganization Of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing A Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing (the "Disclosure Statement Order"), a copy of which is enclosed without exhibits, provides that the Debtor shall serve copies of the Plan Supplement on certain parties.  You may also receive a copy of the Plan Supplement when it is filed by submitting no later than March 8, 2010, a request to counsel for the Debtor, Steven B. Eichel, Crowell & Moring, 590 Madison Avenue, 20th Floor, New York, NY  10022, telephone:  (212) 223-4000, facsimile:  (212) 223-4134, email: seichel@crowell.com, or Kenneth L. Cannon II, Durham, Jones & Pinegar, 111 East Broadway, Suite 900, P.O. Box 4050, Salt Lake City, UT 84111-4050, telephone:  (801) 415-3000, facsimile:  (801) 415-3500, email:  kcannon@djplaw.com.  You may also receive a copy of the Plan Supplement after March 15, 2010, by requesting a copy from Debtor's counsel.

       7.      A HEARING TO CONSIDER CONFIRMATION OF THE PLAN WILL BE HELD on **Tuesday, March 30, 2010 at 1:30 p.m. Mountain Time** (the "Confirmation Hearing"), before the Honorable R. Kimball Mosier, Room 369, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101.  The Confirmation Hearing may be continued at any time; however, if continued other than at the scheduled Confirmation Hearing, the Debtor shall send a notice of the adjourned date by first class U.S. mail.

       8.      **Please take further notice that the Plan contains an injunction against taking certain actions.  Please consult the Disclosure Statement for a complete explanation of the injunctions set forth in the Plan.**

9.     In addition to the matters described in this notice, the Court has established various procedures and deadlines in connection with voting and confirmation of the Plan, which are set forth in the Disclosure Statement Order, a copy of which is enclosed.

Dated this 25th day of February, 2010.

DURHAM JONES & PINEGAR, P.C.

By:      /s/  Kenneth L. Cannon II
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84111-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

and

CROWELL & MORING LLP
Michael V. Blumenthal (mblumenthal@crowell.com)
(admitted pro hac vice)
Steven B. Eichel (seichel@crowell.com)
(admitted pro hac vice)
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

4

# EXHIBIT G

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted *pro hac vice*)
Steven B. Eichel (seichel@crowell.com) (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134
Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | (This Order affects only Case No. 09-29907- |
| ) | Easy Street Partners, LLC) |
| Address:   201 Heber Avenue ) | |
| Park City, UT 84060 ) | |
| ) | Chapter 11 |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | Honorable R. Kimball Mosier |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**ORDER (A) APPROVING AMENDED DISCLOSURE STATEMENT WITH RESPECT TO
AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC,
DATED FEBRUARY 18, 2010, (B) ESTABLISHING A RECORD DATE,
(C) APPROVING SOLICITATION PROCEDURES, (D) APPROVING FORMS OF BALLOTS
AND VOTING PROCEDURES, AND (E) APPROVING NOTICE
AND SCHEDULING CONFIRMATION HEARING**

Easy Street Partners, LLC ("Partners" or the "Debtor") filed an amended disclosure statement dated February 18, 2010 (the "Disclosure Statement") with respect to the Amended Plan of Reorganization of Easy Street Partners, LLC, dated February 18, 2010 (the "Plan").  The hearing on the adequacy of the Disclosure Statement came on for hearing as scheduled on February 18, 2010.  Appearances of counsel were made on the record.  The Disclosure Statement contained numerous changes and additions made to the initial disclosure statement filed on January 15, 2010, which addressed the objections filed on February 12, 2010 (collectively, the "Objections") by WestLB AG, BayNorth Realty Fund VI, LP, the Official Unsecured Creditors' Committee for Easy Street Partners, LLC (the "Creditors' Committee"), and by certain Fractional Unit Owners (the "Fractional Unit Owners").  At the hearing, the Debtor agreed to make additional modifications and additions to the Disclosure Statement.  The Court, having reviewed the Disclosure Statement and the modifications proposed thereto by Partners, having found that notice of the hearing on the adequacy of the Disclosure Statement and of the right to object to the Disclosure Statement is sufficient, and having determined that the Disclosure Statement contains adequate information; it is hereby ORDERED as follows:

1.    **Approval of Disclosure Statement**.  Upon consideration of the Disclosure Statement, the responses and objections thereto (the "Objections"), and the record of the hearing held to consider the adequacy of the Disclosure Statement, at which the Debtor agreed to further additions and modifications to the Disclosure Statement, the Court determines after due deliberation that the Disclosure Statement contains adequate information as defined in 11 U.S.C. § 1125 and that the granting of the relief sought is in the best interests of the Debtor's estate, and

the Disclosure Statement is hereby APPROVED and all Objections that were not withdrawn

prior to entry hereof are OVERRULED.

    2.      The following procedures and deadlines shall govern with respect to the Plan:

    (A)    **Record Date**.  February 18, 2010, which is the date of the conclusion of

the hearing to approve the Disclosure Statement, shall serve as the record date (the "Record

Date") for the purposes of Fed. R. Bankr. P. 3017.

    (B)    **Distribution of Solicitation Package**.

    (i)    A "Solicitation Package" means a package (or multiple packages) of documents containing copies of the following documents: (a) the Disclosure Statement (together with the Plan annexed thereto as Exhibit A); (b) the appropriate Ballot(s) and voting instructions (as described below); (c) the Confirmation Hearing Notice; and (d) this order, without exhibits (the "Order").

