Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | **Bankr. Case No. 09-29905**<br><br>Jointly Administered with Bankr. Case Nos. 09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**WESTLB, AG'S NOTICE OF SUBPOENA**

-2-

WestLB, AG, through counsel, hereby provides prior notice of the attached subpoena to Strategic Partners, Capital, LLC pursuant to Federal Rule of Civil Procedure 45(b)(1) made applicable in this matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

DATED this 3rd day of March, 2010.

    DORSEY &WHITNEY, LLP

     /s/ Benjamin J. Kotter
    Annette Jarvis
    Peggy Hunt
    Benjamin J. Kotter

    and

    Richard W. Havel
    SIDLEY AUSTIN LLP
     *Attorneys for WestLB, AG*

# UNITED STATES BANKRUPTCY COURT
## District of Utah

| | |
|---|---|
| In re:<br>**EASY STREET HOLDING, LLC, et al.,**<br>Debtors.<br><br>Address: 201 Heber Avenue<br>Park City, Utah 84060 | **SUBPOENA**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |

**To: Strategic Capital Partners, LLC**
Chad Bessinger, Registered Agent
500 North Marketplace Dr., Suite 120
Centerville, Utah 84101

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | Date and time: : |

☐ YOU ARE COMMANDED to designate one or more officers, directors, managing agents or other persons who shall appear on your behalf at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case regarding the topics listed in **Exhibit A**.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A.**

| PLACE<br>**Dorsey & Whitney, LLP**<br>**Attn: Annette W. Jarvis and Benjamin J. Kotter**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | DATE AND TIME<br>**On or before 3:00 p.m. (Mountain Standard Time), on Wednesday, March 10, 2010.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]* | DATE<br>March 3, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 SOUTH MAIN STREET; SUITE 1000; SLC UTAH 84101; 801-933-7360

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
           Date                          Signature of Server


                                     _____
                                     Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance of such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of an party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance or,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed ore regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state which the trial is held or,
(iii) requires disclosure of privileged or other protected matter an no exception or waiver applies, or
(iv) subjects a person to undo burden.

(3)(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or,
(ii) requires disclosure of an unretained expert's opinion or information not describing expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

### DEFINITIONS

A.   "Address" means the present or last known street name and number, city or town, state and zip code.

B.   "Alternative Funder" means any Person acceptable to Easy Street to fund the Plan.

C.   "And" and "or" are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests any document or information that might otherwise be construed to be outside its scope.

D.   "Any" means one or more.

E.   "BDRC" means BDRC 4Site, LLC.

F.   "Case" means the above-captioned jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Utah.

G.   "Communication" or "Communications" means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

H.   "Debtor" means Easy Street Partners, LLC together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, subsidiaries, BDRC and Gemstone in BDRC and Gemstone's capacity as manager, co-manager, adviser or consultant to Easy Street.

I.   "Disclosure Statement" means that certain Amended Disclosure Statement of Chapter 11 Plan of Reorganization of Easy Street Partners, LLC filed on February 17, 2010 [Docket No. 310], as amended by that certain Amended Disclosure Statement with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC filed on February 25, 2010 [Docket No. 321], including all prior and/or subsequently modified or amended versions not defined herein.

J.   "Document" or "documents" means anything discoverable under Rule 34 of the Federal Rules of Civil Procedure and is used in the broadest and most liberal sense permitted by the Federal Rules of Civil Procedure. As used herein, "document" or "documents" means all written, printed or recorded matter of any kind, whether printed or recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, books, records, reports, correspondence, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications, in-person or telephone communications, interviews, or

meetings), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, recorded or printed matter of any kind, including, but not limited to, any information contained in any computer although not yet in printed form in the possession, custody or control of you, your agents, attorneys or any other persons or entity purporting to act on your behalf, or any other and all other data compilations from which information can be obtained and translated if necessary. This definition includes drafts of all "documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate document for purposes of the requests set forth herein.

  K. "Fractional Units" means certain units or fractional interests in units with respect to the Sky Lodge Private Residence Club and Hotel owned and operated by Easy Street in Park City, Utah.

  L. "Funding Agreement" means that certain agreement under which an entity will own 100% of the Reorganized Debtor, as defined in the Plan, or will otherwise provide funding to Easy Street.

  M. "Gemstone" means Gemstone Hotels & Resorts, LLC.

  N. "Identify," "identity," or "identification" means, when used in reference to:

    1) a natural person, his or her: (i) full name; (ii) last known home address; (iii) last known business address; and (iv) present or last known position, business affiliation, and job title or description.
    2) a company, corporation, association, partnership, or any legal entity other than a natural person: (i) its full name; (ii) a description of the type of organization or entity; (iii) the address of its principal place of business; (iv) the jurisdiction of its incorporation or organization; and (v) the date of its incorporation or organization.
    3) a document: (i) its description (for example, letter, memorandum, report, etc.); (ii) its title; (iii) its date; (iv) the number of pages thereof; (v) its subject matter; (vi) the identity of its author, signer, and any person who participated in its preparation; (vii) the identity of its addressee or recipient; (viii) the identity of each person to whom copies were sent and each person by whom copies were received; (ix) its present location; and (x) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).
    4) an oral communication: (i) the date and time when it occurred; (ii) the place where it occurred; (iii) the complete substance of the communication; (iv) the identity of each person to whom such communication was made, by whom such communication was made; and who was present when such communication was made; and (v) the identity of all documents memorializing, referring or related in any way to the subject matter of the communication.
  O. "Including" means including but not limited to.

