Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 415-3000/Fax: (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com)
Bruce J. Zabarauskas (bzabarauskas @crowell.com)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone: (212) 223-4000/Fax: (212) 223-4134
Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:  201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (East Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOF OF INTEREST OF**
**<u>BAYNORTH REALTY FUND VI, L.P. IN EASY STREET PARTNERS, LLC</u>**

Easy Street Partners, LLC ("Partners"), by and through its undersigned counsel, submits this reply in further support of its objection (the "Objection") to the Proof Of Interest of BayNorth Realty Fund, VI, L.P. ("BayNorth") in Partners, dated December 30, 2009, and filed with the Court on January 5, 2010 (the "Proof Of Interest"), and as grounds therefor respectfully represents:

1. On March 1, 2010, BayNorth submitted its response (the "BayNorth Response") to Partners' Objection to the Proof of Interest.

2. The BayNorth Response does not dispute the fact that BayNorth does not now own, and never has owned, an equity interest in Partners.

3. Nor does BayNorth dispute the fact that it does not even hold a security interest in any of the equity interests in Partners.

4. Instead, BayNorth asserts a "could have, would have, should have" defense to the Objection to its Proof of Interest in Partners.

5. Specifically, Bay North asserts that it <u>could have</u>, but did not, move for relief from the automatic stay in Holding's bankruptcy case, and <u>had</u> it made that motion, it <u>would likely have</u> been granted.[1] BayNorth further prognosticates that <u>had</u> it been successful on the lift stay motion that it never made, it <u>would have</u> been able to conduct a UCC sale of Holding's interest in Mezzanine. Then, BayNorth assumes, without any factual or evidentiary support, that <u>had</u> such a UCC Sale been conducted after the hypothetical granting of the lift stay motion that it never made, BayNorth <u>would have</u> been the successful bidder at such UCC Sale. BayNorth then asserts that <u>had</u> it been the successful bidder at the UCC Sale that never happened, it <u>would have</u> become the 100% owner of Mezzanine and, as the 100% owner of Mezzanine, it <u>would have</u> owned the interests in Partners.[2]

---

[1] <u>See</u> BayNorth Response at ¶ 12 ("although BayNorth <u>has not</u>, to date, sought relief from the automatic stay, BayNorth <u>would likely</u> be entitled to such relief") (emphasis supplied)

[2] <u>See</u> BayNorth Response at ¶ 13 ("Accordingly, because there remains a <u>strong possibility</u> that BayNorth <u>could</u> be entitled to control the equity interests in Partners prior to the effective date of the plan of reorganization of Partners, this Court should deny the Debtors' Objection to the Proof of Interest.") (emphasis supplied)

6.	BayNorth's argument should be rejected because it is premised wholly upon conjecture as to: (i) its success on a motion that it never made; and (ii) its success at a UCC auction that never occurred.

7.	Moreover, its argument is not supported by the express terms of the Bankruptcy Code. Even if BayNorth's claim to an interest in Partners could somehow be conceived to be "contingent" rather than wholly speculative in nature, the Bankruptcy Code does not recognize "contingent interests."

8.	Unlike the definition of a "claim" under § 101(5) of the Bankruptcy Code, which expressly states that a claim can be "contingent,"[3] the definition of an "equity security" under § 101(16) of the Bankruptcy Code does not recognize "contingent" interests.[4] Thus, while the Bankruptcy Code provides for contingent claims, it does not provide for contingent interests.

---

[3] Section 101(5) of the Bankruptcy Code provides:

> The term "claim" means—
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, <u>contingent</u>, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, <u>contingent</u>, matured, unmatured, disputed, undisputed, secured, or unsecured.

(emphasis supplied).

[4] Section 101(16) of the Bankruptcy Code provides:

> The term "equity security" means—
> (A) share in a corporation, whether or not transferable or denominated "stock", or similar security;
> (B) interest of a limited partner in a limited partnership; or
> (C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

9. Finally, using BayNorth's own hypothetical logic, BayNorth could have negotiated either an ownership interest in Partners or a collateral interest in the equity security interests in Partners in its pre-petition loan documents. However, it did not obtain such an interest.

10. The BayNorth loan documents do not provide BayNorth with any rights, collateral or otherwise, in Partners. Accordingly, BayNorth's Proof of Interest in Partners should be expunged.

Dated: March 5, 2010.

        DURHAM JONES & PINEGAR, P.C.

By: /s/ Kenneth L. Cannon II
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84111-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

and

CROWELL & MORING LLP
Michael V. Blumenthal (mblumenthal@crowell.com)
*(admitted pro hac vice)*
Bruce J. Zabarauskas (bzabarauskas@crowell.com)
*(admitted pro hac vice)*
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

Counsel for Debtors and Debtors in Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Reply in Further Support of Objection to Proof of Interest of BayNorth Realty Fund VI, L.P. in Easy Street Partners, LLC was served on this 5th day of March, 2010, via electronic mail on the following:

Adelaide Maudsley
Chapman and Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111
maudsley@chapman.com

Anthony S. Fiotto
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881
afiotto@goodwinproctor.com

BayNorth Capital, LLC
Attn:  Charles J. Flint
One Financial Center, Floor 23
Boston, MA  02111-2621
cflint@baynorthcapital.com


    /s/  Kristin Hughes