Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Email:  jshields@joneswaldo.com
           lajenkins@joneswaldo.com
           taramburu@joneswaldo.com

*Counsel to Unsecured Creditors' Committee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC et al.,**<br>Debtors. | Bankruptcy No.09-29905<br><br>(Jointly Administered with Cases 09-29907 and09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**OBJECTION AND RESERVATION OF RIGHTS OF UNSECURED CREDITORS' COMMITTEE TO FIRST APPLICATION OF CROWELL & MORING LLP FOR INTERIM COMPENSATION AND REIMBURSEMENT PURSUANT TO 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR DEBTORS IN POSSESSION AND RESERVATION OF RIGHTS WITH RESEPCT TO FIRST APPLICATIONS FOR INTERIM COMPENSATION FOR OTHER PROFESSIONALS EMPLOYED BY THE DEBTORS** |

923398.1

The Official Unsecured Creditors' Committee for Easy Street Partners, LLC ("Committee") hereby submits its (i) Objection ("Objection") and Reservation of Rights with respect to the First Application of Crowell & Moring LLP for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§ 330 and 331 as Attorneys for Debtors in Possession for the Period September 14, 2009 Though December 31, 2009 ("Crowell Application") and (ii) Reservation of Rights with respect to the First Application of Durham Jones & Pinegar for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§ 330 and 331 as Attorneys for the Debtor in Possession for the Period September 14, 2009 Though December 31, 2009 ("Durham Jones Application"); the First Application of Wrona Law Firm, PC for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§ 330 and 331 as Attorneys for the Debtor in Possession for the Period September 14, 2009 Though December 31, 2009 ("Wrona Application"); and the First Application of Corbin B. Gordon, P.C. for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§ 330 and 331 as Special Counsel for the Debtor in Possession for the Period September 14, 2009 Though December 31, 2009to the Debtor's Disclosure Statement ("Gordon Application"). In support of its Objection and Reservation of Rights, the Committee states as follows:

**<u>Objection</u>**

1.      The Committee recognizes that the Debtors' tasks in these jointly administered cases have been complicated, challenging and time-consuming – the Debtors have been required to navigate numerous issues with their secured creditors including use of cash collateral,

923398.1

employment of co-manager/financial advisor, recovery of amounts erroneously paid to BayNorth, removal of mechanics' liens, and formulation of a business plan and a plan of reorganization. In addition, the Debtor has been required, by the terms of its cash collateral stipulation with WestLB, to proceed diligently toward a confirmed plan of reorganization.

2.	The Committee also recognizes that the hourly rates charged by Crowell & Moring ("Crowell") in these cases far exceed the standard and customary rates for professionals providing similar services in the Salt Lake City area – Crowell's partners' and counsel's hourly rates in this engagement range from $540 to $700 and its associates' hourly rates range from $270 to $485. And while this Court has expressed its inclination to allow out of state counsel to bill the estate at their customary hourly rates, *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557 (Bankr. D. Utah 1985), there also exists an expectation that out of state attorneys "who bill at higher rates do so because they work smarter, better and faster." *In re Rocky Mountain Helicopters, Inc*, 186 B.R. 270 (Bankr, D. Utah 1995). Whether Crowell attorneys have indeed worked "smarter, better and faster" can be assessed more appropriately at a later date. As such, the Committee reserves all bases of objection to allowance of all fees sought by Crowell in connection with its final application for allowance compensation. Because the allowance of compensation sought by Crowell is on an interim basis only, any award will be subject to further consideration at a hearing on final application.

3.	In addition to an expectation that out of state professionals with significantly higher hourly rates will work smarter, better and faster, there similarly exists an expectation that

3

923398.1

such professionals will provide services in an economic and efficient manner, utilizing the lowest hourly rate professionals to effectively complete the task at hand. While certainly a number of the issues faced by Crowell's professionals in the case have required the expertise of its highest hourly rate professionals, in other respects, it appears that Crowell has not delegated some of the more ministerial tasks to lower hourly rate professionals. This is perhaps most apparent in a review of Crowell's services provided in the "Reports & Schedules/First Day Motions" billing category. During the Application Period, Crowell professionals billed services totaling $67,753.00 in this billing category. While admittedly services in this billing category were provided in connection with numerous first day motions and other reports, and while the Committee at this time will not second-guess Crowell's division of labors, it is the services related to the preparation of the Debtors' lists of 20 largest creditors, creditor matrices, and schedules and statements of affairs that reflect an under-utilization of lower hourly-rate professionals. Although the preparation of the aforementioned documents is primarily ministerial in nature and seemingly could be performed by trained paralegals (with necessary attorney review and oversight), Crowell's paralegal ($235 hourly rate) spent 7.7 hours on the preparation of those documents (mostly related to preparation of the matrices), while counsel Steven Eichel ($575 hourly rate) spent approximately 25 hours on those tasks and attorney Vivian Arias ($360 hourly rate) spent approximately 42 hours on those tasks. The Committee submits that Crowell did not economically and effectively allocate its resources in performing these largely ministerial tasks and some downward adjustment in allowed fees in the "Reports & Schedules/First Day Motions" billing category is warranted.

4

923398.1

4.      As noted above, because any fee awards at this juncture are interim allowances which are subject to further consideration at a final hearing on compensation, the Committee's failure to object to the Crowell Application on any other basis should not be construed as a waiver of any objection the Committee might have and the Committee reserves all rights to interpose any such objection at the time of the hearing on final allowance of compensation.

### Reservation of Rights

5.      As with the Crowell Application, any awards made pursuant to the Durham Jones Application, the Wrona Application and the Gordon Application are interim in nature and will be subject to further consideration in connection with final requests for allowance of compensation by those applicants.  Accordingly, in the interest of efficiency and economy, the Committee will not interpose any objections it may have at this time, but instead reserves its right to assert any objections to the compensation sought by the applicants for this current Application Period or future periods in connection with the applicants' applications for final allowance of compensation.

DATED this 8th day of March, 2010.

**JONES WALDO HOLBROOK & McDONOUGH, PC**

By:  /s/ Lon A. Jenkins
Jeffrey W. Shields
Lon A. Jenkins
Troy J. Aramburu

5