CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947)
ZACHARY T. SHIELDS (6031)
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
Email:  jlshields@cnmlaw.com
          zachshields@cnmlaw.com

Attorneys for Creditor Gunther's Inc., dba Gunther's Comfort Air

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE:<br><br>**EASY STREET HOLDING, LLC, et al.**,<br><br>Debtors.<br><br>―――――――――――――――――――<br><br>☒ Affects All Debtors<br><br>☐ Affects the following Debtor(s): | Bankruptcy No. 09-29905 - RKM<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>[Filed Electronically]<br><br><br><br>**GUNTHER'S RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM** |

   Gunther's Inc., dba Gunther's Comfort Air ("Gunther") responds to the EASY STREET PARTNERS, LLC'S OBJECTION TO THE PROOF OF CLAIM FILED BY GUNTHERS INC. DBA GUNTHERS COMFORT AIR dated March 1, 2010 ("Claim Objection") as follows:

## BACKGROUND

1. Gunther (as subcontractor) furnished labor, services, equipment and materials to Jacobsen National Group, Inc. (as general contractor) ("Jacobsen") in connection with the construction of the Sky Lodge (as defined in the Claim Objection) which was (and portions still are) owned by the Debtor, Easy Street Partners LLC ("Debtor").

2. Gunther was not timely paid for its labor, services, equipment and materials.

3. On March 3, 2009, Gunther filed a Notice of Lien against the Sky Lodge.

4. Pursuant to Utah State law Gunther's lien attached to both: (a) real property still owned by the Debtor; and (b) fractional ownership interest in real property previously owned by the Debtor which it sold to third party buyers ("Third Party Units" as defined in the Claim Objection).

5. On September 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

6. On January 6, 2010, Gunther filed a Proof of Claim attaching the Notice of Lien as an exhibit. A true and correct copy of Gunther's Proof of Claim, including a copy of the Notice of Lien, is attached hereto as Exhibit "A."

7. On February 2, 2010, the Debtor filed its proposed Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010 ("Plan").

8. On March 1, 2010, the Debtor filed the Claim Objection.

9. Gunther is in the process of negotiating with both the Debtor and Jacobsen to resolve, by agreement if possible, Gunther's Plan treatment and this Claim Objection.

## RESPONSE TO CLAIM OBJECTION

10. The Bankruptcy Code recognizes the validity of prepetition secured claims created pursuant to state mechanic lien laws.

11. Section 545 of the Bankruptcy Code provides for the avoidance of statutory liens under certain narrow circumstances, none of which are applicable to Gunther's lien.

12. Section 102(2) of the Bankruptcy Code states: "'Claim against the debtor' includes claim against property of the Debtor."

13. Gunther holds a claim against property of the Debtor. Accordingly, Gunther is a creditor of the Debtor.

14. Pursuant to Utah State law, Gunther also holds a lien against real property (portions of which have been sold by the Debtor to owners of the Third Party Units) for which it provided labor, services, equipment and materials. Specifically, *see* U.C.A. 38-1-3; 38-1-6; and 38-1-14.

15. The purpose of Utah's mechanics' lien law is to compensate those who improve the property of others and to protect those who have directly added to value of real property by performing labor or furnishing material upon it. Frehner v. Morton, 1967, 18 Utah 2d 422, 424 p.2d 446. Mechanics' lien statutes are construed broadly to effectuate the purpose of providing protection to those who enhance the value of a property by supplying labor or material. Interiors Contracting Inc. v. Navaico, 1982, 648 p.2d 1382.

16. Section 38-1-19 of the Utah Code states as follows: "When any subcontractor shall have actually begun to furnish labor or materials for which he is entitled to a lien no payment to the original contractor shall impair or defeat such lien; and no alteration of any contract shall affect any lien acquired under the provisions of this chapter."

17. Several provisions of Utah's mechanic's lien statutes establish that subcontractors' lien claims are separate from and independent of contractors' lien claims, including U.C.A. 38-1-6, -14, and -19. As further evidence that Gunther holds an independent right to lien the property, Jacobsen's subcontract requires Gunther to deliver lien releases to Jacobsen upon payment. *See* subsection 4.F of the Master Subcontract Agreement.

18. The fact that Jacobsen (as general contractor) may also have a claim against the Debtor for Jacobsen's subcontractors' claims, including Gunther, does not absolve the Debtor's liability to Gunther.

19. The fact that Jacobsen is also liable to Gunther for Gunther's claim against the Debtor does not absolve the Debtor's liability to Gunther.

20. The fact that Gunther's claim may also be partially secured by Third Party Units of the Sky Lodge which the Debtor has sold to third party buyers does not absolve the Debtor's liability to Gunther.

21. The Debtor continues to own a portion of the Sky Lodge which has not become Third Party Units.

22. Gunther holds a claim partially secured by property of the estate and has the right to be paid by the Debtor for its labor, service, equipment and materials.

23. Because Gunther timely filed a Notice of Lien and a Proof of Claim, Gunther is entitled to have its claim paid under the Plan.

24. Gunther is not attempting to be paid twice.

25. Jacobsen is not attempting to be paid twice.

26. Under Utah State law, Gunther is entitled to retain its lien until its claim has actually been paid. U.C.A. 38-1-15.

27. Additional promises to pay Gunther's claim are legally inadequate to require a release of Gunther's lien.

28. Gunther's right to retain its lien until payment applies to both its lien on property of the Debtor and its lien on the Third Party Units.

29. Without substituting some other indubitable equivalent collateral, the Debtor cannot compel Gunther to release its lien on any portion of the Sky Lodge property (sold or unsold units) until it has been paid.

30. Payment to Jacobsen is not the equivalent of payment to Gunther.

31. To the extent the amount of Jacobsen's claim includes the amount of Gunther's claim, the payment of Jacobsen's claim may be reduced by the amount of Gunther's claim so that there is no risk of duplicative payment.

32. If the Plan is amended/clarified to provide for payment of Gunther's claim, the resolution of this Claim Objection could be continued until after the Plan has been implemented.

33. Gunther is entitled to be paid either directly by the Debtor or pursuant to the terms of a confirmed Plan through Jacobsen from the Debtor.

34. If and when Gunther is paid, it will release its lien in accordance with Utah State law.

35. Gunther suggests that the dispute over the Claim Objection be deferred until after confirmation and implementation of a Chapter 11 Plan that provides for payment of Gunther's claim.

36. If the Debtor performs as promised, Gunther will release its lien and this potential dispute will become moot.

37. Until that time, Gunther's claim should be allowed and treated in the Plan.

DATED: March 19, 2010

          CALLISTER NEBEKER & McCULLOUGH

          By: /s/Jeffrey L. Shields
          Attorneys for Bank of American Fork

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2010, a true and correct copy of the **GUNTHER'S RESPONSE TO DEBTORS' OBJECTION TOPROOF OF CLAIM** was served via ECF Notification and/or U.S. Mail, first class postage fully pre-paid, on the parties listed below:

**VIA U.S. MAIL**
Gunthers Comfort Air
81 South 700 East
American Fork, UT  84003-2158

**VIA ECF**
Troy J. Aramburu
Kenneth L. Cannon
Scott A. Cummings
Mary Margaret Hunt
Annette W. Jarvis
Lon A. Jenkins
Michael R. Johnson
Anthony C. Kaye
Benjamin J. Kotter
Adelaide Maudsley
Steven J. McCardell
John T. Morgan
David W. Overholt
Douglas J. Payne
Jessica G. Peterson
Knute Rife
Jeffrey Weston Shields
Bradley L. Tilt
United States Trustee
Kim R. Wilson

/s/Nancy Jo Potter