Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com)
Bruce J. Zabarauskas (bzabarauskas @crowell.com)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:   201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| ) | |
| ) | |
| EASY STREET PARTNERS, LLC, EASY STREET ) | Adv. No. 09-2422 |
| MEZZANINE, LLC, AND EASY STREET HOLDING, ) | |
| LLC, ) | |
| ) | |
| Plaintiffs, ) | **ORDER ON MOTION FOR APPROVAL** |
| ) | **OF STIPULATED WESTLB JOINT** |
| - against - ) | **CONFIDENTIALITY AGREEMENT AND** |
| ) | **ENTRY OF PROTECTIVE ORDER** |
| BAYNORTH REALTY FUND VI, LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | **[ELECTRONICALLY FILED]** |
| Defendant. ) | |

**Filed: 03/31/10**

2

The Court, having reviewed and considered the Motion for Approval of the Joint Confidentiality Agreement (the "WestLB Joint Confidentiality Agreement"), executed by counsel for Easy Street Holding, LLC, Easy Street Mezzanine, LLC and Easy Street Partners, LLC (collectively, the "Plaintiffs"), for BayNorth Realty Fund VI, LP (the "Defendant"), and for WestLB, AG ("WestLB"), and good cause appearing therefor, hereby

ORDERS:

1. The Motion is granted.

2. The West LB Joint Confidentiality Agreement, a copy of which is attached hereto as Exhibit 1, is approved.

******END OF DOCUMENT******

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ORDER ON MOTION FOR APPROVAL OF STIPULATED WESTLB JOINT CONFIDENTIALITY AGREEMENT AND ENTRY OF PROTECTIVE ORDER was served via first-class mail, postage prepaid, on the ___ day of _____, 2010, on the following:

Kenneth L. Cannon II
Durham Jones & Pinegar, P.C.
P O Box 4050
Salt Lake City, UT 84110-4050

Michael V. Blumenthal
Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Annette W. Jarvis
Dorsey & Whitney, LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101

Richard W. Havel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Adelaide Maudsley
Chapman & Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT 84111

Anthony S. Fiotto
Goodwin Procter LLP
53 State Street
Boston, MA 02109

_____
Deputy Clerk

# EXHIBIT 1

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 415-3000/Fax: (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (pro hac vice)
Bruce J. Zabarauskas (bzabarauskas@crowell.com) (pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000/Fax: (212) 223-4134

*Counsel for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

------------------------------------------------x

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>  Debtors.<br><br>Address:  201 Heber Avenue<br>       Park City, Utah 84060 | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

------------------------------------------------x

| | |
|---|---|
| EAST STREET PARTNERS, LLC,<br>EASY STREET MEZZANINE, LLC, AND<br>EASY STREET HOLDINGS, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>BAYNORTH REALTY FUND VI,<br>LIMITED PARTNERSHIP,<br><br>  Defendant. | Adversary Proceeding<br>No. 09-02422 |

------------------------------------------------x

**STIPULATION AND ORDER GOVERNING PRODUCTION
AND EXCHANGE OF CONFIDENTIAL MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties hereto, subject to the approval of the Court, that this Stipulation and Order shall govern the handling of documents, and any other information produced, given, or exchanged by and among the parties hereto and any non-parties (the "Producing Party") in proceedings with respect to these Chapter 11 Proceedings and this adversary proceeding.

1. Any Producing Party may designate any documents, information or materials produced or disclosed in proceedings with respect to these Chapter 11 Proceedings and this adversary proceeding ("Discovery Material") as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protection provided in this Stipulation and Order (the "Confidential Discovery Material").

