CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947)
ZACHARY T. SHIELDS (6031)
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
Email: jlshields@cnmlaw.com
zachshields@cnmlaw.com

Attorneys for Creditor Gunther's Inc., dba Gunther's Comfort Air

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| IN RE:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>☒ Affects All Debtors<br><br>☐ Affects the following Debtor(s): | Bankruptcy No. 09-29905 - RKM<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>[Filed Electronically]<br><br>**GUNTHER'S OBJECTION TO THE AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC DATED FEBRUARY 18, 2010** |
|---|---|

Gunther's Inc., dba Gunther's Comfort Air ("Gunther") objects to **THE AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC DATED FEBRUARY 18, 2010** ("Plan Objection") as follows:

538801.1                            1

## BACKGROUND

1.     Gunther (as subcontractor) furnished labor, services, equipment and materials to Jacobsen National Group, Inc. (as general contractor) ("Jacobsen") in connection with the construction of the Sky Lodge (as defined in the Claim Objection described in paragraph 8 below) which was (and portions still are) owned by the Debtor, Easy Street Partners LLC ("Debtor").

2.     Gunther was not timely paid for its labor, services, equipment and materials.

3.     On March 3, 2009, Gunther filed a Notice of Lien against the portions of Sky Lodge owned by the Debtor (the "Notice of Lien").

4.     On March 3, 2009, Gunther also filed liens against fractional ownership interests in Sky Lodge previously owned by the Debtor which it sold to third party buyers ("Third Party Units" as defined in the Claim Objection described in paragraph 10 below).

5.     Gunther apportioned its liens according to the square footage of the units at Sky Lodge. Therefore, the amount of the Notice of Lien on the units at Sky Lodge owned by the Debtor represents the value of the labor, services, equipment, and material furnished by Gunther in the construction of those units only. Likewise, the amount of each of Gunther's liens on the Third Party Units represents the value of the labor, services, equipment, and material furnished by Gunther in the construction of each such unit only.

6.     Pursuant to Utah State law Gunther's liens attached to both: (a) real property still owned by the Debtor; and (b) the Third Party Units.

7.     On September 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8.     On January 6, 2010, Gunther filed a Proof of Claim attaching the Notice of Lien as an exhibit ("Gunther's Proof of Claim"). Gunther's claim as alleged in the Proof of Claim is for the value of the labor, services, equipment, and materials furnished by Gunther in construction of the units at Ski Lodge owned by Debtor only.

9. On February 25, 2010, the Debtor filed its proposed Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010 ("Plan").

10. On March 1, 2010, the Debtor filed Easy Street Partners, LLC's Objection to the Proof of Claim Filed by Gunthers Inc. DBA Gunthers Comfort Air ("Claim Objection").

11. On March 19, 2010, Gunther filed a Response to Debtors' Claim Objection.

12. Gunther is in the process of negotiating with both the Debtor and Jacobsen to resolve, by agreement if possible, the Claim Objection and the treatment of Gunther's claim under the Plan. However, in the event such negotiations are not successful, Gunther preserves its objection to the Plan as follows.

## OBJECTION TO PLAN

### A. Gunther Holds a Valid Secured Claim Against the Debtor

13. The Bankruptcy Code recognizes the validity of prepetition secured claims created pursuant to state mechanic lien laws.

14. Section 545 of the Bankruptcy Code provides for the avoidance of statutory liens under certain narrow circumstances, none of which are applicable to Gunther's lien.

15. Section 102(2) of the Bankruptcy Code states: "'Claim against the debtor' includes claim against property of the Debtor."

16. Gunther holds a claim against property of the Debtor. Accordingly, Gunther is a creditor of the Debtor.

17. Pursuant to Utah State law, Gunther also holds a lien against real property (portions of which have been sold by the Debtor to owners of the Third Party Units) for which it provided labor, services, equipment and materials. Specifically, *see* U.C.A. 38-1-3; 38-1-6; and 38-1-14.

18. The purpose of Utah's mechanics' lien law is to compensate those who improve the property of others and to protect those who have directly added to value of real property by performing labor or furnishing material upon it. Frehner v. Morton, 1967, 18 Utah 2d 422, 424 P.2d 446. Mechanics' lien statutes are construed broadly to effectuate the purpose of providing

protection to those who enhance the value of a property by supplying labor or material. <u>Interiors Contracting Inc. v. Navalco</u>, 1982, 648 P.2d 1382.

19.   Section 38-1-19 of the Utah Code states as follows: "When any subcontractor shall have actually begun to furnish labor or materials for which he is entitled to a lien no payment to the original contractor shall impair or defeat such lien; and no alteration of any contract shall affect any lien acquired under the provisions of this chapter."

20.   Several provisions of Utah's mechanic's lien statutes establish that subcontractors' lien claims are separate from and independent of contractors' lien claims, including U.C.A. 38-1-6, -14, and -19. As further evidence that Gunther holds an independent right to lien the property, Jacobsen's subcontract requires Gunther to deliver lien releases to Jacobsen upon payment. *See* subsection 4.F of the Master Subcontract Agreement.

