George Hofmann (10005)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Park City I, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re | Bankruptcy No. 09-29905 (RKM) |
|---|---|
| EASY STREET HOLDING, LLC, et. al., | Jointly Administered with Cases 09-29907 and 09-29908 |
| Debtors. | Chapter 11 |
| | [Filed Electronically] |

**PARK CITY I, LLC'S OBJECTION TO CONFIRMATION OF AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC
DATED FEBRUARY 18, 2010**

Park City I, LLC ("Park City") hereby files this Objection to Confirmation of Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010 (the "Objection"), and in support of this Objection respectfully states as follows:

{00092781.DOC / 4}

## CASE BACKGROUND, JURISDICTION AND VENUE

1.  Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding") (collectively, the "Debtors") filed voluntary Chapter 11 petitions on September 14, 2009.

2.  By order dated September 14, 2009, the Court approved the procedural consolidation and joint administration of the Debtors' bankruptcy cases under the case of Holding, which is case number 09-29905.

3.  This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.  Park City requests this Court to enter an order denying confirmation of the Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010 (the "Plan").

## ARGUMENT

**I. THE PLAN HAS NOT BEEN PROPOSED IN GOOD FAITH, BECAUSE IT ATTEMPTS TO RELEASE THIRD-PARTIES FROM LIABILITY.**

5.  Bankruptcy Code § 1129(a)(3) requires that a plan must be proposed in good faith and not by any means forbidden by law.

6.  Courts have held that post-confirmation permanent injunctions that effectively release a non-debtor from all liability, including liability that could be separate from bankruptcy claims, are prohibited. In re Bernhard Steiner Pianos USA, Inc., 292 B.R. 109, 116 (Bankr. N.D. Tex. 2002) (citing Feld v. Zale Corp. (In re Zale Corp.), 62

F.3d 746, 761 (5th Cir. 1995)). Further, the Tenth Circuit has held that Bankruptcy Code § 524(e) does not permit third-party releases at all. In re Western Real Estate Fund, Inc., 922 F.2d 592, 600 (10th Cir. 1990). Although Bankruptcy Code § 524(a) affords a broad discharge to a debtor, the discharge does not affect the liability of any other entity pursuant to Bankruptcy Code § 524(e). Id. "Obviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders." Id.

    7.    Paragraph 11.2 of the Plan provides as follows:

> Except as otherwise provided in the Plan or Confirmation Order, as of the Effective Date, Partners, the Reorganized Debtor, the Disbursing Agent, the Creditor's Committee, the members of the Creditors' Committee in their respective capacity as such, any of such parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, and agents, and any such parties' successors and assigns (collectively, the "Released Parties") shall be released by Partners and any successors-in-interest of Partners from any and all Claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, at law, in equity, or otherwise, that Partners would have been legally entitled to assert in its own right (whether individually or collectively) or that any holder of a Claim, Interest, or other person or entity would have been legally entitled to assert on behalf of Partners or its estate, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place before or on the Effective Date but occurring during the chapter 11 cases, except for acts constituting willful misconduct, gross negligence, or bad faith and, in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Without limiting the generality of the foregoing, to the extent permitted by law, Partners and any successors-in-interest of Partners shall waive all rights under any statutory provision purporting to limit the scope or effect of a general release, whether due to a lack of knowledge or otherwise.

8. Paragraph 11.3 of the Plan provides as follows:

> Partners, the Committee, and the Released Parties, and any property of or professionals retained by such parties, or direct or indirect predecessor in interest to any of the foregoing persons, shall not have or incur any liability to any Person or Entity for any act taken or omission, after the Petition Date, in connection with or related to these cases or the operations of Partners business during the cases, including but not limited to (i) formulating, preparing, disseminating, implementing, confirming, consummating or administrating the Plain (including soliciting acceptances or rejections thereof); (ii) the Disclosure Statement or any contract, instrument, release or other agreement or document entered into or any action taken or omitted to be taken in connection with the Plan; or (iii) any distributions made pursuant to the Plan, except for acts constituting willful misconduct, gross negligence, or bad faith occurring during the Chapter 11 Cases, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

9. And Paragraph 11.4 of the Plan provides as follows:

> The satisfaction, releases and discharge pursuant to Article 9 of the Plan will also act as an injunction against any Person or Entity commencing or continuing any action, employment of process or act to collect, offset, recoup or recover any Claim or Cause of Action satisfied, released or discharged under the Plan to the fullest extent authorized or provided by the Bankruptcy Code.

10. Park City believes that it may have causes of action against William Shoaf, David Wickline, and others in control of the Debtors (the "Control Parties"). Park City believes that the Debtors have not met their fiduciary duties to maximize the value of the Debtors' assets for the benefit of creditors. Instead, the Plan would primarily benefit the Control Parties through their post-confirmation employment and other arrangements, to the detriment of creditors.

11. Park City does not believe that the proposed sale of assets to Strategic Capital Partners, LLC ("SCP"), through a private sale that is not subject to higher and

{00092781.DOC / 4}   4

better offers, maximizes the value of the Debtors' assets.  Park City believes that with adequate marketing and through a transparent process, the Debtors would realize substantially greater values for their assets.

12. The Plan proposes to retain Mr. Shoaf for a period of six years under an agreement that will pay him $185,000 per year.  The Plan does not specify the nature of Shoaf's employment and does not disclose the terms of the agreement by which he will be employed.

13. Park City has no intention of surrendering its claims against the Control Parties for breach of fiduciary duty, and submits that this Court should not sanction a plan of reorganization which improperly seeks a release and discharge of these claims. The proposed third-party releases are prohibited by law, and thus, the Plan has not been proposed in good faith.

## II.  THE PLAN FAILS TO DISCLOSE THE IDENTITY AND AFFILIATIONS OF SCP.

14. Pursuant to Bankruptcy Code § 1129(a)(5), the Debtors must disclose both the identity and the affiliations of any individual proposed to serve as a director, officer, voting trustee, affiliate, or a successor of the Reorganized Debtor.  In this case, the Plan fails to identify either the ultimate identity or the affiliations of SCP.

15. The Debtors contend that SCP is the only entity willing to fund the Debtors' Plan.  The Debtors, nevertheless, fail in the Plan to disclose the people or entities that operate and fund SCP.  Further, the Plan does not disclose the process by which SCP was found and selected to be the plan funder.  The Plan does not disclose any bidding procedures for the bidders competing with SCP.  The Plan does not even

{00092781.DOC / 4}                                      5

disclose if there were competing bidders.  Finally, the Plan is silent as to SCP's involvement in management of the Reorganized Debtor other than to allude to an entity yet to be formed that may or may not be controlled by SCP.  The Plan fails in every respect to disclose the identity and affiliations of SCP and its control over the Reorganized Debtor's management.

      WHEREFORE, Park City respectfully requests this Court to enter an order denying confirmation of the Plan.

      Dated:      April 20, 2009

**PARSONS KINGHORN HARRIS**
*A Professional Corporation*

/s/ George Hofmann
GEORGE HOFMANN

Attorneys for Park City I, LLC