Douglas J. Payne (A4113)
Robert G. Crockett (A12067)
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
Salt Lake City, Utah 84111-2323
dpayne@fabianlaw.com
rcrockett@fabianlaw.com
Telephone: (801) 531-8900
Fax: (801) 596-2814

*Attorneys for Gateway Center, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re:<br><br>EASY STREET HOLDING, LLC, *et al.*<br><br>Debtors. | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases 09-29907<br>and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**GATEWAY CENTER, LLC'S OBJECTION TO CORBIN B. GORDON P.C.'S FOURTH FEE APPLICATION** |

Gateway Center, LLC ("**Gateway**"), through its attorneys Fabian & Clendenin, pursuant to the *Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement Procedures* dated December 15, 2009 [Dkt. 271], objects to *Corbin B. Gordon's Fourth Professional Fee Request for the Period from March 1, 2010 to March 31, 2010* [Dkt. 423] (the "**Fourth Gordon Fee Application**") as follows:

1. Debtors Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC (collectively, the "**Debtors**") are debtors-in-possession in the above-entitled jointly administered Chapter 11 cases.

2. On October 19, 2009, the Debtors filed an application [Dkt. 104] to employ Corbin B. Gordon, P.C. ("**Gordon**") as special counsel.

3. The application requested that the Debtors be authorized to employ Gordon as special counsel with respect to a lease ("**Lease**") of real property from Gateway.

4. The Court granted the Debtors' application to employ Gordon as special counsel with respect to the Lease.

5. In January 2009, Debtor Easy Street Partners, LLC ("**Partners**") agreed to assume the interest in and obligations of Cloudnine Resorts, LLC ("**Cloudnine**") as lessee under lease ("**Lease**") of real property located in Park City, Utah, that Cloudnine was leasing from Gateway.

6. Cloudnine as the original lessee was not released from liability under the Lease when Partners agreed to assume it. Cloudnine is an affiliate of Partners, and is controlled by Partners' principal and managing member, William Shoaf ("**Shoaf**").

7. Shoaf executed a personal guaranty of the obligations of Cloudnine and Partners under the Lease in which Shoaf obligated himself to Gateway in his individual capacity.

8. Beginning in at least April 2009, Gordon represented Cloudnine in connection with the Lease. On April 13, 2009, Gordon sent correspondence to Gateway in which Gordon expressly identified himself as representing Partners' affiliate and insider Cloudnine: "I represent

2

Cloudnine, L.L.C. . . ." Letter from Corbin B. Gordon to Gateway Center, LLC dated April 13, 2009, a copy of which is attached hereto as **Exhibit "A."**

9. Gordon failed to disclose his representation of Cloudnine in the application to employ Mr. Gordon as special counsel for Partners and supporting Declaration. [Dkt. Nos. 104 & 105]

10. Gateway is pursuing Cloudnine and Shoaf for their obligations under the Lease and personal guaranty, respectively, in a lawsuit filed Third District Court for Summit County, Utah, *Gateway Center, LLC v. Cloudnine Resorts, LLC and William Shoaf*, Civil No. 100500193 (the "**State Court Lawsuit**").

11. Gordon's undisclosed representation of Cloudnine (which is an affiliate of Partners and/or Partners' principal and the personal guarantor of the Lease, Shoaf) raises questions about the propriety of Mr. Gordon's employment, as well as whether Mr. Shoaf and Cloudnine are attempting to improperly shift to the bankruptcy estate the costs of defending Gateway's claims against them as a guarantor and the original tenant, respectively.

12. Gordon's undisclosed representation of Cloudnine with respect to the Lease with Gateway constitutes the representation of an interest adverse to the estate with respect to which Gordon has been employed within the meaning of 11 U.S.C. § 327(e).

13. Gateway objects to the Fourth Gordon Fee Application on the grounds that Gordon is not disinterested with respect to a matter on which he is employed.

WHEREFORE, Gateway prays for entry of an Order:

A. Denying the Fourth Gordon Fee Application in its entirety on the grounds that Gordon is not disinterested on a matter on which he has been representing the estate; and

B.  For such other and further relief as the Court deems just and equitable.

DATED this 23rd day of April, 2010.

/s/ Douglas J. Payne
Douglas J. Payne
Robert G. Crockett
**FABIAN & CLENDENIN**
 A Professional Corporation
*Attorneys for Gateway Center, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on this 23rd day of April, 2010, via ECF Notification, on the following:

