Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors. | ) 09-29907 and 09-29908 |
| | ) |
| Address: 201 Heber Avenue | ) Chapter 11 |
| Park City, UT 84060 | ) |
| | ) Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) |
| 35-2183713 (Easy Street Holding, LLC), | ) [FILED ELECTRONICALLY] |
| 20-4502979 (Easy Street Partners, LLC), and | ) |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |

### SECOND EXTENSION OF CERTAIN DEADLINES OF STIPULATION AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION TO WESTLB, AG

This Second Extension of Certain Deadlines of Stipulation Authorizing Use of

Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG

(this "Second Extension") is entered into by and between Easy Street[1] and WestLB through their counsel of record, with reference to the following facts:

## RECITALS

A. Easy Street, together with Easy Street Holding, LLC and Easy Street Mezzanine, LLC, are debtors in possession, having filed voluntary Chapter 11 petitions on September 14, 2009;

B. Easy Street owns and operates certain real property and improvements and related facilities in Park City, Utah commonly known as the Sky Lodge Private Residence Club and Hotel;

C. On or about October 9, 2009, Easy Street and WestLB filed the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84], as amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 (as may have been or may be amended, modified, and extended from time to time, the "Stipulation") [Docket No. 91];

D. On or about October 14, 2009, the Court entered its Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Original Cash Collateral Order") [Docket No. 95]. The Original Cash Collateral Order and the Stipulation reflect certain terms, as stipulated by the parties, regarding the use of Cash Collateral;

E. In the course of implementing the Stipulation, WestLB and Easy Street informally agreed to certain new or different terms governing the use of Cash Collateral and on or about November 25, 2009, filed the Joint Motion to Approve Amendments to Stipulation Authorizing

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation (as defined herein) and the Loan Documents.

2

Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG (the "Amendment") [Docket No. 172] to formally incorporate such terms into the Stipulation;

  F. On or about December 11, 2009, Jacobsen National Group ("Jacobsen") filed its "Jacobsen National Group's Protective, Conditional, and Limited Response to Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG" ("Jacobsen Objection") [Docket No. 210] in response to Easy Street and WestLB's Amendment, in which Jacobsen proposed (and which Easy Street and WestLB agreed to in the December 14, 2009 hearing), among other things, preservation of the $1.7 Million to remain in a segregated account with either Wells Fargo or its successor bank. On or about December 15, 2009, the Court entered its Order on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Amendment Approval Order") [Docket No. 219], which approved in part and continued in part the Amendment, and set a hearing on consideration of the $1.7 Million Set Aside for January 19, 2010. On or about January 26, 2010, the Court entered the Order Modifying Order entered December 15, 2009 on Joint Motion to Approve Amendments to Stipulation (the "Modified Amendment Approval Order") [Docket No. 272], modifying the Amendment Approval Order, which reduced the amount of the $1.7 Million Set Aside from $1.7 million to $600,000.

  G. On or about January 7, 2010, the Court entered the Order on Extension of Certain Deadlines of Stipulation ("Order on Extension") [Docket No. 244], approving the Extension of Certain Deadlines filed on December 27, 2009 ("Extension") [Docket No. 234], extending certain deadlines, including Easy Street's use of Cash Collateral through April 30, 2010.

H. This Second Extension contemplates the following: (i) extension of certain deadlines; (ii) the timing of adequate protection payments; (iii) use of reserve account funds; (iv) updating budgets and (v) reporting obligations.

I. In consideration of the foregoing promises and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Easy Street and WestLB hereby covenant and agree to the following extensions and related modifications to be effective as of April 1, 2010:

1. <u>Extension of Deadlines</u>. The Parties have agreed to extend certain deadlines, among other things, contained in the Stipulation such that the Stipulation will continue to be in full force and effect up to and through May 31, 2010. The expiration for consensual use of the Cash Collateral will be extended by replacing "April 30, 2010" in the fourth (4th) line of <u>Paragraph 15</u>[2] with "May 31, 2010" and by replacing "April 30, 2010" in the third (3rd) line of <u>Paragraph 32</u> with "May 31, 2010".

