Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com
       *Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Tax ID Numbers: ) | Chapter 11 |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**NOTICE OF SECOND EXTENSION OF CERTAIN DEADLINES OF STIPULATION
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
GRANTING ADEQUATE PROTECTION TO WESTLB, AG**

PLEASE TAKE NOTICE that Easy Street Partners, LLC ("Easy Street") and WestLB,

AG ("WestLB") (together with Easy Street, the "Parties") have filed a **Second Extension of**

1

**Certain Deadlines of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG** [Docket No. 457] (the "Second Extension") by which the Parties agree to extend certain deadlines provided currently in force, among other things, under the terms of that certain Stipulation Authorizing Use of Cash Collateral to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Stipulation") [Docket No. 84], as further amended, and pursuant to which, upon notice to all interested parties, the Parties may extend such deadlines upon written mutual agreement.

PLEASE TAKE FURTHER NOTICE that subject to approval by the Court, the Second Extension will modify the Stipulation regarding the following[1] (i) extending the use of Cash Collateral from April 30, 2010 to May 31, 2010; (ii) timing of adequate protection payments; (iii) allowing the use of reserve accounts; (iv) updating the budgets for April and May 2010; and (v) issuing reporting obligations of the Operating Account. The Parties have attached redlines hereto to identify changes amended by the Second Extension.

PLEASE TAKE FURTHER NOTICE that copies of the Second Extension have been served on the United States Trustee's office for the District of Utah, counsel for the Debtors' prepetition secured lenders, counsel for the Unsecured Creditors Committee and on parties who have requested special notice. If you do not receive a copy of the Second Extension, you may obtain a copy of the Second Extension by requesting it from the undersigned counsel.

PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read this Notice and Second Extension carefully and discuss them with your attorney, if you have one in this bankruptcy case.

---

[1] Note that this is a summary of the modifications made by the Second Extension, for the actual modifications refer to the Second Extension itself.

2

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may enter an order approving the Second Extension without further notice or hearing if an objection is not made by the Unsecured Creditors Committee within five (5) business days from filing and service or on or before May 6, 2010. The Parties have attached a proposed order hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 9013-1(c) of the Bankruptcy Court's local rules of practice, absent timely filing and service of objections to the Second Extension, the Parties may ask that the Court approve the Second Extension without further notice or hearing. Additionally, upon the resolution of any timely filed and served objections to the Motion, the Debtors may ask the Bankruptcy Court to approve the Second Extension without further notice or hearing.

DATED this 30th day of April, 2010.

DORSEY & WHITNEY, LLP

 /s/ Benjamin J. Kotter
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY & AUSTIN, LLP

*Attorneys for WestLB, AG*

## Exhibit A

Redlines of Amended Provisions as Modified by the Second Extension

~~Original~~Amended Paragraph 15

15. <u>Use of Cash Collateral</u>. Pursuant to and conditioned on compliance with the terms and conditions of this Stipulation and entry of the Cash Collateral Stipulated Order, WestLB consents to the use of Cash Collateral in accordance with the Initial Budget and subsequent approved budgets (collectively and together with the Initial Budget, the "<u>Budget</u>" or the "<u>Budgets</u>") through and including ~~April 30,~~May 31, 2010. With respect to the use of Cash Collateral pursuant to the Budget, Easy Street is not permitted to and shall not reallocate amounts between specific line items in the Budget unless such reallocation is presented in a Submitted Monthly Budget to be approved by WestLB. Easy Street in any month may exceed by 10% the disbursement for a line item in the amount of $50,000 or less, and may exceed by 5% the disbursement for a line item greater than $50,000, provided that in no instance may Easy Street in any month exceed the aggregate amount to be disbursed under the Budget for that month. Any such variances in the disbursements under the Budget shall be disclosed and noted in the Reconciliation Report required under paragraph 16 below. Use of Cash Collateral shall be limited to the amounts set forth in the Budget for the pending month; however, any line item expense not disbursed in any given month may be disbursed in subsequent months. No further use of Cash Collateral shall be allowed after a Termination Event (as defined in paragraph 32, below) without the prior written consent of WestLB or further order of the Court, including any Order authorizing the payment of professionals from the carve out under paragraph 27 that has accrued prior to the Termination Event. For the avoidance of doubt, except as specifically set forth in this Stipulation, Easy Street is not authorized to use any Cash Collateral for payment of pre-petition debts or any other purpose whatsoever, and, absent prior written consent of WestLB

5

or further order of the Court, the use of Cash Collateral is expressly limited to the amounts set forth in the approved Budgets.

