Michael R. Johnson, Esq. (#7070)
Jonathan A. Dibble, Esq. (#0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  mjohnson@rqn.com
E-mail:  jdibble@rqn.com

*Attorneys for Jacobsen National Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> **EASY STREET HOLDING, LLC, et al.,** <br><br> Debtors. <br><br> Address:  201 Heber Avenue <br>  Park City, UT 84060 <br><br> Tax ID Numbers: <br><br> 35-2183713 (Easy Street Holdings, LLC), <br> 20-4502979 (Easy Street Partners, LLC), and <br> 84-1685864 (Easy Street Mezzanine, LLC) | **Bankruptcy No. 09-29905 RKM** <br><br> (Jointly Administered with Cases 09-29907 and 09-29908) <br><br> Chapter 11 <br><br> Honorable R. Kimball Mosier |

**JACOBSEN NATIONAL GROUP'S LIMITED OBJECTION TO SECOND EXTENSION OF CERTAIN DEADLINES OF STIPULATION AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADDITIONAL ADEQUATE PROTECTION TO WEST LB, AG**

Jacobsen National Group, Inc., dba Jacobsen Construction ("**Jacobsen**"), through counsel, hereby files this Limited Objection to the *Second Extension of Certain Deadlines of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to West LB, AG,* filed April 29, 2010 [Doc. 457] (hereinafter, the "**Second Extension**").

In particular, Jacobsen does not object to the Second Extension, provided that the Court's prior rulings regarding the $600,000 Set Aside (as defined in this Court's January 26, 2010 *Order Modifying Order (Docket No. 219) Entered December 15, 2009 on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG* (hereinafter, the "**January 26 Order**") [Doc. 272]) are continued in full force and effect.

In further support hereof, Jacobsen states as follows:

1. The Debtor, Easy Street Partners, LLC (the "**Debtor**"), filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on September 14, 2009 (the "**Petition Date**").

2. Shortly after the Petition Date, the Court, based upon a stipulation between the Debtor, WestLB and Jacobsen related to Easy Street's request to use cash collateral and Jacobsen's objections thereto, ordered and directed that no less than $1,700,000.00 remain on deposit in certain escrow accounts at Wells Fargo Bank, or in some other approved and segregated account, pending further orders of the Court regarding entitlement to those funds.

3. Thereafter, in the January 26 Order, the Court, based again upon a stipulation between the Debtor, WestLB and Jacobsen related to Easy Street's request to use cash collateral, reduced the set aside amount to $600,000 and ordered and directed that the $600,000 Set Aside "will remain on deposit in the existing Wells Fargo Escrow Accounts (account no. 12997375 and account no. 12997367) or the $600,000 Set Aside will be moved to a similar, interest bearing

account at JPMorgan Chase Bank if the Debtor moves its funds to that financial institution and that the balance in such account or accounts (collectively, the "Sales Proceeds Account") will not go below $600,000.  The Debtor, WestLB, and Jacobsen reserve their rights with respect to whether Jacobsen holds an interest in the Sales Proceeds Accounts pending the Court's consideration of the Debtor's Plan."  [January 16 Order, ¶3]

4. Paragraph I(3) of the Second Extension, at page 4, provides that the Debtor shall be allowed "the use of any and all reserve accounts for the purposes authorized in the Stipulation, subject to the consent of WestLB," and without specifically mentioning the $600,000 Set Aside or Jacobsen's claimed interest therein.  Moreover, the proposed modifications to paragraph 19 of the Stipulation (as defined in the Second Extension) include additional language providing that "reserve account funds" may be applied "for payment of operating expenses contained in the Budget."  [Id., pg. 5]  Thus, when read literally, the Second Extension appears to grant the Debtor authority to use the $600,000 Set Aside if necessary to meet its post-petition obligations, to vacate or modify the January 26 Order, and to resolve by silence Jacobsen's arguments regarding its claimed entitlement to the $600,000 Set Aside.

5. Notwithstanding the literal language of the Second Extension, however, Jacobsen is informed and believes based upon conversations with the Debtor's counsel that the provisions of the January 26 Order and prior orders regarding the $600,000 Set Aside were continued as part of the Second Extension, that the $600,000 Set Aside will remain on deposit as directed by the Court in the January 26 Order, and that the Debtor is not intending to use any portion of the $600,000 Set Aside to meet its post-petition obligations through May 31, 2010.

6. Jacobsen does not object to the Second Extension, provided that the terms of the January 26 Order and the Court's prior orders regarding the $600,000 Set Aside are expressly included as part of any order approving the Second Extension so as to avoid any confusion or doubt about whether the $600,000 Set Aside remains in place as part of the Second Extension.

7. Therefore, Jacobsen hereby requests that the proposed Order granting the Second Extension, a copy of which is currently attached as Exhibit "B" to the *Notice of Second Extension of Certain Deadlines of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to West LB, AG,* filed April 30, 2010 [Doc. 459], be amended by inserting the following language as new paragraph 4 to the Order:

> That portion of the Modified Amendment Approval Order dealing with the $600,000 Set Aside shall remain in full force and effect, and the $600,000 Set Aside will remain on deposit in the existing Wells Fargo Escrow Accounts (account no. 12997375 and account no. 12997367) or the $600,000 Set Aside will be moved to a similar, interest bearing account at JPMorgan Chase Bank if the Debtor moves its funds to that financial institution and the balance in such account or accounts (collectively, the "Sales Proceeds Accounts") will not go below $600,000.  The Debtor, WestLB, and Jacobsen reserve their rights with respect to whether Jacobsen holds an interest in the Sales Proceeds Accounts pending the Court's consideration of the Debtor's Plan.

WHEREFORE, based upon the foregoing, Jacobsen objects to the Second Extension to the extent that it seeks to change, modify, amend or vacate, expressly or impliedly, the provisions of the January 26 Order and prior orders of the Court dealing with the $600,000 Set Aside and Jacobsen's claimed rights therein.  To the extent the Second Extension does not seek to change, modify, amend or vacate those prior orders, then Jacobsen requests that any order granting the Second Extension include the language set forth in paragraph 7 above.

DATED this 4th day of May, 2010.

**RAY QUINNEY & NEBEKER**

/s/ Michael R. Johnson
_____
Michael R. Johnson
Jonathan A. Dibble
*Attorneys for Jacobsen National Group, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2010, a true and correct copy of the foregoing was served upon the following parties by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

>Kenneth L. Cannon II
>Steven J. McCardell
>**DURHAM JONES & PINEGAR**
>111 East Broadway, Suite 900
>PO Box 4050
>Salt Lake City, UT 84110-4050
>
>Michael V. Blumenthal
>Steven B. Eichel
>**CROWELL & MORING LLP**
>590 Madison Avenue, 20th Floor
>New York, NY 10022
>
>Jeffrey W. Shields
>Lon Jenkins
>**JONES WALDO HOLBROOK & McDONOUGH, PC**
>170 South Main Street, Suite 1500
>Salt Lake City, UT 84101
>
>Annette W. Jarvis
>Steven C. Strong
>Benjamin J. Kotter
>**DORSEY & WHITNEY LLP**
>136 South Main Street
>Suite 1000
>Salt Lake City, UT 84101-1655

/s/ Julie Bushman
_____