Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Counsel to Unsecured Creditors' Committee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | Chapter 11 |
| | Honorable R. Kimball Mosier |

**OBJECTION OF UNSECURED CREDITORS' COMMITTEE TO SECOND [SIC] MOTION OF EASY STREET PARTNERS, LLC TO EXTEND THE EXCLUSIVE PERIOD FOR SOLICITING AND OBTAINING ACCEPTANCES OF ITS AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

The Official Committee of Unsecured Creditors (the "**Committee**") for the above captioned debtors and debtors in possession (collectively the "**Debtors**"), by its counsel, Jones Waldo Holbrook & McDonough, PC, ("**Jones Waldo**"), hereby files its Objection to the Motion of Easy Street Partners, LLC ("**Partners**" or "**Debtor**") to further extend its exclusive period for soliciting and obtaining acceptances of its Amended Chapter 11 Plan of Reorganization ("**Plan**").  In support of its Objection, the Committee states as follows:

1. By its Motion, Partners requests a third extension of its exclusive period to obtain acceptances of its Plan.  Under the circumstances of this case, the Committee is unable to accede to Partners' request.

---

[1]  The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

930405.1

2.       While Partners filed its Plan within its first extended exclusive period for filing a plan (on January 15, 2010), Partners has received two previous extensions of its exclusive period to obtain acceptances of its Plan - - the first extension, until March 31, 2010 and then until May, 17, 2010.  Partners now seeks the exclusive right to obtain acceptances of a plan until July 6, 2010.  In addition, the hearings to consider confirmation of Partners' Plan have been scheduled for three (3) different dates:  the hearing was originally scheduled for March 30, then continued until April 27, then further continued to May 26.

3.       Although the Committee is not suggesting that the Partners and its professionals have not been diligent in their attempts to secure the necessary financing through an acceptable "plan funder" to bring the Plan to confirmation, the unfortunate fact is that the Partners has been unable to reach a definitive agreement with an acceptable plan funder and continued delay is taking a heavy toll on the estate.  The Debtors' cash position has deteriorated significantly during the course of the case and with the winter season now over, Partners' cash burn rate will be exacerbated during the late spring and summer months.

4.       The Debtor has reported it expects to enter into a Letter of Intent with a new plan funder which will enable the Debtor to remain on the existing confirmation schedule.  While the Committee remains hopeful, at this time there is no assurance that the Debtor will have any greater success closing a deal with the new plan funder than it had with previous potential plan funders.  If the Debtor is unable to reach a definitive agreement with the new plan funder so that the Plan can be confirmed at the May 26-27 hearings – or such reasonably short time thereafter necessary to conclude the hearings – creditors must be afforded the opportunity to protect their interests in any manner necessary, including the submission of a creditor-sponsored Plan.  If the Debtor is unable to confirm the Plan on the current timetable, the Debtors' eroding cash position - undoubtedly caused, in part, by mounting professional fees - compels providing creditors a mechanism for protecting their interests without further delay.

2

930405.1

5.  Accordingly, the Court should deny the Debtor's request to extend its exclusive period for obtaining acceptances of its Plan until July 6, 2010, and instead extend the period only to May 27, 2010 or such reasonably short period thereafter as is necessary to conclude the confirmation hearing.

6.  And, of course, even without the extension it requests, Partners will not lose the right to seek to confirm a Plan, and may certainly seek to do so after May 27. It will only lose the exclusive right to do so. Creditors, then, will not be held at bay while the Debtor continues its efforts toward confirmation and they will be permitted to employ appropriate measures to protect their interests. Thus, denial of the Debtor's Motion will result in little prejudice to the Debtor; however, the potential prejudice to creditors in granting the Motion could be significant.

WHEREFORE, based on the foregoing, the Committee respectfully requests that the Court deny the Debtor's Motion and instead grant only such extension of the Debtor's exclusive period to obtain acceptances of its Plan as is necessary to permit the Debtor to obtain confirmation of the Plan at the scheduled May 26 – 27 hearing, or such short time thereafter as is necessary to conclude the confirmation hearing.

DATED this 10th day of May, 2010.

JONES WALDO HOLBROOK &
McDONOUGH, PC

/s/ Lon A. Jenkins
Jeffery W. Shields
Lon A. Jenkins
Troy J. Aramburu

*Counsel to Unsecured Creditors' Committee*

3

930405.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2010 I caused a true and correct copy of the foregoing **OBJECTION OF UNSECURED CREDITORS' COMMITTEE TO SECOND [SIC] MOTION OF EASY STREET PARTNERS, LLC TO EXTEND THE EXCLUSIVE PERIOD FOR SOLICITING AND OBTAINING ACCEPTANCES OF ITS AMENDED CHAPTER 11 PLAN OF REORGANIZATION** to be served via first class mail, postage prepaid upon those persons listed on the attached mailing matrix.

/s/ Joyce Pollard