Corbin B. Gordon (corbingordon@yahoo.com) (9194)
CORBIN B. GORDON, P.C.
345 West 600 South, Suite 108
Heber City, UT  84032
Telephone:  (435) 657-0984/Fax:  (888) 822-8796
Special Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| Debtors. | Jointly Administered with Cases 09-29907 and 09-29908 |
| Address:  201 Heber Avenue <br> Park City, UT 84060 | Chapter 11 |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: <br> 35-2183713 (Easy Street Holding, LLC), <br> 20-4502979 (Easy Street Partners, LLC), and <br> 84-1685764 (Easy Street Mezzanine, LLC) | [FILED ELECTRONICALLY] |

### SECOND SUPPLEMENTAL DECLARATION AND DISCLOSURE BY CORBIN B. GORDON, P.C. PURSUANT TO FED. R. BANKR. P. 2014(a)

The undersigned, Corbin B. Gordon, hereby declares as follows:

1. I am a shareholder in Corbin B. Gordon, P.C. ("CBG, P.C."), and am a duly licensed and practicing attorney in the State of Utah.  To the best of my knowledge based upon the inquiries described below, the following statements are true.

2. On November 24, 2009, the Court approved the employment of CBG,P.C. by Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC (together, the "Debtors") in these jointly-administered cases.  By declaration dated October 7, 2009, CBG,P.C. disclosed certain connections between CBG, P.C. and parties in interest in the

Debtors' cases. This supplemental declaration and disclosure supplements the declaration previously filed.

3. CBG,P.C. was initially hired by Cloud Nine Resorts, L.L.C. ("Cloud Nine") to address concerns with the safety of the leased space being used by employees of the Sky Lodge. It was my understanding that Cloud Nine was a manager of the Sky Lodge.

4. The lease with the Gateway Center was originally signed by Cloud Nine and later assigned to Easy Street Partners, L.L.C. ("Partners).

5. I was informed in September or October of 2009 that the Sky Lodge had declared bankruptcy and that the Sky Lodge desired to have me appointed as special counsel to address the concerns with the lease in the bankruptcy proceeding.

6. At the time of the appointment I was aware that Partners was the assignee of the Gateway lease, and that I was being appointed to continue on in representing the issues related to the Gateway Center lease. At the time I was unaware of any conflict that might exist between Cloud Nine and Partners, associating Cloud Nine and Partners as the managing entities of the Sky Lodge.

7. On or about March 15, 2010, the Gateway Center filed suit against Cloud Nine for breach of the lease and asked me to accept service. After discussions with bankruptcy counsel for Partners I realized that Cloud Nine was not a co-manager of the Sky Lodge, but partial owner of Partners, and that Cloud Nine could have a claim back against Partners for contribution if Cloud Nine were required to make payments under the Gateway Center lease and if Partners' objection to Gateway Center's claim was denied.

8. The potential conflict had not come up sooner because Partners and Cloud Nine's interests were identically aligned on the issues of whether the leased space was unsafe and

2

constituted a breach of the lease, and whether the remaining rents under the lease were still owing.

9. When counsel for Gateway Center asked if I would accept service in the state court lawsuit, I indicated that I could not accept service for Cloud Nine. I then obtained a written consent, attached as Exhibit A, wherein Partners and Cloud Nine both agree that I will represent Partners in the bankruptcy only on the issues dealing with the breach of lease and nothing else. If litigation between Partners and Cloud Nine ensues, I will withdraw from representing either.

10. CBG,P.C.'s prior representation of Cloud Nine did not affect CBG,P.C.'s representation of the Debtors or of Partners in the evidentiary hearing held on April 27 and April 28, 2010. Partners felt strongly that the legitimacy of the lease was questionable, and that objecting to the claim was necessary because prevailing would aid in the process of reorganization. CBG, P.C. was hired to represent the claim on the lease and represented the interests of Partners in the evidentiary hearing.

11. There is no conflict between Partners and Cloud Nine on the issue of whether the Gateway Center breached the lease. The interests of the two parties are identically aligned in dealing with the issue of whether the leased space was safe and whether the lease had been violated.

12. That said, Partners had independent reasons to object to the claim, as the lease had been assigned to it, and it is primarily liable under the lease.

13. CBG, P.C. has never represented Bill Shoaf personally, and has never undertaken any work for him.

14. Based on the waiver and release attached, CBG,P.C. believes that it continues to meet the applicable standards for employment in this case, including the applicable rules of

3

professional responsibility and the applicable requirement of disinterestedness under section 327(e) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 17th day of May, 2010.

