Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com
Email: kotter.benjamin@dorsey.com

Richard W. Havel  (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

Attorneys for WestLB, AG

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>    Debtors.<br><br>Address:  201 Heber Avenue<br>           Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>**[ELECTRONICALLY FILED]** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WESTLB, AG TO
FEE REQUESTS AND INTERIM FEE APPLICATIONS OF PROFESSIONALS**

WestLB, AG, a secured creditor in the above-captioned case and as agent under a Senior Loan Agreement ("WestLB"),[1] by and through its counsel, hereby makes this reservation of rights (this "Reservation of Rights") to Wrona Law Firm, P.C. ("Wrona"), Jones Waldo

---

[1] Any capitalized terms not defined herein shall have the definitions set forth in the Loan Documents.

1

Holbrook & McDonough, PC, ("Jones Waldo") Crowell & Moring LLP ("C&M"), Appraisal Group, Inc. ("AGI"),[2] Corbin B. Gordon, P.C. ("Gordon"), and Durham Jones & Pinegar ("DJP", collectively with Wrona, C&M, AGI and Gordon, the "Professionals") fee requests and second interim fee applications (together with fee requests, "Payment Requests"). In support hereof, WestLB represents as follows:

1. On December 15, 2009, this Court entered an Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement Procedures ("Fee Order") [Docket No. 217] approving the motion filed by Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding", collectively with Partners and Mezzanine, the "Debtor" or "Debtors").

2. Pursuant to the Fee Order, this Court approved monthly interim compensation and reimbursement of persons or entities currently retained or who may be retained in the future by the Debtors or the Official Committee of Unsecured Creditors (the "Committee"), except for the co-manager BDRC 4Site, LLC and the consultant, Gemstone Hotels and Resorts, LLC, who are paid monthly outside the procedures approved by the Fee Order. Further to the Fee Order, the Professionals were required to file an Interim Fee Application seeking compensation for any preceding 120-day period.

3. Section (g) of the Fee Order allows for a limit on payment of fees due to insufficient funds available to the Debtor. Currently, the Debtor's cash collateral is rapidly being depleted due to the slow business season and existing accounts payables. As such, any payments to Professionals at this time would not only jeopardize the Debtor's cash reserve (and thus its ability to meet its business payment obligations) but also risk invasion of the $600,000 Set Aside which would be in violation of the Order on Stipulation Authorizing Use of Cash Collateral

---

[2] On March 29, 2010, the Court entered an order approving AGI's fees for its services in the amount of $14,300, which to date, has not been paid.

2

Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG, as amended from time to time, (the "Cash Collateral Order") [Docket No. 95]. As such, WestLB requests the Court to limit the payments made to Professionals to payment on a pro rata basis from funds paid that would not invade the $600,000 Set Aside. The balance of the fees not currently may be accrued and paid out at a later date as designated by the Court.

4.    Further, WestLB reserves the right to object to any portion of the Professionals Payment Requests and such reservation of the right to object shall not be construed as a waiver of such right.

WHEREFORE, for the reasons stated herein, WestLB objects to the payment of the Professionals' Payment Requests.

Dated this 21st day of May, 2010.

/s/ Benjamin J. Kotter
Annette Jarvis
Peggy M. Hunt
Benjamin J. Kotter
DORSEY & WHITNEY LLP

*and*

Richard W. Havel
SIDLEY AUSTIN LLP
*Attorneys for WestLB, AG*