Joseph E. Wrona (wrona@wasatchlaw.com)
WRONA LAW FIRM, P.C.
1745 Sidewinder Drive
Park City, UT 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959

Counsel for Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905 |
| | Jointly Administered with Cases |
| Debtors. | 09-29907 and 09-29908 |
| Address: 201 Heber Avenue | Chapter 11 |
| Park City, UT 84060 | |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers: | |
| 35-2183713 (Easy Street Holding, LLC), | |
| 20-4502979 (Easy Street Partners, LLC), and | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) | |

## SECOND APPLICATION OF WRONA LAW FIRM, P.C. FOR INTERIM COMPENSATION AND REIMBURSEMENT PURSUANT TO 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR THE DEBTOR IN POSSESSION POWERS FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010

Wrona Law Firm, P.C. ("Wrona Law"), co-counsel for Easy Street Partners, LLC ("Partners"), Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding") (together, Partners, Mezzanine, and Holding will be referred to as the "Debtors"), pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Fee Guidelines of the United States Trustee, hereby submits its second application (the "Application") for allowance and payment of interim compensation and reimbursement in the total amount of $34,717,50, which includes (1) interim compensation in the amount of

$34,717.50 for professional services rendered and (2) interim reimbursement in the amount of $0.00 for expenses incurred, for the period January 1, 2010 through April 30, 2010 (the "Application Period").

I.   INTRODUCTION

   A.   Case Background

   1.   The Debtors commenced these jointly-administered cases under Chapter 11 of the United States Bankruptcy Code by filing voluntary petitions on September 14, 2009 (the "Petition Date"). Each is operating its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

   2.   Partners is a limited liability company that owns and operates the Sky Lodge, a luxury boutique hotel in Park City, Utah, and related restaurants and businesses. Mezzanine owns 100% of the equity of Partners and Holding owns 100% of Mezzanine.

   3.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

   B.   Employment of Wrona Law

   1.   On October 23, 2009, the Court entered its Order Approving the Debtors' Employment of Wrona Law as Co-Counsel, effective as of September 14, 2009.

   2.   As Wrona Law disclosed in the Declaration of Joseph E. Wrona pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2014(a) and 2016(a) in Support of Debtors' Application to Employ Wrona Law as Its Counsel dated April 23, 2009, Wrona Law did not receive a retainer from Debtors in this matter.

2

3. All services performed and expenses incurred for which compensation or reimbursement is sought were performed or incurred for and on behalf of the Debtors' estates and not for any other person or entity.

4. Wrona Law has not shared or agreed to share compensation or reimbursement awarded in this case with any other person except as among the members and employees of the firm.

5. Wrona Law has not made any agreements with the Debtors or others for compensation or reimbursement relating to this case which have not been disclosed to the Court.

C. <u>Successful Steps Taken Toward Reorganization</u>. The Debtors have continue to work aggressively toward reorganization. At the beginning of the case, Partners, the operating company among the Debtors, obtained critical orders authorizing the smooth continuation of operations and negotiated and obtained approval for use of cash collateral. In November, Partners employed a co-manager, BDRC 4Site, and a consultant, Gemstone Hotels and Resorts, to assist it in preparing long-term business plan and budget, attracting investors and plan funders, and aid in improving operations. These parties have provided extremely valuable services to the Debtors, helping enable Partners, on January 15, 2010, to file a plan and disclosure statement. Partners has been in regular and consistent discussions and negotiations with its major secured lender, with the unsecured creditors committee, and with other creditor negotiations, and with potential investors. The Debtors are poised to continue taking steps necessary to move toward reorganization. Wrona Law avoided duplicating work with Durham, Jones & Pinegar or with Crowell & Moring in work related to reorganization, and all of Wrona Law's work was requested by Partners and performed with the goal of benefitting partners.

3

As part of its separate work related to Debtor's effort to reorganize, Wrona Law has worked to facilitate and maintain the complex legal relationships between Debtors' members, and between Debtor and the numerous individual owners of condominium interests in Debtor's Sky Lodge property. Wrona Law has worked with Debtor to obtain an assignment of interests held by one of Debtor's members, and Wrona Law has worked successfully to locate and introduce sources of Debtor-in-Possession and/or Exit Financing. Wrona Law has assisted Debtor in legally managing the interplay between the Jacobsen Mechanic's Lien and the condominium owners, and Wrona Law has managed local media relations for Debtor. Wrona Law has also worked efficiently to analyze and stay a landlord-tenant dispute that could otherwise have adversely impacted the rights and obligations of Partners.

D.  <u>Interim Fee Procedures</u>. On December 15, 2009, the Bankruptcy Court entered its Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement Procedures (the "Interim Fee Procedures Order"). Pursuant to the Interim Fee Procedures Order, professionals representing the Debtors' estates may file and serve monthly fee requests. In general terms, subject to amounts available for payment to estate professionals, those professionals requesting monthly payment of fees and expenses may be paid 100% of out-of-pocket expenses and up to 80% of fees on a monthly basis.

