Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted *pro hac vice*)
Steven B. Eichel (seichel@crowell.com) (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al.* | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:    201 Heber Avenue | ) | Chapter 11 |
|                   Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

## SECOND APPLICATION OF CROWELL & MORING LLP FOR
## INTERIM COMPENSATION AND REIMBURSEMENT PURSUANT TO
## 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR DEBTORS IN POSSESSION
## FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010

Crowell & Moring LLP ("C&M"), attorneys for Easy Street Partners, LLC ( "Partners"),

Easy Street Mezzanine, LLC ("Mezzanine"), and Easy Street Holding, LLC ("Holding," together

with Mezzanine and Partners, the "Debtors") pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule

of Bankruptcy Procedure 2016, and the Fee Guidelines of the United States Trustee, hereby

submits its second application (the "Application") for allowance and payment of interim

compensation and reimbursement of expenses in the total amount of $680,381.69, which

includes (i) interim compensation in the amount of $653,025.50 for professional services

rendered[1] and (ii) interim reimbursement in the amount of $27,356.19 for expenses incurred, for

the period January 1, 2010 through April 30, 2010 (the "Second Application Period").[2]

II.    INTRODUCTION

     A.    Case Background

        1.    The Debtors commenced these cases under chapter 11 of the United States

Bankruptcy Code by filing voluntary petitions on September 14, 2009 (the "Petition Date"). The

Debtors are operating the business as debtors in possession pursuant to 11 U.S.C. §§ 1107 and

1108.

        2.    The Debtors are limited liability companies and affiliates of one another.

Partners, which own the real estate and improvements constituting the Sky Lodge in Park City,

Utah, is 100% owned by Mezzanine. Holding is the 100% owner and managing member of

Mezzanine.

        3.    The Sky Lodge is a luxury boutique hotel located in the middle of historic

Main Street in Old Town Park City. It is an ultra stylish resort hotel offering all of Park City's

---

1 The $653,025.50 includes a reduction of $8,870 (50% of $17,740) in C&M's time charges relating to non-working travel.
2 Substantially all of the services rendered relates in whole or in part to Partners.

amenities plus a restaurant offering both casual and fine dining, a bar and lounge, the spa

Amatsu, and meeting and event venues and more.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      Employment of C&M

5.      By order dated October 22, 2009, the Court granted the Debtors'

application authorizing the retention and employment of C&M as counsel to Debtors, effective as

of September 14, 2009.

6.      As C&M disclosed in the Declaration of Michael V. Blumenthal in

support of Debtors' application to employ C&M as its counsel dated September 23, 2009

[Docket No. 61], C&M was initially retained pursuant to a retainer agreement dated August 26,

2009, (the "Retention Agreement") by the Debtors to evaluate the restructuring alternatives

available to the Debtors' debts and a potential chapter 11 filing.  On August 24, 2009, C&M

received $50,000 from Philo Smith, one of the managers of Holding.  Subsequently, C&M

entered into an amended retention agreement (the "Amended Retention Agreement"), pursuant to

which Philo Smith wired $25,000 to C&M on September 10, 2009, and $50,000 to C&M on

September 11, 2009.  As of the Petition Date, C&M utilized $117,834.16 in connection with

counseling and the preparation of the Debtors' bankruptcy filing.  The remaining $7,165.84 was

held as a retainer (the "Retainer") for C&M's representation of the Debtors in their

reorganization cases, and subsequently applied as permitted pursuant to this Court's order dated

October 22, 2009 approving the retention of C&M.

3

7.    As C&M disclosed in the Supplemental Statement and Disclosure of Compensation of Crowell & Moring LLP, counsel for the Debtors, on October 23, 2009, C&M received an additional $75,000 from Philo Smith, Jr., a co-manager of the Debtors and the representative of the Philo Smith, Jr. Trust, a 10% member of Holding.

8.    The $7,165.84 Retainer and the $75,000 postpetition payment totaling $82,165.84 has been applied to C&M's fees in the amount of $76,068.00 and to C&M's expenses in the amount of $6,097.84, for the period from September 14, 2009 through November 30, 2009.

9.    In addition to the above non-Debtor payments, the Debtors paid C&M $204,264.94 in fees and $16,099.33 in expenses (totaling $220,364.27) for the period September 14, 2009 through November 30, 2009, pursuant to order dated December 14, 2009 allowing monthly payment of fees and expenses.

10.    On January 29, 2010, C&M filed its first interim fee application (the "First Interim Fee Application") seeking $477,377.00 for professional services rendered and $20,900.70 for reimbursement of expenses totaling $498,277.70.  By order dated April 1, 2010 (the "First Interim Fee Application Order"), this Court awarded C&M (i) interim compensation in the amount of $470,877 for professional services rendered and (ii) interim reimbursement of expenses in the amount of $20,900.70.

11.    In sum and in accordance with the First Interim Fee Application Order, $302,530.11 was paid to C&M, and was applied against the fee award.

12.    During the Second Application Period, C&M has received an additional $324,960.19 in fees and $20,784.55 in reimbursement of expenses on the following dates:

4

|  | February 9, 2010 | March 2, 2010 | April 16 2010 | May 25, 2010 |
|---|---|---|---|---|
|  |  |  |  |  |
| Fees | $83,473.43 | $84,296.88 | $84,349.97 | $72,839.91 |
| Expenses | $5,419.72 | $5,817.36 | $4,948.91 | $4,598.56 |
| Total | $88,893.15 | $90,114.24 | $89,298.88 | $77,438.47 |

13.     Based on the above, as of May 28, 2010 C&M has received a total of

$324,960.19 for payment of its fees and $20,784.55 for reimbursement of its expenses, against a

total of $653,025.50 for fees and $27,356.19 for reimbursement of expenses incurred during the

Second Application Period.

14.     Thus, as of May 28, 2010, the current amount of unpaid fees and expenses

to C&M for the Second Application Period is $328,065.31 and $6,571.64, respectively.

15.     All services performed and expenses incurred for which compensation or

reimbursement is sought were performed or incurred for and on behalf of the estate and not for

any other person or entity.

