Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

*Counsel to Unsecured Creditors' Committee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | : | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | : | Chapter 11 |
| | : | Honorable R. Kimball Mosier |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORIZATION TO EMPLOY VICI CAPITAL PARTNERS AS RESTRUCTURING ADVISOR

The Official Committee of Unsecured Creditors (the "**Committee**") of Easy Street Partners LLC, by and through its duly-elected Chairman, Craig Elliott, hereby applies, pursuant to Sections 328, 1102 and 1103 of the United States Bankruptcy Code, Title 11, United States Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization to employ

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

933844.1

Vici Capital Partners ("**Vici**") as its plan and restructuring advisor and respectfully represents as follows:

## BACKGROUND

1. On September 14, 2009, Easy Street Partners LLC, Debtor and Debtor-in-Possession (the "**Debtor**") (in conjunction with the other two debtors in this jointly administered action), filed a Petition for Relief under Section 301 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"). No trustee or examiner has been appointed in this case, and the Debtor continues to manage its properties and operate its businesses under Sections 1104 and 1105 of the Bankruptcy Code.

2. On October 2, 2009, the United States Trustee constituted the Committee in this case with the following members: Elliott Workgroup Architecture, LLC; Millcreek Consulting; Gateway Center, LLC; Klehr Harrison Harvey Branzburg & Ellers, LLP; Goodrich and Thomas, CPAs; and Shaner Design, Inc.

3. On October 7, 2010, the Committee selected Jones Waldo Holbrook & McDonough PC ("**Jones Waldo**"). Two of its attorneys, Jeffrey Weston Shields and Lon A. Jenkins, have acted as co-lead counsel on the engagement.

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**EMPLOYMENT OF VICI**

5. The members of the Committee are a representative mix of unsecured creditors of the Debtor holding claims, for example, for legal services, accounting services, design, architectural and management fees. The Committee's members hold approximately $400,000 to $500,000 of prepetition claims, representing a substantial portion of the Debtor's total scheduled non-insider unsecured debt. All of the Committee's members are listed among the Debtor's 20 largest unsecured creditors.

6. The Committee has abundant incentive to participate actively in the Debtor's bankruptcy case, to give the Court an independent and informed second opinion, and to represent well the interest of all of the Debtor's unsecured creditors. As the case has evolved and as deadlines have come and gone, it now appears the Committee cannot participate effectively without the assistance of an experienced turnaround advisor. Vici is a Salt Lake City based turnaround leadership, restructuring and financial advisory firm. A copy of Vici's firm brochure is attached as Exhibit "A". Some of Vici's members have been employed by major restructuring and investment advisory firms included but not limited to McKinsey & Co., Smith Barney and DLJ. It has experience and competence in a wide variety of turnaround issues, including most of those issues which are likely to arise in connection with this case.

7. Particularly, the Committee has been carefully analyzing and evaluating the proffered (and withdrawn or failed) plan funding proposals from the Debtor, and discussing alternative creditor and particularly lender-lead plans. The Committee requires the services of an experienced financial advisor to deal with financial constituencies in the case, and to aid its

efforts in analyzing the Debtor's complex operations and capital structure, and providing the financial underpinnings for either a plan or the analysis of plans which are submitted.

8. Vici has stated its desire, willingness and ability to act in this case as a financial advisor for the Committee. The Committee understands that Mr. Robert Moon and Mr. Mark Crockett will be primarily responsible for the engagement with the Committee in this case. Vici has, pursuant to the proposed Engagement Letter attached as Exhibit "B", agreed to perform this work for a flat $35,000.00 fee for the first month of work, and $300.00 per hour for work thereafter. However, the Committee expects the bulk of needed work will occur in the first month. The Committee and its counsel believe, based on research into and knowledge regarding financial advisory services, these fees to be highly reasonable particularly with the experience and background of Mr. Moon and Mr. Crockett. Vitaes of Mr. Crocket and Mr. Moon in particular are attached as cumulative Exhibit "C".

9. The employment of Vici is appropriate and necessary to enable the Committee to execute faithfully its duties under Section 1103 of the Bankruptcy Code. Its employment is also in the best interest of the Committee, its constituency, the estate and its creditors.

10. Subject to further order of this Court, the Committee proposes that the services provided by Vici would include the following:

    a. Assessing the issues and ramifications of any plan of reorganization presented by the Debtors or any alternative plans presented by other creditors in the case;

    b. Developing and determining the feasibility of an alternative plan, including the potential of an equity participation by creditors in the new capital structure;

    c. Assisting the Committee in the formulation and presentation of an alternative plan;

   d. Leading Committee efforts to identify alternative sources of financing in connection with any plan;

   e. Representing the Committee in negotiation with Debtors and other parties with respect to all of the foregoing;

   f. Providing testimony in Court on behalf of the Committee with respect to any of the foregoing, if necessary.

  11. The Committee understands that Vici hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Committee after the Petition Date.

  12. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, proposes that Vici should be paid by the Debtor's estate at the flat fee proposed and that the estate should reimburse Vici for its actual and necessary out-of-pocket costs.

  13. Vici has advised the Committee of its connections with other parties-in-interest in this case, if any.  None were identified.

### REQUEST FOR APPROVAL OF THE ENGAGEMENT OF VICI

  14. The Committee hereby requests, pursuant to Sections 328, 1102 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, that the Court authorize the employment of Vici, under a general retainer and flat fee as stated in the attached proposed Engagement Letter as the Committee's financial and turnaround advisor in this Chapter 11 case.

933844.1               5

WHEREFORE, the Committee, by and through its Chairman and duly elected counsel, respectfully request entry of an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

DATED this __3__ day of June, 2010.

                CHAIRMAN, Official Committee of Unsecured
                Creditors of Easy Street Partners LLP

                By _____
                Craig C. Elliott
                Committee Chair