# EXHIBIT B



Turnaround Leadership,
Restructuring & Financial Advisory

Boise
Los Angeles
Salt Lake City

May 20, 2010

The Official Committee (the "Committee") of Unsecured Creditors of Easy Street Partners LLC and its affiliated debtors and debtors-in-possession ("Debtors") in the care of the Chair of the Committee

Attention: Mr. Craig Elliott, Committee Chair
c/o Jeff Shields, Esquire
170 So. Main Street, Suite 1500
Salt Lake City, UT 84101-1644

Dear Mr. Elliott:

This letter ("Letter") confirms the terms and conditions under which the Committee has engaged Vici Capital Partners, LLC's ("Vici"), to provide financial advisory services to the Committee in connection with the Debtors' bankruptcy cases (the "Cases") currently pending in the U.S. Bankruptcy Court for the District of Utah (the "Court").

1. **Services.** Pursuant to its engagement by the Committee, Vici services ("Services") will consist of, if appropriate and requested by the Committee, the following activities:

   a. Assessing the issues and ramifications of any plan of reorganization presented by the Debtors or any alternative plans presented by other creditors in the Cases;

   b. Developing and determining the feasibility of an alternative plan, including the potential of an equity participation by creditors in the new capital structure;

   c. Assisting the Committee in the formulation and presentation of an alternative plan;

   d. Leading Committee efforts to identify alternative sources of financing in connection with any plan;

   e. Representing the Committee in negotiations with Debtors and other parties with respect to the foregoing;

   f. Providing testimony in court on behalf of the Committee with respect to any of the foregoing, if necessary.

Mr. Craig Elliott, Chairman
The Official Committee of Unsecured Creditors of
Easy Street Partners LLC
May 20, 2010
Page 2 of 5

2. **Fees & Expenses.** In consideration of Vici's acceptance of this engagement and performance of services pursuant to this Agreement, the Debtors shall pay the following:

   a. Fixed Fee. Vici will be paid a fixed fee ("Fixed Fee") of $35,000. The Fixed Fee will be due on the date of approval of this Agreement by the Court.

   b. Retainer. Upon approval of the Court, the Debtors shall pay Vici a retainer ("Retainer") of $35,000. The Retainer will be applied toward the payments due and payable to Vici under this Agreement.

   c. Hourly Fees. If additional work is required by the committee after the Engagement Period (as defined in Section 8), Vici will be paid a rate for services provided of $300.00 per hour.

   d. Success Fee. In addition to other fees provided herein, Vici shall be paid an additional fee in cash by the Debtors in an amount equal to the greater of (x) 4.0% of new capital or financing arranged by Vici in connection with a plan of a reorganization presented or endorsed by the Committee and approved by the Court and (y) $200,000. The success fee will be paid to Vici even if the date of the financing and funding of the plan of reorganization is beyond the Engagement Period.

   e. Expenses. Vici shall promptly be reimbursed for all reasonable out-of-pocket expenses incurred in connection with its engagement, including but not limited to travel, research, postage, telecommunication, and any legal expenses incurred in connection with this engagement. Vici will submit monthly invoices for the Committee for review and approval.

Vici acknowledges that this engagement and its fees are subject to approval by the Court and that payment will be made by debtor in accordance with the local rules for the Bankruptcy Court and any orders that may be entered by the Court in this case related to the compensation of professionals. Neither the Committee, its members nor the Committee's counsel will have any responsibility for payment of Vici's fees/costs. All payments to Vici will be made from the Chapter 11 bankruptcy estate of Easy Street Partners, LLC.

3. **Engagement Team.** The professional leading Vici efforts in this engagement will be:

   Robert Moon, Managing Director

   949-500-2700 rmoon@vicicp.com

   In addition, Managing Directors Mark Crockett and Jerry Sturgill will be available and used as necessary to help complete the work.

4. **Information.** The Committee shall use all reasonable efforts to cause the Debtors (i) to provide Vici with access to management and other representatives of the Debtor, as reasonably requested by Vici and (ii) to furnish all data, material, and other information concerning the business, assets, liabilities, operations, cash flows, financial condition and prospects of the Debtors that Vici reasonably requests in connection with the

Mr. Craig Elliott, Chairman
The Official Committee of Unsecured Creditors of
Easy Street Partners LLC
May 20, 2010
Page 3 of 5

services to be performed hereunder. Vici shall rely without independent verification on the accuracy and completeness of the information furnished by or on behalf of the Debtors or Committee or is otherwise reviewed by Vici.

5. **Confidential Information.** Each party agrees to protect the other party's Confidential Information in a reasonable and appropriate manner and in accordance with any applicable professional practices or Court orders and to use and reproduce the Confidential Information only to perform its obligations under the Agreement. Confidential Information is any information disclosed to the recipient under circumstances that would lead a reasonable person to understand that such information is confidential or proprietary in nature except for information that i) is or becomes generally available in the public without breach by recipient of its confidentiality obligations, ii) is received by recipient from a third party without restriction against disclosure, iii) was known by the recipient without restriction prior to disclosure, iv) is independently developed by recipient without use of discloser's confidential information, or v) is publicly disclosed pursuant to any legal requirement or order, or pursuant to any rule or regulation of any stock exchange or national quotation system, governing either the recipient or the disclosing party.

