Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

*Counsel to Unsecured Creditors' Committee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | Chapter 11 |
| | Honorable R. Kimball Mosier |

**DECLARATION OF MARK A CROCKETT IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF VICI CAPITAL PARTNERS AS RESTRUCTURING ADVISOR TO COMMITTEE**

I, Mark A. Crockett, declare and state as follows:

1. I have personal knowledge of all matters stated herein and am competent to testify regarding the same.

2. I am a managing member of Vici Capital Partners, LLC ("**Vici**").  A copy of my vitae is attached as Exhibit A.

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

933855.1

3. Vici specializes in the business of turnaround leadership, restructuring and financial advisory work for companies and enterprises in various circumstances including, but not limited to, Chapter 11 reorganizations.

4. The Official Committee of Unsecured Creditors ("**Committee**") has requested Vici to act as its financial, turnaround and restructuring advisor with respect to this case.

5. Vici has agreed to provide such services to the Committee according to the terms contained in the proposed Engagement Letter attached hereto.

6. Vici understands that various plans and disclosure statements have been filed by the Debtor and that certain financing proposals have been made although no plan has been confirmed.

7. The proposed length of the Committee's proposed employment of Vici is initially for one (1) month and then for such additional the time as is necessary to develop and implement the tasks described below.

8. Payment to Vici is proposed as a $35,000.00 fixed fee which shall be paid to Vici as a retainer from the Estate upon approval of Vici's employment. If additional work is required by the Committee after the engagement period (which is defined in Section 8 of the Engagement Letter as one month), Vici will be paid a rate for services provided at $300.00 per hour. In addition to other fees provided in the Engagement Letter, Vici shall be paid an additional fee in cash by Debtors in an amount equal to the greater of 4% of new capital or financing arranged by Vici in connection with the plan of reorganization presented or endorsed or supported by the Committee and approved by the Court or $200,000.00. The success fee will be paid to Vici even

if the date of financing and funding of the plan of reorganization is beyond the Engagement Period. In addition, Vici shall be promptly reimbursed for all reasonable out-of-pocket costs incurred in connection with the engagement included, but not limited to, travel, research, postage, telecommunication, and any legal expenses incurred in connection with this engagement. Vici will submit monthly invoices to the Committee for review and approval.

9. Vici acknowledges that the engagement and its fees are subject to approval by the Court and that payment will be made by the Debtor in accordance with the local rules of the Bankruptcy Court and any orders that may be entered by the Court in this case related to the compensation of professionals. Neither the Committee, its members, nor the Committee's Counsel will have any responsibility for payment of Vici's fees and costs. All payments to Vici will be made from the Chapter 11 bankruptcy estate of Easy Street Partners LLC.

10. The retainer, cost reimbursement and success fees proposed in the Engagement Letter are consistent with the terms of employment that Vici requires in connection with offering its services to non-debtor clients. Moreover, the amounts proposed herein are consistent with industry norms for the amounts charged by other firms and individuals offering the same type of advisory services to be supplied by Vici to the Committee.

11. I have reviewed the list of Creditors and parties in interest that the Debtor has prepared in its bankruptcy schedules filed in the bankruptcy case.

12. Vici: (a) does not represent or hold any interest adverse to the Debtors or the Estate; (b) has not and does not represent any of the known creditors of the Estate or parties in interest; and (c) does not represent any other party in interest adverse to the Estate, including but

not limited to, the United States Trustee or any person employed in the office of the United States Trustee.

13. Except on condition of further disclosure and authorization by this Court, Vici will not undertake to represent or advise any Creditors of the Debtor in connection with any purchase or sale of assets or otherwise advise such parties during the period of its employment in this case.

14. Vici understands that its employment is subject to the approval of this Court and that the compensation paid, or promised to be paid, is subject to the Court's discretion under 11 USC § 328(a) to allow compensation different from the compensation provided under the terms of the Engagement Letter if such terms prove to have been improvident in light of unanticipated developments in the case.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3 day of June, 2010.

Vici Capital Partners LLC

By: _____
Mark A. Crockett
Managing Director

4

933855.1