Jeffrey W. Shields (USB #2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

*Counsel to Unsecured Creditors' Committee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 09-29905 |
| **EASY STREET HOLDING, LLC et al.,**[1] | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | Chapter 11 |
| | Honorable R. Kimball Mosier |

### ORDER AUTHORIZING EMPLOYMENT OF RESTRUCTURING ADVISOR TO THE COMMITTEE

This matter came before the Court on the Application of The Official Committee of Unsecured Creditors for Employment of Financial Advisor (the "Application") which was supported by the Declaration of Mark A. Crockett in support thereof (the "Crockett Declaration"). The Application came for hearing before the Court on shortened notice on June ___, 2010 at the hour of _____ o'clock, the Honorable R. Kimball Mosier, Bankruptcy Court Judge, presiding. Appearances were noted on the record.

---

[1] The Debtor entities are Easy Street Holding, LLC, Easy Street Partners, LLC, and Easy Street Mezzanine, LLC.

933845.1

Having considered the Application, and the Declaration, and exhibits thereto and arguments of counsel and evidence, if any presented, and having determined that the notice of the Application is proper, that further notice of a hearing regarding the Application is not required, and that the proposed financial advisor is disinterested and qualified to provide financial advisory services to the Committee, it is hereby

ORDERED that the Committee is hereby authorized to employ Vici Capital Partners, LLC as its financial advisor according to the terms set forth in the Application, the proposed Engagement Letter and subject to the Court's discretion under 11 U.S.C. § 328(a) to allow compensation different from the compensation provided under the terms of the Application and Engagement Letter if such terms proved to have been improvident in light of unanticipated developments in the case.

END OF DOCUMENT

933845.1