Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | **Bankr. Case No. 09-29905**<br><br>Jointly Administered with Bankr. Case Nos. 09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

## WESTLB, AG'S NOTICE OF SUBPOENAS

WestLB, AG, through counsel, hereby provides prior notice of the attached subpoenas to:

1. CloudNine Resorts, LLC;

2. CloudNine ResortClubs, LLC;

3. CloudNine Resort – SRR Management, LLC;

4. CloudNine Resorts – Sky Lodge Management, LLC; and

5 William Shoaf

These subpoenas will be issued pursuant to Federal Rule of Civil Procedure 45(b)(1)

made applicable in this matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

DATED this 4th day of June, 2010.

DORSEY &WHITNEY, LLP

_/s/ Benjamin J. Kotter_____
Annette Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY AUSTIN LLP
*Attorneys for WestLB, AG*

# UNITED STATES BANKRUPTCY COURT
### District of Utah

| In re:<br><br>**EASY STREET HOLDING, LLC, _et al._,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>Park City, Utah 84060 | **SUBPOENA DUCES TECUM**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |
|---|---|

**To: CloudNine Resorts, LLC**
    **William Shoaf, Authorized Agent**
    **4780 Winchester Ct.**        **OR**        **2041 Sidewinder Dr. No. 4**
    **Park City, Utah 84098**                **Park City, Utah 84068**

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | Date and time:  : |

☑ **YOU ARE COMMANDED** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable in this matter by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, to designate one or more officers, directors, managing agents or other persons who shall appear on your behalf at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case regarding the acquisition and any subsequent transfer of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises.

| PLACE OF TESTIMONY<br>**Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | DATE AND TIME<br>**Monday, June 14, 2010 at 10:00 a.m.**<br>**(Mountain)** |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Exhibit A.**

| PLACE<br>**Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | DATE AND TIME<br>**On or before 3:00 p.m.,**<br>**Friday, June 11, 2010** |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>June 4, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 SOUTH MAIN STREET; SUITE 1000; SLC UTAH 84101; 801-933-7360

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                      DATE                                    SIGNATURE OF SERVER



_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

### DEFINITIONS

A.   "Address" means the present or last known street name and number, city or town, state and zip code.

B.   "And" and "or" are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests any document or information that might otherwise be construed to be outside its scope.

C.   "Any" means one or more.

D.   "Case" means the above-captioned jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Utah.

E.   "Communication" or "Communications" means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

F.   "Debtor" means Easy Street Partners, LLC together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, subsidiaries, BDRC and Gemstone in BDRC and Gemstone's capacity as manager, co-manager, adviser or consultant to Easy Street.

G.   "Document" or "documents" means anything discoverable under Rule 34 of the Federal Rules of Civil Procedure and is used in the broadest and most liberal sense permitted by the Federal Rules of Civil Procedure. As used herein, "document" or "documents" means all written, printed or recorded matter of any kind, whether printed or recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, books, records, reports, correspondence, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications, in-person or telephone communications, interviews, or meetings), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, recorded or printed matter of any

kind, including, but not limited to, any information contained in any computer although not yet in printed form in the possession, custody or control of you, your agents, attorneys or any other persons or entity purporting to act on your behalf, or any other and all other data compilations from which information can be obtained and translated if necessary. This definition includes drafts of all "documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate document for purposes of the requests set forth herein.

     H.     "Identify," "identity," or "identification" means, when used in reference to:

          1)     a natural person, his or her: (i) full name; (ii) last known home address; (iii) last known business address; and (iv) present or last known position, business affiliation, and job title or description.

          2)     a company, corporation, association, partnership, or any legal entity other than a natural person: (i) its full name; (ii) a description of the type of organization or entity; (iii) the address of its principal place of business; (iv) the jurisdiction of its incorporation or organization; and (v) the date of its incorporation or organization.

          3)     a document: (i) its description (for example, letter, memorandum, report, etc.); (ii) its title; (iii) its date; (iv) the number of pages thereof; (v) its subject matter; (vi) the identity of its author, signer, and any person who participated in its preparation; (vii) the identity of its addressee or recipient; (viii) the identity of each person to whom copies were sent and each person by whom copies were received; (ix) its present location; and (x) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

          4)     an oral communication: (i) the date and time when it occurred; (ii) the place where it occurred; (iii) the complete substance of the communication; (iv) the identity of each person to whom such communication was made, by whom such communication was made; and who was present when such communication was made; and (v) the identity of all documents memorializing, referring or related in any way to the subject matter of the communication.

