Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email:  rhavel@sidley.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:  201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | [FILED ELECTRONICALLY] |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**NOTICE OF TERMINATION OF STIPULATION AUTHORIZING USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING
ADEQUATE PROTECTION TO WESTLB, AG**

WestLB AG ("WestLB"), a secured creditor in the above-captioned bankruptcy proceeding, by and through its undersigned counsel, **HEREBY GIVES NOTICE TO TERMINATE USE OF CASH COLLATERAL** ("Notice of Termination") pursuant to Paragraphs 24 and 32[1] of the Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84] (as amended from time to time[2], the "Stipulation") reached by Easy Street Partners, LLC ("Easy Street" or "Debtor") and WestLB governing the consensual use of Cash Collateral.[3]

## FACTUAL BACKGROUND

1. On September 15, 2009, Easy Street filed the "Motion of Easy Street Partners, LLC for Interim and Final Orders: (i) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to West LB, AG, and (ii) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)" [Docket No. 9] (the "Cash Collateral Motion").

2. On September 16, 2009, Jacobsen National Group, Inc. d/b/a Jacobsen Construction ("Jacobsen") filed a limited Objection to Easy Street's Cash Collateral Motion ("Jacobsen Objection") [Docket No. 33]. Jacobsen alleged that it held a $1.7 million mechanics' lien claim against Easy Street, and Easy Street and WestLB agreed to Jacobsen's proposal of a set aside of funds (the "Jacobsen Set Aside") in the amount of $1.7 million, which was later reduced to $600,000 pursuant to an order entered by the Court on or about January 26, 2010.

---

[1] All paragraph and other section references contained herein are to the Stipulation unless otherwise indicated.
[2] See attached Exhibit I regarding the subsequent amendments to the Stipulation.
[3] Capitalized terms not otherwise defined herein shall be given the meaning in the Stipulation.

3. To date, Easy Street has failed to file a disclosure statement and plan of organization ("Plan") that is feasible and reasonably acceptable to WestLB as required by Paragraph 24(k).

4. Currently, Easy Street's Plan cannot be confirmed unless it (i) secures an investor (a "Plan Funder") to provide approximately $4 million in cash to finance the Plan; (ii) WestLB accepts the Plan or its treatment is determined to be fair and equitable under Section 1129(b) of the Bankruptcy Code; and (iii) provides projections to satisfy that the Plan is feasible. On or before June 10, 2010, Easy Street must file a supplemental Plan which must identify a Plan Funder. To date, Easy Street has failed to secure a Plan Funder, and has no realistic prospect of securing a Plan Funder or satisfying the other requirements for confirmation.

5. As of June 8, 2010, after operating under the Stipulation for almost nine months, Easy Street's Cash Collateral will have decreased from approximately $3.2 million on the petition date to approximately $742,499.53[4] ($600,000 of which is earmarked for the Jacobsen Set Aside). Easy Street's continued use of Cash Collateral, under the current Stipulation, will undoubtedly invade the Jacobsen Set Aside, and reduce the available Cash Collateral to a level that the feasibility of future Plans will be placed in jeopardy.

## TERMINATION OF STIPULATION

6. Easy Street has continuously and consistently failed to meet the mutually agreed upon deadlines contained in the Stipulation, enumerated as follows:

    a. Easy Street failed to obtain a hearing approving its disclosure statement by February 11, 2010, as required by Paragraph 26(k);

---

[4] This amount is comprised of (i) $616,995.73 in the Escrow Accounts ($600,000 of which is earmarked for the Jacobsen Set Aside) and (ii) $125,503.80 in the Lockbox Account (as of June 7, 2010).

        b.      Easy Street failed to obtain a confirmation of a Plan by March 31, 2010, as required by Paragraph 26(k); and

        c.      Easy Street failed to prosecute a Plan that is reasonably acceptable to WestLB with restructuring terms, as required by Paragraph 26(k).

7.      As a result of Easy Street's failure to meet any one of the aforementioned deadlines, pursuant to Paragraph 32(vii), Easy Street's right to use Cash Collateral will automatically terminate upon Easy Street's failure to cure any of the above within receipt of five (5) business days' of this notice.

## FUTURE USE OF CASH COLLATERAL

8.      WestLB will consent to Easy Street's further use of Cash Collateral if all of the following amendments are made to the Stipulation:

        a.      Elimination of Paragraph 26 of the Stipulation regarding the carve-out of fees and expenses for Easy Street professionals (including, but not limited to legal and appraisal fees) and any related section thereto;[5] and

        b.      Elimination of any line-item contained in the Budget regarding payment of expenses not directly related to the preservation of assets and operation of the Debtor's business, including, but not limited to the Debtor's professional fees related to Paragraph 26 of the Stipulation and any related section thereto; and the adequate

---

[5] Any of Debtor's professional fees incurred after May 31, 2010 shall be subject to this amended provision.

protection payment of $100,000 for fees incurred by WestLB and any related section thereto.[6]

**WHEREFORE**, WestLB, by and through the signature of its counsel below hereby gives the Notice of Termination.

DATED this 9th day of June, 2010.

DORSEY & WHITNEY LLP

/s/ Benjamin J. Kotter
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY & AUSTIN, LLP

*Attorneys for WestLB, AG*

---

[6] Any of WestLB's professional fees incurred after May 31, 2010 shall be subject to this provision.

**EXHIBIT I**

STIPULATION AND SUBSEQUENT AMENDMENTS

On or about October 13, 2009, Easy Street and WestLB filed a Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84], as amended from time to time and as initially amended by that certain Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG – Amended Exhibit C (Bank Accounts) filed on or about October 13, 2009 [Docket No. 91], as further amended by this Court's Order on Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Original Cash Collateral Order"), dated as of October 14, 2009 [Docket No. 95], as further amended by that certain Joint Motion to Approve Amendments to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Additional Adequate Protection to WestLB, AG filed on or about November 25, 2009 (the "Amendment") [Docket No. 172], as approved by the Court's Order on Joint Motion to Approve Amendment to Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Amendment Cash Collateral Order") entered on or about December 15, 2009 [Docket No. 219], as further amended by the Order modifying the First Amendment Order entered on or about January 26, 2010 (the "Modified Amendment Approval Order") [Docket No. 272], as further amended by the Court's Order on Extension of Certain Deadlines of Stipulation, entered on January 7, 2010 (the "Order on Extension") [Docket No. 244], approving the Extension of Certain Deadlines filed on December 27, 2009 (the "Extension") [Docket No. 234], and as further amended by the Court's

Order on Second Extension of Certain Deadlines of Stipulation, entered on May 12, 2010 (the "Second Order on Extension") [Docket No. 474], approving the Second Extension of Certain Deadlines filed on April 29, 2010 (the "Second Extension") [Docket No. 457].