Corbin B. Gordon (corbingordon@yahoo.com) (9194)
CORBIN B. GORDON, P.C.
345 West 600 South, Suite 108
Heber City, UT   84032
Telephone:  (435) 657-0984/Fax:  (888) 822-8796
Special Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors. | ) 09-29907 and 09-29908 |
| | ) |
| Address:  201 Heber Avenue | ) Chapter 11 |
| Park City, UT 84060 | ) |
| | ) Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) |
| 35-2183713 (Easy Street Holding, LLC), | ) **CORBIN B. GORDON, P.C.'S** |
| 20-4502979 (Easy Street Partners, LLC), and | ) **RESPONSE TO GATEWAY CENTER,** |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) **LLC'S OBJECTION TO CORBIN B.** |
| | ) **GORDON, P.C.'S: (A) FIFTH FEE** |
| | ) **REQUEST; and (B) SECOND INTERIM FEE** |
| | ) **APPLICATION** |
| | ) |

Corbin B. Gordon, P.C., files this response to Gateway Center, LLC's objection to Corbin B.

Gordon, P.C.'s Fifth Fee Request and Second Application for Interim Compensation and

Reimbursement as Special Counsel for the Debtor in Possession.

1.      Corbin B. Gordon, P.C. ("Gordon") was appointed Special Counsel to Easy Street

Partners, LLC ("Partners") on November 24, 2009, to address breach of lease claims against

Gateway Center, LLC ("Gateway Center").

2.      Gordon has represented Easy Street for the past six months, including acting as lead counsel on an evidentiary hearing held before this Court over the course of two days on April 27 and April 28, 2010.

3.      Gordon has submitted its Second Interim Fee Application in the amount of $22,682.00, representing 113.41 hours in performing this work for Partners.

4.      Gateway Center objects to the fee application, asking the Court to deny it, arguing that the work Gordon performed in addressing the lease issues was really for the sole benefit of CloudNine Resorts, LLC ("CloudNine") and Bill Shoaf ("Shoaf"), and not for the benefit of Partners.

5.      Gateway Center argues that Partners had no independent reasons for filing an objection to Gateway Center's Proof of Claim, and that the objection was really just an attempt to get CloudNine and Shoaf out from under liability on the lease.

6.      These objections are without merit for two reasons: a) Partners had independent reasons to object to Gateway Center's claims; and b) Partners objection to claim, had it been granted, would have had little effect on the legal rights of CloudNine or Shoaf because the ruling was only binding on the parties in the bankruptcy, and did not foreclose Gateway Center's rights to independently pursue claims against CloudNine and Shoaf for breach of the lease.

## I.      PARTNERS HAD LEGITIMATE REASONS OF ITS OWN TO PURSUE THE OBJECTION TO THE GATEWAY LEASE AND HAS RECEIVED THE BENEFIT OF GORDON'S REPRESENTATION.

7.      Gateway Center argues that Partners had no independent reasons to pursue the objection to Gateway Center's claims, and that the objection was really meant to benefit CloudNine and Shoaf.  This argument has no merit.

2

8.     Gateway Center filed a proof of claim for $112,775.77 based on claims of material breach of the lease.

9.     Partners felt strongly that it owed nothing under the lease, that it had legitimate claims that Gateway Center was actually the party in breach, and that objecting to the claim was necessary because prevailing would aid in the process of reorganization and would free up capital to pay other creditors.  It thus had bona fide disputes with Gateway Center over the lease which it chose, exercising business judgment, to pursue.  There is no question that prevailing on the objection would have been beneficial to the bankruptcy estate.

10.    Gateway Center further argues that because Partners rejected the lease in the bankruptcy proceeding, it had nothing to gain by filing the objection to Gateway Center's Proof of Claims.  Gateway Center argues this is evidence that the objection was really for the benefit of CloudNine and Shoaf.  This argument is also without merit.

11.    Rejecting the lease did not absolve Partners of liability under the lease.  Partners did reject the lease by default, which is treated as a material breach, giving rise to claims for damages against the bankruptcy estate.  Unless Partners had a good faith basis that Gateway Center was in breach under the lease, Gateway Center is entitled to the full amount of damages of Partners' rejection/breach of the lease.  As explained above, however, Partners believed that Gateway Center was in material breach of the lease, which would have permitted Partners to offset its damages against those asserted by Gateway Center.  Partners felt that it owed Gateway Center nothing under the lease, and Partners' good faith objection to the claim was clearly attempting to either defeat or reduce the claims against the bankruptcy estate.

