Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>[FILED ELECTRONICALLY] |

**DECLARATION OF JAMES WINIKOR IN SUPPORT OF THE NOTICE OF
TERMINATION OF STIPULATION AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION TO
WESTLB, AG**

I, James Winikor, declare as follows:

1. I am an Associate Director of WestLB, AG, a German Bank acting through its New York branch ("WestLB"), and I make this declaration ("Declaration") in support of the Notice of Termination of Stipulation Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG (the "Notice of Termination") filed on June 9, 2010. I am a competent witness to give testimony to the facts set forth herein.

2. As an Associate Director of WestLB, I am a custodian of the books and records of WestLB pertaining to that certain loan (the "Loan") made by WestLB and such other co-lenders as may exist from time to time (collectively, the "Lenders") to Easy Street Partners, LLC, a Utah limited liability company ("Easy Street" or the "Debtor") and can confirm that the records and other documents in the files of WestLB constitute writings made in the regular and ordinary course of business of WestLB at or near the time of the events or acts of which they are a record. WestLB serves as the Administrative Agent for the Lenders with respect to the Loan. I make this Declaration based on my personal knowledge and the information contained in the records of WestLB, to which I have access and which this Declaration accurately reflects. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Notice of Termination.

3. WestLB is Easy Street's primary secured creditor, and WestLB has agreed to permit Easy Street to use WestLB's cash collateral pursuant to a stipulation (as amended and extended from time to time, the "Cash Collateral Stipulation"). Although the Cash Collateral Stipulation provided that Debtor's failure to provide a certain minimum treatment of WestLB's secured claim in the Plan would be an event of default under the Cash Collateral Stipulation, the Plan contains a treatment of WestLB's secured claim that does not conform with the minimum agreed-upon terms mandated by the Cash Collateral Stipulation. WestLB has not waived or excused Easy Street's violation of the terms of the Cash Collateral Stipulation.

4. WestLB's cash collateral is held in three levels of accounts – the Operating

Account (the "Operating Account"), which holds funds allocated to accrued and current payables; the Lockbox Account (the "Lockbox Account"), which receives operating revenues and maintains a variable reserve; and the Escrow Accounts (the "Escrow Accounts"), which hold the remaining cash collateral until funding requests call for amounts in excess of then-available funds in the Lockbox Account. In order to request the transfer of funds from Easy Street's Lockbox Account to its Operating Account and, when necessary, from its Escrow Accounts to its Lockbox Account, Easy Street submits to WestLB periodic funds transfer requests.

5. Currently, pursuant to an order by the Court entered on or about January 26, 2010, the funds in the Escrow Account are subject to a $600,000 set aside earmarked (the "Jacobsen Set Aside") for Jacobsen National Group, Inc. d/b/a Jacobsen Construction ("Jacobsen").

6. On June 9, 2010, Easy Street submitted two funding requests ("Requests AC and AD") to WestLB, seeking the transfer of $75,947.87[1] from Easy Street's Lockbox Account and as needed, the Escrow Accounts to Easy Street's Operating Account. A true and correct copy of Requests AC and AD are attached hereto as Exhibit A. Requests AC and AD cover certain payables incurred from May 1, 2010 through June 7, 2010. See Exhibit A hereto.

7. As reported by the Debtor, the closing balance in the Lockbox Account on June 7, 2010 was $125,503.80. After accounting for the variable reserve to be maintained in the Lockbox Account, as currently reported by the Debtor, the funds available in the Lockbox Account are $30,544.24 less than the amounts requested in Requests AC and AD. The balance of these requests would need to be funded from the Escrow Accounts. However, the Escrow Accounts contain only $16,995.73 in excess of the $600,000 subject to the Jacobsen Set Aside.

8. Under the current restrictions on use of cash collateral, WestLB's funding of Requests AC and AD, as currently presented, would (i) deplete the Lockbox Account such that only the currently calculated variable reserve would remain on account, (ii) completely deplete the Escrow Account cushion and (iii) invade a portion of the Jacobsen Set Aside.

---

[1] Such amounts are currently not yet fully reviewed or approved by WestLB.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2010, at New York, New York.

*/s/ James Winikor*
JAMES WINIKOR