Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
   hunt.peggy@dorsey.com
   kotter.benjamin@dorsey.com

Richard W. Havel (10759)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et al.*, | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors. | ) | 09-29907 and 09-29908 |
| | ) | |
| Address: 201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | [FILED ELECTRONICALLY] |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | |
| | ) | |

**WESTLB, AG'S OBJECTION TO THE APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR AUTHORIZATION TO EMPLOY
VICI CAPITAL PARTNERS AS RESTRUCTURING ADVISOR**

WestLB AG ("WestLB"), a secured creditor in the above-captioned bankruptcy proceeding, by and through its undersigned counsel, hereby objects to the Application of Official Committee of Unsecured Creditors for Authorization to Employ Vici Capital Partners as Restructuring Advisor [Docket No. 530] (the "Application").  The Official Committee of Unsecured Creditors (the "Committee") argues that it requires the services of Vici Capital Partners, LLC ("Vici") to "deal with financial constituencies in the case, and to aid its efforts in analyzing the Debtor's operations and capital structure, and providing the financial underpinnings for either a plan or the analysis of plans which are submitted."  Application, p. 3-4.  However, for the reasons set forth below, including that the Committee's Application is untimely, will unnecessarily increase administrative expenses, fails to disclose or justify a minimum $200,000 success fee, and is simply not in the best interest of creditors.  In support of this objection, WestLB represents as follows:

**THE APPLICATION IS UNTIMELY**

1. The Committee's decision to employ a financial advisor in the advanced stages of this bankruptcy case is simply too late.

2. This case was filed on September 14, 2009 (the "Petition Date").  Since that time, the Debtor has repeatedly stipulated to certain case benchmarks moving towards confirmation of a plan of reorganization, but has consistently failed to meet those benchmarks.  For example,

   i. The Debtor originally agreed to supply a proposed term sheet to WestLB on December 3, 2009, file an proposed plan of reorganization and disclosure statement acceptable to WestLB on or before December 23, 2009 with a confirmation hearing on that proposed plan to be held prior to March 31, 2010.

      *See* Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 84].

ii.     When the Debtor could not meet those benchmarks, WestLB agreed to extend the consensual use of cash collateral four additional months to April 30, 2010 with a term sheet to be provided by December 23, 2009 and a proposed plan and disclosure statement acceptable to WestLB to be filed by January 11, 2010. The hearing on the adequacy of the disclosure statement was be heard no later than February 11, 2010. *See* Extension of Certain Deadlines of Stipulation Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 234]. Indeed, the Debtor did not file its proposed plan of reorganization [Docket No. 323] and disclosure statement [Docket No. 321] until February 25, 2010.

iii.     When the Debtor failed to adhere to these benchmarks in progressing the case toward confirmation, WestLB again agreed to the consensual use of cash collateral this time first through May 31, 2010 and then through June 30, 2010. *See* Second [and] Third Extension[s] of Certain Deadlines of Stipulation Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket Nos. 457 and 521]

iv.     At various times the Debtor has scheduled the confirmation hearing on the Debtor's proposed plan for March 30, 2010, April 27, 2010, May 26, 2010, June 11, 2010 and currently, June 25, 2010. *See* Amended , Second Amended, Third

    Amended, and Fourth Amended Notices of Hearing on Confirmation of Plan and Related Deadlines [Docket Nos. 378, 435, 486, and 527].

  v.  Finally, the Debtor has sought yet again to extend the exclusivity period to solicit acceptances of its plan through July 6, 2010. *See* Second Motion of Easy Street Partners, LLC to Extend Exclusive Period for Soliciting and Obtaining Acceptances of its Amended Plan of Reorganization [Docket No. 446].

  3.  The Debtor, recognizing that during ski season it was projected to have positive cash flow while the cash flow would become negative after the winter months, committed to each of these case benchmarks, but has failed to timely meet practically any deadline as first proposed.

