Annette Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com
Email: kotter.benjamin@dorsey.com

Richard W. Havel (10759)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> EASY STREET HOLDING, LLC, *et al.*, ) <br> ) <br> Debtors. ) <br> ) <br> Address: 201 Heber Avenue ) <br> Park City, UT 84060 ) <br> ) <br> Tax ID Numbers: ) <br> 35-2183713 (Easy Street Holding, LLC), ) <br> 20-4502979 (Easy Street Partners, LLC), and ) <br> 84-1685764 (Easy Street Mezzanine, LLC) ) <br> ) | Bankruptcy Case No. 09-29905 <br> Jointly Administered with Cases <br> 09-29907 and 09-29908 <br><br> Chapter 11 <br><br> Honorable R. Kimball Mosier <br><br> DATE: <br> TIME: <br> PLACE: |

## EX PARTE MOTION FOR ORDER SHORTENING TIME
## ON DISCLOSURE STATEMENT HEARING

Pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1(a), WestLB, AG ("WestLB"), a secured creditor in the above-captioned bankruptcy proceeding, by and through its undersigned counsel, moves this Court to reduce the time for notice of, response to, and the hearing on WestLB's Motion to Approve WestLB's Disclosure Statement (the "Motion") as providing adequate information and for purposes of solicitation at

the hearing scheduled for June 25, 2010, provided that WestLB files the WestLB Disclosure Statement on or before June 16, 2010.

Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1(a) both allow this Court to reduce the time for notice of, response to, and the hearing on the Motion "for cause shown." After repeatedly representing to the Court and creditors that the reorganization of the Debtor must be, and would be accomplished quickly, Easy Street has now sought a third time to extend exclusivity beyond the timeline agreed upon in the Cash Collateral Stipulation and beyond the exclusive solicitation period provided by the Bankruptcy Code. Easy Street seeks this further extension despite its swiftly declining cash position, its inability to fund its current Plan (which has now been on file for five months), and pursuit of a plan which cannot be confirmed over WestLB's objection (and the attempted confirmation of which will waste valuable estate resources).

As discussed in the Second Opposition of WestLB, AG to Second Motion of Easy Street Partners, LLC to Extend the Exclusive Period for Soliciting and Obtaining Acceptances of Its Amended Chapter 11 Plan of Reorganization [Docket No. 552], WestLB is now prepared to propose and confirm the Competing Plan, which substantially tracks the treatment of classes contained in the Debtor's Plan (the disclosure statement for which has already been approved and votes solicited based on that disclosure statement) and which WestLB believes will be acceptable to the Debtor's primary constituencies. Since the only creditors whose treatment has changed materially compared to the Plan are WestLB, who proposes the Competing Plan, and certain insiders whose votes will not be solicited and who have access to more information about the Debtors than WestLB, WestLB believes that (with a minor supplement) the current

-2-

Disclosure Statement provides adequate notice of the terms of the Competing Plan for purposes of solicitation.  Unlike the Plan and any new plan structure the Debtor will present, WestLB believes that the Competing Plan can be confirmed in a timely matter.  As previously noted, given the Debtors' weakening cash position, it is imperative that confirmation of a plan move forward quickly.  WestLB therefore requests that, to promote the best interest of creditors in this case and to allow for the greatest likelihood of a confirmable plan in the shortest time, the Court consider approval of the WestLB Disclosure Statement as providing adequate information and for purposes of solicitation at the hearing scheduled for June 25, 2010, provided WestLB files the WestLB Disclosure Statement on or before June 16, 2010.

Accordingly, WestLB requests that the Court shorten the time for notice of the Motion, with notice of the Motion to be served via the Court's ECF/CM system on June 16, 2010, any objections to the Motion to be filed with the Court, with a copy to be served upon counsel for the WestLB, the United States Trustee, and upon other parties in interest who have requested such notice on or before 4:30 p.m. (Mountain Standard Time), Tuesday, June 22, 2010, and that the Motion be heard at 10:00 a.m., Friday, June 25, 2010.

DATED this 11th day of June, 2010.

**DORSEY & WHITNEY LLP**

  /s/ Benjamin J. Kotter
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
**SIDLEY & AUSTIN, LLP**
*Attorneys for WestLB, AG*

-3-