**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASY STREET HOLDING, LLC, *et. al.* | ) | Bankruptcy Case No. 09-29905 |
| | ) | Jointly Administered with Cases |
| Debtors | ) | 09-29907 and 09-29908 |
| | ) | |
| Address:   201 Heber Avenue | ) | Chapter 11 |
| Park City, UT 84060 | ) | |
| | ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: | ) | |
| 35-2183713 (Easy Street Holding, LLC), | ) | |
| 20-4502979 (Easy Street Partners, LLC), and | ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) | ) | **[FILED ELECTRONICALLY]** |
| | ) | |

**AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC AND
WESTLB, AG DATED JUNE 16, 2010**

**SIDLEY AUSTIN LLP**
Richard W. Havel (10759)
Christina M. Craige (Cal. Bar No. 251103)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**DORSEY & WHITNEY LLP**
Annette W. Jarvis (1649)
Peggy Hunt (6060)
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101-1685
Telephone: (801) 933-8933
Facsimile: (801) 933-7373

Counsel for WestLB, AG, as Administrative Agent

**CROWELL & MORING LLP**
Michael V. Blumenthal (admitted pro hac vice)
Steven B. Eichel (admitted pro hac vice)
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

**DURHAM JONES & PINEGAR, P.C.**
Kenneth L. Cannon II (3705)
Steven J. McCardell (2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Reorganization Counsel for the Debtors and Debtors in Possession

# TABLE OF CONTENTS

ARTICLE I. Definitions ................................................................................................................. 2

ARTICLE II. Treatment of Administrative and Priority Claims .................................................. 10

ARTICLE III. Designation of Claims and Interests ..................................................................... 12

ARTICLE IV. Claims and Interests Impaired Under the Plan ..................................................... 12

ARTICLE V. Treatment of and Methods of Distribution to Classes Under the Plan .................. 13

ARTICLE VI. Provisions as to Disputed Claims and Distributions ............................................ 17

ARTICLE VII. Means for Execution of the Plan ........................................................................ 21

ARTICLE VIII. Executory Contracts .......................................................................................... 23

ARTICLE IX. Discharge of the Debtor ........................................................................................ 26

ARTICLE X. Conditions Precedent ............................................................................................. 27

ARTICLE XI. General Provisions ................................................................................................ 28

ARTICLE XII. Retention of Jurisdiction ..................................................................................... 37

## **Introduction**

WestLB, AG New York Branch ("WestLB") and Easy Street Partners, LLC ("Partners" or the "Debtor") hereby propose the following plan of reorganization pursuant to § 1121(c) of the Bankruptcy Code.  Reference is made to the Disclosure Statement (as defined herein) for results of operations, projections for future operations, risk factors, a summary and analysis of the Plan (as defined herein) and certain related matters.  WestLB and Partners are the proponents of the Plan within the meaning of section 1129 of the Bankruptcy Code (as defined herein).

These cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of the United States Bankruptcy Court for the District of Utah, Central Division.  The Plan does not contemplate substantive consolidation of Partners with any of the Other Debtors, and this Plan is for Partners only.

Under section 1125(b) of the Bankruptcy Code, a vote to accept or reject the Plan cannot be solicited from a holder of a Claim or Interest until such time as the Disclosure Statement has been approved by the Bankruptcy Court and distributed to holders of Claims and Interests.  ALL HOLDERS OF CLAIMS AND INTERESTS ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code, Rule 3019 of the Bankruptcy Rules (as defined herein) and the Plan, WestLB expressly reserves the right to alter, amend or modify the Plan, one or more times, before its substantial consummation in accordance with Section 11.6 herein; provided however, that any amendment or modification made after the Voting Deadline that materially and adversely alters

the treatment of any Class entitled to a distribution under the Plan shall require the approval of either (i) the Bankruptcy Court or (ii) the affected Class.

## ARTICLE I.

### Definitions

The following terms shall have the respective meanings set forth below. In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require. Any term not defined herein which is defined by the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code, and otherwise shall have the meaning ascribed to it in the Disclosure Statement.

1.1    "Administrative Claim" means a claim which is not a secured claim, accruing from and after the Filing Date, including the fees and expenses of professional persons retained or to be compensated pursuant to the Bankruptcy Code, and any fees or charges assessed against the Debtor's estate under Chapter 123, title 28, of the United States Code.

1.2    "Allowed Claim" means a Claim or any portion thereof (a) that has been allowed by a Final Order, (b) as to which, on or by the Effective Date (i) no proof of claim has been filed with the Bankruptcy Court and (ii) the liquidated and noncontingent amount of which is Scheduled, other than a Claim that is Scheduled at zero, in an unknown amount, or as disputed, (c) for which a proof of claim in a liquidated amount has been filed pursuant to the Bankruptcy Code or any order of the Bankruptcy Court and as to which either (x) no objection to its allowance has been filed within the periods of limitation fixed by the Plan, the Bankruptcy Code or any order of the Bankruptcy Court or (y) any objection to its allowance has been settled,

waived through payment or withdrawn, or has been denied by a Final Order or (d) that is

expressly allowed in a liquidated amount in the Plan.

1.3     "Allowed . . . Claim" means an Allowed Claim of the particular type or Class

described.

1.4     "Alternative Funder" means any person or entity other than the Plan Funder that

provides funding as required for the Plan Proponents to confirm this Plan.

1.5     "Assets" means all property of the Estate as defined in section 541 of the

Bankruptcy Code including, without limitation, any causes of action commenced by Partners on

or before the Confirmation Date and any causes of action arising in favor of Partners' estate

under chapter 5 of the Bankruptcy Code.

1.6     "Ballot" means each of the ballot forms distributed to each holder of an impaired

Claim or Interest on which the holder of such Claim or Interest is to indicate acceptance or

rejection of this Plan.

1.7     "Bankruptcy Code" means Title 11, United States Bankruptcy Code, 101 *et seq.,*

commonly referred to as the Bankruptcy Code.

1.8      "Bankruptcy Court" means the United States Bankruptcy Court for the District of

Utah, Central Division or such other court as may have jurisdiction over Partners' Chapter 11

bankruptcy case.

1.9     "BayNorth" means BayNorth Realty Fund VI, LP.

1.10    "Business Day" means any day other than a Saturday, Sunday or legal holiday as

defined in Bankruptcy Rule 9006(a).

1.11    "Claim" means a claim against Partners as defined in § 101(5) of the Bankruptcy

Code.

1.12    "Class" means a group of claims or interests, consisting of Claims or Interests which are substantially similar to each other, as classified pursuant to the Plan.

1.13    "CloudNine" means CloudNine Resorts - Sky Lodge Management, LLC and CloudNine Resorts - Sky Lodge Development, LLC.

1.14    "Confirmation Date" means the date the Confirmation Order is entered on the docket of the Bankruptcy Court.

1.15    "Confirmation Order" means the order of the Bankruptcy Court approving the Plan pursuant to § 1129 of the Bankruptcy Code and related sections thereof.

1.16    "Creditors' Committee" means the Official Committee of Unsecured Creditors for the Debtors' cases appointed by the United States Trustee on or about October 2, 2009.

1.17    "Cure Claim" has the meaning ascribed to it in Article 8.5 of the Plan.

1.18    "Disbursing Agent" means the Person or Entity designated in the Plan Supplement to disburse funds in accordance with the terms of this Plan.  The Disbursing Agent may be the Reorganized Debtor.

1.19    "Debtor" means Easy Street Partners, LLC.

1.20    "Disclosure Statement" means the Amended Disclosure Statement With Respect to Amended Plan of Reorganization of Easy Street Partners, LLC Dated February 18, 2010.

1.21    "Disputed Claim" means (a) any Claim as to which Partners or any other party-in-interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code or the Bankruptcy Rules, or any claim otherwise disputed by Partners, the Creditors' Committee, or the Reorganized Debtor or other party in interest in accordance with

4

applicable law, which objection has not been withdrawn or determined by a Final Order, and (b)

any Claim scheduled by Partners as contingent, unliquidated or disputed, where a proof of claim

has not been timely filed.

1.22    "Effective Date" means the first business day after the 30th day subsequent to the

Confirmation Order becoming a Final Order.  Notwithstanding the foregoing, the Effective Date

may occur before the first business day after the 30th day subsequent to the Confirmation Order

becoming a Final Order if the conditions contained in Article 10.2 of the Plan have been satisfied

or waived in accordance with Article 10.3, or may be extended (i) for ten (10) business days

beyond such date in the sole discretion of WestLB and (ii) for such additional time as may be (a)

agreed upon by WestLB, Partners, and the Committee or (b) authorized by order of the court

extending the time for cause.  WestLB shall file a notice in the Bankruptcy Court informing

parties-in-interest of any change in the Effective Date.

1.23    "Entity" shall have the meaning set forth in § 101(15) of the Bankruptcy Code.

1.24    "Estate" means the Debtor's property as defined in section 541 of the Bankruptcy

Code.

1.25    "Final Order" means an order or a judgment which has not been reversed or

stayed and as to which (i) the time to appeal or to seek review, rehearing or certiorari has expired

pursuant to Rule 8002 of the Bankruptcy Rules and (ii) (a) no appeal or petition for review,

rehearing or certiorari is pending or (b) in the case of appeal, any such appeal or petition for

review, rehearing or certiorari has been dismissed.

1.26    "General Unsecured Claim" means a Claim, other than a Claim held by

CloudNine, which is not entitled to priority under § 507(a) of the Bankruptcy Code and which is

not secured by a valid, perfected security interest or lien and including a Claim, if any, arising from the rejection of an executory contract.

1.27    "Impaired" when used with respect to any Claim, Interest or Class, has the same meaning as that contained in § 1124 of the Bankruptcy Code.

1.28    "Interest" means the membership rights of the equity interests holders in Partners prior to the Confirmation Date.

1.29    "Interest Holder" means Easy Street Mezzanine, LLC.

1.30    "Jacobsen" means Jacobsen National Group, Inc.

1.31    "Jacobsen Secured Claim" means the Claim of Jacobsen against Partners in the amount of $1.5 million, which Claim is secured by liens on and against the Property.

1.32     "Other Debtors" means Easy Street Mezzanine, LLC and Easy Street Holding, LLC.

1.33    "Other Secured Claims" means the Claims of secured creditors other than WestLB, Jacobsen and the Subcontractors.

1.34    "Other Secured Creditors" means the holders of Other Secured Claims.

1.35    "Partners" means Easy Street Partners, LLC.

1.36    "Person" shall have the meaning as set forth in §101(41) of the Bankruptcy Code.

1.37    "Petition Date" means September 14, 2009, the date on which the Debtor filed its Chapter 11 petition.

1.38    "Plan" means this plan of reorganization, and all exhibits hereto, as the same may be modified or amended from time to time as and to the extent permitted herein or by the Bankruptcy Code.

6

1.39    "Plan Funder" means the person or entity that provides funding as required for the Plan Proponents to confirm this Plan, which will be WestLB or an entity formed by WestLB or an affiliate of WestLB.

1.40    "Plan Proponents" means collectively WestLB and Partners as the proponents of this Plan within the meaning of section 1127 of the Bankruptcy Code.  Except as otherwise provided in the Plan, all decisions, approvals, or other acts to be taken by the Plan Proponents under the Plan shall be made by WestLB, after reasonable consultation with Partners.  If the Plan explicitly provides that an action be taken by both Plan Proponents or requires the approval or consent of the Debtor as a Plan Proponent, the Debtor's approval or consent may not be unreasonably withheld.  If either Partners or WestLB ceases to be a Plan Proponent, in accordance with the terms of Section 11.6 of this Plan, then the remaining Plan Proponent shall be the sole proponent of this Plan.

