Douglas J. Payne (A4113)
Robert G. Crockett (A12067)
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
Salt Lake City, Utah 84111-2323
dpayne@fabianlaw.com
rcrockett@fabianlaw.com
Telephone: (801) 531-8900
Fax: (801) 596-2814

*Attorneys for Gateway Center, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re:<br><br>EASY STREET HOLDING, LLC, *et al.*<br><br>Debtors. | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases 09-29907<br>and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**GATEWAY CENTER, LLC'S OBJECTION TO SECOND APPLICATION OF WRONA LAW FIRM, P.C. FOR INTERIM COMPENSATION** |

      Gateway Center, LLC ("**Gateway**"), through its attorneys Fabian & Clendenin, pursuant

to the *Order Approving Motion and Establishing Monthly Fee and Expense Reimbursement*

*Procedures* dated December 15, 2009 [Dkt. 271], objects to the *Second Application of Wrona*

*Law Firm, P.C. for Interim Compensation and Reimbursement pursuant to 11 U.S.C. §§ 330 and*

*331 as Attorneys for the Debtor in Possession Powers* [sic] *for the Period from January 1, 2010*

*through April 30, 2010* [Dkt. 515] (the "**Second Wrona Fee Application**" or "**Application**") as follows:

1. Debtors Easy Street Partners, LLC, Easy Street Mezzanine, LLC, and Easy Street Holding, LLC (collectively, the "**Debtors**") are debtors-in-possession in the above-entitled jointly administered Chapter 11 cases.

2. On October 19, 2009, the Debtors filed an application [Dkt. 102] to employ the Wrona Law Offices, LLC ("**Wrona**") as special counsel. The application requested that the Debtors be authorized to employ Wrona as special counsel to provide a very broad scope of services:

> [¶12.] . . . The specific services which may be provided by Wrona Law Offices are:
>
>   a. Advising the Debtors on litigation, bankruptcy and financing matters, including the negotiation and structure of debtor-in-possession financing;
>
>   b. Representing the Debtors in connection with this proceeding, including adversarial actions within this proceeding; and
>
>   c. Representing and advising Debtors with regard to issues related to the complex relationships within Debtor's [sic] organization, and between Debtor [sic] and its [sic] fractional interest unit owners.

Application [Dkt. 102], at ¶ 12.

3. The Court granted the Debtors' application to employ Wrona as special counsel with respect to a broad scope of matters by Order dated December 15, 2009. [Dkt. No. 218].

4. The Declaration of Joseph E. Wrona [Dkt. 103] ("**Declaration**") filed in connection with the application to employ Wrona as special counsel stated that Wrona does not currently represent any party in interest in any matter related to the Debtor." *Id.* at ¶4. The

Declaration went on to list Cloud Nine as a party in interest that Wrona "may have represented . . . in other matters." *Id.*

5. In January 2009, Debtor Easy Street Partners, LLC ("**Partners**") agreed to assume the interest in and obligations of Cloud Nine Resorts, LLC ("**Cloud Nine**") as lessee under lease ("**Lease**") of real property located in Park City, Utah, that Cloud Nine was leasing from Gateway.

6. Cloud Nine as the original lessee was not released from liability under the Lease when Partners agreed to assume it. Cloud Nine is an affiliate of Partners, and is controlled by Partners' principal and managing member, William Shoaf ("**Shoaf**").

7. Shoaf executed a personal guaranty of the obligations of Cloud Nine and Partners under the Lease in which Shoaf obligated himself to Gateway in his individual capacity.

8. On March 11, 2010, Gateway filed a lawsuit against Cloud Nine and Shoaf in Third District Court for Summit County, Utah, seeking damages for their obligations under the Lease and personal guaranty, respectively, *Gateway Center, LLC v. Cloud Nine Resorts, LLC and William Shoaf,* Civil No. 100500193 (the "**State Court Lawsuit**").

9. Even though neither Partners nor either of the other debtors in the above-entitled jointly administered bankruptcy cases is a party to the State Court Lawsuit, the detailed time entries in the Application reflect that Wrona began billing the bankruptcy estate for services related to the State Court Lawsuit shortly after the State Court Lawsuit was filed, including the following time entries:

| Mar-15-10 | Obtain and review copy of action filed by Gateway (.1); corr. w/ Bill on same (.1); tele w/ Bill on how lawsuit impacts members of Easy Street (.3). | JEW | 0.50 | $350.00 | $175.00 |

3

| Mar-24-10 | Review Gateway Complaint; review prior emails from Bill on same; lunch mtg (no charge); inspect property afterwards and discuss with Philo and Kim; researching constructive eviction. | JEW | 0.70 | $350.00 | $245.00 |
| Mar-29-10 | . . . working on Gateway dispute w/ Philo, then w/ Bill to determine how it impacts members(.2). | JEW | 0.20 | $350.00 | $70.00 |

10. After Gateway served Cloud Nine and Shoaf with a summons and complaint, Mr. Wrona telephoned Rob Crockett, one of Gateway's attorneys, and indicated he would be representing Cloud Nine and Shoaf in the State Court Lawsuit.

