# Exhibit A

Joseph E. Wrona (wrona@wasatchlaw.com) (8746)
Wrona Law Firm, P.C.
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
Special Counsel for Debtors and Debtors in Possession.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| EASY STREET HOLDING, LLC, *et al.*, | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908 |
| Address: 201 Heber Avenue<br>Park City, UT 84060 | Chapter 11 |
| | Honorable R. Kimball Mosier |
| Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | [FILED ELECTRONICALLY] |

### AFFIDAVIT KIM T. SALLINGER

Kim T. Salllinger, being first duly sworn under oath, does hereby depose and state:

1. I am over eighteen years of age and the statements contained herein are based upon my personal knowledge.

2. I am a principal and director of BDRC 4 SITE, LLC ("BDRC"), and I act on BDRC's behalf with regard to matters related to the Sky Lodge Condominium Hotel located on the Main Street of Park City, Utah.

3. BDRC has been appointed to act as a co-manager of the Debtors in the above captioned action, and has been approved by the Bankruptcy Court.

4. In the course of performing BDRC's duties as co-manager, I have worked closely with Philo Smith, a member of and co-manager of the Debtors on decisions and activities of the Debtors during the pendency of this Chapter 11 bankruptcy proceeding.

5. In mid March of this year, Philo Smith and I grew concerned that a civil action filed in state court against Easy Street Partners, LLC, CloudNine, LLC, and Bill Shoaf was becoming problematic because the plaintiff was continuing to press litigation against Mr. Shoaf and CloudNine in state court, and we believed that litigation could result in negative media for Sky Lodge.

6. Mr. Smith and I also believed that it was important to the operation of the Sky Lodge Hotel Condominium project, and to the ongoing operation of Debtors, to understand what defenses were available to the state court action so that we could determine whether Debtors should seek permission to participate in the defense of the state court action.

7. Mr. Smith and I also felt that it was imperative to postpone or stay the litigation of the state court if at all possible.

8. Mr. Smith and I determined that it was necessary to request that Joseph Wrona and the Wrona Law Firm investigate the claims and defenses in the state court action, and provide us with an assessment of the action and whether it was in the best interest of Debtors to attempt to obtain a continuance or stay of the state court action.

9. Mr. Wrona met with us, and after discussing the situation, we asked Mr. Wrona to perform this work for the Debtors.

2

10. Philo Smith and I then inspected the subject property with Mr. Wrona, and Mr. Smith and I once again directed Mr. Wrona to perform work for the Debtors and to bill the Debtors for that work.

11. Mr. Wrona then very efficiently analyzed the dispute, provided us with his opinion, and obtained a stay of the state court action, i.e., he did exactly what we requested.

12. The invoices submitted by Wrona Law to Debtors reflect that Mr. Wrona was able to perform all of this work for less than three (3) hours of billable time, i.e., for $875.00.

13. Mr. Smith and I believe that Mr. Wrona and Wrona Law performed a very valuable service for the Debtors at a cost that was lower than I anticipated.

14. Part of the reason Mr. Wrona was able to perform this work so quickly and inexpensively was because Mr. Smith and I instructed Mr. Wrona to sign a stipulation to stay the state court action, and we knew Mr. Wrona would need to sign that stipulation on behalf of Mr. Shoaf and CloudNine.

15. Before he signed the stipulation, Mr. Wrona discussed with me the question of whether a conflict of interest could possibly exist that would prevent Mr. Wrona from taking that action, and Mr. Smith and I emphatically informed Mr. Wrona that we could not perceive of any possible conflict of interest that would interfere with our directive to Mr. Wrona to execute the stipulation.

16. Indeed, Mr. Smith and I believed at the time, and we believe to this day, that Mr. Wrona's negotiation and execution of the stay of the state court action directly benefitted the Debtors, and saved the Debtors thousands of dollars in legal fees that would have otherwise been incurred had we employed different counsel or adopted a different strategy.

17. I have been informed that certain creditors of the Debtors have filed objections to Mr. Wrona's request for payment from the Debtors for his work on this issue, and I am baffled why creditors would object to the fast, effective and low cost action by an attorney that directly benefitted Debtors and very creditors who are raising objections.

FURTHER AFFIANT SAYETH NAUGHT

_____
Kim T. Sallinger

SUBSCRIBED AND SWORN to before me this 24th day June, 2010.

_____
NOTARY PUBLIC

Jane Ann Morrison
My Commission Expires
11/25/2012