Michael R. Johnson, Esq. (#7070)
Jonathan A. Dibble, Esq. (#0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: mjohnson@rqn.com
E-mail: jdibble@rqn.com

*Attorneys for Jacobsen National Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address: 201 Heber Avenue ) | Chapter 11 |
|    Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | [FILED ELECTRONICALLY] |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**DECLARATION OF RICHARD G. KIRKHAM REGARDING JACOBSEN NATIONAL
GROUP, INC.'S CLAIM AGAINST EASY STREET PARTNERS, LLC**

Richard G. Kirkham hereby declares as follows:

1. I am Executive Vice-President and Chief Financial Officer of Jacobsen National Group, Inc. ("Jacobsen"), a secured creditor of Easy Street Partners, LLC ("Partners"). I am a certified public accountant and, if called upon to testify, could testify competently with respect to

amounts owed to Jacobsen by Partners and other matters regarding the nature and basis of Jacobsen's secured claim.

2. Jacobsen was the general contractor and construction manager in the construction of The Sky Lodge and associated buildings and other improvements owned by Partners located in Park City, Utah (the "Sky Lodge Development"), pursuant to that certain construction contract between Jacobsen and Partners, dated March 20, 2006, entitled AIA Document A121 CMc-2003 and AGC Document AGC 565 (the "Contract").

3. As of June 10, 2010, Jacobsen was owed the following amounts for construction and construction management services under the Contract, plus attorneys' fees and costs incurred by Jacobsen in this Chapter 11 case from May 1, 2010 forward (some of these amounts are, in turn, owed to Jacobsen's subcontractors on the Sky Lodge Development):

| | |
|---|---:|
| Principal | $1,382,127.18 |
| Interest (@ 10% thru 6/10/10) | 212,052.39 |
| Attorney's Fees (thru 4/30/10) | 151,650.33 |
| TOTAL (thru 6/10/10; Excluding May and June Legal) | $1,745,829.84 |

4. Amounts currently owed to Jacobsen under the Contract, together with further accrued interest and attorneys' fees and costs, will be referred to hereinafter as the "Jacobsen Secured Claim."

5. On March 17, 2009, Jacobsen recorded its Notice of Mechanic's Lien against the Sky Lodge Development with the Summit County Recorder's Office, pursuant to Utah law. On September 4, 2009, prior to Partners' Chapter 11 petition, Jacobsen filed a civil action against Partners and others, including the individual unit owners (the "State Court Litigation"), to enforce and foreclose on its mechanic's lien, also pursuant to Utah law.

6. Interest continues to accrue on the Jacobsen Secured Claim at the rate of 10% per annum ($378.665 per day), and Jacobsen has incurred substantial additional attorney's fees in this case since April 30, 2010 which also are allowable as part of the Jacobsen Secured Claim.

7. Solely for purposes of the Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 (the "Joint Plan"), Jacobsen has agreed to accept the amount $1,330,000 in full satisfaction of the Jacobsen Secured Claim, which includes the claims of Jacobsen's subcontractors. Jacobsen and its subcontractors also will release any mechanic's liens filed with respect to the Sky Lodge Development upon payment of $1,330,000, and Jacobsen also will dismiss the State Court Litigation which is currently pending against Partners and the individual unit owners of the Sky Lodge Development.

8. Jacobsen agreed to this treatment some time ago in connection with Partners' proposed plan of reorganization, and expected when it agreed to this payment to be paid far earlier than it will be paid under the Joint Plan. Neither Jacobsen nor any of its subcontractors has agreed to discount or waive any claims or to release any mechanic's liens under any other plan of reorganization, or in the event of conversion or dismissal of this case.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

EXECUTED this 24th day of June, 2010, in Salt Lake City, Utah.

/s/ Richard G. Kirkham
Richard G. Kirkham, Executive Vice-President and Chief Financial Officer, Jacobsen National Group
[original signature on file with Counsel for Jacobsen]

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2010, a true and correct copy of the foregoing was served upon the following parties by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

Kenneth L. Cannon II
Steven J. McCardell
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050

Michael V. Blumenthal
Steven B. Eichel
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022

Jeffrey W. Shields
Lon Jenkins
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Annette W. Jarvis
Benjamin J. Kotter
**DORSEY & WHITNEY LLP**
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1655

Richard W. Havel
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010

/s/ Sherry Glendening
_____

1089041