**The below described is SIGNED.**

**Dated: July 02, 2010**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

_____

**PROPOSED ORDER SUBMITTED BY:**

Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin Kotter (9592)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101-1685
Telephone:  (801) 933-8933
Facsimile:  (801) 933-7373

Richard W. Havel (10759)
Christina M. Craige (Cal. Bar No. 251103)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

*Attorneys for WestLB, AG*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| Debtors. ) | 09-29907 and 09-29908 |
| ) | |
| Address:  201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | |
| Tax ID Numbers: ) | [FILED ELECTRONICALLY] |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

## ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF EASY STREET PARTNERS, LLC AND WESTLB, AG DATED JUNE 16, 2010

_____

**Filed: 06/29/10**

THIS MATTER coming before the Court upon the filing of the Amended Plan of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 (the "Plan"),[1] due notice having been given, the objection of Gunthers Inc. dba Gunthers Comfort Air ("Gunthers") having been withdrawn based on representations made on the record, having considered the objections to the Plan filed by David Wickline and Alchemy Ventures Trust, LLC (collectively, the "Wickline Entities") and by Park City I, LLC ("Park City I"), as well as the response of the Unsecured Creditors' Committee (the "Committee"), and based upon the evidence presented to the Court and the Court's review of all documents, pleadings, evidence, argument and other matters presented to the Court and after due deliberation thereon and good and sufficient cause appearing therefore:

### THE COURT FINDS AND CONCLUDES THAT:

A.      Confirmation Hearing.  On June 25, 2010, the Court, pursuant to Section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b)(2), commenced a hearing in Partners' chapter 11 case (the "Chapter 11 Case")[2] to consider confirmation of the Plan, which hearing concluded on June 28, 2010.

B.      Ballot Report.  The Debtor filed the Declaration of Michael V. Blumenthal Regarding the Tabulation of Votes with Respect to Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010, which had attached to it a Tabulation Report (the "Ballot Report") on June 25, 2010.  The Ballot Report certifies the

---

[1]      As further provided herein, all capitalized terms not defined in this order shall have the same meaning ascribed to them in the Plan.
[2] Because Partners' case has been jointly-administered with that of Easy Street Holding, LLC and Easy Street Mezzanine, LLC, the docket of the Chapter 11 Case is found at 09-29905; however, for the avoidance of doubt, the Plan and this Order only govern Partners' bankruptcy case and estate.

method and results of the Ballot tabulation for each Class entitled to vote to accept or reject the

Plan, consistent with Bankruptcy Rule 3018.

      C.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over Partners' Chapter 11 Case

under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C.

§ 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

      D.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of this Chapter 11

Case and the docket of the adversary proceedings filed in this Chapter 11 Case maintained by the

Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings

and other documents filed, all orders entered, and all evidence and arguments made, proffered, or

adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.

      E.    <u>Oral Findings of Fact Incorporated</u>. All oral findings of fact and conclusions of

law entered by the Court at the Confirmation Hearing not otherwise included in this Order are

incorporated herein by this reference, in accordance with Bankruptcy Rule 7052(a).

      F.    <u>Declarants Available for Examination</u>. In advance of the Confirmation Hearing,

WestLB filed the Declaration of Duncan Robertson in support of the Plan (Docket # 589), which

was accepted into evidence, and Mr. Robertson was made available for cross examination at the

Confirmation Hearing.  In addition to Mr. Robertson, William Shoaf, Paul Throndsen, and Craig

Elliot were present in the courtroom during the Confirmation Hearing, gave or proffered

testimony, and were offered for cross-examination by parties in interest.  Jeff McIntyre also was

present at the beginning of the Confirmation Hearing, and was excused only after counsel for

both Park City I and the Wickline Entities declined the opportunity to examine him. Mr.

Robertson and Mr. Shoaf were cross-examined by counsel for the Wickline Entities and counsel for Park City I.  Mr. Throndsen was cross-examined by counsel for Park City I.

G.     Transmittal and Mailing of Materials; Notice. In accordance with Bankruptcy Rule 2002, the Court finds and concludes that adequate and sufficient notice of the time for filing objections to the Plan was provided to the Holders of Claims and Interests in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and prior Orders of the Court. The Plan, Ballots, and notice of the Confirmation Hearing were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules and prior Orders of the Court, and such transmittal and service were adequate and sufficient.  All parties-in-interest had the opportunity to appear and be heard at the Confirmation Hearing.

H.     Solicitation. In accordance with Section 1126(b) of the Bankruptcy Code, the Court finds and concludes that: (a) the solicitation of votes to accept or reject the Plan complied with all applicable non-bankruptcy law, rules and regulations governing the adequacy of disclosure in connection with the solicitation; and (b) the solicitation was conducted after disclosure of adequate information, as defined in Section 1125(a) of the Bankruptcy Code.

I.     Ballots. All procedures used to distribute Ballots to the Holders of Claims and Interests and to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court for the District of Utah, the Orders of the Court, and all other applicable laws, rules, and regulations.

