Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
**SIDLEY & AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

Kenneth L. Cannon II (3705)
Steven J. McCardell (2144)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-300
Facsimile: (801) 415-3500
Email: kcannon@djplaw.com
       smccardell@djplaw.com

Michael V. Blumenthal (*admitted pro hac vice*)
Steven B. Eichel (*admitted pro hac vice*)
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4134
Email: mblumenthal@crowell.com
       seichel@crowell.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No. 09-29905 |
| EASY STREET HOLDING, LLC, *et al.*, ) | Jointly Administered with Cases |
| ) | 09-29907 and 09-29908 |
| Debtors. ) | |
| ) | Chapter 11 |
| Address: 201 Heber Avenue ) | |
| Park City, UT 84060 ) | [FILED ELECTRONICALLY] |
| ) | |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

**JOINT MOTION TO APPROVE STIPULATION**
**WITH ELLIOTT WORKGROUP, LLC**

Easy Street Partners, LLC ("Partners" or the "Debtor") and WestLB, AG ("WestLB" and, together with Partners, the "Plan Proponents"), respectfully request that the Court approve the Stipulation attached hereto as **Exhibit A** (the "Stipulation"). The Stipulation has been executed by and among Partners and Elliott Workgroup, LLC ("Elliott Workgroup" and, collectively with Partners, the "Parties"), a creditor of Partners. In further support hereof, the Plan Proponents state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### General

2. On September 14, 2009 (the "Petition Date"), Partners filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah, Central Division (the "Bankruptcy Court"). Partners' bankruptcy case is jointly administered with those of Easy Street Mezzanine, LLC and Easy Street Holding, LLC.

3. No trustee or examiner has been appointed in Partners' bankruptcy case.

4. On July 2, 2010, the Court entered an Order approving the Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 (the "Plan")[1] [Docket No. 600].

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

**Elliott Workgroup's Claim**

5. In its schedules of assets and liabilities, Partners listed Elliott Workgroup on Schedule D as holding a secured claim against Partners in the amount of $105,700. Partners' scheduling of Elliott Workgroup's claim as secured was based on a mechanic's lien filed by Elliott Workgroup in March 2009.

6. The Parties agreed from early on in Partners' bankruptcy case that Elliott Workgroup failed to perfect its mechanic's lien before the Petition Date and that its claim against Partners' estate was, therefore, unsecured.

7. Elliott Workgroup did not file a formal proof of claim in this bankruptcy case, which would supersede Partners' scheduled designation of Elliott Workgroup's claim.

8. Elliott Workgroup was appointed to the Unsecured Creditors' Committee (the "Committee") on the basis that it held an unsecured claim, and Craig Elliott, a principal of Elliott Workgroup, was appointed as chair of the Committee on the basis that Elliott Workgroup held an unsecured claim. Craig Elliott was involved in negotiations regarding the treatment of general unsecured claims under the Plan. Elliott Workgroup submitted a ballot accepting the Plan as a holder of a Class 4 Claim, which, under the Plan, is a general unsecured claim.

9. Partners has determined in its business judgment that it is in the best interest of its estate and creditors to fix Elliott Workgroup's claim on the terms provided for in the Stipulation.

**The Stipulation**

10. In order to resolve any current ambiguity or future issue with respect to the character of Elliott Workgroup's claim against Partners, Partners and Elliott Workgroup have agreed to and have executed the Stipulation, a copy of which is attached hereto as **Exhibit A**.

11. The Stipulation provides that Elliott Workgroup's claim in the amount of $105,700 against Partners will be recharacterized as an unsecured claim, and will be classified and treated as a Class 4 Claim under the Plan. The Stipulation also provides that Partners will file the instant Motion.

## ANALYSIS

12. Section 502 of the Bankruptcy Code provides generally for the allowance of claims and interests against a bankruptcy estate. *See* 11 U.S.C. § 502. The Court has authority under section 502 to enter an order fixing and allowing Elliott Workgroup's Claim in the manner contemplated herein. Rather than amend its schedules or file or prosecute formal objections to allowance of Elliott Workgroup's Claim as a secured claim (that could only result in additional costs for the Debtor and Elliott Workgroup, uncertainty and potential litigation), the Debtor has negotiated in good faith with Elliott Workgroup to agree upon the recharacterization of Elliott Workgroup's claim, in the manner set forth in the Stipulation. The Plan Proponents submit that the Court can and should fix and allow Elliott Workgroup's claim in the manner set forth herein, because the proposed recharacterization favors the Debtor and will benefit the Debtor and its estate.

13. The Court has authority under Bankruptcy Rule 9019 to grant the relief requested in this Motion. *See* Fed. R. Bankr. P. 9019(a) (providing that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement"). Settlements and compromises "are favored in bankruptcy." *Korngold v. Loyd (In re Southern Med. Arts Cos.)*, 343 B.R. 250, 255 (B.A.P. 10th Cir. 2006) (*quoting* 10 COLLIER ON BANKRUPTCY ¶ 9019.01, at 9019-2 (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2006)). "The purpose behind

-4-

compromises 'is to allow the trustee and creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims.'" *Southern Med. Arts*, 343 B.R. at 255 (*quoting Martin v. Kane (In re A&C Props.),* 784 F.2d 1377, 1380-81 (9th Cir. 1986)). Although it is unclear whether the Plan Proponents must seek approval of this Court under Bankruptcy Rule 9019 in order to modify any scheduled claim by mutual agreement, the Plan Proponents, acting out of an abundance of caution, submit that the proposed modification to Elliott Workgroup's claim is within the Debtor's sound business judgment and satisfies the standard of Rule 9019 established by the Bankruptcy Appellate Panel for the Tenth Circuit in *C.K. Williams, Inc. v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997).

14. Subject to this Court's approval, Elliott Workgroup's Claim will be fixed and allowed against Partners in the amount and priority that is consistent with Elliott Workgroup's failure to perfect its lien, as acknowledged by both Parties. The Stipulation facilitates this outcome without the need for costly litigation, delay, or the risk (albeit small) that Partners would be required to provide Elliott Workgroup with the treatment accorded to holders of Class 2 Claims. Accordingly, the Plan Proponents submit that the requirements of Rule 9019 have been satisfied. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). The Court, therefore, should grant this Motion and enter an Order approving the Stipulation.

## CONCLUSION

For the reasons discussed above, Partners asserts that the Stipulation is fair, equitable, and in the best interest of Partners' estate and creditors. Therefore, the Plan Proponents respectfully request the Court to grant this Motion and enter an Order approving the Stipulation, as well as such other and further relief as is just and proper.

DATED this 14th day of July, 2010.

**DORSEY & WHITNEY LLP**

/s/ Annette W. Jarvis
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
**SIDLEY AUSTIN LLP**

*Attorneys for WestLB, AG*

DATED this 14th day of July, 2010.

**DURHAM JONES & PINEGAR, P.C.**

/s/ Kenneth L. Cannon II
Kenneth L. Cannon II
Steven J. McCardell

and

Michael V. Blumenthal
Steven B. Eichel
**CROWELL & MORING LLP**

*Attorneys for Easy Street Partners, LLC*