Jeffrey Weston Shields (USB # 2948)
Lon A. Jenkins (USB #4060)
Troy J. Aramburu (USB #10444)
**JONES WALDO HOLBROOK & McDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Email:  jshields@joneswaldo.com
          lajenkins@joneswaldo.com
          taramburu@joneswaldo.com

*Counsel to Unsecured Creditors' Committee*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDINGS, LLC,** et al.,<br><br>Debtors. | Bankruptcy No. 09-29905<br>Jointly Administered with cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>**THIRD INTERIM AND FINAL APPLICATION OF JONES WALDO HOLBROOK & McDONOUGH, PC FOR ALLOWANCE OF FEES AND EXPENSES AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD OF OCTOBER 6, 2009 THOURGH AND INCLUDING JULY 14, 2010**<br><br>[FILED ELECTRONICALLY] |

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Fed. R. Bankr. P., Jones Waldo Holbrook & McDonough, PC ("**Jones Waldo**"), attorneys for the Official Committee of Unsecured Creditors (the "**Committee**") submits this Third Interim and Final Application (the

"**Application**") for allowance as an administrative expense of **$243,992.77** for fees for services rendered and expenses incurred, of which **$240,639.50** is for services provided and **$3,353.27** is for expenses incurred, for the period October 6, 2009 through and including July 14, 2010 (the "**Application Period**"). To date during the course of this case, and in accordance with the Order [docket no. 217] (the "**Fee Procedures Order**") by which the Court established monthly fee submission and payment procedures, Jones Waldo has been paid a total of **$85,322.03**. Pursuant to this Application, Jones Waldo seeks final approval of that amount, in addition to final approval and payment of all unpaid allowed fees and expenses. In addition, prior to the hearing on this Application, which Jones Waldo understands will be continued from the currently scheduled July 29 date to a date in mid-August, Jones Waldo will file an Application Supplement which will include fees and expenses incurred by Jones Waldo during the period July 15, 2010 through July 31, 2010 (the "**Supplement Period**"). The Supplement Period will be considered part of the Application Period herein.

**I. BACKGROUND**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. On September 14, 2009, Debtors filed their voluntary petitions for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"). No Trustee or Examiner has been appointed in this case, and Debtors continue to manage their properties and operate their business.

3. The Committee was duly appointed as the Official Committee of Unsecured creditors in the Partners case by the United States Trustee on October 2, 2009 [docket no. 73], and is comprised of the following members: Elliott Workgroup Architecture, LLC; Millcreek Consulting; Gateway Center, LLC; Klehr Harrison Harvey Branzburg & Ellers, LLP; Goodrich and Thomas, CPAs; and Shaner Design, Inc.

## II.   JONES WALDO EMPLOYMENT

4.   On October 27, 2009, the Committee filed an Application seeking approval of the employment of Jones Waldo as its counsel (the "**Employment Application**").  The Court entered an Order on November 24, 2009 (the "**Employment Order**") granting the Committee's request to employ Jones Waldo as its counsel, effective as of October 6, 2009, with such employment to be at the hourly rates set forth in the Employment Application, plus actual and necessary expenses, subject to the provisions of Section 327(a) of the Bankruptcy Code and applicable Court approval.

3.   A summary of the services provided by Jones Waldo throughout the Application Period is included below.

4.   All services performed and expenses incurred for which compensation or reimbursement is sought in this Application were performed or incurred for and on behalf of the Committee and not for any other person or entity.

5.   Jones Waldo has not shared or agreed to share any of the compensation or reimbursement awarded in this case with any other entity or person, except as among the members or employees of the firm.

6.   Jones Waldo has not made any agreements with the Committee or others for compensation or reimbursement relating to this case that have not been disclosed to the Court.

7.   All of the compensation sought in this Application is at the hourly rates provided for in the Employment Application (or at hourly rates less than such rates), and all of the expenses for which reimbursement is sought, are for actual and necessary costs incurred by Jones Waldo in connection with its representation of the Committee.

