Annette W. Jarvis (1649)
Peggy Hunt (6060)
Scott A. Cummings (11443)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       cummings.scott@dorsey.com

Richard W. Havel (10759)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for WestLB, AG*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>EASY STREET HOLDING, LLC, *et al.*,<br><br>    Debtors.<br><br>Address:  201 Heber Avenue<br>            Park City, UT 84060<br><br>Tax ID Numbers:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Bankruptcy Case No. 09-29905<br>Jointly Administered with Cases<br>09-29907 and 09-29908<br><br>Chapter 11<br><br>[FILED ELECTRONICALLY] |

**OBJECTION TO FINAL FEE APPLICATION OF CO-MANAGER, BDRC 4SITE, LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES**

WestLB, AG ("WestLB"), respectfully submits this objection to the Final Fee Application of Co-Manager BDRC 4site, LLC for Compensation for Services and Reimbursement of Expenses [Docket No. 625] (the "BDRC Fee Application") filed by BDRC 4Site, LLC ("BDRC"). By this objection, WestLB requests that the Court disallow BDRC's

request for a success fee (the "Financing Fee") in connection with its efforts to obtain exit financing for Easy Street Partners, LLC because BDRC did not actually procure such financing. Further, WestLB requests that the Court disallow BDRC's fees to the extent they are duplicative, and deny BDRC's requests for reimbursement of certain expenses including legal fees for which BDRC is not entitled to reimbursement.  In further support hereof, WestLB states as follows:

## BACKGROUND

1. On September 14, 2009, Easy Street Partners, LLC (the "Partners") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court").  Partners' bankruptcy case is jointly administered with those of Easy Street Mezzanine, LLC and Easy Street Holding, LLC.

2. On or around November 13, 2009, Partners filed a motion seeking to employ BDRC as a co-manager [Docket No. 148] (the "BDRC Employment Application").

3. With respect to the payment of any Financing Fee, the BDRC Employment Application provided that a "fee for procuring either exit financing or new equity would be negotiated and determined at a later date at reasonable and market rates, subject to this Court's approval at a later date if applicable."  BDRC Employment Application at ¶ 6.

4. On or around November 13, 2009, BDRC and Partners entered into a professional services agreement, which was subsequently revised by order of the Court (the "Revised PSA").

5. Schedule 1 to the Revised PSA enumerates certain services that BDRC agreed to provide Partners and for which it would be compensated on a monthly basis (the "Professional Services").

6. Schedule 2 to the Revised PSA lists the services for which BDRC would be compensated as well as the amount of compensation it would receive. Consistent with the BDRC Employment Application, the last item listed on Schedule 2 provides that BDRC would receive a "[f]ee to be mutually agreed upon" for the "PROCUREMENT OF EXIT FINANCING AND/OR NEW EQUITY." Revised PSA at Schedule 2.

7. On December 4, 2009, the Court executed an order authorizing Partners to employ BDRC as a co-manager effective as of November 13, 2010 [Docket No. 200] (the "Employment Order"). A copy of the Employment Order is attached hereto as Exhibit 1. The Employment Order made certain changes to the Revised PSA, including the removal of any entitlement to the reimbursement of legal fees incurred by BDRC.

8. In connection with Partners' reorganization efforts, WestLB, as the secured lender in the case, ultimately provided the financing necessary to fund Partners' plan of reorganization.

9. On July 2, 2010, the Court entered its Order Confirming Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 [Docket No. 600].

10. On July 15, 2010, BDRC filed the BDRC Fee Application.

## ANALYSIS

BDRC's request for compensation is governed in this case by the Revised PSA that BDRC voluntarily executed and that this Court approved. Thus, any compensation that BDRC requests must be expressly permitted under the Revised PSA or such compensation should be denied.

As discussed in greater detail below, the BDRC Fee Application improperly seeks the payment of fees and expenses that are not provided for under the Revised PSA. Specifically, BDRC claims a right to a Financing Fee despite the fact that (i) BDRC failed to procure the requisite exit financing for Partners, which was required under the plain language of the Revised PSA before BDRC could become entitled to a Financing Fee, and (ii) BDRC never received approval from the Court for any Financing Fee. In addition, the BDRC Fee Application improperly seeks payment of fees that are duplicative and improper under the Revised PSA.

