Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         kotter.benjamin@dorsey.com

Richard W. Havel (10759)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email:  rhavel@sidley.com

*Attorneys for WestLB, AG*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No. 09-29905 |
| EASY STREET HOLDING, LLC, *et al.*, ) | Jointly Administered with Cases |
| ) | 09-29907 and 09-29908 |
| Debtors. ) | |
| ) | Chapter 11 |
| Address:  201 Heber Avenue ) | |
| Park City, UT 84060 ) | [FILED ELECTRONICALLY] |
| ) | |
| Tax ID Numbers: ) | |
| 35-2183713 (Easy Street Holding, LLC), ) | |
| 20-4502979 (Easy Street Partners, LLC), and ) | |
| 84-1685764 (Easy Street Mezzanine, LLC) ) | |
| ) | |

## LIMITED OBJECTION TO FINAL APPLICATION OF WRONA LAW FIRM, P.C. FOR COMPENSATION AND REIMBURSEMENT PURSUANT TO 11 U.S.C. §§ 330 AND 331 AS ATTORNEYS FOR THE DEBTOR IN POSSESSION

WestLB, AG ("WestLB"), respectfully submits this limited objection to the Third and

Final Application of Wrona Law Firm, P.C. for Interim Compensation and Reimbursement

Pursuant to 11 U.S.C. §§ 330 and 331 as Attorneys for the Debtor in Possession [Docket No.

620] (the "<u>Final Wrona Application</u>").  By this objection, WestLB requests that the Court

disallow portions of the Final Wrona Application applicable to services provided by the Wrona

Law Firm, P.C. ("<u>Wrona</u>") to persons and entities other than the Debtor.  The reduction of

Wrona's fees is warranted in this matter because the services provided by Wrona benefited Bill

Shoaf ("<u>Shoaf</u>") or entities (other than the Debtor) controlled by Shoaf and, in some instances,

these services may have been adverse to the estate's interests or could have resulted in a situation

that would have been adverse to the estate's interests.  Finally, as special counsel to the Debtor,

some of the legal services provided which related to negotiations with possible DIP lenders or

plan funding were duplicative of those provided by Crowell & Moring, LLP, the Debtors'

primary counsel.[1]

---

[1]   WestLB's limited objection is grounded in the fact that some of Wrona's services were provided for the benefit of other individuals and entities, and recognizes that by implication, the adequacy of Wrona's Rule 2014 disclosures must be called into question.  The need to fully disclose all connections and potential as well as actual conflicts has been the subject of ample warning, especially in Utah.  *See In re Roberts*, 46 B.R. 815 (Bankr. D. Utah 1985); *Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434 (D. Utah 1998).  Case law has uniformly held that under Rule 2014 full disclosure is a continuing responsibility and an attorney is under a duty to promptly notify the court if any potential for conflict arises.  *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005); *In re ETOYS, Inc.*, 331 B.R. 176, 190 (Bankr. D. Del. 2005); *In re Tomczak*, 283 B.R. 730, 735 (Bankr. E.D. Wis. 2002). The courts usually maintain that the requirement to disclose connections will be strictly construed.  *See, e.g., In re Perry*, 194 B.R. 875 (E.D. Cal. 1996); *In re EWC, Inc.*, 138 B.R. 276 (Bankr. W.D. Okla. 1992);  *In re Begun*, 30 C.B.C.2d 833, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993) ("Rule 2014(a) leaves a professional person seeking retention with no discretion to choose what connections are relevant or trivial. No matter how trivial a connection appears to the professional ... it must be disclosed."); *see also  In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994);  *In re Mich. Gen. Corp.*, 17 C.B.C.2d 846, 78 B.R. 479 (Bankr. N.D. Tex. 1987), *aff'd in pertinent part sub nom, Diamond Lumber v. Unsecured Creditors' Comm.*, 88 B.R. 773 (N.D. Tex. 1988).

Although Courts have broad discretion when imposing sanctions under Rule 2014 for failure to disclose, they have held that serious omissions warrant disqualification of the professional or a reduction, denial or disgorgement of compensation. *See, e.g., In re Hot Tin Roof, Inc.*, 205 B.R. 1000 (B.A.P. 1st Cir. 1997); *In re Balco Equities Ltd., Inc.*, 345 B.R. 87, 112 (Bankr. S.D.N.Y. 2006) (concluding that at a minimum, failure to disclose is an exacerbating factor warranting the reduction or denial of fees for lack of disinterestedness and regardless of the precise application, willful or intentional failure to disclose merits the harshest sanctions).

