| | |
|---|---|
| Annette W. Jarvis (1649) | Richard W. Havel (10759) |
| Peggy Hunt (6060) | Sidley & Austin LLP |
| Benjamin J. Kotter (9592) | 555 West Fifth Street |
| Dorsey & Whitney LLP | Lost Angeles, California 90013 |
| 136 South Main Street, Suite 1000 | Telephone: (213) 896-6017 |
| Salt Lake City, Utah 84101 | Facsimile: (213) 896-6600 |
| Telephone: (801) 933-7360 | Email: rhavel@sidley.com |
| Facsimile: (801) 933-7373 | |
| Email: jarvis.annette@dorsey.com | |
|     hunt.peggy@dorsey.com | |
|     kotter.benjamin@dorsey.com | |

*Attorneys for Heber Avenue Partners, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Tax ID Numbers:<br><br>35-2183713 (Easy Street Holding, LLC)<br>20-4502979 (Easy Street Partners, LLC)<br>84-1685764 (Easy Street Mezzanine, LLC) | Case No. 09-29905<br>(Jointly Administered with Cases 09-29907<br>and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**HEBER AVENUE PARTNERS LLC'S OBJECTION TO SCHEDULED AND FILED CLAIM OF THE UTAH STATE TAX COMMISSION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007**

Heber Avenue Partners, LLC ("Heber"), the reorganized debtor pursuant to the Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG dated June 16, 2010 (the "Plan"), by and through its undersigned counsel, hereby objects (the "Objection") to the claim of

1

the Utah State Tax Commission (the "State") against the estate of Easy Street Partners, LLC ("Partners").  Partners initially scheduled a priority claim in favor of the State in the amount of $54,954.86, and the State subsequently filed Claim No. 5 against the estate of Easy Street Holding, LLC ("Holding") in the as-amended amount of $236,991.94.  Heber objects on the basis that this claim provides insufficient information and documentation to demonstrate its *prima facie* validity and/or to demonstrate that the amount sought is a proper obligations of Partners' estate.  This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By this Objection, Heber requests entry of an order disallowing the State's claim (the "Tax Claim") as against Partners' estate.  In support of its Objection, Heber respectfully states as follows:

## FACTUAL BACKGROUND

1.      On September 14, 2009 (the "Petition Date"), Easy Street Partners, LLC ("Partners"), Easy Street Holding, LLC ("Holding"), and Easy Street Mezzanine, LLC ("Mezzanine" and together with Partners and Holding, the "Debtors") commenced these jointly-administered bankruptcy cases (the "Chapter 11 Cases") with the Bankruptcy Court for the District of Utah (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors are limited liability companies and affiliates of one another. Partners, which, prior to the Effective Date of the Plan, owned the real estate and improvements constituting the Sky Lodge in Park City, Utah ("Sky Lodge"), is 100% owned by Mezzanine. Holding is the 100% owner and managing member of Mezzanine.

2

3. On June 16, 2010, the Plan was filed. The Court confirmed the Plan on June 28, 2010 and entered an order approving confirmation of the Plan (the "Confirmation Order") on July 2, 2010 [Dkt. No. 600].

4. The Effective Date of the Plan occurred on July 27, 2010, on which date Heber succeeded to all of the assets and certain of the liabilities of Partners in accordance with the terms of the Plan.

5. The Court has jurisdiction over this matter pursuant to 28 §§ U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Partners scheduled a priority claim in favor of the State in the amount of $54,954.86. See Schedule E [Dkt. No. 16], Case No. 09-29907, at 9. The Schedule also noted that "Debtor is in discussions with the appropriate taxing authorities to quantify the exact amounts owed. The Debtor has filed a motion for approval to pay approximately $23,225 in prepetition taxes." This Court ultimately authorized payment to the State of $23,225.04 in sales, food, and occupancy taxes. See Order [Dkt. No. 120]. After payment of these amounts, the State held a net scheduled claim of $31,729.82.

