Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       kotter.benjamin@dorsey.com

Richard W. Havel (10759)
Sidley & Austin LLP
555 West Fifth Street
Lost Angeles, California 90013
Telephone: (213) 896-6017
Facsimile: (213) 896-6600
Email: rhavel@sidley.com

*Attorneys for Heber Avenue Partners, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Case No. 09-29905 |
|---|---|
| **EASY STREET HOLDING, LLC, et al.,** | (Jointly Administered with Cases 09-29907 and 09-29908) |
| Debtors. | Chapter 11 |
| Tax ID Numbers: | Honorable R. Kimball Mosier |
| 35-2183713 (Easy Street Holding, LLC)<br>20-4502979 (Easy Street Partners, LLC)<br>84-1685764 (Easy Street Mezzanine, LLC) | |

**HEBER AVENUE PARTNERS LLC'S OBJECTION TO CLAIM NO. 23 OF PHILO SMITH, JR. PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007**

Heber Avenue Partners, LLC ("Heber"), the reorganized debtor pursuant to the Amended

Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG dated June 16, 2010 (the

"Plan"), by and through its undersigned counsel, hereby objects (the "Objection") to Claim No.

1

23 filed by Philo Smith, Jr. (the "Smith Claim") against the estate of Easy Street Partners, LLC ("Partners").  Heber objects on the basis that this claim provides insufficient information and documentation to demonstrate its *prima facie* validity and/or to demonstrate that the amount sought is a proper obligation of Partners' estate.  This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By this Objection, Heber requests entry of an order disallowing and expunging the Smith Claim in its entirety.  In support of its Objection, Heber has filed contemporaneously herewith the Declaration of Christina M. Craige and respectfully states as follows:

## FACTUAL BACKGROUND

1.     On September 14, 2009 (the "Petition Date"), Easy Street Partners, LLC ("Partners"), Easy Street Holding, LLC ("Holding"), and Easy Street Mezzanine, LLC ("Mezzanine" and together with Partners and Holding, the "Debtors") commenced these jointly-administered bankruptcy cases (the "Chapter 11 Cases") with the Bankruptcy Court for the District of Utah (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     The Debtors are limited liability companies and affiliates of one another.  Partners, which, prior to the Effective Date of the Plan, owned the real estate and improvements constituting the Sky Lodge in Park City, Utah ("Sky Lodge"), is 100% owned by Mezzanine.  Holding is the 100% owner and managing member of Mezzanine.

3.     On June 16, 2010, the Plan was filed.  The Court confirmed the Plan on June 28, 2010 and entered an order approving confirmation of the Plan (the "Confirmation Order") on July 2, 2010 [Dkt. No. 600].

4.      The Effective Date of the Plan occurred on July 27, 2010, on which date Heber succeeded to all of the assets and certain of the liabilities of Partners in accordance with the terms of the Plan.

5.      The Court has jurisdiction over this matter pursuant to 28 §§ U.S.C. 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      Partners did not list Smith in its schedules of assets and liabilities as a creditor. The Smith Claim, in the amount of $237,000.00 on account of "Reimbursement of Expenses", was received and recorded on the Partners' Claims Register as Claim No. 23 on January 5, 2010. A true and correct copy of the Smith Claim is attached hereto as Exhibit A.  The Smith Claim contains no further information or documentation regarding the basis for the amount allegedly owed by Partners' estate to Smith.

7.      Heber, through its attorneys, has requested supporting documentation and information regarding the Smith Claim.  Based on information subsequently provided by Smith, the Smith Claim appears to consist of (i) reimbursement of $12,000 paid to Axis Consulting Services, LLC ("Axis"); (ii) reimbursement of $25,000 paid to Durham Jones & Pinegar ("Durham Jones"); and (iii) reimbursement of $200,000 paid to Crowell & Moring ("C&M"). Although Heber has received some additional information relating to the Smith Claim, it has not received any documentation indicating that the Smith Claim is an enforceable obligation of Partners.

8.      By this Objection, Heber seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 disallowing in full and expunging the Smith Claim in its entirety because (i) such claim contains insufficient information and

3

documentation to support a legal basis for the amount claimed therein; and (ii) Smith has failed to demonstrate that Partners' estate is obligated to reimburse any of the payments.

## ARGUMENT

**I.     The Proof of Claim Lacks Supporting Evidence**

9.     When a debtor commences a bankruptcy proceeding, each of its creditors is entitled to file a proof of claim—i.e., a document providing proof of a "right to payment"—against the debtor's estate.  See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449 (2007); 11 U.S.C. § 101(5) (a "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured). A party asserting a claim against a debtor must initially allege sufficient facts to support its claim, and only if this standard of sufficiency is met is the claim entitled to a presumption of validity.  See Caplan v. B-Line, LLC (In re Kirkland), 572 F.3d 838, 840-41 (10th Cir. 2009). "If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim." Agricredit Corp. v. Harrison (In re Harrison), 987 F.2d 677, 680 (10th Cir. 1993).

