Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
      hunt.peggy@dorsey.com
      kotter.benjamin@dorsey.com

Richard W. Havel (10759)
Christina M. Craige (*pro hac vice pending*)
**SIDLEY AUSTIN LLP**
555 West 5th Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com
      ccraige@sidley.com

*Attorneys for Heber Avenue Partners, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address:  201 Heber Avenue<br>          Park City, Utah 84060<br><br>Tax ID Number:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Case No. 09-29905<br>(Jointly Administered with Cases<br>09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier<br><br>DATE:   January 20, 2011<br>TIME:   2:00 P.M. MST<br>PLACE: Courtroom 369<br>          350 South Main Street, #301<br>          Salt Lake City, Utah 84101 |

**HEBER AVENUE PARTNERS LLC'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NO. 22 OF LUXURY RESIDENCE GROUP PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007**

Heber Avenue Partners, LLC ("Heber"), the reorganized debtor pursuant to the Amended

Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG dated June 16, 2010 (the

"Plan"), by and through its undersigned counsel, hereby replies to the response (the "Response")

1

filed by Luxury Residence Group ("LRG") to Heber's objection (the "Objection") to Claim No. 22 filed by Luxury Residence Group (the "LRG Claim") against the estate of Easy Street Partners, LLC ("Partners").  LRG's Response, including the documentation offered in support of that Response, demonstrate that LRG holds no valid claim against Partners' estate.  Heber therefore requests entry of an order disallowing and expunging the LRG Claim in its entirety.  In further support of its Objection, Heber respectfully states as follows:

I.  **THE DOCUMENTATION SUPPLIED BY LRG CONFIRMS IT DOES NOT HOLD AN ENFORCEABLE CLAIM AGAINST PARTNERS.**

1. Although LRG purports in its Response to have fully complied with Heber's request for documentation, the documentation it includes in support of the LRG Claim[1] is woefully insufficient to demonstrate an enforceable obligation against Partners.  Rather, the documentation LRG provided demonstrates unequivocally that any obligation on account of these amounts is owed by CloudNine Resorts, LLC ("CloudNine"), not Partners.

2. LRG contends that it is entitled to repayment of certain rental amounts under paragraph 9(a) of the "Exclusive Listing Agreement" (the "Listing Agreement") attached as Exhibit A to the Response.  LRG cannot use this document to support the LRG Claim for at least three reasons.

3. First, LRG is not a party to the Listing Agreement.  Although LRG asserts that it is the agent for another entity – Prudential Utah Real Estate – under this agreement, LRG provides absolutely no support for this contention.  LRG is nowhere named in the Listing Agreement, nor does the Listing Agreement provide for any other entity holding the right to file

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Objection.

2

a proof of claim on Prudential's behalf on account of the Listing Agreement. Nor has LRG provided any separate document authorizing LRG as an agent for these purposes.

4. Second, as LRG acknowledges, it was CloudNine – not Partners – that obligated itself to provide a Listing Office at CloudNine's "sole cost and expense." Response at 2. Although LRG asserts in the Response that CloudNine "assigned to the Debtor its rights and obligations in this Listing Agreement", this bald assertion has no evidentiary basis and is not supported by the remaining documentation. Although LRG contends that the Consent and Agreement Regarding Pledge and Security Agreement (the "Consent") attached as Exhibit B to the Response demonstrates that "the Debtor succeeded to all of Cloud Nine's rights and obligations in the Listing Agreement, which included the obligation to provide LRG a sales office," the Consent fails to do so either as a legal or factual matter. While the Consent acknowledges that Partners had an *interest* in the Listing Agreement, and pledges that interest to WestLB AG, Recital B of the Consent makes clear that Partners' interest in the Listing Agreement related to its status "as the Owner." Consent Recital B. The Listing Agreement clearly delineated between (i) CloudNine, as the "Seller" and (ii) the as-yet to be formed Partners, as the "Owner." See, e.g., Listing Agreement Recitals B, C, E (referring separately to the Seller and the Owner). It was CloudNine, as the Seller, that obligated itself to provide the Listing Office to Prudential at CloudNine's *sole expense*.

5. Third, the invoices provided by LRG amply demonstrate whom LRG considered to be responsible for the rental payments: CloudNine. See Response Exhibit C (sending every invoice to CloudNine Resorts). It is also noteworthy that each of these invoices was sent by

3

LRG – which appears to be controlled by Carrie Shoaf – at least two years *after* the purported assignment of rights from CloudNine to Partners.

6.  Finally, even if the Listing Agreement imposed any binding obligations on Partners, the Listing Agreement appears to have expired by its terms on June 11, 2008. See Listing Agreement ¶ 2(a). LRG has provided no evidence that the Listing Agreement continued beyond that date. Furthermore, all of the invoices post-date the expiration of the Listing Agreement, and therefore any monies advanced by LRG relating to those invoices would not be legally recoverable under the Listing Agreement.

## II. LRG HAS FAILED TO MAKE OUT A *PRIMA FACIE* CASE ON THE VALIDITY OF THE LRG CLAIM.

7.  "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007). A party asserting a claim against a debtor must initially allege sufficient facts to support its claim, and only if this standard of sufficiency is met is the claim entitled to a presumption of validity. See Caplan v. B-Line, LLC (In re Kirkland), 572 F.3d 838, 840-41 (10th Cir. 2009). "If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim." Agricredit Corp. v. Harrison (In re Harrison), 987 F.2d 677, 680 (10th Cir. 1993).

8.  As amply demonstrated above, the LRG Claim should be disallowed and expunged pursuant to 11 U.S.C. § 502(b)(1) because the documentation provided by LRG fails to support a legal basis for the LRG Claim as a matter of non-bankruptcy law. Bald assertions of liability, without more, do not satisfy the burden a claimant must meet to establish a *prima facie*

4

valid claim under section 502 of the Bankruptcy Code. <u>See</u>, <u>e.g.</u>, <u>In re Kincaid</u>, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008) (proofs of claim that fail to provide facts and documents to support the claim are not entitled to the presumption of prima facie validity). Because LRG has provided no evidence that Partners owes it any obligation, the LRG Claim should be disallowed and expunged in its entirety.

## **CONCLUSION**

**WHEREFORE**, for the reasons discussed above, Heber respectfully requests that the Court enter an order disallowing the LRG Claim in its entirety and expunging such claim, and to grant any and other relief it deems good and proper.

DATED this 10th day of January, 2011.

DORSEY & WHITNEY LLP

*/s/ Benjamin J. Kotter*
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
Christina M. Craige (*pro hac vice pending*)
SIDLEY AUSTIN LLP

*Attorneys for Heber Avenue Partners, LLC*