Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email: jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         kotter.benjamin@dorsey.com

Richard W. Havel (10759)
Christina M. Craige *(Pro Hac Vice)*
**SIDLEY AUSTIN LLP**
555 West 5th Street
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email: rhavel@sidley.com
         ccraige@sidley.com

*Attorneys for Heber Avenue Partners, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Tax ID Numbers:<br><br>35-2183713 (Easy Street Holding, LLC)<br>20-4502979 (Easy Street Partners, LLC)<br>84-1685764 (Easy Street Mezzanine, LLC) | Case No. 09-29905<br>(Jointly Administered with Cases 09-29907<br>and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

### NOTICE OF STIPULATION AND WITHDRAWAL OF HEBER AVENUE PARTNERS, LLC'S OBJECTION TO CLAIM NO. 27 OF WILLIAM SHOAF PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007

Heber Avenue Partners, LLC ("Heber"), the reorganized debtor pursuant to the

confirmed Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG

dated June 16, 2010 [Docket No. 566] (the "Confirmed Plan"),[1] by and through its undersigned counsel, and in accordance with the statements made by counsel on the record before the Court on January 20, 2011, hereby gives notice of the Stipulation Fixing Claim of William Shoaf Against Easy Street Partners, LLC (the "Stipulation"), a copy of which is attached as Exhibit A hereto and incorporated herein by reference, and the consequent withdrawal of Heber's Objection to Claim No. 27 of William Shoaf Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 [Docket No. 708] (the "Objection").

On November 23, 2010, Heber filed its Objection to the filed claim of William Shoaf ("Shoaf") in the total amount of $43,385.20 (the "Shoaf Claim"). Heber's Objection sought to disallow the Shoaf Claim in its entirety. Pursuant to the Stipulation, Heber and Shoaf have agreed that in full and complete satisfaction of the Shoaf Claim, Heber will pay $15,647.27 to Shoaf within three (3) business days after full execution of the Stipulation.

In accordance with the Confirmed Plan, Heber "may settle, compromise or otherwise resolve any Disputed Claim without further order of the Bankruptcy Court." Confirmed Plan, § 6.2. Accordingly, having reached a settlement in this matter, Heber hereby withdraws its Objection, and no further order of the Court is necessary to effectuate the settlement of this matter.

---

[1] The Court entered its Order Confirming Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 on July 2, 2010 [Docket No. 600].

DATED this 22nd day of February, 2011.

DORSEY & WHITNEY LLP

_/s/ Benjamin J. Kotter_____
Annette W. Jarvis
Peggy Hunt
Benjamin J. Kotter

and

Richard W. Havel
Christina M. Craige
SIDLEY AUSTIN LLP

*Attorneys for Heber Avenue Partners, LLC*

# Exhibit A

## STIPULATION FIXING CLAIM OF WILLIAM SHOAF AGAINST
## EASY STREET PARTNERS, LLC

Heber Avenue Partners, LLC ("Heber"), the Reorganized Debtor pursuant to the

Amended Joint Plan of Easy Street Partners, LLC ("Partners") and WestLB, AG Dated

June 16, 2010 (the "Plan"), and William Shoaf ("Shoaf" and, together with Heber, the

"Parties") hereby state as follows:

A.      Partners commenced this case under Chapter 11 of the United States

Bankruptcy Code by filing a voluntary petition on September 14, 2009.

B.      Partners listed Shoaf in its schedules of assets and liabilities as a creditor.  On

January 5, 2010, Shoaf filed proof of claim number 27 against Partners in the amount of

$43,385.20 (the "Original Claim").

C.      On or about July 28, 2010, the Parties entered into an Employment Agreement,

which provided for continuing obligations between the Parties in accordance with its

terms (the "Employment Agreement").

D.      On November 23, 2010, Heber filed an objection to the Original Claim (the

"Objection"), in which it sought disallowance in full of the Original Claim.

E.      On December 23, 2010, Shoaf filed a response to the Objection and filed an

amendment to the Original Claim, in which Shoaf asserted an amended claim against

Partners of $123,104.36 (together with the Original Claim, the "Shoaf Claim").

F.      Based on documentation subsequently provided by Shoaf both informally and in

his response to the Objection, the Shoaf Claim consists of (i) ordinary business

expenses allegedly paid directly for the Sky Lodge; (ii) legal fees paid to Wrona Law

allegedly on behalf of Partners; (iii) the retainer paid to Durham Jones & Pinegar

allegedly to serve as Partners' counsel in this case; and (iv) contribution allegedly owed

from Partners as a result of rejecting the office lease between Partners and Gateway.

G.      Partners contends that Shoaf has failed to demonstrate that the Shoaf Claim is

an enforceable obligation of Partners' estate.

H.      In light of the foregoing, the substantive objections Heber has raised to allowance

of the Shoaf Claim, the subsequent documentation Shoaf provided in support of the

Shoaf Claim, the expense and risk of continuing to prosecute and defend against

Heber's objection to the Shoaf Claim, and without admission of any liability or the truth

of any facts alleged, the Parties have determined to enter into a consensual resolution

of Shoaf's claims against Partners' bankruptcy estate.


WHEREFORE, the Parties stipulate and agree as follows:

1.  **In full and complete satisfaction of the Shoaf Claim, Heber shall pay to**

    **Shoaf within three (3) business days after full execution of this Settlement**

    **Agreement, fifteen thousand six hundred forty seven dollars and twenty**

    **seven cents ($15,647.27) in immediately available funds.**

2.  **This Stipulation shall not release or otherwise affect the Employment**

    **Agreement or any other (i) claims Heber may hold against, and/or**

    **obligations Heber may be owed by, Shoaf; and/or (ii) claims Shoaf may**

    **hold against, and/or obligations Shoaf may be owed by, Heber.**


[remainder of page intentionally left blank]


2

3.  This Stipulation may be signed in multiple counterparts, the collection of
which shall constitute this one Stipulation.  Faxed or scanned signature pages
are acceptable as originals.


DATED this 29 day of January, 2011


William Shoaf, individually

DATED this 28th day of January, 2011

**HEBER AVENUE PARTNERS LLC,**
a Delaware limited liability company

By:  WestLB AG, a German banking corporation,
      acting through its Cayman Islands branch, its Member

By:  _____
Name: _____Christian Ruehmer_____
Title: _____Managing Director_____

By:  _____
Name: _____James Winikor_____
Title: _____Associate Director_____

4