Annette W. Jarvis (1649)
Peggy Hunt (6060)
Benjamin J. Kotter (9592)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
      hunt.peggy@dorsey.com
      kotter.benjamin@dorsey.com

Richard W. Havel (10759)
Christina M. Craige (*pro hac vice*)
**SIDLEY AUSTIN LLP**
555 West 5th Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rhavel@sidley.com
      ccraige@sidley.com

*Attorneys for the Reorganized Debtor Heber Avenue Partners, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>          Park City, Utah 84060<br><br>Tax ID Number:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Case No. 09-29905<br>(Jointly Administered with Cases<br>09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

### MOTION TO CLOSE EASY STREET PARTNERS, LLC'S BANKRUPTCY CASE AND REQUEST FOR FINAL DECREE

The reorganized debtor Heber Avenue Partners, LLC ("Heber"), by and through its

counsel and pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy

Procedure, hereby files its Motion to Close Easy Street Partners, LLC's Bankruptcy Case and

Request for Final Decree (the "Motion").  This Motion is submitted together with the Declaration of James Winikor and the attachment thereto demonstrating that the Easy Street Partners, LLC's bankruptcy estate has been fully administered.

## I.    JURISDICTION

1. The Court has jurisdiction to consider this Motion and to enter a Final Decree in Partners' bankruptcy case pursuant to 11 U.S.C. § 350(a), 28 U.S.C. §§ 157(b)(2)(A) and 1334, Art. XII, Section 12.1(r) of the Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010, and Paragraph 19 of the Order Confirming Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010.

## II.    BACKGROUND

2. On September 14, 2009 (the "Petition Date"), Easy Street Partners, LLC ("Partners") – together with its debtor-affiliates Easy Street Holding, LLC ("Holding") and Easy Street Mezzanine, LLC ("Mezzanine") (collectively, the "Debtors") – filed a voluntarily petition for relief under chapter 11 of the Bankruptcy Code.

3. On September 15, 2009, the Court entered an order approving the joint administration of Partners' bankruptcy case with those of Holding and Mezzanine.

4. On June 16, 2010, Partners and WestLB, AG filed their Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 [Docket No. 566] (the "Plan").

5. On July 2, 2010, the Court entered its Order Confirming Amended Plan of Reorganization of Easy Street Partners, LLC and WestLB, AG Dated June 16, 2010 [Docket No. 600] (the "Confirmation Order").

6. The Plan became effective on July 27, 2010 (the "Effective Date"), and on or about August 2, 2010, Heber provided written notice of the Effective Date to all of Partners' known creditors.  *See* [Docket No. 656].

7. Since the Effective Date, Heber, as the reorganized debtor under the Plan, has, among other things, been performing its obligations and responsibilities under the Plan.  Heber has resolved all disputed prepetition claims asserted against Partners in Partners' bankruptcy case.  Attached as Exhibit A to the Declaration of James Winikor, and incorporated herein by reference, is a spreadsheet setting forth all payments made to prepetition creditors and administrative claimants as of the date of the Declaration and otherwise describing the resolution of filed and scheduled claims.

8. Pursuant to various orders previously entered by this Court, Heber has paid in full all administrative claims filed by professionals retained by the Debtors under 11 U.S.C. § 327 and approved by this Court.

9. Furthermore, all of the assets in Partners' bankruptcy estate have been transferred to Heber in accordance with the Plan, and Heber has made distributions to creditors, and will continue to do so in accordance with the Plan.

### III.    APPLICABLE AUTHORITY

10. Section 350(a) of the Bankruptcy Code states in relevant part:  "After an estate has been fully administered … the court shall close the case."  11 U.S.C. § 350(a).

11. Rule 3022 of the Federal Rules of Bankruptcy Procedure, which implements Section 350(a) and specifically applies to chapter 11 cases, provides: "After an estate is fully

administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12. Local Rule 3022-1, which, like Bankruptcy Rule 3022, specifically applies to chapter 11 cases, provides in part: "the reorganized debtor should file, serve upon all interested parties and set for hearing, a motion for a final decree. The motion must set forth evidence of full administration for the purpose of entering the final decree."

### IV. DISCUSSION

13. As set forth in the Declaration of James Winikor and the exhibit attached thereto, Partners' bankruptcy estate has been "fully administered" and, therefore, pursuant to the applicable authority set forth above, Heber respectfully requests that the Court grant this Motion closing Partners' case and entering a Final Decree therein.

14. The Bankruptcy Code does not define the term "fully administered." However the "courts that have considered the issue have looked to the 1991 Advisory Committee Note for guidance. That Note provides the following list of factors:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required under the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*In re Union Home and Industrial, Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (quoting Fed. R. Bankr. P. 3022 advisory committee's note (1991)).

15. "'Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered.'" *Id*. at 917 (quoting *In re Federated Dep't Stores, Inc.*, 43 Fed.Appx. 820, 822 (6th Cir. 2002)). Accordingly, the "factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered." *Id.* (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990)).

16. All of the Advisory Committee Note's factors which are applicable in the Partners' case have been satisfied.

(i) The Confirmation Order became final on July 16, 2010;

(ii) The property proposed to be transferred to Heber pursuant to the Plan was transferred to Heber on or about July 27, 2010;

(iii) Heber has assumed the business and management of the property dealt with by the Plan;

(iv) Heber has commenced payments in accordance with the Plan and Confirmation Order; and

(v) All motions, contested matters, and adversary proceedings involving Partners, including claim objections have been finally resolved.

17. In addition, outside of the Advisory Committee Note factors, Partners' estate has been fully administered because the Plan has been substantially consummated and implemented.

18. Accordingly, as of this date, Partners' bankruptcy estate has been "fully administered" within the meaning of Section 350(a) of the Bankruptcy Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure, Local Rule 3022-1, the Plan and Confirmation Order.

## V.     CONCLUSION

19. For the reasons stated herein and in the incorporated Declaration of James Winikor and the exhibit attached thereto, Heber therefore respectfully requests that the Court (i) grant this Motion, (ii) close Partners' bankruptcy case, (iii) enter a Final Decree in Partners' bankruptcy case (Case No. 09-29907), and (iv) remove Partners from the caption of the jointly-administered cases of Easy Street Holdings, LLC and Easy Street Mezzanine, LLC (Case No. 09-29905). Heber also requests that the Court grant such other and further relief as is just and proper.

DATED this 1st day of March, 2011.

DORSEY & WHITNEY LLP

  */s/ Benjamin J. Kotter*
Annette W. Jarvis
Benjamin J. Kotter

and

Richard W. Havel
Christina M. Craige

*Attorneys for Heber Avenue Partners, LLC*