*Prepared and Submitted by:*

| | |
|---|---|
| Annette W. Jarvis (1649) | Richard W. Havel (10759) |
| Peggy Hunt (6060) | Christina M. Craige (*pro hac vice*) |
| Benjamin J. Kotter (9592) | **SIDLEY AUSTIN LLP** |
| **DORSEY & WHITNEY LLP** | 555 West 5th Street, Suite 4000 |
| 136 South Main Street, Suite 1000 | Los Angeles, California 90013 |
| Salt Lake City, Utah 84101 | Telephone: (213) 896-6000 |
| Telephone: (801) 933-7360 | Facsimile: (213) 896-6600 |
| Facsimile: (801) 933-7373 | Email: rhavel@sidley.com |
| Email: jarvis.annette@dorsey.com |          ccraige@sidley.com |
|          hunt.peggy@dorsey.com | |
|          kotter.benjamin@dorsey.com | |

*Attorneys for the Reorganized Debtor Heber Avenue Partners, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**EASY STREET HOLDING, LLC, et al.,**<br><br>Debtors.<br><br>Address: 201 Heber Avenue<br>       Park City, Utah 84060<br><br>Tax ID Number:<br>35-2183713 (Easy Street Holding, LLC),<br>20-4502979 (Easy Street Partners, LLC), and<br>84-1685764 (Easy Street Mezzanine, LLC) | Case No. 09-29905<br>(Jointly Administered with Cases<br>09-29907 and 09-29908)<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

**ORDER GRANTING MOTION TO CLOSE EASY STREET PARTNERS, LLC'S
BANKRUPTCY CASE AND REQUEST FOR FINAL DECREE**

1

**Filed: 03/31/11**

The Motion to Close Easy Street Partners, LLC's Bankruptcy Case and Request for Final Decree (the "Motion") [Docket No. 743] filed by the reorganized debtor Heber Avenue Partners, LLC ("Heber") came before this Court on proper notice.  BDRC 4Site, LLC ("BDRC") filed an objection to the Motion [Docket No. 749],[1] which was withdrawn at the hearing based upon the stipulation of the parties placed on the record.

The Court, therefore, having noted that no responses or objections to the Motion remain; and having considered the Motion and the documents filed in connection therewith, and arguments at the hearing scheduled on the Motion; and having determined the relief requested in the Motion is appropriate under section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022; and having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the granting of the Motion; and having determined that payment of $4,250 to BDRC on account of unpaid attorneys' fees and expenses incurred in prosecuting its final fee application is appropriate under 11 U.S.C. § 330 and will not prejudice the rights of any other creditor of this estate; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation, hereby **ORDERS THAT:**

(1) The estate of Easy Street Partners, LLC is fully administered within the meaning of 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure;

(2) The Motion is granted in its entirety;

(3) Heber is authorized to pay to BDRC $4,250 on account of attorneys' fees and costs expended by BDRC in prosecuting its fee application – approval of which

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion, unless the context indicates otherwise.

was contemplated in this Court's order prior order determining BDRC's fee application [Docket No. 706] – and such fees and expenses are hereby approved;

(4) The Easy Street Partners, LLC bankruptcy case (Bankruptcy Case No. 09-29907) is hereby closed effective March 31, 2011;

(5) The Court shall enter contemporaneously herewith a Final Decree in Bankruptcy Case No. 09-29907 ;

(6) This Order shall have no effect on the status of the bankruptcy cases filed by Easy Street Holdings, LLC (Bankruptcy Case No. 09-29905) and Easy Street Mezzanine (Bankruptcy Case No. 09-29908);

(7) The Court shall retain jurisdiction to hear and determine any matters or disputes related to the Easy Street Partners, LLC case, including without limitation any matters or disputes relating to the effect of discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order and the implementation of this Order;

(8) The entry of this Order is without prejudice to Heber's rights to seek to re-open this case; and

(9) Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

(End of Document)