    (ii)    On or before the Deadline for Service of Solicitation Packages, the Debtor shall cause a Solicitation Package to be sent by first-class mail to:  (i) all persons or entities that, as of the Record Date, have timely filed proofs of claim, (ii) all persons or entities listed in Partners' Schedules as of the Record Date, provided that the amount scheduled for such person or entity is greater than zero dollars ($0.00) according to the Schedules and is not listed as contingent, unliquidated or disputed; (iii) other known holders of liquidated, noncontingent and undisputed general unsecured claims against the Debtor, if any, as of the Record Date; (iv) any parties in interest that have filed and served a request for notice in the Debtor's Chapter 11 case on or before the date of service (the "2002 Notice Parties"); (v) counsel to the Creditors' Committee; and (vi) the Office of United States Trustee; provided, however, that the Debtor is not required to serve Solicitation Packages upon holders of claims or interests that are in a class of the Plan that is deemed to accept the Plan under § 1126(f) of the Bankruptcy Code (i.e., Class 3).  To the extent any party asserts more than one claim in the same class, the Debtor shall serve upon such party one Ballot for each claim although such party shall receive only one Solicitation Package.

    (iii)    The Debtor shall mail to holders of claims or interests who are not entitled to vote the Confirmation Hearing Notice, substantially in the form approved in this order, as applicable.  It shall not be necessary for

the Debtor to mail copies of the Plan or Disclosure Statement to holders of claims or interests who are not entitled to vote, provided that the Debtor shall mail copies to any such holders that contact the Debtor and request that copies be provided.

(iv)    In the event any delivery is returned by the United States Postal Service as undeliverable, the Debtor may, but is not required to, re-mail any Solicitation Packages or Confirmation Hearing Notices, as the case may be, to entities whose addresses in the database of the Debtor as of the Record Date are incorrect or insufficient, so long as they are substantially the same as the Debtor's books and records or the addresses listed in the entities' proof(s) of claim.  If a creditor has changed its mailing address on or after the Petition Date, the burden shall be upon the creditor, not the Debtor, to advise the Debtor of the new address.

(C)    **Voting and Tabulation Procedures**.

(i)    The ballot transmitted in each Solicitation Package shall be substantially in the form attached hereto as Exhibits B, C, D, E, and F, respectively (the "Ballots").

(ii)    Specific Requirements of Ballots.

(a)    In order for a Ballot to be counted in voting to accept or reject the Plan, the party submitting such Ballot must comply with all of the voting instructions attached to each of the Ballots.  The voting instructions attached to each of the Ballots is approved and incorporated into these procedures by reference.

(b)    In order for a Ballot to be counted in voting to accept or reject the Plan, the properly executed and completed Ballot must be delivered to Michael V. Blumenthal, Esq., Crowell & Moring, LLP 590 Madison Avenue, New York, NY 10022 (I) by first class mail, in the return envelope provided with each Ballot, (II) by overnight courier, or (III) by personal delivery so that it is **actually received** no later than Voting Deadline. Ballots not properly submitted in compliance with these procedures **will not be counted**.

(c)    The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

(I)    Any Ballot received after the Voting Deadline unless the Debtor or the Court extends the Voting Deadline with respect to such Ballot;

(II)    Any Ballot that is illegible or contains insufficient information to permit the identification of the creditor;

(III)    Any Ballot cast by a person or entity that does not hold a claim or an interest in a class that is entitled to vote on the Plan;

(IV)    Any Ballot cast for a claim or interest (i) scheduled as unliquidated, contingent or disputed for which no proof of claim has been filed or (ii) which is subject to a pending objection, and which has not been temporarily allowed for voting purposes pursuant to Fed. R. Bankr. P. 3018(a); and

(V)    Any Ballot that does not contain a signature.

(d)    The following voting procedures and standard assumptions shall be used in tabulating ballots:

(A)    The method of delivery of Ballots to be sent to the Debtor's counsel is at the election and risk of each creditor.

(B)    If multiple Ballots are received from an individual party with respect to the same claims prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any and all prior Ballots.

(C)    Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but does not indicate acceptance or rejection of the Plan is deemed to be a vote to accept the Plan.  Creditors must vote all of their claims either to accept or reject the Plan and may not split their vote, and thus, Ballots of creditors that partially accept and partially reject the Plan will not be counted.

(D)    The Debtor, in its sole discretion, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice, so long as the identity of the claimant and the intent of the claimant as to acceptance or rejection is apparent.

(E)      In the event a designation is requested under § 1126(e) of the Bankruptcy Code, any vote to accept or reject the plan cast with respect to such claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

(F)      Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation or withdrawal of Ballots will be determined by the Debtor in its sole discretion, which determination shall be final and binding.

(G)      The Debtor reserves the right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtor, not be in accordance with the provisions of the Bankruptcy Code.

(H)      Any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(I)      Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

(J)      If a timely-filed proof of claim is marked on the proof of claim as contingent or unliquidated or is designated as such by court order, unless the Court orders otherwise, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance, at $1.00.

(K)      If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed before the applicable bar date for filing such proof of claim or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such claim will be

disallowed for voting purposes and for purposes of allowance and distribution pursuant to Fed. R. Bankr. P. 3003(c).