P.   "LOI" means the letter of intent executed by Easy Street on January 13, 2010 with Strategic Capital Partners, LLC.

Q.   "Mezzanine Escrow" means an amount of money held for distribution pursuant to a plan of reorganization or liquidation to be filed by Easy Street Mezzanine, LLC, as defined in the Plan.

R.   "Person" means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

S.   "Plan" means that certain Amended Chapter 11 Plan of Reorganization of Easy Street Partners, LLC filed on February 17, 2010 [Docket No. 309] as amended by that certain Amended Chapter 11 Plan of Reorganization of Easy Street Partners filed on February 25, 2010 [Docket No. 323], including all prior and/or subsequently modified or amended versions not defined herein.

T.   "Plan Funder" means SCP or an entity formed by SCP or an affiliate of SCP to fund the Plan.

U.   "Relate," "related," "relating to," "related to," and "regarding" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

V.   "SCP" means Strategic Capital Partners, LLC.

W.   "You" or "your" means to Easy Street Partners, LLC.

## INSTRUCTIONS

1.   You are requested to produce all documents available to you, and to your agents, representatives, attorneys, and employees, in answering the following Requests. If you know of responsive documents which are not available to you, your agents, representatives, attorneys and/or employees, please state the name and address of every person in possession of such documents and provide a full description of the document, including its location.

2.   If any document responsive to any Request is withheld on the grounds of privilege or otherwise, then you shall provide a log with the following information relating to each Document or portion of a Document withheld: (a) the kind of Document (e.g., memorandum, letter, notes, etc.); (b) the date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (c)

the identity of the author; (d) the identity of the person to whom the Document is addressed; (e) the identity of any other recipients of the Document that appear on the Document as having received a copy (e.g., as "cc" or "bcc"); (f) the identity of any attachments to the Documents and whether the attachments have been produced; (g) the claim of privilege providing the alleged grounds for withholding the Document (e.g., attorney-client privilege, work product privilege, etc.); and (h) the paragraph of the Document Request to which each document and/or communication is responsive.

3. When used in the course of an enumeration of items as to which documents are requested, the words "and" and "or" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

4. Any term used in the singular shall be deemed to include the plural where appropriate and vice versa.

5. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the specification of any document that might otherwise be construed to be outside its scope.

6. All electronic documents shall be produced in their original electronic format.

7. If any documents requested herein have been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; and person(s) currently in possession of the information; the person(s) disposing of and/or destroying the information; and the circumstances surrounding the disposal or destruction of the information.

## SUBPOENA REQUESTS

### REQUEST NO. 1

Please produce any and all documents referring or relating to the LOI and the negotiation thereof.

## REQUEST NO. 2

Please produce any and all documents referring to or relating to the Funding Agreement, and the negotiation thereof.

## REQUEST NO. 3

Please produce any and all documents between you and the Debtor and/or Gemstone relating to the location and selection of investors for the proposed Plan Funder, Alternative Funder or potential investor.

## REQUEST NO. 4

Please produce any and all documents referring or relating to the Debtor's assertion that approximately fifteen (15) groups of potential investors were identified and out of these approximately fifteen (15) groups of potential investors identified, SCP was the sole suitable investor.

## REQUEST NO. 5

Please produce any and all documents referring or relating to any efforts to enter into a funding agreement, including any current or once existing funding agreements.

## REQUEST NO. 6

Please produce any and all documents exchanged between you and the Debtor and/or Gemstone, or shared internally between your employees or representatives regarding any Plan funding.

## REQUEST NO. 7

Please produce any and all documents referring or relating to the Debtor's assertion that as of April 15, 2010, the Debtor's cash balance will be approximately $500,000, including any documents referring or relating to the Debtor's cash positions as of the date of document production as well as any documents referring or relating to any expenditures between such date and April 15, 2010.

REQUEST NO. 8

Please produce any and all documents referring or relating to the business plans, operating projections, and supporting information and analyses that relate to the financial projections as described in exhibits to the Disclosure Statement and any subsequent versions of such information.

REQUEST NO. 9

Please produce any and all documents referring or relating to any information regarding the valuation of the Debtor's assets for purposes of determining the Mezzanine Escrow under the Plan, including all written materials received or generated by any appraiser regarding such valuation.

REQUEST NO. 10

Please produce any and all documents referring or relating to the identification of any and all parties considered for post-confirmation management of the Debtor's properties and all documents relating to that consideration.

REQUEST NO. 11

Please produce any and all documents received or created since September 2009 relating or referring to the marketing and and any potential sale of Fractional Units, whether such marketing or sale was considered during the case or as it relates to post-confirmation transactions.

REQUEST NO. 12

Please produce any and all documents relating or referring to the operations, marketing, sale and/or valuation of the Zoom restaurant.

REQUEST NO. 13

Please produce any and all documents and communications relating to the potential refinancing or purchase of the WestLB claim, including any term sheets or proposed forms of documents from third party lenders or purchasers of debt.