2. Discovery Material, or information derived therefrom, shall be used solely for purposes of proceedings with respect to these Chapter 11 Proceedings and this adversary proceeding and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation. Discovery Material designated "Confidential" shall not be disclosed except as expressly permitted by the terms of this Stipulation and Order.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

   (a) In the case of documents or other materials, by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or

   (b) A Producing Party may designate as "Confidential" any Discovery Material that already has been produced by notifying the party to whom the production has been made in writing that such Discovery Material constitutes Confidential Discovery Material and such Discovery Material

2

shall be treated as "Confidential" from and after the date of notification, as if it had been so designated when produced.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons ("Authorized Recipients"): (a) counsel for the parties hereto, and regular and temporary employees and service vendors of such counsel (including outside copy and/or litigation support services) assisting in the conduct of these Chapter 11 Proceedings and this adversary proceeding for use in accordance with this Stipulation and Order; (b) any person indicated on the face of a document to have been the author, addressee, or a copy recipient of the document; (c) experts or consultants assisting counsel for the parties hereto for use in accordance with this Stipulation and Order; (d) the directors, officers, or employees of the Debtors or any party to this adversary proceeding who are assisting in the conduct of these Chapter 11 Proceedings or this adversary proceeding; (e) any deponent or testifying witness in this adversary proceeding, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Confidential Discovery Material; (f) the Court, pursuant to Paragraph 5 below; (g) court reporters employed in connection with respect to these Chapter 11 Proceedings and this adversary proceeding; and (h) any other person only upon order of the Court or upon stipulation of the Producing Party.

5. Except as set forth in paragraph 6 below, outside counsel who have appeared in these Chapter 11 Proceedings and this adversary proceeding shall require that all persons described in paragraphs 4(c), (d), (e) and (h), before they are given access to protected Confidential Discovery Materials, must read and agree to be bound by this Stipulation and Order by endorsing the certification attached hereto as Exhibit A (the "Certification").

3

6. Each Certification shall be maintained by the counsel authorizing the disclosure. Notwithstanding the requirements of paragraph 5 above, if a witness refuses to execute a Certification, the party seeking to disclose the Confidential Discovery Material may do so only in the course of testimony at a deposition or hearing, but not during preparation for testimony, and any disclosure in the course of testimony may be made only if (l) the party shows the witness a copy of this Stipulation and Order and requests that he or she read it and that he or she sign the Certification; and (2) the party informs the witness that documents that will be shown to the witness are "Confidential" and that, under this Stipulation and Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided in this Stipulation and Order. This advice to a non-signing witness shall be made on the record at a deposition, hearing or trial.

7. All documents of any nature, which have been designated as "Confidential" which are filed with the Court shall be filed with the Court under seal in accordance with applicable rules governing such filings. Prior to filing any Confidential Discovery Material with the Court, the party seeking to file any Confidential Discovery Material may seek the consent of the Producing Party to allow any Confidential Discovery Material to be filed without filing it under seal. If the Producing Party objects to the filing of any Confidential Discovery Material unless it is filed under seal, the Confidential Discovery Material shall be filed under seal and released from confidential treatment only upon further order of the Court.

8. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other

4

ground for withholding production to which the Producing Party would otherwise be entitled. If a Producing Party asserts in good faith that information in the custody of another party is protected from discovery by the attorney-client privilege or the attorney work product doctrine, or that the information is otherwise protected from disclosure, such other party shall promptly return to the claiming party or person that material as to which the claim has been made, or shall take steps to ensure that such material not be used, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal) and any later appeal of a ruling on any such motion.

9.  Any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material shall first raise its objection with counsel for the Producing Party that made such designation and attempt to resolve the dispute. If the parties' discussions do not result in a resolution of the dispute, the objecting party may move on reasonable notice under the circumstances for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.

10. In the event that any Confidential Discovery Material is used in any proceedings, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. The party hereto seeking to use such Confidential Discovery Material at a hearing shall have the sole burden of seeking a prior order from the Court or consent from the Producing Party to permit the use of such Confidential Discovery Material, and shall consent to the sealing of the record or portion thereof pertaining to such use. At the appropriate time, and to the extent reasonably possible, in advance of any such hearing, counsel seeking to use Confidential Discovery Material shall propose procedures to protect the confidentiality of any

such Confidential Discovery Material proposed to be used in the course of any court proceedings.

11. No person other than Authorized Recipients shall have access to Confidential Discovery Material until it has, by its counsel, executed its agreement to be fully bound by this Stipulation and Order. In the event that any additional party joins or is joined in the proceedings, it shall not have access to Confidential Discovery Material until it has executed its agreement to be fully bound by this Stipulation and Order.