21.   The fact that Jacobsen (as general contractor) may also have a claim against the Debtor for Jacobsen's subcontractors' claims, including Gunther, does not absolve the Debtor's liability to Gunther.

22.   The fact that Jacobsen is also liable to Gunther for Gunther's claim against the Debtor does not absolve the Debtor's liability to Gunther.

23.   The Debtor continues to own a portion of the Sky Lodge which has not become Third Party Units.

24.   Gunther holds a claim secured by property of the estate and has the right to be paid by the Debtor for its labor, service, equipment and materials.

25.   Because Gunther timely filed a Notice of Lien and a Proof of Claim, Gunther is entitled to have its claim paid under the Plan.

26.   Gunther is not attempting to be paid twice.

27.   Jacobsen is not attempting to be paid twice.

28.   Under Utah State law, Gunther is entitled to retain its lien until its claim has actually been paid. U.C.A. 38-1-15.

**B. The Plan's Treatment of Gunther's Claim Is Legally and Equitably Inadequate**

29.   Gunther is not identified as a creditor with a right to vote on the Plan.

538801.1                                                4

30. Paragraph 5.2 – Class 2 Claim (pages 16 and 17 of the Plan) appears to lump Gunther's claim (and all other unidentified subcontractors' claims) with Jacobsen's claim.

31. Nowhere in the Plan does the Debtor propose to pay Gunther the amount of its claim.

32. Nevertheless, the Plan attempts to substantially modify Gunther's rights, including:

   a. Subparagraph 5.2(b) enjoins Gunther from foreclosing its lien;
   b. Subparagraph 5.2(c) stays Gunther from pursuing its lien claims against the Third Party Units;
   c. Subparagraph 5.2(d) provides that upon Jacobsen's receipt of $1,330,000, Gunther shall be deemed to have mutually released any claim it may have against Jacobsen and that any lien it may have against Third Party Units shall be released and satisfied;
   d. Subparagraph 5.2(e) obligates Gunther to execute and timely record documents releasing its Notice of Lien and also provides that the Debtor and owners of Third Party Units are to be dismissed with prejudice from litigation commenced by Gunther to enforce its liens;
   e. Subparagraph 5.2(f) requires a release of Gunther's liens on the Third Party Units which are not property of the estate; and
   f. Subparagraph 5.2(g) provides that the payment to Jacobsen is a full satisfaction, discharge, and release of all of Gunther's claim.

33. As a creditor holding a secured claim against the Debtor, Gunther is entitled to the protection of the Bankruptcy Code, including that protection provided to secured claim holders and described in 11 U.S.C. § 1129(b)(2)(A). Specifically, Gunther is entitled to retain its Notice of Lien until its claim is paid in full. Gunther is also entitled to have the Plan provide for payment of its full claim, or in the alternative, Gunther must be allowed to credit bid the amount of its claim at any sale of its collateral or to realize the indubitable equivalent of such.

34. The Plan does not do so.

35. Payment to Jacobsen is not the equivalent of payment to Gunther.

36. To the extent the amount of Jacobsen's claim includes the amount of Gunther's claim, the payment of Jacobsen's claim may be reduced by the amount of Gunther's claim so that there is no risk of duplicative payment.

37. Gunther is entitled to be paid directly by the Debtor.

38. Additional promises to pay Gunther's claim are legally inadequate to require a release of Gunther's Notice of Lien.

39. Gunther's right to retain its lien until payment applies to both its lien on property of the Debtor and its liens on the Third Party Units.

40. In essence the Plan proposes to greatly modify Gunther's rights including its lien rights, but does not provide for payment of its claim and does not provide that Gunther can vote on the Plan.

41. Unless and until the Plan is amended to provide for payment of Gunther's claim and all of the protections available to Gunther, as a secured creditor under the Bankruptcy Code, the Plan cannot be confirmed.

42. Gunther remains amenable to negotiating with the Debtor and Jacobsen to provide for treatment of Gunther's claim under the Plan consistent with the Bankruptcy Code and Gunther's rights as a secured creditor.

DATED: April 13, 2010

CALLISTER NEBEKER & McCULLOUGH

By: /s/Jeffrey L. Shields
Attorneys for Bank of American Fork

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2010, a true and correct copy of the **GUNTHER'S OBJECTION TO THE AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC DATED FEBRUARY 18, 2010** was served via ECF Notification and/or U.S. Mail, first class postage fully pre-paid, on the parties listed below:

**VIA U.S. MAIL**
Gunthers Comfort Air
81 South 700 East
American Fork, UT  84003-2158

**VIA ECF**
Troy J. Aramburu
Kenneth L. Cannon
Scott A. Cummings
Mary Margaret Hunt
Annette W. Jarvis
Lon A. Jenkins
Michael R. Johnson
Anthony C. Kaye
Benjamin J. Kotter
Adelaide Maudsley
Steven J. McCardell
John T. Morgan
David W. Overholt
Douglas J. Payne
Jessica G. Peterson
Knute Rife
Jeffrey Weston Shields
Bradley L. Tilt
United States Trustee
Kim R. Wilson

/s/Nancy Jo Potter