| | |
|---|---|
| Troy J. Aramburu | taramburu@joneswaldo.com, rhuot@joneswaldo.com |
| Michael V. Blumenthal | mblumenthal@crowell.com |
| Kenneth L. Cannon II | kcannon@djplaw.com |
| Scott A. Cummings | cummings.scott@dorsey.com |
| Steven B. Eichel | seichel@crowell.com |
| George B. Hofmann | gbh@pkhlawyers.com, dh@pkhlawyers.com |
| Mary Margaret Hunt | hunt.peggy@dorsey.com, brown.patricia@dorsey.com, smith.ron@dorsey.com, slc.lit@dorsey.com |
| Annette W. Jarvis | jarvis.annette@dorsey.com, smith.ron@dorsey.com, slc.lit@dorsey.com, brown.patricia@dorsey.com |
| Lon A. Jenkins | lajenkins@joneswaldo.com, krichardson@joneswaldo.com, ecf@joneswaldo.com, rhuot@joneswaldo.com |
| Michael R. Johnson | mjohnson@rqn.com, agale@rqn.com |
| Anthony C. Kaye | kaye@ballardspahr.com, swand@ballardspahr.com |
| Benjamin J. Kotter | kotter.benjamin@dorsey.com, smith.ron@dorsey.com, brown.patricia@dorsey.com, slc.lit@dorsey.com |
| Adelaide Maudsley | maudsley@chapman.com, jemery@chapman.com |
| Steven J. McCardell | smccardell@djplaw.com |
| John T. Morgan tr | john.t.morgan@usdoj.gov, james.gee@usdoj.gov |
| David W. Overholt | doverholt@rsolaw.com, abachman@rsolaw.com |
| Knute Rife | karife@rifelegal.com |
| Jeffrey L. Shields | jlshields@cnmlaw.com, njpotter@cnmlaw.com |
| Jeffrey Weston Shields | jshields@joneswaldo.com, rhuot@joneswaldo.com |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |
| Kim R. Wilson | bankruptcy_krw@scmlaw.com |

I further certify that a true and accurate copy of the foregoing was served on this 23rd day of April, 2010, via first-class mail, facsimile, and e-mail on the following:

Corbin B. Gordon
Corbin B. Gordon, P.C.
345 West 600 South, Suite 108
Heber City, UT 84032-2247
E-mail: corbingordon@yahoo.com
Fax: (888) 822-8796

Joseph E. Wrona
Wrona Law Firm, P.C.
1745 Sidewinder Drive
Park City, UT  84060
E-mail:  wrona@wasatchlaw.com
Fax:  (435) 649-5959

I further certify that a true and accurate copy of the foregoing was served on this 23rd day of April, 2010, via first-class mail, on the following:

Easy Street Partners, LLC
4780 Winchester Court
Park City, UT  84098

/s/ Douglas J. Payne

ND: 4830-8467-0470, v. 1

# EXHIBIT "A"

**CORBIN B. GORDON, P.C.**
ATTORNEY AT LAW
345 WEST 600 SOUTH, SUITE 108
HEBER CITY, UTAH 84032
PHONE (435) 657-0984 • FAX (888) 822-8796
CORBINGORDON@YAHOO.COM

April 13, 2009

Gateway Center, L.L.C.
c/o Vectra Management Group
424 West 33rd Street, Suite 540
New York, New York 10001
Attention: W. James Tozer, Jr.

Ms. Diane H. Banks
Fabian & Clendenin
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151

*Re: Request for remediation of building code violation*

Dear James:

I represent Cloud Nine Resorts, L.L.C., a tenant in your building at the Gateway Center. As you know, there is a concern that my client's leased space violates the safety code for a common path of egress, which requires a person to be able to choose two divergent paths within 100 feet.

Your architect Arrin Holt has indicated that there is no violation of the code, and referred my client to Phillip Hahn, Senior Staff Architect at the International Code Council. My client sent the drawing attached as Exhibit A to Mr. Hahn and received the e-mail attached as Exhibit B, indicating that it is his opinion there is a violation because the egress exceeds the 100 foot standard by 3 feet. As my client has stated in previous correspondence, at the 100 foot mark neither exit is viewable.

Based on Mr. Hahn's opinion my client has withdrawn from the space and will not occupy it until the building code violation is resolved. My client is simply unwilling to assume the liability of this known risk.

This letter is formal notice of my client's withdrawal from the space and its intent, starting fifteen days from the date of this notice to stop the payment of rent until the safety issue is resolved. If rent is withheld it will be in accordance with *Richard Barton Enterprises, Inc. v. Tsern*, 928 P.2d 368 (Utah 1996), wherein the court held that it is a breach of the covenant of quiet enjoyment (included in the lease at paragraph 22) where

Vectra Management Group
April 13, 2009
Page 2 of 3

---

the complained of breach has a significant effect on the rental value of the premises. In the present case, the complained of violation creates a hazard that makes the space unoccupiable, thus making the space valueless.

My client does not want to be forced into this position. As such, there are three ways to resolve this issue and to provide the assurance my client needs to once again occupy the premises:

1) <u>City Inspectors</u>. The City inspectors have opined that the space is compliant even though OHSA is indicating it is not. If the City is willing to sign a formal letter certifying the space as compliant and indemnifying my client from liability the issue will be resolved.

2) <u>Fix the problem</u>. The space could become compliant by running a hallway through the office highlighted in Exhibit C. My client would expect rent abatement during any construction time, and reduction of the rental rate for the office space that will become a hallway.

3) <u>Landlord applies to OHSA for a variance from the applicable standard under Utah Code Ann. § 34A-6-202</u>. OHSA has regulatory board that allows for variances from the applicable building code standards. If a variance is formally granted my client will be satisfied and once again occupy the space. Rent abatement would apply during the administrative proceeding.

If no action is taken within the next fifteen days to remedy the situation, my client will contact the enforcement arm of UOSH with a formal complaint and request for investigation.

My client would like to avoid this approach as the involvement of UOSH removes the final capacity to resolve this dispute from both the landlord and tenant's hands. However, my client is unwilling to occupy a space that your own cited expert is indicating is non-compliant, and will not pay rent on space that is unsafe to occupy.

My client is open to any other suggestions that may resolve this problem, including the offer of different office space in the same building. Please let me know how you intend to proceed.

Sincerely,

Corbin B. Gordon