2. <u>Timing of Adequate Protection Payments</u>. Easy Street must make adequate protection payments for WestLB to counsel for WestLB within seven (7) business days after expiration of the five (5) business day objection period. To reflect these changes, <u>Paragraph 26(b)(3)</u> is hereby amended and restated as follows:

> "Upon the expiration of the five (5) business day objection period Easy Street shall pay the counsel for WestLB the amount(s) that are not subject to objection <u>within seven (7) business days</u>."

3. <u>Use of Reserve Accounts</u>. The Stipulation permits the use of any and all reserve accounts for the purposes authorized in the Stipulation, subject to the consent of WestLB. For the avoidance of doubt, lines 12 through 19 of <u>Paragraph 19</u> of the Stipulation are hereby amended and restated as follows:

> "Although funds will be deposited into various separate reserve accounts, all funds held in any and all such accounts constitute Cash Collateral of WestLB, and

---

[2] All paragraph and other section references are to the Stipulation.

4

WestLB is not and shall not be deemed limited in the use of any and all such funds to any particular purpose, regardless of the deposit of any such funds into a particular reserve account (including any and all reserve accounts described in Paragraph 26(c)). For the avoidance of doubt, nothing in this paragraph should be deemed to limit WestLB's authority to apply amounts in any of the Bank Accounts for any purpose, including but not limited to applying amounts to reduction of the obligations under the Loan Documents pursuant to paragraph 17 or applying reserve account funds for payment of operating expenses contained in the Budget."

4. <u>Updating of Budgets</u>.

A. Any changes or request to make changes to the Budgets must be sent by Easy Street's counsel to WestLB's counsel, specifically notating it as a request to alter the Budgets. To reflect this change, Paragraph 16 is hereby amended by replacing the second (2nd) sentence in between "...expenditures projected in the Budget (the "Reconciliation Report")." and "Once approved, the Submitted Monthly Budget shall be ...." with the following:

"Except as otherwise provided at paragraph 15 above, if the Submitted Monthly Budget contains any variations, adjustments or additions to the projected receipts or expenditures in the Budget for the prior month, then the Submitted Monthly Budget shall be subject to the review and approval of WestLB under the following procedure: WestLB will not be deemed to have approved the Submitted Monthly Budget unless WestLB's counsel first receives a written request from Easy Street's counsel specifying the proposed change or changes in the Submitted Monthly Budget. ~~The approval by WestLB may not be unreasonably withheld, and~~ WestLB will be deemed to have approved the Submitted Monthly Budget if it does not object within five (5) days of receipt of such notice ~~thereof~~.

B. The Stipulation is hereby amended by the addition of <u>Exhibit A-1</u> to read as set forth on <u>Annex I</u> attached hereto, which shall constitute the budget for use of Cash Collateral from April 1, 2010 through May 31, 2010.[3]

5. <u>Reporting Obligations</u>. In addition to Easy Street's reporting obligations provided in Paragraph 24, Easy Street shall also issue a written report enumerating the gross balance contained in the Operating Account as of the effective date of the report, the amount of any accounts payable, and the amount (along with individual payee names and amounts) of any

---

[3] The budget currently in effect is attached as <u>Exhibit A-1</u> of the Extension (the "Old Budget"). To date, there have been no amendments to the Old Budget approved by WestLB.

outstanding checks issued but not yet paid. To reflect this change, Paragraph 24 is hereby amended by adding subsection (l) as follows:

"(l)  a report with respect to the Operating Account reflecting the following: (i) the gross balance of the funds contained in the Operating Account; (ii) the aggregate amount of the outstanding checks issued to but not yet drawn down by the payee (along with the individual payee names and amounts); and (iii) the aggregate amount of the accounts payable for which funds have been advanced under this stipulation but for which checks have not been issued (along with the names and amounts due the individual account creditors). This report shall reflect the status of the Operating Account as of April 30, 2010 and shall be due no later than four (4) business days thereafter and for every month-end thereafter in which this Stipulation remains in effect;"

6. Copies. Any communications, reports, budgets, or other reporting obligations that Easy Street is required to send to WestLB under the Stipulation or Loan Documents shall be copied to WestLB's counsel, Richard W. Havel, at rhavel@sidley.com.

7. Reservation of Rights. This Second Extension shall not be deemed to be a consent to any waiver of any Events of Default or Termination Event. At any time WestLB and its representatives shall be entitled to exercise any or all of their remedies under the Stipulation and Loan Documents as a result of the arising or occurrence of an Event of Default or Termination Event.

8. Previous Agreements. Notwithstanding any changes to the Stipulation effected by this Second Extension and by order of the Court approving this Second Extension (the "Second Extension Approval Order"), the Original Cash Collateral Order shall remain in full force and effect, except as otherwise amended by prior amendments, extensions and approval orders effectuating any amendments and/or extensions.

9. Counterparts. This Second Extension may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.

**WHEREFORE**, Easy Street and WestLB, by and through the signatures of their counsel below, hereby so stipulate by and between themselves as set forth herein on the date set forth below and respectfully request that the Court enter the Second Extension Approval Order approving and effectuating their mutual agreements as set forth herein.

DATED this 29th day of April, 2010.

_____
Annette Jarvis
Peggy Hunt
Benjamin J. Kotter
DORSEY & WHITNEY LLP

and

Richard W. Havel
SIDLEY AUSTIN LLP
*Attorneys for WestLB, AG*

_____
Kenneth L. Cannon II
Steven J. McCardell
DURHAM JONES & PINEGAR, P.C.

and

Michael V. Blumenthal
CROWELL & MORING LLP
*Attorneys for Debtors and Debtors in Possession*

## ANNEX I

## EXHIBIT A-1

Updated Budget

**Exhibit A-1**
**To Cash Collateral**
**Stipulation for April and May, 2010**

**EASY STREET PARTNERS**
**2010 BUDGET - 1ST QUARTER ACTUAL + APRIL AND MAY REFORECAST**
**CONSOLIDATED**

| OPERATING STATISICS | BUDGET | |
| --- | --- | --- |
| | APR | MAY |
| **HOTEL OCCUPANCY** | 35.7% | 35.7% |
| Transient Occupancy | 27.3% | 32.2% |
| Owner Occupancy | 8.4% | 3.5% |
| Room Nights Occupied | 353 | 365 |
| ADR | $280.13 | $140.00 |
| % of Project Sold Out | 64.2% | 64.2% |
| **PROPERTY MANAGEMENT OCCUPANCY** | | |
| Transient Occupancy | 0.0% | 0.0% |
| Room Nights Occupied | - | - |
| ADR | $ - | $ - |
| **TOTAL CONDO UNITS** | - | - |

| HOTEL & PROPERTY MANAGEMENT | APR | | MAY | |
| --- | --- | --- | --- | --- |
| TOTAL REVENUES | 247,162 | 100.0% | 209,639 | 100.0% |
| TOTAL OPERATING EXPENSES | 302,699 | 122.5% | 251,502 | 120.0% |
| NET OPERATING PROFIT/(LOSS) | (55,537) | (22.5%) | (41,863) | (20.0%) |
| TOTAL UNDISTRIBUTED EXPENSES | 8,651 | | 7,337 | |
| TOTAL OWNER RENTAL COMMISSIONS | 6,701 | 2.7% | 4,081 | 1.9% |
| **NET HOTEL & PROP MGT PROFIT(LOSS)** | (70,889) | -28.7% | (53,281) | -25.4% |

Ex. A-1

## Exhibit A-1
## To Cash Collateral
## Stipulation for April and May, 2010

| REAL ESTATE SALES | APR | MAY |
|---|---|---|
| FRACTIONAL UNITS SOLD | 0 | 0 |
| TOTAL GROSS SALES | 0 | 0 |
| TOTAL COSTS & COMMISSIONS | 3,250 | 5,000 |
| **NET REAL ESTATE PROFIT (LOSS)** | **(3,250)** | **(5,000)** |

| EASY STREET PARTNERS | APR | MAY |
|---|---|---|
| HOA DUES | | |
| Residential Dues | 34,520 | 34,520 |
| Commercial Dues | 20,056 | 20,056 |
| Total Dues | 54,576 | 54,576 |
| ADMINISTRATIVE & GENERAL | | |
| ESP Legal & Related | 125,000 | 125,000 |
| WLB Legal & Related | 100,000 | 100,000 |
| Profesional Fees | 33,500 | 33,500 |
| Trustee Charges | 5,525 | 5,525 |
| Accounting** | 20,000 | |
| Residiential Condominium Property Taxes | | |
| Rent & Other | | |
| Total Administrative & General | 284,025 | 264,025 |
| **NET ESP EXPENSES** | **338,601** | **318,601** |

**Amount to be adjusted downward upon receipt of actual expenditure. This amount reflects the total funds allocated for accounting expenses to date; any amounts previously budgeted for but not drawn down are no longer available and subject to the $20,000 cap for all accounting expenses.

| NET CASH AVAILABLE FOR DEBT | (412,740) | (376,882) |
|---|---|---|
| **INTEREST AND OTHER BANK PAYMENTS** | | |
| WestLB Adequate Protection Payments | 34,000 | 34,000 |
| WestLB Interest Payment post BK | | |
| TOTAL BANK PAYMENTS | 34,000 | 34,000 |
| **NET CASH AFTER BANK PAYMENTS** | **(446,740)** | **(410,882)** |

**Exhibit A-1
To Cash Collateral
Stipulation for April and May, 2010**

**EASY STREET PARTNERS
2010 BUDGET - 1ST QUARTER ACTUAL + APRIL AND MAY REFORECAST
HOTEL OPERATIONS**

|  | BUDGET | | | |
|---|---|---|---|---|
|  | APR | | MAY | |
| **HOTEL PROJECTED OCCUPANCY** | 35.7% | | 35.7% | |
| Transient Occupancy | 27.3% | | 32.2% | |
| Owner Occupancy | 8.4% | | 3.5% | |
| Room Nights Occupied | 353 | | 365 | |
| ADR | $280.13 | | $140.00 | |
| % of Project Sold Out | 64.2% | | 64.2% | |
|  |  |  |  |  |
| **PROPERTY MGT PROJECTED OCCUPANCY** |  |  |  |  |
| Transient Occupancy | 0.0% | | 0.0% | |
| Room Nights Occupied | - | | - | |
| ADR | $  - | | $  - | |
| **TOTAL CONDO UNITS** | - | | 2 | |
|  |  |  |  |  |
| **REVENUE** |  |  |  |  |
| Hotel Rooms Revenue | 89,401 | | 54,706 | |
| Property Management Revenue | - | | - | |
| F&B Revenue | 87,855 | | 76,531 | |
| Spa Revenue | 29,106 | | 37,601 | |
| Sky Club Memberships | 30,800 | | 30,800 | |
| Zoom Rental Revenue | 10,000 | | 10,000 | |
| **TOTAL REVENUE** | 247,162 | 100.0% | 209,639 | 100.0% |
|  |  |  |  |  |
| **EXPENSES** |  |  |  |  |
| Rooms Division | 90,918 | | 71,948 | |
| Property Management | - | | - | |
| Food & Beverage | 117,156 | | 108,021 | |
| Spa | 29,193 | | 34,356 | |
| Facilities | 59,714 | | 49,852 | |
| HOA Credit - Facilities | (47,682) | | (51,305) | |
| HOA Credit - Other | (20,574) | | (20,574) | |
| Sales & Marketing | 47,432 | | 35,720 | |
| Administration | 26,543 | | 23,484 | |
| **TOTAL EXPENSES** | 302,699 | 122.5% | 251,502 | 120.0% |
|  |  |  |  |  |
| **NET OPERATING PROFIT/(LOSS)** | (55,537) | (22.5%) | (41,863) | (20.0%) |
|  |  |  |  |  |
| Property Taxes |  |  |  |  |
| Management Fees (3.5%) | 8,651 | 3.5% | 7,337 | 3.5% |
| **RESORT OPERATING PROFIT/(LOSS)** | (64,188) | (26.0%) | (49,200) | (23.5%) |
|  |  |  |  |  |
| **Sky Lodge Owner Rental Commissions** | 6,701 | | 4,081 | |
| **Property Mgt Owner Rental Commissions** | - | | | |

Ex. A-1