~~Original~~Amended Paragraph 16

16.     <u>Monthly Updates to Budget</u>.  Starting in November 2009, for each month, Easy Street must submit to WestLB by the 15th calendar day of each month (i) a rolling three month budget for proposed use of Cash Collateral (the "<u>Submitted Monthly Budgets</u>") and (ii) a reconciliation of actual receipts and expenditures for the preceding month against the receipts and expenditures projected in the Budget (the "<u>Reconciliation Report</u>").  Except as otherwise provided at paragraph 15 above, if the Submitted Monthly Budget contains any variations, adjustments or additions to the projected receipts or expenditures in the Budget for the prior month, then the Submitted Monthly Budget shall be subject to the review and approval of WestLB under the following procedure:  ~~The approval by WestLB may not be unreasonably withheld, and~~<u>WestLB will not be deemed to have approved the Submitted Monthly Budget unless WestLB's counsel first receives a written request from Easy Street's counsel specifying the proposed change or changes in the Submitted Monthly Budget.</u>  WestLB will be deemed to have approved the Submitted Monthly Budget if it does not object within <u>five (</u>5<u>)</u> days of receipt ~~thereof~~<u>of such notice</u>.  Once approved, the Submitted Monthly Budget shall be the Budget for the applicable month.  Approved Budgets shall be filed with the Court within five (5) days after approval of WestLB.  WestLB may object to a Submitted Monthly Budget by a written statement identifying the line items that are not approved.  If WestLB objects to the Submitted Monthly Budget, then Easy Street's right to use Cash Collateral shall be limited to the Initial Budget attached hereto as Exhibit A, unless the Court after notice and hearing authorizes other use of Cash Collateral.

~~Original~~Amended Paragraph 19

19. <u>Source of Funds to Pay Budgeted Amounts</u>. Without limiting or diminishing the force and effect of paragraph 18, disbursements pursuant to any Budget will be made (i) from the Tax and Insurance Reserve Account for budgeted expenses corresponding to Taxes and insurance premiums with respect to the Required Insurance; (b) from the FF&E Reserve Account for budgeted expenses corresponding to costs or renewal, replacement and addition of FF&E; (iii) from the HOA Reserve for budgeted expenses corresponding to common area charges payable under the Fractional Ownership Documents or Condominium Documents with respect to the Commercial Units or any unsold Fractional Ownership Units, as each such Bank Account is identified on <u>Exhibit C</u> hereto. If any Bank Account should contain insufficient funds to satisfy the payment required by the previous sentence, amounts shall be disbursed, in accordance with the approved Budget, from any of the other Bank Accounts and WestLB shall release funds from such accounts to fund the disbursement. Although funds will be deposited into various separate reserve accounts, all funds held in any and all such accounts constitute Cash Collateral of WestLB, and WestLB is not and shall not be deemed limited in the use of any and all such funds to any particular purpose, regardless of the deposit of any such funds into a particular reserve account <u>(including any and all reserve accounts described in Paragraph 26(c))</u>. For the avoidance of doubt, nothing in this paragraph should be deemed to limit WestLB's authority to apply amounts in any of the Bank Accounts for any purpose, including but not limited to applying amount to reduction of the obligations under the Loan Documents pursuant to paragraph ~~17.~~<u>17 or applying reserve account funds for payment of operating expenses contained in the Budget.</u> For the further avoidance of doubt, to the extent of any inconsistency between

8

paragraphs 18 and 19, Easy Street shall and shall be deemed to disburse funds in accordance with paragraph 18 of this Stipulation.

~~Original~~Amended Paragraph 24

24. <u>Reporting Obligations</u>[1]. Unless otherwise provided below, Easy Street shall provide all reasonably requested, non-privileged information and opportunities for due diligence, access to personnel and property inspection rights as may be reasonably requested by WestLB or its representatives in accordance with the Loan Documents or otherwise and shall otherwise comply with all reporting obligations under the Loan Documents, including, but limited to, providing in writing to WestLB on or before the fifteenth (15th) calendar day of each month in which this Stipulation remains in effect, the following:

(a) a report of cash flow for Easy Street's estate, including all sources and uses of cash for each preceding monthly period;

(b) a reconciliation of actual to forecasted cash flow;

(c) a reconciliation of actual to planned payments;

(d) accountings for the receipt and usage of all Cash Collateral, which accounting shall require Easy Street to maintain books and records sufficient to trace and account for the source and amount of all Cash Collateral and the uses thereof;

(e) a balance sheet and statement of profit and loss;

(f) a PACE report, due both on the fifth (5th) business day of each month and updated on Monday of each week thereafter;

---

[1] WestLB may in its sole discretion share with third parties any of the reports and information given to WestLB under this paragraph, unless the materials are marked by Easy Street with a written legend on each page indicating the materials are privileged and confidential.

10

(g) estimates of property tax payments, insurance premiums, and any common charges payable under the Fractional Ownership Documents or Condominium Documents with respect to the Commercial Units or any unsold Fractional Ownership Units, which are or will become due and the dates upon which they shall become due;

(h) a monthly management report;

(i) notice, due immediately upon receipt by Easy Street, of any institution of, or written threat of, any action, suit, proceeding, governmental investigation or arbitration against or affecting Easy Street or the Collateral;

(j) immediate notice of any material events related to the Collateral; and

(k) copies, due upon submission or production, of all information or other documents submitted by Easy Street to the Office of the United States Trustee and of all documents produced pursuant to an examination authorized by the Court under Rule 2004 of the Federal Rules of Bankruptcy Procedure or in any adversary proceeding brought in these Chapter 11 Cases;

(l) a report with respect to the Operating Account reflecting the following: (i) the gross balance of the funds contained in the Operating Account; (ii) the aggregate amount of the outstanding checks issued to but not yet drawn down by the payee (along with the individual payee names and amounts); and (iii) the aggregate amount of the accounts payable for which funds

11

> have been advanced under this stipulation but for which checks have not been issued (along with the names and amounts due the individual account creditors). This report shall reflect the status of the Operating Account as of April 30, 2010 and shall be due no later than four (4) business days thereafter and for every month-end thereafter in which this Stipulation remains in effect.

Unless all of the foregoing items are received by WestLB on or before the dates specified above, Easy Street's authority to use Cash Collateral will automatically terminate three (3) business days after receipt by Easy Street's undersigned counsel of written notice from WestLB that such condition has not been satisfied, unless Easy Street provides the information needed to satisfy the condition before expiration of the three business days. In order to continue to use Cash Collateral after such automatic termination and in the absence of any written consent by WestLB to the further use of Cash Collateral, Easy Street will be required to seek an order establishing that such condition has been satisfied or an order in which the Bankruptcy Court authorizes further use of Cash Collateral.

~~Original~~Amended Paragraph 26(b)

26.     Forms of Adequate Protection.  WestLB shall be granted the following forms of adequate protection for the use of its Collateral (including, but not limited to Cash Collateral) during the term of the Stipulation:

(a)     …

(b)     By no later than October 20, 2009 and then the twentieth (20th) day of each subsequent month after entry of the Court of an order approving this Stipulation, Easy Street shall pay to WestLB the following amounts: (i) $34,000 which reflects an estimate of the approximate amount of the monthly interest at the non-default contract rate on the value of WestLB's interest in the Collateral as of the Petition Date; and (ii) pursuant to the procedure set forth below, an amount up to, but not to exceed, the aggregate amount(s) contained in the line item entitled "WLB Costs & Fees" in the Budget, which have accrued, but have not been previously distributed.  The amount in (ii) of the previous sentence shall be determined by the following procedure:

1.     Prior to the 20th of each month the counsel for WestLB will provide to Easy Street and its counsel a written statement of the fees and expenses incurred during the prior month(s) to include the amount to be distributed, the total time expended, the identity of the attorneys rendering services, the hourly billing rates and a detailed listing of time.

2.     Easy Street may within 5 business days of receipt of the written statement object in writing to any fees and expenses that would not be deemed reasonable under Section 506(b) of the Bankruptcy Code.  The

written objection must state the specific subject matter, services and amount being objected to. It shall not be sufficient to simply object to all fees and expenses.

3. Upon the expiration of the five (5) business day objection period Easy Street shall pay the counsel for WestLB the amount(s) that are not subject to objection within seven (7) business days.

4. Failure to object shall not limit or prejudice any party's rights to object to the reasonableness of WestLB's fees and expenses under Section 506(b) when submitted to the court for final allowance. Any objection shall not limit or prejudice WestLB's rights to have the subject fees and expenses included in the claim of WestLB when submitted to the court for final allowance.

The foregoing amounts are set forth in the attached Initial Budget and shall be set forth in all subsequent Submitted Monthly Budgets required by this Stipulation. Such payments shall constitute adequate protection payments, and the Parties shall reserve all rights regarding the application of the payments against the allowed claims of WestLB. WestLB shall release funds to enable Easy Street to make these payments;

~~Original~~<span style="color:red">Amended</span> Paragraph 32

32. <u>Termination</u>.  Easy Street's authority to use Cash Collateral pursuant to this Stipulation shall automatically terminate upon the earliest of the following (each a "<u>Termination Event</u>"): (i) ~~April 30,~~<span style="color:red">May 31,</span> 2010; (ii) the filing of any motion or pleading (including a plan of reorganization) by Easy Street seeking an order authorizing non-consensual use of Cash Collateral or debtor in possession financing not otherwise permitted under this Stipulation; (iii) the filing of any motion or pleading (including a plan of reorganization) by Easy Street or the entry of an order, challenging or affecting the validity, priority, perfection and/or amount of WestLB's liens or claims against Easy Street or its assets, or seeking a recovery on any avoidance action provided, however, that disputes over the mathematical calculation of WestLB's claim in accordance with the Loan Document, and disputes over the reasonableness of attorneys fees and costs shall not trigger a Termination Event; (iv) Easy Street's failure to secure the entry of an order in a form reasonably acceptable to the WestLB approving this Stipulation on or before October 15, 2009; (v) the filing by Easy Street of a Notice of Conversion or the entry of any order converting Easy Street's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; (vi) appointment of an examiner or trustee in these Chapter 11 Cases; and (vii) Easy Street has not cured within five (5) business days from actual receipt of written notice from WestLB a breach, default or other failure to fully perform all the terms and conditions of this Stipulation in a timely manner.  Easy Street shall be entitled to an expedited hearing to dispute whether a breach, default or other failure has occurred and whether it has timely cured any such breach, default or other failure.

## **Exhibit B**

Proposed Order

*Proposed order prepared and submitted by*:

| | |
|---|---|
| Annette Jarvis (1649) | Richard W. Havel (10759) |
| Peggy Hunt (6060) | **SIDLEY AUSTIN LLP** |
| Benjamin J. Kotter (9592) | 555 West Fifth Street, Suite 4000 |
| **DORSEY & WHITNEY LLP** | Los Angeles, CA 90013-1010 |
| 136 South Main Street, Suite 1000 | Telephone: (213) 896-6000 |
| Salt Lake City, UT 84101-1685 | Facsimile: (213) 896-6600 |
| Telephone: (801) 933-7360 | Email: rhavel@sidley.com |
| Facsimile: (801) 933-7373 | |
| Email: jarvis.annette@dorsey.com | |
| hunt.peggy@dorsey.com | |
| kotter.benjamin@dorsey.com | |

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Tax ID Numbers: | ) | Chapter 11 |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**PROPOSED ORDER ON SECOND EXTENSION OF CERTAIN DEADLINES OF STIPULATION AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION TO WESTLB, AG**

17

This order (the "Order") approves a Second Extension of Certain Deadlines (the "Second Extension") to the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG ("WestLB"), filed on or about October 9, 2009 [Docket No. 84], as initially amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 [Docket No. 91], as further amended by this Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Original Cash Collateral Order"), dated as of October 14, 2009 [Docket No. 95], as further amended by that certain Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG filed on or about November 25, 2009 (the "Amendment") [Docket No. 172], as approved by the Court's Order on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Amendment Cash Collateral Order") entered on or about December 15, 2009 [Docket No. 219], as further amended by the Order modifying the First Amendment Order entered on or about January 26, 2010 (the "Modified Amendment Approval Order") [Docket No. 272], as further amended by the Court's Order on Extension of Certain Deadlines of Stipulation, entered on January 7, 2010 (the "Order on Extension") [Docket No. 244], approving the Extension of Certain Deadlines filed on December 27, 2009 (the "Extension") [Docket No. 234], (as amended, the "Stipulation"), reached by Easy Street Partners, LLC ("Easy Street") and WestLB governing the consensual use of cash collateral.

Now, therefore, IT IS HEREBY ORDERED:

1. The Second Extension and the alterations to the Stipulation embodied by the Second Extension are approved.

2. To the extent inconsistent with this Order and the Second Extension, the Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG dated as of October 13, 2009 (the "Original Cash Collateral Order") is superseded by this Order.

3. Except as otherwise provided in Paragraph 2 of this Order, both the Original Cash Collateral Order and the Amendment Cash Collateral Order remain in full force and effect.

4. This Order shall be binding and effective despite any conversion of the Case[2] to a case under any other chapter of title 11 of the United States Code.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation, enforcement, or implementation of the Second Extension and this Order.

(End of Document)

---

[2] Capitalized terms not otherwise defined herein shall take the meaning ascribed to them in the Original Cash Collateral Order.