                    /s/ Corbin B. Gordon
                    Corbin B. Gordon (9194)
                    CORBIN B. GORDON, P.C.
                    345 West 600 South, Suite 108
                    Heber City, UT  84032
                    Telephone: (435) 657-0984
                    Facsimile: (888) 822-8796

                    Special Appointed Counsel for Debtors
                    and Debtors in Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Second Supplemental Declaration and Disclosure by Corbin B. Gordon, P.C. Pursuant to Fed. R. Bankr. P. 2014(a) was mailed postage prepaid, U.S. Mail, on the 17th day of March, 2010, to the following:

Peter J. Kuhn
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jeffrey W. Shields
Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, #1500
Salt Lake City, UT  84101


/s/  Corbin B. Gordon

# EXHIBIT A

# CONSENT AGREEMENT

This Consent is signed by and between Cloud Nine Resorts, L.L.C. ("Cloud Nine"), Easy Street Partners, L.L.C. ("Easy Street Partners"), and Corbin B. Gordon, P.C. ("Gordon").

## RECITALS

WHEREAS, Gordon was hired by Cloud Nine Resorts, L.L.C., which manages The Sky Lodge for Easy Street Partners, to represent it in breach of lease claims against The Gateway Center; and

WHEREAS, on January 9, 2009, The Gateway Center lease was assigned to Easy Street Partners, a parent company of Cloud Nine; and

WHEREAS, Easy Street Partners subsequently commenced a voluntary Chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") and desires Gordon to represent it as special counsel in the breach of lease claims; and

WHEREAS, Cloud Nine has indicated that it will consent, to the extent necessary, to Gordon's representation of Easy Street Partners, and understands that in doing so Gordon will withdraw as counsel for Cloud Nine and solely represent Easy Street before the Bankruptcy Court; and

WHEREAS, Easy Street Partners has indicated that it will consent, to the extent necessary, to Gordon's former representation of Cloud Nine.

## AGREEMENT

Based on these recitals, the parties agree as follows:

1. WAIVER OF CONFLICT AND CONSENT (CLOUD NINE): Cloud Nine consents to Gordon withdrawing as its counsel, and representing Easy Street as special counsel in the Bankruptcy Case on issues involving Easy Street Partners' lease in The Gateway Center. Cloud Nine agrees that its interests are aligned with Easy Street Partners in attempting to show that the Gateway Center has materially breached its lease, and that the salient facts in the analysis are the same for both Easy Street and Cloud Nine, and that there is no current conflict. Cloud Nine recognizes that it could have claims for contribution against Easy Street Partners if there is a determination that damages from the rejection of The Gateway Center lease remain. By signing this waiver and consent Cloud Nine represents that Gordon has only been involved with the breach of lease claims, and that Cloud Nine's potential claims against Easy Street have never been discussed with Gordon. Cloud Nine waives any and all conflict that may exist on the issue of The Gateway

1

Lease breach, and agrees to allow Gordon to represent Easy Street in the breach of lease claims in Bankruptcy Court. However, should it be determined that The Gateway Center is owed damages for the rejection of the lease, and Cloud Nine moves forward with claims against Easy Street, the parties agree that Gordon will withdraw as counsel for Easy Street and represent neither party in the ensuing litigation.

2. WAIVER OF CONFLICT (EASY STREET): Easy Street consents to Gordon's former representation of Cloud Nine's. Easy Street agrees that its interests are aligned with Cloud Nine in attempting to show that the Gateway Center has materially breached its lease. Easy Street Partners recognizes that should the claim of breach of lease fail in the Bankruptcy Case, Cloud Nine could have claims against it such as for contribution. By signing this waiver and consent it understands that Gordon has represented Cloud Nine on the breach of lease issues, and waives any and all conflict it has or may have in hiring Gordon to represent its interests as special counsel on these same issues in the bankruptcy court. Easy Street agrees that if the breach of lease claims fail before the bankruptcy court, and Cloud Nine files litigation against it, that it will hire separate counsel to represent it in the ensuing litigation.

3. AGREEMENT OF GORDON: Based on the waivers and consents set forth above, Gordon agrees to withdraw as counsel for Cloud Nine and to represent Easy Street Partners as special counsel in the Bankruptcy Case on the issues involved with The Gateway Center breach of lease claim. By withdrawing as counsel for Cloud Nine it will not accept service for it, or in any way continue to represent its interests. Gordon agrees that should the breach of lease claim fail in the bankruptcy court, and litigation ensue between Easy Street Partners and Cloud Nine, that he will withdraw as counsel and represent neither party in the ensuing litigation. By signing this agreement, Gordon represents that he has been paid in full for the work he has performed for Cloud Nine, and that all billing in the Bankruptcy Case will be sent to Easy Street Partners.

AGREED to this __26th__ day of __April__, 2010.

_____
Corbin B. Gordon, P.C.
By: Corbin Gordon
Its: President

_____
Easy Street Partners, L.L.C.
By:
Its: Court Appointed Receiver

2

_____
Cloud Nine Resorts, L.L.C.
By: Bill Shoaf
Its: Manager