E.  <u>Payments Received by Wrona Law Pursuant to the Interim Fee Procedures</u>. Wrona Law has filed and served six (6) interim requests for payment of fees and expenses pursuant to the Interim Fee Procedures Order. For the period September 14, 2009 through March 31, 2010, Wrona Law has been paid $33,098.33. On April 12, 2010, Wrona Law filed its Fifth Interim Request for Payment of Fees and Expenses, in which its total fees and expenses for the month of March, 2010 were $4,859.50. At 100% of expenses and 80% of fees, Wrona Law

4

could be paid up to $3,887.60 on account of its Fifth Interim Request for Payment. On May 12, 2010, Wrona Law filed its Sixth Interim Request for Payment of Fees and Expenses, in which its total fees and expenses for the month of April, 2010 were $3,125.00. At 100% of expenses and 80% of fees, Wrona Law could be paid up to $2,500.00 on account of its Sixth Interim Request for Payment. Payments received by Wrona Law pursuant to the Interim Fee Procedure Order will be applied against fees and expenses allowed by the Court on account of this Application.

II.     THE PRESENT APPLICATION

    A.     <u>Billing Methodology</u>

        1.     In this Application, Wrona Law is requesting compensation for services provided and reimbursement of expenses incurred during the Application Period, January 1, 2010 through April 30, 2010. A summary of fees and expenses requested, as required by the Fee Guidelines of the United States Trustee, is attached hereto as <u>Exhibit 1</u>.

        2.     Wrona Law's services in this case are billed on an hourly-rate basis, consistent with Wrona Law's customary charges for comparably skilled and experienced practitioners in other bankruptcy and non-bankruptcy cases.

        3.     In rendering services and incurring expenses on behalf of the estate, Wrona Law makes reasonable efforts to use the most economical means and methods that are available and appropriate under the circumstances.

        4.     The education and experience of the Wrona Law attorneys providing service on behalf of the Examiner during the Application Period are detailed in the professional resumes attached as <u>Exhibit 2</u>.

5.      Given the education, experience, and expertise of the Wrona Law attorneys rendering services in this case, the rates charged are reasonable, and are the same as or lower than rates Wrona Law typically charges to clients for similar services.

B.      Services Performed on Behalf of the Estate

1.      During the Application Period, Wrona Law rendered services to the estate for which it seeks compensation in the total amount of $34,717.50. Such services are detailed in the invoices broken down by project category which are attached hereto as Exhibit 3.

C.      Reimbursement of Expenses

1.      During the Application Period, Wrona Law incurred actual and necessary expenses in the total amount of $0.00 in connection with the professional services rendered to the estates. Wrona Law does not currently charge its clients for long-distance telephone charges. Wrona Law does not currently charge its clients are for the actual expense of conference calls made through an outside service. Wrona Law does not currently charge its clients for inside copy charges. Outside copy charges are for the actual amount charged to Wrona Law by outside services. Computerized legal research is billed to clients at a discount from the actual amount charged to Wrona Law for such services. Wrona Law keeps in its files appropriate detail, including receipts, invoices, reimbursement vouchers, and other supporting information concerning the expenses incurred in this representation, and that information is available for review upon request.

2.      The expenses incurred by Wrona Law for which reimbursement in this Application is sought are consistent with the U.S. Trustee Guidelines and the rules and orders applicable in this case.

3. Wrona Law seeks to have its fees and expenses allowed in the full amount set forth in this Application.

4. Wrona Law understands that fees and expenses allowed under this Application are interim in nature and the Court may order their disgorgement at any time prior to the entry of a final order approving Wrona Law's final fee application or the end of the bankruptcy case, whichever is earlier.

5. Wrona Law has used its billing discretion and has, where appropriate, voluntarily reduced its fees and expenses consistent with the U.S. Trustee Guidelines and the prior practice of this Court.

WHEREFORE, Wrona Law prays:

1. That interim compensation and reimbursement be awarded to Wrona Law in the total amount of $34,717.50 which includes $34,717.50 for professional services rendered and $0.00 for expenses incurred during the Application Period;

2. That such amounts be allowed as priority administrative expenses of the estate in Chapter 11 pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(1);

3. That Wrona Law retain amounts paid to it pursuant to the interim requests;

4. That Wrona Law be authorized to apply the Retainer against interim compensation and reimbursement allowed by the Court;

5. That the Debtors be authorized, pursuant to 11 U.S.C. §§ 330 and 331, to pay such further allowed amounts from the estates as set forth herein.

DATED this 19th day of May, 2010.

         WRONA LAW FIRM, P.C.


        By: /s/ Joseph E. Wrona
         Joseph E. Wrona
         1745 Sidewinder Drive
         Park City, UT 84060
         Telephone: (435) 649-2525
         Facsimile: (435) 649-5959


        Co-Counsel for the Debtors and Debtors
        in Possession

## CERTIFICATE OF SERVICE

I hereby certify that on this ~~19~~ 24th day of May, 2010 I caused to be delivered via first class mail, postage-prepaid, a true and correct copy of the foregoing document upon the following:

Troy J. Aramburu
Lon A. Jenkins
Jeffrey Weston Shields
Jones Waldo Holbrook & McDonough, PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101

Easy Street Holding, LLC
4780 Winchester Court
Park City, Utah 84098

Easy Street Mezzanine, LLC
4780 Winchester Court
Park City, Utah 84098

Easy Street Partners, LLC
4780 Winchester Court
Park City, Utah 84098

Michael V. Blumenthal
Steven B. Eichel
Bruce J. Zabarauskas
Crowell & Moring, LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Kenneth L. Cannon, II
Steven J. McCardell
Jessica G. Peterson
Durham Jones & Pinegar
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, Utah 84110-4050

9

                Scott A. Cummings
              Mary Margaret Hunt
               Annette W. Jarvis
              Benjamin J. Kotter
            Dorsey & Whitney LLP
    136 South Main Street, Suite 1000
          Salt Lake City, Utah 84101


                      /s/  Brian Joyce

10