16.     C&M has not shared or agreed to share compensation or reimbursement

awarded in this case with any person except as among the members and employees of the

firm.

17.     C&M has not made any agreements with the Debtors or others for

compensation or reimbursement relating to this case which have not been disclosed to the Court.

C.     Successful Steps Taken Toward Reorganization.

17.     Since the commencement of these bankruptcy cases, the Debtors have

taken deliberate actions to ensure that Partners is able to continue operating the SkyLodge Hotel

and emerge from bankruptcy, including (i) negotiating a cash collateral stipulation with WestLB

5

AG ("WestLB"), its secured lender, to continue operating the SkyLodge Hotel during the

bankruptcy cases, (ii) obtaining extensions of the Debtors' exclusive periods, (iii) working with

Debtors' management and BDRC 4 Site, LLC ("BDRC") to attract plan funders to facilitate

Partners' exit from chapter 11, (iv) filing a plan and an amended plan of reorganization and

accompanying disclosure statements to exit from bankruptcy, (v) litigating the BayNorth

Adversary Proceeding (defined below), (vi) negotiating with WestLB and the Official Committee

of Unsecured Creditors (the "Committee") terms of an acceptable plan of reorganization, and

(vii) advising the Debtors on various legal issues as they arise.  C&M has also worked closely

with the Debtors' co-counsel, Durham Jones & Pinegar ("DJP") and the Debtors' consultant

BDRC on various matters in these cases.

18.     Thus, as a result of the efforts of C&M, Partners has made tremendous

progress toward reorganization in a difficult economic environment.

II.     THE PRESENT APPLICATION

A.     <u>Billing Methodology</u>

19.     In this Application, C&M is requesting compensation for services

provided and reimbursement of expenses incurred during the Second Application Period, January

1, 2010 through April 30, 2010.  A summary of fees requested, as required by the Fee Guidelines

of the United States Trustee, is attached hereto as Exhibit 1.  A summary of the expenses

incurred, broken down by type of expense, is attached as Exhibit 2.

20.     C&M's services in this case are billed on an hourly-rate basis, consistent

with C&M's customary charges for comparably skilled and experienced practitioners in other

bankruptcy and non-bankruptcy cases.

6

21.     In rendering services and incurring expenses on behalf of the estate, C&M makes reasonable efforts to use the most economical means and methods that are available and appropriate under the circumstances.

22.     The education and experience of the C&M attorneys principally providing services on behalf of the Debtors during the Second Application Period are detailed in the professional resumes attached as Exhibit 3.

23.     Given the education, experience, and expertise of the C&M attorneys rendering services in this case, the rates charged are reasonable, and are the same as or lower than rates C&M typically charges to clients for similar services.

B.     Services Performed on Behalf of the Estate

24.     During the Second Application Period, C&M rendered services to the estate for which it seeks compensation in the total amount of $653,025.50.[3]  Such services are detailed in the invoices broken down by project category which are attached hereto as Exhibit 4 through Exhibit 7.

25.     C&M has categorized the time spent performing services for the Debtors' estates into the following project categories.  C&M has performed no services in certain categories.

| C&M Matter No. | Matter Name |
| --- | --- |
| 0000001 | General Advice |
| 0000002 | Automatic Stay |
| 0000003 | Case Administration |
| 0000004 | Claims Administration |
| 0000005 | Creditor Meetings/Statutory Committee |

---

3 The blended hourly rate for C&M professionals and paraprofessionals in this case is $547.33.  This was derived by dividing the $653,025.50 sought by the 1,193.1 hours of services rendered by C&M.

| | |
|---|---|
| 0000006 | Executory Contracts/Leases |
| 0000007 | Financing |
| 0000008 | 2004 Exams |
| 0000009 | BayNorth Litigation |
| 0000010 | Other Litigation |
| 0000011 | Real Estate |
| 0000012 | Reorganization Plan/Disclosure Statement |
| 0000013 | Reports & Schedules/First Day Motions |
| 0000014 | Retention/Fee Matters |
| 0000015 | Secured Claims (WestLB) |
| 0000016 | Secured Claims (Jacobsen) |
| 0000017 | Secured Claims (BayNorth) |
| 0000018 | U.S. Trustee Matters (341 Meetings) |
| 0000019 | Non-Billable Travel |
| 0000020 | Corporate Issues |

26.     The totals of the fees sought in this Application for services in the various

project categories are as follows:

| MATTER NO. | MATTER NAME | AMOUNT |
|---|---|---|
| 0000001 | General Advice | $1,377.00 |
| 0000002 | Automatic Stay | $0 |
| 0000003 | Case Administration | $4,657.00 |
| 0000004 | Claims Administration | $45,279.50 |
| 0000005 | Creditor Meetings/Statutory Committee | $0 |
| 0000006 | Executory Contracts/Leases | $747.00 |
| 0000007 | Financing | $28,550 |
| 0000008 | 2004 Exams | $2,473.00 |
| 0000009 | BayNorth Litigation | $159,350.00 |
| 0000010 | Other Litigation | $422.00 |
| 0000011 | Real Estate | $213.00 |
| 0000012 | Reorganization Plan/Disclosure Statement | $295,319.50 |
| 0000013 | Reports & Schedules/First Day Motions | $0 |
| 0000014 | Retention/Fee Matters | $34,436.50 |
| 0000015 | Secured Claims (WestLB) | $33,195.00 |
| 0000016 | Secured Claims (Jacobsen) | $4,402.00 |
| 0000017 | Secured Claims (BayNorth) | $19,601.00 |
| 0000018 | U.S. Trustee Matters (341 Meetings) | 0 |

8

| 0000019 | Non-Billable Travel | $8,870.00[4] |
| 0000020 | Corporate Issues | $14,128.00 |
| | TOTAL: | $653,025.50 |

C.     Summary of Services in Each Project Category

27.     A summary of the nature of each project category, a table indicating the names, billing rates, hours spent, and total amounts billed during the Second Application Period as to each C&M professional and paraprofessional in each project category, and a synopsis of the work performed during the Second Application Period in each project category (except where the services rendered was de minimis) is provided in separate paragraphs below.  A detailed description of the services rendered in each project category are set forth in the invoices attached hereto as Exhibits 4 through 7.

28.     General Advice

a.     This project category is for services relating to general advice in the Debtors' cases.

b.     During the Second Application Period, the following C&M professionals and paraprofessional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 1.3 | $923.00 |
| Steven B. Eichel (SE) | Counsel | $575.00 | .4 | $230.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $560.00 | .4 | $224.00 |
| TOTAL HOURS: | | | 2.1 | $1,377.00 |

c.     During the Second Application Period, C&M provided advice to the Debtors regarding, among other things, plan, status of proceedings and case strategy.

---

4 The $8,870 represents 50% of the actual time spent traveling to and from Salt Lake City, Utah.

9

d.      This is a general category and other services relating to these issues have been allocated to and are set forth in other categories, in instances where there is no exact category for the services rendered.

29.   Case Administration

a.      This project category is for services relating to case administration.

b.      During the Second Application Period, the following C&M professionals and paraprofessional provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | .7 | $497.00 |
| Steven B. Eichel (SE) | Counsel | $560.00 | .9 | $504.00 |
| Bruce J. Zabarauskas (BJ) | Counsel | $560.00 | 1.6 | $896.00 |
| Stella Leung (SL) | Paralegal | $240.00 | 11.5 | $2,760.00 |
| TOTAL HOURS: | | | 14.7 | $4,657.00 |

c.      During the Second Application Period, C&M committed time to case administration matters typical of the time necessarily expended in any Chapter 11 case. In particular, C&M professionals and paraprofessionals devoted time during the Second Application Period to (i) retrieving various pleadings from the Court's docket, (ii) organizing documents, (iii) updating case calendar and files, and (iv) internal conferences and conferences with client and co-counsel regarding status and strategy.

30.   Claims Administration

a.      This project category is for time spent for services related to addressing claims issues in the Debtors' cases.

b.    During the Second Application Period, the following C&M

professionals and paraprofessional provided services to the Debtors' estates in this project

category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 9.2 | $6,532.00 |
| Steven B. Eichel (SE) | Counsel | $560.00 | 51.7 | $28,952.00 |
| Bruce Zabarauskas (BZ) | Counsel | $560.00 | .4 | $224.00 |
| Vivian Arias (VA) | Associate | $395.00 | 5.7 | $2,251.50 |
| Stella Leung (SL) | Paralegal | $240.00 | 30.5 | $7,320.00 |
| TOTAL HOURS: | | | 97.5 | $45,279.50 |

c.    During the Second Application Period, C&M worked on various

claim related issues, including, but not limited to the following:

(i)    reviewing and analyzing the claims asserted against
Partners, including those filed by (a) Park City I LLC and
(b) the owners of the fractional units;

(ii)    preparing various charts and summaries analyzing the
claims filed against Partners;

(iii)    reviewing and analyzing the proof of interest filed by
BayNorth in Partners' bankruptcy case;

(iv)    communicating with each other, co-counsel and debtor
regarding claims asserted in these cases and analysis of
these claims;

(v)    preparing various objections, including objections to (a)
duplicate and late filed claims, (b) Gunther's Comfort Air
claim, and (c) BayNorth's proof of interest;

(vi)    working on Gateway litigation, including (i) preparing
objections to Gateway Center claim, including (a)
reviewing the Gateway claim, (b) analyzing the basis for
objection to the Gateway claim (including researching
warranty of habitability and covenant of quiet enjoyment),
(c) reviewing the expert's report, and (d) communicating
with special counsel (C. Gordon) regarding objecting to the

11

Gateway claim, (ii) revising draft reply to Gateway's opposition to objection to its claim, and (iii) assisting special counsel in preparing for trial on Gateway claim, including analyzing various evidentiary issues, reviewing and revising opening and closing statements and direct examination of witnesses;

(vii)   preparing objection to homeowner's claims and motion to temporarily allow their claims in a reduced amount for voting purposes only, including reviewing homeowner's claims in connection with preparing objection to these claims; and

(viii)  reviewing and executing a stipulation resolving the treatment and amount of Sysco's claim.

31.   <u>Executory Contracts/Leases</u>

a.   This project category is for services related to executory contracts and unexpired leases.

b.   During the Second Application Period, the following C&M professionals provided services to the Debtors' estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Steven Eichel (SE) | Counsel | $560.00 | .7 | $392.00 |
| Michael V. Blumenthal (MVB) | Partner | $710.00 | .5 | $355.00 |
| TOTAL HOURS: | | | 1.2 | $747.00 |

c.   During the Second Application Period, C&M (i) conferred with each other and Debtors' management regarding the Zoom lease and other executory contracts and (ii) communicated with co-counsel and the Debtors regarding contracts to be assumed and rejected. To the extent that counsel reviewed executory contracts in connection with preparing the Plan Supplement, the time related to these services are included under the category "Plan/Disclosure Statement."

32.    <u>Financing</u>

a.    This project category is for services relating to financing the

Debtors' operations during the bankruptcy cases and exiting from bankruptcy.

b.    During the Second Application Period, the following C&M

professionals and paraprofessional provided services to the estates in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| William M. O'Connor (WMO) | Partner | $725.00 | 11.6 | $8,410.00 |
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 27.9 | $19,809.00 |
| Steven B. Eichel (SE) | Counsel | $560.00 | .60 | $336.00 |
| TOTAL HOURS: | | | 40.1 | $28,555.00 |

c.    During the Second Application Period, C&M spent time on

financing issues.  In particular, C&M devoted time to, among other things, (i) communicating

with Debtors and their advisors regarding (a) plan funding, (b) a letter of intent ("LOI") and

negotiating with original plan funder, (c) alternative financing structures for plan, and status of

alternative plan funding, (f) a new alternative plan funder and LOI from the new alternative plan

funder; (ii) communicating with WestLB regarding status of negotiations with plan funder and

funding of plan; and (iii) communicating and negotiating with the new alternative plan funder

regarding terms of alternative funding.

33.    <u>2004 Exams</u>

a.    This project category is for services related to the Bankruptcy Rule

2004 examinations (the "Rule 2004 Exam") of David Wickline ("Wickline").

b.    During the Second Application Period, the following C&M

professionals provided services to the Debtors' estates in this project category:

13

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 2.3 | $1,633.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $560.00 | 1.5 | 840.00 |
| TOTAL HOURS: | | | 3.8 | $2,473.00 |

c.        During the Second Application Period, C&M (i) communicated with Wickline's counsel and arranged for an interview and production of documents by Wickline (who was one of the officers of one of the Debtors' managers prior to the Petition Date) in lieu of the Rule 2004 Exam, and (ii) prepared for and conducted the interview of Wickline in lieu of the Rule 2004 Exam.

34.    BayNorth Litigation

a.        This project category is for services relating to the Debtors' adversary proceeding commenced by the Debtors against BayNorth Realty Fund VI, LP ("BayNorth").

b.        During the Second Application Period, the following C&M professionals and paraprofessionals logged time in this project category:

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 21.5 | $15,265.00 |
| Bruce Zabarauskas (BZ) | Counsel | $560.00 | 205.1 | $114,856.00 |
| Shamiso Maswoswe (SM) | Associate | $430.00 | 15.9 | $6,837.00 |
| Caitlin FitzRandolph (CF) | Associate | $395.00 | 12.8 | $5,056.00 |
| Vivian Arias (VA) | Associate | $395.00 | 4.6 | $1,817.00 |
| Jasmine Velaquez (JV) | Associate | $295.00 | 1.7 | $501.50 |
| Matthew Brown (MB) | Associate | $280.00 | 1.3 | $364.00 |
| Cristhian Cabezas (CC) | Associate | $280.00 | 2.5 | $700.00 |
| Serge Kernisan (SK) | Associate | $300.00 | 25.8 | $7,740.00 |
| Darrick Latimer (DL) | Associate | $280.00 | 1.0 | $280.00 |
| Michael Peloquin (MP) | Associate | $280.00 | 5.0 | $1,400.00 |
| Jonathan Anastasia (JA) | Associate | $270.00 | 2.0 | $540.00 |
| Stella Leung (SL) | Paralegal | $240.00 | 15.7 | $3,768.00 |

| Celeste Hernandez (CH) | Paralegal | $205.00 | 1.1 | $225.50 |
|---|---|---|---|---|
| TOTAL HOURS: | | | 316.0 | $159,350.00 |

         c.      During the Second Application Period, C&M devoted a significant amount of time in connection with the adversary proceeding (the "BayNorth Adversary Proceeding") commenced on September 15, 2009, by the Debtors against BayNorth focusing on the disbursement of $5,600,000 by WestLB from the Real Estate Sales Account to BayNorth (the "BayNorth Transfer"). In connection with the BayNorth Adversary Proceeding, C&M rendered various services, including, but not limited to, the following:

      (i)       researching claims to be asserted against BayNorth and related issues (including usury issues and breach of fiduciary duty);

      (ii)      communicating with BayNorth's counsel regarding Rule 26(f) conferences and entering into a confidentiality agreement in connection with discovery;

      (iii)     communicating with each other and Debtors' principals regarding, among other things, litigation strategy, objection to BayNorth's proof of interest, and numerous discovery related issues, including but not limited to (a) discovery schedules, (b) strategy, (c) Wickline response to discovery, and (d) document production;

      (iv)     drafting discovery, including (a) preparing document requests and interrogatories to BayNorth, (b) reviewing answer to the BayNorth Complaint in connection with preparing discovery requests, (c) drafting several subpoenas to WestLB, Taylor Capital, Merrit & Harris, Prime Group, and Wickline, (d) drafting document requests to Merrit & Harris;

      (v)      reviewing BayNorth's proof of interest and researching law in connection with objecting to same;

      (vi)     preparing scheduling order;

      (vii)    reviewing documents to be produced for discovery;

15

(viii)    producing documents to BayNorth and reviewing
documents from BayNorth and various parties in excess of
100,000 pages in total;

(ix)    responding to BayNorth's interrogatories and drafting
objections to BayNorth's document request;

(x)    reviewing various objections and responses to Partners'
discovery;

(xi)    communicating with WestLB's counsel regarding
documents to be produced and confidentiality agreement;

(xii)    reviewing BayNorth confidentiality agreement and motion
to approve same;

(xiii)    researching case law regarding motion to compel
production of documents;

(xiv)    compiling and organizing information for discovery and
coordinating the production of documents; and

(xv)    preparing for and attending deposition of Merrit & Harris.

35.    Reorganization Plan/Disclosure Statement

a.    This project category is for services relating to (i) the extension of

the Debtors' exclusive periods and (ii) drafting Partners' plans of reorganization and

accompanying disclosure statements.

b.    During the Second Application Period, the following C&M

professionals and paraprofessional provided services to the Debtors' estates in this category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Howard M. Weinman | Partner | 785.00 | 1.5 | $1,177.50 |
| Michael V. Blumenthal (MVB) | Partner | 710.00 | 223.1 | $158,401.00 |
| Steven B. Eichel (SE) | Counsel | 560.00 | 175.6 | $98,336 |
| Bruce J. Zabarauskas (BZ) | Counsel | 560.00 | 41.8 | $23,408.00 |
| Vivian Arias (VA) | Associate | 395.00 | 21.4 | $8,453.00 |
| Stella Leung (SL) | Paralegal | 240.00 | 23.1 | $5,544.00 |

16

| TOTAL HOURS: | | | 486.5 | $295,319.50 |
| --- | --- | --- | --- | --- |

c.      On January 12, 2010, the Bankruptcy Court signed the order

("Exclusivity Order") extending (i) Partners exclusive period to file a plan of reorganization

through January 15, 2010 and to solicit acceptances of such plan, any amended plans of

reorganization or any amendments thereto through March 31, 2010, and (ii) the time for

Mezzanine and Holding to file a plan to March 15, 2010 and to solicit acceptances of such

plan(s) to May 14, 2010.

d.      Subsequently, C&M drafted a motion to extend the exclusive

period for Mezzanine and Holding to file their plan of reorganization and solicit acceptances

thereto.  By order dated March 25, 2010, this Court extended the exclusive period for Mezzanine

and Holding to file a plan of reorganization through and including June 14, 2010, and the

exclusive period for them to solicit acceptances of such plan through and including August 12,

2010.

e.      Partners filed two additional motions to extend its exclusive

solicitation period.  By order dated March 30, 2010, the Court extended Partners' exclusive

solicitation period to May 17, 2010.  On April 21, 2010 C&M filed the second motion to extend

Partners' exclusive period to solicit acceptances of its plan or any amendments thereof.  By order

dated May 27, 2010, the Court extended Partners' exclusive period to solicit acceptances of its

plan of reorganization through June 11, 2010.

f.      C&M also spent a significant amount of time researching and

strategizing regarding proposed plans of reorganization.  C&M then drafted a plan of

reorganization and disclosure statement.  On January 15, 2010, Partners filed a plan and an

accompanying disclosure statement. On February 17, 2010 (as revised on February 25, 2010),

Partners filed an amended plan and an accompanying disclosure statement. By order dated

February 25, 2010, the Court approved the amended disclosure statement. In order to file these

plans and disclosure statements, C&M attorneys:

(i)     communicated with each other, co-counsel, DJP, and the
        Debtors and their advisors regarding status and strategy,
        classification issues, sources of funding, plan (and plan
        supplement) and disclosure statement and related issues,
        fixing the value of the Sky Lodge Hotel, solicitation issues,
        plan negotiations and related strategy, plan funding issues
        (including alternate funding sources, funding agreement
        issues and negotiating with plan funder), alternate
        structures to plan and strategy, restructuring the loan,
        ballots and voting;

(ii)    communicated and conducted negotiations with counsel to
        WestLB, including issues related to terms of plan, plan
        supplement and exclusivity, alternate plan funding, cash
        collateral stipulation, and discovery;

(iii)   communicated with counsel to Jacobsen, counsel to the
        Committee, and potential plan funders regarding the terms
        of a plan of reorganization and related issues;

(iv)    drafted plans of reorganization and analyzed related issues
        including, but not limited to (a) solicitation issues, (b)
        classification issues, and (c) indubitable equivalence in
        connection with cramdown;

(v)     drafted disclosure statements and analyzed related issues
        including, but not limited to, reviewing claims;

(vi)    reviewed and revised the LOI proposed by Strategic Capital
        Partners ("SCP");

(vii)   communicated with counsel to SCP regarding: (a) funding
        of plan, (b) form of agreements, (c) structure of reorganized
        debtor under plan, (d) management of reorganized debtor,
        and (e) negotiating funding agreement;

18

(viii)   communicated with Committee counsel regarding plan, plan negotiations and treatment of unsecured creditors under plan, and resolution of disclosure statement issues;

(ix)   communicated with plan funder regarding deal points, documentation, structure of funding agreement and treatment of unsecured creditors under plan;

(x)   drafted numerous documents, including (i) form of ballot and (ii) order approving disclosure statement;

(xi)   reviewed and analyzed objections to disclosure statement and drafted reply to same;

(xii)   prepared for and attended hearing to approve amended disclosure statement;

(xiii)   drafted motion to fix value of the Sky Lodge and researched related issues;

(xiv)   prepared proffer of valuation expert in connection with valuation hearing;

(xv)   attended valuation hearing telephonically;

(xvi)   reviewed and revised valuation order;

(xvii)   reviewed and revised draft of proposed Newco Management operating agreement and funding agreement;

(xviii)   analyzed issues in connection with a memorandum in support of confirmation;

(xix)   work on issues regarding plan supplement and commence drafting same;

(xx)   communicated with various counsel regarding exclusivity treatment of claims under plan;

(xxi)   created and updated chart summarizing voting; and

(xxii)   reviewed letter of intent from alternate plan funder.

36.   Retention/Fee Matters

a.      This project category is for services relating to retention of

professionals and other fee related matters.

b.      During the Second Application Period, the following C&M

professionals provided services to the Debtors' estates.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 10.4 | $7,384.00 |
| Steven Eichel (SE) | Counsel | $560.00 | 28.0 | $15,680.00 |
| Lawrence Brenner (LB) | Associate | $455.00 | 1.1 | $500.50 |
| Stella Leung (SL) | Paralegal | $240.00 | 45.3 | $10,872.00 |
| TOTAL HOURS: | | | 84.8 | $34,436.50 |

c.      During the Second Application Period, C&M committed time to

retention and fee matters.  In particular, C&M professionals devoted time to the following:

(i)      preparing first interim fee application and monthly interim
         fee application;

(ii)     reviewing and redacting privileged information from
         C&M's time detail in connection with drafting monthly
         interim fee applications;

(iii)    reviewing Gemstone agreement and responding to issues
         regarding Gemstone monthly fees;

(iv)     reviewing monthly fee requests of counsel for the
         Committee and WestLB;

(v)      drafting letter objecting to WestLB fees;

(vi)     drafting letter regarding termination of Gemstone;

(vii)    review Committee counsel fees; and

(viii)   drafting correspondence to debtor regarding payment of
         professional fees.

20

37.    Secured Claims (WestLB)

a.    This project category is for services relating to secured claim of

WestLB.

b.    During the Second Application Period, the following C&M

professionals provided services to the Debtors' estates in this category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 34.2 | $24,282.00 |
| Steven Eichel (SE) | Counsel | $560.00 | 15.1 | $8,456.00 |
| John Bricker (JB) | Counsel | $530.00 | .5 | $265.00 |
| Stella Leung (SL) | Paralegal | $240.00 | .80 | $192.00 |
| TOTAL HOURS: | | | 50.6 | $33,195.00 |

c.    During the Second Application Period, C&M professionals

devoted time to this category.  In particular, C&M devoted time to the following:

(i)    reviewing order approving extended cash collateral
stipulation;

(ii)    communicating with Debtors' management and WestLB
regarding draw requests under Cash Collateral Stipulation;

(iii)    analyzing WestLB's proof of claim and draft memo
regarding same;

(iv)    communicating with Committee counsel in connection with
its adversary proceeding against WestLB and reviewing the
Committee's complaint against WestLB;

(v)    communicating with each other and Debtors' management
regarding WestLB's claim and basis for objection to claim;

(vi)    communicating with Debtors, co-counsel and their advisors
regarding strategy, meeting with WestLB, review of 2010
and 5 year business plan, extension of cash collateral
stipulation, termination of Gemstone, and letter of intent
with alternate plan funder, and WestLB fees;

(vii)    communicating with counsel to WestLB regarding (a) Committee complaint against WestLB, (b) negotiation of WestLB treatment in plan of reorganization, (c) WestLB's proof of claim, (d) negotiations with plan funder, (e) letter of intent, (f) negotiating term sheet, (g) budgets, (h) status of case and alternatives to plan, and (i) cash collateral stipulation;

(viii)   reviewing memo from WestLB regarding its claims;

(ix)     reviewing draw requests;

(x)      reviewing 2010 and 5 year business plan;

(xi)     reviewing and revising WestLB's term sheet regarding restructured loan; and

(xii)    communicating with plan funder regarding WestLB's term sheet for restructured loan.

38.      Secured Claims (Jacobsen)

a.       This project category is for services relating to secured claim of Jacobsen.

b.       During the Second Application Period, the following C&M professionals provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 6.2 | $4,402.00 |
| TOTAL HOURS: | | | 6.2 | $4,402.00 |

c.       During the Second Application Period, C&M devoted time with respect to the secured claim of Jacobsen.  In particular, C&M

(i)      communicated with Debtors regarding the treatment of Jacobsen's claim under the plan of reorganization;

(ii)    communicated with Jacobsen's counsel regarding treatment of Jacobsen's claim under plan and cash collateral stipulation; and

(iii)    revised Article 5.2 of plan concerning Jacobsen's treatment and reviewed emails from Jacobsen and WestLB regarding form of cash collateral stipulation.

39.    Secured Claims (BayNorth)

a.    This project category is for services relating to claim of BayNorth.

b.    During the Second Application Period, the following C&M

professionals provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 1.5 | $1,065.00 |
| Steven B. Eichel (SE) | Counsel | $560.00 | .2 | $112.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $560.00 | 32.9 | $18,424.00 |
| TOTAL HOURS: | | | 34.6 | $19,601.00 |

c.    During the Second Application Period, C&M devoted time with

respect to BayNorth's proof of interest.[5]  In particular, C&M professionals:

(i)    researched and analyzed issues relating to BayNorth and affirmation of plan of reorganization;

(ii)    researched basis to object to BayNorth's proof of interest and standing;

(iii)    drafted objection to BayNorth's proof of interest;

(iv)    communicated with each other regarding BayNorth's proof of interest, valuation motion, strategy, and Charles Flint deposition;

(v)    prepared notice of deposition for BayNorth in connection with objection to proof of interest and prepared for deposition of C. Flint;

---

5 Some of the services rendered that relate to the BayNorth proof of interest may be included in the category of "BayNorth Litigation."

(vi)    drafted valuation motion to fix value of Sky Lodge Hotel in connection with determining BayNorth's potential interest in Partners;

(vii)   reviewed BayNorth's response to objection to proof of interest;

(viii)  drafted response in further support of objection to proof of interest; and

(ix)    attended hearing on motion to strike BayNorth's proof of interest.

40.    Non-Billable Travel

a.    This project category is for services relating to travel to Salt Lake City and Park City, Utah.

b.    During the Second Application Period, the following C&M professionals provided services to the Debtors' estates in this project category.

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 10.0 | $7,100.00 |
| Bruce J. Zabarauskas (BZ) | Counsel | $560.00 | 19.0 | $10,640.00 |
|  |  |  | 29.0 | $17,740.00 |

c.    During the Second Application Period, C&M traveled to Utah for various meetings with the Debtors' principals and to attend hearings on various matters set forth above.  C&M reduced the time allotted to non-billable travel to 50% of the actual time charges to $8,870, which amount is reflected in the summary on page 8.

41.    Corporate Issues

a.    This project category is for services related to corporate issues.

b.    During the Second Application Period, the following C&M professionals provided services to the Debtors' estates in this project category.

24

| Name/Initials | Title/Office | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Robert G. Frucht (RGF) | Partner | $730.00 | 6.0 | $4,380.00 |
| Michael V. Blumenthal (MVB) | Partner | $710.00 | 6.4 | $4,544.00 |
| Neeti Sundaresh (NS) | Associate | $430.00 | 11.0 | $4,730.00 |
| Vivian Arias (VA) | Associate | $395.00 | 1.2 | $474.00 |
| TOTAL HOURS: | | | 24.6 | $14,128.00 |

c.      During the Second Application Period, C&M professionals, among

other things, (i) researched Delaware limited liability law, (ii) communicated with each other

regarding Shoaf's employment agreement, (iii) communicated with the Debtors and their counsel

regarding Wickline issues, tax returns, and Shoaf's employment agreement in connection with he

plan of reorganization; and (iv) drafted Shoaf's employment agreement in connection with plan

of reorganization.

D.      Reimbursement of Expenses

42.      During the Second Application Period, C&M incurred actual and

necessary expenses in the total amount of $27,356.19 in connection with the professional

services rendered to the Debtors' estates.  A summary showing the break-down of total expenses

by type of expense is set forth on Exhibit 2.

43.      Specifically, inside copy charges are $.20 per page.  Outside copy charges

are for the actual amount charged to C&M by outside services.  Computerized legal research is

billed to clients at the actual amount charged to C&M for such services.  C&M keeps in its files

appropriate detail, including receipts, invoices, reimbursement vouchers, and other supporting

information concerning the expenses incurred in this representation, and that information is

available for review upon request.

44.     The expenses incurred by C&M for which reimbursement in this

Application is sought are consistent with the U.S. Trustee Guidelines and the rules and orders

applicable in this case.

45.     C&M seeks to have its fees and expenses allowed in the full amount set

forth in this Application.

46.     C&M understands that fees and expenses allowed under this Application

are interim in nature and the Court may order their disgorgement at any time prior to the entry of

a final order approving C&M's final fee application or the end of the bankruptcy case, whichever

is earlier.

47.     C&M has used its billing discretion and has, where appropriate,

voluntarily reduced its fees and expenses consistent with the U.S. Trustee Guidelines and the

prior practice of this Court.

WHEREFORE, C&M requests:

1.     That interim compensation and reimbursement be allowed and awarded to

C&M in the total amount of $680,381.69 which includes $653,025.50 for professional services

rendered and $27,356.19 for expenses incurred during the Second Application Period;

2.     That such amounts be allowed as priority administrative expenses of the

estate in Chapter 11 pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(1); and

3.      That the Debtors be authorized, pursuant to 11 U.S.C. §§ 330 and 331, to

pay such further allowed amounts from the estates as set forth herein.

DATED:  New York, New York
        May 28, 2010

CROWELL & MORING LLP

By:    /s/ Michael V. Blumenthal
       Michael V. Blumenthal (mblumenthal@crowell.com)
          (admitted pro hac vice)
       Steven B. Eichel (seichel@crowell.com)
          (admitted pro hac vice)
       590 Madison Avenue, 20th Floor
       New York, NY  10022
       Telephone:  (212) 223-4000
       Facsimile:  (212) 223-4134
       Counsel for Debtors and Debtors in Possession

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of May, 2010, I caused to be served a copy of

SECOND APPLICATION OF CROWELL & MORING LLP FOR INTERIM

COMPENSATION AND REIMBURSEMENT PURSUANT TO 11 U.S.C. §§ 330 AND 331 AS

ATTORNEYS FOR DEBTORS IN POSSESSION FOR THE PERIOD JANUARY 1, 2010

THROUGH APRIL 30, 2010 via ECF notification and/or first-class mail, postage prepaid on the

following:

**Troy J. Aramburu**   taramburu@joneswaldo.com, sglendening@joneswaldo.com;
rbush@joneswaldo.com

**Scott A. Cummings**   cummings.scott@dorsey.com

**George B. Hofmann**   gbh@pkhlawyers.com, dh@pkhlawyers.com

**Mary Margaret Hunt**   hunt.peggy@dorsey.com, brown.patricia@dorsey.com;
smith.ron@dorsey.com; slc.lit@dorsey.com

**Annette W. Jarvis**   jarvis.annette@dorsey.com, smith.ron@dorsey.com;
slc.lit@dorsey.com; brown.patricia@dorsey.com

**Lon A. Jenkins**   lajenkins@joneswaldo.com, krichardson@joneswaldo.com;
ecf@joneswaldo.com; rhuot@joneswaldo.com

**Michael R. Johnson**   mjohnson@rqn.com, sglendening@rqn.com; docket@rqn.com

**Anthony C. Kaye**   kaye@ballardspahr.com, swand@ballardspahr.com

**Benjamin J. Kotter**   kotter.benjamin@dorsey.com, smith.ron@dorsey.com;
brown.patricia@dorsey.com; slc.lit@dorsey.com

**David E. Leta**   dleta@swlaw.com, wsmart@swlaw.com

**Adelaide Maudsley**   maudsley@chapman.com, jemery@chapman.com

**John T. Morgan tr**   john.t.morgan@usdoj.gov, james.gee@usdoj.gov

**David W. Overholt**   doverholt@rsolaw.com, abachman@rsolaw.com

28

**Douglas J. Payne**    dpayne@fabianlaw.com, jshowalter@fabianlaw.com

**Knute Rife**    karife@rifelegal.com

**Jeffrey L. Shields**    jlshields@cnmlaw.com, njpotter@cnmlaw.com

**Jeffrey Weston Shields**    jshields@joneswaldo.com, rhuot@joneswaldo.com

**Bradley L. Tilt**    btilt@fabianlaw.com, rmellor@fabianlaw.com

**United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

**Kim R. Wilson**    bankruptcy_krw@scmlaw.com


Easy Street Partners, LLC
Easy Street Mezzanine, LLC
Easy Street Holding, LLC
Attn:  William Shoaf
4780 Winchester Court
Park City, UT  84098-7528

Michael V. Blumenthal
Crowell & Moring
590 Madison Avenue, 20th Floor
New York, NY  10022

Richard W. Havel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013


_/s/ Michelle Montoya_

29

# EXHIBIT 1

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000/Fax:  (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted *pro hac vice*)
Steven B. Eichel (seichel@crowell.com) (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000/Fax:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et. al.* ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors ) | 09-29907 and 09-29908 |
| ) | |
| Address:   201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |

## SUMMARY REQUIRED BY UNITED STATES TRUSTEE GUIDELINES

| | | |
|---|---|---|
| Fees Previously Requested: | $477,377 | NAME OF APPLICANT: |
| Fees Previously Paid: | $470,877[6] | Crowell & Moring LLP |
| | | |
| Expenses Previously Requested: | $20,900,70 | ROLE IN THE CASE: |
| Expenses Previously Paid: | $20,900.70[7] | Counsel for Debtor in Possession |

---

6  Of this amount, $76,068 was paid to C&M by a third party.
7  Of this amount, $6,097.84 was paid to C&M by a third party.

Retainer Paid:                              $0 [8]    CURRENT APPLICATION: SECOND

                                                     Fee Requested                    $653,025.50
                                                     Expenses Requested               $27,579.52

| NAME OF PROFESSIONAL/ PARALEGAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Howard M. Weinman | 1973 | 1.5 | $785.00 | $1,177.50 |
| Robert G. Frucht | 1998 | 6.0 | $730.00 | $4,380.00 |
| William O'Connor | 1981 | 11.6 | $725.00 | $8,410.00 |
| Michael V. Blumenthal | 1981 | 355.70 | $710.00 | $248,997.00 |
| **COUNSELS** | | | | |
| Steven Eichel | 1989 | 273.2 | $560.00 | $152,998.00 |
| Bruce J. Zabarauskas | 1988 | 302.9 | $560.00 | $164,304.00 |
| John Bricker | 1982 | .5 | $535.00 | $265.00 |
| **ASSOCIATES** | | | | |
| Lawrence Brenner | 2004 | 1.1 | $455.00 | $500.50 |
| Neeti Sundaresh | 2006 | 11.0 | $430.00 | $4,730.00 |
| Shamiso Maswoswe | 2008 | 15.9 | $430.00 | $6,837.00 |
| Vivian Arias | 2007 | 32.9 | $395.00 | $12,995.50 |
| Caitlin FitzRandolph | 2008 | 12.8 | $395.00 | $5,056.00 |
| Jonathan Anastasia | 2009 | 2.00 | $270.00 | $540.00 |
| **PRACTICE TECHNOLOGY ANALYST/SPECIALIST** | | | | |
| Serge Kernisan | N/A | 25.8 | $300.00 | $7,740.00 |
| Jasmine Valazquez | N/A | 1.7 | $295.00 | $501.50 |
| Darrick Latimer | N/A | 1.0 | $280.00 | $280.00 |
| Matthew Brown | N/A | 1.3 | $280.00 | $364.00 |
| Cristhian Cabezas | N/A | 2.5 | $280.00 | $700.00 |
| Michael Pelopuin | N/A | 5.0 | $280.00 | $1,400.00 |
| **PARAPROFESSIONALS** | | | | |
| Stella Leung | N/A | 127.6 | $240.00 | $30,624.00 |

8  No retainer was paid to C&M during the Second Application Period.

| Celeste Hernandez | N/A | 1.1 | $205.00 | $225.50 |
| TOTAL | | | | **$653,025.50**[9] |

---

9  This is the total amount of fees for services rendered after reducing the amount sought by $8,870.00 for time charges relating to non-working travel.

# EXHIBIT 2

## DISBURSEMENTS
### (1/1/2010- 4/30/2010)

| | |
|---|---:|
| Postage | $224.19 |
| Express Delivery | $303.00 |
| Local Transportation10 | $1,102.86 |
| Computer Research | $9,854.30 |
| Pacer Service | $999.84 |
| In house Duplicating | $2,268.40 |
| Hotel | $2,084.11 |
| Travel Meals | $348.42 |
| Other Travel Expenses | $417.00 |
| Witness Fee | $190.00 |
| Meals | $189.89 |
| Messenger Service | $125.39 |
| Auto Rental | $359.17 |
| Facsimile | $22.65 |
| Air Fare11 | $5,850.90 |
| Long Distance Telephone | $1,417.82 |
| Administrative Overtime | $1,428.75 |
| Overtime Meals | $111.35 |
| Miscellaneous | $58.15 |
| | |
| **TOTAL** | $27,356.19 |

10 Local travel is comprised of (i) transportation to the airport and (ii) local cabs for attorneys working late at night.

11 Michael Blumenthal and Bruce Zabarauskas traveled to Utah for hearings and with respect to production of documents in connection with the BayNorth Adversary Proceeding.

# EXHIBIT 3

**Michael V. Blumenthal** is a bankruptcy partner at Crowell & Moring LLP and is a member of C&M's Financial Service Group.  In corporate reorganization and bankruptcy areas, he has represented various parties, including, but not limited to, debtors, secured and unsecured creditors, creditors' committee and landlords.  He has extensive experience negotiating and litigating the issues pertinent to financially troubled corporations, portfolios, and assets, and is routinely involved in restructurings, divestitures, and acquisitions, and serving the needs of financial institutions, indenture trustees, investors, and official creditors' committees.

In the course of his career, Mr. Blumenthal has provided legal representation in a number of complex cases and transactions on behalf of institutions and publicly traded companies throughout the United States. Among Mr. Blumenthal's more noteworthy engagements are those involving Sharon Steel, Frontier Airlines, Scott Cable, Caldor, K-Mart, and Adelphia, where he represented clients such as General Electric Capital Corporation, NBC/Universal, R. D. Management Group, and Victor Posner.

Mr. Blumenthal also has extensive experience in real estate finance, representing institutions such as General Electric Capital Corporation and an array of real estate entrepreneurs.

**Steven B. Eichel** is a counsel in the New York office of Crowell & Moring LLP. With broad experience as a corporate restructuring attorney representing large corporate debtors in bankruptcy cases, Mr. Eichel is a member of the bankruptcy and restructuring team within C&M's Financial Services Group.  Mr. Eichel concentrates his practice on a broad range of bankruptcy matters, including bankruptcy litigation and the acquisition of assets in bankruptcy cases. He has extensive experience representing large chapter 11 debtors, financial institutions, lenders, unsecured creditors, and liquidating trustees on a variety of insolvency-related matters across diverse sectors, such as chemicals, supermarkets, waste management, manufacturing and retail.

**Bruce Zabarauskas** is a counsel in Crowell & Moring's New York office.  Mr. Zabarauskas is a member of the firm's Financial Services Group, and regularly represents clients in the financial services industry. Bruce's litigation experience in this area ranges from the representation of institutional clients in commercial real estate foreclosure actions to the representation of debtors and creditors in Chapter 11 bankruptcy proceedings. He also has substantial experience litigating corporate breach of fiduciary issues at both the trial and appellate court levels. Bruce is the author of numerous articles on federal bankruptcy law and has been retained as an expert witness in connection with a multitude of bankruptcy related issues.

**Vivian Arias** is an associate in the firm's New York office. She is a member of the Financial Services group, where her practice includes the representation of financial institutions in transactions involving commercial or asset-based lending, loan portfolio sales and acquisitions, loan restructuring, workouts, related litigation and bankruptcy. Her practice also focuses on civil and commercial litigation.

**Stella Leung**, born New York City, Education: St. John's University (B.S. Legal Assistant).  Ms Leung has been a paralegal since 1994.