6. **Changes to Services.** Changes to the Services must be agreed to by Vici and Client and will not be considered effective unless and until both parties agree as to the impact of the requested change on the cost, timing or any other aspect of the services in this Agreement.

7. **Indemnification and Standard of Care.** As a material part of the consideration for the agreement of Vici to furnish its services to the Committee under this Agreement, the Debtors shall (i) indemnify and hold harmless Vici and its affiliates, and their respective past, present and future directors, officers, shareholders, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to this Agreement, Vici's engagement under this Agreement, any transaction or any actions taken or omitted to be taken by an Indemnified Party, Committee, any member of the Committee or the Debtors in connection with this Agreement and (ii) reimburse each Indemnified Party for all expenses (including, without limitation, the fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling or compromising any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person (including, without limitation, any shareholder or derivative action), arising out of or relating to the formulation of any plan of reorganization for the Debtors, this Agreement, or such engagement, transaction or actions. However, the Debtors shall not be liable under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party. Neither Vici nor any other Indemnified Party shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Committee, the Debtors or any person or entity asserting claims related to or arising out of this Agreement, Vici's engagement

Mr. Craig Elliott, Chairman
The Official Committee of Unsecured Creditors of
Easy Street Partners LLC
May 20, 2010
Page 4 of 5

under this Agreement, any transaction, or any actions taken or omitted to be taken by an Indemnified Party, the Debtors or the Committee in connection with this Agreement, except for losses, claims, damages or liabilities incurred by the Committee and/or the Debtors which are finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party, and no Indemnified Party shall have any liability whatsoever to any other person or entity. The indemnity, reimbursement, and other obligations and agreements of the Committee and the Debtors set forth herein (i) shall apply to any services provided by Vici in connection with this engagement prior to the date hereof and to any modifications of this Agreement, (ii) shall be in addition to any obligation or liability which such parties may otherwise have to any Indemnified Party, (iii) shall remain operative and in full force and effect regardless of any investigation made by or on behalf of such parties or any Indemnified Party or any person controlling any of them, and (iv) shall survive the completion of the services described in, and any expiration or termination of the relationship established by, this Agreement.

8. **Engagement Period.** Vici shall be engaged by the committee for a term of one month effective as of the date the Committee's application for employment is granted by the Court. The rights and obligations set forth in Sections 2, 5, 7, 8, 9 and 10 shall survive the Engagement Period. . Notwithstanding the expiration of this Agreement, Vici shall be entitled to full payment by the Debtors of the Success Fee described in this Agreement. After conclusion of the work contemplated herein or expiration of this Agreement, for so long as Client and Vici are actively negotiating a new agreement for Vici's provision of services to Client that are substantially similar to those provided under this Agreement, the provisions of this Agreement, including any payment terms, shall apply to such services provided by Vici prior to the finalization of such new agreement.

9. **Governing Law.** This Agreement and the rights and duties of the parties hereunder shall be governed by, and construed in accordance with, the law of the State of Utah.

10. **Notice.** All notices or other communications required or desired to be sent to either party shall be in writing and sent by first class mail, postage prepaid, by next-day courier or facsimile (if to Vici or electronic mail of to Client), to the attention of the person below, at the address shown below or to the facsimile number or electronic address shown below. Either party may change such addresses, facsimile number or electronic address by written notice to the other party. Notice shall be effective on the fifth (5th) business day after mailing, on the first (1st) day after the date of sending via next-day courier, or on the date of transmission if sent by facsimile or electronic mail (provided that notice shall be effective on the first business day following the date of transmission if transmission is effected on a non-business day).

Vici:    Attn: Mark Crockett
         Managing Director
         4336 S. Wander
         Salt Lake City, UT 84124
         Facsimile: 801-365-7858

Mr. Craig Elliott, Chairman
The Official Committee of Unsecured Creditors of
Easy Street Partners LLC
May 20, 2010
Page 5 of 5


        Email: mcrockett@vicicp.com

Client:    Official Committee of Unsecured Creditors
        c/o Jeff Shields, Esquire
        Jones, Waldo, Holbrook and McDonough
        170 So. Main Street, Suite 1500
        Salt Lake City, UT 84101-1644
        Facsimile:
        email: jshields@joneswaldo.com

11. **Assignment.** Neither party shall assign this Agreement, by operation of law or otherwise, without prior written consent of the other party. Any assignment in violation of this provision shall be deemed null and void.

12. **Entire Agreement**. This Letter represents the entire agreement between Vici and the Committee regarding this engagement, supersedes all other oral, written or electronic communications between the parties concerning this agreement, and shall be binding on and inure to the benefit of the parties and their respective successors and permitted assigns. This agreement has been entered into solely between the Committee and Vici, and no third-party beneficiaries are created hereby.

Please indicate your acceptance of this Agreement by signing and returning this Letter to us. We look forward to working with you in this project. Please contact us with any questions regarding this Agreement or the project.

Sincerely yours,


VICI CAPITAL PARNTERS, LLC


By: _____        Date: _____

Mark Crockett

Managing Director


AGREED AND ACKNOWLEDGED:


By: _____        Date: _____

Craig Elliott
Chairman of the Official Committee of Unsecured Creditors
Easy Street Partners and affiliated debtors and debtors-in-possession