     I.     "Including" means including but not limited to.

     J.     "Person" means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

     K.     "Relate," "related," "relating to," "related to," and "regarding" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

     L.     "You" or "your" means CloudNine Resorts, LLC, a Utah limited liability company.

## **INSTRUCTIONS**

1.      You are requested to produce all documents available to you, and to your agents, representatives, attorneys, and employees, in answering the following Requests.  If you know of responsive documents which are not available to you, your agents, representatives, attorneys and/or employees, please state the name and address of every person in possession of such documents and provide a full description of the document, including its location.

2.      If any document responsive to any Request is withheld on the grounds of privilege or otherwise, then you shall provide a log with the following information relating to each Document or portion of a Document withheld: (a) the kind of Document (e.g., memorandum, letter, notes, etc.); (b) the date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (c) the identity of the author; (d) the identity of the person to whom the Document is addressed; (e) the identity of any other recipients of the Document that appear on the Document as having received a copy (e.g., as "cc" or "bcc"); (f) the identity of any attachments to the Documents and whether the attachments have been produced; (g) the claim of privilege providing the alleged grounds for withholding the Document (e.g., attorney-client privilege, work product privilege, etc.); and (h) the paragraph of the Document Request to which each document and/or communication is responsive.

3.      When used in the course of an enumeration of items as to which documents are requested, the words "and" and "or" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

4.      Any term used in the singular shall be deemed to include the plural where appropriate and vice versa.

5.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the specification of any document that might otherwise be construed to be outside its scope.

6.      All electronic documents shall be produced in their original electronic format.

7.      If any documents requested herein have been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; and person(s) currently in possession of the information; the person(s) disposing of and/or destroying the information; and the circumstances surrounding the disposal or destruction of the information.

## SUBPOENA REQUESTS

### REQUEST NO. 1

Please produce any and all documents referring or relating to the acquisition of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises (the "Liquor Licenses").

### REQUEST NO. 2

Please produce any and all documents referring or relating to any transfer of the Liquor Licenses.

### REQUEST NO. 3

Please produce any and all documents you have provided to the Utah Department of Alcoholic Beverage Control (the "DABC") or Summit County, Utah (the "County") relating to the Liquor Licenses.

### REQUEST NO. 4

Please produce any and all documents you have received from the DABC or the County relating to the Liquor Licenses.

# UNITED STATES BANKRUPTCY COURT
### District of Utah

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC,** *et al.,*<br><br>   Debtors.<br><br>Address:  201 Heber Avenue<br>   Park City, Utah 84060 | **SUBPOENA DUCES TECUM**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |

**To: CloudNine ResortClubs, LLC**
   **William Shoaf, Authorized Agent**
   **4780 Winchester Ct.**      **OR**      **2041 Sidewinder Dr. No. 4**
   **Park City, Utah 84098**          **Park City, Utah 84068**

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | Date and time:  : |

☑ **YOU ARE COMMANDED** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable in this matter by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, to designate one or more officers, directors, managing agents or other persons who shall appear on your behalf at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case regarding the acquisition and any subsequent transfer of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **Monday, June 14, 2010 at 10:00 a.m.**<br>**(Mountain)** |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **On or before 3:00 p.m.,**<br>**Friday, June 11, 2010** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | June 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 SOUTH MAIN STREET; SUITE 1000; SLC UTAH  84101; 801-933-7360

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
DATE                                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

### DEFINITIONS

A.    "Address" means the present or last known street name and number, city or town, state and zip code.

B.    "And" and "or" are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests any document or information that might otherwise be construed to be outside its scope.

C.    "Any" means one or more.

D.    "Case" means the above-captioned jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Utah.

E.    "Communication" or "Communications" means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

F.    "Debtor" means Easy Street Partners, LLC together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, subsidiaries, BDRC and Gemstone in BDRC and Gemstone's capacity as manager, co-manager, adviser or consultant to Easy Street.

G.    "Document" or "documents" means anything discoverable under Rule 34 of the Federal Rules of Civil Procedure and is used in the broadest and most liberal sense permitted by the Federal Rules of Civil Procedure. As used herein, "document" or "documents" means all written, printed or recorded matter of any kind, whether printed or recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, books, records, reports, correspondence, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications, in-person or telephone communications, interviews, or meetings), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, recorded or printed matter of any

kind, including, but not limited to, any information contained in any computer although not yet in printed form in the possession, custody or control of you, your agents, attorneys or any other persons or entity purporting to act on your behalf, or any other and all other data compilations from which information can be obtained and translated if necessary. This definition includes drafts of all "documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate document for purposes of the requests set forth herein.

H.    "Identify," "identity," or "identification" means, when used in reference to:

1)    a natural person, his or her: (i) full name; (ii) last known home address; (iii) last known business address; and (iv) present or last known position, business affiliation, and job title or description.

2)    a company, corporation, association, partnership, or any legal entity other than a natural person: (i) its full name; (ii) a description of the type of organization or entity; (iii) the address of its principal place of business; (iv) the jurisdiction of its incorporation or organization; and (v) the date of its incorporation or organization.

3)    a document: (i) its description (for example, letter, memorandum, report, etc.); (ii) its title; (iii) its date; (iv) the number of pages thereof; (v) its subject matter; (vi) the identity of its author, signer, and any person who participated in its preparation; (vii) the identity of its addressee or recipient; (viii) the identity of each person to whom copies were sent and each person by whom copies were received; (ix) its present location; and (x) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

4)    an oral communication: (i) the date and time when it occurred; (ii) the place where it occurred; (iii) the complete substance of the communication; (iv) the identity of each person to whom such communication was made, by whom such communication was made; and who was present when such communication was made; and (v) the identity of all documents memorializing, referring or related in any way to the subject matter of the communication.

I.    "Including" means including but not limited to.

J.    "Person" means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

K.    "Relate," "related," "relating to," "related to," and "regarding" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

L.    "You" or "your" means CloudNine ResortClubs, LLC, a Utah limited liability company.

### INSTRUCTIONS

1.      You are requested to produce all documents available to you, and to your agents,

representatives, attorneys, and employees, in answering the following Requests.  If you know of

responsive documents which are not available to you, your agents, representatives, attorneys and/or

employees, please state the name and address of every person in possession of such documents and

provide a full description of the document, including its location.

2.      If any document responsive to any Request is withheld on the grounds of privilege or

otherwise, then you shall provide a log with the following information relating to each Document or

portion of a Document withheld: (a) the kind of Document (e.g., memorandum, letter, notes, etc.); (b) the

date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (c)

the identity of the author; (d) the identity of the person to whom the Document is addressed; (e) the

identity of any other recipients of the Document that appear on the Document as having received a copy

(e.g., as "cc" or "bcc"); (f) the identity of any attachments to the Documents and whether the attachments

have been produced; (g) the claim of privilege providing the alleged grounds for withholding the

Document (e.g., attorney-client privilege, work product privilege, etc.); and (h) the paragraph of the

Document Request to which each document and/or communication is responsive.

3.      When used in the course of an enumeration of items as to which documents are

requested, the words "and" and "or" are to be construed as requesting documents as to each item in the

enumeration, the same as if the entire request had been addressed solely to that item.

4.      Any term used in the singular shall be deemed to include the plural where appropriate

and vice versa.

5.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses,

wherever necessary to bring within the scope of the specification of any document that might otherwise

be construed to be outside its scope.

6.      All electronic documents shall be produced in their original electronic format.

7.      If any documents requested herein have been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; and person(s) currently in possession of the information; the person(s) disposing of and/or destroying the information; and the circumstances surrounding the disposal or destruction of the information.

## SUBPOENA REQUESTS

### REQUEST NO. 1

Please produce any and all documents referring or relating to the acquisition of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises (the "Liquor Licenses").

### REQUEST NO. 2

Please produce any and all documents referring or relating to any transfer of the Liquor Licenses.

### REQUEST NO. 3

Please produce any and all documents you have provided to the Utah Department of Alcoholic Beverage Control (the "DABC") or Summit County, Utah (the "County") relating to the Liquor Licenses.

### REQUEST NO. 4

Please produce any and all documents you have received from the DABC or the County relating to the Liquor Licenses.

# UNITED STATES BANKRUPTCY COURT

### District of Utah

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>    Debtors.<br><br>Address:  201 Heber Avenue<br>            Park City, Utah 84060 | **SUBPOENA DUCES TECUM**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |

**To: CloudNine Resorts – Sky Lodge Management, LLC**
    **William Shoaf, Authorized Agent**
    **4780 Winchester Ct.**        **OR**      **2041 Sidewinder Dr. No. 4**
    **Park City, Utah 84098**                 **Park City, Utah 84068**

❑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | Date and time: |

☑ **YOU ARE COMMANDED** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable in this matter by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, to designate one or more officers, directors, managing agents or other persons who shall appear on your behalf at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case regarding the acquisition and any subsequent transfer of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **Monday, June 14, 2010 at 10:00 a.m.**<br>**(Mountain)** |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **On or before 3:00 p.m.,**<br>**Friday, June 11, 2010** |

❑ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | June 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 SOUTH MAIN STREET; SUITE 1000; SLC UTAH  84101; 801-933-7360

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

### DEFINITIONS

A.    "Address" means the present or last known street name and number, city or town, state and zip code.

B.    "And" and "or" are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests any document or information that might otherwise be construed to be outside its scope.

C.    "Any" means one or more.

D.    "Case" means the above-captioned jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Utah.

E.    "Communication" or "Communications" means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

F.    "Debtor" means Easy Street Partners, LLC together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, subsidiaries, BDRC and Gemstone in BDRC and Gemstone's capacity as manager, co-manager, adviser or consultant to Easy Street.

G.    "Document" or "documents" means anything discoverable under Rule 34 of the Federal Rules of Civil Procedure and is used in the broadest and most liberal sense permitted by the Federal Rules of Civil Procedure. As used herein, "document" or "documents" means all written, printed or recorded matter of any kind, whether printed or recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, books, records, reports, correspondence, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications, in-person or telephone communications, interviews, or meetings), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, recorded or printed matter of any

kind, including, but not limited to, any information contained in any computer although not yet in printed form in the possession, custody or control of you, your agents, attorneys or any other persons or entity purporting to act on your behalf, or any other and all other data compilations from which information can be obtained and translated if necessary. This definition includes drafts of all "documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate document for purposes of the requests set forth herein.

H.      "Identify," "identity," or "identification" means, when used in reference to:

    1)      a natural person, his or her: (i) full name; (ii) last known home address; (iii) last known business address; and (iv) present or last known position, business affiliation, and job title or description.

    2)      a company, corporation, association, partnership, or any legal entity other than a natural person: (i) its full name; (ii) a description of the type of organization or entity; (iii) the address of its principal place of business; (iv) the jurisdiction of its incorporation or organization; and (v) the date of its incorporation or organization.

    3)      a document: (i) its description (for example, letter, memorandum, report, etc.); (ii) its title; (iii) its date; (iv) the number of pages thereof; (v) its subject matter; (vi) the identity of its author, signer, and any person who participated in its preparation; (vii) the identity of its addressee or recipient; (viii) the identity of each person to whom copies were sent and each person by whom copies were received; (ix) its present location; and (x) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

    4)      an oral communication: (i) the date and time when it occurred; (ii) the place where it occurred; (iii) the complete substance of the communication; (iv) the identity of each person to whom such communication was made, by whom such communication was made; and who was present when such communication was made; and (v) the identity of all documents memorializing, referring or related in any way to the subject matter of the communication.

I.      "Including" means including but not limited to.

J.      "Person" means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

K.      "Relate," "related," "relating to," "related to," and "regarding" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

L.      "You" or "your" means CloudNine Resorts – Sky Lodge Mangement, LLC, a Utah limited liability company.

## INSTRUCTIONS

1.      You are requested to produce all documents available to you, and to your agents, representatives, attorneys, and employees, in answering the following Requests. If you know of responsive documents which are not available to you, your agents, representatives, attorneys and/or employees, please state the name and address of every person in possession of such documents and provide a full description of the document, including its location.

2.      If any document responsive to any Request is withheld on the grounds of privilege or otherwise, then you shall provide a log with the following information relating to each Document or portion of a Document withheld: (a) the kind of Document (e.g., memorandum, letter, notes, etc.); (b) the date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (c) the identity of the author; (d) the identity of the person to whom the Document is addressed; (e) the identity of any other recipients of the Document that appear on the Document as having received a copy (e.g., as "cc" or "bcc"); (f) the identity of any attachments to the Documents and whether the attachments have been produced; (g) the claim of privilege providing the alleged grounds for withholding the Document (e.g., attorney-client privilege, work product privilege, etc.); and (h) the paragraph of the Document Request to which each document and/or communication is responsive.

3.      When used in the course of an enumeration of items as to which documents are requested, the words "and" and "or" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

4.      Any term used in the singular shall be deemed to include the plural where appropriate and vice versa.

5.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the specification of any document that might otherwise be construed to be outside its scope.

6.      All electronic documents shall be produced in their original electronic format.

7.      If any documents requested herein have been destroyed, lost, discarded or otherwise
disposed of, identify such information as completely as possible, including, without limitation, the
following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of
disposal/destruction; manner of disposal/destruction; and person(s) currently in possession of the
information; the person(s) disposing of and/or destroying the information; and the circumstances
surrounding the disposal or destruction of the information.

## SUBPOENA REQUESTS

### REQUEST NO. 1

Please produce any and all documents referring or relating to the acquisition of liquor
licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge
Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the
premises (the "Liquor Licenses").

### REQUEST NO. 2

Please produce any and all documents referring or relating to any transfer of the Liquor
Licenses.

### REQUEST NO. 3

Please produce any and all documents you have provided to the Utah Department of Alcoholic
Beverage Control (the "DABC") or Summit County, Utah (the "County") relating to the Liquor Licenses.

### REQUEST NO. 4

Please produce any and all documents you have received from the DABC or the County relating
to the Liquor Licenses.

# UNITED STATES BANKRUPTCY COURT
### District of Utah

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, *et al.*,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>Park City, Utah 84060 | **SUBPOENA DUCES TECUM**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |

**To: CloudNine Resort – SRR Management, LLC**
   **William Shoaf, Authorized Agent**
   **4780 Winchester Ct.**          **OR**          **2041 Sidewinder Dr. No. 4**
   **Park City, Utah 84098**                        **Park City, Utah 84068**

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | Date and time: : |

☑ **YOU ARE COMMANDED** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable in this matter by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, to designate one or more officers, directors, managing agents or other persons who shall appear on your behalf at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case regarding the acquisition and any subsequent transfer of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **Monday, June 14, 2010 at 10:00 a.m.**<br>**(Mountain)** |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| **Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | **On or before 3:00 p.m.,**<br>**Friday, June 11, 2010** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | June 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 SOUTH MAIN STREET; SUITE 1000; SLC UTAH 84101; 801-933-7360

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

### DEFINITIONS

A.      "Address" means the present or last known street name and number, city or town, state and zip code.

B.      "And" and "or" are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Requests any document or information that might otherwise be construed to be outside its scope.

C.      "Any" means one or more.

D.      "Case" means the above-captioned jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Utah.

E.      "Communication" or "Communications" means any transfer or exchange of any information, whether by written, oral means, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

F.      "Debtor" means Easy Street Partners, LLC together with its members, officers, directors, representatives, employees, agents, managers, members, shareholders, attorneys, parents, subsidiaries, BDRC and Gemstone in BDRC and Gemstone's capacity as manager, co-manager, adviser or consultant to Easy Street.

G.      "Document" or "documents" means anything discoverable under Rule 34 of the Federal Rules of Civil Procedure and is used in the broadest and most liberal sense permitted by the Federal Rules of Civil Procedure. As used herein, "document" or "documents" means all written, printed or recorded matter of any kind, whether printed or recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, books, records, reports, correspondence, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications, in-person or telephone communications, interviews, or meetings), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, recorded or printed matter of any

kind, including, but not limited to, any information contained in any computer although not yet in printed form in the possession, custody or control of you, your agents, attorneys or any other persons or entity purporting to act on your behalf, or any other and all other data compilations from which information can be obtained and translated if necessary. This definition includes drafts of all "documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate document for purposes of the requests set forth herein.

      H.     "Identify," "identity," or "identification" means, when used in reference to:

          1)     a natural person, his or her: (i) full name; (ii) last known home address; (iii) last known business address; and (iv) present or last known position, business affiliation, and job title or description.

          2)     a company, corporation, association, partnership, or any legal entity other than a natural person: (i) its full name; (ii) a description of the type of organization or entity; (iii) the address of its principal place of business; (iv) the jurisdiction of its incorporation or organization; and (v) the date of its incorporation or organization.

          3)     a document: (i) its description (for example, letter, memorandum, report, etc.); (ii) its title; (iii) its date; (iv) the number of pages thereof; (v) its subject matter; (vi) the identity of its author, signer, and any person who participated in its preparation; (vii) the identity of its addressee or recipient; (viii) the identity of each person to whom copies were sent and each person by whom copies were received; (ix) its present location; and (x) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

          4)     an oral communication: (i) the date and time when it occurred; (ii) the place where it occurred; (iii) the complete substance of the communication; (iv) the identity of each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made; and (v) the identity of all documents memorializing, referring or related in any way to the subject matter of the communication.

      I.     "Including" means including but not limited to.

      J.     "Person" means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

      K.     "Relate," "related," "relating to," "related to," and "regarding" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

      L.     "You" or "your" means CloudNine Resort – SRR Management, LLC, a Utah limited liability company.

## **INSTRUCTIONS**

1.      You are requested to produce all documents available to you, and to your agents, representatives, attorneys, and employees, in answering the following Requests.  If you know of responsive documents which are not available to you, your agents, representatives, attorneys and/or employees, please state the name and address of every person in possession of such documents and provide a full description of the document, including its location.

2.      If any document responsive to any Request is withheld on the grounds of privilege or otherwise, then you shall provide a log with the following information relating to each Document or portion of a Document withheld: (a) the kind of Document (e.g., memorandum, letter, notes, etc.); (b) the date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (c) the identity of the author; (d) the identity of the person to whom the Document is addressed; (e) the identity of any other recipients of the Document that appear on the Document as having received a copy (e.g., as "cc" or "bcc"); (f) the identity of any attachments to the Documents and whether the attachments have been produced; (g) the claim of privilege providing the alleged grounds for withholding the Document (e.g., attorney-client privilege, work product privilege, etc.); and (h) the paragraph of the Document Request to which each document and/or communication is responsive.

3.      When used in the course of an enumeration of items as to which documents are requested, the words "and" and "or" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

4.      Any term used in the singular shall be deemed to include the plural where appropriate and vice versa.

5.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the specification of any document that might otherwise be construed to be outside its scope.

6.      All electronic documents shall be produced in their original electronic format.

7.      If any documents requested herein have been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; and person(s) currently in possession of the information; the person(s) disposing of and/or destroying the information; and the circumstances surrounding the disposal or destruction of the information.

## SUBPOENA REQUESTS

### REQUEST NO. 1

Please produce any and all documents referring or relating to the acquisition of liquor licenses CL00961, BC00084, CL00962 and RE01791 used in connection with the Sky Lodge Hotel at 201 Heber Avenue, Park City, Utah and/or any of the restaurants or clubs located on the premises (the "Liquor Licenses").

### REQUEST NO. 2

Please produce any and all documents referring or relating to any transfer of the Liquor Licenses.

### REQUEST NO. 3

Please produce any and all documents you have provided to the Utah Department of Alcoholic Beverage Control (the "DABC") or Summit County, Utah (the "County") relating to the Liquor Licenses.

### REQUEST NO. 4

Please produce any and all documents you have received from the DABC or the County relating to the Liquor Licenses.

# UNITED STATES BANKRUPTCY COURT
### District of Utah

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC**, *et al.*,<br><br>    Debtors.<br><br>Address:   201 Heber Avenue<br>                 Park City, Utah 84060 | **SUBPOENA**<br><br>Case Number: 09-29905 RKM<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter: 11<br><br>Honorable R. Kimball Mosier |

**To: William Shoaf**
    4780 Winchester Ct.             **OR**         2041 Sidewinder Drive, No. 4
    Park City, Utah 84098                            Park City, Utah 84098

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | Date and time:  : |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition (to be recorded stenographically) in the above case

| PLACE OF TESTIMONY<br>**Dorsey & Whitney, LLP**<br>**136 South Main Street, Suite 1000**<br>**Salt Lake City, Utah 84101** | DATE AND TIME<br>**Monday, June 14, 2010 at 10:00 a.m.**<br>**(Mountain)** |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE<br>June 4, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin J. Kotter, Attorney for WestLB, AG
DORSEY & WHITNEY LLP; 136 South Main Street; Suite 1000; SLC Utah 84101; 801-933-7360

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).