3

12.     Gateway Center asks the Court to ignore the benefit Partners has received from
Gordon's representation. Gateway Center does not argue that Partners has not received benefit, but
instead argues that Gordon should not be paid because prevailing on the objection would have
resulted in a possible ancillary benefit to CloudNine and Shoaf. This is not a legitimate reason to
deny the fee application.

13.     The question is not whether the representation might have had an ancillary benefit to
a third party but whether Partners prevailing on its good faith objection to the Gateway Center's
Proof of Claim would have benefited the bankruptcy estate. The answer is clearly yes. It would
have removed or reduced a claim for up to $112,775.77 against the bankruptcy estate, made
reorganization that much easier, and freed up capital to pay additional creditors. As such, argument
that Partners should not be required to pay for this representation is without merit.

14.     The facts are clear that Gordon represented the interests of Partners, and only
Partners, in the evidentiary hearing. It would be dire injustice to now deny legitimate claims for
fees that were incurred with the intent to benefit the bankruptcy estate.

## II.     IT WAS UNLIKELY THAT EITHER CLOUDNINE OR SHOAF WOULD HAVE BEEN BENEFITTED BY THE WORK PERFORMED BY GORDON

15.     As explained above, the core of Gateway Center's objection is that the work
performed by Gordon for Partners was actually meant to benefit CloudNine and Shoaf personally.
Neither the facts nor the law support this claim.

16.     While it is true that a ruling by this Court sustaining Partners objection to  Gateway
Center's claim would have benefitted Partners in the bankruptcy proceeding, the same does not
necessarily hold true for either CloudNine or Shoaf because neither of these parties is included in
the bankruptcy.

4

17.     The findings and ruling of the Bankruptcy Court are only directly binding on the

parties in interest and do not effect the power of a Utah state court to independently adjudicate a

claim by Gateway Center against CloudNine or Shoaf to enforce the lease.

18.     Gateway Center is aware of its rights outside of the bankruptcy proceeding as

evidenced by the filing of a lawsuit in the Third Judicial District Court in the State of Utah against

both CloudNine and Shoaf to enforce the lease.  Gateway Center filed this lawsuit prior to the

hearing before the Bankruptcy Court to address Partners objection to its claim,  showing that it

understood that its rights to proceed against CloudNine and/or Shoaf are independent and unaltered

regardless of the findings of the Bankruptcy Court.

19.     As such, there is no basis for the claim that Gordon's work in the bankruptcy case

was designed to benefit CloudNine or Shoaf.  The reality is that even if Partners' objection was

sustained, it may not have absolved either CloudNine or Shoaf from liability under the lease.

## III.    GORDON'S SUPPLEMENTAL DISCLOSURE EXPLAINS THE RELATIONSHIP BETWEEN PARTNERS AND CLOUDNINE AND ESTABLISHES THAT GORDON'S WORK WAS NOT PERFORMED FOR CLOUDNINE OR SHOAF BUT FOR PARTNERS

20.     Gateway Center argues that Gordon's failure to disclose its prior representation of

CloudNine is evidence that the work performed by Gordon was actually for the benefit of

CloudNine and not Partners.

21.     Gordon's Supplemental Disclosure (attached as Exhibit A) addresses this argument,

and explains that Gordon's failure to disclose was due to a misunderstanding of the managerial

structure of the Sky Lodge.

22.     Gordon was initially hired by CloudNine to address concerns with the safety of the
leased space being used by employees of the Sky Lodge. It was Gordon's understanding that
CloudNine was a manager of the Sky Lodge.

23.     Gordon was informed in September or October of 2009 that the Sky Lodge had
declared bankruptcy and that the Sky Lodge desired to have Gordon appointed as special counsel to
address the concerns with the lease in the bankruptcy proceeding.

24.     At the time of the appointment Gordon was aware that Partners was the assignee of
the Gateway Center lease, and that Gordon was being appointed to continue on in representing the
issues related to the Gateway Center lease.  At the time Gordon was unaware of any conflict that
might exist between CloudNine and Partners, associating CloudNine and Partners as the managing
entities of the Sky Lodge.

25.     It was only after Gateway Center filed suit against CloudNine for breach of the lease
and asked Gordon to accept service that the question of conflict arose.  After discussions with
bankruptcy counsel for Partners Gordon realized that CloudNine was not a co-manager of the Sky
Lodge, but partial owner of Partners, and that CloudNine could have a claim back against Partners
for contribution if CloudNine were required to make payments under the Gateway Center lease and
if Partners' objection to Gateway Center's claim was denied.

26.     The potential conflict had not come up sooner because Partners and CloudNine's
arguments are identical as to the Gateway Center and whether the Gateway Center breached the
lease.  The only potential conflict between Partners and CloudNine is a claim by CloudNine against
Partners for contribution under the lease which did not come up until CloudNine got sued.

6

27.     There is no conflict between Partners and CloudNine on the issue of whether the
Gateway Center breached the lease.  The interests of the two parties are identically aligned in
dealing with the issue of whether the leased space was safe and whether the lease had been violated.

28.     Once the conflict was apparent Gordon obtained a waiver of conflict, attached as
Exhibit B, clarifying that Gordon would represent the interests of Partners in the bankruptcy only,
and that if a dispute between Partners and CloudNine arose concerning the lease Gordon would
withdraw from representing either party.

29.     Based on the waiver and release attached, Gordon believes that it continues to meet
the applicable standards for employment in this case, including the applicable rules of professional
responsibility and the applicable requirement under section 327(e) of the Bankruptcy Code that the
attorney not hold an interest adverse to the debtor or the debtor's estate on the specified matter on
which the attorney is to represent the debtor.

30.     Gordon performed the work he was hired to do.  The interests of Partners were
represented, Partners' dispute with Gateway Center was in good faith, and there is no question the
work had the goal of benefitting the bankruptcy estate.  It would be unfair and unjust to deny an
application for fees associated with this work.  As such the objection by Gateway Center should be
denied.

DATED this 9nd day of June, 2010.

   /s/  Corbin B. Gordon
Corbin B. Gordon (9194)
CORBIN B. GORDON, P.C.
345 West 600 South, Suite 108
Heber City, UT   84032

Special Counsel for Easy Street Partners, LLC

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing CORBIN B. GORDON, P.C.'S

RESPONSE TO GATEWAY CENTER, LLC'S OBJECTION TO CORBIN B. GORDON, P.C.'S:

(A) FIFTH FEE REQUEST; and (B) SECOND INTERIM FEE APPLICATION was mailed

postage prepaid, U.S. Mail, on the 9nd day of June, 2010, to the following:

Peter J. Kuhn
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jeffrey W. Shields
Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, #1500
Salt Lake City, UT 84101

Joseph E. Wrona
Wrona Law Firm, P.C.
1745 Sidewinder Drive
Park City, UT 84060

Douglas Payne
Fabian & Clendenin
215 South State, Suite 1200
Salt Lake City, UT 84111-2323

Annette Jarvis
Dorsey & Whitney, LLP
136 S. Main Street, Suite 1000
Salt Lake City, UT 84101-1685

Richard Havel
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010

/s/ Corbin B. Gordon

# EXHIBIT A

Corbin B. Gordon (corbingordon@yahoo.com) (9194)
CORBIN B. GORDON, P.C.
345 West 600 South, Suite 108
Heber City, UT  84032
Telephone: (435) 657-0984/Fax: (888) 822-8796
Special Counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| EASY STREET HOLDING, LLC, *et al.*, | ) Bankruptcy Case No. 09-29905 |
| | ) Jointly Administered with Cases |
| Debtors. | ) 09-29907 and 09-29908 |
| | ) |
| Address: 201 Heber Avenue | ) Chapter 11 |
| Park City, UT 84060 | ) |
| | ) Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) |
| 35-2183713 (Easy Street Holding, LLC), | ) |
| 20-4502979 (Easy Street Partners, LLC), and | ) [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) |
| | ) |

## SECOND SUPPLEMENTAL DECLARATION AND DISCLOSURE BY
## CORBIN B. GORDON, P.C. PURSUANT TO FED. R. BANKR. P. 2014(a)

The undersigned, Corbin B. Gordon, hereby declares as follows:

1.      I am a shareholder in Corbin B. Gordon, P.C. ("CBG, P.C."), and am a duly

licensed and practicing attorney in the State of Utah.  To the best of my knowledge based upon

the inquiries described below, the following statements are true.

2.      On November 24, 2009, the Court approved the employment of CBG,P.C. by

Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC

(together, the "Debtors") in these jointly-administered cases.  By declaration dated October 7,

2009, CBG,P.C. disclosed certain connections between CBG, P.C. and parties in interest in the

SLC_550369.1

Debtors' cases. This supplemental declaration and disclosure supplements the declaration
previously filed.

3.    CBG,P.C. was initially hired by Cloud Nine Resorts, L.L.C. ("Cloud Nine") to
address concerns with the safety of the leased space being used by employees of the Sky Lodge.
It was my understanding that Cloud Nine was a manager of the Sky Lodge.

4.    The lease with the Gateway Center was originally signed by Cloud Nine and later
assigned to Easy Street Partners, L.L.C. ("Partners).

5.    I was informed in September or October of 2009 that the Sky Lodge had declared
bankruptcy and that the Sky Lodge desired to have me appointed as special counsel to address
the concerns with the lease in the bankruptcy proceeding.

6.    At the time of the appointment I was aware that Partners was the assignee of the
Gateway lease, and that I was being appointed to continue on in representing the issues related to
the Gateway Center lease. At the time I was unaware of any conflict that might exist between
Cloud Nine and Partners, associating Cloud Nine and Partners as the managing entities of the
Sky Lodge.

7.    On or about March 15, 2010, the Gateway Center filed suit against Cloud Nine for
breach of the lease and asked me to accept service. After discussions with bankruptcy counsel
for Partners I realized that Cloud Nine was not a co-manager of the Sky Lodge, but partial owner
of Partners, and that Cloud Nine could have a claim back against Partners for contribution if
Cloud Nine were required to make payments under the Gateway Center lease and if Partners'
objection to Gateway Center's claim was denied.

8.    The potential conflict had not come up sooner because Partners and Cloud Nine's
interests were identically aligned on the issues of whether the leased space was unsafe and

2

constituted a breach of the lease, and whether the remaining rents under the lease were still owing.

9.      When counsel for Gateway Center asked if I would accept service in the state court lawsuit, I indicated that I could not accept service for Cloud Nine. I then obtained a written consent, attached as Exhibit A, wherein Partners and Cloud Nine both agree that I will represent Partners in the bankruptcy only on the issues dealing with the breach of lease and nothing else. If litigation between Partners and Cloud Nine ensues, I will withdraw from representing either.

10.     CBG,P.C.'s prior representation of Cloud Nine did not affect CBG,P.C.'s representation of the Debtors or of Partners in the evidentiary hearing held on April 27 and April 28, 2010. Partners felt strongly that the legitimacy of the lease was questionable, and that objecting to the claim was necessary because prevailing would aid in the process of reorganization. CBG, P.C. was hired to represent the claim on the lease and represented the interests of Partners in the evidentiary hearing.

11.     There is no conflict between Partners and Cloud Nine on the issue of whether the Gateway Center breached the lease. The interests of the two parties are identically aligned in dealing with the issue of whether the leased space was safe and whether the lease had been violated.

12.     That said, Partners had independent reasons to object to the claim, as the lease had been assigned to it, and it is primarily liable under the lease.

13.     CBG, P.C. has never represented Bill Shoaf personally, and has never undertaken any work for him.

14.     Based on the waiver and release attached, CBG,P.C. believes that it continues to meet the applicable standards for employment in this case, including the applicable rules of

3

professional responsibility and the applicable requirement of disinterestedness under section

327(e) of the Bankruptcy Code.

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States that the foregoing statements are true and correct.

     DATED this 17th day of May, 2010.

                   _/s/ Corbin B. Gordon_____
                   Corbin B. Gordon (9194)
                   CORBIN B. GORDON, P.C.
                   345 West 600 South, Suite 108
                   Heber City, UT  84032
                   Telephone:  (435) 657-0984
                   Facsimile:  (888) 822-8796

                   Special Appointed Counsel for Debtors
                   and Debtors in Possession

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Second Supplemental

Declaration and Disclosure by Corbin B. Gordon, P.C. Pursuant to Fed. R. Bankr. P. 2014(a) was

mailed postage prepaid, U.S. Mail, on the 17th day of March, 2010, to the following:

Peter J. Kuhn
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jeffrey W. Shields
Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, #1500
Salt Lake City, UT 84101

/s/ Corbin B. Gordon

# EXHIBIT A

## CONSENT AGREEMENT

This Consent is signed by and between Cloud Nine Resorts, L.L.C. ("Cloud Nine"), Easy Street Partners, L.L.C. ("Easy Street Partners"), and Corbin B. Gordon, P.C. ("Gordon").

## RECITALS

WHEREAS, Gordon was hired by Cloud Nine Resorts, L.L.C., which manages The Sky Lodge for Easy Street Partners, to represent it in breach of lease claims against The Gateway Center; and

WHEREAS, on January 9, 2009, The Gateway Center lease was assigned to Easy Street Partners, a parent company of Cloud Nine; and

WHEREAS, Easy Street Partners subsequently commenced a voluntary Chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") and desires Gordon to represent it as special counsel in the breach of lease claims; and

WHEREAS, Cloud Nine has indicated that it will consent, to the extent necessary, to Gordon's representation of Easy Street Partners, and understands that in doing so Gordon will withdraw as counsel for Cloud Nine and solely represent Easy Street before the Bankruptcy Court; and

WHEREAS, Easy Street Partners has indicated that it will consent, to the extent necessary, to Gordon's former representation of Cloud Nine.

## AGREEMENT

Based on these recitals, the parties agree as follows:

1. WAIVER OF CONFLICT AND CONSENT (CLOUD NINE):  Cloud Nine consents to Gordon withdrawing as its counsel, and representing Easy Street as special counsel in the Bankruptcy Case on issues involving Easy Street Partners' lease in The Gateway Center.  Cloud Nine agrees that its interests are aligned with Easy Street Partners in attempting to show that the Gateway Center has materially breached its lease, and that the salient facts in the analysis are the same for both Easy Street and Cloud Nine, and that there is no current conflict.  Cloud Nine recognizes that it could have claims for contribution against Easy Street Partners if there is a determination that damages from the rejection of The Gateway Center lease remain.  By signing this waiver and consent Cloud Nine represents that Gordon has only been involved with the breach of lease claims, and that Cloud Nine's potential claims against Easy Street have never been discussed with Gordon.  Cloud Nine waives any and all conflict that may exist on the issue of The Gateway

1

Lease breach, and agrees to allow Gordon to represent Easy Street in the breach of lease claims in Bankruptcy Court. However, should it be determined that The Gateway Center is owed damages for the rejection of the lease, and Cloud Nine moves forward with claims against Easy Street, the parties agree that Gordon will withdraw as counsel for Easy Street and represent neither party in the ensuing litigation.

2.  WAIVER OF CONFLICT (EASY STREET):  Easy Street consents to Gordon's former representation of Cloud Nine's.  Easy Street agrees that its interests are aligned with Cloud Nine in attempting to show that the Gateway Center has materially breached its lease. Easy Street Partners recognizes that should the claim of breach of lease fail in the Bankruptcy Case, Cloud Nine could have claims against it such as for contribution.  By signing this waiver and consent it understands that Gordon has represented Cloud Nine on the breach of lease issues, and waives any and all conflict it has or may have in hiring Gordon to represent its interests as special counsel on these same issues in the bankruptcy court.  Easy Street agrees that if the breach of lease claims fail before the bankruptcy court, and Cloud Nine files litigation against it, that it will hire separate counsel to represent it in the ensuing litigation.

3.  AGREEMENT OF GORDON:  Based on the waivers and consents set forth above, Gordon agrees to withdraw as counsel for Cloud Nine and to represent Easy Street Partners as special counsel in the Bankruptcy Case on the issues involved with The Gateway Center breach of lease claim.  By withdrawing as counsel for Cloud Nine it will not accept service for it, or in any way continue to represent its interests.  Gordon agrees that should the breach of lease claim fail in the bankruptcy court, and litigation ensue between Easy Street Partners and Cloud Nine, that he will withdraw as counsel and represent neither party in the ensuing litigation. By signing this agreement, Gordon represents that he has been paid in full for the work he has performed for Cloud Nine, and that all billing in the Bankruptcy Case will be sent to Easy Street Partners.

AGREED to this  26th  day of  April , 2010.


_____
Corbin B. Gordon, P.C.
By: Corbin Gordon
Its: President


_____
Easy Street Partners, L.L.C.
By:
Its:  Court Appointed Receiver

2

Cloud Nine Resorts, L.L.C.
By: Bill Shoaf
Its: Manager

# EXHIBIT B

## CONSENT AGREEMENT

This Consent is signed by and between Cloud Nine Resorts, L.L.C. ("Cloud Nine"), Easy Street Partners, L.L.C. ("Easy Street Partners"), and Corbin B. Gordon, P.C. ("Gordon").

## RECITALS

WHEREAS, Gordon was hired by Cloud Nine Resorts, L.L.C., which manages The Sky Lodge for Easy Street Partners, to represent it in breach of lease claims against The Gateway Center; and

WHEREAS, on January 9, 2009, The Gateway Center lease was assigned to Easy Street Partners, a parent company of Cloud Nine; and

WHEREAS, Easy Street Partners subsequently commenced a voluntary Chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") and desires Gordon to represent it as special counsel in the breach of lease claims; and

WHEREAS, Cloud Nine has indicated that it will consent, to the extent necessary, to Gordon's representation of Easy Street Partners, and understands that in doing so Gordon will withdraw as counsel for Cloud Nine and solely represent Easy Street before the Bankruptcy Court; and

WHEREAS, Easy Street Partners has indicated that it will consent, to the extent necessary, to Gordon's former representation of Cloud Nine.

## AGREEMENT

Based on these recitals, the parties agree as follows:

1. WAIVER OF CONFLICT AND CONSENT (CLOUD NINE): Cloud Nine consents to Gordon withdrawing as its counsel, and representing Easy Street as special counsel in the Bankruptcy Case on issues involving Easy Street Partners' lease in The Gateway Center. Cloud Nine agrees that its interests are aligned with Easy Street Partners in attempting to show that the Gateway Center has materially breached its lease, and that the salient facts in the analysis are the same for both Easy Street and Cloud Nine, and that there is no current conflict. Cloud Nine recognizes that it could have claims for contribution against Easy Street Partners if there is a determination that damages from the rejection of The Gateway Center lease remain. By signing this waiver and consent Cloud Nine represents that Gordon has only been involved with the breach of lease claims, and that Cloud Nine's potential claims against Easy Street have never been discussed with Gordon. Cloud Nine waives any and all conflict that may exist on the issue of The Gateway

1

Lease breach, and agrees to allow Gordon to represent Easy Street in the breach of lease claims in Bankruptcy Court. However, should it be determined that The Gateway Center is owed damages for the rejection of the lease, and Cloud Nine moves forward with claims against Easy Street, the parties agree that Gordon will withdraw as counsel for Easy Street and represent neither party in the ensuing litigation.

2. WAIVER OF CONFLICT (EASY STREET): Easy Street consents to Gordon's former representation of Cloud Nine's. Easy Street agrees that its interests are aligned with Cloud Nine in attempting to show that the Gateway Center has materially breached its lease. Easy Street Partners recognizes that should the claim of breach of lease fail in the Bankruptcy Case, Cloud Nine could have claims against it such as for contribution. By signing this waiver and consent it understands that Gordon has represented Cloud Nine on the breach of lease issues, and waives any and all conflict it has or may have in hiring Gordon to represent its interests as special counsel on these same issues in the bankruptcy court. Easy Street agrees that if the breach of lease claims fail before the bankruptcy court, and Cloud Nine files litigation against it, that it will hire separate counsel to represent it in the ensuing litigation.

3. AGREEMENT OF GORDON: Based on the waivers and consents set forth above, Gordon agrees to withdraw as counsel for Cloud Nine and to represent Easy Street Partners as special counsel in the Bankruptcy Case on the issues involved with The Gateway Center breach of lease claim. By withdrawing as counsel for Cloud Nine it will not accept service for it, or in any way continue to represent its interests. Gordon agrees that should the breach of lease claim fail in the bankruptcy court, and litigation ensue between Easy Street Partners and Cloud Nine, that he will withdraw as counsel and represent neither party in the ensuing litigation. By signing this agreement, Gordon represents that he has been paid in full for the work he has performed for Cloud Nine, and that all billing in the Bankruptcy Case will be sent to Easy Street Partners.

AGREED to this _20th_ day of _April_, 2010.

_____
Corbin B. Gordon, P.C.
By: Corbin Gordon
Its: President

_____
Easy Street Partners, L.L.C.
By:
Its: Court Appointed Receiver

2

Cloud Nine Resorts, L.L.C.
By: Bill Shoaf
Its: Manager

3