  4.  Adding an additional professional after such substantial delay – when the snow has melted and the Debtor is in its least viable time of year – should not be allowed.

**THE APPLICATION IS TOO EXPENSIVE**

  5.  The Application seeks to employ Vici for a flat fee of $35,000 for the first month of work and then at an hourly rate of $300 thereafter. Although the Committee expects the bulk of the work to be completed in the first month, Vici's engagement contains no requirement of certain work to be performed within that time frame, thus leaving open potential for abuse.

  6.  The Application also does not clearly disclose that Vici's proposed engagement entitles Vici to a success fee of at least $200,000. Although the additional fee is contained in the engagement letter attached as Exhibit B to the Application, nowhere in the actual Application is this additional substantial fee disclosed. Furthermore, there is a potential that any success fee

owing to Vici would be layered on top of any success fee owed to BDRC 4Sight, LLC ("BDRC").[1]

7. Over less than a nine month period, which includes the cash generating portion of the year, the Debtor's cash collateral has decreased from approximately $3.2 million on the Petition Date to $742,499.53 as of June 7, 2010. Of this amount, $600,000 has been earmarked for Jacobsen National Group, Inc. d/b/a Jacobsen Construction ("Jacobsen"). Accordingly, there is little precious cash available to fund the Debtor's ongoing operations. Further, the cash collateral stipulations have never provided for a budget including the costs of a financial advisor for the Committee.

**WESTLB HAS WITHDRAWN ITS CONSENT TO THE USE OF CASH COLLATERAL**

8. On June 9, 2010, WestLB filed its Notice of Termination of Stipulation Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection to WestLB, AG [Docket No. 550] (the "Notice of Termination").

9. As set forth in the Notice of Termination, WestLB has withdrawn its consent to the continued use of its cash collateral and has explicitly made WestLB's further consent conditioned upon the withdrawal of the carve-out of fees and expenses for professionals, which would include any proposed payments to Vici. Thus, there is no cash in the estate to pay Vici, which means that authorizing the employment of Vici will simply build up more unpaid administrative expenses in the case at a time when it is unclear whether those administrative expenses can be paid.

---

[1] BDRC's engagement allows it to claim a success fee related to the procurement of exit financing and/or new equity as "mutually agreed." See Debtor's Application to Employ BDRC 4Site, LLC as Co-Manager, Exhibit B, Sch. II [Docket No. 148].

**THE APPLICATION IS NOT IN THE BEST INTEREST OF CREDITORS**

10. The Application is not in the best interest of creditors. Up to this point, the Committee has not seen a need to have a financial advisor with respect to the Debtor's proposed plan and the plan now to be proposed by WestLB treats unsecured creditors similarly to what the Debtor previously proposed. Furthermore, much of what the Committee proposes to have Vici do is duplicative of the services that have already been provided by BDRC and no justification has been provided for why yet another professional should be paid for providing overlapping services. These overlapping services include searching for additional capital and investors as well as assisting in the development of a plan of reorganization and the restructuring of existing debt.

11. The Committee represents the interests of unsecured creditors with claims that are, cumulatively, much smaller than the claims held by secured and other priority creditors. The application of the Committee neither demonstrates any unique issues its constituency faces nor identifies any information to which it does not otherwise have access that would justify this expense and potential delay. Further, the application's oblique references to a potential creditors' plan does not justify this expense where there is no substance accompanying this vague suggestion that would make this option feasible (including no evidence of any details or of the ability to finance such a plan).

12. The use of the estate's limited cash to employ a financial advisor in the circumstances present in this bankruptcy case to perform services that are largely duplicative of what BDRC has done and is capable of, is simply not warranted and not in the best interest of creditors.

**WHEREFORE**, WestLB, respectfully requests that for the reasons set forth above, the Application be denied.

DATED this 10th day of June, 2010.

**DORSEY & WHITNEY LLP**

*/s/ Benjamin J. Kotter*
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
**SIDLEY & AUSTIN, LLP**

Attorneys for WestLB, AG