1.41    "Plan Supplement" means the compilation of information, documents and forms of documents specified in the Plan that shall be filed with the Clerk of the Bankruptcy Court on or before June 21, 2010.

1.42    "Priority Claim" means the portion of a Claim entitled to priority under § 507(a) of the Bankruptcy Code.

1.43    "Priority Tax Claim" means a claim of a governmental unit of the kind specified in sections 502(i) and 502(a)(8) of the Bankruptcy Code.

1.44    "Professional" means a person retained by order of the Court pursuant to §§ 327 or 1103 of the Bankruptcy Code and whose compensation is governed by § 330 of the Bankruptcy Code.  The term "Professional" shall not include the Disbursing Agent or the United States Trustee.

1.45    "Professional Claims" means the Allowed Claims of a Professional retained in these bankruptcy cases for compensation for services rendered or reimbursement of costs, expenses or other charges and expenses incurred on or after the Petition Date and prior to and including the Effective Date.

1.46    "Property" means the real property and buildings and improvements thereon owned by Partners located at 201 Heber Avenue in Park City, Utah, a/k/a The Sky Lodge Hotel and 660 Main Street, Park City, Utah 84060.

1.47    "Record Date" means February 18, 2010, the date set by the Bankruptcy Court closing the claims register for purposes of determining the identity of holders of Claims and Interests entitled to vote to accept or reject the Plan.

1.48    "Released Parties" has the meaning ascribed to it in section 11.2 of the Plan.

1.49    "Reorganized Debtor" means Partners after the Effective Date of the Plan or such other Entity formed by the Plan Funder or the Alternative Funder.

1.50    "Restructured Loan Documents" means loan documents to be executed by and between the Reorganized Debtor and WestLB, which documents restructure the WestLB Secured Claim on terms mutually acceptable to WestLB, Partners, and the Plan Funder or Alternative Funder, as applicable, and which documents shall be executed on or before the Effective Date and which shall become binding on the Reorganized Debtor on and after the Effective Date. Partners' approval of the Restructured Loan Documents shall not be unreasonably withheld.

1.51    "Scheduled" means, with respect to any Claim or Interest, the status and amount, if any, of such Claim or Interest as set forth in the Schedules.

1.52    "Schedules" means the schedules of assets and liabilities filed by Partners on

October 15, 2009 in accordance with Bankruptcy Rule 1007(b) (as they may be amended from

time to time in accordance with Bankruptcy Rule 1009).

1.53     "Secured Claim" means a Claim secured by a valid, perfected and enforceable

lien on the Assets, to the extent of the value of the interest of the holder of such Secured Claim in

such Assets as determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy

Code.

1.54    "Secured Creditor" means the holder of a claim which is secured by a valid,

perfected and enforceable lien on property of the Debtor, to the extent of the value of the interest

of the holder of such secured claim in such property as determined by the Bankruptcy Court

pursuant to § 506(a) of the Bankruptcy Code or as acknowledged in writing by the Debtor.

1.55    "Subcontractors" means the persons who or entities that contracted with Jacobsen

and provided services or materials in connection with construction of the Property.

1.56    "Third Party Units" has the meaning ascribed to it in section 5.2(c) of the Plan.

1.57    "365 Diligence" has the meaning ascribed to it in section 8.6 of the Plan.

1.58    "Unit" means a one-eighth fractional share of one of the 22 residential units at the

Property entitling the owner to two ski weeks (mid –December through mid-April) each year,

plus 21 days throughout the year.  There are 176 Units at the Property, of which 113 Units were

sold prior to the Petition Date.

1.59    "WestLB" means WestLB AG, New York Branch, in its capacity as agent for

itself and such other co-lenders as might exist from time to time under the WestLB Loan

Documents providing secured funding to Partners.

1.60    "WestLB Adversary Proceeding" means the adversary proceeding commenced on January 12, 2010, by the Creditors' Committee against WestLB in the Bankruptcy Court seeking to (i) equitably subordinate the claims of WestLB to the Claims of all unsecured creditors of Partners and (ii) avoid Partners' waiver of its claims against WestLB and recover such claims for the benefit of Partners' estate.

1.61    "WestLB Loan Documents" means those loan documents giving rise to the WestLB Secured Claim, as further identified in and including the Cash Collateral Stipulation (as defined in the Disclosure Statement).

1.62    "WestLB Secured Claim" means the Claim of WestLB against Partners, which is estimated as of July 1, 2010, to be in the Allowed amount of $16.2 million, provided that the Effective Date occurs on or before July 31, 2010, pursuant to and consistent with § 506 of the Bankruptcy Code, which Claim is secured by a lien on and against the Property and substantially all of Partners' other Assets.

## ARTICLE II.
## Treatment of Administrative and Priority Claims

2.1    With respect to Administrative Claims other than Administrative Claims of Professionals, except to the extent that a holder of an Allowed Administrative Claim agrees to a different treatment, the Allowed Administrative Claims shall be paid (i) in the ordinary course of business, or (ii) on the Effective Date (or as soon as practicable thereafter) if not an ordinary course claim, or (iii) within ten (10) days of entry of a Final Order allowing such Administrative Claim.

2.2    With respect to Administrative Claims of Professionals, the Allowed Administrative Claims of Professionals shall be paid in full on the later of: (i) the Effective Date

or (ii) fifteen (15) days after entry of an order of the Court approving the allowance of such fees

and expenses of such Professional on a final basis pursuant to section 330 of the Bankruptcy

Code.

2.3     With respect to the Administrative Claim of the United States Trustee, Partners

shall pay all fees due and payable under section 1930 of Title 28 within ten (10) days after the

Effective Date.  In addition, Partners or the Reorganized Debtor shall pay the United States

Trustee quarterly fees due and payable on all disbursements, including plan payments and

disbursements in and outside of the ordinary course of business until entry of a Final Decree,

dismissal of the case or conversion of the case to a case under chapter 7, as such obligations

become due.

2.4.     With respect to Priority Claims, except to the extent that a holder of an Allowed

Priority Tax Claim agrees to a different treatment, each holder of an Allowed Priority Tax Claim

shall receive equal quarterly Cash Payments over a period not exceeding five (5) years from the

Petition Date, with the first payment to occur on the first business day of the third month after

the Effective Date, at an interest rate of 6% or a rate agreed upon between the Reorganized

Debtor and the taxing authority or otherwise set by the Bankruptcy Court.

2.5     All Allowed Priority Tax Claims that are not due and payable on or before the

Effective Date shall be paid in the ordinary course of business as such obligations become due.

2.6     All other Priority Claims shall be paid in full on the Effective Date.

## ARTICLE III.

### Designation of Claims and Interests

The following Classes of Claims and Interests are designated pursuant to and in accordance with § 1123(a)(1) of the Bankruptcy Code:

3.1      "Class 1 Claim" shall consist of the Allowed WestLB Secured Claim.

3.2      "Class 2 Claim" shall consist of the Allowed Jacobsen Secured Claim.

3.3      "Class 3 Claims" shall consist of the All Other Allowed Secured Claims against Partners.

3.4      "Class 4 Claims" shall consist of the Allowed General Unsecured Claims against Partners.

3.5      "Class 5 Claims" shall consist of the Allowed Claims of the owners of the Third Party Units.

3.6      "Class 6 Claims" shall consist of the Allowed CloudNine Claims against Partners.

3.7      "Class 7 Interests" shall consist of the Interests in Partners.

## ARTICLE IV.

### Claims and Interests Impaired Under the Plan

4.1      Class 1 Claims, Class 2 Claims, and Class 4 Claims are impaired under the Plan and are entitled to vote on the Plan.  Class 5 Claims are treated as impaired under the Plan and are entitled to vote on the Plan.  Class 6 Claims and Class 7 Interests are impaired but will receive no distribution under the Plan and are therefore conclusively deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

## ARTICLE V.

### Treatment of and Methods of Distribution to Classes Under the Plan

5.1     Class 1 Claim.  The WestLB Secured Claim shall be Allowed in the full amount due and owing under the WestLB Loan Documents, in the amount of $16.2 million and shall be accorded the following treatment:

(a)    Subject to 5.1(b), in full and complete satisfaction, settlement and release of and in exchange for the Allowed WestLB Secured Claim, WestLB shall receive on the Effective Date the Restructured Loan Documents, but if the Plan is financed by an Alternative Funder, WestLB shall receive the treatment for the Allowed WestLB Secured Claim which has been negotiated as between WestLB and the Alternative Funder.

(b)    Notwithstanding the foregoing, the treatment provided in respect of the Allowed WestLB Claim shall not be deemed to satisfy such Claim for the purposes of determining liability of any third party in respect of such Claim, and no treatment provided in respect of the Allowed WestLB Secured Claim shall limit or impair or be deemed to limit or impair any rights and claims WestLB may hold against third parties in respect of the Allowed WestLB Secured Claim.

(c)    The CloudNine Resorts LLC guaranty of WestLB's loan to Partners shall be cancelled as of the Effective Date.

(d)    Class 1 is impaired by the Plan. WestLB, as the sole holder of the Class 1 Claim, is entitled to vote to accept or reject the Plan.

5.2     Class 2 Claim.

(a)    In full and complete satisfaction, settlement and release of and in exchange for the Allowed Jacobsen Secured Claim, as well as all claims of Jacobsen's Subcontractors (including Gunthers Comfort Air ("Gunthers")), whether they filed mechanics' liens or any other claims against Partners, Easy Street Mezzanine, LLC, Easy Street Holding, LLC and the owners of Third Party Units, pursuant to sections 5.2(a), 5.2(d) and 5.2(e), the holder of the Allowed Jacobsen Secured Claim shall have an Allowed Secured Claim in the amount of $1.5 million, which shall accrue interest at 8% simple interest from and after the Confirmation Date on the outstanding principal balance of the Allowed Jacobsen Secured Claim, and the Claim shall be treated as follows:

The holder of the Allowed Jacobsen Secured Claim shall be paid a discounted cash payment on the Effective Date equal to $1,330,000 and shall utilize the funds it receives to pay

its Subcontractors, including, but not limited to, Gunthers, in full and complete satisfaction, settlement and release of all Claims of Jacobsen and each of its Subcontractors, including Gunthers, against the Debtor and the owners of the Third Party Units.  Gunthers will be paid from this cash payment an amount agreed upon by Jacobsen and Gunthers in full satisfaction of Gunthers' allowed secured claim.

(b) Jacobsen and its Subcontractors shall be enjoined from foreclosing on Assets of the Reorganized Debtor, provided that the Reorganized Debtor has made the $1,330,000 payment provided in the Plan to Jacobsen.

(c) All pending actions against Units owned by third parties (the "Third Party Units") and the third parties owning the Units shall be stayed for a period from the Confirmation Date to the earlier of (a) the date of payment of the $1,330,000, or (b) August 1, 2010.

(d) Upon Jacobsen's receipt of the $1,330,000, (i) the lien of Jacobsen and any Subcontractor (including Gunthers) on the Third Party Units shall be deemed released and satisfied and Jacobsen and the Subcontractors (including Gunthers), as applicable, shall execute and timely record such documents releasing its lien with respect to the Third Party Units (irrespective of source of payment), and (ii) Partners and the owners of the Third Party Units shall be dismissed with prejudice from the litigation commenced by Jacobsen and the Subcontractors (including Gunthers) to enforce their liens.

(e) Upon satisfaction of the Allowed Jacobsen Secured Claim, the liens of Jacobsen and all Subcontractors (including Gunthers) on the Property and the Third Party Units shall be deemed released and satisfied and the holder of the Allowed Jacobsen Secured Claim and all Subcontractors (including the holder of Gunthers' allowed secured claim) shall execute and timely record such documents releasing their liens on the Property, and all Assets of the Reorganized Debtor and all the Third Party Units, as is requested by and reasonably acceptable to the Reorganized Debtor.

(f) Under any circumstance, upon payment to Jacobsen of $4,500 (the "Unit Release Price") for a particular Third Party Unit, then Jacobsen shall remit a pro rata or otherwise agreed-upon percentage of the Unit Release Price to any Subcontractors that also have filed liens against the particular Third Party Unit for which the Unit Release Price has been paid, and  (i) the lien of Jacobsen and any Subcontractor on the particular Third Party Unit for which the Unit Release Price is received shall be deemed released and satisfied and Jacobsen and the Subcontractor, as applicable, shall execute and timely record such documents releasing its lien with respect to that particular Third Party Unit (irrespective of source of payment), and (ii) the owner of the Third Party Unit shall be dismissed with prejudice from

14

litigation commenced by Jacobsen and any Subcontractor to enforce their liens. Upon payment of each Unit Release Price (irrespective of who made the payment), the Reorganized Debtor shall be credited for the amount paid and such amount shall reduce the principal amount of the Allowed Jacobsen Secured Claim accordingly.  In the event an owner of a Third Party Unit pays the Unit Release Price, the Debtor or Reorganized Debtor, as the case may be, shall promptly reimburse the owner of the applicable Third Party Unit the Unit Release Price paid.

(g) The treatment provided herein to the holder of the Allowed Jacobsen Secured Claim shall be in full satisfaction, discharge and release to the Debtor of all of the obligations to the holders of the Allowed Jacobsen Secured Claim as well as Claims of the Subcontractors.

(h) Notwithstanding anything contained in the Plan, the Reorganized Debtor shall retain all warranty claims against Jacobsen, and Jacobsen shall retain any and all defenses to any claims asserted against it by either the Debtor or the owners of any Third Party Units.

(i) Class 2 is impaired by the Plan. Jacobsen, as the sole holder of the Class 2 Claim, is entitled to vote to accept or reject the Plan.

5.3    Class 3 Claims.

(a) In full and complete satisfaction, settlement and release of and exchange for the Allowed Other Secured Claims, on the Effective Date, except to the extent that the holder of an Other Secured Claim agrees to a less favorable treatment, all Other Secured Creditors shall be separately classified and their collateral will either be assigned to such Other Secured Creditor as the indubitable equivalent of such claim or the secured claim shall be reinstated or rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, notwithstanding any contractual provision or applicable nonbankruptcy law that entitles the holder of an Other Secured Claim to demand or receive payment of such Claim prior to its stated maturity from and after the occurrence of a default.

(b) Class 3 is unimpaired by the Plan. Each holder of an Allowed Class 3 Claim is presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

5.4    Class 4 Claims.  In full and complete satisfaction, settlement and release of and in

exchange for the Allowed General Unsecured Claims, each holder of an Allowed General

Unsecured Claim, except to the extent such holder agrees to a less favorable treatment, shall

have the option of electing one of the following alternatives to be elected on their Ballot in

voting on the Plan:

(a) Option 1.  Holders of Allowed Class 4 Claims shall receive payment of 100% of their Allowed Claim in equal quarterly payments, with the first payment due on October 15, 2010.  Successor quarterly payments shall be on January 15th, April 15th and July 15th with the last payment July 15, 2013, which is approximately 3 years from the Effective Date.  In the event the Reorganized Debtor sells or conveys substantially all of the Assets prior to the completion of quarterly payments to those Class 4 claimants electing Option 1 as described herein, in conjunction with and at the time of such sale or conveyance, the Reorganized Debtor shall pay in a lump sum all unpaid amounts due to such Class 4 claimants.

(b) Option 2.  Holders of Allowed Class 4 Claims shall receive payment of a discounted amount equal to 60% of their Allowed Claim on the thirtieth (30th) day after the Effective Date.

(c) In no event shall the present value of cash accorded to holders of Allowed Class 4 Claims under Option 1 and Option 2 exceed $950,000.[1]

(d) If the holder of an Allowed General Unsecured Claim does not vote or fails to make an election of either option 1 or 2 or attempts to elect to split its Allowed General Unsecured Claim between options 1 and 2, then such holder of an allowed General Unsecured Claim shall be paid in accordance with option 1 as set forth in Article 5.4(a) above.

(e) Class 4 is impaired by the Plan.  Each holder of an Allowed Class 4 Claim is entitled to vote to accept or reject the Plan.

5.5    Class 5 Ownership of Third Party Units.

(a) In full and complete satisfaction, settlement and release of and in exchange for the Allowed Claims of the Owners of the Third Party Units, upon payment of the Allowed Jacobsen Secured Claim, pursuant to section 5.2(a) of the Plan, all of the liens on the Third Party Units shall be released, the lawsuit by Jacobsen dismissed with prejudice, and the Claims of the owners of the Third Party Units shall be fully satisfied, released and discharged.

(b) In the event an owner of a Third Party Unit pays the Unit Release Price, the Debtor or Reorganized Debtor, as the case may be, shall promptly reimburse the owner of the applicable Third Party Unit the Unit Release Price paid.

---

[1] Subject to due diligence review of any outstanding claims, such as rejection damages claims.

(c) Class 5 is treated as impaired under the Plan.  Each holder of an Allowed Class 5 Claim is entitled to vote to accept or reject the Plan.

5.6    Class 6 CloudNine Claims.

(a) In accordance with (i) the Consent and Subordination of Development Agreement among Partners, WestLB, and CloudNine Resorts - Sky Lodge Development, LLC and (ii) the Consent and Subordination of Management Agreement among Partners, WestLB, and CloudNine Resorts - Sky Lodge Management, LLC, both of which agreements are dated as of March 30, 2006, CloudNine has agreed that "any right or remedy [CloudNine] may have to collect . . . fees, charges or indemnifications from [Partners] shall be subordinated to the indefeasible payment in full in cash of all amounts due to [WestLB] under the [WestLB] Loan Documents."  Because the WestLB Secured Claim will neither be paid in full nor paid in full in cash, CloudNine shall not be entitled to, nor receive, any distribution, nor shall it retain any property or interest in property on account of such Class 6 Claims.  On and as of the Effective Date, all of the Class 6 Claims shall be extinguished, cancelled and discharged.

(b) Class 6 is impaired by the Plan and will receive no distribution.  Holders of the Allowed Class 6 Claims are conclusively presumed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

5.7    Class 7 Interests.

(a) On and as of the Effective Date, all of the Class 7 Interests shall be extinguished, cancelled and discharged.  The Interest Holder shall not be entitled to, nor receive, any distribution, nor shall it retain any property or interest in property on account of such Class 7 Interests pursuant to Section 1129(b)(2)(C) of the Bankruptcy Code.

(b) Class 7 is impaired by the Plan and will receive no distribution.  Mezzanine, as the sole holder of the Allowed Class 7 Interests is conclusively presumed to have rejected the Plan and is not entitled to vote to accept or reject the Plan.

**ARTICLE VI.**

**Provisions as to Disputed Claims and Distributions**

6.1    Disputed Claims.

(a) In connection with distributions to be made in respect of Allowed Claims, there shall be reserved from any distribution to the holder of a Disputed Claim the amount of distribution which then otherwise would be paid in respect to such Disputed Claim on the Effective Date if the full amount of

such Claim were deemed to be an Allowed Claim or such lesser amount as the Bankruptcy Court may determine.

(b)  Pending the determination of such Disputed Claim by the Bankruptcy Court, Partners shall deposit in a separate bank account funds equal to the amount so reserved or such lesser amount as the Bankruptcy Court may have determined within fifteen (15) business days after the date on which such amount would otherwise be distributed to the holder of such Claim. Such funds shall be held by the Disbursing Agent in such separate bank account as long as such Claim remains a Disputed Claim.

(c)  If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Reorganized Debtor, or the Disbursing Agent shall, as soon as practicable following the date on which the Disputed Claim becomes an Allowed Claim, except as otherwise provided in the Plan, distribute to the holder of such Allowed Claim an amount, without any interest thereon, that provides such holder with the same percentage recovery, as of such date, as holders of Claims in the class that were Allowed on the Effective Date.

(d)  To the extent that a Disputed Claim is expunged or reduced, the holder of such Claim shall not receive any distribution on account of the portion of such Claim that is disallowed.  Any Disputed Claim, for which a proof of claim has not been deemed timely filed as of the Effective Date, shall be disallowed.

(e)  Any monies remaining on deposit with respect to any Disputed Claim after its resolution or determination by the Bankruptcy Court shall be returned to the Reorganized Debtor.

6.2    Resolution of Disputed Claims.  The Reorganized Debtor shall have the right to the exclusion of all others (except as to applications for allowances of compensation and reimbursement of expenses under sections 328, 330 and 503 of the Bankruptcy Code) to make, file and prosecute objections to Claims.  The Reorganized Debtor shall serve a copy of each objection upon the holder of the Claim to which the objection is made as soon as practicable (unless such Claim was already the subject of a valid objection by the Debtors), but in no event shall the service of such an objection be later than 120 days after the Effective Date, unless such date is extended by order of the Bankruptcy Court.  The Bankruptcy Court, for cause, may extend the deadline on the request of the Reorganized Debtor.  All objections shall be litigated to

a Final Order except to the extent that the Reorganized Debtor elects to withdraw such objection, or the Reorganized Debtor and the holder of the Disputed Claim compromise, settle or otherwise resolve any such objections, in which event they may settle, compromise or otherwise resolve any Disputed Claim without further order of the Bankruptcy Court.

6.3     Setoffs.  To the extent permitted under applicable law, the Reorganized Debtor may set off against or recoup from the holder of any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), the claims, rights and causes of action of any nature that the Debtors have asserted in writing against the holder of such Allowed Claim, including, without limitation, any rights under section 502(d) of the Bankruptcy Code and in the absence of a written objection by such holder of an Allowed Claim within thirty (30) days of the delivery of such a writing from Partners or the Reorganized Debtor, it will be conclusively presumed that the requirements for disallowance of a Claim under section 502(d) of the Bankruptcy Code or setoff or recoupment under applicable law have been satisfied.

6.4     Distributions of Cash.  Any payment of Cash made by the Reorganized Debtor, or the Disbursing Agent, pursuant to the Plan may be made at the option of such party either by check drawn on a domestic bank or by wire transfer from a domestic bank.

6.5     Distributions Free and Clear.  Except as otherwise provided in the Plan, any distributions or transfers by or on behalf of the Reorganized Debtor under the Plan, including, but not limited to, distributions to any holder of an Allowed Claim, shall be free and clear of any liens, claims, and encumbrances, and no other entity shall have any interest – legal, beneficial, or otherwise – in assets transferred pursuant to the Plan.

6.6     Timing of Distributions.  Unless otherwise provided in the Plan, any distribution to be made by the Reorganized Debtor or the Disbursing Agent shall be made to the extent and at the time provided in Article 5 of the Plan.  In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.7     Delivery of Distributions.  Subject to Bankruptcy Rule 9010, all distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules or on the books and records of the Partners or its agents.  The holder of an Allowed Claim must notify the Reorganized Debtor in writing of a change of address pursuant to the notice requirements set forth in Article 11.14 of the Plan or, in the case of holders of transferred Claims only, by the filing of a proof of claim or statement pursuant to Bankruptcy Rule 3001(e) by such holder or transferee that contains an address for such holder different than the address of such holder as set forth in the Schedules.  Neither the Reorganized Debtor nor the Disbursing Agent shall be liable for any distribution sent to the address of record of a holder in the absence of the written change thereof as provided herein or in the Plan.

6.8     Distributions to Holders as of Record Date.  As of the close of business on the Record Date, the claims register for Partners was closed, and there has been and shall be no further changes made to the identity of the record holder of any Claim.  Neither the Reorganized Debtor nor the Disbursing Agent shall have any obligation to recognize any transfer of any Claim occurring after the Record Date, provided, however, that the Reorganized Debtor and the Disbursing Agent will recognize transfers of Claims made after the entry of the Order (A) Approving Amended Disclosure Statement With Respect to Amended Plan of Reorganization of

Easy Street Partners, LLC, Dated February 18, 2010, (B) Establishing a Record Date, (C)

Approving Solicitation Procedures, (D) Approving Forms of Ballots and Voting Procedures, and

(E) Approving Notice and Scheduling Confirmation Hearing [Docket No. 325], but before the

Confirmation Date for distribution purposes.

      6.9    <u>Undeliverable and Unclaimed Distributions</u>.

     (a)  If the distribution to the holder of any Allowed Claim is returned as undeliverable, no further distributions to such holder shall be made unless and until the holder notifies the Reorganized Debtor or the Disbursing Agent, as appropriate, in writing of such holder's then-current address, at which time all missed distributions shall be made, subject to the provisions of subsection (c) of this Article 6.9, as soon as is practicable to such holder, without interest.

     (b)  Checks issued by the Reorganized Debtor or the Disbursing Agent in respect of Allowed Claims shall be null and void if not negotiated within one hundred and twenty (120) days after the date of issuance thereof. Requests for re-issuance of any check shall be made in accordance with the notice provisions of section 11.14 of the Plan to the Reorganized Debtor or the Disbursing Agent, as appropriate, by the holder of the Allowed Claim to whom such check originally was issued.

     (c)  All claims for undeliverable distributions or voided checks shall be made on or before one hundred and twenty (120) days after the date such undeliverable distribution was initially made. After such dates, all such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and shall become unencumbered Cash of the Reorganized Debtor. The holder of any Claim for which any undeliverable distribution has been deemed unclaimed property under section 347(b) of the Bankruptcy Code shall not be entitled to any other or further distribution under the Plan on account of such Claim.

## ARTICLE VII.

## Means for Execution of the Plan

      7.1    The funds required for the confirmation and performance of this Plan shall be

provided from: (i) all funds held by the Debtor as property of the estate, and (ii) capital

contributions and/or loans made by the Plan Funder or the Alternative Funder to the Reorganized

Debtor.

7.2    Reorganized Debtor.

(a)    Vesting of Assets.  On the Effective Date, all Assets of the Debtor and all licenses (excluding the liquor licenses), permits and approvals necessary for the operation, ownership, and use of the Property as currently operated shall vest in the Reorganized Debtor.

(b)    Continuing Use of Liquor Licenses.  On and after the Effective Date, provided an acceptable Employment Agreement is agreed upon and entered into between William Shoaf and the Reorganized Debtor or its designee, William Shoaf and the Reorganized Debtor will facilitate a transition under which the Reorganized Debtor will have the ability to use the liquor licenses currently used in the Debtor's operations to the same extent enjoyed by the Debtor.

(c)    Reorganized Articles of Organization and Reorganized Operating Agreement.  The Reorganized Debtor shall adopt Reorganized Articles of Organization and a Reorganized Operating Agreement prior to, but effective as of, the Effective Date, which shall be included in the Plan Supplement.  Prior to the closing of Partners' Chapter 11 case, any amendments to the Reorganized Debtor's Articles of Organization and Reorganized Operating Agreement shall be filed with the Bankruptcy Court.

(d)    Managing Members and Officers.  The initial managing members and officers of the Reorganized Debtor shall be disclosed in the Plan Supplement and shall be in effect as of the Effective Date.

(e)    Membership Interests.  In the event that Partners is the Reorganized Debtor, then in exchange for the consideration provided under the Plan by the Plan Funder (or the Alternative Funder, as applicable), the Plan Funder (or the Alternative Funder, as applicable) shall receive all of the membership interests in the Reorganized Debtor.

7.3    Exit Funding.  On or before the Effective Date, the Plan Funder or Alternative Funder shall contribute capital, loans and/or provide additional standby funds (either as additional capital or loans) on terms acceptable to the Plan Funder or Alternative Funder, as the case may be, sufficient to effectuate the Plan.  The Plan Funder contemplates contributing approximately $2,839,610 in cash on the Effective Date to be used for the following purposes: (i) $1,330,000 to be used for payment of the Allowed Class 2 Claim; (ii) up to $750,000 to be used for payment of Allowed Administrative Expense Claims; (iii) up to $199,445 to be used for

22

payment of Allowed Priority Claims; and (iv) up to $560,165.43 to be used for payment of

Allowed Class 4 Claims choosing Option 2.  In no event shall the Plan Funder contribute cash in

excess of $2.9 million on the Effective Date (the "Effective Date Cash").  In addition to the

Effective Date Cash, the Plan Funder or Alternative Funder, as the case may be, will commit to

fund up to an additional $1.5 million in working capital as and when needed to effectuate the

Plan.  The Plan Supplement will provide any further necessary details and terms of such funding.

7.4     <u>Early Payment</u>.  Nothing in the Plan shall prevent the Reorganized Debtor from

making any payments prior to the date provided for in the Plan, and the Reorganized Debtor

shall not suffer any penalty or prejudice from making any such payments.

7.5     <u>Employment Agreement</u>.  An employment agreement between William Shoaf and

either the Reorganized Debtor or the Plan Funder or their designee, as the case may be, shall be

entered into in form and substance reasonably acceptable to WestLB and William Shoaf (the

"Employment Agreement").

## ARTICLE VIII.
## Executory Contracts

8.1     <u>Executory Contracts and Unexpired Leases</u>.  Under section 365 of the Bankruptcy

Code, Partners has the right, subject to Bankruptcy Court approval, to assume or reject any

executory contracts or unexpired leases.  Notwithstanding the foregoing, Partners shall not seek

the assumption or rejection of any executory contract or unexpired lease without the prior written

approval of WestLB.  If Partners rejects an executory contract or unexpired lease that was

entered into before the Petition Date, the contract or lease will be treated as if it had been

breached on the date immediately preceding the Petition Date, and the other party to the

agreement will have a General Unsecured Claim for damages incurred as a result of the rejection.

In the case of rejection of real property leases, damages are subject to certain limitations imposed

by section 502(b)(6) of the Bankruptcy Code.

8.2     Rejected Contracts and Leases.

(a)     Each executory contract and unexpired lease to which Partners is a party
shall be deemed automatically rejected as of the Effective Date, unless
such executory contract or unexpired lease (1) will have been previously
assumed by Partners (2) is the subject of a motion to assume filed on or
before the Confirmation Date or (3) is listed on the schedule of assumed
contracts and leases annexed as an Exhibit to the Plan Supplement.
WestLB may at any time on or before the Confirmation Date (or, with
respect to any executory contract or unexpired lease for which there is a
dispute regarding the nature or the amount of any cure, at any time on or
before the entry of a Final Order resolving such dispute) amend the Plan
Supplement to delete therefrom or add thereto any executory contract or
unexpired lease, in which event such executory contract or unexpired lease
will be deemed to be rejected, assumed or assumed and assigned, as the
case may be.

(b)     WestLB will provide notice of any amendments to the Plan Supplement to
the parties to the executory contracts or unexpired leases affected thereby
and counsel to the Creditors' Committee and Partners.  The fact that any
contract or lease is listed in the Plan Supplement will not constitute or be
construed as an admission that such contract or lease is an executory
contract or unexpired lease within the meaning of section 365 of the
Bankruptcy Code or that the Reorganized Debtor or any successor to the
Reorganized Debtor has any liability thereunder.

(c)     The Confirmation Order will constitute an order of the Bankruptcy Court
approving such rejections, pursuant to section 365 of the Bankruptcy
Code, as of the Effective Date.

8.3     Rejection Damages Bar Date.  If the rejection of an executory contract or

unexpired lease results in a Claim, then such Claim will be forever barred and will not be

enforceable against Partners or the Reorganized Debtor or its respective properties unless a proof

of claim is filed with the Bankruptcy Court and served upon counsel to the Reorganized Debtor,

counsel to the Creditors' Committee and WestLB, no later than fourteen (14) calendar days after

the later of the Confirmation Date or the entry of an order of rejection.  Nothing in the Plan will

24

extend any prior deadline to file a proof of claim for damages arising from the rejection of an

executory contract or unexpired lease.

     8.4    <u>Assumed Contracts and Leases</u>.

        (a)  Except as otherwise provided in the Plan or the Confirmation Order, all executory contracts and unexpired leases identified in the Plan Supplement on an Exhibit listing assumed agreements will be deemed automatically assumed as of the Effective Date.

        (b)  Each executory contract and unexpired lease that is assumed and relates to the use, ability to acquire or occupy of real property will include (1) all modifications, amendments, renewals, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other documents that in an manner affect such executory contract or unexpired lease and (2) all executory contracts or unexpired leases appurtenant to the premises, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, reciprocal easement agreements and any other interests in real estate or rights in rem related to such premises, unless any of the foregoing agreements has been rejected pursuant to a Final Order of the Bankruptcy or is otherwise rejected as a part of the Plan.

        (c)  To the extent Partners is party to the unexpired lease or executory contract and is to be merged or dissolved as a result of the Plan, any non-debtor party to such unexpired lease or executory contract will, upon assumption as contemplated herein, be deemed to have consented to the assignment of such unexpired lease or executory contract to the Reorganized Debtor.

        (d)  The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumption of such executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

     8.5    <u>Payments Related to Assumption of Executory Contracts and Unexpired Leases</u>.

        (a)  Any monetary amounts by which each executory contract and unexpired lease to be assumed under the Plan may be in default will be satisfied, under section 365(b)(1) of the Bankruptcy Code by promptly curing same ("Cure Claim").

        (b)  In the event of a dispute regarding (1) the nature or the amount of any Cure Claim, (2) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or (3) any other matter pertaining to assumption, the amount of the Allowed Cure Claim shall be paid no later than thirty (30) calendar

days following the entry of a Final Order resolving the dispute and approving the assumption and, as the case may be, assigned.

8.6     <u>Information Related to Executory Contracts and Unexpired Leases</u>.  On or before June 21, 2010, Partners shall provide to WestLB an itemized list of (i) each and every executory contract and unexpired lease; (ii) the estimated amount of any Cure Claim which may arise from the assumption of each executory contract and expired lease; and (iii) the estimated amount of any unsecured claim which may arise from the rejection of each executory contract and unexpired lease (collectively, the "<u>365 Diligence</u>").  The maximum amount payable to Class 4 Claims is specifically subject to and based upon the accuracy of the 365 Diligence.

## ARTICLE IX.

### Discharge of the Debtor

9.1     The occurrence of the Effective Date shall discharge Partners pursuant to the full extent of Section 1141(d)(1) of the Bankruptcy Code, from any and all debts of and Claims against Partners that arose prior to the Confirmation Date, and any kind of debt specified in §§ 502(g), (h) or (i) of the Bankruptcy Code, whether or not:  (i) a proof of Claim based on such debt is filed or deemed filed under § 501 of the Bankruptcy Code; (ii) such Claim is allowed under § 502 of the Bankruptcy Code; or (iii) the holder of such Claim has accepted the Plan.  On and after the Effective Date, as to every discharged debt and Claim, the Person or Entity that held such debt or Claim shall be precluded from asserting any such debt or Claim against Partners or the Reorganized Debtor or its property based upon any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date.

9.2     The rights and treatment of all Claims against and Interests in the Plan shall be in exchange for and in complete satisfaction  and release of all Claims and Interests of any nature

whatsoever, including any interest accrued thereon from and after the Petition Date, against

Partners or its estate, Assets, Property or interests in property.  The Reorganized Debtor shall not

be responsible for any obligations of the Other Debtors or their estates.

## ARTICLE X.

### Conditions Precedent

10.1    Conditions to Confirmation.  The following are conditions precedent to

confirmation of the Plan, each of which may be satisfied or waived in accordance with section

10.3 of the Plan.

    (a)    The Bankruptcy Court shall have approved by Final Order a disclosure statement with respect to the Plan.

    (b)    The Plan Funder or Alternative Funder shall commit to providing sufficient funding to effectuate the Plan.

    (c)    The 365 Diligence shall be accurate in all material respects.

    (d)    The Confirmation Order shall be in form and substance reasonably acceptable to WestLB, Partners and, if applicable, the Alternative Funder, as well as the respective counsel of each.

    (e)    Entry into the Employment Agreement, which shall become effective on the Effective Date.

10.2    Conditions to Effective Date.  The following are conditions precedent to the

Effective Date, each of which may be satisfied or waived in accordance with Article 10.3 of the

Plan.

    (a)    The Reorganized Debtor shall have executed and delivered the Restructured Loan Documents.

    (b)    Except as provided in section 10.2(a), each exhibit, document or agreement to be executed in connection with this Plan (including each document or agreement included in the Plan Supplement) shall be reasonably acceptable to the Plan Funder or the Alternative Funder, as the case may be, and if the Alternative Funder funds the Plan, all of the foregoing must also be reasonably acceptable to WestLB.

    (c)    The Confirmation Order shall have been entered and have become a Final Order.

(d)    The 365 Diligence and all other information provided by Partners shall be accurate in all material respects.

(e)    The Reorganized Debtor shall receive on the Effective Date all licenses, permits and assets described in Section 7.2(a) free of any liens or other claims and in a form and substance satisfactory to WestLB.

(f)    On the Effective Date, the Reorganized Debtor shall have the use of the liquor licenses currently used in the Debtor's operations consistent with section 7.2(b) of the Plan.

(g)    Partners or the Reorganized Debtor shall have sufficient cash necessary to pay Claims required to be paid on the Effective Date.

(h)    Entry into the Employment Agreement.

10.3    Waiver of Conditions to Confirmation.  Except for the conditions set forth in section 10.1(e) and 10.2(h), which cannot be waived, the conditions set forth in sections 10.1 and 10.2 of the Plan may be waived by WestLB, in whole or in part, without notice to any other parties in interest and without the need for the Bankruptcy Court's approval.  The failure to satisfy or waive any condition to occurrence of the Effective Date may be asserted by WestLB.  A waiver under this subsection is effective only upon WestLB filing with the Bankruptcy Court a written notice of waiver.

## ARTICLE XI.
### General Provisions

11.1    All objections to Disputed Claims shall be commenced, filed or asserted within 120 days after the Effective Date.

11.2    **Releases and Exculpations.  Except as otherwise provided in the Plan or Confirmation Order, as of the Effective Date, Partners, the Reorganized Debtor, the Disbursing Agent, WestLB, the Creditors' Committee, the members of the Creditors' Committee in their respective capacity as such, any of such parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives,**

28

financial advisors, and agents, and any such parties' successors and assigns (collectively, the "Released Parties") shall be released by Partners and any successors-in-interest of Partners from any and all Claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, at law, in equity, or otherwise, that Partners would have been legally entitled to assert in its own right (whether individually or collectively) or that any holder of a Claim, Interest, or other person or entity would have been legally entitled to assert on behalf of Partners or its estate, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place before or on the Effective Date but occurring during the chapter 11 cases, except for acts constituting willful misconduct, gross negligence, or bad faith and, in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.  Without limiting the generality of the foregoing, to the extent permitted by law, Partners and any successors-in-interest of Partners shall waive all rights under any statutory provision purporting to limit the scope or effect of a general release, whether due to lack of knowledge or otherwise.

11.3    Partners, the Creditors' Committee, and the Released Parties, and any property of or professionals retained by such parties, or direct or indirect predecessor in interest to any of the foregoing persons, shall not have or incur any liability to any Person or Entity for any act taken or omission, after the Petition Date, in connection with or related to these cases or the operations of Partners business during the cases, including but not limited to (i) formulating, preparing, disseminating, implementing, confirming, consummating or administrating the Plan (including soliciting acceptances or rejections

thereof); (ii) the Disclosure Statement or any contract, instrument, release or other

agreement or document entered into or any action taken or omitted to be taken in

connection with the Plan; or (iii) any distributions made pursuant to the Plan, except for

acts constituting willful misconduct, gross negligence, or bad faith occurring during the

chapter 11 cases, and in all respects such parties shall be entitled to rely upon the advice of

counsel with respect to their duties and responsibilities under the Plan.

      11.4    **Without limiting the foregoing, and except as to obligations arising under the

Plan, as of the Effective Date, Partners, the Reorganized Debtor, the Creditors' Committee,

and the members of the Creditors' Committee in their respective capacity as such

("WestLB Releasors"), shall release and shall be deemed to have released WestLB from

any and all Claims, debts, obligations, rights, suits, damages, actions, causes of action,

remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen,

existing as of the Effective Date or thereafter arising, at law, in equity, or otherwise, that

any of them would have been legally entitled to assert in its own right or on behalf of

Partners (whether individually or collectively). Without limiting the generality of the

foregoing, the WestLB Releasors shall waive all rights under any statutory, legal or

equitable authority purporting to limit the scope or effect of a general release, whether due

to lack of knowledge or otherwise.**

      11.5    <u>**Injunction**</u>.  **The satisfaction, releases and discharge pursuant to Article 11 of

the Plan will also act as an injunction against any Person or Entity commencing or

continuing any action, employment of process or act to collect, offset, recoup or recover

any Claim satisfied, released or discharged under the Plan to the fullest extent authorized

or provided by the Bankruptcy Code.**

30

11.6    <u>Modification of the Plan</u>.  WestLB reserves the right to modify this Plan at any

time before the Confirmation Date in accordance with section 1127 of the Bankruptcy Code and

Bankruptcy Rule 3019, provided that Partners consents to such modification, which consent shall

not be unreasonably withheld or delayed.  Subject thereto, WestLB may modify this Plan or

remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may

be necessary to carry out the purpose and intent of the Plan, before or after the Confirmation

Date but prior to the substantial consummation of this Plan, without notice or hearing, or after

such notice and hearing as the Bankruptcy Court deems appropriate, if the modification does not

materially and adversely affect the rights of any parties in interest which have not had notice and

an opportunity to be heard with regard thereto.  A holder of an Allowed Claim that has accepted

the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does

not materially and adversely change the treatment of the Claim of such holder.  If (i) WestLB

discovers at any time prior to June 23, 2010 that the 365 Diligence or any other information

provided by Partners is not substantially accurate or (ii) after reasonable notice to WestLB,

Partners cannot prosecute a modification to the Plan proposed by WestLB in keeping with its

fiduciary duties, WestLB (in the case of (i)) or Partners (in the case of (ii)) may cease being a

Plan Proponent by providing written notice to the other Plan Proponent, which notice shall be

effective upon delivery.

11.7    <u>Withdrawal or Revocation of the Plan</u>.  WestLB may withdraw or revoke the Plan

at any time prior to the Confirmation Date.  If WestLB revokes or withdraws the Plan prior to the

Confirmation Date, or if the Confirmation Date does not occur, then the Plan shall be deemed

null and void.  In such event, nothing contained in the Plan or Disclosure Statement shall be

deemed to constitute a waiver or release of any Claim by or against Partners or the Other Debtors

31

or any other person or to prejudice in any manner the rights of Partners or the Other Debtors or any other person in any further proceedings involving Partners or the Other Debtors.

11.8    Section 1146 Exemption.  Pursuant to Bankruptcy Code § 1146(a), (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest; (c) the making or assignment of any contract, lease or sublease; or (d) the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp tax, or other similar tax held to be a stamp tax or other similar tax by applicable law.

11.9    Dissolution of the Creditors' Committee.  On the Effective Date, the Creditors' Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities, and obligations related to and arising from and in connection with the Chapter 11 Cases, and the retention and employment of the Creditors' Committee's attorneys shall terminate.  The Creditors' Committee shall continue in existence after the Effective Date solely for the purpose of reviewing and being heard by the Bankruptcy Court, and on any appeal, with respect to applications for compensation and reimbursement of expenses pursuant to section 330 and/or 503(b) of the Bankruptcy Code.

11.10   Severability.  In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision of the Plan is invalid, void or unenforceable, the Bankruptcy Court shall, with the consent of WestLB, Partners and the Plan Funder (or Alternative Funder, as the case may be), have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding,

alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.  Notwithstanding the foregoing, the provisions in the Plan relating to releases and exculpations are not severable from the remainder of the Plan.

11.11   <u>Governing Law</u>.  Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable and, except as may otherwise be provided in the Restructured Loan Documents, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the extent there is no applicable federal law, the domestic laws of the State of Utah, without giving effect to Utah's principles of conflicts of law.

11.12   <u>Binding Effect</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against or Interest in Partners and its respective successors and assigns, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.  The rights, benefits and obligations of any entity named or referred to in the Plan, whose actions may be required to effectuate the term of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity (including, but not limited to, any trustee appointed for the Other Debtors under chapters 7 or 11 of the Bankruptcy Code).

11.13   <u>Payment of Statutory Fees</u>.  All fees payable pursuant to 28 U.S.C. § 1930(a)(6)

of the United States Code, as determined by the Bankruptcy Court on the Confirmation Date,

shall be paid on the Effective Date by Partners.  Any Statutory Fees accruing after the

Confirmation Date also shall be paid by the Reorganized Debtor.

11.14   <u>Notices</u>.  Any notice required or permitted to be provided to Partners, the

Creditors' Committee, or WestLB under the Plan shall be in writing and served by (a) certified

mail, return receipt requested, (b) hand delivery, or (c) overnight receipted delivery to be

addressed as follows:

> If to Partners:
>
>> William Shoaf
>> Easy Street Partners, LLC
>> 201 Heber Avenue
>> Park City, Utah 84060
>>
>> with a copy to
>>
>> Kenneth L. Cannon II, Esq.
>> Steven J. McCardell, Esq.
>> DURHAM JONES & PINEGAR, P.C.
>> 111 East Broadway, Suite 900
>> P.O. Box 4050
>> Salt Lake City, UT  84110-4050
>>
>> -and-
>>
>> Michael V. Blumenthal, Esq.
>> Steven B. Eichel, Esq.
>> CROWELL & MORING LLP
>> 590 Madison Avenue, 20th Floor
>> New York, NY  10022
>
> If to Reorganized Debtor or the Disbursing Agent
>
> [To be provided in Plan Supplement]

34

If to the Creditors' Committee

Lon A. Jenkins, Esq.
Jeffrey Weston Shields, Esq.
JONES WALDO HOLBROOK & MCDONOUGH, P.C.
1700 S. Main Street, Suite 1500
Salt Lake City, UT  84101-1644

If to WestLB:

WestLB AG
250 Greenwich Street
New York, NY 10007
Attention: Jeff Nelson

with a copy to

Richard W. Havel, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street, suite 4000
Los Angeles, CA  90013

11.15   Retention of Causes of Action/Reservation of Rights.  Except as provided in

Articles 11.2, 11.3, 11.4 and 11.5 of this Plan, nothing contained in the Plan or the Confirmation

Order shall be deemed to be a waiver or relinquishment of any claim (as that term is defined in

section 101(5) of the Bankruptcy Code), rights, causes of action, right of setoff, or other legal or

equitable defense that Partners, the Reorganized Debtor or the Other Debtors may have or

choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code

or any applicable nonbankruptcy law, including, without limitation, (i) any and all claims against

any person or entity, to the extent such person or entity asserts a crossclaim, counterclaim, and/or

Claim for setoff which seeks affirmative relief against Partners or the Other Debtors, their

officers, directors, or representatives, (ii) any and all claims under chapter 5 of the Bankruptcy

Code, (iii) the turnover of any property of Partners or the Other Debtors' estates, (iv) any and all

claims against BayNorth, and (v) any and all claims against Jacobsen, which upon the Effective

Date, shall be the warranty claims against Jacobsen.

     11.16   Dismissal of the Creditors' Committee's Action Against WestLB.  As part of the

settlement embodied by this Plan, and without limiting the scope of the releases contained in

Article 11 herein, on the Effective Date, the Creditors' Committee shall be deemed to have

waived, released and relinquished any and all claims, arguments and defenses it might have or

might have asserted against WestLB on behalf of itself, Partners' estate, or any other Entity, and

shall dismiss with prejudice the WestLB Adversary Proceeding.

     11.17   Section 506(c) Reservation. Except as to the WestLB Secured Claim, as provided

in the Order On Stipulation Authorizing Use of Cash Collateral entered on October 14, 2009, and

in any subsequent orders approving amendments or extensions to the Stipulation Authorizing

Use of Cash Collateral, Partners and the Reorganized Debtor reserve all rights under section

506(c) of the Bankruptcy Code with respect to any and all Secured Claims.

     11.18   Plan Supplement.  The documents comprising the Plan Supplement shall be filed

with the Clerk of the Bankruptcy Court on or before June 21, 2010.  Upon its filing with the

Bankruptcy Court, the Plan Supplement may be inspected in the office of the Clerk of the

Bankruptcy Court during normal court hours or at the Court's website at www.utb.uscourts.gov.

Holders of Claims or Interests may obtain a copy of the Plan Supplement upon written request to

Partners' bankruptcy counsel.

     11.19   Effectuating Documents and Further Transactions.  Upon entry of the

Confirmation Order, Partners and the Reorganized Debtor shall be authorized and are instructed

to execute, deliver, file or record such contracts, instruments, releases, indentures and other

agreements or documents and take such actions as may be reasonably necessary or appropriate to

effectuate and further evidence the terms and conditions of the Plan.

## ARTICLE XII.

## Retention of Jurisdiction

12.1   The Bankruptcy Court shall retain exclusive jurisdiction of this case as long as

necessary for the following purposes:

(a)   To determine any and all objections to the allowance, disallowance or subordination of Claims or any controversy as to the classification of Claims.

(b)   To determine any and all applications for professional and similar fees and for the reimbursement of disbursements and expenses.

(c)   To liquidate any disputed, contingent, or unliquidated Claims.

(d)   To determine any and all pending motions and applications for assumption or rejection of executory contracts and leases and the allowance and classification of any Claims resulting from the rejection of executory contracts and leases.

(e)   To determine any and all motions, applications, adversary proceedings, contested and litigated matters or such other matters over which the Bankruptcy Court had jurisdiction prior to the Confirmation Date, including the enforcement, prosecution, litigation, settlement and/or other disposition of claims and counterclaims of the Debtor and to recover preferences and fraudulent transfers.

(f)   To enforce the provisions of, and resolve any and all disputes under or pertaining to the Plan, or the Debtor's bankruptcy case.

(g)   To modify the Plan or to correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the order of the Bankruptcy Court confirming the Plan, or to enter such orders as may be necessary to effectuate the terms and conditions of the Plan to the extent authorized by the Bankruptcy Code as may be necessary to carry out the purpose and intent of the Plan.

(h)   To determine such other matters as may be provided for in the order of the Bankruptcy Court confirming the Plan or as may be authorized under the provisions of the Bankruptcy Code.

(i)      To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Bankruptcy Case;

(j)      To hear and determine any and all controversies and disputes arising under, or in connection with, the Plan or the order confirming the Plan;

(k)      To adjudicate all controversies concerning the classification of any Claim;

(l)      To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(m)      To adjudicate all Claims to a security or ownership interest in any Property of Partners or in any proceeds thereof;

(n)      To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken during the pendency of this bankruptcy case;

(o)      To recover all assets and Property of Partners wherever located, including the prosecution and adjudication of all causes of action available to Partners as of the Confirmation Date;

(p)      To determine all questions and disputes regarding recovery of and entitlement to Partners' assets and determine all claims and disputes between Partners and any other Entity, whether or not subject to an action pending as of the Confirmation Date;

(q)      To enter any order, including injunctions, necessary to enforce the title, rights and powers of Partners and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

(r)      To enter an order or final decree closing and terminating the Bankruptcy Case; and

(s)      To make such orders as are necessary or appropriate to carry out the provisions of this Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof and/or confirming the Plan.

***\*\*\*\*\*\*PAGE INTENTIONALLY LEFT BLANK\*\*\*\*\*\****

DATED this 16th day of June, 2010.

By:_____

Annette Jarvis
Peggy Hunt
Benjamin Kotter
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Attorneys for WestLB, AG

Richard W. Havel
Christina M. Craige
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA  90013

Attorneys for WestLB, AG

and

EASY STREET PARTNERS, LLC

By:_____
        William Shoaf

By:_____
        Philo Smith

DURHAM JONES & PINEGAR, P.C.

By:_____
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84111-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

39

DATED this 16th day of June, 2010.


By: _____
Annette Jarvis
Peggy Hunt
Benjamin Kotter
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Attorneys for WestLB, AG

Richard W. Havel
Christina M. Craige
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA  90013

Attorneys for WestLB, AG

and

EASY STREET PARTNERS, LLC

By: _____
          William Shoaf


By: _____
          Philo Smith


DURHAM JONES & PINEGAR, P.C.

By: _____
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84111-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

39

DATED this 16th day of June, 2010.

By: _____
Annette Jarvis
Peggy Hunt
Benjamin Kotter
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Attorneys for WestLB, AG

Richard W. Havel
Christina M. Craige
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA 90013

Attorneys for WestLB, AG

and

EASY STREET PARTNERS, LLC

By: _____
William Shoaf

By: _____
Philo Smith

DURHAM JONES & PINEGAR, P.C.

By: _____
Kenneth L. Cannon II (kcannon@djplaw.com)(3705)
Steven J. McCardell (smccardell@djplaw.com)(2144)
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84111-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

39

and

CROWELL & MORING LLP
Michael V. Blumenthal (mblumenthal@crowell.com)
(admitted pro hac vice)
Steven B. Eichel (sdeichel@crowell.com)
(admitted pro hac vice)
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4134

Counsel for Debtors and Debtors in Possession

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Amended Plan of Reorganization of Easy Street

Partners, LLC and WestLB, AG Dated June 16, 2010 was served this 16th day of June, 2010 via

first-class mail, postage prepaid on the parties listed on the attached pages.


 /s/  Kristin Hughes

LAI 1822244v.5

A.W. Marshall Company
P O Box 16127
Salt Lake City, UT  84116-0127

ACME Thread Ware
6436 N Business Park Loop Rd.
Park City, UT  84098-6233

ADT Security Services Inc
P O Box 371956
Pittsburgh, PA  15250-7956

AT&T Mobility
P O Box 6463
Carol Stream, IL  60197-6463

ATIV Corporation
722 Nardo Rd
Encinitas, CA  92024

AXIS Group
84 Route 347
Port Jefferson Station, NY  11767

Aetna
PO Box 894938
Los Angeles, CA  90189-4938

W Brian Ahern
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Air Filter Sales & Service Inc
255 West 2950 South
Salt Lake City, UT  84115-3443

Albert Ulster Imports, Inc.
PO Box 770
Gaithersburg, MD 20884-0770

Albert and Roxann Albiana
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Alchemy Ventures Trust
17575 Fitzpatrick Lane
Occidental, CA  95465-9355

Alchemy Ventures Trust
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

Gilbert & Jeanette Alder
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

All-Pro Cleaning Systems, Inc.
166 West Cottage Avenue
Sandy, UT 84070-1433

Allen Distribution Services
3247 South 3690 West
West Valley City, UT 84120-2150

Alliance Abroad Group LP
1221 South Mopac Expressway
Suite 100
Austin, TX  78746-7615

Allied Waste Services
PO Box 78829
Phoenix, AZ 85062-8829

Stephen Allis
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Alpine Adventures
3020 North Federal Highway # 10
Fort Lauderdale, FL  33306-1451

Alsco
P O Box 25717
Salt Lake City, UT 84125-0717

Brian D. Althaver
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

American Express
PO Box 53852
Phoenix, AZ 85072-3852

American Express Travel
2421 West Peoria Avenue
Phoenix, AZ  85029-4939

American Express Travel Relate
2840 South 123rd Court
Omaha, NE  68144

American Ski & Board Association
686 NW York
Bend, OR  97701

Jonathan & Joanne Ames
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

American Hotel Register CO
16458 Collections Center Drive
Chicago, IL  60693-0001

American Liberty Insurance
3601 N University Ave Suite 100
Provo, UT  84604-6600

Allan & Amy Anderson
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Appliance Sales & Service
P O Box 670
55 E Center St., Suite 140
Heber City, UT  84032-1946

Troy J. Aramburu
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644

Arctic Spas/ Spagoods.com
4575 N. Silver Springs Dr
Park City, UT 84098-7536

BDRC 4 Site, LLC
Attn:  Brian W. Dorsey
305 NE Loop 820, St. 109
Hurst, TX  76053-7211

BJ Plumbing Supply
1470 South State
Orem, UT 84097-7704

BTC Rob Stevenson
957 East 1300 South
Salt Lake City, UT 84105-1856

Diane H. Banks
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Baker Tile Co
1434 West 8040 South
West Jordan, UT 84088-9459

Bank Living Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Christopher B. Barker, Esq.
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881

James and Marianne Barickman
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

BayNorth Realty Fund
BayNorth Capital, LLC
Attn:  Charles J. Flint
One Financial Center, Floor 23
Boston, MA  02111-2621

Bellows Glass
76 West 200 South
Heber City, UT 84032-2005

Bevco2
651 West 600 South
Salt Lake City, UT  84104-1015

Big Four Distributing, Inc
304 East 900 South
Provo, UT  84606-7316

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Peter Blythe
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Scott Boberek
P O Box 680514
Park City, UT  84068

Thomas S. Bradley
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Lisa A. Bugaski, Trustee
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Business Technology Consulting
Rob Stevenson
957 East 1300 South
Salt Lake City, UT  84105

Josh Butsch
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

C & G Velasquez Family Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

CBIZ Accounting
175 S West Temple, Suite 650
Salt Lake City, UT  84111

CRC Design
Attn:  Clay Coleman
298 South Center
Midway, UT  84049

Cameron & Associates
P O Box 5
Orem, UT  84059

Amy Casey
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Castillo Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Michael & Nilda Chang
16 Morning Sky Lane
Las Vegas, NV 89135-7860

Chang Family Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Child Support Services
ORS PO Box 45011
Salt Lake City, UT 84145-0011

Cintas Corporation
97627 Eagle Way
Chicago, IL 60678-7627

CloudNine Resorts – Sky Lodge Dev
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT 84145-5000

CloudNine Resorts – Sky Lodge Mgmt
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT 84145-5000

CloudNine Resorts SL Development
Attn: Bill Shoaf
P O Box 683300
Park City, UT 84068-3300

CloudNine Resorts SL Management
Attn: Bill Shoaf
P O Box 683300
Park City, UT 84068-3300

Nelson Coats
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Bastiaan Coebergh
Wrona Law Offices, P.C.
1745 Sidewinder Drive
Park City, UT 84060

Colorado Casualty Insurance Co
PO Box 85627
San Diego, CA 92186-5627

Comcast
P O Box 34744
Seattle, WA 98124-1744

CoolWorks.com
PO Box 272
Gardiner, MT 59030-0272

Committee of Unsecured Creditors
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101-1644

Jonathan B. and Marie Connor
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Corrado Properties
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Christine M. Craige, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013-1010

Scott A. Cummings
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685

Curb It Recycling
P O Box 681397
Park City, UT 84068-1397

Cushman & Wakefield
50 Broad Street
New York, NY 10004-2307

Robert J. Dale
Bradley L. Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Phillip A & Ruth M Davidson
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Kenneth A & Marcie B. Davis
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Michael Scott Davis
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Dex West
P O Box 79167
Phoenix, AZ 85062-9167

Diamond Rental
4518 South 500 West
Salt Lake City, UT 84123-3694

K Dickey, S Dickey & P Bradley
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Robert A. & Bianka M. Diorio
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Leon and Joy Dreimann
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

James I and Suzanne Duffield
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Drew A. Norman, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013-1010

EM Systems
P O Box 540783
North Salt Lake, UT 84054-0783

Easy Street Holding, LLC
4780 Winchester Court
Park City, UT  84098-7528

Easy Street Mezzanine, LLC
4780 Winchester Court
Park City, UT  84098-7528

Easy Street Partners, LLC
4780 Winchester Court
Park City, UT  84098-7528

Ecolab
P O Box 100512
Pasadena, CA  91189-0512

Ecolab Pest Elim. Div
P O Box 6007
Grand Forks, ND  58206-6007

Steven B. Eichel
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Elliott Workgroup LLC
Attn:  Craig Elliott
P O Box 3419
Park City, UT  84060-3419

William D. Ellis, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

Stephen Elrick
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

William S. Escudier
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

W Escudier, M. Escudier, T Escudier,
 W Escudier
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Fabian & Clendenin
c/o Robert Dale & Bradley Tilt
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Michael A. Feder
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Diana Ferguson
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Janis J Ferraris & Deborah J Depaoli
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Stephen N. Finberg
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Dena A. Fleming & Steve Chin
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Joshua Fick
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Anthony S. Fiotto
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881

Five 9's Communication
P O Box 348
Roy, UT  84067-0348

Ruben Flores
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Fog River Fisheries
9554 Wells Circle, Suite A
West Jordan, UT  84081

Ronald A. Fragen
64893 Saragossa
Palm Springs, CA  92264

Frank Rimerman & Co. LLP
60 South Market Street
San Jose, CA  95113-2351

Fuelman
PO Box 105080
Atlanta, GA 30348-5080

G.M. Collin Skin Care Inc.
613 State Route 3, Suite 100
Plattsburgh, NY  12901

Curtis & Patricia Gardner
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Gateway Center, LLC
c/o Commerce CRG
32 West 200 South, Suite 501
Salt Lake City, UT  84101

Gateway Center, LLC
c/o Resort Commercial Property Mgmt
1415 Lowell Avenue
P O Box 682152
Park City, UT  84068-2152

Gateway Center, LLC
c/o Vectra Management Group
424 West 33rd Street, Suite 540
New York, NY  10001-2641

Gemstone Hotels & Resorts, LLC
Attn:  Jeff McIntyre, Principal
1912 Sidewinder Drive, # 104
Park City, UT  84060

General Chemical
PO Box 533195
Charlotte, NC 28290-3195

Gentry Finance
386 South State Street
Orem, UT  84058-5424

Get Fresh
1548 18th Street
Santa Monica, CA  90404

Andrew & Karen Gilligan
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Goodrich & Thomas, CPAs
3200 Park Center Drive Suite 1170
Costa Mesa, CA  92626-7153

Corbin B. Gordon
Corbin B. Gordon, P.C.
345 West 600 South
Heber City, UT 84032-2247

Grazo Electric
PO Box 1196
Midway, UT 84049-1196

Mark T. Greenquist
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Marcia L. Griffiths
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Merrick L & Rosa S. Gross
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Craig & Ann Guernsey
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Gunthers Comfort Air
81 South 700 East
American Fork, UT 84003-2158

Gunthers Comfort Air
c/o Jeffrey L. Shields
Callister Nebeker & McCullough
10 East South Temple, Suite 900
Salt Lake City, UT  84133-1101

HD Supply Facilities Maintenance
P O Box 509058
San Diego, CA  92150-9058

HY-KO Supply Co.
1980 West Industrial Cir
P O Box 26116
Salt Lake City, UT  84126

Suzanne Harris
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Brian W. Harvey
Goodwin Proctor LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1618

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

George F.J. and Ruth Hill
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Dane C. Hillyard
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

William A & Constance F Hindle
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

John M. Hojel & Veronica Hojel
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Brooks Hoven and Brenda Schmid
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Home Depot Credit Services
P O Box 6031
The Lakes, NV  88901-6031

Hood Cleaners of Utah
P O Box 342
Riverton, UT 84065-0342

Hop To It Living Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Hotel Amenities Resources LLC
2000 Van Ness Avenue Suite 801
San Francisco, CA  94109-3023

Mary Margaret Hunt
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Innovative Body Science
6350 Yarrow Drive Suite D
Carlsbad, CA 92011-1544

Intermountain Drug Testing
PO Box 9800
Salt Lake City, UT  84109-9800

Internal Revenue Service
Centralized Insolvency Operations
P O Box 21126
Philadelphia, PA  19114-0326

Internal Revenue Service
IRS-Group Manager
50 South 500 East, M/S 5021-SLC
Salt Lake City, UT  84111

Ion Cibuc
7 Kafern Drive Apt 1-D
Baltimore, MD 21207-4383

Jacobsen Construction
PO Box 27608
Salt Lake City, UT 84127-0608

Jacobsen National Group, Inc.
c/o Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
Salt Lake City, UT  84111-1451

Annette W. Jarvis, Esq.
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685

Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101-1644

Catherine Johnson
3182 Creek Road
Park City, UT  84098

Michael R. Johnson, Esq.
Ray Quinney & Nebeker
36 South State Street, Suite 1400
P O Box 45385
Salt Lake City, UT  84145-0385

**Kaba Ilco, Inc**
**PO Box 12553 Succ Centre Ville**
**Montreal, QC H3C-6R1**
**CANADA**

KBli Properties, LP
PO Box 680464
Park City, UT 84068-0464

Darren T & Alona Kavinoky
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Anthony C. Kaye
Ballard Spahr Andrews & Ingersoll
201 South Main Street, Suite 600
Salt Lake City, UT  84111-2212

John P. and Melissa B. Kelly
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Klehr, Branzburg & Ellers LLP
Attn:  William A. Harvey
260 South Broad St.
Philadelphia, PA 19102-5021

Benjamin J. Kotter
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Mark C. Kramer Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Rishi & Ashima Kumar
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Steve LaFredo
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Brian & Teri Laidlaw
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

La Monica's Restaurant Equipment
6211 South 380 West
Murray, UT 84107-3309

Janet & William Lamkin
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Robert Lamkin & Ray Bidenhost
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

William & Janet Lamkin
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Eric D. Lemont
Goodwin Proctor LLP
53 State Street
Boston, MA  02109-2881

Les Olson Company
P O Box 65598
Salt Lake City, UT  84165-0598

Levine Holdings, LLC
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Linda Marie Eide Residuary
 Family Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Liquor Leasing & Service, L.C.
9283 South Jean Drive
Sandy, UT  84070-6254

Mark Litchfield & Kristin Rotter
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Living Creations Inc
2163 E Lambourne Ave
Salt Lake City, UT  84109-2454

Lovejoy Sky Lodge
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Larry L. Lozensky
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

James A. Lundin
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Luxury Residence Group
Attn:  Carrie Shoaf
693 Main Street
P O Box 1225
Park City, UT  84060

M & M Distributing
531 West 600 North
Salt Lake City, UT 84116-3430

Market Metrix
990 A Street Suite 301
San Rafael, CA 94901-3000

Mascioni Hospitality, Inc.
915 Broadway, Suite 1909
New York, NY  10010

Adelaide Maudsley
Chapman & Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111-2298

Kevin McCarthy
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Tracy McCarthy
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Clint McClellan
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

McGladrey and Pullin
Attn:  Jan Riend
One South Wacker Drive, Suite 800
Chicago, IL  60606-4650

John E. McIlwaine
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Claudia McMullin & Timothy Douglas
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Joshua A. Mettle
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Media One of Utah
4770 South 5600 West
West Valley City, UT  84170-4005

Merrit & Harris
301 E Glenoaks Blvd. Suite 4
Glendale CA 91207-2115

Thomas & Julie B. Millar
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Millcreek Consulting
Attn:  Steve Brown
3017 E Kempner Rd.
Salt Lake City UT  84109-3654

Daniel S. Miller DDS
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Robert A. Miller
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Money 4 You & Mr. Money
498 North 900 West # 230
Kaysville, UT 84037-4213

Frederic Monnot
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Stephen Monticone
592 North 200 West
Heber City, UT  84032

John T. Morgan Tr
US Trustees Office
405 South Main Street, Suite 300
Salt Lake City, UT  84111-3402

Mountain Valley Temperature Control
PO Box 429
Pleasant Grove, UT 84062-0429

Muir Copper Canyon Farms
PO Box 26775
Salt Lake City, UT 84126-0775

Muzak LLC
PO Box 71070
Charlotte, NC 28272-1070

Nicholas & Company, Inc.
P O Box 45005
Salt Lake City, UT  84145-0005

Night Vision Landscape Light
2859 West 7550 South
West Jordan, UT  84084-3712

Open Table Inc
PO Box 49322
San Jose, CA  95161-9322

Pacific Seafood - Utah
P O Box 97
Clackmas, OR  97015-0097

Park Avenue Travel
11 Park Avenue
Swarthmore, PA  19081

Park City I, LLC
c/o George B. Hofmann
Parsons Kinghorn Harris
111 East Broadway, Suite 1100
Salt Lake City, UT  84111

Park City Surveying
P O Box 682993
Park City, UT  84068-2993

Daniel H. & Vanessa I. Payne
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Douglas J. Payne
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Philo Smith
684 Glenneyre Street
Laguna Beach, CA  92651-2420

Philo Smith Jr. Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Par Springer-Miller System, Inc
782 Mountain Road
PO Box 1547
Stowe, VT 05672-1547

Park City Auto Parts/Hardware
P O Box 244
Heber City, UT  84032-0244

Park City Chamber Bureau
P O Box 1630
Park City, UT  84060

Park City Lock & Key
3946 North Last Run Drive
Park City, UT  84098

Park City Municipal Corp.
PO Box 1480
Park City, UT 84060-1480

Park City Water
PO Box 1480
Park City, UT 84060-1480

Park City WinElectric
PO Box 681729
Park City, UT  84068-1729

Patricia Wagner
P O Box 680322
Park City, UT  84068-0322

PayChex Human Resources Services
P O Box 29769
New York, NY  10087-9769

Peak Mobile Communications
4910 South Warehouse Road
Salt Lake City, UT  84118-6354

Peets Coffee & Tea
P O Box 12509
Berkeley, CA  94712-3509

Pitney Bowes
P O Box 856390
Louisville, KY  40285-6390

Plaza Dry Cleaners
PO Box 770-361
Park City UT 84060

Donald E. Porteous
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Porter Paint
1268 South 500 West
Salt Lake City, UT  84101-3019

Proforma
PO Box 51925
Los Angeles, CA 90051-6225

Protravel International
14130 Riverside Drive
Sherman Oaks, CA 91423-2313

Protravel International Inc
515 Madison Ave 10th Floor
New York, NY 10022-5403

Questar Gas Company
PO Box 45360
Salt Lake City, UT 84145-0360

Qwest, Inc.
Attn: Bankruptcy Department
PO Box 29040
Phoenix, AZ 85038-9040

Qwest Corp.
Attn: Jane Frey
1801 California Street, Room 900
Denver, CO 80202-2658

Qwest Communications Company
Attn: Jane Frey
1801 California Street, Room 900
Denver, CO 80202-2658

Qwest Long Distance Business Services
PO Box 856169
Louisville, KY 40285-6169

Elizabeth Rad
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Charles & Vicki P. Raeburn
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Angela Rayner
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Steve Reich
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Steve Reich, Scott Coleman
 & Ashley Coleman
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Renegade Oil Inc
1141 South 3200 West
Salt Lake City, UT 84104-4562

Revco Leasing
P O Box 65598
Salt Lake City, UT 84165-0598

Knute Rife
Wrona Law Offices
11650 South State Street, Suite 103
Draper, UT 84020-7144

Rimmerman
One Embarcadero Center, Suite 2410
San Francisco, CA 94111-3737

PacifiCorp
Attn: Bankruptcy
P O Box 25308
Salt Lake City, UT 84125-0308

Eric & Susan Rothchild
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

RussWoods LLC
5148 Silver Springs Road
Park City, UT 84098-6034

SL Convention & Visitors Bureau
90 South West Temple
Salt Lake City, UT 84101-1406

Safeguard
P O Box 5
Orem, UT 84059

Schindler Elevator Corporation
P O Box 93050
Chicago, IL 60630

Scott James Jewelry
32 South Main Street
Heber City, UT 84032

Securities & Exchange Commission
Attn: Bankruptcy Dept.
44 Montgomery St # 1100
San Francisco, CA 94104-4613

Sentry West Insurance Services
PO Box 9289
Salt Lake City, UT 84109-9289

Shaner Design, Inc.
Attn: Tom Shaner
614 Main Street, Suite 404
PO Box 4560
Park City, UT 84060-4560

Sheri P. Chromow, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

Jeffrey L. Shields
Callister Nebeker & McCullough
10 East South Temple, Suite 900
Salt Lake City, UT 84133-1101

Jeffrey Weston Shields
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101-1644

Shift4 Corporation
1491 Center Crossing Rd
Las Vegas, NV 89144-7047

William & Carrie Shoaf
4780 Winchester Court
Park City, UT 84098-7528

Shoes For Crews, LLC
File LockBox 51151
Los Angeles, CA 90074-1151

Matthew & Terry L. Sidford
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Robert K & Lynn K Simons
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

**Small Luxury Hotels**
**2nd Floor-Grantham House**
**North Street Leatherhead**
**Surrey KT22 7AZ**
**GREAT BRITAIN**

Standard Plumbing Supply
PO Box 708490
Sandy, UT 84070

State Office of Recovery Services
515 East 100 South
P O Box 45033
Salt Lake City, UT  84145-0033

Stone Ground Bakery
P O Box 581078
Salt Lake City, UT  84158-1078

Summit County Assessor
PO Box 128
Coalville, UT 84017-0128

Sundance Partners, Ltd.
c/o Ballard Spahr
201 South Main Street, Suite 800
Salt Lake City, UT  84111-2212

Sysco Intermountain Food Services, Inc.
c/o David W. Overholt
Richer & Overholt, PC
901 West Baxter Drive
South Jordan, UT 84095-8687

N. Allen Taylor
Taylor Capital Management
6641 North Paseo Tamayo
Tucson, AZ  85750

Siemens Building Technologies, Inc.
9707 Sandy Parkway
Sandy, UT  84070-2500

Skyboozers LLC
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Amer & Yvette Soudani
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Staples Credit Plan
Dept 51-7861136819
PO Box 689020
Des Moines, IA  50368-9020

State of Utah
Office of the Attorney General
Tax & Revenue Division
P O Box 40874
Salt Lake City, UT  84114-0874

Sugar House Awning
7526 South State Street
Midvale, UT  84047

Summit County Treasurer
60 North Main
PO Box 128
Coalville, UT  84017

Swire Coca-Cola USA
P O Box 1410
Draper, UT  84020-1410

TCF Holdings – Fred Mommot
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Tenderfoot Holdings LLC
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Charles H. & Andrea E. Silverman
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Sky Lodge Holdings, LLC
c/o David E. Leta
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, UT  84101-1547

Squire
Attn:  Ray Chipman
1329 South 800 East
Orem, UT 84097-7700

David L & Louise A. Stark
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Step Saver Inc.
1901 West 2425 South
Wood Cross, UT  84087-2463

Summit Business Services
Attn:  Chipper Leonard
4130 Hilltop Court
Park City, UT  84098-4715

Summit County Public Health Dept
Environmental Laboratory
PO Box 128
Coalville, UT 84017-0128

Sysco Intermountain Food Service
Attn:  Steve Lewis
P O Box 27638
Salt Lake City, UT  84127-0638

Target Labels & Packaging
40 West 3800 North
Hyde Park, UT  84318-4114

Teresa Martha Wiss Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

The Aspen Times
Colorado Mountains News Media
P O Box 540
Gypsum, CO  81637

The Barbara A Casale Revocable Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

The Chef's Garden
9009 Huron-Avery Road
Huron, OH 44839-2448

The Elevator Company
PO Box 736
Bountiful, UT 84011-0736

The Mark and Joann Tattersall Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

The Park Record
P O Box 3688
Park City, UT  84060

The Richard C. Casale Revocable Trust
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

The Shoaf Family Trust Jan 16 2002
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Paul W. Throndsen, MAI
Appraisal Group, Inc.
7396 South Union Park Ave., #301
Midvale, UT  84047

Timothy G. Little, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY  10022-2585

USA Today
P O Box 79782
Baltimore, MD  21279-0782

Union Square Home Owners
Association
PO Box 683300
Park City UT 84068-3300

United Fence Co.
PO Box 26933
2525 South 2700 West
Salt Lake City, UT 84119-1227

Universal Companies
18260 Oak Park Drive
Abingdon, VA  24210

Utah Dept-Alcoholic Beverage Control
1625 South 900 West
P O Box 30408
Salt Lake City, UT  84130-0408

Utah Dept of Workforce Services
P O Box 45249
Salt Lake City, UT  84145-0249

Utah Fire Equipment
152 West 1700 South
Salt Lake City, UT  84115

Utah State Tax Commission
Sales Tax
210 North 1950 West
Salt Lake City, UT  84134-0400

Stephen P. & Barbara Vermut
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Virtuoso, Ltd.
c/o R. Jason Pierce
Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Suite 1500
Fort Worth, TX  76102

Virtuoso, Ltd
P O Box 99358
Fort Worth, TX  76199-0358

Graham Wagner & Kati Irwin
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Wasatch Audio-Visual
PO Box 770 PMB282
Park City, UT  84060-0770

Wasatch Meats
926 South Jefferson Street
Salt Lake City, UT  84101-2983

Water Images
P O Box 571393
Murray, UT 84157-1393

Water Reclamation District
2800 Homestead Rd
Park City, UT  84098-4869

Alfred M. Wesser
2353 South Waldby Avenue
Fresno, CA  93725

Wells Fargo Equipment Finance
NW-8178 PO Box 1450
Minneapolis, MN 55485-8178

Wells Fargo Equipment Finance
733 Marquette Avenue Suite 700
Minneapolis, MN 55402-2316

West LB AG, New York Branch
Attn:  Christian Ruehmer
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Duncan Robertson
Executive Director
WestLB AG, Special Situations - NY
7 World Trade Center
250 Greenwich Street
New York, NY 10007

West LB AG, New York Branch
Attn:  Jeff Nelson
7 World Trade Center
250 Greenwich Street
New York, NY 10007

West LB AG, New York Branch
Attn:  James Winikor
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Whitney Advertising & Design
6410 N Business Park Loop Rd
Suite H
Park City, UT  84098-6212

Jim & Robin Whitney
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

David Wickline
17575 Fitzpatrick Lane
Occidental, CA  95465-9355

David L. Wickline
c/o Kim R. Wilson
Snow Christensen & Martineau
P O Box 45000
Salt Lake City, UT  84145-5000

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place, Suite 1100
P O Box 45000
Salt Lake City, UT  84145-5000

Joseph E. Wrona
Wrona Law Office, P.C.
1816 Prospecter
Park City, UT  84060

Francine Wynn
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Kenneth Yonemura &
 Grace Noda-Yonemura
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Phillip & Ruth Yuan
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Bruce J. Zabarauskas
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022-2544

Anthony & Teresa Meno Zingale
c/o Robert Dale & Bradley Tilt
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT  84111-2323

Acme Holdings LLC
Sean Raiton
PO Box 681373
Park City, UT  84068

Emily and John Hill
1821 Tamarack Street
Westlake Village, CA 91361

Joy and Leon Dreimann
1285 Loch Lane
Lake Forest, IL 60045

Kevin Borg
2215 East 6595 South
Salt Lake City, UT 84121

Michael Pardo
513 Scrimshaw Way
Severna Park, MD 21146-1424

Sarah Betsy Bacon
2952 Arabian Drive
Park City, UT 84060