11. A few days after receiving the call in which Mr. Wrona indicated he would be representing Cloud Nine and Shoaf, Mr. Crockett suggested to Mr. Wrona that the parties to the State Court Lawsuit stipulate to an extension of time for the defendants to file an answer because of the possibility that the then-pending objection to Gateway's claim in Partners' bankruptcy might resolve certain issues relating to the Lease. Mr. Wrona agreed. The detailed time entries for April 8, 2010 attached to the Exhibit reflect a telephone conversation between Mr. Wrona and Rob Crockett regarding such a stipulation:

| Apr-08-10 | Tele w/ Crockett to discuss Gateway lawsuit; negotiate stipulation to stay state court action; work w/ Kim Sallinger to obtain approval for stay and confirmt that Easy Street desires stay. | JEW | 0.60 | $350.00 | $210.00 |

12. On April 13, 2010, Wrona, acting as counsel for defendants Cloud Nine and Shoaf, executed a *Stipulation to Extend Time for Defendants to Respond to the Complaint* ("**State Court Stipulation**") and filed it with the Third District Court for Summit County, Utah.

4

A copy of the State Court Stipulation is attached hereto as **Exhibit "A."** The time entry for April 13, 2010 attached to the Application reflects Mr. Wrona signing such a stipulation:

| Apr-13-10 | Review letter from Gateway and stip, sign same and arrange for filing. | JEW | 0.20 | $350.00 | $70.00 |

13. The detailed time entries attached to Application include several other time entries in which Wrona provided legal services to the Debtors regarding the State Court Lawsuit or the Gateway Lease, including:

| Apr-06-10 | . . . working on potential dispute between members of Easy Street as to Gateway lease assingment and responsibility for lease: Tele w/ Bill (5.); tele w/ Philo (.3); review lease, assignment and default documents (.3). | JEW | 1.10 | $350.00 | $385.00 |
| Apr-12-10 | Corr. w/ Shoaf, Sallinger and Smith on status of Gateway lawsuit and on new funding group. | JEW | 0.30 | $350.00 | $105.00 |
| Apr-20-10 | . . . review PCBD letter on Gateway lease violations (.1); review Mike's response (.1); working on how to keep Easy Street member sout of Gateway litigation (.3). | JEW | 0.50 | $350.00 | $175.00 |
| Apr-21-10 | . . . tele w/ Anuj on Gateway litigation, Baynorth litigation and other issues (.3). | JEW | 0.30 | $350.00 | $105.00 |

14. Wrona's representation of Shoaf and Cloud Nine in the State Court Lawsuit regarding the Lease with Gateway constitutes the representation of an interest adverse to the estate with respect to which Wrona has been employed within the meaning of 11 U.S.C. § 327(e).

15. Wrona failed to disclose to the Court his representation of the adverse interests of Shoaf and Cloud Nine in the State Court Lawsuit.

16. As a result of Wrona's representation of Shoaf and Cloud Nine in connection with the State Court Lawsuit, Wrona lost his disinterestedness status no later than April 8, 2010.

17. Alternatively, it is improper for the bankruptcy estate to pay Wrona for services relating to advising or representing Cloud Nine and Shoaf in the State Court Lawsuit.

WHEREFORE, Gateway prays for entry of an Order:

A. Denying Wrona any compensation for services provided on or after April 8, 2010, when Wrona lost disinterestedness status with respect to matters on which Wrona had been representing the estate, i.e., all services rendered and costs incurred from and including April 8, 2010 through April 30, 2010;

B. Denying Wrona compensation and reimbursement in connection with those services provided prior to April 8, 2010 relating to the State Court, which services are detailed in paragraph 9 above;

C. Alternatively, in the event the Court does not deny the Second Wrona Fee Application in its entirety, the Court should, at the very least, deny compensation and reimbursement in connection with all services provided in connection with the State Court Lawsuit or the Gateway Lease, which services are detailed in paragraphs 9, 11, 12 and 13 above; and

D. For such other and further relief as the Court deems just and equitable.

DATED this 21st day of June, 2010.

                      /s/ Douglas J. Payne
                      Douglas J. Payne
                      Robert G. Crockett
                      **FABIAN & CLENDENIN**
                      A Professional Corporation
                      *Attorneys for Gateway Center, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on this 21st day of June, 2010, via ECF Notification, on the following:

| | |
|---|---|
| Troy J. Aramburu | taramburu@joneswaldo.com, rhuot@joneswaldo.com |
| Michael V. Blumenthal | mblumenthal@crowell.com |
| Kenneth L. Cannon II | kcannon@djplaw.com |
| Scott A. Cummings | cummings.scott@dorsey.com |
| Steven B. Eichel | seichel@crowell.com |
| George B. Hofmann | gbh@pkhlawyers.com, dh@pkhlawyers.com |
| Mary Margaret Hunt | hunt.peggy@dorsey.com, brown.patricia@dorsey.com, smith.ron@dorsey.com, slc.lit@dorsey.com |
| Annette W. Jarvis | jarvis.annette@dorsey.com, smith.ron@dorsey.com, slc.lit@dorsey.com, brown.patricia@dorsey.com |
| Lon A. Jenkins | lajenkins@joneswaldo.com, krichardson@joneswaldo.com, ecf@joneswaldo.com, rhuot@joneswaldo.com |
| Michael R. Johnson | mjohnson@rqn.com, agale@rqn.com |
| Anthony C. Kaye | kaye@ballardspahr.com, swand@ballardspahr.com |
| Benjamin J. Kotter | kotter.benjamin@dorsey.com, smith.ron@dorsey.com, brown.patricia@dorsey.com, slc.lit@dorsey.com |
| Adelaide Maudsley | maudsley@chapman.com, jemery@chapman.com |
| Steven J. McCardell | smccardell@djplaw.com |
| John T. Morgan tr | john.t.morgan@usdoj.gov, james.gee@usdoj.gov |
| David W. Overholt | doverholt@rsolaw.com, abachman@rsolaw.com |
| Knute Rife | karife@rifelegal.com |
| Jeffrey L. Shields | jlshields@cnmlaw.com, njpotter@cnmlaw.com |
| Jeffrey Weston Shields | jshields@joneswaldo.com, rhuot@joneswaldo.com |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |
| Kim R. Wilson | bankruptcy_krw@scmlaw.com |

I further certify that a true and accurate copy of the foregoing was served on this 21st day of June, 2010, via first-class mail on the following:

Corbin B. Gordon
Corbin B. Gordon, P.C.
345 West 600 South, Suite 108
Heber City, UT 84032-2247

7

Joseph E. Wrona
Wrona Law Firm, P.C.
1745 Sidewinder Drive
Park City, UT 84060

Easy Street Partners, LLC
4780 Winchester Court
Park City, UT 84098

/s/ Douglas J. Payne

ND: 4850-6671-1814, v. 1

# EXHIBIT "A"

Robert G. Crockett (A12067)
Diane H. Banks (A4966)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax: (801) 532-3370
Attorneys for Plaintiff
rcrockett@fabianlaw.com
dbanks@fabianlaw.com

IN THE THIRD JUDICIAL DISTRICT COURT

SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| GATEWAY CENTER, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDNINE RESORTS, LLC, a Utah limited liability company; WILLIAM SHOAF, an individual,<br><br>Defendants. | **STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT**<br><br>Civil No. 100500193<br><br>Judge Bruce Lubeck |

Robert G. Crockett, counsel for Plaintiff Gateway Center, LLC, and Joseph E. Wrona, counsel for Defendants Cloudnine Resorts, LLC and William Shoaf (collectively "Defendants") hereby stipulate that Defendants' time to respond to Plaintiff's Complaint is extended until seven (7) calendar days following the receipt of written notice from the Plaintiff to Defendants stating the need to respond.

The parties further stipulate that Defendants will give Plaintiff seven (7) days written notice prior to filing an answer or other response to the Complaint if Plaintiff has not yet required a response.

DATED this 9th day of April, 2010.

_____
Robert G. Crockett
Diane H. Banks
FABIAN & CLENDENIN,
 a Professional Corporation
Attorneys for Plaintiff

DATED this 13th day of April, 2010.

_____
Joseph E. Wrona
WRONA LAW FIRM
Attorneys for Defendants

4827-5842-3813, v. 1

2

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2010, I caused the foregoing **STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT** to be served via United States Mail, first class postage pre-paid, a true and correct copy to:

Robert G. Crockett
Diane H. Banks
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323

_/s/ Tracy Ware_