J.     Burden of Proof. The Debtor and WestLB, as proponents of the Plan, have met the burden of proving all of the elements of Section 1129(a) and (b) of the Bankruptcy Code.

K.      The Plan Reasonably Classifies Claims and Interests (Section 1122(a)).   The

classification of Claims and Interests in the Plan is reasonable and necessary, and all Claims and

Interests placed in a particular Class are substantially similar to the other Claims and Interests

placed in such Class.   The separate classification of claims in Class 6 is valid and reasonable

including because the holders of Class 6 claims executed valid subordination agreements, which

expressly subordinated those claims to the claim of WestLB.   Therefore, the Plan satisfies the

requirements of Section 1122(a) of the Bankruptcy Code.

L.      The Plan Designates all Classes (Section 1123(a)(1)).   Article III of the Plan

properly designates all Classes of Claims and Interests.   Therefore, the Plan satisfies the

requirements of Section 1123(a)(1) of the Bankruptcy Code.

M.      Specification of Unimpaired Classes (Section 1123(a)(2)).   Article IV of the Plan

specifies the Classes of Claims and Interests which are unimpaired or impaired.   Therefore, the

Plan satisfies the requirements of Section 1123(a)(2) of the Bankruptcy Code.

N.      Specification of Treatment of Impaired Classes (Section 1123(a)(3)).   Article V of

the Plan specifies the treatment of each Class of Claims and Interests.   Therefore, the Plan

satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code.

O.      No Discrimination (Section 1123(a)(4)).   The Plan provides the same treatment

for each Claim and Interest in a particular Class, unless the Holder of a particular Claim or

Interest in such a Class has agreed to a less favorable treatment of such a Claim or Interest.

Therefore, the Plan satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code.

P.      Implementation of the Plan (Section 1123(a)(5)).   The Plan provides adequate,

proper and legal means for its implementation including, without limitation, provisions of the

Plan which (i) vest the Assets of the Debtor in the Reorganized Debtor; (ii) direct the Reorganized Debtor's entry into an Employment Agreement with Shoaf, in connection with which, among other things, in addition to transitioning the operations of the Debtor to the Reorganized Debtor, Shoaf and the Reorganized Debtor will facilitate a transition under which the Reorganized Debtor will have the ability to use the liquor licenses currently used in the Debtor's operations to the same extent enjoyed by the Debtor; and (iii) contemplate and set forth certain material terms of the Exit Funding to make required Plan payments and provide working capital to the Reorganized Debtor. Therefore, the Plan satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code.

Q. <u>Equity Securities (Section 1123(a)(6))</u>. The Plan Proponents have represented that the Operating Agreement for the Reorganized Debtor will be amended to provide that it shall not issue any nonvoting equity securities and that there shall be only one class of voting securities. Therefore, the Plan satisfies the requirements of Section 1123(a)(6) of the Bankruptcy Code.

R. <u>Selection of Officers and Directors (Section 1123(a)(7))</u>. The Plan Proponents have disclosed in the Plan Supplement that the Reorganized Debtor intends to enter into an agreement with Gemstone Hotels & Resorts, LLC to manage the operations of the Reorganized Debtor, and with Thomas Prins and Jeff McIntyre (both principals of Gemstone) to serve as officers of the Reorganized Debtor. Therefore, the Plan satisfies the requirement of Section 1123(a)(7) of the Bankruptcy Code.

S.     Impairment or Unimpairment of Claims or Interests (Section 1123(b)(1)).   The Plan impairs or leaves unimpaired, as the case may be, each Class of Claims or Interests. Therefore, the Plan satisfies the requirements of Section 1123(b)(1) of the Bankruptcy Code.

T.     Assumption or Rejection of Executory Contracts and Unexpired Leases (Section 1123(b)(2)).   Article VIII of the Plan governing executory contracts and unexpired leases meets the requirement of Section 365 of the Bankruptcy Code, and the Plan Supplement sets forth the executory contracts being assumed, along with the amounts necessary to cure said agreements.

U.     Causes of Action.   Other than litigation specifically settled in the Plan, pursuant and subject to Articles VII and XI of the Plan, as of the Effective Date, the Reorganized Debtor shall be vested with and retain and may enforce any and all rights, claims, and privileges held by Partners, including, but not limited to pending litigation, thus satisfying Section 1123(b)(3) of the Bankruptcy Code.

V.     Additional Plan Provisions (Section 1123(b)(6)).   The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of Section 1123(b)(6) of the Bankruptcy Code.

W.     The Plan Complies with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).   The Plan complies with all applicable provisions of the Bankruptcy Code, and, as required pursuant to Bankruptcy Rule 3016(a), is dated and identifies Partners and WestLB as the proponents of the Plan.   Therefore, the Plan satisfies the requirements of Section 1129(a)(1) of the Bankruptcy Code.

X.     Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).   The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code,

including, without limitation, Sections 1125 and 1126 of the Bankruptcy Code. Therefore, the

Plan Proponents have satisfied the requirements of Section 1129(a)(2) of the Bankruptcy Code.

Y.      Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan Proponents have

proposed the Plan in good faith, for the valid business purpose of maximizing the value of the

Debtor's Assets for the benefit of the Debtor's creditors and other parties-in-interest, and not by

any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. In

determining that the Plan has been proposed in good faith, the Court has examined the totality of

the circumstances surrounding the filing of this Chapter 11 Case and the formulation of the Plan.

The Chapter 11 Case was filed, and the Plan was proposed, with the legitimate and honest

purpose of reorganizing and maximizing the value of the Debtor's estate and operations and

resolving disputes and Claims and maximizing recoveries available to creditors. Furthermore,

the Plan and the WestLB settlement included in the Plan are the product of extensive, arms'

length discussions among Partners, WestLB, the Committee, Jacobsen National Group, Inc., and

other parties in interest, and reflect the results of these negotiations and embody the best interest

of all constituencies of the Debtor's estate. Objections by the Wickline Entities and Park City I

that the Plan was not filed in good faith are expressly overruled.

Z.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any

payment made or to be made by the Debtor or on behalf of the Debtor for services or for costs

and expenses in connection with this Chapter 11 Case, including all administrative expense

claims under Section 503 of the Bankruptcy Code, or in connection with the Plan and incident to

this Chapter 11 Case, has been approved by, or is subject to, the approval of the Court as

reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

AA.   <u>Managers and Officers (11 U.S.C. § 1129(a)(5))</u>. The Plan Proponents have complied with Section 1129(a)(5) of the Bankruptcy Code by disclosing in the Plan Supplement the identity and affiliations of all individuals proposed to serve, after confirmation of the Plan, as officers of the Reorganized Debtor, as well as the Reorganized Debtor's employment of Shoaf, an insider of the Debtor, and the nature of compensation for Mr. Shoaf.   The employment agreement between the Reorganized Debtor and William Shoaf, which was introduced as Exhibit 9 at the Confirmation Hearing ("<u>Employment Agreement</u>") was negotiated at arms' length and in good faith, and will facilitate success of the reorganization.   The appointment to such offices of these individuals is consistent with the interests of the creditors and the equity security holders and with public policy, thereby satisfying Section 1129(a)(5) of the Bankruptcy Code.

BB.   <u>No Government Regulation of Rates (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the current business of the Debtor is not subject to governmental regulation of rates.   The Plan therefore satisfies Section 1129(a)(6) of the Bankruptcy Code.

CC.   <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>. The liquidation analysis contained in the Disclosure Statement and in other evidence proffered or adduced at or prior to the Confirmation Hearing has not been contradicted by other evidence.   The methodology used and assumptions made in connection with the liquidation analysis are reasonable.   With respect to each Class of impaired Claims or Interests, each holder of a Claim or Interest in such Class has either (a) accepted the Plan or (b) will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date

under Chapter 7 of the Bankruptcy Code.   Therefore, the Plan satisfies the requirements of

Section 1129(a)(7) of the Bankruptcy Code.

DD.   <u>Acceptance and Deemed Acceptance of Plan (11 U.S.C. § 1129(a)(8))</u>.   As further

described in the Ballot Report filed by the Debtor herein, not all Classes of Claims or Interests

have accepted the Plan.   Classes 1-5 have accepted the Plan, and Classes 6-7 are deemed to reject

the Plan because they are impaired and have received no distribution under the Plan.   Gunthers

changed its vote in Class 2 on the record from a rejecting vote to an accepting vote.

Notwithstanding its deemed rejection, Class 7 has submitted ballots voting to accept the Plan.

Because the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code, as

discussed below, the Plan may be confirmed notwithstanding the Debtor's failure to satisfy

Section 1129(a)(8) of the Bankruptcy Code.

EE.   <u>Treatment of Administrative and Priority Tax Claims and Other Priority Claims</u>

<u>(11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims and other Priority Claims

under the Plan satisfies the requirements of Section 1129(a)(9)(A) and (B) of the Bankruptcy

Code, and the treatment of Priority Tax Claims under the Plan satisfies Section 1129(a)(9)(C) of

the Bankruptcy Code.

FF.   <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.   As further described

in the Ballot Report filed by the Debtor, at least one Class of Impaired Claims has accepted the

Plan in this Chapter 11 Case.   Classes 1, 2, 4, and 5 are impaired and have voted to accept the

Plan.   The Plan therefore satisfies Section 1129(a)(10) of the Bankruptcy Code because at least

one Class of impaired creditors has voted to accept the Plan.

GG.   Feasibility (11 U.S.C. § 1129(a)(11)).  The evidence proffered or adduced and testimony elicited by the Plan Proponents in the Disclosure Statement and at the Confirmation Hearing with respect to feasibility, including any declarations and exhibits submitted into evidence, is persuasive and credible and has not been controverted by other evidence. Specifically, the Court finds that the Plan is feasible on the basis of $2.9 million in capital to be contributed by the Plan Funder on the Effective Date and the Plan Funder's provision of an additional $1.5 million in working capital as and when needed by the Reorganized Debtor.  On the basis of the evidence received, the Court finds that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of Partners, and that the Plan therefore satisfies Section 1129(a)(11).

HH.   Payment of Fees (11 U.S.C. § 1129(a)(12)).  To the extent that all fees payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) have not been paid, the Plan provides for the payment of all such fees within ten (10) days after the Effective Date of the Plan, and as they come due thereafter.  Accordingly, the Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

II.   Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(l3)). No retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code, are currently owing or will be owing by the Debtor in this Chapter 11 Case, thereby making Section 1129(a)(13) of the Bankruptcy Code inapplicable. The Plan therefore satisfies Section 1129(a)(13) of the Bankruptcy Code.

JJ.   Cramdown (Section 1129(b)).  With respect to Holders of Claims and Interests in Classes 6-7, who are deemed to reject the Plan, the Plan does not discriminate unfairly against

such Holders and is fair and equitable with respect to such Class because no holder of any interest that is junior to either Class will receive or retain under the Plan any property on account of such junior interest and no Class senior to these Classes will receive more than a 100% recovery.  In addition, the separate classification and disparate treatment of Class 6 has a valid and reasonable basis, including that the holders of Class 6 Claims executed valid subordination agreements executed in favor of WestLB, and does not constitute unfair discrimination.  No credible evidence was presented that these subordination agreements, which were received into evidence, are not valid or enforceable.  The Court further finds that, based on the evidence presented, equity security holders of the Debtor are not entitled to any distribution.  Further, the Court finds that the equity interests in the Reorganized Debtor are being issued to WestLB on account of new capital, and not on account of WestLB's pre-petition debt.  Therefore, the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  Upon the confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including Classes 6 and 7.

      KK.   No Other Plan (Section 1129(c)).   Other than the Plan (including previous versions thereof), no plan of reorganization has been filed with respect to the Chapter 11 Case. Therefore, the requirements of Section 1129(c) of the Bankruptcy Code have been satisfied.

      LL.   Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.  Accordingly, the Plan complies with Section 1129(d) of the Bankruptcy Code.

MM.   <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Plan Proponents and their
respective attorneys and advisers have solicited votes to accept or reject the Plan in good faith
and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy
Rules, and are, therefore, entitled to the protections afforded by Section 1125(e) of the
Bankruptcy Code.

NN.   <u>Releases, Exculpations and Injunction</u>.  The release, exculpation and injunction
provisions set forth in Article X of the Plan (i) are within the jurisdiction of the Court under 28
U.S.C. §§ 1334(a) and (b); (ii) are an essential means of implementing the Plan pursuant to
Section 1123(a)(5) of the Bankruptcy Code; (iii) are integral elements of the settlements and
compromises that are incorporated in the Plan and those that have resulted in the formulation of
the Plan, which, among other benefits, provides for economic recoveries to holders of Claims,
including general unsecured claims, which would otherwise be unavailable under the Plan; (iv)
confer material benefits on, and thus are in the best interests of, the Debtor's estate and (v) are, in
the facts and circumstances of the Chapter 11 Case, consistent with and permitted pursuant to
Sections 105, 524, 1123, 1129 and all other applicable provisions of the Bankruptcy Code

OO.   <u>WestLB Settlement Approved</u>.  The settlement with WestLB under the Plan
implements the prior release granted WestLB by the Debtor in the cash collateral stipulations,
provides full releases from the Debtor, the estate and the Committee, and includes an agreement
on the compromised allowed amount of WestLB's secured claim and a release and dismissal
with prejudice of the Committee's current equitable subordination action.  The Plan Proponents
provided unrebutted testimony through Mr. Elliott, the Chairman of the Committee,
demonstrating the satisfaction of the following factors under Rule 9019 of the Federal Rules of

Bankruptcy Procedure: (1) the probable success of the underlying litigation on the merits; (2) the possible difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interest of creditors in deference to their reasonable views.  C.K. Williams, Inc. v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.), 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997) (the "Kopexa Factors").  The Court, however, found that, as the settlement with WestLB was a settlement of litigation with the Committee, it was not necessary to meet the Kopexa Factors.  The Court determined, based on the evidence presented by the Plan Proponents in connection with the Confirmation Hearing, that the releases and settlements provided for in the Plan are authorized and appropriate in the Plan, and are fair and in the best interest of creditors.

PP.  Good Faith.  The Plan Proponents and the other Released Parties have acted in good faith and in compliance with Sections 1125(e) and 1129(a)(3) of the Bankruptcy Code, with respect to the administration of the Chapter 11 Case, the negotiation of the Plan, the negotiation and inclusion of the settlement with WestLB in the Plan, the solicitation of acceptances with regard to the Plan, the property to be distributed under the Plan, and the means of implementation of the Plan and are entitled to the protections afforded by inter alia, Section 1125(e) of the Bankruptcy Code and the release, exculpatory and injunctive provisions set forth in Article X of the Plan.  The objections of the Wickline Entities and Park City I to the effect that the Plan Proponents have not acted in good faith, including based on compensation proposed to be paid to William Shoaf pursuant to an employment agreement with the Reorganized Debtor and alleged "strong-arm" tactics by the Plan Proponents, are expressly overruled.

QQ.  Executory Contracts.  The Plan Proponents have exercised reasonable business judgment in determining whether the Debtor should assume or reject each of the executory

-14-

contracts and unexpired nonresidential real property leases, as set forth on Exhibit 6 to the Plan

Supplement.

RR.     <u>Adequate Assurance</u>. No non-Debtor party to any assumed executory contracts

and unexpired leases has objected to assumption of such contract or lease pursuant to the Plan.

The Debtor has cured, or provided adequate assurance that the Debtor will cure, defaults (if any)

under or relating to the assumed contracts and leases.

SS.     <u>Conditions to Confirmation</u>.  All conditions to Confirmation of the Plan set forth

in Section 10.1 of the Plan have been satisfied or waived.

TT.     <u>Conditions to Consummation</u>. Each of the conditions to the Effective Date, as set

forth in the Plan, is reasonably likely to be satisfied, and substantial consummation of the Plan

(within the meaning of Section 1127 of the Bankruptcy Code) shall be deemed to have occurred

on the date all the conditions described in Section 10.2 of the Plan have been satisfied or waived.

UU.     <u>Retention of Jurisdiction</u>. The Court's retention of jurisdiction as set forth in

Article XII of the Plan comports with the parameters contained in 28 U.S.C. § 157.

VV.     <u>Agreements and other Documents</u>. The Plan Proponents have made adequate and

sufficient disclosure to all parties-in-interest of the Restructured Loan Documents, Employment

Agreement and other documents necessary to implement the Plan.

WW.     <u>Election Pursuant to 11 U.S.C. § 1111(b)</u>. No secured creditor has elected the

treatment provided by Section 1111(b) of the Bankruptcy Code.

XX.     <u>Objections</u>.  Although three objections and one response to the Plan were filed,

two were withdrawn or resolved consensually prior to or at the Confirmation Hearing, provided

certain protections were read into the record at the Confirmation Hearing.  Park City I and the

Wickline Entities continued to press their objections to the Plan, which are hereby overruled. The Court further finds and concludes that Park City I and the Wickline Entities, in their capacities as indirect equity owners of Partners, lack standing to be heard on the Plan and on notice regarding the Plan because these parties (i) have no economic interest or any reasonable expectation of any distribution with respect to their indirect interests, (ii) were not materially affected by any amendments made to the Plan filed by the Plan Proponents, and (iii) have no right to vote on the Plan. Consequently, these parties were not denied due process in the expedited notice and hearing of the Plan, and their objections are overruled on this basis as well.

**THE COURT HEREBY ORDERS THAT:**

1.     <u>Confirmation of Plan</u>.  The Plan is approved and confirmed under Section 1129 of the Bankruptcy Code.  The terms of the Plan, the Plan Supplement, the exhibits thereto and documents referenced therein are incorporated herein by this reference and are an integral part of the Plan and this Order.

2.     <u>Objections</u>.  All Objections to confirmation of the Plan have been withdrawn, settled, resolved or overruled.

3.     <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact of the Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

4.     <u>Defined Terms</u>.  All capitalized terms used in this Order that are not defined shall have the same meaning ascribed to them in the Plan.

5.      <u>Provisions of Plan and Order Non-Severable and Mutually Dependent</u>.  The

provisions of the Plan and this Order are non-severable and mutually dependent.

6.      <u>Compliance with Section 1122 and 1123 of the Bankruptcy Code</u>.  With the

amendment prescribed by paragraph 7 of this Order, the Plan complies with the requirements of

Sections 1122 and 1123 of the Bankruptcy Code.

7.      <u>Operating Agreement of Reorganized Debtor</u>.  The Plan Proponents shall ensure

that the Operating Agreement of the Reorganized Debtor provides that the Reorganized Debtor

shall not issue any nonvoting equity securities and that there shall be only one class of voting

securities.  The Operating Agreement of the Reorganized Debtor shall also reflect the Plan

Proponents' representation on the record at the Confirmation Hearing that the sole member of the

Reorganized Debtor shall be either WestLB or an affiliate or the entity identified as EAA in the

Plan Supplement.

8.      <u>Plan Classification Controlling</u>.  The classification of Claims and Interests for

purposes of the distributions provided for under the Plan shall be governed solely by the terms of

the Plan.  The classifications and amounts of Claims, if any, set forth in the Ballots tendered or

returned by the Debtor's creditors in connection with voting on the Plan (a) were set forth on the

Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent,

and in no event shall be deemed to modify or otherwise affect, the actual classification and

amount of such Claims under the Plan for distribution purposes and (c) shall not be binding on

the Debtor or the estate.

9.      <u>Binding Effect</u>.  On or after entry of this Order and subject to the occurrence of

the Effective Date and (specifically as to Jacobsen and parties deriving their rights from the

-17-

Class 2 Claim) also subject to the payment of the Allowed Class 2 Claim as set forth on the

record at the Confirmation Hearing by counsel for the Debtor and counsel for Gunthers, the

provisions of the Plan shall bind the Debtor, all holders of Claims and Interests of the Debtor

(irrespective of whether such Claims or Interests are impaired under the Plan or whether the

holders of such Claims or Interests accepted or are deemed to have accepted the Plan), and any

other party in interest in the Chapter 11 Case, and the respective heirs, executors, administrators,

successors, or assigns, if any, of any of the foregoing.

10.     Vesting of Property.  On the Effective Date and in accordance with the Plan and

Section 1141(c) of the Bankruptcy Code, all of the rights, privileges and Assets currently

belonging to and held by the Debtor and proceeds thereof shall be irrevocably assigned,

transferred and conveyed to and vested in Heber Avenue Partners, LLC (the "Reorganized

Debtor") free and clear of all liens, Claims, Interests and any other rights, obligations, or interest

of any Person in, to, or upon the Assets.

11.     Releases and Exculpation.  In consideration of the contributions of certain parties

to the Chapter 11 Case, including, but not limited to, WestLB, as of the Effective Date, Partners,

the Reorganized Debtor, the Disbursing Agent, WestLB, the Committee, the members of the

Committee in their respective capacity as such, any of such parties' respective present or former

members, officers, directors, employees, advisors, attorneys, representatives, financial advisors,

and agents, and any such parties' successors and assigns (collectively, the "Released Parties")

shall be released by Partners and any successors-in-interest of Partners from any and all Claims,

debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities

whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective

-18-

Date or thereafter arising, at law, in equity, or otherwise, that Partners would have been legally

entitled to assert in its own right (whether individually or collectively) or that any holder of a

Claim, Interest, or other person or entity would have been legally entitled to assert on behalf of

Partners or its estate, based in whole or in part upon any act or omission, transaction, agreement,

event, or other occurrence taking place before or on the Effective Date but occurring during the

Chapter 11 Case, except for acts constituting willful misconduct, gross negligence, or bad faith

and, in all respects such parties shall be entitled to rely upon the advice of counsel with respect to

their duties and responsibilities under the Plan.  Without limiting the foregoing, and except as to

obligations arising under the Plan, as of the Effective Date, Partners, the Reorganized Debtor, the

Committee, and the members of the Committee in their respective capacity as such ("WestLB

Releasors"), shall release and shall be deemed to have released WestLB from any and all Claims,

debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities

whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective

Date or thereafter arising, at law, in equity, or otherwise, that any of them would have been

legally entitled to assert in its own right or on behalf of Partners (whether individually or

collectively). Without limiting the generality of the

foregoing, the WestLB Releasors shall waive all rights under any statutory, legal or equitable

authority purporting to limit the scope or effect of a general release, whether due to lack of

knowledge or otherwise.  Nothing in the Plan or in this Order shall or shall be deemed to release

or exculpate the Released Parties from their respective obligations or covenants arising pursuant

to the Plan.

12.    Injunctions.  The satisfaction, releases and discharge pursuant to Article XI of the

Plan will also act as an injunction against any Person or Entity commencing or continuing any

action, employment of process or act to collect, offset, recoup or recover any Claim satisfied,

released or discharged under the Plan to the fullest extent authorized or provided by the

Bankruptcy Code.

13.    Automatic Stay.  The automatic stay in effect in the Chapter 11 Case pursuant to

Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, at

which time the stay in the Chapter 11 Case shall be dissolved and of no further force or effect,

subject to the injunction set forth in the preceding paragraph and/or Sections 524 and 1141 of the

Bankruptcy Code.

14.    Exemption from Certain Taxes and Recording Fees. Pursuant to Section 1146(c)

of the Bankruptcy Code, the issuance, transfer or exchange of any security, or the making,

delivery, filing or recording of any instrument of transfer under, or in connection with the Plan

shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax.

Furthermore, and without limiting the foregoing, any transfers from Partners to any other Person

or Entity pursuant to the Plan, including transfers of real and personal property among and

between the Debtor and the Reorganized Debtor will not be subject to any document recording

tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp

act, real estate transfer tax, mortgage recording tax, or uniform commercial code filing or

recording fee. *All filing and/or recording officers (or any other person or entity with authority*

*over any of the foregoing), wherever located and by whomever appointed, shall comply with the*

*requirements of Section 1146(c) of the Bankruptcy Code, shall forego the collection of any such*

*tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment*.  The Court shall retain jurisdiction with respect to these matters.

15.     <u>Assumption of Contracts and Leases</u>. The executory contract and unexpired lease provisions of Article VIII of the Plan are approved.  As of the Effective Date and upon the payment of any Cure Claims (if applicable), pursuant to Section 8.5 of the Plan and paragraph 25 of this Order, each assumed agreement shall be deemed assumed by the Reorganized Debtor and shall be in full force and effect, except to the extent that such agreement has been modified consensually with the agreement of the parties thereto.

16.     <u>Rejection of Contracts and Leases</u>. Each executory contract not listed in the Plan Supplement as an assumed contract or otherwise assumed by Partners during the course of the Chapter 11 Case shall be rejected by the Debtor as of the Effective Date.  The deadlines and procedures set forth in Section 8.3 of the Plan regarding the assertion of Rejection Damage Claims are approved and established.

17.     <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid within ten (10) days after the Effective Date, and the Reorganized Debtor shall thereafter pay any statutory fees that come due until this Chapter 11 Case is closed.

18.     <u>Authorization to Consummate Plan</u>.  On the Effective Date, the Reorganized Debtor and any authorized officers and agents thereof shall be and hereby are directed to execute and deliver the Plan, this Order, the Restructured Loan Documents, and the Employment Agreement (which is hereby approved), as well as execute, deliver, authorize the filing of, record, and/or issue any notes, intercreditor agreements, documents (including but not limited to,

-21-

UCC financing statements, security agreements, mortgages, deeds of trust or other security

instruments or collateral documents), instruments, or agreements necessary or appropriate to give

effect to the transactions contemplated thereby and/or grant, perfect, impose and continue liens

and security interests upon each and all of the real and personal property described therein and

intended to be encumbered thereby, and perform each and all of their respective obligations

thereunder, in each case without further notice to or order of this Court, act or action under

applicable law, regulation, order or rule or the vote, consent, authorization, or approval of any

person or entity (other than as expressly required by any applicable document or agreement),

including but not limited to the extent that, under applicable non-bankruptcy law, any of these

actions otherwise would require the consent or approval of any other person or entity (as such

terms are defined in the Bankruptcy Code). The foregoing documents and agreements shall be

the valid, binding and enforceable obligations of the Reorganized Debtor concurrently with the

respective execution and delivery of each and every such document. The liens and security

interests granted and to be granted by the Reorganized Debtor by the execution and delivery of

the foregoing agreements and documents and the entry of this Order shall irrevocably be and be

deemed perfected on the Effective Date, subject only to such liens and security interests as may

be expressly permitted under the applicable agreement or document or the Plan, if applicable.

To effectuate these transactions and the Plan, the authorized officers and agents of the Debtor

and the Reorganized Debtor, the Plan Funder and WestLB are hereby authorized — without

further notice, application to, or order of this Court — to execute, deliver, authorize the filing of,

file, or record any documents and to take any other actions that those officers and agents may

determine to be necessary or desirable, regardless of whether such actions or documents are

specifically referred to in the Plan or this Order.   In no event shall the Plan Funder be obligated

to provide more than (i) $2.9 million in capital on the Effective Date and (ii) $1.5 million in

additional working capital as and when needed by the Reorganized Debtor.

19.    <u>Retention of Jurisdiction</u>. Pursuant to Sections 105(a) and 1142 of the Bankruptcy

Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, the

Court shall retain exclusive jurisdiction as provided in Article XII of the Plan over all matters

arising out of, and related to, this Chapter 11 Case and the Plan to the fullest extent permitted by

law, including, without limitation, any amendments contained herein.

20.    <u>References to Plan Provisions</u>. The failure to include or specifically reference any

particular provision of the Plan in this Order shall not diminish or impair the effectiveness of

such provision, it being the intent of the Court to confirm the Plan in its entirety in the Chapter

11 Case.  The provisions of the Plan and this Order shall be construed in a manner consistent

with each other so as to effect the purposes of each, provided, however, that if there is

determined to be any inconsistency between any Plan provision and any provision of this Order

that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this

Order shall govern and control.

21.    <u>Headings</u>.  Headings utilized herein are for the convenience and reference only,

and shall not constitute a part of the Plan or this Order for any other purpose.

22.    <u>Confirmation Date</u>.  The Confirmation Date referred to in Section 1.14 of the Plan

and as used throughout the Plan and this Confirmation Order is the date the Clerk of the

Bankruptcy Court enters this Confirmation Order on the docket maintained in the Chapter 11

Case.

23.   <u>Disputes as to Allowed Claims</u>.  Except as specifically provided in the Plan,

confirmation of the Plan and entry of this Order shall have no effect upon whether a Claim is an

Allowed Claim or is not an Allowed Claim.  Subject to the foregoing, any dispute or

disagreement as to whether a Claim is an Allowed Claim or not an Allowed Claim shall be

resolved, adjudged or determined by a separate order or judgment of the Bankruptcy Court.

24.   <u>Effect Upon Pending Adversary Proceedings</u>.  Immediately upon the Effective

Date, that certain adversary proceeding styled *Official Committee of Unsecured Creditors of*

*Easy Street Partners, LLC v. WestLB, AG*, Adv. Case No 10-02028-RKM, shall be dismissed

with prejudice.  Confirmation of the Plan and entry of this Order shall have no effect upon the

issues raised or disputes existing or at issue in any other pending adversary proceeding, including

but not limited to the action against BayNorth, other than to vest the Reorganized Debtor on the

Effective Date with the rights, privileges and status of the Debtor in any such proceedings, and to

fully replace the Debtor with the Reorganized Debtor in any such proceedings.

25.   <u>Deadline to File Administrative Claims and Objections to Cure Amounts</u>. Any (i)

request for payment of an Administrative Claim or (ii) objection to the proposed cure amount

contained in Exhibit 6 of the Plan Supplement ("<u>Cure Objection</u>") must be filed and served on

the Plan Proponents on or before **July 15, 2010 at 4:00 p.m.** prevailing Mountain Time.

Objections to requests for payment of Administrative Claims and responses to Cure Objections

must be filed on or before **July 20, 2010**.  The foregoing deadlines can be extended at the option

of WestLB, with notice provided to affected parties.  A hearing to consider allowance of all

Administrative Claims and to resolve all Cure Objections will be held, subject to the Court's

availability, on or before July 31, 2010.

26.   <u>Re-Opened Option Deadline for Certain Holders of Allowed Class 4 Claims</u>.

Holders of Class 4 Claims (i) who voted in favor of the Plan, (ii) who are not insiders of

Partners, and (iii) who affirmatively chose the treatment of their Claims under Option 1, pursuant

to Section 5.4(a) of the Plan, may instead choose to receive the treatment provided under Option

2, pursuant to Section 5.4(b) of the Plan, by providing written notice of same to both Plan

Proponents in accordance with the directions included in the notice to be provided to such

affected holders of Class 4 Claims, <u>so that such notice of election is actually received</u> on or

before **<u>July 15, 2010 at 4:00 p.m.</u>** prevailing Mountain Time.

27.   <u>Correction of Errors and Inconsistencies</u>.  After the Confirmation Date and before

substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the

Plan Proponents may, under Section 1127(b) of the Bankruptcy Code and subject to Section 11.6

of the Plan, institute proceedings in the Bankruptcy Court to remedy any defect or omission or

reconcile any inconsistencies in the Plan, the Disclosure Statement or this Order, and such

matters as may be necessary to carry out the purposes and effects of the Plan, so long as such

proceedings do not materially and adversely affect the treatment of Holders of Claims or Interest

under the Plan; provided, however, that prior notice of such proceedings shall be served in

accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

28.   <u>Entry of Judgment</u>.  This Order is a judgment for purposes of Fed. R. Civ. P. 58 as

incorporated into the Bankruptcy Code by Bankruptcy Rule 9021.  The period in which an

appeal must be filed shall commence immediately upon the entry of this Order on the docket of

the Chapter 11 Case maintained by the clerk of the Court.  Notwithstanding Bankruptcy Rules

7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry, and the

14-day stay provided for under Rule 3020(e) of the Federal Rules of Bankruptcy Procedure shall

not be applicable.

29.    <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed,

modified or vacated by subsequent order of the Court or any other court, such reversal,

modification or vacatur shall not affect the validity of the acts or obligations incurred or

undertaken under or in connection with the Plan prior to the Plan Proponents' receipt of written

notice of such order.  Notwithstanding any such reversal, modification or vacatur of this Order,

any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior

to the effective date of such reversal, modification or vacatur shall be governed in all respects by

the provisions of this Order and the Plan and all related documents or any amendments or

modifications thereto.

30.    <u>Failure to Achieve the Effective Date</u>.  If each of the conditions to the Effective

Date is not satisfied or duly waived in accordance with Sections 10.1, 10.2 and 10.3 of the Plan,

then upon motion by WestLB, made before the time that each of such conditions has been

satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may

direct, this Order shall be vacated; provided, however, that, notwithstanding the filing of such

motion, this Order may not be vacated if each of the conditions to the Effective Date is either

satisfied or duly waived before the Bankruptcy Court enters an order granting such motion.  If

this Order is vacated pursuant to this paragraph, (i) the Plan shall be null and void in all respects;

and (ii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims by or

against, or any Interest in, Partners or any other party in interest or (b) prejudice in any manner

the rights of Partners, WestLB or any other party in interest.

31.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Sections 1123(a) and 1142(a) of
the Bankruptcy Code, the provisions of this Order, the Plan and any amendments or
modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable
nonbankruptcy law.

32.     <u>Notice of Effective Date</u>.  Within five (5) business days following the Effective
Date, the Reorganized Debtor shall mail a "Notice of Occurrence of Effective Date," which shall
include notice of entry of this Order, to all creditors and interest holders of record as of the date
of entry of this Order.

---

END OF DOCUMENT