III. **APPLICATION**

A. **Previous Applications**

On December 14, 2009 the Court entered its Order [docket no. 217] (the "**Fee Procedures Order**") by which the Court established procedures for the monthly interim compensation of fees and reimbursement of expenses for case professionals, including Jones Waldo, in the amount of up to 80% of monthly fees and 100% of monthly expenses.

On December 18, 2009, Jones Waldo filed its *First Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of October 6, 2009 Through and Including November 30, 2009* [docket no. 225] ("**First Monthly Fee Request**") pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the months of October and November 2009 in the amount of $52,226.18. Jones Waldo received payment on account of its First Monthly Fee Request the amount of $38,071.60.

On January 27, 2010, Jones Waldo filed its *Second Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of December 1, 2009 Through and Including December 31, 2009* [docket no. 275] ("**Second Monthly Fee Request**"), pursuant to which Jones Waldo sought payment, in accordance of the Fee Procedures Order, of its fees and expenses incurred during the month of December 2009 in the amount of $25,041.55. Jones Waldo received payment on account of its Second Monthly Fee Request the amount of $10,990.31.

On January 29, 2010, Jones Waldo filed its *First Interim Application for Allowance of Fees and Expenses as Counsel for the Official Committed of Unsecured Creditors, for the Period of October 6, 2009 Through and Including December 31, 2009* [docket no. 284] ("**First Interim Application**"), pursuant to which it sought payment of interim compensation in the amount of $77,532.00 and reimbursement of expenses in the amount of $311.73, for a total of **$77,843.73**.

867807-2  4

The First Interim Application was approved by Order entered on March 29, 2010. To date, Jones Waldo has received payment on account of its First Interim Application in the amount of **$49,061.91**.

Pursuant to the Fee Procedures Order, on February 26, 2010, Jones Waldo filed its *Third Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of January 1, 2010 Through and Including January 31, 2010* [docket no. 326] (**"Third Monthly Fee Request"**), pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the month of January 2010 in the amount of $26,590.28. Jones Waldo received payment on account of its Third Monthly Fee Request the amount of $11,708.64.

On March 23, 2010, Jones Waldo filed its *Fourth Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of February 1, 2010 Through and Including February 28, 2010* [docket no. 394] (**"Fourth Monthly Fee Request"**), pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the month of February 2010 in the amount of $28,144.21. Jones Waldo received payment on account of its Fourth Monthly Fee Request the amount of $10,619.40.

On April 27, 2010, Jones Waldo filed its *Fifth Professional Fee Request for Jones Waldo Holbrook &* McDonough*, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of March 1, 2010 Through and Including March 31, 2010* [docket no. 455] (**"Fifth Monthly Fee Request"**), pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the month of March 2010 in the amount of $17,366.08. Jones Waldo received payment on account of its Fifth Monthly Fee Request the amount of $13,932.08.

On May 20, 2010, Jones Waldo filed its *Sixth Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of April 1, 2010 Through and Including April 30, 2010* [docket no. 501] (**"Sixth Monthly Fee Request"**), pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the month of April 2010 in the amount of $15,801.51. Jones Waldo has not yet received payment on account of its Sixth Monthly Fee Request as of the date of this Application.

On May 28, 2010, Jones Waldo filed its *Second Interim Application for Allowance of Fees and Expenses as Counsel for the Official Committed of Unsecured Creditors, for the Period of January 1, 2010 Through and Including April 30, 2010* [docket no. 524] ("**Second Interim Application**"), pursuant to which it sought payment of interim compensation in the amount of $86,425.50 and reimbursement of expenses in the amount of $1,476.58, for a total of **$87,902.08**. The Second Interim Application was approved by Order entered on July 14, 2010. To date, Jones Waldo has received payment on account of fees and expenses requested in its Second Interim Application in the amount of **$36,260.12**.

On June 17, 2010, Jones Waldo filed its *Seventh Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of May 1, 2010 Through and Including May 31, 2010* [docket no. 569] (**"Seventh Monthly Fee Request"**), pursuant to which Jones Waldo, in accordance with the Fee Procedures Order, sought payment of its fees and expenses incurred during the month of May 2010 in the amount of $27,320.73. Jones Waldo has not yet received payment on account of its Seventh Monthly Fee Request as of the date of this Application.

On July 9, 2010, Jones Waldo filed its *Eighth Professional Fee Request for Jones Waldo Holbrook & McDonough, PC, as counsel for the Official Committee of Unsecured Creditors, for the Period of June 1, 2010 Through and Including June 30, 2010* [docket no. 606] (**"Eighth**

**Monthly Fee Request"**), pursuant to which Jones Waldo sought payment, in accordance with the Fee Procedures Order, of its fees and expenses incurred during the month of June 2010 in the amount of $47,184.61. Jones Waldo has not yet received payment on account of its Eighth Monthly Fee Request as of the date of this Application.

### B. Payments On Account of Fees and Expenses For Application Period

As noted above, during the course of the case and in accordance with the Fee Procedures Order, Jones Waldo has received payment in the amount of **$85,322.03**. Those amounts, and any other amounts received prior to approval of this Application, will be applied against the total of **$243,992.77** sought pursuant to this Application.

### C. Billing Methodology

Jones Waldo requests allowance and payment of compensation for services provided and reimbursement of expenses incurred during the entire Application Period. A summary of fees requested for the entire Application Period is attached as **Exhibit A**. A summary of the expenses incurred for the entire Application Period, itemized by type of expense, is attached as **Exhibit B**. Invoices detailing the services rendered, the time expended in performing such services, the attorneys and paralegals providing those services, the expenses incurred, and the amounts requested for the entire Application Period are attached hereto as **Exhibit C**.

Jones Waldo's services in this case are billed on an hourly-rate basis. In rendering services and incurring expenses on behalf of the Committee, Jones Waldo makes reasonable efforts to use the most economical means and methods that are available and appropriate under the circumstances, including the appropriate staffing of matters by associates, paralegals, and clerks.

Each invoice, copies of which are attached as **Exhibit C**, contains a chronological listing of the tasks performed in each matter in which Jones Waldo provided services during the billing period covered by the invoice.

Jones Waldo has categorized the time spent performing services for the estate into the following matters and the total amount billed by Jones Waldo for each matter during the Application Period is as follows:

| Matter No. | Matter Name | Amount |
|---|---|---|
| 0001 | Asset Analysis and Recovery | $4,355.00 |
| 0002 | Asset Disposition | $0.00 |
| 0003 | Case Administration | $56,551.50 |
| 0004 | Claims Administration & Objections | $5,130.00 |
| 0005 | Fee/Employment Applicants | $42,766.00 |
| 0006 | Fee/Employment Objections | $13,449.50 |
| 0007 | Financing | $15,971.00 |
| 0008 | Litigation | $6,011.00 |
| 0009 | Plan & Disclosure Statement | $72,265.50 |
| 0010 | Lien/Security Interest Investigation | $8,855.00 |
| 0011 | Bay North Litigation | $3,537.00 |
| 0012 | WestLB Litigation | $11,748.00 |
| | **TOTAL** | **$240,639.50** |

Jones Waldo has extensive experience in bankruptcy cases, including Chapter 11 business reorganizations, both in this Court and in other jurisdictions. Additionally, Jones Waldo has experience in other commercial law areas related to this case, including general corporate law and commercial litigation. Given the education, experience, and expertise of the Jones Waldo attorneys rendering services in this case, Jones Waldo believes that the rates charged are reasonable.

B.   **Services Performed on Behalf of The Committee**

During the Application Period, Jones Waldo rendered services to the Committee for which it seeks compensation in the total amount of **$243,992.77** (comprised of $240,639.50 in

fees and $3,353.27 in expenses). Such services are detailed in the invoices attached hereto as **Exhibit C.**

## C. Summary of Jones Waldo's Services Rendered During Application Period

The table below indicates the names, billing rates, hours spent, and total amounts billed as to each Jones Waldo professional and paraprofessional during the Application Period.

| Name (Initials) | Title | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Jeffery Shields (JYS) | Partner | $360.00 | 122.2 | $43,992.00 |
| Lon A. Jenkins (LAJ) | Partner | $320.00 | 222.2 | $71,104.00 |
| Lon A. Jenkins (LAJ) | Partner | $310.00 | 312.5 | $96,875.00 |
| Kevin M. Rowe (KMR) | Partner | $300.00 | 6.9 | $2,070.00 |
| Susan B. Peterson (SBP) | Partner | $255.00 | 6.0 | $1,530.00 |
| Troy J. Aramburu (TJA) | Partner | $250.00 | 23 | $5,750.00 |
| Nathan D. Thomas (NDT) | Associate | $205.00 | .50 | $102.50 |
| Jessica P. Wilde (JPW) | Associate | $165.00 | .70 | $115.50 |
| Brock Worthen (BAQ) | Associate | $195.00 | 17.4 | $3,393.00 |
| Melissa A. Clark (MAC) | Associate | $195.00 | 3.4 | $663.00 |
| Kristy K. Finlayson (KZF) | Associate | $160.00 | 5.4 | $864.00 |
| Sherry D. Glendening (SDG) | Paralegal | $110.00 | 86.25 | $9,487.50 |
| Rebecca A. Huot (RAH) | Paralegal | $110.00 | 38.3 | $4,213.00 |
| Thomas Shields (TZS) | Clerk | $40.00 | 12 | $480.00 |
| **Total** | | | | **$240,639.50** |

During the Application Period, Jones Waldo provided various professional services to the Committee including, but not necessarily limited to, the following:

a. assisting the Committee in the performance of its statutory duties in the Debtors' cases;

    b.    conducting an initial evaluation of the case upon selection as counsel by the Committee, including reviewing and analyzing pleadings filed in the case to obtain necessary background in the case;

    c.    assisting in the initial formation and governance of the Committee including preparing bylaws to guide the Committee in the performance of its statutory duties;

    d.    participating in the first meeting of creditors conducted under 11 U.S.C. § 341;

    e.    conducting a review and analysis of all pleadings filed in the case, engaging in discussions with the Committee members and, to the extent necessary and appropriate, parties in interest respecting the same;

    f.    conducting an "all-hands" initial meeting among Committee members, Committee counsel, Debtors' representatives and Debtors' counsel to discuss wide-ranging case issues, Debtors' business operations and reorganization prospects;

    g.    evaluating and, when necessary, objecting to the various extensions of cash collateral motions and stipulations in the case, including amendments thereto, and discussing those motions with counsel for the Debtors and secured creditors and Committee members;

    h.    analyzing the Debtor's Amended Disclosure Statement and accompanying Plan, objecting to same and participating in the hearing regarding same;

    i.    preparing and filing for the Committee a "Refco motion" seeking guidance from the Court as to the dissemination of confidential material to unsecured creditors;

    j.    negotiating with Debtors' counsel the form of a confidentiality agreement to enable the Committee members and counsel to obtain necessary information to evaluate the Debtors and their business operations and reorganization prospects;

    k.    evaluating and discussing with the Committee the employment of a potential financial consultant for the Committee and investigating possible candidates to perform financial consulting services;

    l.    preparing and commenting on a form of agreement for the Committee's potential financial advisor;

    m.    conducting weekly meetings with the Committee and preparing agenda and minutes related thereto;

n. engaging in various conferences and meetings with Debtors' counsel and counsel for secured creditors to discuss post-confirmation operational issues and reorganization plans and options;

o. evaluating, discussing with parties and, to the extent necessary and appropriate, objecting to applications filed by Debtor and the secured creditor to employ various professionals including special counsel, appraiser, financial advisor and co-manager;

p. preparing for and attending hearings on all matters in the case, including hearings on claims issues, cash collateral extensions, fee applications, the Debtor's proposed Disclosure Statement and Plan, to establish the value of the Debtors' properties, and to approve continuances of the hearing on confirmation of the Debtor's proposed Plan and related plan confirmation dates;

q. analyzing underlying loan documents between Debtors and secured creditors to evaluate the extent, validity and priority of secured lenders' liens and security interests;

r. investigating, researching and preparing the Committee's lawsuit against the Debtor's primary secured lender;

s. reviewing Debtors' monthly operating reports filed with the Court and provided to parties;

t. meeting with mechanics' lien holder to evaluate and discuss possible reorganization alternatives in view of pending liens and lawsuits;

u. meeting with primary secured creditor to discuss the lawsuit, the Debtor's operations, and the various terms of the proposed plan of reorganization;

v. numerous meetings and telephone calls with counsel for the Debtor to discuss the structure of a plan of reorganization, the terms of a plan, the Debtor's efforts to locate and obtain a plan funder, and various litigation and/or settlement alternatives respecting a plan of reorganization;

w. analyzing and evaluating monthly fee payment procedures for estate professionals;

x. preparing monthly fee submissions for Committee counsel and preparing Committee counsel's first interim fee application;

y. analyzing and evaluating underlying loan documents between Debtors and secured creditors to understand extent, validity and priority of secured lenders' liens and security interests;

z. monitoring litigation between Debtors and BayNorth;

aa. reviewing monthly professional fee submissions in accordance with monthly professional fee payment procedures approved by the Court;

bb. representing the Committee and the interests of unsecured creditors in negotiations toward, and confirmation and consummation of, a reorganization plan;

cc. representing the Committee and the interests of unsecured creditors in discussing and analyzing alternative plans of reorganization sponsored by creditors, or by a combination of creditors and Debtor;

dd. evaluating various plan funders brought forward by Debtor and negotiate and discuss corresponding plan treatments;

ee. negotiating with the Debtor's primary lender a resolution of the pending lawsuit against the primary lender, which resolution was embodied in a plan of reorganization;

ff. negotiating with the Debtors and WestLB the terms of a joint plan of reorganization, reviewing and commenting on various drafts of such a plan and participating in hearings on confirmation of the joint plan;

gg. assisting counsel for WestLB and the Debtors in preparing certain post-confirmation notices, including a notice of opportunity to re-elect for Class 4 claimants, and assisting in effecting proper and timely service of such notices;

hh. consulting with counsel for WestLB and the Debtors on various post-confirmation matters, notices and duties;

ii. preparing applications for approval of fees and expenses incurred in representation of the Committee and for approval of Committee members' expenses;

jj. representing the Committee and the interests of unsecured creditors in all matters before this Court in these cases; and

kk. performing generally all other necessary legal services that are in the best interest of the Committee and the unsecured creditors of the Debtors.

D. **Reimbursement of Expenses**

During the Application Period, Jones Waldo incurred actual and necessary expenses in the total amount of **$3,353.27** in connection with the professional services rendered to the Committee. A summary of the expenses is attached hereto as **Exhibit B**. Jones Waldo keeps in its files appropriate detail, including receipts, invoices, and other supporting information concerning the expenses incurred in this representation, and that information is available for review upon request.

E. **Payment Sought**

Pursuant to this Application, Jones Waldo seeks allowance of fees and expenses in the amount of **$243,992.77** (comprised of $240,639.50 in fees and $3,353.27 in expenses) and seeks payment, as an administrative expense, of **$158,670.74**, in addition to the payment of **$85,322.03** which it was paid in connection with its Monthly Fee Requests during the course of the case (with any amounts received prior to approval of this Application to be similarly applied against the $243,992.77), so that the total amount which Jones Waldo will be paid on account of fees and expenses incurred during the Application period will be **$243,992.77**.

F. **Certification**

Jones Waldo hereby certifies that the Committee, through its Chair, Craig Elliott, has approved the fees and expenses that are part of this Application, and has advised Jones Waldo of no objection to the allowance of such fees and expenses requested herein.

WHEREFORE, Jones Waldo respectfully requests pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016 (a) that final compensation and reimbursement be allowed to Jones Waldo in the total amount of **$243,992.77**, which includes $240,639.50 for professional services rendered and $3,353.27 in expenses incurred during the Application Period, (b) that Jones Waldo be paid as an administrative expense the amount of **$158,670.74** [1] in addition to amounts it has previously been paid on account of fees and expenses, and (c) that such amounts be allowed as priority administrative expense of Debtor pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2);

DATED: July 15, 2010.

**JONES, WALDO, HOLBROOK & McDONOUGH, P.C.**


By: /s/ Lon A. Jenkins
    Jeffrey Weston Shields
    Lon A. Jenkins
    Troy J. Aramburu
    *Counsel to the Unsecured Creditors' Committee*

---

[1] Such amount reflects the difference between the amount for which approval and payment is sought herein of **$243,992.77** and the amount of **$85,322.03** which has been paid to Jones Waldo pursuant to its Monthly Fee Requests during the Application Period.

867807-2                                           14

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDINGS, LLC,** et al.,<br><br>Debtor. | Bankruptcy No. 09-29905<br>jointly administered with cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |
| **SUMMARY REQUIRED BY UNITED STATES TRUSTEEE GUIDELINES** | |

NAME OF APPLICANT:          Jones, Waldo, Holbrook & McDonough, PC

ROLE IN CASE:               Counsel for the Unsecured Creditors' Committee

NAME OF DEBTOR:             Easy Street Holdings, LLC

CURRENT APPLICATION:        Fees Requested:  $240,639.50

                            Expenses Requested:  $3,353.27

| *Name of Professional/ Paraprofessional* | *Hours Billed Current Application* | *Rate* | *Total for Current Application* |
|---|---|---|---|
| **Partner** | | | |
| Jeffrey W. Shields (JYS) | 122.2 | $360.00 | $43,992.00 |
| Lon A. Jenkins (LAJ) | 222.2 | $320.00 | $71,104.00 |
| Lon A Jenkins (LAJ) | 312.5 | $310.00 | $96,875.00 |
| Keven M. Rowe (KMR) | 6.9 | $300.00 | $2,070.00 |
| Susan B. Peterson (SBP) | 6.0 | $255.00 | $1,530.00 |
| Troy J. Aramburu (TJA) | 23.0 | $250.00 | $5,750.00 |
| **Associate** | | | |
| Nathan D. Thomas (NDT) | 0.5 | $205.00 | $102.50 |
| Brock N. Worthen (BQW) | 17.4 | $195.00 | $3,393.00 |
| Melissa A. Clark (MAC) | 3.4 | $195.00 | $663.00 |
| Jessica P. Wilde (JPW) | 0.7 | $165.00 | $115.50 |
| Kristy K. Finlayson (KZF) | 5.4 | $160.00 | $864.00 |

| | | | |
|---|---|---|---|
| **Paralegal** | | | |
| Sherry Glendening (SDG) | 86.25 | $110.00 | $9,487.50 |
| Rebecca Huot (RAH) | 38.3 | $110.00 | $4,213.00 |
| **Document Clerk** | | | |
| Thomas Shields (TZS) | 12.0 | $40.00 | $480.00 |
| **TOTALS FOR PROFESSIONALS** | | | **$240,639.50** |

## **EXHIBIT B**

SUMMARY OF EXPENSES

| Type of Expenses | Amount |
|---|---:|
| Business Meals | $30.15 |
| Online Research | $571.80 |
| Photocopies | $1,160.80 |
| Postage | $250.49 |
| Long Distance | $951.39 |
| Court Fees | $250.00 |
| FedEx | $138.64 |
| **TOTAL** | **$3,353.27** |

**EXHIBIT C**
**(Invoices)**