### 1. BDRC is Not Entitled to a Financing Fee

The Court should deny the BDRC Fee Application to the extent that it seeks a Financing Fee because BDRC is not entitled to any such fee under the terms of the Revised PSA or the Employment Order. The Revised PSA clearly states that a Financing Fee could be paid only for the "*PROCUREMENT* OF EXIT FINANCING AND/OR NEW EQUITY." Schedule 2 to Revised PSA (emphasis added). This plain language is consistent with the BDRC Employment Application, which likewise provided that BDRC could be entitled to a Financing Fee "for *procuring* either exit financing or new equity." BDRC Employment Application at ¶ 6 (emphasis added). Thus, pursuant to its contract with Partners, BDRC could only request a Financing Fee in the event that it actually procured exit financing for Partners.

It is indisputable that BDRC did not procure exit financing for Partners. Although BDRC argues that it essentially procured exit financing from Strategic Partners, the fact is that Strategic Partners never proceeded forward to provide the exit financing. Rather, WestLB ultimately provided the exit financing necessary to fund Partners' plan of reorganization after no other funder was willing to fund Partners' plan of reorganization on acceptable terms, and did so

independent of BDRC's efforts. Indeed, had Strategic Partners actually offered exit financing on terms that were acceptable and feasible, WestLB would not have needed to step in and fund Partners' plan of reorganization. BDRC did not procure exit financing for Partners. Thus, under the plain language of the Revised PSA, BDRC is not entitled to a Financing Fee.

The fact that Partners may have requested that BDRC undertake efforts to procure exit financing is not relevant to whether it is entitled to a Financing Fee under the Revised PSA. Any such request would be subject to the terms and conditions of the Revised PSA and would not have enhanced or altered BDRC's contractual rights. The Revised PSA expressly provides that a request for a Financing Fee could only be made in the event that BDRC actually procured exit financing for Partners. This did not happen.

Further, under the express terms of the Revised PSA, BDRC only had a right to seek a Financing Fee if (i) Partners agreed with BDRC on the amount of Financing Fee BDRC had earned; and (ii) BDRC obtained subsequent approval from the Court for that fee. BDRC has not obtained the agreement of Partners or Heber Avenue Partners, LLC that its unsuccessful efforts to procure exit financing warranted any increase in the amount BDRC has already been paid in this case. Further, no approval for a Financing Fee was ever sought, nor did the Court approve any kind of Financing Fee in the Revised PSA. The Court only approved an agreement that gave BDRC the right to try to reach an agreement with the Debtor in the future on an appropriate Financing Fee and to seek approval of that Financing Fee some time in the future once an agreement had been reached. Since BDRC has no court-approved right to a Financing Fee, the Court should not now award BDRC what it believes it is due, particularly since no financing was even procured and Partners has not agreed to any Financing Fee.

Further, BDRC assumed the risk that it might not be paid a Financing Fee, despite substantial work in trying to procure exit financing, either because (i) as here, BDRC's efforts might be unsuccessful; (ii) BDRC and Partners might not agree upon a Financing Fee; or (iii) the Court might not ultimately approve a Financing Fee.  BDRC cannot now attempt to rewrite the Revised PSA to obtain a benefit for which it never bargained, which it does not deserve, and which was never approved by the Court.  Because BDRC expressly agreed that it would only seek Court approval to receive a Financing Fee if it actually succeeded in procuring exit financing (which it did not), its request for a Financing Fee in any amount should be denied.

### 2. **BDRC is Improperly Requesting Duplicative Fees**

The Court should deny the BDRC Fee Application to the extent that it seeks duplicative fees.  BDRC asserts a claim of $34,500, equal to 45 days worth of service after Partners terminated the Revised PSA, and a claim of $46,000 as a penalty for early termination of the Revised PSA.  *See* Revised PSA at 12.  Nothing in the Revised PSA, however, provides that BDRC is entitled to payment equal to 45 days worth of service.  Rather, the Revised PSA specifically provides that if the agreement is terminated "before the expiration of term" BDRC could collect a termination penalty equal to "two (2) times the then current Co-Management/Advisory fee."  Revised PSA at Schedule 2.  Thus, the Revised PSA explicitly provides for a penalty payment in a set amount should the Revised PSA be terminated early.  The Revised PSA, however, does not require Partners or any other party to compensate BDRC for any amount of time remaining on the term of the Revised PSA, regardless of whether the Revised PSA was terminated early.  BDRC's request for fees equal to 45 days worth of service totaling $34,500 has no basis under the express terms of the Revised PSA and is duplicative of

its request for payment of the $46,000 termination penalty. This request, therefore, should be denied.

### 3. BDRC is Not Entitled to Reimbursement of Expenses Incurred in Connection with its Efforts to Obtain Exit Financing

BDRC is not entitled to reimbursement for expenses it incurred in connection with its efforts to obtain exit financing because the Revised PSA does not provide for the payment of such expenses. Paragraph 18 of the BDRC Fee Application lists those expenses that BDRC apparently incurred in connection with its efforts to obtain exit financing. Specifically, BDRC claims it incurred $2,441.25 in printing costs (at the exorbitant rate of $0.75 per page), $560 for overnight shipping expenses, and "travel expenses in excess of $5,000."[1] BDRC Fee Application at ¶ 18(A)-(C). The Revised PSA, however, provides that Partners would reimburse BDRC only for "out-of-pocket expenses reasonably incurred by BDRC 4Site <u>in connection with the delivery of the Professional Services</u>, including but not limited to, travel and similar services." Revised PSA at ¶ 4.c, as amended by the Employment Order (emphasis added). Efforts to obtain exit financing are not included among the enumerated services listed on Schedule 1 of the Revised PSA. Thus, BDRC has no basis for claiming that it is entitled to the reimbursement of any expenses incurred in connection with its efforts to obtain exit financing.

Indeed, BDRC concedes that the Revised PSA only provided for the payment of expenses related to the enumerated Professional Services. Specifically, BDRC admits that the "expected [Financing Fee] was intended to cover such costs." Revised PSA at ¶ 18. Thus, BDRC concedes that the expenses it incurred in connection with its efforts to obtain exit financing were

---

[1] BDRC should be required to disclose the exact amount of its travel expenses related to its efforts to procure exit financing so that its fee application can be properly evaluated.

-7-

to be compensated, if at all, by payment of the Financing Fee. As discussed above, BDRC is not entitled to the Financing Fee. Therefore, BDRC is not entitled to reimbursement of any expense that it incurred in connection with its efforts to obtain exit financing. To the extent any such expense has already been paid, BDRC should be required to disgorge such payments.

### 4. BDRC is Not Entitled to Payment of Its Attorneys' Fees

Under the Revised PSA,[2] BDRC is not entitled to the payment of its attorneys' fees incurred in connection with the preparation and filing of the BDRC Fee Application. The Revised PSA originally provided that Partners would reimburse BDRC for "out-of-pocket expenses reasonably incurred by BDRC 4Site in connection with the delivery of the Professional Services, including, but not limited to, travel, legal, outside accounting and auditing, insurance, and similar services." Revised PSA at ¶ 4.c. This section, however, was subsequently amended by the Employment Order to read that Partners would reimburse BDRC only for "the delivery of the Professional Services, including but not limited to, travel and similar services." Employment Order at ¶ 4. Pursuant to the modifications made by the Employment Order, BDRC has no right to reimbursement for any legal expenses incurred in connection with any work it did on behalf of Partners. Therefore, under the plain language of the Revised PSA, as amended by the Employment Order, BDRC has no right to be reimbursed for any legal fees including those fees incurred in connection with the BDRC Fee Application.[3]

---

[2] BDRC's claim to reimbursement of its legal fees in connection with the BDRC Fee Application is based solely on the Revised PSA. *See* BDRC Fee Application at 13.

[3] Even under the Revised PSA before it was amended by the Employment Order, BDRC would have only been entitled to reimbursement of legal fees incurred in connection with the Professional Services. The Professional Services includes only those items listed on Schedule 1 to the Revised PSA. The preparation and filing of a fee application in the bankruptcy case is not one of the enumerated services set forth on Schedule 1. There is no other provision in the Revised PSA that provides for the payment of BDRC's legal fees incurred in connection

## **CONCLUSION**

For the reasons discussed herein, the Court should deny the BDRC Fee Application to the extent it seeks payment of a Financing Fee, payment for 45 days worth of service after the Revised PSA was terminated, the reimbursement of any expense incurred in connection with BDRC's efforts to obtain exit financing, and the payment of any legal fees.  Further, to the extent disallowed fees or expenses have already been paid to BDRC, BDRC should be ordered to disgorge such payments.  WestLB requests such other and further relief as this Court deems just and proper.

DATED this 12th day of August, 2010.

>DORSEY & WHITNEY LLP
> /s/ Scott A. Cummings
>Annette W. Jarvis
>Peggy Hunt
>Scott A. Cummings
>       and
>Richard W. Havel
>SIDLEY & AUSTIN LLP
>*Attorneys for WestLB, AG*

---

with its efforts to obtain approval of its fees from the Bankruptcy Court.  Thus, even under the Revised PSA before it was amended by the Employment Order, BDRC could not have been entitled to payment of its legal fees.

# Exhibit 1

**The below described is SIGNED.**

Dated: December 04, 2009

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

_____

Kenneth L. Cannon II (kcannon@djplaw.com) (3705)
Steven J. McCardell (smccardell@djplaw.com) (2144)
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000/Fax: (801) 415-3500

Michael V. Blumenthal (mblumenthal@crowell.com) (admitted pro hac vice )
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 223-4000/Fax: (212) 223-4134

Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| EASY STREET HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 09-29905 |
| ) | Jointly Administered with Cases |
| ) | 09-29907 and 09-29908 |
| ) | |
| Address: 201 Heber Avenue ) | Chapter 11 |
| Park City, UT 84060 ) | |
| ) | Honorable R. Kimball Mosier |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | **[FILED ELECTRONICALLY]** |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |

**ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY
<u>BDRC 4 SITE, LLC AS CO-MANAGER</u>**

On December 3, 2009, the Application of Easy Street Partners, LLC (the "Application,"

Docket No. 148 herein), as supplemented by the Notice of Revised Professional Services

SLC_505779.1

Filed: 12/03/09

Case 09-29905    Doc 203    Filed 02/02/10    Entered 02/02/10 19:54:43    Desc Main
Document      Page 2 of 4

Agreement Between Easy Street Partners, LLC and BDRC 4 Site, LLC, (the "Revised Professional Services Agreement, Docket No. 166 herein) for an order authorizing Easy Street Partners, LLC (the "Debtor") to employ BDRC 4 Site, LLC ("BDRC") as a co-manager to assist the Debtor in managing its business operations and restructuring its obligations, effective as of November 13, 2009, came before the Court for hearing.  Appearances were made as noted on the record of the hearing.  The Court made its findings and conclusions on the record of the hearing, which findings and conclusions are hereby incorporated into this Order.

    Now, therefore, IT IS HEREBY ORDERED:

    1.    The Application is granted, as modified herein.

    2.    The Debtors are authorized to retain and employ BDRC as a co-manager as set forth in the Application, as modified herein.

    3.    BDRC shall be compensated for its services and reimbursed for any related expenses in accordance with the Revised Professional Services Agreement, as modified herein, subject to any other or further orders of the Court.

    4.    Paragraph 4.c. of the Revised Professional Services Agreement with BDRC is hereby modified to read follows:  "Owner also agrees to reimburse BDRC 4Site for any out-of-pocket expenses reasonably incurred by BDRC 4Site in connection with the delivery of the Professional Services, including but not limited to, travel and similar services."

    5.    On or before the fifteenth (15th) calendar day of each month for which BDRC is engaged, the Debtor shall file with the Court a report describing, on a project basis, the services performed by BDRC during the prior month.

2

6. A final application seeking final approval of amounts paid to or requested by BDRC shall be filed with the Court and noticed to parties in interest.

-------------------END OF ORDER---------------------



Case 09-29905    Doc 268    Filed 12/07/09    Entered 12/07/09 19:14:43    Desc Main
Document    Page 13 of 14

SLC_505779.1

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order Granting Debtor's Application to Employ BDRC 4 Site, LLC as Co-Manager was served via first-class mail, postage prepaid, on the ____ day of December, 2009, on the following:

Michael V. Blumenthal
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY  10022

Kenneth L. Cannon II
Durham Jones & Pinegar, P.C.
P O Box 4050
Salt Lake City, UT  84110-4050

Steven J. McCardell
Durham Jones & Pinegar, P.C.
P O Box 4050
Salt Lake City, UT  84110-4050

John T. Morgan
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Lon A. Jenkins
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT  84101

Adelaide Maudsley
Chapman & Cutler LLP
201 South Main Street, Suite 2000
Salt Lake City, UT  84111-2298

Annette W. Jarvis, Esq.
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685

Richard W. Havel, Esq.
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

_____

4

SLC_505779.1