## ARGUMENT

### I.   THE SERVICES PROVIDED BY WRONA DID NOT BENEFIT THE DEBTORS

A substantial portion of the fees incurred by Wrona were for services that did not benefit the Debtor but rather appear to have been performed for Shoaf or Shoaf controlled entities individually.  For example, it appears from a review of the invoices attached to Wrona's fee various applications that Wrona incurred fees in at least the amount of $29,610.00 relating to the negotiation and procurement of an LLC Membership Interest Purchase Agreement and Assignment of All Interest in and to the SkyLodge Venture (the "Assignment") (a copy of which is attached as Exhibit A).  The Assignment was an agreement designed to resolve disputes between Shoaf and David Wickline (and their entities), with respect to their ownership of the Debtor's ultimate parent company and their mutual claims.  The Assignment was negotiated by Wrona for the benefit of the Shoaf controlled entity, Cloud Nine Resorts, LLC (the "Buyer" under the Assignment), of which Shoaf is the sole member.  Wrona is listed in the Assignment as the attorney for Cloud Nine Resorts, LLC.  The Debtor did not receive any rights or benefit under the Assignment.  Even if the intent of the work was to benefit the Debtor, the work actually performed was not for the Debtor, did not confer any rights on the Debtor, and is not compensable from the Debtor's estate.  Furthermore, due to the lack of full disclosure regarding Wrona's representation of CloudNine Resorts, LLC in negotiating the Assignment, it may be that additional fees were incurred relative to the Assignment, but those fees are not readily identifiable in the billing descriptions or work performed.

It is undisputed (and has previously been brought to the Court's attention), that Wrona represented CloudNine Resorts, LLC and Shoaf with respect to a pending matter brought by

Gateway Center, LLC, pending in the Third Judicial District Court, Summit County, State of

Utah (Case No. 100500193).  A copy of the Stipulation to Extend Time for Defendants to

Respond to Complaint executed by Wrona on behalf of Shoaf and CloudNine Resorts, LLC is

attached hereto as Exhibit B.  This stipulation was signed on April 13, 2010 at a time when

Wrona was also purporting to represent the Debtor.  Furthermore, Wrona's April 2010 invoices

reflect that Wrona spent several hours and incurred approximately $1,680.00 in fees (that can be

identified) representing Shoaf and CloudNine Resorts, LLC in this matter

Furthermore, the fees incurred by Wrona with respect to the BayNorth litigation

($3,605.00) and negotiating Shoaf's post-confirmation employment agreement ($420.00) also

were incurred for the benefit of Shoaf and not the Debtor.  The fees incurred with respect to the

BayNorth litigation, to the extent they benefited the Debtor, should at a minimum be allocated

either totally to Easy Street Mezzanine, LLC, as the estate in which Bay North has a claim, or

among Easy Street Mezzanine, LLC and Easy Street Partners, LLC as well as the Debtor.

Accordingly, these fees which were incurred for services providing a benefit to Shoaf and his

other entities should be disallowed in full.[2]

## II.   WRONA REPRESENTED CLOUDNINE RESORTCLUBS, LLC., A SHOAF CONTROLLED ENTITY, WITH RESPECT TO THE TRANSFER OF LIQUOR LICENSES USED BY THE DEBTOR DURING THE PENDENCY OF THE CASE

The need to have a liquor license at a luxury hotel and restaurant located in Park City,

Utah cannot be overstated.  What is troubling, at least with respect to Wrona, is that, without any

disclosures under Rule 2014, Wrona represented Shoaf in the formation of CloudNine

---

[2]      The fee amounts set forth herein have been derived from a good faith review of the invoices submitted in support of the fee request.  Given the lack of full disclosure and the ambiguities in the billing descriptions themselves, it is likely that the amount of fees incurred in these respective categories is even higher than stated herein.

ResortClubs, LLC, in March 2010, for the apparently sole purpose of transferring the liquor

licenses into an entity solely controlled by Shoaf and which was not contractually connected to

the Debtor or the Sky Lodge Hotel.

Indeed, the Articles of Organization of CloudNine ResortClubs, LLC which were

submitted to the Utah Department of Commerce on March 3, 2010 identify Shoaf as the Manager

and Wrona as the organizer.  A copy of the Articles of Organization are attached hereto as

Exhibit C and incorporated herein by reference.  Only a few weeks later on May 17, 2010, Shoaf

instructs the Utah Department of Alcoholic Beverage Control (the "DABC") to change the liquor

licenses holders from CloudNine Resorts, LLC and CloudNine Resorts SRR Management, LLC

to the recently created CloudNine ResortClubs, LLC.  *See* Letter to DABC from Shoaf, dated

May 17, 2010, attached as Exhibit D.  While it appears that this transfer may have been another

manifestation of the ongoing disputes between Shoaf and David Wickline, again, the work

performed was for the benefit of Shoaf, not the estate.  The Debtor did not get any rights in the

liquor licenses, while Shoaf benefited personally from such transfers.  It could even be argued

that this representation created an actual conflict of interest since it was in the Debtor's best

interest to control the liquor licenses it used itself, not to have them transferred to one of its

insiders.  .  Moreover, it appears that Wrona again billed the fees incurred organizing CloudNine

ResortClubs, LLC to the Debtor (Wrona's billing description for service provided on March 3,

2010 reads in part, "[t]ele from Bill Shoaf on status of Wickline tax liability *and on structure of*

*new entities* (.3)."  Second Application for Interim Compensation [Docket No. 515], March 2010

invoice attached as part of Exhibit 2 (emphasis added).  These fees, incurred not in representing

the Debtor, but in representing third party insiders, should likewise be disallowed.  While Wrona

can argue that his intent in representing Shoaf and Shoaf controlled entities was to benefit the estate, that is not the standard for allowance of fees payable by the estate. Attorneys for a debtor must be representing the debtor for their services to be compensable. Services performed for third parties, even if those services could benefit the Debtor, are not services provided for the Debtor.

III.      **THE SERVICES PROVIDED BY WRONA WERE DUPLICATIVE OF SERVICES PROVIDED BY CROWELL & MORING, LLP**

Wrona was employed solely for the special purpose of "representing and advising the Debtors with regard to corporate governance issues, the complex relationships within the Debtors organization and between the Debtors and fractional unit homeowners, and with respect to participating in the negotiation and structuring of debtor in possession financing[.]" Order Approving Debtors' Employment of Wrona Law Offices, P.C. as Special Counsel Pursuant to 11 U.S.C. § 327(e) [Docket No. 218], ¶ 2. Despite the representation in Wrona's employment application that duplication of services among Debtor's counsel would be avoided, it appears that there was substantial overlap with respect to seeking and negotiating with possible DIP lenders and/or plan funders. Indeed, a limited review of the invoices submitted in support of the requested fees shows that at least $9,065.00 (25.9 hours) was incurred relative to various funding issues. This time is either duplicative of the Debtor's primary counsel's services, or – given the lack of disclosure – could actually have been services provided in representing interests other than the estate's interests.

**CONCLUSION**

Accordingly, for the foregoing reasons, WestLB respectfully requests that the Court disallow portions of Final the Wrona Application relating to services provided to Shoaf and/or

entities controlled by Shoaf (other than the Debtor), or which are duplicative of services

provided by Crowell & Moring, LLP.  WestLB has estimated these objectionable fees to be in

the amount of $44,380.

DATED this 12th day of August, 2010.

DORSEY & WHITNEY LLP

_/s/ Benjamin J. Kotter_
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY & AUSTIN LLP

*Attorneys for WestLB, AG*

# EXHIBIT A

## LLC MEMBERSHIP INTEREST PURCHASE AGREEMENT

### AND

### ASSIGNMENT OF ALL INTEREST IN AND TO THE SKYLODGE VENTURE

THIS LLC MEMBERSHIP INTEREST PURCHASE AGREEMENT AND ASSIGNMENT OF ALL INTEREST IN AND TO THE SKYLODGE VENTURE ("Assignment"), is dated as of the _____ day of February, 2010, by and between ALCHEMY VENTURES GROUP, LLC, a Utah limited liability company ("Seller") and CLOUD NINE RESORTS, LLC, a Utah limited liability company ("Buyer"). Seller and Buyer are occasionally referred to in this Assignment as "party" or collectively as "Parties."

### RECITALS

A.      Buyer desires to acquire from Seller, and Seller desires to sell and assign to Buyer, all of Seller's membership interest in Easy Street Holding, LLC, Easy Street Mezzanine, LLC, Easy Street Partners, LLC, Cloud Nine SL Development, LLC, Cloud Nine SL Management, LLC, and AVG-SL, LLC (the "Companies"). Seller's collective membership in the Companies, Seller's rights to any past, present or future compensation due to the Companies in any way, and any income tax benefit due to Seller, shall be referred to herein as the "Membership Interest."

B.      Presently, ownership of Buyer is 100% vested in William Shoaf ("Shoaf").

C.      Seller is selling and assigning the Membership Interest, "as is," without any representations or warranties except as set forth in this Assignment in exchange for the consideration stated in the Assignment, which consideration includes the release of Seller and Seller's principal, David Wickline ("Wickline"), from the following:

1.      A Completion Guaranty (the "Completion Guaranty") executed by Wickline pursuant to the Loan Agreement between Easy Street Mezzanine, LLC, a Delaware limited liability company, as borrower ("Mezzanine") and Bay North Realty Fund VI, Limited Partnership, as lender ("Bay North"), dated March 30, 2006.

2.      A Guaranty and Non-Competition Agreement executed by Wickline (the "Guaranty and Non-Competition Agreement") pursuant to the Loan Agreement between Mezzanine and Bay North dated March 30, 2006.

3.      An Environmental Indemnification Agreement executed by Wickline dated March 30, 2006 (the "Environmental Indemnification Agreement").

The foregoing is referred to collectively as "Related Obligations."

NOW, THEREFORE, the parties agree as follows:

1.   Incorporation.   The information in the recitals is incorporated into this Agreement, including the release of Seller and Wickline.

2.   Sale, Purchase and Assignment of Membership Interest.

2.1   Sale, Purchase and Assignment. At the Closing, Buyer shall purchase from Seller, and Seller shall sell, assign and transfer to Buyer, the Membership Interest for consideration consisting of (i) the sum of Ten Dollars ($10.00) cash (the "Purchase Funds"), (ii) the below-described Adjustment Amount, and (iii) release of Seller and Wickline from the Related Obligations("Release") (collectively "Purchase Consideration"), in accordance with the terms and conditions of this Assignment (the "Sale and Purchase"). Until the Closing, the Seller shall retain its rights with regard to the Membership Interests.

2.2   Adjustment Amount.   The Adjustment Amount will be calculated to "gross up" the Purchase Consideration so that the Purchase Consideration is net to Seller free of any tax cost whatsoever to Seller including income from the K-1s 2007, 2008 and 2009 to date of Closing and thereafter. The obligation to pay any Adjustment Amount extends beyond Closing to include the issuance and filing of any and all required K-1 reports of Seller.

2.3   Closing. The Sale, Purchase and Assignment will take place at the offices of Snow, Christensen & Martineau, 10 Exchange Place, 11th Floor, Salt Lake City, Utah at 10:00 a.m. (the "Closing") within ten (10) days of the written communication from Buyer to Seller that the Release has been procured by Buyer, but in no event later than September 1, 2010.

2.4   Deliveries at Closing. At the Closing, the parties shall, respectively, make the following simultaneous deliveries:

a.   Seller shall deliver to Buyer an Assignment transferring and assigning the Membership Interest, duly executed on behalf of Seller.

b.   Buyer shall deliver to Seller:

(1)   A Resolution of Buyer's Members approving the Closing.

(2)   The Purchase Funds.

(3)   The Release.

(4)   The amount of $200,000 ("Tax Liability Escrow Fund"), to be held in escrow at Snow Christiansen & Martineau or such other escrow agent as the parties shall mutually agree pursuant to escrow instructions that will be adopted by the Parties at closing and that will govern the holding and release of the Tax Liability Escrow Fund to pay for any Adjustment Amount that may become due under Section 2.2 above, and to cover any indemnification that may become due under Section 2.6 below. The Parties agree that the

2

escrow period shall not exceed three years ("Escrow Period"), following the filing of all tax returns of the companies for the years 2007, 2008 and 2009, and that the Tax Liability Escrow Fund shall be returned to the Buyer at the end of the Escrow Period if it is not consumed before that time.

(5)     An indemnification from the Funder, as that term is defined in Section 2.6 below, sufficient to satisfy the indemnification obligation set forth in Section 2.6 below.

(6)     A written representation by Easy Street Partners, LLC, or by its individual members, that no K-1 income of Easy Street Partners, LLC will be allocated to Seller or Wickline in 2007 or at any time thereafter that will result in a tax consequence that is not covered by the Tax Liability Escrow Fund or the Indemnification set forth in Section 2.6 below.

c.     The parties shall execute and deliver such other documents as are customary and reasonably necessary to consummate the Sale and Purchase herein contemplated.

2.5     Responsibility for Negotiating Release.  Buyer shall use his best efforts to obtain written documentation from Bay North that Seller has been released from the Related Obligations.

2.6     Indemnification.  From and after the Closing, provided that Closing occurs, Buyer and that person or entity that funds the Exit Plan for the Easy Street Partners bankruptcy ("Funder") shall pay the Purchase Consideration and shall indemnify and hold Wickline and Seller harmless, including reasonable attorneys' fees and costs, from any and all claims, damages and liabilities arising from or relating to the Company, Wickline's Membership Interest and the Company business and property, including without limitation liability to lenders, contractors and governmental agencies.

2.7     Transfer Fee.  Seller hereby waives any transfer fee that may have accrued under Buyer's Operating Agreement.

2.8     Assignment of Fees.  This Assignment and the sale of the Membership Interest includes the assignment of any and all right or claim that Seller and/or Wickline may have regarding the development management, sales management and hotel management fees (the "Fees") earned and accrued prior to the Closing.  The Fees represent claim(s) and asset(s) pursuant to separate agreements or rights by management company(ies) owned by Wickline and/or Seller or owned equally by Seller and Cloud Nine Resorts, LLC.     Upon Closing, Wickline and Seller waive any future right or claim to Fees and acknowledge that any right or claim to Fees previously held by Wickline or Seller shall be assigned to Buyer upon the Closing of this Assignment.

2.9     Valid Issuance of Membership Interest.  Seller and Wickline warrant: a) title to the Membership Interest to be free of all liens and encumbrances, when sold and

3

delivered in accordance with the terms of this Agreement, for the Purchase Consideration expressed herein; and b) that Wickline is the 100% owner of Seller. Otherwise, seller disclaims any other warranty of any type or nature, it being expressly understood that except for the warranty of title to the Membership Interest, this sale is made on an "as is" basis.

2.10    Authorization by Buyer. As of the Closing, all action on the part of Buyer and its manager and members necessary for the authorization, execution and delivery of this Assignment and the performance of all obligations of Buyer hereunder shall have been taken, and this Assignment, assuming due execution by the parties hereto, constitutes valid and legally binding obligations of Buyer, enforceable in accordance with their respective terms.

2.11    Authorization by Seller. As of the Closing, all action on the part of Seller and its manager and member necessary for the authorization, execution and delivery of this Assignment and the performance of all obligations of Seller hereunder shall have been taken, and this Assignment, assuming due execution by the parties hereto, constitutes valid and legally binding obligations of Seller, enforceable in accordance with their respective terms.

2.12    Compliance with Other Instruments. Buyer is not in violation or default of any provision of its Articles of Organization or Operating Agreement, as applicable, each as in effect immediately prior to the Closing. Buyer is not in violation or default of any provision of any material instrument, mortgage, deed of trust, loan, contract, commitment, judgment, decree, order or obligation to which it is a party or by which it or any of its properties or assets are bound. The execution, delivery and performance of and compliance with this Assignment will not result in any such violation, be in conflict with or constitute, with or without the passage of time or giving of notice, a default under any such provision, require any consent or waiver under any such provision (other than any consents or waivers that have been obtained), or result in the creation of any mortgage, pledge, lien, encumbrance or charge upon any of the properties or assets of Buyer pursuant to any such provision. Seller shall obtain the written consent of West LB-AG, the primary lender, and Bay North, the Mezzanine lender, to this Sale and Purchase.

2.13    Best Efforts. Between the date of this Assignment and the Closing Date or the later date of obtaining the Consents, Seller and Buyer will use their Best Efforts to cause the conditions of this Assignment to be satisfied.

2.14    Termination Events. This Assignment may, by notice given prior to or at the Closing, be terminated by: a)  mutual consent of Buyer and Seller; or b) by Buyer if Buyer determines that the Deliverables cannot be procured, in which event Buyer shall notify Seller.

2.15    Effect of Termination. If this Assignment is terminated pursuant to Section 2.14, all further obligations of the parties under this Assignment will terminate. The subject matter of this Assignment is unique and the Parties agree that the Parties have the right to enforce this Assignment by specific performance.

4

3.      General Provisions.

3.1      Governing Law.  This Assignment shall be governed in all respects by the laws of the State of Utah, without regard to any provisions thereof relating to conflicts of laws among different jurisdictions.

3.2      Successors and Assigns.   Except as otherwise provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto. This Assignment shall not be construed so as to confer any right or benefit on any party not a party hereto, other than their respective successors, assigns, heirs, executors and administrators.

3.3      Survival of Representations and Warranties.  Each of the representations and warranties made by the parties shall survive the Closing and remain in full force and effect indefinitely

3.4      Entire Agreement; Amendment. This Assignment and the other documents delivered pursuant hereto constitute the full and entire understanding and Assignment among the parties with regard to the subjects hereof and thereof and supersedes all prior agreements and understandings relating thereto. Neither this Assignment nor any term hereof may be amended, waived, discharged or terminated other than by a written instrument signed by the party against whom enforcement of any such amendment, waiver, discharge or termination is sought.

3.5      Notices.  All notices under this Assignment shall be sufficiently given for all purposes if made in writing and delivered personally, sent by documented overnight delivery service or, to the extent receipt is confirmed, facsimile or other electronic transmission, to following addresses and numbers.

Notices to Seller shall be addressed to:

> Alchemy Ventures Group, LLC
> c/o David Wickline
> 17575 Fitzpatrick Lane
> Occidental, CA 95465
> Telephone: (707) 874-3890
> Facsimile:  (866) 237-5523

with a copy to:

> Kim R. Wilson
> Snow, Christensen & Martineau
> 10 Exchange Place, 11th Floor
> Salt Lake City, Utah  84111
> Telephone: (801) 521-9000
> Facsimile: (810) 363-0400

and to:

William N. Hebert
Clavo & Clark, LLP
One Lombard Street, Second Floor
San Francisco, California  94411
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

or at such other address and to the attention to such other person as Seller may designate by
written notice to Buyer.

Notices to Buyer shall be addressed to:

Cloud Nine Resorts, LLC
4780 Winchester Court
Park City, Utah  84098
Telephone: (435) 640-7700
Facsimile: (435) 649-5959

with a copy to:

Joseph E. Wrona
Wrona Law Offices
1745 Sidewinder Drive
Park City, UT 84060
Telephone: 435-649-2525
Facsimile:  435-649-5959

or at such other address and to the attention of such other person as Buyer may designate by
written notice to Seller.

      3.6    Expenses.  Except as otherwise expressly provided in this Agreement,
each party to this Assignment will bear its respective expenses incurred in connection with the
preparation, execution, and performance of this Assignment and the Sale and Purchase, including
all fees and expenses of agents, representatives, counsel, and accountants.  In the event of
termination of this Agreement, the obligation of each party to pay its own expenses will be
subject to any rights of such party arising from a breach of this Assignment by another party.

      3.6    Further Assurances.  The parties agree (a) to furnish upon request to each
other such further information, (b) to execute and deliver to each other such other documents,
and (c) to do such other acts and things, all as the other party may reasonably request for the
purpose of carrying out the intent of this Assignment and the documents referred to in this
Agreement.

6

3.7     Counterparts.  This Assignment may be executed in any number of counterparts, each of which may be executed by only one party, which shall be enforceable against the parties actually executing such counterparts, and all of which together shall constitute one instrument.

3.8     Section Headings, Construction.  The headings of Sections in this Assignment are provided for convenience only and will not affect its construction or interpretation.  All words used in this Assignment will be construed to be of such gender or number as the circumstances require.

(SIGNATURE PAGE TO FOLLOW)

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date first above written.

BUYER:

CLOUD NINE RESORTS, LLC,
a Utah limited liability company

By: _____
William Shoaf, Manager

SELLER:

ALCHEMY VENTURES GROUP, LLC
a Utah limited liability company

By: _____
David Wickline, Manager

ACKNOWLEDGED AND AGREED TO

By: _____
David Wickline

8

# EXHIBIT B

Robert G. Crockett (A12067)
Diane H. Banks (A4966)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax: (801) 532-3370
Attorneys for Plaintiff
rcrockett@fabianlaw.com
dbanks@fabianlaw.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| GATEWAY CENTER, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDNINE RESORTS, LLC, a Utah limited liability company; WILLIAM SHOAF, an individual,<br><br>Defendants. | **STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT**<br><br>Civil No. 100500193<br><br>Judge Bruce Lubeck |

Robert G. Crockett, counsel for Plaintiff Gateway Center, LLC, and Joseph E. Wrona,

counsel for Defendants Cloudnine Resorts, LLC and William Shoaf (collectively "Defendants")

hereby stipulate that Defendants' time to respond to Plaintiff's Complaint is extended until seven (7)

calendar days following the receipt of written notice from the Plaintiff to Defendants stating the need

to respond.

The parties further stipulate that Defendants will give Plaintiff seven (7) days written notice prior to filing an answer or other response to the Complaint if Plaintiff has not yet required a response.

DATED this 9th day of April, 2010.

_____
Robert G. Crockett
Diane H. Banks
FABIAN & CLENDENIN,
  a Professional Corporation
Attorneys for Plaintiff

DATED this 13th day of April, 2010.

_____
Joseph E. Wrona
WRONA LAW FIRM
Attorneys for Defendants

4827-5842-3813, v. 1

2

## CERTIFICATE OF SERVICE

I hereby certify that on this _13th_ day of April, 2010, I caused the foregoing **STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT** to be served via United States Mail, first class postage pre-paid, a true and correct copy to:

Robert G. Crockett
Diane H. Banks
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323

# EXHIBIT C

MAR/03/2010/WED 09:49 AM   WRONA LAW OFFICE        FAX No. 435 649 5959           P. 003

# ARTICLES OF ORGANIZATION

## OF

### CLOUDNINE RESORTCLUBS, LLC

The undersigned, acting pursuant to Sections 48-2c-101 et seq. of the Utah Revised Limited Liability Company Act (the "Act"), adopts the following Articles of Organization for the purpose of organizing a Utah limited liability company (the "Company").

1.   **Name.** The Company's name is "CloudNine ResortClubs, LLC."

2.   **Purposes.** The Company's business purpose is to engage in any lawful activity for which a limited liability company may be organized under the Act. The Company may take any action incidental and conducive to the furtherance of such purpose.

3.   **Name and Address of Registered Agent.** The Company's registered agent shall be Joseph E. Wrona and his office in Utah is located at 1745 Sidewinder Drive, Park City, Utah 84060 (the "Registered Agent"). In the event the Company's Registered Agent has resigned, the Registered Agent's authority has been revoked, or the Registered Agent cannot be found or served with the exercise of reasonable diligence, the Company hereby agrees to the appointment of the director of the Division of Corporations and Commercial Code of the Utah Department of Commerce as its registered agent.

4.   **Designated Office.** The Company's designated office in Utah is the office of its Registered Agent.

5.   **Organizer.** The name of the organizer of the Company is Joseph E. Wrona and the street address of his business office is 1745 Sidewinder Drive, Park City, Utah 84060. The organizer of the Company is not a member or manager of the Company.

6.   **Management.** The Company will be Manager-managed. The name and street address of the Company's initial Manager is:

> William Shoaf
> 4780 Winchester Court
> Park City, UT 84098

State of Utah
Department of Commerce
Division of Corporations and Commercial Code
I hereby certified that the foregoing has been filed
and approved on this ___ day of ___ 20 __
In this office of this Division and hereby issued
This Certificate thereof.
Examiner _____ Date _____

Kathy Berg
Division Director

7613569

MAR/03/2010/WED 09 49 AM   WRONA LAW OFFICE          FAX No 435 649 5959          P 004

Dated March 3rd 2010

_____
Joseph E Wrona  Organizer


## ACCEPTANCE OF APPOINTMENT BY REGISTERED AGENT

Pursuant to the Utah Revised Limited Liability Company Act the undersigned hereby accepts appointment as registered agent for CloubNine ResortClubs LLC a Utah limited liability company

Dated March 3rd 2010

_____
Joseph E Wrona  Registered Agent

03-03-10A10 08 RCVD

2

# EXHIBIT D



CloudNine Resortclubs, LLC
PO Box 683300
Park City, UT 84060
435-658-9400

RECEIVED
MAY 20 2010
UTAH DEPT. OF ABC

May 17, 2010

**Re: Ownership name corrections for our liquor licenses**

Ms. Stephnie Pilling,

I am writing to request a name change to our liquor licenses holder. Our licenses currently read CloudNine Resorts, LLC and CloudNine Resorts SRR Management, LLC and they should read CLOUDNINE RESORTCLUBS, LLC.

Please note that there have not been any changes in management and our address and phone numbers remain the same.

I will appreciate it if you would update the business name for the following licenses:

- CL00961 Currently reads CloudNine Resorts –SRR Management, LLC, and it should read **CLOUDNINE RESORTCLUBS, LLC.**
- CL00962 Currently reads CloudNine Resorts –SRR Management, LLC and it should read **CLOUDNINE RESORTCLUBS, LLC.**
- BC00084 Currently reads CloudNine Resorts, LLC and it should read **CLOUDNINE RESORTCLUBS, LLC.**
- RE01791 Currently reads CloudNine Resorts, LLC and it should read **CLOUDNINE RESORTCLUBS, LLC.**

Please consider this change request for our licenses due for renewal this coming month (CL00961 and CL00962). Also, if you can mail to us new updated licenses for those not due for renewal (BC00084 and RE01791).
Enclose you will find copies of our licenses and a copy of the Certificate of Existence.

I thank you in advance for your assistance in this matter.

Sincerely,

William Shoaf
Managing Director
bshoaf@cloudnineresorts.com
435-658-9400



COPY

MAY-26-2010 WED 11:00 AM          FAX NO.                              P. 03



FORM B

**CLUB LIQUOR LICENSE RENEWAL APPLICATION**
( 2010 - 2011 )
License Number: <u>CL00961</u>

# LICENSEE INFORMATION

We currently have this information on file.

If any of the information has changed, please write on the spaces provided.

Date _____

1.  Club Name:

    <u>SKY CLUB @ SKY LODGE</u>

2.  Ownership Entity:   ~~Cloudnine Resorts~~ *Cloudnine Resorts Clouds LLC*

    ~~CLOUDNINE RESORTS - SKY LODGE MANAGMENT LLC~~

3.  Location Address:

    **201 HEBER AVE**
    **PARK CITY, UT 84060**

4.  Mailing Address (or PO Box):

    ~~PO BOX_____~~

5.  Phones:

    | Phone Type | Phone Number |
    |---|---|
    | BUSINESS | 435-658-2100 |
    | FAX | 435-615-6751 |
    | ~~OTHER~~ | |

    Club Phone: _____
    Office Phone: _____
    Other Phone: _____
    Fax: _____
    Email: _____

6.  Contact Person and Phone Numbers:

    | Position | Name | Phone Type | Phone |
    |---|---|---|---|
    | ~~Contact Person~~ | ~~TOM MURRAY~~ | | |
    | Partner | WILLIAM SHOAF | Business | 435-658-2500 |

    Name: _____
    Position: _____
    Office Phone: _____
    Other Phone: _____
    Email: _____

7.  Days and Hours of Operation:

    <u>4p-11p</u>

8.  Utah Sales Tax Number:

9.  Utah State Payroll Withholding Nu

10. Utah Dept Workforce Services Nu

11. Federal IRS Taxpayer ID Number:

**COPY**

April 22, 2010  9:31AM

MAY-26-2010 WED 11:00 AM                    FAX NO.                              P. 04

## CLUB LIQUOR LICENSE RENEWAL APPLICATION
( 2010 - 2011 )
License Number: __CL00962__

**FORM  C**

# OWNERSHIP ENTITY AND MANAGEMENT INFORMATION

Club Name:   __EASY STREET BRASSERIE @ SKY LODGE__

Entity Name:   ~~CLOUDNINE RESORTS - SKY LODGE MANAGMENT LLC~~   *Cloudnine Resorts, LLC.*

Ownership Entity Type:   __LIMITED LIABILITY COMPANY__   *( Please check appropriate entity type below if it has changed )*

[ ] Non Profit Corporation          [ ] For Profit Corporation          [ ] Limited Liability Company
[ ] Partnership                     [ ] Individual (Sole Proprietor)

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**Cross out any individual above that is no longer active. Use the blank form below to add any NEW person added since last year's renewal.**

List information for individual; partners; if a corporation, officers, directors and shareholders owning at least 20% of the entity; if an LLC, managing members and members owning at least 20% of the LLC.

**Completed Criminal History background checks must be submitted only for each NEW person added below.**

| Full Name<br>Position<br>Date of Birth | Home Mailing Address<br>(Including ZIP code) | Phone Type / Phone | Social Security<br>Number | Driver's License #<br>and<br>State Issued |
|---|---|---|---|---|
| Name |  |  |  |  |
| Position |  |  |  |  |
| Date of Birth |  |  |  |  |
| Name |  |  |  |  |
| Position |  |  |  |  |
| Date of Birth |  |  |  |  |
| Name |  |  |  |  |
| Position |  |  |  |  |
| Date of Birth |  |  |  |  |

COPY

April 22, 2010   9:31AM