7. On December 1, 2009, the State filed Claim No. 5-1 against Holding in the total amount of $362,240.61. This proof of claim named "CloudNine Resort Clubs – Sky Lodge LLC" as the debtor and contained (i) a secured component of $187,086.40; (ii) a priority component of $149,783.99; (iii) a general unsecured component of $24,643.03; and (iv) an administrative expense component of $727.19. On June 16, 2010, the State amended its claim by filing Claim No. 5-2 against Holding in the total amount of $256,908.45. The State's amended proof of claim named "Easy Street Holding LLC" as the debtor and contained (i) a secured component of $187,086.40; (ii) a priority component of $49,905.54; (iii) no general

unsecured component; and (iv) an administrative expense component of $19,916.51. On July 7, 2010, the State further amended its claim by filing Claim No. 5-3 against Holding in the total amount of $236,991.94. The State's amended proof of claim again named "CloudNine Resort Clubs – Sky Lodge LLC" as the debtor and contained (i) a secured component of $187,086.40; (ii) a priority component of $49,905.54; (iii) no general unsecured component; and (iv) no administrative expense component. A true and correct copy of the as-amended Tax Claim is attached hereto as <u>Exhibit A</u>. The Tax Claim contains an itemized statement of the dates and amounts of taxes assessed, but does not allege that such taxes are obligations of Partners' estate and provides no evidence either that the Tax Claim is an obligation of Partners' estate or that any Tax Claim held a perfected security interest in any property of Partners' estate. Nor did the State file any proof of claim against Partners' estate.

8. Heber, through its attorneys, has discussed with the State (i) the background behind the Tax Claim and (ii) certain payments Heber is informed and believes were paid to the State, which should reduce any Tax Claim owed by Partners. Although Partners appears in the past to have made certain payments to the State on account of taxes assessed against CloudNine Resort Clubs – Sky Lodge LLC and its affiliates, the State has provided no evidence that these taxes are actual obligations of Partners and that the amounts paid were not voluntary payments directed by William Shoaf, the individual who controlled each of the Debtors and the various CloudNine entities who provided services to the Debtors.

9. Heber hereby formally objects to the Tax Claim as an obligation of Partners' estate because: (i) the Tax Claim, by its terms, contains no claim against Partners' estate and no evidence that the Tax Claim is an obligation of Partners' estate; (ii) the Tax Claim contains no documentation supporting an enforceable obligation of Partners' estate; and (iii) to the extent the

4

Tax Claim is a valid liability of Partners, the Tax Claim should be further reduced by certain payments made to the State. By this Objection, Heber seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 disallowing in full the Tax Claim as an obligation of Partners' estate.

## ARGUMENT

10. When a debtor commences a bankruptcy proceeding, each of its creditors is entitled to file a proof of claim—i.e., a document providing proof of a "right to payment"—against the debtor's estate. See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449 (2007); 11 U.S.C. § 101(5) (a "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured). A party asserting a claim against a debtor must initially allege sufficient facts to support its claim, and only if this standard of sufficiency is met is the claim entitled to a presumption of validity. See Caplan v. B-Line, LLC (In re Kirkland), 572 F.3d 838, 840-41 (10th Cir. 2009). "If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim." Agricredit Corp. v. Harrison (In re Harrison), 987 F.2d 677, 680 (10th Cir. 1993).

11. Section 502(a) of the Bankruptcy Code provides that proofs of claim are "deemed allowed" unless a party in interest objects. 11 U.S.C. § 502(a). This Objection to the Tax Claim is founded in part on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

5

>   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers, 549 U.S. at 450-51 (citing Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).

12. The Tax Claim should be disallowed and expunged as an obligation of Partners' estate because the State has provided insufficient information and documentation to support a legal basis for such claim against Partners' estate. The State chose to file a proof of claim against Holding's estate, twice naming the Debtor "CloudNine Resort Clubs – Sky Lodge LLC", a non-debtor entity. Moreover, upon information and belief, Partners is not listed as a liable party within the books and records of the State relating to the Tax Claim. Because the State chose not to file a claim against Partners and because Partners does not appear to be liable for the taxes listed in the Tax Claim, Heber objects to the allowance of the Tax Claim as a liability of Partners' estate.

13. The Tax Claim should also be disallowed for failure to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires that

>   "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

14. Here, although the Tax Claim is based on taxes allegedly owed to the State relating to operations at the Sky Lodge, the Tax Claim does not append any tax returns or tax bills relating to such claim, which would document it is a liability of Partners' estate. Because the Tax Claim provides no facts or documentation supporting an obligation against Partners, it is not a *prima facie* valid against Partners' estate and should be disallowed. See In re Kirkland, 572 F.3d at 840-41.

15. Finally, to the extent the State is able to establish it holds a valid claim against Partners' estate for the amounts contained in the Tax Claim, the Tax Claim should be reduced by all payments received by the State from Partners. On or before the hearing on this Objection, Heber will provide an itemized list of all payments it believes were made to the State on account of amounts included in the Tax Claim.

## CONCLUSION

**WHEREFORE**, for the reasons discussed above, Heber respectfully requests that the Court enter an order disallowing the Tax Claim as against Partners' estate and to grant any and other relief it deems good and proper.

DATED this 23rd day of November, 2010.

DORSEY & WHITNEY LLP

  /s/ Benjamin J. Kotter
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY & AUSTIN LLP

*Attorneys for Heber Avenue Partners, LLC*

7

# Exhibit A

# PROOF OF CLAIM FOR UTAH STATE TAX COMMISSION
## (Bankruptcy Code Cases)

| | |
|---|---|
| United States Bankruptcy Court for the District of Utah | Case No.  09-29905 |
| | Type:  Chapter 11 |
| AMENDS CLAIM #5 FILED 6/16/2010 | Petition Date:  September 14, 2009 |
| In the matter of:  CLOUDNINE RESORT CLUBS - SKY LODGE LLC | Social Security #: |
| | Employer ID:  XX-XXX7243 |

1. The undersigned, whose business address is 210 N 1950 W, SALT LAKE CITY, UT, 84134, is the agent of the Utah State Tax Commission, and is authorized to make his proof of claim on behalf of the State of Utah.
2. The debtor is indebted to the State of Utah in the sum of **$236,991.94** as of the petition date.
3. The amount of all payments on this claim have been credited and deducted for the purpose of making this claim.
4. The ground of liability is taxes due under the laws of the State of Utah.

Secured Claims (Notice of tax lien filed under Utah State Law before Petition Date)

| Tax Type | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Balance Due | Notice of Lien Filed Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| CLOUDNINE RESORTCLUBS SKY LODGE LLC XX-XXX7243 | | | | | | | | |
| CLOUDNINE RESORT CLUBS - SKY LODGE LLC XX-XXX7243 | | | | | | | | |
| **Restaurant** | | | | | | | | |
| 12404852-002-SPF | 0308-0308 | 11/3/2008 | $837.91 | $30.00 | $24.79 | $892.70 | 12/31/2008 | SUMMIT |
| 12404852-002-SPF | 0608-0608 | 11/3/2008 | $1,386.44 | $284.43 | $89.60 | $1,760.47 | 12/31/2008 | SUMMIT |
| 12404852-002-SPF | 0708-0708 | 11/3/2008 | $1,945.93 | $396.54 | $113.39 | $2,455.86 | 12/31/2008 | SUMMIT |
| 12404852-002-SPF | 0808-0808 | 11/3/2008 | $2,106.80 | $436.98 | $111.46 | $2,655.24 | 12/31/2008 | SUMMIT |
| 12404852-002-SPF | 0908-0908 | 11/3/2008 | $1,113.72 | $125.82 | $52.32 | $1,291.86 | 12/31/2008 | SUMMIT |
| 12404852-002-SPF | 1008-1008 | 10/29/2008 | $740.82 | $178.16 | $30.38 | $949.36 | 5/29/2009 | SUMMIT |
| 12404852-002-SPF | 1108-1108 | 2/19/2009 | $1,216.67 | $273.33 | $42.90 | $1,532.90 | 5/29/2009 | SUMMIT |
| 12404852-002-SPF | 1208-1208 | 2/18/2009 | $1,936.98 | $320.55 | $59.44 | $2,316.97 | 5/29/2009 | SUMMIT |
| **Sales Tax** | | | | | | | | |
| 12404852-002-STC | 0708-0708 | 11/3/2008 | $13,804.27 | $60.00 | $117.24 | $13,981.51 | 12/31/2008 | SUMMIT |
| 12404852-002-STC | 0808-0808 | 11/3/2008 | $27,293.27 | $5,178.04 | $1,443.93 | $33,915.24 | 12/31/2008 | SUMMIT |
| 12404852-002-STC | 0908-0908 | 11/3/2008 | $14,647.91 | $1,524.78 | $687.85 | $16,860.54 | 12/31/2008 | SUMMIT |
| 12404852-002-STC | 1008-1008 | 2/19/2009 | $8,450.13 | $1,720.02 | $346.57 | $10,516.72 | 5/29/2009 | SUMMIT |
| 12404852-002-STC | 1108-1108 | 2/19/2009 | $12,465.38 | $2,523.08 | $439.54 | $15,428.00 | 5/29/2009 | SUMMIT |
| 12404852-002-STC | 1208-1208 | 2/18/2009 | $35,039.00 | $5,285.85 | $1,075.20 | $41,400.05 | 5/29/2009 | SUMMIT |
| **Transient Rm** | | | | | | | | |
| 12404852-002-STR | 0308-0308 | 11/3/2008 | $10,444.45 | $30.00 | $309.02 | $10,783.47 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 0508-0508 | 11/3/2008 | $566.50 | $140.79 | $39.97 | $747.26 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 0608-0608 | 11/3/2008 | $2,653.86 | $560.78 | $171.46 | $3,386.10 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 0708-0708 | 11/3/2008 | $2,478.41 | $525.68 | $144.42 | $3,148.51 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 0808-0808 | 11/3/2008 | $4,689.68 | $958.12 | $248.13 | $5,895.93 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 0908-0908 | 11/3/2008 | $2,539.54 | $283.96 | $119.25 | $2,942.75 | 12/31/2008 | SUMMIT |
| 12404852-002-STR | 1008-1008 | 2/19/2009 | $1,181.40 | $266.28 | $48.46 | $1,496.14 | 5/29/2009 | SUMMIT |
| 12404852-002-STR | 1108-1108 | 2/19/2009 | $1,393.70 | $308.73 | $49.14 | $1,751.57 | 5/29/2009 | SUMMIT |
| 12404852-002-STR | 1208-1208 | 2/19/2009 | $8,299.35 | $1,274.91 | $254.66 | $9,828.92 | 5/29/2009 | SUMMIT |
| **Withholding** | | | | | | | | |
| 12404852-003-WTH | 0708-0708 | 9/20/2008 | $968.56 | $126.86 | $52.91 | $1,148.33 | 2/5/2009 | SUMMIT |

**SUBTOTAL  $187,086.40**         This is to be paid @ 5% interest

BK PROOF OF CLAIM                Page   1   of   3                L1116186752

**Filed: 07/07/10**

Unsecured Priority Claims under section 507 (a) (8) of the Bankruptcy code

| Tax Type | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Balance Due | Notice of Lien Filed Date | OfficeLocation |
|---|---|---|---|---|---|---|---|---|
| **CLOUDNINE RESORT CLUBS - SKY LODGE LLC XX-XXX7243** | | | | | | | | |
| *Restaurant* | | | | | | | | |
| 12404852-002-SPF | 0408-0408 | 11/3/2008 | $172.05 | $0.00 | $12.12 | $184.17 | | |
| 12404852-002-SPF | 0508-0508 | 11/3/2008 | $237.55 | $0.00 | $16.76 | $254.31 | | |
| 12404852-002-SPF | 0409-0409 | 4/27/2010 | $665.19 | $0.00 | $9.66 | $674.85 | | |
| 12404852-002-SPF | 0509-0509 | 4/27/2010 | $531.01 | $0.00 | $5.53 | $536.54 | | |
| 12404852-002-SPF | 0609-0609 | 8/18/2009 | $117.30 | $0.00 | $0.45 | $117.75 | | |
| 12404852-002-SPF | 0709-0709 | 9/8/2009 | $78.42 | $0.00 | $0.00 | $78.42 | | |
| 12404852-002-STR | 0809-0809 | 4/27/2010 | $1,611.17 | $0.00 | $0.00 | $1,611.17 | | |
| *Sales Tax* | | | | | | | | |
| 12404852-002-STC | 0409-0409 | 4/27/2010 | $10,025.68 | $0.00 | $145.58 | $10,171.26 | | |
| 12404852-002-STC | 0509-0509 | 4/27/2010 | $7,768.74 | $0.00 | $80.88 | $7,849.62 | | |
| 12404852-002-STC | 0609-0609 | 8/24/2009 | $1,616.04 | $0.00 | $6.20 | $1,622.24 | | |
| 12404852-002-STC | 0709-0709 | 9/21/2009 | $915.83 | $0.00 | $0.00 | $915.83 | | |
| 12404852-002-STC | 0809-0809 | 4/27/2010 | $19,006.05 | $0.00 | $0.00 | $19,006.05 | | |
| *Transient Rm* | | | | | | | | |
| 12404852-002-STR | 0408-0408 | 10/29/2008 | $63.77 | $0.00 | $1.88 | $65.65 | | |
| 12404852-002-STR | 0409-0409 | 4/27/2010 | $2,034.83 | $0.00 | $29.55 | $2,064.38 | | |
| 12404852-002-STR | 0509-0509 | 4/27/2010 | $1,515.76 | $0.00 | $15.78 | $1,531.54 | | |
| 12404852-002-STR | 0609-0609 | 8/18/2009 | $297.35 | $0.00 | $1.14 | $298.49 | | |
| 12404852-002-STR | 0709-0709 | 9/21/2009 | $132.47 | $0.00 | $0.00 | $132.47 | | |
| 12404852-002-STR | 0809-0809 | 4/27/2010 | $2,790.80 | $0.00 | $0.00 | $2,790.80 | | |

**SUBTOTAL  $49,905.54**

Unsecured General Claims

| Tax Type | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Balance Due | Notice of Lien Filed Date | OfficeLocation |
|---|---|---|---|---|---|---|---|---|

**SUBTOTAL  $0.00**

1305 or Administrative Claims

| Tax Type | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Balance Due | Notice of Lien Filed Date | OfficeLocation |
|---|---|---|---|---|---|---|---|---|

**SUBTOTAL  $0.00**

5. No note or other negotiable instrument has been received for the account or any part of it, except N/A.
6. No judgement has been rendered on this claim, except N/A.
7. This claim is not subject to any set of or counterclaim, except N/A.
8. No security interest is held, except for the secured claims listed in item 4A above and N/A.
9. To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.
10. "EST" represents an estimated value and requires the debtor to file the tax return;
    "NF" represents a non-filing audit assessment and requires the debtor to file the tax return;
    "AD" represents an audit assessment; and

"REC" represents Withholding Annual Reconciliation

| Signature: | Ryan Jensen | Date: | July 7, 2010 |
|---|---|---|---|
| Title: | Bankruptcy Agent | Telephone: | 801-297-6232 |

**Penalty for Presenting a Fraudulent Claim - Fine of not more than $5,000 or imprisonment for not more than five years or both.**