10.     Section 502(a) of the Bankruptcy Code provides that proofs of claim are "deemed allowed" unless a party in interest objects. 11 U.S.C. § 502(a).  This Objection to the Smith Claim is founded in part on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

>       (1)    such claim is unenforceable against the debtor and
> property of the debtor, under any agreement or applicable
> law for a reason other than because such claim is contingent
> or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."  Travelers, 549 U.S. at 450-51 (citing Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy."  In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).

11. The Smith Claim should be disallowed and expunged because it provides insufficient information and documentation to support a legal basis for such claim.  Bald assertions of liability, without more, do not satisfy the burden a claimant must meet to establish a *prima facie* valid claim under section 502 of the Bankruptcy Code.  See, e.g., In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008) (proofs of claim that fail to provide facts and documents to support the claim are not entitled to the presumption of prima facie validity).

12. The Smith Claim should also be disallowed for failure to comply with Bankruptcy Rule 3001(c).  Bankruptcy Rule 3001(c) requires that

> "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed
> with the proof of claim.  If the writing has been lost or destroyed, a statement of
> the circumstances of the loss or destruction shall be filed with the claim.

Here, the Smith Claim does not document or explain (i) the amount of expenses incurred or (ii) the document giving rise to an enforceable obligation for reimbursement against Partners. Because the Smith Claim provides no facts or documentation to support a legal basis for such

5

claim, it is not *prima facie* valid and should be disallowed.  See In re Kirkland, 572 F.3d at 840-41.

## II.     Partners' Estate Is Not Obligated To Reimburse Smith For The Payments

13.     Partners is not obligated to reimburse Smith for the $12,000 Smith paid to Axis. First, the contract Smith subsequently provided in support of this portion of the Smith Claim appears to be between Axis and CloudNine Resorts; Partners is not a party to the contract. Second, the $12,000 was paid after the Petition Date.  To the extent Axis provided any professional services to Partners, the unauthorized post-petition payment contravenes sections 327 and 330 of the Bankruptcy Code.  Finally, the $12,000 also appears to consist of unauthorized post-petition advances, which Partners has no obligation to repay.

14.     Partners is not obligated to reimburse Smith for the $25,000 paid to Durham Jones.  Section 4.4 of the Durham Jones retention agreement (the "Retention Agreement") [Dkt. No. 58] states that retainer amounts funded by affiliates are either (i) treated "as a capital contribution … and not as a loan or debt repayable" by the Debtors; or (ii) treated "as a loan … subordinated in priority to any and all claims against and interests (including interests of equity owners)" in the Debtors.  Retainer Agreement § 4.4.  Under the Plan, several holders of Claims and Interests received no payment.  Thus, the payment to Durham Jones was either a capital contribution, not a claim, or a subordinated loan, which is not subject to repayment by Partners pursuant to the terms of the retention agreement.

15.     Partners is not obligated to reimburse Smith for the $200,000 paid to C&M.  At least a portion of these payments—if not the entire amount—appear to constitute either (i) protective advances on account of Smith's indirect equity interest in Partners; (ii) capital contributions; or (iii) payments used by C&M for tasks undertaken on behalf of Holding or

6

Mezzanine. Smith has provided no agreement by which Partners agreed to reimburse amounts provided to C&M. As such, these payments are not reimbursable from Partners' estate.

## **CONCLUSION**

**WHEREFORE**, for the reasons discussed above, Heber respectfully requests that the Court enter an order disallowing the Smith Claim in its entirety and expunging such claim, and to grant any and other relief it deems good and proper.

DATED this 24th day of November, 2010.

DORSEY & WHITNEY LLP

 */s/ Benjamin J. Kotter*
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
SIDLEY & AUSTIN LLP

*Attorneys for Heber Avenue Partners, LLC*

# Exhibit A

B 10 (Official Form 10)(12/08)

| UNITED STATES BANKRUPTCY COURT District of Utah – Central Division | PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>EASY STREET PARTNERS, LLC | Case Number:<br>09-29907 - RKM |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Philo Smith, Jr | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Philo Smith, Jr<br>684 Glenneyre Street<br>Laguna Beach, CA 92651<br><br>Telephone number: 949.295.8485 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>N/A<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>X Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $237,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim: Reimbursement of Expenses**
(See instruction #2 on reverse side.)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**3. Last four digits of any number by which creditor identifies debtor: N/A**
**3a. Debtor may have scheduled account as: N/A**
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured

claim, if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).
**Amount entitled to priority:**
$_____

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>12-30-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Philo Smith, Jr  /s/ Philo M. Smith, Jr. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NY1WDMS: 11431434_1