(iii)    <u>Objections to confirmation of the Plan</u>.  Objections to confirmation of the Plan must be filed and served on or before the Objection Deadline (as hereinafter defined).  The Court shall consider only written objections that are timely filed and served, and only to the extent the objecting party states with particularity the grounds for objection.  Objections not timely filed and served in accordance with the provisions of this subparagraph will be overruled.  With regard to any timely-filed objection, the Debtor is authorized (but not required) to file a reply, if any, to any such objection, and a brief in support of confirmation of the Plan by no later than Friday, March 26, 2010.

(iv)    <u>Objections to Claims and Temporary Allowance of Claims for Voting Purposes</u>.  For a claim to be disallowed for voting purposes, a party must file an objection to that claim no later than <u>March 1, 2010</u>.  For the holder of a claim to vote a claim to which an objection has been filed, the holder of that claim must file and serve a motion pursuant to Fed. R. Bankr. P. 3018(a) for temporary allowance of the claim for voting purposes and all evidence in support thereof so that it is <u>received</u> by the Court and by the counsel and United States Trustee listed below on or before <u>March 18, 2010, at 4:30 p.m., Mountain Time</u>.  Such a motion for temporary allowance for voting purposes must be served on counsel to the Debtors, counsel to the Unsecured Creditors' Committee, the Office of the United States Trustee, and counsel for WestLB, AG.  Any such motion that is timely filed and served will be heard by the Court at the Confirmation Hearing on <u>Tuesday, March 30, 2010, at 1:30 p.m. Mountain Time</u>.

(D)    **The Plan Supplement**.  The Debtor will file its Plan Supplement no later than Monday, March 15, 2010, and serve on that date copies of the Plan Supplement on counsel for WestLB, AG, counsel for the Unsecured Creditors' Committee, counsel for Jacobsen National, counsel for Owners of Third Party Units, counsel for David Wickline, on the 2002 Notice Parties, on the Office of the United States Trustee, and on any other party who submits a request to counsel for the Debtor no later than March 8, 2010.  In addition, the Debtor will serve

a copy of the Plan Supplement on any party who, after March 15, 2010, submits a request to

counsel for the Debtor.

(E)     **The Confirmation Hearing and Plan-Related Deadlines**.  The

following dates and deadlines shall apply:

(i)     The deadline by which the Debtor shall serve copies of the Solicitation Package upon all Claimants:  Friday, February 26, 2010 (the "Deadline for Service of Solicitation Package").

(ii)     The deadline by which ballots containing signatures must be actually received by the Debtor's counsel, Crowell & Moring LLP:  **Monday, March 22, 2010, at 4:30 p.m. Mountain Time** (the "Voting Deadline");

(iii)     The deadline for filing with the Court and completing service of objections to confirmation of the Plan:  **Monday, March 22, 2010 at 4:30 p.m., Mountain Time** (the "Objection Deadline");

(iv)     The deadline for filing with the Court and completing service of the Debtor's response to objections to confirmation and a memorandum in support of confirmation of the Plan:  **Friday, March 26, 2010**.

(v)     The deadline for the Debtor to file a report of the results of voting on the Plan:  The commencement of the confirmation hearing; and

(vi)     The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall commence on **Tuesday, March 30, 2010 at 1:30 p.m., Mountain Time**.  The Confirmation Hearing may be continued at any time; however, if continued other than at the scheduled Confirmation Hearing, the Debtor shall send a notice of the adjourned date by first class U.S. mail.

3.     **Approval of Forms**.

(a)     The form of Confirmation Hearing Notice attached hereto as **Exhibit A** is approved.

(b)     The forms of Ballot attached hereto as **Exhibit B, C, D, E, and F** are approved for voting by holders of claims classified in Classes 1, 2, 4, 5, and 6 of the Plan, respectively.

4.      The Debtor is hereby authorized and empowered to take such steps and perform

such acts as may be necessary to implement and effectuate the provisions of this Order.

**-------------------END OF ORDER---------------------**

### CLERK'S CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Order (A) Approving Amended Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010, (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms of Ballots and Voting Procedures, and (E) Approving Notice and Scheduling Confirmation Hearing was served via electronic mail this ____ day of February, 2010, on the following parties:

Kenneth L. Cannon II
Durham Jones & Pinegar
P O Box 4050
Salt Lake City, UT  84110-4050

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

John T. Morgan
United States Trustee's Office
405 South Main Street, Suite 300
Salt Lake City, UT  84111

Adelaide Maudsley
Chapman & Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111-2298

Anthony S. Fiotto
Goodwin Procter LLP
53 State Street
Boston, MA  02109

Brian W. Harvey
Goodwin Procter LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018-1405

Jeffrey Weston Shields
Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644

Annette W. Jarvis, Esq.
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
P O Box 45385
Salt Lake City, UT  84145-0385

BY THE COURT

_____

# EXHIBIT H

SLC_559441.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al.* | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | (This ballot relates only to Case |
| | ) | No. 09-29907 – Easy Street Partners, LLC) |
| Address:   201 Heber Avenue | ) | |
| Park City, UT 84060 | ) | |
| | ) | Chapter 11 |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED PLAN OF
REORGANIZATION OF EASY STREET PARTNERS, LLC**

**Class 1 — Allowed WestLB Claim**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE
COMPLETING THE BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR
REJECTION OF THE PLAN.**

**YOUR VOTE MUST BE RECEIVED BY CROWELL & MORING, LLP 590 MADISON AVENUE, NEW
YORK, NEW YORK 10022, ATTN: MICHAEL V. BLUMENTHAL  ("DEBTOR'S COUNSEL" OR
"VOTING AGENT") BY 4:30 PM. MOUNTAIN TIME, ON OR BEFORE MARCH 22, 2010 (THE
"VOTING DEADLINE"), UNLESS THE DEBTOR, IN ITS SOLE AND ABSOLUTE DISCRETION, OR
THE COURT EXTENDS OR WAIVES THE PERIOD DURING WHICH VOTES WILL BE ACCEPTED
BY THE DEBTOR, IN WHICH CASE THE TERM "VOTING DEADLINE" FOR SUCH SOLICITATION
SHALL MEAN THE LAST TIME AND DATE TO WHICH SUCH SOLICITATION IS EXTENDED.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Amended Plan of Reorganization
of Easy Street Partners, LLC  (the "Plan").  All capitalized terms used in this Ballot or Voting Instructions (attached hereto) but
not otherwise defined herein shall have the same meaning ascribed to them in the Order (A) Approving Disclosure Statement
with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a
Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E)
Approving Notice of and Scheduling Confirmation Hearing.

**Item 1.   Amount and Type of Claim**

The undersigned is the holder of a Class 1 Claim in the Aggregate outstanding amount of $_____.

**Item 2.   Class 1 Vote**

The holder of the Class 1 Claim set forth in Item 1 votes (please check one):

☐   To Accept the Plan          ☐   To Reject the Plan

**Item 3.   Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and Easy Street Partners, LLC that:

(a)   either (i) such person or entity is the beneficial interest holder of the Claim(s) being voted or (ii) such person or entity is an authorized signatory for some person or entity which is the beneficial interest holder of the Claim(s) being voted;

(b)   such person or entity (or in the case of an authorized signatory, the beneficial interest holder) has received a copy of the Disclosure Statement and Solicitation Package and will acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)   no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if other Ballots have been cast with respect to such Claim(s), such earlier Ballots are hereby revoked; and

(d)   such person or entity (or in the case of an authorized signatory, the beneficial interest holder) shall be treated as the record holder of such Claim(s) for purposes of voting on the Plan.

Dated:_____

Name of Voter:_____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY.**
**YOUR BALLOT MUST BE RECEIVED BY:**

Crowell & Moring LLP
590 Madison Avenue, 20th FL
New York, New York 10022
Attn:  Michael V. Blumenthal

**BY 4:30 P.M. MOUNTAIN TIME ON OR**
**BEFORE MARCH 22, 2010 OR YOUR BALLOT WILL NOT BE COUNTED**

## VOTING INSTRUCTIONS

1.      Easy Street Partners, LLC (the "Debtor") is soliciting the votes of holders of Claims with respect to the Plan referred to in the Disclosure Statement.  All capitalized terms used in the Ballot or these Voting Instructions but not otherwise defined therein shall have the same meaning ascribed them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

2.      The Plan can be confirmed by the Bankruptcy Court, and therefore made binding upon you, if it is accepted by holders of two-thirds in amount and more than one-half in number of debt claims who vote in each impaired class voting on the Plan.  Please review the Disclosure Statement for more information.  Prior to a distribution, the creditor's Tax ID Number or Social Security Number must be presented to the Debtor and its counsel in order to receive a distribution.

3.      To ensure that your vote is counted, you must (a) complete the Ballot, (b) indicate your decision to accept or reject the Plan in the boxes provided in Item 2 of the Ballot, and (c) sign and return the Ballot to the address set forth therein. **Your vote must be received by Debtor's Counsel by 4:30 p.m. Mountain Time on or before March 22, 2010 (the "Voting Deadline").**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to be sent to Debtor's Counsel is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Debtor's Counsel.  Instead of effecting delivery by mail, it recommended, though not required, that such holders use an overnight or hand delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.  No Ballot should be sent to the Debtor.

5.      If multiple Ballots are received from an individual holder of Claim(s) with respect to the same Claim(s) prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier-received Ballot.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to determine the alleged amount of a holder's claim.

7.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot.  Each Ballot votes only the claims indicated on Ballot.  Please complete and return each Ballot you received.

10.     You must vote all of your claims within a particular class of the Plan either to accept or reject the Plan and may not split your vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

11.     Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but that does not indicate acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, may be deemed to be a vote to accept the Plan.

12.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or otherwise indicate an acceptance or rejection of the Plan; (b) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (c) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed or an order of estimation or allowance by the Bankruptcy Code and (d) any unsigned Ballot and (e) any Ballot case in bad faith as may be determined by the Bankruptcy Code.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | (This ballot relates only to Case |
| ) | No. 09-29907 – Easy Street Partners, LLC) |
| Address:    201 Heber Avenue ) | |
| Park City, UT 84060 ) | |
| ) | Chapter 11 |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED PLAN OF
REORGANIZATION OF EASY STREET PARTNERS, LLC**

**Class 2 —  Allowed Jacobsen Claim**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE
COMPLETING THE BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR
REJECTION OF THE PLAN.**

**YOUR VOTE MUST BE RECEIVED BY CROWELL & MORING, LLP 590 MADISON AVENUE, NEW
YORK, NEW YORK 10022, ATTN: MICHAEL V. BLUMENTHAL  ("DEBTOR'S COUNSEL" OR
"VOTING AGENT") BY 4:30 P.M. MOUNTAIN TIME, ON OR BEFORE MARCH 22, 2010 (THE
"VOTING DEADLINE"), UNLESS THE DEBTOR, IN ITS SOLE AND ABSOLUTE DISCRETION, OR
THE COURT EXTENDS OR WAIVES THE PERIOD DURING WHICH VOTES WILL BE ACCEPTED
BY THE DEBTOR, IN WHICH CASE THE TERM "VOTING DEADLINE" FOR SUCH SOLICITATION
SHALL MEAN THE LAST TIME AND DATE TO WHICH SUCH SOLICITATION IS EXTENDED.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Amended Plan of Reorganization
of Easy Street Partners, LLC  (the "Plan").  All capitalized terms used in this Ballot or Voting Instructions (attached hereto) but
not otherwise defined herein shall have the same meaning ascribed to them in the Order (A) Approving Disclosure Statement
with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a
Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E)
Approving Notice of and Scheduling Confirmation Hearing.

**Item 1.    Amount and Type of Claim**

The undersigned is the holder of a Class 2 Claim in the Aggregate outstanding amount of $_____.

**Item 2.    Class 2 Vote**

The holder of the Class 5 Claim set forth in Item 1 votes (please check one):

☐    To Accept the Plan                    ☐    To Reject the Plan

**Item 3.    Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and Easy Street Partners, LLC that:

(a)    either (i) such person or entity is the beneficial interest holder of the Claim(s) being voted or (ii) such person or entity is an authorized signatory for some person or entity which is the beneficial interest holder of the Claim(s) being voted;

(b)    such person or entity (or in the case of an authorized signatory, the beneficial interest holder) has received a copy of the Disclosure Statement and Solicitation Package and will acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if other Ballots have been cast with respect to such Claim(s), such earlier Ballots are hereby revoked; and

(d)    such person or entity (or in the case of an authorized signatory, the beneficial interest holder) shall be treated as the record holder of such Claim(s) for purposes of voting on the Plan.

Dated:_____

Name of Voter:_____
                                    (Print or Type)

Signature:_____

By:_____
                            (If Appropriate)

Title:_____
                            (If Appropriate)

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY.**
**YOUR BALLOT MUST BE RECEIVED BY:**

Crowell & Moring LLP
590 Madison Avenue, 20th FL
New York, New York 10022
Attn:  Michael V. Blumenthal

**BY 4:30 P.M. MOUNTAIN TIME ON OR BEFORE**
**MARCH 22, 2010 OR YOUR BALLOT WILL NOT BE COUNTED**

## VOTING INSTRUCTIONS

1.      Easy Street Partners, LLC (the "Debtor") is soliciting the votes of holders of Claims with respect to the Plan referred to in the Disclosure Statement.  All capitalized terms used in the Ballot or these Voting Instructions but not otherwise defined therein shall have the same meaning ascribed them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

2.      The Plan can be confirmed by the Bankruptcy Court, and therefore made binding upon you, if it is accepted by holders of two-thirds in amount and more than one-half in number of debt claims who vote in each impaired class voting on the Plan.  Please review the Disclosure Statement for more information.  Prior to a distribution, the creditor's Tax ID Number or Social Security Number must be presented to the Debtor and its counsel in order to receive a distribution.

3.      To ensure that your vote is counted, you must (a) complete the Ballot, (b) indicate your decision to accept or reject the Plan in the boxes provided in Item 2 of the Ballot, and (c) sign and return the Ballot to the address set forth therein. **Your vote must be received by Debtor's Counsel by 4:30 p.m. Mountain Time on or before March 22, 2010 (the "Voting Deadline").**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to be sent to Debtor's Counsel is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Debtor's Counsel.  Instead of effecting delivery by mail, it recommended, though not required, that such holders use an overnight or hand delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.  No Ballot should be sent to the Debtor.

5.      If multiple Ballots are received from an individual holder of Claim(s) with respect to the same Claim(s) prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier-received Ballot.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to determine the alleged amount of a holder's claim.

7.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot.  Each Ballot votes only the claims indicated on Ballot.  Please complete and return each Ballot you received.

10.     You must vote all of your claims within a particular class of the Plan either to accept or reject the Plan and may not split your vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

11.     Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but that does not indicate acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, may be deemed to be a vote to accept the Plan.

12.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or otherwise indicate an acceptance or rejection of the Plan; (b) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (c) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed or an order of estimation or allowance by the Bankruptcy Code and (d) any unsigned Ballot and (e) any Ballot case in bad faith as may be determined by the Bankruptcy Code.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | (This ballot relates only to Case No. 09-29907 – |
| ) | Easy Street Partners, LLC) |
| Address:  201 Heber Avenue ) | |
| Park City, UT 84060 ) | Chapter 11 |
| ) | |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED PLAN OF**
**REORGANIZATION OF EASY STREET PARTNERS, LLC**

**Class 4 — General Unsecured Claims**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**CAREFULLY BEFORE COMPLETING THE BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR**
**ACCEPTANCE OR REJECTION OF THE PLAN.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW IN ITEM 3 TO INDICATE YOUR**
**ELECTION FOR OPTION 1 OR OPTION 2.  IF YOU FAIL TO ELECT EITHER**
**OPTION 1 OR OPTION 2, THEN YOU SHALL BE DEEMED TO HAVE ELECTED OPTION 1.**

**YOUR VOTE MUST BE RECEIVED BY CROWELL & MORING, LLP 590 MADISON AVENUE, NEW YORK,**
**NY 10022, ATTN: MICHAEL V. BLUMENTHAL  ("DEBTOR'S COUNSEL" OR "VOTING AGENT") BY**
**4:30 PM MOUNTAIN TIME, ON OR BEFORE MARCH 22, 2010 (THE "VOTING DEADLINE"),**
**UNLESS THE DEBTOR, IN ITS SOLE AND ABSOLUTE DISCRETION, OR THE COURT EXTENDS**
**OR WAIVES THE PERIOD DURING WHICH VOTES WILL BE ACCEPTED BY THE DEBTOR,**
**IN WHICH CASE THE TERM "VOTING DEADLINE" FOR SUCH SOLICITATION SHALL MEAN**
**THE LAST TIME AND DATE TO WHICH SUCH SOLICITATION IS EXTENDED.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Amended Plan of Reorganization of Easy Street Partners, LLC (the "Plan").  All capitalized terms used in this Ballot or Voting Instructions (attached hereto) but not otherwise defined herein shall have the same meaning ascribed to them in the the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

**Item 1.    Amount and Type of Claim**

The undersigned is the holder of a Class 4 Claim in the Aggregate outstanding amount of $_____.

**Item 2.    Class 4 Vote**

The holder of the Class 4 Claim set forth in Item 1 votes (please check one):

☐    To Accept the Plan                    ☐    To Reject the Plan

**Item 3.    Election**

In full and complete satisfaction, settlement and release of and in exchange for its Class 4 Claim, the holder of the Class 4 Claim set forth in Item 1 elects:

☐    **Option 1**.
        The holder of the Class 4 Claim shall receive payment of 100% of their Allowed Claim, without interest, in equal quarterly payments, with the first payment due on October 15, 2010.  Successive quarterly payments shall be on January 15th, April 15th and July 15th with the last payment July 15, 2013, which is approximately 3.5 years from the Effective Date.

☐    **Option 2**.
        The holder of the Allowed Class 4 Claim shall receive payment of a discounted amount equal to 50% of their Allowed Claim on the thirtieth (30th) day after the Effective Date.

**Item 4.    Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and Easy Street Partners, LLC that:

(a)        either (i) such person or entity is the beneficial interest holder of the Claim(s) being voted or (ii) such person or entity is an authorized signatory for some person or entity which is the beneficial interest holder of the Claim(s) being voted;

(b)        such person or entity (or in the case of an authorized signatory, the beneficial interest holder) has received a copy of the Disclosure Statement and Solicitation Package and will acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)        no other Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if other Ballots have been cast with respect to such Claim(s), such earlier Ballots are hereby revoked; and

(d)        such person or entity (or in the case of an authorized signatory, the beneficial interest holder) shall be treated as the record holder of such Claim(s) for purposes of voting on the Plan.

Dated:_____

Name of Voter:_____
                                        (Print or Type)

Signature:_____

By:_____
                (If Appropriate)

Title:_____
                (If Appropriate)

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY.
YOUR BALLOT MUST BE RECEIVED BY:**

Crowell & Moring LLP
590 Madison Avenue, 20th FL
New York, New York 10022
Attn:  Michael V. Blumenthal

**BY 4:30 P.M. MOUNTAIN TIME ON OR
BEFORE MARCH 22, 2010 OR YOUR BALLOT WILL NOT BE COUNTED**

**VOTING INSTRUCTIONS**

1.  Easy Street Partners, LLC (the "Debtor") is soliciting the votes of holders of Claims with respect to the Plan referred to in the Disclosure Statement.  All capitalized terms used in the Ballot or these Voting Instructions but not otherwise defined therein shall have the same meaning ascribed them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

2.  The Plan can be confirmed by the Bankruptcy Court, and therefore made binding upon you, if it is accepted by holders of two-thirds in amount and more than one-half in number of debt claims who vote in each impaired class voting on the Plan.  Please review the Disclosure Statement for more information.  Prior to a distribution, the creditor's Tax ID Number or Social Security Number must be presented to the Debtor and its counsel in order to receive a distribution.

3.  To ensure that your vote is counted, you must (a) complete the Ballot, (b) indicate your decision to accept or reject the Plan in the boxes provided in Item 2 of the Ballot, (c) indicate your election of treatment in the boxes provided in Item 3 of the Ballot, and (d) sign and return the Ballot to the address set forth therein.  **Your vote must be received by Debtor's Counsel by 4:00 p.m. Eastern Time on or before March __, 2010 (the "Voting Deadline").**

4.  If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to be sent to Debtor's Counsel is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Debtor's Counsel.  Instead of effecting delivery by mail, it recommended, though not required, that such holders use an overnight or hand delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.  No Ballot should be sent to the Debtor.

5.  If multiple Ballots are received from an individual holder of Claim(s) with respect to the same Claim(s) prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier-received Ballot.

6.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to determine the alleged amount of a holder's claim.

7.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  If you hold Claims in more than one class under the Plan, you may receive more than one Ballot.  Each Ballot votes only the claims indicated on Ballot.  Please complete and return each Ballot you received.

10.  You must vote all of your claims within a particular class of the Plan either to accept or reject the Plan and may not split your vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

11.  Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but that does not indicate acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, may be deemed to be a vote to accept the Plan.

12.  The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or otherwise indicate an acceptance or rejection of the Plan; (b) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (c) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed or an order of estimation or allowance by the Bankruptcy Code and (d) any unsigned Ballot and (e) any Ballot case in bad faith as may be determined by the Bankruptcy Code.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al.* | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | (This ballot relates only to Case No. 09- |
| | ) | 29907 – Easy Street Partners, LLC) |
| Address:    201 Heber Avenue | ) | |
| Park City, UT 84060 | ) | |
| | ) | Chapter 11 |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED PLAN OF
REORGANIZATION OF EASY STREET PARTNERS, LLC**

**Class 5 — Allowed Ownership of Third Party Units Claim**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE
COMPLETING THE BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR
REJECTION OF THE PLAN.**

**YOUR VOTE MUST BE RECEIVED BY CROWELL & MORING, LLP 590 MADISON AVENUE, NEW
YORK, NEW YORK 10022, ATTN: MICHAEL V. BLUMENTHAL  ("DEBTOR'S COUNSEL" OR
"VOTING AGENT") BY 4:30 P.M. MOUNTAIN TIME, ON OR BEFORE MARCH 22, 2010 (THE
"VOTING DEADLINE"), UNLESS THE DEBTOR, IN ITS SOLE AND ABSOLUTE DISCRETION, OR
THE COURT EXTENDS OR WAIVES THE PERIOD DURING WHICH VOTES WILL BE ACCEPTED
BY THE DEBTOR, IN WHICH CASE THE TERM "VOTING DEADLINE" FOR SUCH SOLICITATION
SHALL MEAN THE LAST TIME AND DATE TO WHICH SUCH SOLICITATION IS EXTENDED.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Amended Plan of Reorganization
of Easy Street Partners, LLC  (the "Plan").  All capitalized terms used in this Ballot or Voting Instructions (attached hereto) but
not otherwise defined herein shall have the same meaning ascribed to them in the Order (A) Approving Disclosure Statement
with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a
Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E)
Approving Notice of and Scheduling Confirmation Hearing.

**Item 1.    Amount and Type of Claim**

The undersigned is the holder of a Class 5 Claim in the Aggregate outstanding amount of $_____.

**Item 2.    Class 5 Vote**

The holder of the Class 5 Claim set forth in Item 1 votes (please check one):

☐        To Accept the Plan              ☐        To Reject the Plan

**Item 3.    Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and Easy Street Partners, LLC that:

(a)        either (i) such person or entity is the beneficial interest holder of the Claim(s) being voted or (ii) such person or entity is an authorized signatory for some person or entity which is the beneficial interest holder of the Claim(s) being voted;

(b)        such person or entity (or in the case of an authorized signatory, the beneficial interest holder) has received a copy of the Disclosure Statement and Solicitation Package and will acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)        no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if other Ballots have been cast with respect to such Claim(s), such earlier Ballots are hereby revoked; and

(d)        such person or entity (or in the case of an authorized signatory, the beneficial interest holder) shall be treated as the record holder of such Claim(s) for purposes of voting on the Plan.

Dated:_____

Name of Voter:_____
                    (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY.**
**YOUR BALLOT MUST BE RECEIVED BY:**

Crowell & Moring LLP
590 Madison Avenue, 20th FL
New York, New York 10022
Attn:  Michael V. Blumenthal

**BY 4:30 P.M. MOUNTAIN TIME ON OR BEFORE**
**MARCH 22, 2010 OR YOUR BALLOT WILL NOT BE COUNTED**

## VOTING INSTRUCTIONS

1.      Easy Street Partners, LLC (the "Debtor") is soliciting the votes of holders of Claims with respect to the Plan referred to in the Disclosure Statement.  All capitalized terms used in the Ballot or these Voting Instructions but not otherwise defined therein shall have the same meaning ascribed them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

2.      The Plan can be confirmed by the Bankruptcy Court, and therefore made binding upon you, if it is accepted by holders of two-thirds in amount and more than one-half in number of debt claims who vote in each impaired class voting on the Plan.  Please review the Disclosure Statement for more information.  Prior to a distribution, the creditor's Tax ID Number or Social Security Number must be presented to the Debtor and its counsel in order to receive a distribution.

3.      To ensure that your vote is counted, you must (a) complete the Ballot, (b) indicate your decision to accept or reject the Plan in the boxes provided in Item 2 of the Ballot, and (c) sign and return the Ballot to the address set forth therein. **Your vote must be received by Debtor's Counsel by 4:30 p.m. Mountain Time on or before March 22, 2010 (the "Voting Deadline").**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to be sent to Debtor's Counsel is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Debtor's Counsel.  Instead of effecting delivery by mail, it recommended, though not required, that such holders use an overnight or hand delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.  No Ballot should be sent to the Debtor.

5.      If multiple Ballots are received from an individual holder of Claim(s) with respect to the same Claim(s) prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier-received Ballot.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to determine the alleged amount of a holder's claim.

7.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot.  Each Ballot votes only the claims indicated on Ballot.  Please complete and return each Ballot you received.

10.     You must vote all of your claims within a particular class of the Plan either to accept or reject the Plan and may not split your vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

11.     Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but that does not indicate acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, may be deemed to be a vote to accept the Plan.

12.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or otherwise indicate an acceptance or rejection of the Plan; (b) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (c) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed or an order of estimation or allowance by the Bankruptcy Code and (d) any unsigned Ballot and (e) any Ballot case in bad faith as may be determined by the Bankruptcy Code.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al*. | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | (This ballot relates only to Case No. |
| | ) | 09-29907 – Easy Street Partners, LLC) |
| Address:    201 Heber Avenue | ) | |
| Park City, UT 84060 | ) | |
| | ) | Chapter 11 |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | Honorable R. Kimball Mosier |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

### BALLOT FOR ACCEPTING OR REJECTING THE AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC

#### Class 6 —   Interests

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.**

**YOUR VOTE MUST BE RECEIVED BY CROWELL & MORING, LLP 590 MADISON AVENUE, NEW YORK, NEW YORK 10022, ATTN: MICHAEL V. BLUMENTHAL  ("DEBTOR'S COUNSEL" OR "VOTING AGENT") BY 4:30 PM. MOUNTAIN TIME, ON OR BEFORE MARCH 22, 2010 (THE VOTING DEADLINE"), UNLESS THE DEBTOR, IN ITS SOLE AND ABSOLUTE DISCRETION, OR THE COURT EXTENDS OR WAIVES THE PERIOD DURING WHICH VOTES WILL BE ACCEPTED BY THE DEBTOR, IN WHICH CASE THE TERM "VOTING DEADLINE" FOR SUCH SOLICITATION SHALL MEAN THE LAST TIME AND DATE TO WHICH SUCH SOLICITATION IS EXTENDED.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Amended Plan of Reorganization of Easy Street Partners, LLC  (the "Plan").  All capitalized terms used in this Ballot or Voting Instructions (attached hereto) but not otherwise defined herein shall have the same meaning ascribed to them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

**Item 1.   Amount and Type of Claim**

The undersigned is the holder of a Class 6 Claim in the Aggregate outstanding amount of $_____.

**Item 2.   Class 6 Vote**

The holder of the Class 6 Claim set forth in Item 1 votes (please check one):

☐         To Accept the Plan                    ☐         To Reject the Plan

**Item 3.   Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and Easy Street Partners, LLC that:

(a)         either (i) such person or entity is the beneficial interest holder of the Claim(s) being voted or (ii) such person or entity is an authorized signatory for some person or entity which is the beneficial interest holder of the Claim(s) being voted;

(b)         such person or entity (or in the case of an authorized signatory, the beneficial interest holder) has received a copy of the Disclosure Statement and Solicitation Package and will acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)         no other Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if other Ballots have been cast with respect to such Claims, such earlier Ballots are hereby revoked; and

(d)         such person or entity (or in the case of an authorized signatory, the beneficial interest holder) shall be treated as the record holder of such Claim(s) for purposes of voting on the Plan.

Dated:_____

Name of Voter:_____
                                (Print or Type)

Signature:_____

By:_____
                        (If Appropriate)

Title:_____
                        (If Appropriate)

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY.
YOUR BALLOT MUST BE RECEIVED BY:**

Crowell & Moring LLP
590 Madison Avenue, 20th FL
New York, New York 10022
Attn:  Michael V. Blumenthal

**BY 4:00 P.M. EASTERN TIME ON OR
BEFORE , MARCH ___, 2010 OR YOUR BALLOT WILL NOT BE COUNTED**

**VOTING INSTRUCTIONS**

1.      Easy Street Partners, LLC (the "Debtor") is soliciting the votes of holders of Claims with respect to the Plan referred to in the Disclosure Statement.  All capitalized terms used in the Ballot or these Voting Instructions but not otherwise defined therein shall have the same meaning ascribed them in the Order (A) Approving Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC, Dated February 17, 2010 (B) Establishing a Record Date, (C) Approving Solicitation Procedures, (D) Approving Forms Of Ballots And Voting Procedures, and (E) Approving Notice of and Scheduling Confirmation Hearing.

2.      The Plan can be confirmed by the Bankruptcy Court, and therefore made binding upon you, if it is accepted by holders of two-thirds in amount and more than one-half in number of debt claims who vote in each impaired class voting on the Plan.  Please review the Disclosure Statement for more information.  Prior to a distribution, the creditor's Tax ID Number or Social Security Number must be presented to the Debtor and its counsel in order to receive a distribution.

3.      To ensure that your vote is counted, you must (a) complete the Ballot, (b) indicate your decision to accept or reject the Plan in the boxes provided in Item 2 of the Ballot, and (c) sign and return the Ballot to the address set forth therein. **Your vote must be received by Debtor's Counsel by 4:30 p.m. Mountain Time on or before March 22, 2010 (the "Voting Deadline").**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to be sent to Debtor's Counsel is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Debtor's Counsel.  Instead of effecting delivery by mail, it recommended, though not required, that such holders use an overnight or hand delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.  No Ballot should be sent to the Debtor.

5.      If multiple Ballots are received from an individual holder of Claim(s) with respect to the same Claim(s) prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier-received Ballot.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to determine the alleged amount of a holder's claim.

7.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot.  Each Ballot votes only the claims indicated on Ballot.  Please complete and return each Ballot you received.

10.     You must vote all of your claims within a particular class of the Plan either to accept or reject the Plan and may not split your vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

11.     Any Ballot that is properly completed, executed and timely returned to Debtor's counsel but that does not indicate acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, may be deemed to be a vote to accept the Plan.

12.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor or otherwise indicate an acceptance or rejection of the Plan; (b) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (c) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed or an order of estimation or allowance by the Bankruptcy Code and (d) any unsigned Ballot and (e) any Ballot case in bad faith as may be determined by the Bankruptcy Code.