12. If any Authorized Recipient is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Authorized Recipient, the Authorized Recipient shall (i) give prompt written notice by hand, electronic mail or facsimile transmission within three business days of receipt of such subpoena or document demand by the Authorized Recipient's counsel, but if the response date to the subpoena or document demand is less than five business days after receipt of such subpoena or document demand by the Authorized Recipient's counsel prompt notice shall be given to those who produced or designated the material "Confidential" and (ii) refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the Producing Party either by agreement or by final order of the court with jurisdiction over the objection of the Producing Party. Unless the party that produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Recipient prior to the

6

return date pursuant to the subpoena, the Recipient shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Recipient with any court order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Stipulation and Order.

13. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout the Debtors' bankruptcy case, including any adversary proceedings or contested matters in connection therewith, and any appeals thereof. Within 60 days after receiving notice of entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall, at such parties' own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and shall at no time disclose such Confidential Discovery Material in violation of this Stipulation and Order.

14. Entering into, agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be confidential or Discovery Material;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(c) Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to any of the particular the terms of this Stipulation and Order;

7

(d) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(e) Prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party hereto of documents, materials, or information designated as "Confidential" that have been obtained lawfully by such party hereto independently of the Discovery Requests. This Stipulation and Order has no effect upon, and shall not apply to, a party's use of its own Discovery Material for any purpose.

16. Nothing herein shall diminish a party's right to redact privileged or non-responsive Discovery Material.

17. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

Dated: March 12, 2010

DURHAM JONES & PINEGAR, P.C.

By: _____
Kenneth L. Cannon II (3705)
Steven J. McCardell (2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
Tel: 801-415-3000
Fax: 801-415-3500

And

CROWELL & MORING LLP
Michael V. Blumenthal (admitted pro hac vice)
Bruce J. Zabarauskas (admitted pro hac vice)
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: 212-223-4000
Fax: 212-223-4134

*Attorneys for Plaintiffs*

CHAPMAN & CUTLER LLP

By: _____
Adelaide Maudsley (8791)    3-30-10
201 South Main, Suite 2000
Salt Lake City, UT 84111
Tel: 801-533-0066
Fax: 801-533-9595
and
Anthony S. Fiotto (admitted pro hac vice)
**GOODWIN & PROCTOR LLP**
Exchange Place
Boston, MA 02109-2881
Tel: 617-570-1324
Fax: 617-523-1231

*Attorneys for BayNorth Realty Fund VI, LP*

DORSEY & WHITNEY LLP

By: _____
Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101-1685
Tel: 801-933-7360
Fax: 801-933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

and

Richard W. Havel (10759)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 400
Los Angeles, CA 90013-1010
Tel: 213-896-6000
Fax: 213-896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

9

## EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

----------------------------------------------------------x
In re:                                              )
                                                    )   Bankruptcy Case No. 09-29905
EASY STREET HOLDING, LLC, *et al.*,                 )   Jointly Administered with Cases
                                                    )   09-29907 and 09-29908
                    Debtors.                        )
                                                    )   Chapter 11
Address:  201 Heber Avenue                          )
          Park City, Utah 84060                     )   Honorable R. Kimball Mosier
----------------------------------------------------------x
EAST STREET PARTNERS, LLC,                          )
EASY STREET MEZZANINE, LLC, AND                     )   Adversary Proceeding
EASY STREET HOLDINGS, LLC,                          )   No. 09-02422
                                                    )
                    Plaintiffs,                     )
vs.                                                 )
                                                    )
BAYNORTH REALTY FUND VI,                            )
LIMITED PARTNERSHIP,                                )
                                                    )
                    Defendant.                      )
----------------------------------------------------------x

## CERTIFICATION

I certify that I have received a copy of the Stipulation and Order Governing Production and Exchange of Confidential Material (the "Protective Order") in the adversary proceeding captioned *Easy Street Partners, LLC, et al. v. BayNorth Realty Fund VI, et ano.* (No. 09-02422). I agree to be bound by the Protective Order, and I understand that I may be subject to contempt proceedings in the United States Bankruptcy Court for the District of Utah if I violate it. I further understand that information designated as "Confidential" in this adversary proceeding, and any notes, memoranda, or other form of information derived from it, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this adversary proceeding.

Date:_____    _____
                                    Name:
                                    Title: